**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. et al., | |
| Plaintiffs, | |
| v. | C.A. No. 19-1334-RGA |
| VISTRA ENERGY CORP. et al., | |
| Defendants. | |

**THE VISTRA DEFENDANTS' BRIEF
<u>IN SUPPORT OF MOTION TO DISMISS</u>**

*Of Counsel*:
Timothy S. Durst
Douglas M. Kubehl
Christa Brown-Sanford
Megan LaDriere
Mark Johnson
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Tel. (214) 953-6500
Fac. (214) 953-6503
tim.durst@bakerbotts.com
doug.kubehl@bakerbotts.com
christa.sanford@bakerbotts.com
megan.ladriere@bakerbotts.com
mark.johnson@bakerbotts.com

Frederick L. Cottrell, III (#2555)
Tyler E. Cragg (#6398)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Tel. (302) 651-7700
cottrell@rlf.com
cragg@rlf.com

*Attorneys for Defendants Vistra Energy
Corp.; Dynegy Miami Fort, LLC; Dynegy
Inc.; Dynegy Midwest Generation, LLC; IPH,
LLC; and Illinois Power Resources
Generating, LLC*

## **TABLE OF CONTENTS**

|      |      |      | Page |
|------|------|------|------|
| I.   | FACTUAL BACKGROUND AND COMPLAINT | | 2 |
| II.  | APPLICABLE LAW | | 4 |
|      | A. | Rule 12(b)(6) | 4 |
|      | B. | Joint and Several Liability | 5 |
|      | C. | Indirect Infringement | 6 |
|      | D. | Plaintiff Must Be a "Patentee" Under 35 U.S.C. § 281 | 7 |
| III. | ARGUMENT | | 7 |
|      | A. | Plaintiff Has Failed to Allege Any Facts to Support Its Claims of Joint and Several Liability Among Vistra, NRG, and Talen | 7 |
|      | B. | Plaintiffs Fail to Properly Plead Indirect Infringement | 9 |
|      | C. | MES Should Be Dismissed For Failing to Sufficiently Allege That It Is A "Patentee" Under Section 281 | 10 |
| IV.  | CONCLUSION | | 12 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
   620 F. App'x 934 (Fed. Cir. 2015) ..................................................................................10, 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................8, 9, 10

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)...........................................................................................................8, 9

*Buck v. Hampton Twp. Sch. Dist.*,
   452 F.3d 256 (3d Cir. 2006)..................................................................................................14

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015).........................................................................................................10

*Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*,
   246 F.3d 1336 (Fed. Cir. 2001)..............................................................................................9

*FMC Corp. v. Up-Right, Inc.*,
   816 F. Supp. 1455 (N.D. Cal. 1993), *aff'd*, 21 F.3d 1073 (Fed. Cir. 1994)...............................9

*In re Bill of Lading*,
   681 F.3d at 1337 ................................................................................................................12

*Kaempe v. Myers*,
   367 F.3d 958 (D.C. Cir. 2004) .............................................................................................14

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
   925 F.3d 1225 (Fed. Cir. 2019)..................................................................................10, 11, 15

*Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2016).................................................................................9, 10, 12

*M2M Solutions LLC, v. Telit Communications PLC et al.*,
   No. CV 14-1103-RGA, 2015 WL 4640400 (D. Del. Aug. 5, 2015).........................................13

*McCoy v. Favata*,
   No. CV 17-1046 (MN), 2019 WL 1429570 (D. Del. Mar. 29, 2019) .......................................9

*McDowell v. U.S. ex rel. Holder*,
   No. CIV.A. 12-1302-SLR, 2013 WL 1953340, at *1, n.1 (D. Del. May 10,
   2013) ............................................................................................................................14

*McDowell v. United States*,
   No. CIV. 12-1302-SLR/SRF, 2013 WL 2456742 (D. Del. June 5, 2013)...............................14

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
   No. CV 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014).................................10, 13

*On Demand Mach. Corp. v. Ingram Indus., Inc.*,
   442 F.3d 1331 (Fed. Cir. 2006).................................................................................................9

*Shockley v. Arcan, Inc.*,
   248 F.3d 1349 (Fed. Cir. 2001).................................................................................................9

*Tegal Corp. v. Tokyo Electron Co.*,
   248 F.3d 1376 (Fed. Cir. 2001)...............................................................................................10

*Williams v. Potter*,
   384 F. Supp. 2d 730 (D. Del. 2005)..........................................................................................9

**STATUTES**

37 C.F.R. § 1.12 (2019) ..................................................................................................................14

Federal Rule of Civil Procedure 12(b)(6) ..........................................................................6, 8, 11, 15

35 U.S.C. § 281..................................................................................................6, 10, 11, 13, 15

**OTHER AUTHORITIES**

U.S. Patent No. 8,168,147................................................................................................5, 8, 13, 14

U.S. Patent No. 10,343,114...................................................................................................5, 8, 14

Plaintiffs Midwest Energy Emissions Corp. ("Midwest Energy") and MES Inc. ("MES") (collectively, Midwest Energy and MES will be referred to as "ME2C") assert that over forty defendants infringe U.S. Patent No. 8,168,147 (the "'147 Patent") and U.S. Patent No. 10,343,114 (the "'114 Patent") (collectively, the "Asserted Patents") by engaging in a mercury-removal process at coal-fired power plants.  Even at this initial pleading stage where the Complaint is construed in the light most favorable to the Plaintiffs, ME2C's Complaint suffers from numerous deficiencies that require dismissal.

In its haste to lump more than forty defendants into broad groups all joined in one lawsuit, ME2C failed to make adequate individualized allegations.  ME2C's Complaint refers to one group of defendants, including Vistra Energy Corp. ("Vistra"), as the "Coal Plant Defendants."  Among the other so-called Coal Plant Defendants are NRG Energy, Inc. ("NRG"), Talen Energy Corp. ("Talen"), and AEP.  ME2C's Complaint improperly groups together the so-called Coal Plant Defendants even though they are separate and independent energy companies that compete with one another.  And the coal plants associated with any one of the Vistra, NRG, and Talen Defendants operate separately and independently.  Indeed, ME2C does not allege that any of Vistra, NRG, and Talen coordinate, work together, or have any relationship with each other relevant to this lawsuit.  Despite this lack of factual support, ME2C improperly alleges that Vistra, NRG, and Talen are jointly and severally liable with one another.  *See* D.I. 1 at ¶¶ 174–75.

ME2C's attempt to fuse together multiple Defendants creates additional pleading deficiencies for its allegations of indirect infringement and inducement.  By failing to allege specific acts attributable to each entity within the so-called Coal Plant Defendants, Plaintiffs' allegations of indirect infringement are conclusory, unsupported, and legally deficient.

1

The Complaint also improperly combines two plaintiff entities and calls them "ME2C." The Complaint fails, however, to allege facts that one of the named Plaintiffs—MES Inc.—is a "patentee" under 35 U.S.C. § 281. The result is a failure to show that MES may properly bring this suit. Public records confirm that MES does not own or have rights to assert an infringement lawsuit for the Asserted Patents.

Because the Complaint provides no allegations or facts to support ME2C's claims of joint and several liability, and nothing to support its claims of indirect infringement, Vistra and its affiliates move to dismiss these claims under Federal Rule of Civil Procedure 12(b)(6). Vistra and its affiliates also move to dismiss Plaintiff MES for failing to sufficiently allege that it is a "patentee" under 35 U.S.C. § 281. The moving Vistra Defendants are: Vistra Energy Corp., IPH, LLC, Dynegy Inc., Illinois Power Resources Generating, LLC, Dynegy Midwest Generation LLC, and Dynegy Miami Fort, LLC.

## I.   FACTUAL BACKGROUND AND COMPLAINT

ME2C asserts that the forty-some defendants may be categorized into four common groups: (1) the Coal Plant Defendants, (2) Refined Coal "RC" Defendants, (3) the supplier defendant, Chem-Mod, and (4) brokerage defendants. The Complaint alleges that the Coal Plant Defendants operate various coal-fired power plants, where they combust coal using a method that allegedly directly infringes the patents-in-suit. D.I. 1 at ¶ 148. ME2C's pleadings lump nineteen different companies into its group of Coal Plant Defendants.[1] The Complaint alleges that each RC

---

[1] In addition to the six Vistra affiliates, the Complaint alleges that "NRG" includes NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME, LLC, Midwest Generation, LLC; "Talen" includes Talen Energy Corporation, Talen Energy Holdings, Inc., Brandon Shores LLC, Talen Generation LLC, and H. A. Wagner LLC; and "AEP" includes AEP Generation Resources

Defendant rents space on-site at one of the power plants, purchases the coal from the power plant, takes possession of the coal, treats it with chemicals, and sells the "refined coal" back to that power plant.  D.I. 1 at ¶ 74.  ME2C asserts that Chem-Mod contracts with the RC Defendants to provide Chem-Mod chemicals to treat the coal at the coal plant.  D.I. 1 at ¶ 73, 76.  The Complaint further alleges that the brokerage defendants, including AJG, DTE, and CERT, operate and control various of the RC Defendants and their processes for treating the coal.  D.I. at ¶¶ 78–80.  The Complaint makes no allegation that any of Vistra, NRG, and Talen affiliates coordinated amongst each other in any manner in connection with any alleged infringement.

At issue in this motion to dismiss is a section of the Complaint entitled "Defendants' Interactions With Each Other Related to Infringement," where ME2C improperly alleges joint and several liability among Vistra, NRG, and Talen.  D.I. 1 at ¶¶ 169–77.  Specifically, ME2C alleges:

> 174. At least **Defendants Vistra, NRG, and Talen** have owned and/or operated Accused Coal Plants using Chem-Mod products to directly infringe the patents-in-suit and thus **they are jointly, severally**, and/or in the alternative liable with Chem-Mod with respect to those plants.
>
> 175. At least Defendants AJG, DTE, Chem-Mod and their associated Refined Coal LLCs have induced and/or contributed to infringement at **Vistra and Talen** Accused Coal Plants and coal plants associated with Accused RC Facilities, and thus **those parties are jointly, severally,** and/or in the alternative liable with respect to those plants.

This bare-bones allegation does not provide particularized notice as to which parties ME2C alleges is jointly and severally liable with which other parties—much less the factual support to make this claim.  The Complaint is insufficient and the allegations of joint and several liability should be dismissed.

---

Inc., Southwestern Electric Power Co., Cardinal Operating Company, LLC, and AEP Texas Inc.  *See* D.I. 1 at 2.

Also at issue in this motion to dismiss are Plaintiffs' allegations of indirect infringement, as reflected in Paragraphs 150–51 of the Complaint:

> 150. To the extent an Accused Coal Plant is owned by a subsidiary company, its parent (one or more of the named Coal Plant Defendants) also indirectly infringe(s) by inducing the subsidiary to perform the steps of the patented methods.
>
> 151. The parent companies do so by exercising control over subsidiaries, providing technical, administrative, logistical and financial services to subsidiaries, and/or negotiating standard form or bulk agreements for products and services related to mercury control.

These allegations attempt to treat multiple Defendants as one, instead of alleging inducement allegations to a particular Defendant as required by the law, and accordingly should be dismissed.

The final paragraphs at issue in this motion relate to Plaintiffs' allegations regarding ownership, assignments, and rights to the Asserted Patents. In grouping together both Midwest Energy Emissions and MES as "ME2C" the Complaint fails to adequately allege that MES holds any relevant rights:

> 82. ME2C is the commercial extension of the patented technology. As the exclusive licensee, and later assignee, of the patents-in-suit, ME2C developed, marketed, and sold products and services that practice the patented technology.
>
> 180. ME2C owns all rights, title, and interest in the '114 Patent, and holds all substantial rights pertinent to this suit, including the right to sue and recover for all past, current, and future infringement.
>
> 203. Midwest Energy Emissions Corp. owns by assignment all rights, title, and interest in the '147 Patent, and holds all substantial rights pertinent to this suit, including the right to sue and recover for all past, current, and future infringement.

## II. APPLICABLE LAW

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." As the Supreme Court has explained, to state a claim on which relief can be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has affirmed that the *Twombly* standard applies to "all civil actions." *Id.* at 684.

The Complaint must further "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. "Vague and conclusory factual allegations do not provide fair notice to a defendant." *Williams v. Potter*, 384 F. Supp. 2d 730, 733 (D. Del. 2005); *see also McCoy v. Favata*, No. CV 17-1046 (MN), 2019 WL 1429570, at *4, n. 3 (D. Del. Mar. 29, 2019) (finding the complaint "wholly unclear" which offenses Plaintiff is asserting against any one of the eight defendants).

**B.     Joint and Several Liability**

There are a limited number of ways in which parties accused of patent infringement may be jointly and severally liable—none apply to Vistra, NRG, and Talen.

First, a seller of an infringing device and its buyer may be jointly and severally liable. *See, e.g.*, *Shockley v. Arcan, Inc.*, 248 F.3d 1349, 1364 (Fed. Cir. 2001) (finding a supplier and distributor to be joint tort-feasors and jointly and severally liable for damages). Second, allegations of indirect infringement also may support a claim for joint and several liability: "[a] party that induces or contributes to infringement is jointly and severally liable with the direct infringer for all general damages." *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l,*

5

*Inc.*, 246 F.3d 1336, 1361 (Fed. Cir. 2001). Third, "[w]here the infringement is the result of the participation and combined action(s) of one or more persons or entities, they are joint infringers and are jointly liable for the infringement." *On Demand Mach. Corp. v. Ingram Indus., Inc.*, 442 F.3d 1331, 1345 (Fed. Cir. 2006); *see also FMC Corp. v. Up-Right, Inc.*, 816 F. Supp. 1455, 1461 (N.D. Cal. 1993), *aff'd*, 21 F.3d 1073 (Fed. Cir. 1994). In joint infringement, multiple actors are involved in practicing the steps of the claimed method and thus a patent owner needs to show that the acts of one party are attributable to the other. *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1338–39 (Fed. Cir. 2016). "A claim of joint infringement thus requires pleading facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Id.* at 1339; *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) ("[Courts] will hold an entity responsible for others' performance of method steps in two sets of circumstances: (1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise.").

      **C.**    **Indirect Infringement**

To state a claim for induced infringement, a plaintiff must allege that the defendant knew of the patent and that the induced acts constitute patent infringement. *See Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). Inducement requires "active steps knowingly taken," such as "the range of actions by which one in fact causes, or urges, or encourages, or aids another to infringe a patent." *Tegal Corp. v. Tokyo Electron Co.*, 248 F.3d 1376, 1378 (Fed. Cir. 2001). Simply repeating the legal conclusion that defendants induced infringement does not plead specific "factual content that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." *See Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). For induced infringement, Plaintiffs are required to allege which particular Defendant or Defendants committed which acts that support a claim of induced infringement, rather than "treating these Defendants as one big group." *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. CV 13-2052-LPS, 2014 WL 4675316, at *7 (D. Del. Sept. 19, 2014). "Treating these Defendants as one big group for purpose of articulating how each has encouraged the induced infringement at issue says nothing plausible as to what any particular one of them might have done." *Id.*

### D. Plaintiff Must Be a "Patentee" Under 35 U.S.C. § 281

Under Section 281 "[a] patentee shall have remedy by civil action for infringement of his patent." 35 U.S.C. § 281. Only a "patentee" under Section 281 has the right to bring a patent infringement lawsuit. *See Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019). In order to qualify as a "patentee," a plaintiff must have "all rights or all substantial rights in a patent" or be "a licensee with exclusionary rights." *Id.* at 1228 (internal quotation marks omitted). A motion to dismiss under Rule 12(b)(6) is the appropriate vehicle to request dismissal of a party due to a failure to allege facts supporting a party is a "patentee" under Section 281. *See id.* at 1229.

### III. ARGUMENT

#### A. Plaintiff Has Failed to Allege Any Facts to Support Its Claims of Joint and Several Liability Among Vistra, NRG, and Talen

ME2C fails to allege or plead facts from which it could be reasonably inferred that Vistra, NRG, and/or Talen are jointly and severally liable with either or both of the other two. ME2C's Complaint only makes conclusory statements regarding joint and several liability, but provides no allegations or facts to support any liability claim among these three defendants. ME2C has made

no allegations to establish a legal framework for any of the possible paths to joint and several liability for patent infringement.  Nowhere in the Complaint has ME2C alleged that any of Vistra, NRG, and Talen have a buyer-seller relationship relating to an infringing product.  Further, ME2C never alleges that Vistra, NRG, and Talen have either (1) induced or contributed to another's infringement or (2) jointly infringed the patent.  Without allegations of the joint-tortfeasor relationship among Vistra, NRG, and Talen, there is no support for ME2C's claims of joint and several liability.

Nor did ME2C plead any facts that would support joint and several liability.  For inducement, the Complaint includes no allegations regarding any specific acts caused by Vistra, NRG, and/or Talen to induce the other(s) to infringe.  *See Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (affirming a dismissal of an inducement claim because the complaint contained no allegations regarding intent or any specific acts caused by Defendants).  For contributory infringement, there are no allegations that any of Vistra, NRG, and Talen have sold anything to each other, much less "a material or apparatus for use in practicing a patented process."  *See In re Bill of Lading*, 681 F.3d at 1337.  For joint infringement, there are no allegations that any of Vistra, NRG, and/or Talen have exercised "direction or control" over the others or that any have formed a "joint enterprise."  *See Lyda*, 838 F.3d at 1338–39.  Because there are no underlying facts to support any of these joint-tortfeasor theories, ME2C could not allege these theories, much less claim they are all jointly and severally liable.

Although paragraph 174 of the Complaint alleges that "Vistra, NRG, and Talen" have "owned and/or operated Accused Coal Plants using Chem-Mod products," that is insufficient to support an allegation of joint infringement.  ME2C's allegations that all use the same products creates no relationship among any of Vistra, NRG, and Talen. Similarly, paragraph 175's

allegations that AJG, DTE, Chem-Mod, and Refined Coal LLCs have "induced and/or contributed to infringement at Vistra and Talen Accused Coal Plants," fails to allege sufficient facts for joint and several liability between Vistra and Talen.  That some of the same Defendants have allegedly interacted with both Vistra and Talen does not create any relationship between these two such that joint and several liability should attach.  Therefore, the allegation of joint and several liability among Vistra, NRG, and Talen should be dismissed under Rule 12(b)(6).

### B. Plaintiffs Fail to Properly Plead Indirect Infringement

Plaintiffs allegations of indirect infringement by the so-called Coal Plant Defendants are also legally deficient.  The entirety of Plaintiffs' allegations of indirect or induced infringement against Vistra (or any of the Coal Plant Defendants) are found entirely in two short paragraphs:

> 150. To the extent an Accused Coal Plant is owned by a subsidiary company, its parent (one or more of the named Coal Plant Defendants) also indirectly infringe(s) by inducing the subsidiary to perform the steps of the patented methods.
>
> 151. The parent companies do so by exercising control over subsidiaries, providing technical, administrative, logistical and financial services to subsidiaries, and/or negotiating standard form or bulk agreements for products and services related to mercury control.

D.I. 1, at ¶¶ 150–51.

This Court has warned Plaintiffs against "fusing [multiple] Defendants as one" in allegations of induced infringement.  *See, e.g.*, *M2M Solutions LLC, v. Telit Communications PLC et al.*, No. CV 14-1103-RGA, 2015 WL 4640400, at *4 (D. Del. 2015) (granting motion to dismiss claims of induced infringement).  For induced infringement, Plaintiffs are required to allege which particular Defendant or Defendants committed which acts that support a claim of induced infringement, rather than "treating these Defendants as one big group." *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. CV 13-2052-LPS, 2014 WL 4675316, at *7 (D. Del. 2014).  Here,

9

Plaintiffs refer to nineteen different companies under a single term of "Coal Plant Defendants;" and therefore, the pleading is utterly deficient. *See M2M Solutions*, 2015 WL 4640400, at *4 ("Referring to both Defendants under one single term, Plaintiff has not pled a plausible inducement claim against Telit UK as a result."). The Complaint not only fails to allege which parent companies within Vistra allegedly induced the actions of any Vistra subsidiaries, but further fails to even allege which entities among the nineteen Coal Plant Defendants perform particular actions. Accordingly, Plaintiffs' claims of induced infringement against Vistra should be dismissed.

### C. MES Should Be Dismissed For Failing to Sufficiently Allege That It Is A "Patentee" Under Section 281

MES Inc. is not a proper party because it does not have any ownership or exclusive licensing rights to the Asserted Patents and therefore, should be dismissed. Plaintiffs fail to meet their burden to show MES is a "Patentee" and do not assert any particular relationship MES has with either of the Asserted Patents. The Complaint fails to allege that Plaintiff MES owns the '147 Patent or has any substantial rights to recover for any past, current or future infringement of the '147 Patent; indeed, the Complaint asserts that the other Plaintiff—Midwest Energy Emissions— holds all the relevant rights:

> 203. **Midwest Energy Emissions Corp.** owns by assignment all rights, title, and interest in the '147 Patent, and holds all substantial rights pertinent to this suit, including the right to sue and recover for all past, current, and future infringement.

*See* D.I. 1, ¶ 203. The Complaint is silent on any interest MES might have in the '147 Patent.

For the '114 Patent, the Complaint refers to Plaintiff Midwest Energy and Plaintiff MES under one defined term ("ME2C") and does not distinguish between the Plaintiffs when describing rights to the Asserted Patents:

10

> 82. **ME2C** is the commercial extension of the patented technology. As the exclusive licensee, and later assignee, of the patents-in-suit, ME2C developed, marketed, and sold products and services that practice the patented technology.
>
> 180. **ME2C** owns all rights, title, and interest in the '114 Patent, and holds all substantial rights pertinent to this suit, including the right to sue and recover for all past, current, and future infringement.

*See* D.I. 1, ¶¶ 82, 180.

The assignment records at the USPTO show the only owner or assignee for both the '114 Patent and '147 Patent as being Midwest Energy Emissions—not MES. *See* Exhibit A; Exhibit B.[2] Because only a patent owner or an exclusive licensee may participate as a "patentee" in an infringement suit, Plaintiff MES does not have the right to bring this suit. *See Lone Star*, 925 F.3d at 1229. Even if MES had alleged certain licensing rights—which it has not—a bare licensee cannot bring a patent infringement suit even if that patentee is joined as a party. *Intellectual Ventures I LLC v. AT&T Mobility, LLC*, 203 F. Supp.3d 436, 443,44 (D. Del. 2016) (quoting *Proptal Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1193–94 (Fed. Cir. 2007)). Neither the Complaint nor public record supports MES qualifying as a patentee who is able to sue for patent infringement of either of the Asserted Patents. Accordingly, MES should be dismissed from the

---

[2] In evaluating a motion to dismiss, a court may consider documents outside the Complaint itself, including matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *McDowell v. U.S. ex rel. Holder*, No. CIV.A. 12-1302-SLR, 2013 WL 1953340, at *1, n.1 (D. Del. May 10, 2013), *report and recommendation adopted sub nom. McDowell v. United States*, No. CIV. 12-1302-SLR/SRF, 2013 WL 2456742 (D. Del. June 5, 2013). An asserted patent and the patent assignment information are public records. *McDowell*, 2013 WL 1953340, at *1, n.1 (finding that the court may consider the patent assignment exhibit without converting defendant's motion to dismiss to a motion for summary judgment); *see also Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004); 37 C.F.R. § 1.12 (2019) (indicating that PTO assignment records are open to public inspection).

Complaint under Federal Rule of Civil Procedure 12(b)(6) for failing to show it is a "patentee" under Section 281 or possesses an exclusionary license.

## IV.   CONCLUSION

Plaintiffs' Complaint assembles Defendants together into broad categories—improperly alleging generalizations against groups of Defendants, rather than specific allegations for each individual Defendant.  Well-settled law requires Plaintiffs to provide Defendants with reasonable notice regarding the basis for ME2C's allegations of joint and several liability and indirect infringement.  ME2C's Complaint fails to provide any clear indication of its allegations for why Vistra, NRG, and/or Talen may be held jointly and severally liable, and thus, it does not provide fair notice.  For its claims of indirect infringement, ME2C's Complaint fails to allege any particular actions taken by Vistra, and instead provides conclusory allegations that the so-called Coal Plant Defendants have induced their subsidiaries to infringe.  This lackluster pleading is insufficient to withstand dismissal.  Accordingly, the Vistra Defendants request that ME2C's claim of joint, several, and/or in the alternative liability among Vistra, NRG, and/or Talen and its claims for indirect infringement as to Vistra be dismissed for failure to state a claim.

Finally, MES should be dismissed from the Complaint for failing to allege facts to demonstrate that it is a proper "patentee" to seek a remedy for alleged infringement of either of the Asserted Patents.

*Of Counsel*:
Timothy S. Durst
Douglas M. Kubehl
Christa Brown-Sanford
Megan LaDriere
Mark Johnson
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Tel. (214) 953-6500
Fac. (214) 953-6503
tim.durst@bakerbotts.com
doug.kubehl@bakerbotts.com
christa.sanford@bakerbotts.com
megan.ladriere@bakerbotts.com
mark.johnson@bakerbotts.com

DATED: September 23, 2019

 */s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Tyler E. Cragg (#6398)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Tel. (302) 651-7700
cottrell@rlf.com
cragg@rlf.com

*Attorneys for Defendants Vistra Energy Corp.; Dynegy Miami Fort, LLC; Dynegy Inc.; Dynegy Midwest Generation, LLC; IPH, LLC; and Illinois Power Resources Generating, LLC*