# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MIDWEST ENERGY EMISSIONS CORP.** and **MES INC.**, <br><br> Plaintiffs, <br><br> v. <br><br> **VISTA ENERGY CORP., et al.**, <br><br> Defendants. | C.A. No. 1:19-cv-01334-RGA <br><br> **JURY TRIAL DEMANDED** |

### PLAINTIFFS MIDWEST ENERGY EMISSIONS CORP. AND MES INC.'S CONSOLIDATED RESPONSE IN OPPOSITION TO THE MOTIONS TO DISMISS FILED BY THE COAL PLANT DEFENDANTS VISTRA, TALEN, AND NRG

Dated: October 15, 2019

**CALDWELL CASSADY CURRY PC**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Phone: (214) 888-4848
(214) 888-4849 (*fax*)
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
jnemunaitis@caldwellcc.com

DEVLIN LAW FIRM LLC
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
jlennon@devlinlawfirm.com

Bradley W. Caldwell
Texas Bar No. 24040630
Jason D. Cassady
Texas Bar No. 24045625
John Austin Curry
Texas Bar No. 24059636
Justin T. Nemunaitis
Texas Bar No. 24065815

*Attorneys for Plaintiffs*
*Midwest Energy Emissions Corp.*
*and MES Inc.*

**TABLE OF CONTENTS**

I.    NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 1
II.   SUMMARY OF THE ARGUMENT ............................................................................ 1
      A.   ME2C Has Not Alleged Joint and Several Liability Among Vistra,
           NRG, and Talen. ................................................................................................. 1
      B.   ME2C Adequately Pled Induced Infringement .................................................. 1
      C.   MES, Inc. Is a Proper Plaintiff ........................................................................... 2
      D.   ME2C Has Adequately Pled the Knowledge Requirement for Indirect
           and Willful Infringement as to Talen ................................................................. 2
III.  STATEMENT OF FACTS ............................................................................................ 2
IV.   LEGAL STANDARD .................................................................................................... 3
V.    ARGUMENT .................................................................................................................. 3
      A.   ME2C Has Not Alleged Joint and Several Liability Among Vistra,
           NRG, and Talen. ................................................................................................. 3
      B.   ME2C Has Adequately Pled Indirect Infringement. .......................................... 4
      C.   MES, Inc. Is a Proper Plaintiff. .......................................................................... 6
      D.   ME2C Has Adequately Pled the Knowledge Requirement for Willful
           and Indirect Infringement With Respect to Talen. ............................................. 7
VI.   CONCLUSION ............................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ................................................................................................................3

*Aventis Pharma Deutschland GMBH v. Lupin Ltd.*,
　403 F. Supp. 2d 484 (E.D. Va. 2005) .....................................................................................4

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ................................................................................................................3

*British Telecommunications PLC v. IAC/Interactive Corp.*,
　356 F. Supp. 3d 405 (D. Del. 2019) .......................................................................................6

*Fromberg, Inc. v. Thornhill*,
　315 F.2d 407, 137 USPQ 84 (5th Cir.1963) ..........................................................................4

*Funai Elec. Co. v. Daewoo Elecs. Corp.*,
　616 F.3d 1357 (Fed. Cir. 2010) ..............................................................................................8

*Groove Digital, Inc. v. Jam City, Inc.*,
　No. 1:18-CV-01331-RGA, 2019 WL 351254 (D. Del. Jan. 29, 2019) ..................................7

*In re Bill of Lading*,
　681 F.3d 1323 (Fed. Cir. 2012) ..............................................................................................3

*InternetAd Sys., LLC v. Opodo Ltd.*,
　481 F. Supp. 2d 596 (N.D. Tex. 2007) ..................................................................................6

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
　No. CV 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) .........................................8

*Kyowa Hakka Bio, Co. v. Ajinomoto Co.*,
　2018 WL 834583 (D. Del. Feb. 12, 2018) ..............................................................................8

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
　869 F.3d 1372 (Fed. Cir. 2017) ..............................................................................................8

*M2M Sols. LLC v. Telit Commc'ns PLC*,
　No. CV 14-1103-RGA, 2015 WL 4640400 (D. Del. Aug. 5, 2015) .......................................5

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
　No. CV 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014) ......................................5

*BioMerieux, S.A. v. Hologic, Inc.*,
 No. CV 18-21 (LPS), 2018 WL 4603267 (D. Del. Sept. 25, 2018)..........................9

*Rearden LLC v. Walt Disney Co.*,
 293 F. Supp. 3d 963 (N.D. Cal. 2018)......................................................................9

*Spruill v. Gillis*,
 372 F.3d 218 (3d Cir. 2004) ....................................................................................3

*StrikeForce Techs., Inc. v. PhoneFactor, Inc.*,
 No. CV 13e-490-RGA-MPT, 2013 WL 6002850 (D. Del. Nov. 13, 2013)..............6

*Tegal Corp. v. Tokyo Electron Co.*,
 248 F.3d 1376 (Fed. Cir. 2001)................................................................................4

*Walker Digital, LLC v. Facebook, Inc.*,
 852 F. Supp. 2d 559 (D. Del. 2012) .................................................................4, 5, 8

**Rules**

Fed. R. Civ.P. 12(b)(6)....................................................................................................3

Fed. R. Civ. P. 19(a)(2) ...................................................................................................7

Fed. R. Civ. P. 21 ............................................................................................................7

The present motions come straight from the standard defense playbook of seeking delay for any reason, even if the delay here is a modest delay to the start of discovery. They seek partial dismissal as to a handful of issues based on arguments that cannot be reconciled with Delaware case law. ME2C respectfully requests that the motions be denied.

## I.  NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs filed this patent infringement action on July 17, 2019 against several defendant groups consisting of coal plant operators (Vistra, AEP, NRG, Talen (the "Coal Plant Defendants")) and entities associated with refined coal operations (AJG, DTE, CERT, Chem-Mod, Refined Coal LLCs (the "RC Defendants")). All of those Defendants except AEP have filed various motions to dismiss.

To minimize filings before the Court, this consolidated response addresses the two motions to dismiss filed by the Coal Plant Defendants (and NRG's joinder in the motions). *See* D.I. 45, 47, 49, 53.

## II.  SUMMARY OF THE ARGUMENT

### A.  ME2C Has Not Alleged Joint and Several Liability Among Vistra, NRG, and Talen

As ME2C explained during the meet and confer process, ME2C is not alleging that Vistra, NRG, and Talen are jointly and severally liable. This portion may be denied as moot.

### B.  ME2C Adequately Pled Induced Infringement

According to the Coal Plant Defendants, ME2C has not properly accused the parent entity Defendants of inducing their respective subsidiaries to infringe. This assertion is vaguely based on case law where plaintiffs attempted to lump various entities together. Here, by contrast, ME2C has alleged indirect infringement based on specific conduct of the parent entities.

1

### C. MES, Inc. Is a Proper Plaintiff

Defendants rely on public assignment filings to assert that MES, Inc. is not a proper plaintiff. But a party can be named as a plaintiff even if its rights are not recorded at the patent office. The complaint alleges that MES, Inc. is a proper plaintiff, which is all that is required at the pleading stage.

### D. ME2C Has Adequately Pled the Knowledge Requirement for Indirect and Willful Infringement as to Talen

Talen contends that ME2C's indirect and willful infringement claims should be dismissed because ME2C provided pre–suit notice of the patents only to its predecessor, which operated under a different name. Delaware courts have repeatedly explained that lack of pre-suit notice is no basis to dismiss claims of indirect and willful infringement. Moreover, ME2C has properly alleged pre-suit notice. Even if Talen could avoid having its predecessor's knowledge and liability attributed to it, the multiple contacts ME2C had with individuals at Talen's predecessor are sufficient to allege pre-suit notice of the patents.

### III. STATEMENT OF FACTS

For purposes of this motion, the relevant facts are that ME2C has accused each of the Coal Plant Defendants of directly infringing the patents-in-suit. D.I. 1 at ¶ 194. The Coal Plant Defendants consist of parent companies and their subsidiaries. To the extent the parent companies do not directly infringe, because the subsidiaries actually perform the claimed methods, then ME2C also alleges that the parents are liable for indirect infringement. D.I. 1 at ¶ 150. This is, at least, because the parent companies provide technical, administrative, logistical and financial services to the subsidiaries, and/or they negotiate standard form or bulk agreements for products and services related to mercury control. D.I. 1 at ¶ 151.

A more detailed recitation of facts and explanation of the technology is provided in ME2C's response to the RC Defendants' motions to dismiss.

## IV. LEGAL STANDARD

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court is required to accept as true all material allegations in the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." *Bill of Lading*, 681 F.3d at 1341 (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

## V. ARGUMENT

### A. ME2C Has Not Alleged Joint and Several Liability Among Vistra, NRG, and Talen

Vistra and Talen request that "the allegation of joint and several liability among Vistra, NRG, and Talen should be dismissed." To be clear, ME2C is not asserting that Vistra, NRG, and Talen are jointly and severally liable. The portion of the complaint criticized by these Defendants refers to joint and several liability between Vistra and Chem-Mod to the extent those companies collaborate at a particular plant, or between NRG and Chem-Mod, or between Talen and Chem-Mod. Defendants do not dispute that these allegations are properly pled, thus, this portion of the motion should be denied as moot.

3

### B. ME2C Has Adequately Pled Indirect Infringement

ME2C asserts that, to the extent a parent entity of the Coal Plant Defendants does not directly infringe because its subsidiary actually performs the patented method steps at a particular plant, the parent is nonetheless liable for inducing its subsidiaries to infringe by controlling and facilitating the infringement. Defendants contend that ME2C failed to adequately identify the infringing conduct of those parent entities. They are wrong.

Active inducement requires only an "affirmative act." *Tegal Corp. v. Tokyo Electron Co.*, 248 F.3d 1376 (Fed. Cir. 2001). The Federal Circuit has acknowledged that an extensive scope of affirmative acts may suffice to create liability for inducement, in that "the term is as broad as the range of actions by which one in fact causes, or urges, or encourages, or aids another to infringe a patent." *Id.* (quoting *Fromberg, Inc. v. Thornhill*, 315 F.2d 407, 411, 137 USPQ 84, 87 (5th Cir.1963)). A plaintiff need only allege that such an affirmative act occurred, it need not marshal evidence in the complaint. *See, e.g., Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 564 (D. Del. 2012) (denying motion to dismiss where complaint alleged: "Amazon instructs its users and/or customers on using the infringing apparatuses in a manner that is accused herein to infringe"). Moreover, with respect to a parent's inducement of infringing conduct by a subsidiary, a patentee need only generally allege that the parent induces the subsidiary to infringe. *See, e.g., Aventis Pharma Deutschland GMBH v. Lupin Ltd.*, 403 F. Supp. 2d 484, 495 (E.D. Va. 2005) (denying motion to dismiss alleging inducement of a subsidiary where the complaint alleged: "On information and belief, that acts of Lupin Ltd. complained of herein were done at the direction of, with the authorization of, and/or with the cooperation, participation, and assistance of, and at least in part for the benefit of, Lupin Pharmaceuticals, Inc.").

ME2C has adequately pled inducement. It has alleged that each parent company works with its subsidiaries "to procure materials and manage Accused Power Plants." D.I. 1 at ¶ 169. In particular, each parent company "exercise[es] control over subsidiaries, [by] providing technical, administrative, logistical and financial services to subsidiaries, and/or negotiating standard form or bulk agreements for products and services related to mercury control." D.I. 1 at ¶ 151. By participating in the procurement of materials and equipment used to infringe the patents-in-suit, each parent entity "indirectly infringe(s) by inducing the subsidiary to perform the steps of the patented methods." D.I. 1 at ¶ 150. These allegations are more detailed than those found sufficient in *Walker Digital* and *Aventis*. Accordingly, this portion of the motion should be denied.

Defendants demand that something more is required, but the authority they cite for support is directed to a different issue. In both *M2M* and *Neology*, the Plaintiff had alleged that a group of Defendants generally induced third parties to infringe, but it failed to allege that each entity actually committed an act of inducement. *See M2M Sols. LLC v. Telit Commc'ns PLC*, No. CV 14-1103-RGA, 2015 WL 4640400, at *4 (D. Del. Aug. 5, 2015); *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. CV 13-2052-LPS, 2014 WL 4675316, at *7 (D. Del. Sept. 19, 2014). Those Courts found it improper to lump various distinct entities together without explanation. Here, by contrast, ME2C has identified specific entities (each parent entity), and explained the specific accused conduct (controlling and procuring materials for mercury capture at the accused coal plants). Thus, Defendants' cases are inapposite.

Moreover, to be clear, the issue in this motion is not corporate veil piercing or the attribution of subsidiary actions to a parent corporation.[1]  Regardless of whether a parent Defendant observes corporate formalities and acts as a distinct corporate entity, it can still encourage and cause a separate corporate entity (i.e., its subsidiaries) to engage in infringing conduct.  Thus, ME2C is not attempting to "fuse multiple Defendants as one."  Quite the contrary, ME2C has provided allegations specific to each parent Defendant asserting that it has encouraged and caused its subsidiaries to infringe.  Defendants may disagree that the parent Defendants have done so, but that fact dispute does not justify dismissal of ME2C's indirect infringement claims.

### C. MES, Inc. Is a Proper Plaintiff

The complaint alleges that all of the plaintiffs, including MES, Inc., have rights related to the patents sufficient for them to act as plaintiffs in the case. D.I. 1 at ¶ 180 ("As the exclusive licensee, and later assignee, of the patents-in-suit, ME2C [defined as "Midwest Energy Emissions Corp. and MES Inc."] developed, marketed, and sold products and services that practice the patented technology.").[2]  Taking this allegation as true, MES is a properly named plaintiff.  *See, e.g., InternetAd Sys., LLC v. Opodo Ltd.*, 481 F. Supp. 2d 596, 604 (N.D. Tex. 2007) ("If

---

[1] Although, the standard for these types of theories is reduced at the pleading stage.  *See, e.g., British Telecommunications PLC v. IAC/Interactive Corp.*, 356 F. Supp. 3d 405, 410–11 (D. Del. 2019) ("the requisite evidence of agency required at the pleading stage is minimal . . . [a]lthough this corporate closeness may not be sufficient to succeed on agency theory at later stages in litigation, it is sufficient to survive a motion to dismiss, if the parties are properly and individually identified.") (citation and internal quotation marks omitted); *StrikeForce Techs., Inc. v. PhoneFactor, Inc.*, No. CV 13e-490-RGA-MPT, 2013 WL 6002850, at *5 (D. Del. Nov. 13, 2013) (explaining that conduct instigated by a parent is attributable to a parent).

[2] The complaint mistakenly refers to Midwest Energy Emissions Corp. as the sole rights holder with respect to one of the patents-in-suit.  This was an error, and it should have referred to ME2C.  Regardless, that is no reason to delay the procedural schedule in this case.

6

Plaintiff alleges in its complaint that it is an exclusive licensee with all substantial rights in the Patents, it has indeed asserted standing to sue."). Indeed, the Coal Plants are only able to articulate this portion of their motion by referring to evidence outside the complaint.[3]

As a practical matter, this portion of the motion is misguided. Even if there were a legitimate concern as to whether MES is a proper plaintiff—there is not in light of the allegations in the complaint—there is no downside to keeping MES in the case. If discovery reveals that MES is not a proper plaintiff, the Court can dismiss MES at that time without causing any prejudice to Defendants. Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party."). If MES is a proper plaintiff, the Court should not dismiss MES now only to add them into the case later. Fed. R. Civ. P. 19(a)(2).

### D. ME2C Has Adequately Pled the Knowledge Requirement for Willful and Indirect Infringement With Respect to Talen

Talen is the one coal plant defendant disputing that it had pre-suit knowledge of the patents-in-suit. Even if Talen were correct, that would not justify dismissing ME2C's indirect and willful infringement claims against Talen. Moreover, ME2C has adequately alleged pre-suit knowledge. Talen contends otherwise because it contends that ME2C only provided notice to PPL, which is a distinct entity from Talen, but Talen fails to mention that PPL was the predecessor to Talen. Under those circumstances, ME2C has properly alleged pre-suit notice.

As an initial matter, "[p]re-suit knowledge is not required to plead a claim of induced infringement." *Groove Digital, Inc. v. Jam City, Inc.*, No. 1:18-CV-01331-RGA, 2019 WL

---

[3] Although this level of detail was not listed in the complaint because it is not required, MES received more than a non-exclusive license with respect to the patents-in-suit. ME2C could submit those documents to the Court if it would be helpful, although at this stage the more appropriate result would simply be to dismiss this portion of the motion.

351254 at *4 (D. Del. Jan. 29, 2019). The same holds true for a claim of willful infringement. *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 330515, at *7 (D. Del. Jan. 25, 2019) (explaining that to plead willful infringement, a patentee need only allege knowledge of the patent and that the filing of a complaint provides such knowledge); *See also Kyowa Hakka Bio, Co. v. Ajinomoto Co.*, 2018 WL 834583, at *13 (D. Del. Feb. 12, 2018) ("[A]llegations of willfulness without a specific showing of egregiousness are sufficient to withstand a motion to dismiss."). If ME2C is ultimately unable to prove that Talen had pre-suit knowledge of the patent, that may impact the final damages award in the case, but that is no basis for granting a motion to dismiss. Regardless, ME2C has alleged pre-suit knowledge of the patents-in-suit.

The Court may also deny this motion based on the fact that a successor entity is liable for the conduct of its predecessor. *Funai Elec. Co. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1382 (Fed. Cir. 2010) (holding successor liable for infringement committed by predecessor). Talen does not dispute that PPL had knowledge of the patents-in-suit. As PPL's successor, it is liable for that conduct. To the extent it continued that conduct, it remains liable. Even setting aside successor liability, ME2C has adequately pled pre-suit knowledge as to Talen.

A plaintiff need not provide detailed factual support for an allegation of pre-suit knowledge of the patent. *See Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 564 (D. Del. 2012) (finding the following statement to properly allege notice of a patent: "It is believed that Zappos was on notice of the ′056 patent and Walker Digital's claims prior to April 11, 2011 through Zappos' interactions with representatives of Walker Digital"). A plaintiff may allege notice of a patent based on circumstantial evidence. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1380 (Fed. Cir. 2017) (overturning dismissal based on allegations that

8

Defendant hired employees with knowledge of the patent). A plaintiff may also allege notice on information and belief. *Rearden LLC v. Walt Disney Co.*, 293 F. Supp. 3d 963, 976 (N.D. Cal. 2018) (explaining that a "plaintiff may plead facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible") (internal citations omitted).

For example, in *BioMerieux, S.A. v. Hologic, Inc.*, multiple entities worked together to infringe a patent. No. CV 18-21 (LPS), 2018 WL 4603267, at *5 (D. Del. Sept. 25, 2018). One of those entities had attempted to invalidate the European counterpart to the patents-in-suit. Based on that conduct, the patentee inferred that the entity had knowledge of the U.S. patents, and based on the close relationship between the entities, that they all had knowledge of the patents-in-suit. This allegation was found to meet the pleading requirement. Id.

In this case, ME2C alleges the following:

> 141. In 2013, ME2C met with PPL to discuss the use of ME2C's patented technology at power plants in the PPL fleet, including Brunner Island, Colstrip, and Montour.
> 142. ME2C specifically identified the '147 patent and the parent patent to the '114 patent, and explained that these patents covered the use of halogen-based sorbent enhancement additives and backend carbon-based sorbents.
> 143. In 2015, PPL spun off a portion of its business to form Talen.

The fact that PPL changed a business unit name to Talen is no basis for finding that Talen lacked knowledge of the patents. Moreover, even if PPL were not the predecessor to Talen, it is plausible to infer that Talen would retain some employees at the accused plants that had knowledge of the patents. Accordingly, ME2C has properly alleged notice of the patents-in-suit.

9

## VI. CONCLUSION

For all of the foregoing reasons, and given the lenient standard applied at this stage in the case, the court should deny the Motion to Dismiss.

Dated: October 15, 2019

Respectfully submitted,

**DEVLIN LAW FIRM LLC**

/s/ *James M. Lennon*
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
jlennon@devlinlawfirm.com

**CALDWELL CASSADY CURRY PC**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Phone: (214) 888-4848
(214) 888-4849 (*fax*)
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
jnemunaitis@caldwellcc.com

Bradley W. Caldwell
Texas Bar No. 24040630
Jason D. Cassady
Texas Bar No. 24045625
John Austin Curry
Texas Bar No. 24059636
Justin T. Nemunaitis
Texas Bar No. 24065815

*Attorneys for Plaintiffs*
*Midwest Energy Emissions Corp.*
*and MES Inc.*