# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. et al., | |
| Plaintiffs, | C.A. No. 19-1334-RGA |
| v. | |
| VISTRA ENERGY CORP. et al., | |
| Defendants. | |

## THE VISTRA DEFENDANTS' REPLY
## IN SUPPORT OF MOTION TO DISMISS

*Of Counsel*:
Timothy S. Durst
Douglas M. Kubehl
Christa Brown-Sanford
Megan LaDriere
Mark Johnson
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Tel. (214) 953-6500
Fac. (214) 953-6503
tim.durst@bakerbotts.com
doug.kubehl@bakerbotts.com
christa.sanford@bakerbotts.com
megan.ladriere@bakerbotts.com
mark.johnson@bakerbotts.com

Frederick L. Cottrell, III (#2555)
Tyler E. Cragg (#6398)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Tel. (302) 651-7700
cottrell@rlf.com
cragg@rlf.com

*Attorneys for Defendants Vistra Energy Corp.; Dynegy Miami Fort, LLC; Dynegy Inc.; Dynegy Midwest Generation, LLC; IPH, LLC; and Illinois Power Resources Generating, LLC*

## TABLE OF CONTENTS

Page

I. PLAINTIFFS HAVE CONFIRMED THEY HAVE NO BASIS TO ALLEGE JOINT AND SEVERAL LIABILITY AMONG THE COAL PLANT DEFENDANTS AND THAT THEY WILL AMEND THEIR COMPLAINT TO SO STATE ............................. 1

II. PLAINTIFFS FAILED TO ADEQUATELY PLEAD INDIRECT INFRINGEMENT. ... 2

III. PLAINTIFFS FAILED TO ALLEGE FACTS TO SHOW MES IS A PROPER "PATENTEE" UNDER SECTION 281 ......................................................................... 4

IV. CONCLUSION ................................................................................................................ 6

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Aventis Pharma Deutschland GMBH v. Lupin Ltd.*,
   403 F. Supp. 2d 484 (E.D. Va. 2005) .................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................... 5

*Car Carriers, Inc. v. Ford Motor Co.*,
   745 F.2d 1101 (7th Cir. 1984) ............................................................................................... 4

*Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
   836 F.2d 173 (3d Cir. 1988) .............................................................................................. 4, 5

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
   925 F.3d 1225 (Fed. Cir. 2019) ............................................................................................. 4

*Nash v. Akinbayo*,
   No. 18-677-MN, 2019 WL 4393159 (D. Del. Sept. 13, 2019) ........................................... 4, 5

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
   No. 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014) ........................................... 3

*Tegal Corp. v. Tokyo Electron Co.*,
   248 F.3d 1376 (Fed. Cir. 2001) ............................................................................................. 2

*Walker Dig., LLC v. Facebook, Inc*,
   No. 11-313-SLR, 852 F. Supp. 2d 559 (D. Del. 2012) ...................................................... 2, 3

Despite clear language in its Complaint to the contrary, Plaintiffs now represent to the Court that they are *not* alleging joint and several liability with respect to Vistra, Talen, and NRG. Plaintiffs have committed (through a meet and confer process with Vistra) to amend their Complaint to remove the allegations suggesting joint and several liability among these entities, which will moot this portion of Vistra's motion. Plaintiffs have not expressed willingness, however, to amend their Complaint to properly plead indirect infringement or to rectify the standing issues presented by including a co-plaintiff (MES)[1] that is not alleged to own all substantial rights or exclusionary rights in either of the asserted patents. These pleading deficiencies require dismissal of Plaintiffs' Complaint in regards to indirect infringement.

## I.  PLAINTIFFS HAVE CONFIRMED THEY HAVE NO BASIS TO ALLEGE JOINT AND SEVERAL LIABILITY AMONG THE COAL PLANT DEFENDANTS AND THAT THEY WILL AMEND THEIR COMPLAINT TO SO STATE.

Paragraphs 174 and 175 of Plaintiffs' Complaint appear to allege joint and several liability among Vistra, Talen, and NRG. D.I. 1, at ¶¶ 174-75. Given the independent nature of those companies—indeed their status as direct competitors to one another—Vistra understood that Plaintiffs' only alleged basis for including those companies in a *single* patent infringement lawsuit was an allegation of joint and several liability among those entities. But, as Vistra's motion points out, Plaintiffs' Complaint pleads no factual basis supporting such an allegation and, accordingly, this motion seeks dismissal of the Complaint on that basis. Plaintiffs now have responded that they do not allege that Vistra is jointly and severally liable with either Talen or NRG. D.I. 83 at 3. Vistra met and conferred with Plaintiffs before filing this reply, and after the Court resolves the

---

[1] MES Inc. will be referred to in this brief as "MES." Collectively Midwest Energy Emissions Corp. ("Midwest Energy") and MES will be referred to as "ME2C."

1

remaining issues in the motion to dismiss, Plaintiffs have agreed to amend their complaint to remove the language suggesting joint and several liability among Vistra, Talen, and NRG, which necessitated this portion of the motion.[2]  While it remains to be seen how Plaintiffs will attempt to justify a single patent infringement lawsuit among independent competitor defendants under the AIA, Vistra agrees that Plaintiffs' commitment to amend their Complaint to remove the offending allegations and conform to its representations to this Court in its Response (D.I. 83) will moot this portion of this motion.

## II.     PLAINTIFFS FAILED TO ADEQUATELY PLEAD INDIRECT INFRINGEMENT.

Plaintiffs' claims of indirect infringement fail because the Complaint is devoid of any underlying facts to support that any Vistra entity induced another to infringe.  Plaintiffs incorrectly argue that pleading inducement only requires alleging that an "affirmative act occurred"—insisting that their allegations are sufficient because the Complaint "identified specific entities (each parent entity), and explained the specific accused conduct (controlling and procuring materials for mercury capture at the accused coal plants)." D.I. 83 at 4-5 (citing *Tegal Corp. v. Tokyo Electron Co.*, 248 F.3d 1376 (Fed. Cir. 2001); *Walker Dig., LLC v. Facebook, Inc.*, No. 11-313-SLR, 852 F. Supp. 2d 559, 564 (D. Del. 2012)).  However, inducement requires "active steps *knowingly* taken," including that "the range of actions by which one in fact causes, or urges, or encourages, or aids another *to infringe* a patent." *Tegal*, 248 F.3d at 1378-9 (emphasis added).  Here, Plaintiffs rely on two paragraphs in their Complaint alleging that that each parent company works with its

---

[2] Plaintiffs have reported that their position is that they disagree as to whether this issue merits an amendment to the complaint, but to avoid disputes before the Court, they have agreed to prepare an amended complaint consistent with the statements made in their response that Plaintiffs can file in accordance with the Court's standard scheduling order allowing for the filing of amended pleadings.

subsidiaries "to procure materials and manage Accused Power Plants" and "exercise[s] control over subsidiaries, [by] providing technical, administrative, logistical and financial services to subsidiaries, and/or negotiating standard form or bulk agreements for products and services related to mercury control." D.I. 83 at 5 (quoting D.I. 1, at ¶¶ 169, 161).  But none of these activities constitutes an act of infringement under 35 U.S.C. § 271 or an act that urges, encourages, or aids another to infringe.  Accordingly, Plaintiffs' failure to allege that any Vistra entity has knowingly taken an active step to aid another to infringe a patent requires dismissal of its inducement claims.

Plaintiffs' cited cases do not support a different outcome.  In *Walker Digital*, the complaint clearly spelled out the active steps knowingly taken—that the defendant "instruct[ed] its users and/or customers on using the infringing apparatuses in a manner that is accused herein to infringe." *Walker Dig.*, 852 F. Supp. 2d at 564.  Similarly, in *Aventis* the complaint included the requisite specificity as to the particular acts that one entity (Lupin Pharmaceuticals, Inc.) engaged in, and an allegation that this entity directed another entity (Lupin Ltd.) to allegedly perform infringing acts.  *See Aventis Pharma Deutschland GMBH v. Lupin Ltd.*, 403 F. Supp. 2d 484, 495 (E.D. Va. 2005).  As discussed above, Plaintiffs have failed to specify knowing actions taken by any particular Vistra entity that necessarily result in infringement by another entity, and thus, are broader than those allegations deemed sufficient in *Aventis*.

The insufficiency of Plaintiffs' pleadings is further demonstrated by Plaintiffs' attempt to fuse multiple Defendants into one for their allegations of indirect infringement.  To plead induced infringement Plaintiffs are required to—but have failed to—articulate with specificity which particular Defendant or Defendants have committed the requisite acts.  *See Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, CV 13-2052-LPS, 2014 WL 4675316, at *7 (D. Del. Sept. 19, 2014).  On the contrary, the Complaint fails to recite which specific entities perform any active steps.  Indeed,

3

the Complaint merely alleges broadly: "To the extent an Accused Coal Plant is owned by a subsidiary company, its parent *(one or more of the named Coal Plant Defendants)* also indirectly infringe(s) by inducing the subsidiary to perform the steps of the patented methods."  D.I. 1, at ¶ 150 (emphasis added).  The Complaint not only fails to specify which Defendants among the nineteen so-called "Coal Plant Defendants" have induced infringement, but further which entities (even which parent entities) within Vistra allegedly have induced infringement and by what actions.  This lack of specificity fails to properly allege indirect infringement by Vistra or any Vistra entities.

### III.     PLAINTIFFS FAILED TO ALLEGE FACTS TO SHOW MES IS A PROPER "PATENTEE" UNDER SECTION 281

Plaintiffs cannot escape that they have failed to allege that MES is a proper plaintiff.  Plaintiffs cannot show that MES falls under either category of rights-holder that the Federal Circuit indicates may properly sue for patent infringement:  (1) "a patentee, *i.e.*, one with 'all rights or all substantial rights' in a patent, can sue in its own name" or (2) "a licensee with 'exclusionary rights' can sue along with the patentee." *See Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1228 (Fed. Cir. 2019).  First, public records confirm that MES does not have all rights in the patent because only Midwest Energy has been assigned the patents.  *See* D.I. 46 Ex. A, Ex. B.  Second, the Complaint fails to allege what exclusionary rights, if any, that MES—separate from Midwest Energy—has to the Asserted Patents.  While Plaintiffs' Response indicates that "MES has received more than a non-exclusive license with respect to the patents-in-suit," the Complaint fails to include this allegation.  *See* D.I. 83 at 7, n.3; *Nash v. Akinbayo*, 18-677-MN, 2019 WL 4393159, at *3 (D. Del. Sept. 13, 2019) ("Plaintiffs may not amend their complaint through opposition briefs[.]"); *see also Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,

4

836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")).

Plaintiffs point to one paragraph as allegedly providing sufficient facts for MES to qualify as a properly named plaintiff: "As the exclusive licensee, and later assignee, of the patents-in-suit, ME2C [defined as *both* 'Midwest Energy Emissions Corp. and MES Inc.'] developed, marketed, and sold products and services that practice the patented technology." D.I. 83 (citing D.I. 1 at ¶ 82.[3]). This is insufficient based on a plain reading of this paragraph—it cannot be true that **both** Midwest Energy and MES are the singular exclusive licensee and later assignee of the patents-in-suit.[4] Further, as discussed above, public assignment records contradict this allegation since only Midwest Energy has been assigned the patents-in-suit. *See* D.I. 46 Ex. A, Ex. B. Accordingly, Plaintiffs have not plausibly alleged that MES has proper ownership or exclusionary rights to the Asserted Patents.

ME2C's insistence that "there is no downside to keeping MES in the case" improperly suggests that the Court may grant a plaintiff rights it does not possess and completely ignore well-established pleading requirements and the Complaint's legal deficiencies. *See* D.I. 83 at 7. In any event, this is not the correct inquiry for a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550

---

[3] Although Plaintiffs' Response cites to Paragraph 180, Vistra believes this is a typographical error since the quoted language actually appears in paragraph 82.

[4] The confusion is compounded by Plaintiffs' admission that the Complaint "mistakenly refers to Midwest Energy Emissions Corp. as the sole rights holder with respect to one of the patents-in-suit." D.I. 83 at 6, n.2. This amounts to an admission that the Complaint is deficient on its face and must be dismissed, especially because this error cannot be corrected through briefing. *See Nash*, 2019 WL 4393159, at *3; *see also Commonwealth of Pa. ex rel. Zimmerman*, 836 F.2d at 181.

U.S. 544, 559 (2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process[.]"). That the face of the Complaint fails to allege sufficient facts to support that MES is a proper plaintiff is grounds for dismissal at this stage, rather than during discovery.

## IV.     CONCLUSION

Plaintiffs admit that their Complaint is flawed on its face. From the unsupported allegations of joint and several liability (that Plaintiffs now have agreed to remove), to Plaintiffs' admitted mistaken assertion in their Complaint that Midwest Energy Emissions Corp. is the sole holder of all rights in one of the patents in suit (that Plaintiffs can only correct by amending their complaint), it is clear that this Complaint should be dismissed. Moreover, dismissal is warranted based on infirmities that Plaintiff refuses to correct—likely because it cannot. Those include Plaintiffs' failure to identify what specific conduct each accused entity allegedly has knowingly undertaken to result in infringement by another, as well as Plaintiffs' failure to plead facts establishing that MES is a proper plaintiff. For all of these reasons, the Court should dismiss Plaintiffs' Complaint.

*Of Counsel*:
Timothy S. Durst
Douglas M. Kubehl
Christa Brown-Sanford
Megan LaDriere
Mark Johnson
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Tel. (214) 953-6500
Fac. (214) 953-6503
tim.durst@bakerbotts.com
doug.kubehl@bakerbotts.com
christa.sanford@bakerbotts.com
megan.ladriere@bakerbotts.com
mark.johnson@bakerbotts.com

DATED: October 29, 2019

  */s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Tyler E. Cragg (#6398)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Tel. (302) 651-7700
cottrell@rlf.com
cragg@rlf.com

*Attorneys for Defendants Vistra Energy Corp.; Dynegy Miami Fort, LLC; Dynegy Inc.; Dynegy Midwest Generation, LLC; IPH, LLC; and Illinois Power Resources Generating, LLC*

7