IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MIDWEST ENERGY EMISSIONS CORP.
and MES INC.,

        Plaintiffs,

   v.

VISTRA ENERGY CORP., IPH, LLC, DYNEGY INC.,
ILLINOIS POWER RESOURCES GENERATING, LLC,
DYNEGY MIDWEST GENERATION LLC, DYNEGY
MIAMI FORT, LLC, AEP GENERATION RESOURCES
INC., SOUTHWESTERN ELECTRIC POWER CO., AEP
TEXAS INC., NRG ENERGY, INC., NRG TEXAS
POWER LLC, MIDWEST GENERATION EME, LLC,
MIDWEST GENERATION, LLC, TALEN ENERGY
CORPORATION, BRANDON SHORES LLC, TALEN
GENERATION LLC, AND H. A. WAGNER
LLC, ARTHUR J. GALLAGHER & CO., GALLAGHER
CLEAN ENERGY, LLC, AND AJG COAL, LLC, DTE
REF HOLDINGS, LLC, DTE REF HOLDINGS II LLC,
CERT COAL HOLDINGS LLC, CERT HOLDINGS LLC,
CERT HOLDINGS 2018, LLC, CERT OPERATIONS
LLC, CERT OPERATIONS II LLC, CERT OPERATIONS
III LLC, CERT OPERATIONS IV LLC, CERT
OPERATIONS V LLC, CERT OPERATIONS RCB LLC,
CHEM-MOD LLC, AJG IOWA REFINED COAL LLC,
JOPPA REFINED COAL LLC, THOMAS HILL REFINED
COAL LLC, WAGNER COALTECH LLC, WALTER
SCOTT REFINED COAL LLC, LOUISA REFINED
COAL, LLC, BELLE RIVER FUELS COMPANY, LLC,
ARBOR FUELS COMPANY, LLC, PORTAGE FUELS
COMPANY, LLC, AND JOHN DOE LLCS,

        Defendants.

Civil Action No. 19-1334 (RGA)

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS ARTHUR
J. GALLAGHER & CO., GALLAGHER CLEAN ENERGY, LLC, AJG COAL, LLC,
DTE REF HOLDINGS, LLC, DTE REF HOLDINGS II LLC, CHEM-MOD LLC, AJG
IOWA REFINED COAL LLC, JOPPA REFINED COAL LLC, THOMAS HILL
REFINED COAL LLC, WAGNER COALTECH LLC, WALTER SCOTT REFINED
COAL LLC, LOUISA REFINED COAL, LLC, BELLE RIVER FUELS COMPANY,
LLC, ARBOR FUELS COMPANY LLC, AND PORTAGE FUELS COMPANY, LLC**

MORRIS, NICHOLS, ARSHT &TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

OF COUNSEL:

Joseph Evall
Richard W. Mark
Paul J. Kremer                     *Attorneys for Defendants*
GIBSON, DUNN & CRUTCHER LLP        *AJG Coal, LLC, AJG Iowa Refined Coal LLC,*
200 Park Avenue                    *Arbor Fuels Company, LLC, Arthur J. Gallagher & Co.,*
New York, NY  10166-0193           *Belle River Fuels Company, LLC, Chem-Mod LLC,*
(212) 351-4000                     *DTE REF Holdings, LLC, DTE REF Holdings II LLC,*
                                   *Gallagher Clean Energy, LLC, Joppa Refined Coal LLC,*
                                   *Louisa Refined Coal, LLC, Portage Fuels Company,*
                                   *LLC, Thomas Hill Refined Coal LLC, Wagner Coaltech*
                                   *LLC, and Walter Scott Refined Coal LLC*

October 29, 2019

## <u>TABLE OF CONTENTS</u>

Page

I. ARGUMENT ..................................................................................................1

    A.  Inducing the Performance of the "Bromine Step" Is Not "Inducing Infringement" of Any of the Patent Claims. ............................................ 1

    B.  Plaintiffs Misstate the Law on Contributory Infringement........................ 6

    C.  The Claims for Joint Infringement Should Be Dismissed. ........................ 9

    D.  Plaintiffs Fail to State a Claim for Willful Infringement........................... 9

    E.  The Claims Against the Moving RC Defendants Should be Dismissed With Prejudice ..................................................................................... 10

II. CONCLUSION.............................................................................................10

## TABLE OF AUTHORITIES

Page(s)

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015)................................................................................................9

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012)............................................................................................6, 7

*In re Burlington Coat Factory Sec. Litig.*,
   114 F.3d 1410 (3d Cir. 1997)................................................................................................10

*EON Corp. IP Holdings LLC v. FLO TV Inc.*,
   802 F. Supp. 2d 527 (D. Del. 2011).......................................................................................9

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)................................................................................................................5

*Groove Dig., Inc. v. Jam City, Inc.*,
   No. 18-1331, 2019 WL 351254 (D. Del. Jan. 29, 2019) ........................................................9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016).........................................................................................................10

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
   C.A. No. 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) (Bryson, J.,
   sitting by designation).............................................................................................................6

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*,
   545 U.S. 913 (2005)...........................................................................................................2, 5

*Mfg. Res. Int., Inc. v. Civiq Smartscapes, LLC*,
   —F. Supp. 3d—, 2019 WL 4058928 (D. Del. Aug. 28, 2019) (Andrews, J.).........................5

*Nalco Co. v. Chem-Mod LLC*,
   No. 14-CV-2510, 2016 WL 1594966 (N.D. Ill. Apr. 20, 2016) ...............................................4

*Nalco v. Chem-Mod LLC*,
   883 F.3d 1337 (Fed. Cir. 2018).........................................................................................3, 4

*Nuance Commc'ns Inc. v. Tellme Networks Inc.*,
   707 F. Supp. 2d 472 (D. Del. 2010)......................................................................................3

*Tegal Corp. v. Tokyo Electron Co.*,
   248 F.3d 1376 (Fed. Cir. 2001)..............................................................................................2

*Välinge Innovation AB v. Halstead New Eng. Corp.*,
   C.A. No. 16-1082-LPC-CJB, 2018 WL 2411218 (D. Del. May 29, 2018).............................10

ii

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009).............................................................................................2, 8

# I.  ARGUMENT

Plaintiffs' Answering Brief (D.I. 82) concedes two points that show why the Court should grant the Moving RC Defendants' motion to dismiss.

First, Plaintiffs agree that the claims of the patents-in-suit require at least two distinct steps:  a "Bromine Step," in which bromine is introduced into the combustion zone of the furnace, and a separate "Activated Carbon Step" (which Plaintiffs refer to as the "Carbon Step"), in which activated carbon is introduced into the flue gas downstream from the boiler.[1]

Second, Plaintiffs agree that the activities of the Moving RC Defendants alleged in the Complaint (D.I. 1) relate only to the Bromine Step—that is, there are no allegations that Refined Coal contains activated carbon, or that the Moving RC Defendants provide or promote the use of activated carbon or any other material that is required by the "Activated Carbon Step."[2]

As explained below, these two concessions are fatal to Plaintiffs' Complaint against the Moving RC Defendants.  Because nothing in Plaintiffs' Answering Brief saves their Complaint, and because Plaintiffs proffer no suggestion for amendment that could cure the substantive deficiencies in their case, the claims should be dismissed with prejudice.

## A.    Inducing the Performance of the "Bromine Step" Is Not "Inducing Infringement" of Any of the Patent Claims.

Plaintiffs' Answering Brief does not identify a single affirmative act that the Moving RC Defendants allegedly take to induce the performance of the Activated Carbon Step.  *See* D.I. 56

---

[1]    *See* D.I. 82 at 4 ("The patented technology supplements those [pollution control] systems with a two-step process."); *id.* (describing "Bromine Step" and thereafter stating:  "After the coal is burnt, activated carbon . . . is added to the exhaust gas leaving the boiler (the 'Carbon Step')"); *id.* at 7 ("The asserted method claims require performance of two steps:  the Bromine Step and the Carbon Step.").

[2]    *See, e.g.*, D.I. 82 at 6 ("ME2C has . . . alleged that the RC Defendants induce and contribute to the infringement of various coal plants by providing refined coal to those coal plants.").

(Opening Brief of Moving RC Defendants) at 11–12.  Confronted with this shortcoming in their Complaint, Plaintiffs respond that induced infringement does not require active inducement of the Activated Carbon Step, and that it is sufficient to allege that the Moving RC Defendants induce performance of the Bromine Step (by providing Refined Coal), because the power plants themselves perform the Activated Carbon Step.  *See* D.I. 82 at 9 ("ME2C has alleged inducement with respect to at least the Bromine Step, and because performance of the Bromine Step converts what would otherwise be non-infringing conduct (performing only the Carbon Step) into infringing conduct, ME2C has adequately pled inducement.").

That is not the law.  Inducing an entity to practice one step of a claim is not "inducing" infringement of a multi-step claim.  As explained in the Moving RC Defendants' Opening Brief, to be liable for induced infringement, a defendant must induce the performance of the entire patent claim, not just one step.  *See* D.I. 56 at 10–12.  Plaintiffs do not address, or even mention, two cases cited in the Moving RC Defendants' Opening Brief that articulates that proposition. *See id.* at 10, 11 (citing *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 935 (2005); *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009)).  With respect to the third case on this issue, *Ericsson, Inc. v. D-Link Systems, Inc.*, Plaintiffs quote the very sentence that contradicts their position.  *See* D.I. 82 at 9 (quoting *Ericsson*, 773 F.3d 1201, 1219 (Fed. Cir. 2014)) ("[T]he patentee must show that the alleged infringer performs, or induces another party to perform, every single step in the method.").  Plaintiffs' position that an inducement claim requires only that the alleged infringer induce performance of a single step of a multi-step method claim cannot be reconciled with these authorities.

Plaintiffs' cases do not support their argument.  For example, Plaintiffs cite *Tegal Corp. v. Tokyo Electron Co.,* 248 F.3d 1376 (Fed. Cir. 2001), but the issue there was whether a party

could be held in contempt for "taking no action to prevent" another party's infringement.  *Id.* at 1378.  The court did not consider whether a claim for inducement lies where activities do not relate to all elements of a claim, and held that the would-be contemnor had not "facilitated" infringement simply by permitting it.  *Id.* at 1378–79.  Plaintiffs' reliance on the dicta in *Nuance Commc'ns Inc. v. Tellme Networks Inc.,* 707 F. Supp. 2d 472, 486 (D. Del. 2010), is also misplaced.  In *Nuance*, the defendant provided the direct infringer with half of the infringing system and contracted for a third party to let the direct infringer access the other half.  *Id.* at 480.  These acts induced the direct infringer to use the complete infringing system.  Here, however, there is no allegation that the Moving RC Defendants provide activated carbon to the power plants, contract for it to be provided to the power plants, create activated carbon at the power plants, or create access to activated carbon at the power plants.  *See* D.I. 56 at 11.

With all law cited by either side going against them, Plaintiffs attempt to find sanctuary in the Federal Circuit's decision in *Nalco v. Chem-Mod LLC*, 883 F.3d 1337 (Fed. Cir. 2018), going so far as to assert that "the Federal Circuit has already rejected Defendants' non-infringement theory."  D.I. 82 at 12; *see also id.* at 1 (*Nalco* "found that refined coal companies can be found liable for indirect patent infringement").  That case involved Chem-Mod and Refined Coal, but the similarity (and relevance) to this case ends there.  *Nalco* involved a different patent than the patents-in-suit here—issued to a different inventor than the putative inventors here—and addressed issues different from those raised here.  *Nalco* did not address "Defendants' non-infringement theory" or whether a plaintiff must plead inducement of the entire patent claim, but instead addressed the district court's dismissal based on failure to plead intent.  883 F.3d at 1355–56.  Neither the district court, nor the Federal Circuit, addressed whether *Nalco*'s Fourth Amended Complaint sufficiently pleaded affirmative acts of

inducement. *See id.*; *see also Nalco Co. v. Chem-Mod LLC,* No. 14-CV-2510, 2016 WL 1594966, at *4 (N.D. Ill. Apr. 20, 2016). Accordingly, the *Nalco* decision is inapposite, and Plaintiffs' statements about *Nalco* are either red herrings or flatly wrong.

For example, Plaintiffs cite *Nalco* to rebut an argument that the Moving RC Defendants do not make—namely, that inducement requires allegations that indirect infringers themselves perform elements of the patent claims, rather than that they induce performance by others. *See* D.I. 82 at 8 (citing *Nalco*, stating that the Federal Circuit permitted claims for inducement to go forward even though "a portion of the method was performed by coal plants rather than refined coal companies"; decision "confirmed that the patent owner was not required to allege that the inducing parties engaged in the underlying direct infringement"). The failure to plead that the Moving RC Defendants "engage[] in the underlying direct infringement" is not why the Complaint fails to state a claim for induced infringement, and the Moving RC Defendants make no such argument. The Complaint fails because it does not allege that the Moving RC Defendants do anything to actively induce performance of the "Activated Carbon Step."

Plaintiffs also suggest that the *Nalco* decision blessed the theory that they advance here— *i.e.*, that the Moving RC Defendants induce infringement by providing bromine-containing Refined Coal to plants that already use activated carbon, purportedly converting non-infringing activity into infringing activity. *See* D.I. 82 at 8 n.2 ("[T]he patent at issue [in *Nalco*] also included claims with various steps performed by coal plants with specific equipment installed."). Once again, Plaintiffs miss the mark. The Moving RC Defendants contend that the Complaint fails to allege acts of active inducement. That question was not litigated in *Nalco*.

Plaintiffs also argue that pleading inducement of the Bromine Step is sufficient because "the Bromine Step boosts the effectiveness of the Carbon Step . . . [such that inducing] the

Bromine Step effectively encourages that coal plant to also perform the Carbon Step." D.I. 82 at 9 (citing D.I. 1 at ¶¶ 59–61, 86). The cited paragraphs from the Complaint make no such allegations. Even if Plaintiffs did plead that the power plants' use of Refined Coal "effectively encourages" those plants to use Activated Carbon, such an allegation would be inadequate for two reasons. First, it says nothing about whether the Moving RC Defendants intend for the power plants to use activated carbon—let alone intend for them to infringe the patents-in-suit. Second, "effectively encourag[ing]" power plants to perform the Activated Carbon Step is not "actively induc[ing]" them to perform that step—much less to infringe the claim, particularly when the alleged affirmative acts relate solely to the Bromine Step. *See supra* p. 2 (citing cases).

Likewise, an allegation that the Moving RC Defendants "[t]ailor[] the treatments applied to coal for each individual power plant," D.I. 82 at 9; D.I. 1 ¶ 158, is also directed to the Bromine Step, and therefore does not state a claim that the Moving RC Defendants induce the use of activated carbon, or intend infringement. Moreover, "tailoring" or otherwise creating a product to customer specifications does not constitute inducement under 35 U.S.C. § 271(b). *Grokster,* 545 U.S. at 914 (induced infringement requires that "an entity offer[] a product with the object of promoting its use to infringe, as shown by clear expression or other affirmative steps taken to foster infringement"); *see also Mfg. Res. Int., Inc. v. Civiq Smartscapes, LLC*, —F. Supp. 3d—, 2019 WL 4058928, at *7 (D. Del. Aug. 28, 2019) (Andrews, J.). Finally, the provision of general "services, support, and financial incentives" is similarly directed to the use of Refined Coal only. D.I. 82 at 10.

Separately, the inducement claims fail because the Complaint does not plead intent to infringe. *See* D.I. 56 at 12 n.9 (citing *Global-Tech Appliances, Inc. v. SEB S.A.,* 563 U.S. 754,

765–66 (2011)).   Plaintiffs do not address the cases cited in the Moving RC Defendants'

Opening Brief that show the Complaint's deficiency in pleading intent.  *Id.*; *see id.* at 10.

**B.**     **Plaintiffs Misstate the Law on Contributory Infringement.**

Plaintiffs misstate the pleading standard applicable to a claim for contributory

infringement, and then botch the law that applies to such claims.

With respect to the pleading standard, Plaintiffs incorrectly state that only a "general

allegation of no substantial non-infringing uses suffices at the pleading stage."  D.I. 82 at 11.  To

the contrary, the pleading requirements of *Twombly* and *Iqbal* apply to the claims of contributory

infringement here, including the element of no substantial non-infringing use.   *In re Bill of*

*Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012)

(complaint must plead facts that render plausible the inference that the components have no

substantial non-infringing uses).[3]   Accordingly, as explained in the Moving RC Defendants'

Opening Brief, the Complaint is inadequate.  *See* D.I. 56 at 13.

---

[3]     Plaintiffs argue that *Bill of Lading* imposes no such pleading requirements, because "simply
pleading the absence of substantial non-infringing uses is normally sufficient."  D.I. 82 at 10.
Plaintiffs admit that the Federal Circuit required pleading specificity in that case because "the
patentee had affirmatively pled that the product at issue had a non-infringing use."  *Id.* at 11.
That is the case here, because the Complaint identifies, on its face, a substantial non-
infringing use for Refined Coal—burning it without using activated carbon.  *See* D.I. 56 at 3–
4 (citing instances in Complaint describing bromine and activated carbon as separate,
previously known methods for reducing mercury).  Having made such allegations, Plaintiffs
needed to do more than simply plead the inconsistent statement that Refined Coal has no
non-infringing uses.  *See infra* p. 7–8.  All the cases cited by Plaintiffs recognize that more
is needed where, as here, Plaintiffs over-plead.  *See IOENGINE, LLC v. PayPal Holdings, Inc.*,
C.A. No. 18-452-WCB, 2019 WL 330515, at *6 (D. Del. Jan. 25, 2019) (Bryson, J., sitting
by designation) (discussing cases at D.I. 82 at 10–11).

Plaintiffs are also wrong as to what constitutes a substantial non-infringing use.[4]  The proper test relates to the Refined Coal sold by the Moving RC Defendants.  Plaintiffs' Answering Brief repeatedly misdirects the Court to "the specific refined coal delivered by the defendants," as if the test for non-infringing alternatives relates only to the product as delivered, where it is delivered, and as used by the one to whom it is delivered—*i.e.*, whether a power plant would have any other uses for the Refined Coal actually delivered onto the conveyer belts leading to its furnaces.  *See* D.I. 82 at 2, 10–12 (postulating that any non-infringing use of the Refined Coal, as delivered, would require "build[ing] a new conveyor system and railroad line to transport the coal to" another plant).[5]

But as *Bill of Lading* and other cases make clear, that is not the law.  *See* D.I. 56 at 12–14 (citing cases).  The standard is "whether Refined Coal can only be used in conjunction with activated carbon."  *See* D.I. 56 at 14; *Bill of Lading*, 681 F.3d at 1338.  Plaintiffs' Answering Brief neither addresses this question nor argues that the Complaint pleads allegations directed to this issue.  That is because Plaintiffs do not plead that Refined Coal must be used with activated carbon to meet regulatory requirements or for any other purpose—even at the accused plants.[6]

Plaintiffs also assert that Defendants do not "contend that the refined coal actually delivered to infringing plants has a non-infringing use."  D.I. 82 at 2.  To the contrary, the Moving RC Defendants' Opening Brief asserts that Refined Coal has numerous non-infringing

---

[4]   Indeed, Plaintiffs do not even satisfy their own lightened pleading standard, because the conclusory allegation that they do make misses the boat.  Rather than assert that Refined Coal must be used in an infringing manner, they assert only that it can be used in an infringing manner at particular plants.  *See* D.I. 56 at 13–14; D.I. 1 ¶¶ 155, 196, 220.

[5]   The Complaint does not make the allegations described in Plaintiffs' Answering Brief.

[6]   Nor can they.  Plaintiffs know that regulatory compliance can be achieved without using activated carbon.  Indeed, the '114 Patent teaches that, even if promoters are used in conjunction with bromine, those promoters do not need to be activated carbon.  D.I. 1-1 ('114 Patent) at 9:61–10:9.

uses—even the Refined Coal that is actually delivered to the allegedly infringing power plants. The simplest such non-infringing use is simply burning the Refined Coal without activated carbon injection. *See* D.I. 56 at 3–4; D.I. 82 at 3–4 (citing D.I. 1 ¶ 61 (describing "halogen treatments" as prior art methods)). Indeed, the patents-in-suit distinguish the patent that was the subject of the *Nalco* litigation on the ground that the latter purportedly teaches the Bromine Step for controlling mercury emissions from coal-fired power plants without the use of the Carbon Step—a statement that contrasts sharply with Plaintiffs' assertion in their Answering Brief that Refined Coal has no non-infringing use. *See, e.g.*, D.I. 1-1 ('114 Patent) at 2:60–3:15 (discussing the Nalco patent).

As explained in the Moving RC Defendants' Opening Brief, a substantial non-infringing use is one that is not "unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." D.I. 56 at 12–13 (quoting *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009)). The allegations in the Complaint show that using Refined Coal without activated carbon injection is a substantial non-infringing alternative under this test. *See*, *e.g.,* D.I. 1 ¶¶ 66–81 (recognizing Refined Coal as a standalone product); D.I. 1-1 ('114 Patent) 9:61– 10:9 (discussing use of non-carbon sorbents). Plaintiffs' Answering Brief does not mention *Vita-Mix* or address the standard that it defines.

Finally, Plaintiffs' Answering Brief makes clear that the Complaint for contributory infringement rests entirely on the putative sale or provision of Refined Coal by the Moving RC Defendants. D.I. 82 at 12. Because the Complaint does not allege that Defendant Chem-Mod sells or provides Refined Coal, the contributory infringement claim against Chem-Mod should be dismissed for this independent and separate reason.

C.     **The Claims for Joint Infringement Should Be Dismissed.**

As set forth in the Moving RC Defendants' Opening Brief, the Complaint does not state a claim for joint infringement under the standard set forth in *Akamai Techs., Inc. v. Limelight Networks, Inc.,* 797 F.3d 1020, 1022 (Fed. Cir. 2015) and its progeny, which requires that the Moving RC Defendants participate in a joint enterprise, or direct or control the accused power plants' performance.  *See* D.I. 56 at 15–18.  Plaintiffs' Answering Brief points to nothing more than conclusory allegations of "joint[] infringe[ment]," D.I. 82 at 17 (citing D.I. 1 at ¶¶ 157–165), which fall far short of stating the elements of joint infringement.  Plaintiffs do not address (or even cite) *Akamai* or the other joint infringement cases cited in the Moving RC Defendants' Opening Brief.

Plaintiffs' reliance on *Groove Digital, Inc. v. Jam City, Inc.* is entirely misplaced. *Groove Digital* did not hold that the pleading requirements for joint infringement are satisfied through an allegation that two parties jointly infringed, without any factual allegations explaining why.  *See Groove Dig., Inc. v. Jam City, Inc.*, No. 18-1331, 2019 WL 351254 at *3 (D. Del. Jan. 29, 2019).  Nor does *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 534 (D. Del. 2011), support Plaintiffs' position.  Plaintiffs' discussion of *EON Corp.* quotes only part of its statement on the standard for joint infringement—omitting the very next sentence, which limits joint infringement to instances where "one party exercises 'control or direction' over the entire process such that every step is attributable to the controlling party, *i.e.,* the 'mastermind.'" 802 F. Supp. 2d at 534.  The Complaint, however, makes no allegations directed to these elements of joint infringement—and Plaintiffs' Answering Brief does not fill that void.

D.     **Plaintiffs Fail to State a Claim for Willful Infringement.**

Plaintiffs argue, with no support, that "to plead willful infringement a plaintiff need only allege knowledge of the patent."  D.I. 82 at 16.  It is not surprising that Plaintiffs misstate the

governing standard, given their failure to cite the leading case.  *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016); D.I. 56 at 20 (discussing *Halo*).  Further, Plaintiffs do not plead what they must: that the Moving RC Defendants acted with knowledge of putative infringement.  *See* D.I. 56 at 20; *Välinge Innovation AB v. Halstead New Eng. Corp.*, C.A. No. 16-1082-LPC-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018) ("Plaintiff must allege . . . that [defendant] knew, or should have known, that its conduct amounted to infringement of the patent").  The claim should be dismissed.

## E.     The Claims Against the Moving RC Defendants Should Be Dismissed With Prejudice.

Because the deficiencies in the Complaint are not technical, but rather substantive defects going to the heart of Plaintiffs' case, and because Plaintiffs have not suggested other allegations that could overcome these deficiencies, the dismissal should be with prejudice.  *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434–35 (3d Cir. 1997).

## II.CONCLUSION

For the reasons set forth in the Opening Brief of the Moving RC Defendants (D.I. 56) and herein, the Court should grant the Moving RC Defendants' motion to dismiss the Complaint with prejudice.

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

/s/ Brian P. Egan

_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

OF COUNSEL:

Joseph Evall
Richard W. Mark
Paul J. Kremer
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
(212) 351-4000

*Attorneys for Defendants*
*AJG Coal, LLC*
*AJG Iowa Refined Coal LLC*
*Arbor Fuels Company, LLC*
*Arthur J. Gallagher & Co.*
*Belle River Fuels Company, LLC*
*Chem-Mod LLC*
*DTE REF Holdings, LLC*
*DTE REF Holdings II LLC*
*Gallagher Clean Energy, LLC*
*Joppa Refined Coal LLC*
*Louisa Refined Coal, LLC*
*Portage Fuels Company, LLC*
*Thomas Hill Refined Coal LLC*
*Wagner Coaltech LLC*
*Walter Scott Refined Coal LLC*

October 29, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 29, 2019, upon the following in the manner indicated:

James M. Lennon, Esquire                                    *VIA ELECTRONIC MAIL*
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE  19806
*Attorneys for Plaintiffs*

Bradley W. Caldwell, Esquire                                *VIA ELECTRONIC MAIL*
Jason D. Cassady, Esquire
John Austin Curry, Esquire
Justin T. Nemunaitis,Esquire
CALDWELL CASSADY CURRY PC
2010 Cedar Springs Road, Suite 1000
Dallas, TX  75201
*Attorneys for Plaintiffs*

Frederick L. Cottrell, III, Esquire                         *VIA ELECTRONIC MAIL*
Tyler E. Cragg, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE  19801
*Attorneys for Defendants NRG Energy, Inc., NRG*
*Texas Power LLC, Midwest Generation EME,*
*LLC, Midwest Generation, LLC, Vistra Energy*
*Corp. Dynegy Miami Fort, LLC, Dynegy Inc.,*
*Dynegy Midwest Generation, LLC, IPH, LLC, and*
*Illinois Power Resources Generating, LLC*

Timothy S. Durst, Esquire                      *VIA ELECTRONIC MAIL*
Douglas M. Kubehl, Esquire
Christa Brown-Sanford, Esquire
Megan LaDriere, Esquire
Mark Johnson, Esquire
BAKER BOTTS, L.L.P.
2001 Ross Avenue, Suite 900
Dallas, TX  75201
*Attorneys for Defendants NRG Energy, Inc., NRG*
*Texas Power LLC, Midwest Generation EME, LLC,*
*Midwest Generation, LLC, Vistra Energy Corp.*
*Dynegy Miami Fort, LLC, Dynegy Inc., Dynegy*
*Midwest Generation, LLC, IPH, LLC, and Illinois*
*Power Resources Generating, LLC*

Robert S. Saunders, Esquire                    *VIA ELECTRONIC MAIL*
Jessica R. Kunz, Esquire
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899-0636
*Attorneys for Defendants CERT Coal Holding,*
*LLC, CERT Holdings LLC, CERT Holdings 2018,*
*LLC, CERT Operations LLC, CERT Operations II*
*LLC, CERT Operations III LLC, CERT Operations*
*IV LLC, CERT Operations V LLC and CERT*
*Operations RCB LLC*

Douglas R. Nemec, Esquire                      *VIA ELECTRONIC MAIL*
Leslie A. Demers, Esquire
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY  10036
*Attorneys for Defendants CERT Coal Holding,*
*LLC, CERT Holdings LLC, CERT Holdings 2018,*
*LLC, CERT Operations LLC, CERT Operations II*
*LLC, CERT Operations III LLC, CERT Operations*
*IV LLC, CERT Operations V LLC and CERT*
*Operations RCB LLC*

Francis DiGiovanni, Esquire
Thatcher A. Rahmeier, Esquire
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE  19801
*Attorneys for Defendants Talen Energy*
*Corporation, Brandon Shores LLC, Talen*
*Generation LLC and H.A. Wagner LLC*

*VIA ELECTRONIC MAIL*

*/s/ Brian P. Egan*

Brian P. Egan (#6227)