IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | § § § | |
| Plaintiffs, | § § | Civil Action No. 19-1334-RGA |
| v. | § § § | |
| VISTRA ENERGY CORP., et al., | § § | |
| Defendants. | | |

## REPLY BRIEF OF DEFENDANTS TALEN ENERGY CORPORATION, BRANDON SHORES LLC, TALEN GENERATION, LLC, AND H.A. WAGNER LLC <u>IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS</u>

*Of Counsel:*

David B. Weaver
Syed Fareed
Emily Pyclik
**BAKER BOTTS L.L.P.**
98 San Jacinto, Suite 1500
Austin, Texas 78701
(512) 322-2500

David Tobin
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 1100
Dallas, Texas 75201
(214) 953-6500

**DRINKER BIDDLE & REATH LLP**
Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@dbr.com
thatcher.rahmeier@dbr.com

*Attorneys for Defendants Talen Energy Corporation, Brandon Shores LLC, Talen Generation, LLC, and H.A. Wagner LLC*

Dated:  October 29, 2019

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................ 1

II.   ARGUMENT ..................................................................................................................... 1

      A.    Plaintiffs Have Not Alleged Facts Sufficient to Adequately Plead Willful Infringement ............................................................................................................ 1

           1.    The Complaint Fails to Sufficiently Plead Willful Infringement of the '147 Patent ....................................................................................... 2

           2.    The Complaint Fails to Sufficiently Plead Willful Infringement of the '114 Patent ....................................................................................... 3

      B.    Plaintiffs Have Not Alleged Facts to Adequately Plead Induced Infringement ............................................................................................................ 4

      C.    Plaintiffs Should Amend Their Complaint to Clarify Their Claim of Joint and Several Liability Between Chem-Mod and Talen ........................................... 6

      D.    MES Should Be Dismissed for Failing to Plead Rights to the Asserted Patents .................................................................................................................... 7

III.  CONCLUSION ................................................................................................................. 9

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                          **Page(s)**

*Abbott Laboratories v. Diamedix Corp.*,
    47 F.3d 1128 (Fed. Cir. 1995)..................................................................................7

*Ansell Healthcare Products LLC v. Reckitt Benckiser LLC*,
    15-CV-915-RGA, 2018 WL 620968 (D. Del. Jan. 30, 2018)...................................2

*Aventis Pharma Deutschland GMBH v. Lupin Ltd.*,
    403 F. Supp. 2d 484 (E.D. Va. 2005) ....................................................................5, 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................................................8, 9

*BlackBerry Ltd. v. Nokia Corp.*,
    17-CV-155-RGA, 2018 WL 1401330 (D. Del. Mar. 20, 2018) .............................2

*Car Carriers, Inc. v. Ford Motor Co.*,
    745 F.2d 1101 (7th Cir. 1984) ................................................................................7

*Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
    836 F.2d 173 (3d Cir. 1988)....................................................................................7, 8

*In re Bill of Lading*,
    681 F.3d 1332 (Fed. Cir. 2012)...............................................................................4

*Lifetime Industries, Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017)...............................................................................4

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
    925 F.3d 1225 (Fed. Cir. 2019)...............................................................................7

*Med. U. of S.C. Found. for Research Dev. v. AstraZeneca Pharm. LP*,
    CV 2:13-2078-SB, 2013 WL 11258965 (D.S.C. Dec. 9, 2013) .............................3

*Morrow v. Microsoft Corp.*,
    499 F.3d 1332 (Fed. Cir. 2007)...............................................................................7, 8

*Nash v. Akinbayo*,
    CV 18-677 (MN), 2019 WL 4393159 (D. Del. Sept. 13, 2019)............................7, 8

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
    CV 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014)..............................6

*State Industries, Inc. v. A.O. Smith Corp.*,
    751 F.2d 1226 (Fed. Cir. 1985)................................................................................3

*Tegal Corp. v. Tokyoa Electron Co.*,
  248 F.3d 1376 (Fed. Cir. 2001)..........................................................................................4, 5

*Valinge Innovation AB v. Halstead New Eng. Corp.*,
  CV 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ......................................1, 2

*VLSI Tech. LLC v. Intel Corp.*,
  CV 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019)...................................................3

*Walker Digital, LLC v. Facebook, Inc*,
  852 F. Supp. 2d 559 (D. Del. 2012)......................................................................................5, 6

**STATUTES**

35 U.S.C. § 271.............................................................................................................................5

35 U.S.C. § 281.............................................................................................................................7

**I.    INTRODUCTION**

Plaintiffs' Response in Opposition to the Motions to Dismiss ("Response") (D.I. 83) fails to address a key issue raised in Talen's Opening Brief (D.I. 51)—that Plaintiffs' Complaint (D.I. 1) does not allege facts, but instead makes naked assertions and speculation that fail to demonstrate the requisite knowledge and intent required to meet the pleading standards for induced infringement or willfulness.  The Complaint is also deficient for failing to specify which entity is allegedly jointly and severally liable with whom, and none of Plaintiffs' arguments in the Response remedy the deficiencies in the Complaint.  Finally, the Response tacitly acknowledges the deficiencies in alleging whether Plaintiff MES, Inc. ("MES") has a right to bring this suit.  Each of these deficiencies is sufficient to dismiss in part the Complaint under FED. R. CIV. P. 12(b)(6).

**II.   ARGUMENT**

**A.    Plaintiffs Have Not Alleged Facts Sufficient to Adequately Plead Willful Infringement**

The Response does not dispute that Plaintiffs must meet two requirements to properly plead a claim of willful infringement: (1) the accused infringer must know of the patent-in-suit; and (2) the accused infringer must know or should have known that its conduct amounted to infringement.  *See Valinge Innovation AB v. Halstead New Eng. Corp.*, CV 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018) ("in order to sufficiently plead willful infringement, a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer:  (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and … in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent").  Indeed, the Complaint fails on both accounts—it does not allege that (1) Talen had pre-suit knowledge of the Asserted Patents or (2) Talen knew or should have known that it was infringing the Asserted Patents.  To the extent Plaintiffs imply that willfulness

1

claims based on post-suit knowledge alone are proper, they ignore a wealth of caselaw standing for the proposition that "the pleading standard for willful infringement . . . requires allegations of willful conduct *prior* to the filing of the claim." *See, e.g., Express Mobile, Inc. v. DreamHost LLC*, C.A. No. 1:18-cv-01173-RGA, 2019 U.S. Dist. LEXIS 101468, at *4 (D. Del. June 18, 2019) (dismissing willful infringement claim where "[t]he complaints allege only post-filing knowledge of the alleged infringement"); *see also Callwave Commc'ns LLC v. AT&T Mobility LLC*, No. 12-1701-RGA, 2014 U.S. Dist. LEXIS 15374, at *6 (D. Del. Jan. 28, 2014) ("the better course is generally not to allow allegations of willfulness based solely on conduct post-dating the filing").

### 1. The Complaint Fails to Sufficiently Plead Willful Infringement of the '147 Patent

Plaintiffs do not allege that Talen had knowledge of the Asserted Patents; rather they allege that the '147 Patent was known to representatives of PPL—a non-party alleged to be a former owner of three power plants that have subsequently been sold to Talen.[1] *See* D.I. 1 at ¶¶ 138-139. PPL's knowledge cannot be imputed to Talen simply because PPL and Talen have a historical relationship. *See BlackBerry Ltd. v. Nokia Corp.*, 17-CV-155-RGA, 2018 WL 1401330, at *3 (D. Del. Mar. 20, 2018) (granting motion to dismiss allegations of pre-suit willfulness where complaint merely alleged "pre-suit knowledge of the asserted patents" by related entities).

Moreover, even if PPL's alleged knowledge is somehow imputed to Talen, mere knowledge by a related entity is not enough because "a party's pre-suit knowledge of the patent is

---

[1] Two of the plants allegedly put on notice by Plaintiffs (Brunner Island and Colstrip plants) are not even alleged to have obtained refined coal that could possibly be used in any allegedly infringing process. *Compare* D.I. at ¶ 141 (alleging that Plaintiff discussed its patented technology "at power plants in the PPL fleet, including Brunner Island, Colstrip and Montour") *with* D.I. at ¶ 171 (only identifying Brandon Shores, Herbert Wagner and Montour coal plants as having obtained refined coal, and omitting any mention of Brunner Island or Colstrip plants).

2

not by itself sufficient to find willful misconduct." *Ansell Healthcare Products LLC v. Reckitt Benckiser LLC*, 15-CV-915-RGA, 2018 WL 620968, at *6 (D. Del. Jan. 30, 2018). The Response fails to address the second requirement of pleading willful infringement, also deficient in the Complaint: whether Talen knew or should have known that it was infringing the Asserted Patents. Nothing in the Complaint suggests that Talen knew or should have known that its conduct amounted to infringement. This failure is fatal. *See Valinge Innovation AB*, 2018 WL 2411218 at *13 (holding that a patentee's pleading should "plausibly demonstrate that the accused infringer not only knew of the patent-in-suit, but also knew or should have known that what it was doing (and what it continued to do) amounted to infringement of that patent").

Finally, Plaintiffs' Response relies on an erroneous assertion that the filing of a complaint is sufficient to allege knowledge for purposes of pleading willful infringement. D.I. 83 at 7-8. But that too is incorrect. This Court has held that filing of a complaint itself cannot be the basis for defendant's knowledge of the patents. *See, e.g., VLSI Tech. LLC v. Intel Corp.*, CV 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (dismissing willfulness claim for an asserted patent because "the complaint itself cannot serve as the basis for a defendant's actionable knowledge. The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim."). Plaintiffs' allegations of willful infringement of the '147 Patent should, therefore, be dismissed.

### 2. The Complaint Fails to Sufficiently Plead Willful Infringement of the '114 Patent

Plaintiffs' allegations of willful infringement of the '114 Patent are even more problematic. Nothing in the Complaint alleges knowledge of the recently issued '114 Patent or that Talen knew or should have known that it infringed the '114 Patent. Indeed, the patent issued a week before the Complaint was filed and there indisputably was no pre-suit notice of infringement. Plaintiffs

purport to have "identified the . . . *parent applications* to the '114 patent" to representatives of *PPL*. See D.I. 1 at ¶¶ 140 and 142 (emphasis added). But knowledge of a parent application is not enough to show knowledge of the asserted patent for purposes of pleading willful infringement. *See State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985). And alleged knowledge of a *parent application* by a *prior entity* is even more deficient. Nothing in Plaintiffs' Response addresses these deficiencies. Plaintiffs must plead the defendant's knowledge of the actual patents at issue, not mere knowledge of a parent application. That Plaintiffs were unable to muster a single authority to salvage its willfulness claim for the '114 Patent is telling. Plaintiffs have not pled, and cannot plead, knowledge of the '114 Patent before the filing of their Complaint. *See Med. U. of S.C. Found. for Research Dev. v. AstraZeneca Pharm. LP*, CV 2:13-2078-SB, 2013 WL 11258965, at *1 (D.S.C. Dec. 9, 2013) (dismissing allegations of willful infringement where the patent issued the same day as the complaint because it was not possible for the accused infringer to have had knowledge of a patent that was issued the same day the complaint was filed). Plaintiffs' failure to allege that Talen knew or should have known that it was infringing the '114 Patent further dooms its willful infringement claim based on this patent and these allegations should be dismissed.

### B. Plaintiffs Have Not Alleged Facts to Adequately Plead Induced Infringement

To adequately plead a claim of induced infringement, Plaintiffs must allege that (1) the defendant specifically intended a third party to infringe and (2) the defendant knew the third-party's acts amounted to infringement. *See Lifetime Industries, Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (citing *In re Bill of Lading*, 681 F.3d 1332, 1339 (Fed. Cir. 2012)). As explained in Section II.A. above, the Complaint fails to allege that Talen had pre-suit knowledge of the Asserted Patents or that Talen knew that it was infringing the Asserted Patents. Moreover, there is no allegation of "specific intent" by Talen to induce infringement by any entity.

Instead, the Complaint generically and ambiguously states that the "Coal Plant Defendants" induced infringement without ever stating that Talen *specifically intended* a third party (or any of its subsidiary companies) to infringe the Asserted Patents. D.I. 1 ¶¶ 150-151. This failure alone is sufficient to dismiss Plaintiffs' allegations of induced infringement in the Complaint.

Plaintiffs incorrectly argue that alleging an "affirmative act occurred" is sufficient to plead inducement, and insist their allegations are adequate because the Complaint "identified specific entities (each parent entity), and explained the specific accused conduct (controlling and procuring materials for mercury capture at the accused coal plants)." D.I. 83 at 4-5 (citing *Tegal Corp. v. Tokyoa Electron Co.*, 248 F.3d 1376 (Fed. Cir. 2001); *Walker Digital, LLC v. Facebook, Inc*, 852 F. Supp. 2d 559, 564 (D. Del. 2012)). Plaintiffs' argument is misguided because inducement requires "active steps *knowingly* taken," such as "the range of actions by which one in fact causes, or urges, or encourages, or aids another *to infringe* a patent." *Tegal Corp. v. Tokyo Electron Co.*, 248 F.3d at 1378 (emphasis added). The only allegations propping an inducement claim in the Complaint are found in two paragraphs alleging that each parent company works with its subsidiaries "to procure materials and manage Accused Power Plants" and "exercise[s] control over subsidiaries, [by] providing technical, administrative, logistical and financial services to subsidiaries, and/or negotiating standard form or bulk agreements for products and services related to mercury control." D.I. 83 at 5 (quoting D.I. 1, at ¶¶ 169, 161). But neither "procur[ing]" materials nor "manag[ing]" a plant is an act of infringement under 35 U.S.C. § 271 or an act that urges, encourages, or aids another to infringe.

The cases relied on by Plaintiffs do not support a different outcome. Plaintiffs rely on *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559 (D. Del. 2012) to suggest that "[a] plaintiff need only allege that [] an affirmative act occurred, it need not marshal evidence in the

5

complaint." D.I. 83 at 4. But Defendants do not seek evidence of inducement in the Complaint, just a basic recitation of facts to support a claim for induced infringement. The allegations in *Walker Digital* clearly spelled out that the defendant "instruct[ed] its users and/or customers on using the infringing apparatuses in a manner that is accused herein to infringe." *Id.* at 564. *Aventis* also included the requisite specificity as to what specific acts that one entity (Lupin Pharmaceuticals, Inc.) engaged in, and that it was directing another entity (Lupin Ltd.) to allegedly perform infringing acts. *See Aventis Pharma Deutschland GMBH v. Lupin Ltd.*, 403 F. Supp. 2d 484, 495 (E.D. Va. 2005). No such allegation was made by Plaintiffs here. Unlike *Walker Digital* and *Aventis*, the Complaint fails to identify any actions by Talen that necessarily result in infringement by another entity.

That Plaintiffs lumped multiple Defendants together without identifying any specific accused conduct by Talen further demonstrates the insufficiency of its pleadings. No explanation was provided in Plaintiffs' Response as to why multiple Defendants were fused together. "When articulating certain of its inducement allegations," plaintiffs must identify "which particular Defendant or Defendants are said to have" committed the acts requisite to plead induced infringement. *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, CV 13-2052-LPS, 2014 WL 4675316, at *7 (D. Del. Sept. 19, 2014) (explaining that "treating these Defendants as one big group for purpose of articulating how each has encouraged the induced infringement at issue says nothing plausible as to what any particular one of them might have done"). Plaintiffs' claims of induced infringement must, therefore, be dismissed.

### C. Plaintiffs Should Amend Their Complaint to Clarify Their Claim of Joint and Several Liability Between Chem-Mod and Talen

Plaintiffs represent, in their Response, that they do not allege joint and several liability among Vistra, NRG, and/or Talen, but rather that Plaintiffs allege that those entities are each jointly

6

and severally liable with Defendant Chem-Mod. D.I. 83 at 3. But, the allegations in the Complaint remain ambiguous, and the ambiguous "joint and several liability" allegation appears to have been made to allow Plaintiffs to pursue a single litigation in contravention of 35 U.S.C. § 299(b).[2] Given Plaintiffs' concession that there is no allegation of joint or several liability among Vistra, NRG and Talen, the claims against each power plant operator should be severed in a separate action, and the Complaint should be amended to reflect Plaintiffs' intended allegations.[3] Furthermore, a clarification in a *brief* responding to a motion to dismiss is not sufficient for the *complaint* to meet the pleading standard. *See Nash v. Akinbayo*, CV 18-677 (MN), 2019 WL 4393159, at *3 (D. Del. Sept. 13, 2019) ("Plaintiffs may not amend their complaint through opposition briefs."); *see also Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (*citing Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Accordingly, Plaintiffs' uncertain allegation of joint and several liability should be dismissed under FED. R. CIV. P. 12(b)(6) for failing to provide proper notice.

### D. MES Should Be Dismissed for Failing to Plead Rights to the Asserted Patents

MES and its claims should be dismissed for failing to plead that it is a "patentee" or is otherwise entitled to bring suit under 35 U.S.C. § 281. The statute only allows a "patentee" (*i.e.*, the original patentee and "successors in title") to bring a civil action for patent infringement. *See Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019).

---

[2] During a meet and confer before filing this reply, counsel for Talen requested that Plaintiffs file an amended complaint clarifying that Plaintiffs do not allege joint and several liability among Vistra, Talen and NRG, and that any allegations against each defendant should be in a separate complaint. Plaintiffs did not file an amended complaint. Instead, they stated their intent to amend the Complaint after the Court rules on the defendants motions to dismiss.

[3] Talen Defendants reserve the right to seek severance of the claims against Talen entities.

If a party cannot bring suit in its own name, it may still bring suit along with the patentee so long as it possesses "exclusionary rights." *Id.* (citing *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007)). But mere licensees are not patentees under 35 U.S.C. § 281. *Abbott Laboratories v. Diamedix Corp.*, 47 F.3d 1128, 1131 (Fed. Cir. 1995) (holding that a licensee "who has no right to exclude others from making, using, or selling the licensed products, has no legally recognized interest that entitles it to bring or join an infringement action").

Here, Plaintiffs have not sufficiently and plausibly alleged that MES is an owner of or that MES has exclusionary rights to the Asserted Patents.[4] The public record reveals that MES is not an owner of either Asserted Patent, and the Complaint fails to allege that MES has exclusionary rights to the Asserted Patents. While Plaintiffs, in their Response, state that "MES has received more than a non-exclusive license with respect to the patents-in-suit," this statement is not in the Complaint. Regardless, the phrase "more than a non-exclusive license" is insufficient because it does not indicate that MES has any "exclusionary rights" or is otherwise "injured by any party that makes, uses, sells, offers to sell, or imports the patented invention." *See Morrow v. Microsoft Corp.*, 499 F.3d at 1340 ("Parties that hold the exclusionary rights are often identified as exclusive licensees, because the grant of an exclusive license to make, use, or sell the patented invention carries with it the right to prevent others from practicing the invention."). Thus, the Complaint, and even if allowed, Plaintiffs' Response that "MES has received more than a non-exclusive license with respect to the patents-in-suit," are insufficient to meet the pleading standards that would allow MES to be considered a "patentee" under 35 U.S.C. § 281.

---

[4] Plaintiffs concede that the Complaint "mistakenly refers to Midwest Energy Emissions Corp. as the sole rights holder with respect to one of the patents-in-suit." D.I. 83 at 6 n.2. Thus, by Plaintiffs' own admission, the Complaint is deficient on its face and MES's allegations must be dismissed, especially because this error cannot be corrected through briefing. *See Nash*, 2019 WL 4393159, at *3; *see also Commonwealth of Pa. ex rel. Zimmerman*, 836 F.2d at 181.

Plaintiffs argue that there is no downside to keeping MES in this case, and that MES can be dismissed as a plaintiff during discovery if it is found to be an improper plaintiff. *See* D.I. 83 at 7. Such a cavalier approach to pleading requirements is improper. A motion to dismiss, and not discovery, is the appropriate stage to determine whether pleading requirements have been met and present a plausible claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process"). Deferring the propriety of a named plaintiff until discovery allows facially implausible claims to proceed through to discovery, at the risk of ignoring pleading requirements set forth in *Twombly*. *Id*. Plaintiffs have failed to establish that MES has a right to bring this suit under 35 U.S.C. § 281, and, pursuant to FED. R. CIV. P. 12(b)(6), the Court should dismiss MES and its allegations from this case.

### III. CONCLUSION

For the reasons set forth in Talen's Opening Brief and as set forth above, Talen respectfully requests that the Court dismiss Plaintiffs' claims against Talen for willful infringement and induced infringement, dismiss Plaintiffs' claim of joint and severally liability, and dismiss all claims brought by Plaintiff MES because MES has not pled sufficient rights to the Asserted Patents under 35 U.S.C. § 281.

|  |  |
|---|---|
| *Of Counsel:*<br><br>David B. Weaver<br>Syed Fareed<br>Emily Pyclik<br>**BAKER BOTTS L.L.P.**<br>98 San Jacinto, Suite 1500<br>Austin, Texas 78701<br>(512) 322-2500<br><br>David Tobin<br>**BAKER BOTTS L.L.P.**<br>2001 Ross Avenue, Suite 1100<br>Dallas, Texas 75201<br>(214) 953-6500<br><br>Dated:  October 29, 2019 | **DRINKER BIDDLE & REATH LLP**<br><br> /s/ Francis DiGiovanni<br>Francis DiGiovanni (#3189)<br>Thatcher A. Rahmeier (#5222)<br>222 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>(302) 467-4200<br>francis.digiovanni@dbr.com<br>thatcher.rahmeier@dbr.com<br><br>*Attorneys for Defendants Talen Energy Corporation, Brandon Shores LLC, Talen Generation LLC, and H.A. Wagner LLC* |