**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | |
| Plaintiffs, | C.A. No. 19-1334 (RGA) |
| v. | |
| VISTRA ENERGY CORP. et al., | |
| Defendants. | |

**NRG'S JOINDER IN REPLY IN SUPPORT OF
MOTION TO DISMISS BY VISTRA AND TALEN**

On September 23, 2019, Defendants Vistra Energy Corp., IPH, LLC, Dynegy Inc., Illinois Power Resources Generating, LLC, Dynegy Midwest Generation LLC, and Dynegy Miami Fort, LLC's (collectively, "Vistra") filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (D.I. 45) (the "Vistra Motion to Dismiss"). On that same day, Defendants NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME, LLC, and Midwest Generation, LLC (collectively, "NRG") filed a motion to join the Vistra Motion to Dismiss and the arguments and authorities found therein. (D.I. 47). NRG hereby joins Vistra's Reply In Support of Motion to Dismiss (D.I. 85) (the "Vistra Reply"). NRG agrees with and incorporates by reference the factual and legal arguments in the Vistra Reply.

Defendants Talen Energy Corporation, Talen Energy Holdings, Inc., Brandon Shores LLC, Talen Generation LLC, and H.A. Wagner LLC's (collectively, "Talen") also filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (D.I. 49) (the "Talen Motion to Dismiss"). On that same day, NRG filed a motion to join the Talen Motion to Dismiss and the arguments and authorities found therein. (D.I. 53). NRG hereby joins Talen's

1

Reply In Support of Motion to Dismiss (D.I. 87) (the "Talen Reply").  NRG agrees with and incorporates by reference the factual and legal arguments in the Talen Reply.

NRG joins the Vistra Reply and Talen Reply subject to the following qualifications:

1. Vistra's Reply addresses ME2C's claims of joint and several liability with regards to the "Coal Plant Defendants" under Fed. R. Civ. P. 12(b)(6) and requests dismissal of Plaintiff MES Inc. under Fed. R. Civ. P. 12(b)(6) because the Complaint fails to show that MES Inc. is a "patentee" under Section 281.  Vistra's Reply also requests dismissal of ME2C's claims of induced infringement by Vistra under Fed. R. Civ. P. 12(b)(6).  NRG only joins the portions of the Vistra Reply regarding joint and several liability and failure to establish that MES Inc. is a "patentee" under Section 281.

Plaintiffs responded to Vistra's Motion to Dismiss that they do not allege that NRG is jointly and severally liable with either Talen or Vistra.  D.I. 83 at 3.  For the reasons set forth in the Vistra Reply, NRG agrees that Plaintiffs' commitment to amend their Complaint to remove the offending allegations and conform to its representations to this Court in its Response will moot this portion of the Motion to Dismiss.  Additionally, for the reasons set forth in Vistra Reply, NRG agrees that dismissal of MES Inc. is appropriate at this stage, rather than in discovery as Plaintiffs suggest, because the face of the Complaint fails to allege sufficient facts to support that MES is a proper plaintiff.

2. Talen's Reply addresses ME2C's claims of joint and several liability with regards to the "Coal Plant Defendants" under Fed. R. Civ. P. 12(b)(6) and requests dismissal of Plaintiff MES Inc. under Fed. R. Civ. P. 12(b)(6) because the Complaint fails to show that MES Inc. is a "patentee" under Section 281.  Talen's Reply also requests dismissal of ME2C's claims of willful and induced infringement by Talen under Fed. R. Civ. P. 12(b)(6).  NRG only joins the portions of Talen's Reply regarding joint and several

liability, induced infringement, and failure to establish that MES Inc. is a "patentee" under Section 281.

Plaintiffs' response to Talen's Motion to Dismiss as to joint and several liability is that they do not allege that NRG is jointly and severally liable with either Talen or Vistra. D.I. 83 at 3. NRG appreciates the confirmation, but for the reasons set forth in Talen's Reply, Plaintiffs should be required to amend their Complaint to remove the offending allegations and conform to the representations made to this Court. To date, Plaintiffs have refused to do so. Further, the Complaint does not allege that Plaintiffs specifically identified the Asserted Patents by patent number to NRG or that NRG knew that it was infringing the Asserted Patents. *See* D.I. 1 (Complaint) at ¶ 135. More importantly, there is no allegation of "specific intent" by NRG to induce infringement by any entity. Thus, for the same reasons set forth in Talen's Reply regarding Talen, Plaintiffs' claims of induced infringement by NRG should be dismissed. Additionally, for the reasons set forth in Talen's Reply, dismissal of MES Inc. is appropriate at this stage, rather than in discovery as Plaintiffs suggest, because the face of the Complaint fails to allege sufficient facts to support that MES is a proper plaintiff.

NRG joins the Vistra Reply and Talen Reply and respectfully requests that this Court dismiss Plaintiffs' claims of induced infringement against NRG and dismiss Plaintiff MES Inc. from the Complaint under Fed. R. Civ. P. 12(b)(6).

OF COUNSEL:

Paul R. Morico
Elizabeth Durham Flannery
Ali Dhanani
Thomas B. Carter, Jr.
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002
(713) 229-1234
paul.morico@bakerbotts.com
liz.flannery@bakerbotts.com
ali.dhanani@bakerbotts.com
thomas.carter@bakerbotts.com

Dated: October 29, 2019

*/s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Tyler E. Cragg (#6398)
RICHARDS, LAYTON & FINGER, PA
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
cragg@rlf.com

*Attorneys for Defendants NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME, LLC, and Midwest Generation, LLC*

4