## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **MIDWEST ENERGY EMISSIONS CORP. and MES INC.,** | |
| **Plaintiffs,** | |
| **v.** | C.A. No. 19-1334-RGA |
| **VISTA ENERGY CORP., et al.** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

### PLAINTIFFS MIDWEST ENERGY EMISSIONS CORP. AND MES INC.'S MOTION TO COMPEL RULE 26(f) CONFERENCE

**TABLE OF CONTENTS**

I.  NATURE AND STAGE OF THE PROCEEDINGS ....................................................... 1

II.  SUMMARY OF THE ARGUMENT ................................................................... 1

III.  STATEMENT OF FACTS ............................................................................. 2

IV.  LEGAL STANDARD .................................................................................... 3

V.  ARGUMENT ............................................................................................... 4

VI.  CONCLUSION ............................................................................................ 5

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Kaavo Inc. v. Cognizant Tech. Sols. Corp.*,
    No. CV 14-1192-LPS-CJB, 2015 WL 1737476 (D. Del. Apr. 9, 2015)...................................5

**Other Authorities**

Fed. R. Civ. P. 26(f)(1) ....................................................................................................3

Fed. R. Civ. P. 37(f).........................................................................................................4

Rule 16(b) .........................................................................................................................3

This case was filed approximately nine months ago. Plaintiff has since requested a Rule 26(f) conference so that the parties may begin discovery and exchange initial disclosures, infringement contentions, and invalidity contentions. Defendants have refused to participate in these early milestones, noting this Court's typical practice of resolving motions and partial motions to dismiss before opening discovery. However, given the Court's current workload, and the fact that the pending motions are unlikely to have any substantial impact on the initial scope of discovery, the parties should at least use this time to do what they can to move this case forward. Accordingly, ME2C respectfully requests that the Court order Defendants to participate in a Rule 26(f) conference within seven days of deciding this motion.

## I.     NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs filed this patent infringement action on July 17, 2019 against several defendant groups consisting of coal plant operators (Vistra, AEP, NRG, Talen (the "Coal Plant Defendants)) and entities associated with refined coal operations (AJG, DTE, CERT, Chem-Mod, Refined Coal LLCs (the "RC Defendants")). Some of the Coal Plant Defendants filed partial motions to dismiss related to ME2C's allegations of indirect and willful infringement. *See* D.I. 46, 47, 51, 53. AEP answered the complaint. D.I. 79. The RC Defendants filed motions to dismiss asserting that they do not infringe at all. D.I. 55. These motions were referred to Magistrate Judge Burke on November 25, 2019. D.I. 94.

On April 3, 2020, ME2C requested a Rule 26(f) conference with Defendants, but they have refused to participate.

## II.     SUMMARY OF THE ARGUMENT

The Federal Rules require parties to engage in a Rule 26(f) conference regardless of whether a motion to dismiss is pending. Such a conference is particularly appropriate here where

1

ME2C is a practicing entity and the Defendants are competitors or customers that are boosting

ME2C's competitors by infringing.

Moreover, the pending motions are unlikely to have a significant impact on the scope of

discovery. Even if the Court grants the Coal Plant Defendant motions, the parties will still need

to exchange infringement and invalidity contentions and conduct discovery regarding ME2C's

direct infringement allegations. With respect to the RC Defendants, their motions could be

dispositive as to the RC Defendants. However, the mere fact that a party has a potentially

dispositive motion on file does not excuse its discovery obligations, particularly in a case

involving competitors.

## III.     STATEMENT OF FACTS

ME2C is a publicly traded company that manufactures and sells bromine-containing

additives and sorbents for use in reducing mercury emissions from coal-fired power plants. *See*

Ex. 1, (describing ME2C's SF oxidizer and SB sorbent line of products). The patents-in-suit

cover methods of using these products. *See* Compl. At ¶ 82. In particular they describe adding

bromine or bromide to coal or into a combustion chamber, and adding a sorbent to gas exiting

the combustion chamber to reduce mercury emissions. *Id.*

ME2C filed the present lawsuit against its potential customers and competitors. *See*

Compl. at ¶¶ 82-88. ME2C has accused each of the Coal Plant Defendants of purchasing

materials from ME2C's competitors and using them to perform the patented methods for

mercury capture. *See* Compl. at ¶¶ 90-144. ME2C has accused the RC Defendants of supplying

some of those materials to Coal Plant Defendants and other coal plant operators. Compl. at ¶¶

75-76.  In particular, RC Defendants AJG, DTE, and CERT provide Chem-Mod chemicals to

coal plants through shell LLCs. Compl. at ¶¶ 66-81; *see also* Ex. 3 at 4 (explaining that AJG

manages Chem-Mod and uses LLCs to provide Chem-Mod chemicals for refined coal); Ex. 4

(explaining that the "Chem-Mod Solution" is designed to work with an oxidizer and sorbents);

*see also* D.I. 56, RC Defendants' motion to dismiss (not denying that they apply bromine or

bromide to produce refined coal).

In addition to the named Defendants, ME2C has alleged that the Defendants collaborate

with various other unnamed "John Doe" defendants that also supply materials to facilitate

infringement. *See* Compl. at ¶ 46. ME2C has attempted to identify those entities from public

sources and by requesting voluntary discovery from Defendants, but it has been unable to

identify those entities. While the named Defendants could identify those entities, their refusal to

do so may lead to a dispute over whether those parties had notice of ME2C's infringement

allegations and thus potentially impact ME2C's damages claim.

But there is more at stake here than just delayed payment of past damages. Jim Trettel,

Vice President of Operations for ME2C, has explained that the infringement alleged in ME2C's

complaint has cost the company sales and degraded its prices. Ex. 1. In particular, Defendant

AJG, acting through various RC Defendants and shell LLCs, has admitted that it provides

competing bromine additives "basically for free," to incentivize coal plants to participate in

AJG's refined coal tax scheme. Ex. 3. This scheme prevents those coal plants from seeking

bromine additives from ME2C.

IV.     LEGAL STANDARD

Rule 26(f) requires all parties to confer to formulate a discovery plan before the Court

enters a scheduling order. This conference provides a start date for discovery, and it must occur

"as soon as practicable—and in any event at least 21 days before a scheduling conference is to be

held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1). According to Rule

16(b), "[t]he judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."

A Party's refusal to participate in a Rule 26(f) conference constitutes a violation of Rule 37. Fed. R. Civ. P. 37(f) ("Failure to Participate in Framing a Discovery Plan. If a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.").

## V.     ARGUMENT

The Federal Rules are straightforward: Absent a local rule or court order excusing performance, Defendants must participate in a Rule 26(f) conference. Defendants have never asserted otherwise. Instead, they argue that the parties should sit idle because this Court prefers to rule on motions to dismiss before setting a Rule 16 hearing date to set in motion the requirements under Rule 26(f). Defendants offered no support in the law for its position, nor does Defendants' position account for the specific facts of this case.

While ME2C respects the Court's standard practice, this case calls for special consideration. Given the Court's current heavy workload, it is inefficient for the parties to sit idle in lieu of working to advance this case toward resolution.

Further delay is also highly prejudicial to ME2C. Defendants' infringement has caused significant damage to ME2C's business, and continued delay exacerbates that damage. *See* Ex. 6. "Courts have recognized that when the parties are direct competitors, there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the

4

party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill." *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, No. CV 14-1192-LPS-CJB, 2015 WL 1737476, at *3 (D. Del. Apr. 9, 2015). Those consequences are particularly important in this case where the RC Defendants compete directly with ME2C, and the Coal Plant Defendants' infringement leads them to purchase supplies from ME2C's competitors.

Conversely, the risk of undue prejudice to Defendants is low. AEP will not suffer prejudice as it has already answered the complaint. The other Coal Plant Defendants will not suffer prejudice because even if the Court were to grant their motions and dismiss ME2C's willful and indirect infringement allegations, that would have little to no impact on the scope of discovery associated with ME2C's direct infringement allegations. Finally, the RC Defendants are unlikely to suffer prejudice because their motion is unlikely to succeed. ME2C will not re-hash all of the distinct problems with their theories, but, as one example, the RC Defendants mistakenly assert that a Plaintiff must allege a separate inducing act for each step of an asserted method claim. That is not the law. As another example, they argue that refined coal has a non-infringing use. But this assertion fails to account for the fact that the accused conduct is the supply of refined coal at, and specifically tailored for, plants that have carbon sorbent systems, not the supply of some hypothetically fungible product. In short, the mere fact that these Defendants hope to win their motions is not enough to excuse their obligations under the Rules.

## VI.    CONCLUSION

For all of the foregoing reasons, ME2C respectfully requests that the Court order Defendants to comply with Rule 26(f) within one week of deciding this motion.

Dated:  April 15, 2020

Respectfully submitted,

**DEVLIN LAW FIRM LLC**

/s/ James M. Lennon_____
James M. Lennon (Bar No. 4570)
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

**CALDWELL CASSADY CURRY PC**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Phone: (214) 888-4848
(214) 888-4849 (*fax*)
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
jnemunaitis@caldwellcc.com

Bradley W. Caldwell
Texas Bar No. 24040630
Jason D. Cassady
Texas Bar No. 24045625
John Austin Curry
Texas Bar No. 24059636
Justin T. Nemunaitis
Texas Bar No. 24065815

*Attorneys for Plaintiffs*
*Midwest Energy Emissions Corp. and*
*MES Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned avers that a reasonable effort has been made to reach agreement with the opposing parties on the matters set forth in this motion, but that no agreement was reached. In particular, counsel for ME2C Justin Nemunaitis engaged in email correspondence regarding these issues from April 3, 2020 to 13, 2020, with counsel for Defendants.  On April 13, 2020, counsel for ME2C Bradley Caldwell and Justin Nemunaitis, and Delaware counsel for ME2C James Lennon conferred over the phone with counsel for all Defendants, including Delaware counsel for Defendants, regarding the motion. Counsel for ME2C explained its interpretation of Rules 16 and 26, and the need for discovery. Counsel for Defendants explained that they believed a Rule 26(f) conference would be premature before the motions to dismiss were decided, leaving the parties at an impasse.

/s/ Justin Nemunaitis
Justin Nemunaitis

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record have been served with this motion via the Court's CM/ECF system on April 15, 2020.

/s/ Justin Nemunaitis
Justin Nemunaitis