# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. et al., | |
| Plaintiffs, | |
| v. | C.A. No. 19-1334-RGA-CJB |
| VISTRA ENERGY CORP. et al., | |
| Defendants. | |
| | JURY TRIAL DEMANDED |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
RULE 26(f) CONFERENCE**

**Table of Contents**

I.   INTRODUCTION ................................................................................................................. 1

II.  ARGUMENT ....................................................................................................................... 1

    A.   The Outcome of the Pending Motions to Dismiss May Materially Affect the Scope of Discovery. ................................................................................................................. 1

    B.   A Rule 26(f) Conference Would Be Premature. .................................................... 3

    C.   The Prejudice to Defendants of Opening Discovery Outweighs Any Prejudice to Plaintiffs of a Short Delay. ........................................................................................ 4

III. CONCLUSION .................................................................................................................... 5

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Coastal States Gas Corp. v. Dep't of Energy*,
  84 F.R.D. 278 (D. Del. 1979) ..................................................................................................2

*In re Orthopedic Bone Screw Prod. Liab. Litig.*,
  264 F.3d 344 (3d Cir. 2001)....................................................................................................4

*Levey v. Brownstone Inv. Group, LLC*,
  590 Fed. Appx. 132 (3d Cir. 2014).........................................................................................2

*Mann v. Brenner*,
  375 Fed. Appx. 232 (3d Cir. 2010).........................................................................................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 16(b)(2)...................................................................................................................4

Fed. R. Civ. P. 26(f)(1) ...................................................................................................................3

## I.     INTRODUCTION

The Court's anticipated rulings on Defendants' four motions to dismiss will alter the discovery landscape, perhaps dramatically so. The motions are set for hearing May 27. Plaintiffs (collectively, "ME2C") provide no compelling reason why discovery should begin now, as opposed to being addressed after the Court resolves these motions. There is no requirement that a Rule 26(f) conference occur at the whim of Plaintiffs, especially when ME2C chose to wait over five months after all parties responded to the complaint. Rather, a Rule 26(f) conference must occur 21 days before a Rule 16(b) conference, which has not yet been set. Plaintiffs' demand for a Rule 26(f) conference at this juncture—with motions pending, no Rule 16 conference scheduled, and everyone under COVID-19 lockdown—is premature and would lead to wasted expense and effort. The start and scope of discovery can be dealt with effectively and more efficiently after the Court rules on the pending motions and the parties, claims, pleadings, and issues are settled. Plaintiffs' motion to compel should be denied.

## II.    ARGUMENT

Given that the pending motions to dismiss will affect the scope of discovery in this 40-plus defendant case, and the prejudice to Defendants outweighs any prejudice of an additional short delay to ME2C, Plaintiffs' motion to compel should be denied.

### A. The Outcome of the Pending Motions to Dismiss May Materially Affect the Scope of Discovery.

Immediately moving forward with a Rule 26(f) conference and the opening of discovery would be inefficient and would prejudice Defendants. First, both the Gallagher and CERT defendants (together, approximately twenty defendants) filed dispositive motions to dismiss that will determine whether they will continue to be defendants in this litigation. *See* D.I. 50 (CERT arguing complaint should be dismissed in its entirety); D.I. 56 (same for Gallagher). To allow

discovery now would invite ME2C to conduct an improper fishing expedition even though it has not cleared the most basic first hurdle—pleading legally sufficient allegations. *See Levey v. Brownstone Inv. Group, LLC*, 590 Fed. Appx. 132, 137 (3d Cir. 2014) (motions to dismiss for failure to state a claim "should typically be resolved before discovery begins," otherwise the Court would "be providing [Plaintiff] an opportunity to conduct a fishing expedition in order to find a cause of action"); *Mann v. Brenner*, 375 Fed. Appx. 232, 239–40 (3d Cir. 2010) ("In certain circumstances it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile."). "It is within the sound discretion of the Court to postpone discovery of issues relating to the merits of a case pending resolution of potentially dispositive motions . . . . Indeed, such a procedure is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) (citations omitted).

Second, Vistra and Talen filed motions to dismiss, which NRG joined, raising standing issues and challenging Plaintiffs' ownership of the Asserted Patents, as well as their claims of indirect infringement, and joint and several liability. *See* D.I. 46 at 10; D.I. 51 at 13; D.I. 53. Talen and NRG also took exception to Plaintiffs' allegations of willful infringement. *See* D.I. 51 at 8-10; D.I. 53. The Court's rulings on those motions also will greatly affect the scope of discovery. Before being entitled to discovery, Plaintiffs should be required to plead clearly which parties own the asserted patents and also to specify the infringement theory asserted against each Defendant. Otherwise there is a great risk of wasteful and unnecessary litigation.

Moreover, even if the pending motions to dismiss are denied, the state of the pleadings remains unsettled. ME2C admits that the complaint requires amending regardless of the outcome of the pending motions. D.I. 85 at 1-2 (ME2C agrees to amend the complaint to remove the

suggestion of joint and several liability among Vistra, NRG, and Talen). Despite its admission, ME2C has not amended the complaint. Defendants should not be forced to engage in discovery when Plaintiffs expect to file an amended complaint.

Finally, while ME2C's brief suggests that the Rule 26(f) conference merely initiates "early milestones," such as initial disclosures and invalidity contentions, that is not how ME2C drafted its proposed Rule 26(f) report nor is it how discovery works in this Court. D.I. 97 at 1. The Rule 26(f) conference opens discovery entirely, requiring a production of core technical documents from the Defendants and opening discovery of all forms, including requests for admission, interrogatories, and notices of depositions. This could readily become a "fishing expedition," with ME2C attempting to delve into Defendants' confidential documents regarding accused products and operations so that ME2C can develop a new strategy if its complaint is dismissed. That would be neither proper nor fair. Rule 26(f) further requires the parties discuss "the subjects on which discovery may be needed" and "when discovery should be completed"— discussions that would have to be repeated after decisions on the motions and again after any amended pleadings. Because the scope of discovery, even the "initial milestones," will be greatly impacted by the pending motions to dismiss, Defendants respectfully suggest that it would be proper to conduct a Rule 26(f) conference after the pending motions are resolved. ME2C's request would also impose on the CERT and Gallagher defendants the burdens of preparing contentions on the merits when, if their motions are granted, they would be dismissed as parties and have no such obligations.

### B. A Rule 26(f) Conference Would Be Premature.

The Federal Rules logically suggest a link between the Court's Rule 16(b) conference and the Rule 26(f) conference. Fed. R. Civ. P. 26(f)(1). The Rules set a "no later than" schedule for the 26(f) conference. In this case there are compelling reasons to wait a short while longer before conducting the discovery conference.

3

The Court has not set a Rule 16(b) scheduling conference but has set a May 27 hearing on the motions to dismiss. As discussed above, because several of the primary discovery topics under Rule 26(f) may be impacted by rulings on the motions to dismiss, it is appropriate and most efficient to hold off on the discovery conference until the pleadings that define the scope of the case are settled. That will not be an indefinite delay—the conference could take place after Plaintiffs amend their pleading as may be allowed (or required) by the Court's dismissal rulings. And there certainly will be time to conduct the discovery conference 21 days in advance of any Rule 16(b) scheduling conference. Judicial and litigant economy dictate that a Rule 26(f) conference at this point in time would be premature. Fed. R. Civ. P. 16(b)(2) (timeframe for issuing a Rule 16 order allows courts to take into account good cause for delay); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001) (a decision to stay discovery pending resolution of a potentially dispositive motion remains within the discretion of the trial court). Indeed, Defendants' position that a Rule 26(f) conference is premature is consistent with the Court's general approach of deciding motions to dismiss before holding a Rule 16 conference.

### C. The Prejudice to Defendants of Opening Discovery Outweighs Any Prejudice to Plaintiffs of a Short Delay.

The prejudice to Defendants in allowing ME2C to engage in discovery before asserting a sufficient complaint weighs in favor of the Court denying the motion to compel. Most of the discovery sought by ME2C will be rendered unnecessary if the Court grants Defendants' motions. As discussed above, the pending motions to dismiss affect whether the CERT and Gallagher Defendants will remain in this litigation. Requiring these Defendants to engage in discovery is burdensome and a waste of resources when they may not be subject to any discovery at all if the Court grants their pending motions. And for the other Defendants, disclosures and discovery on causes of action or theories that may soon be dismissed is equally wasteful.

4

Moreover, ME2C made no convincing argument that it would be harmed by beginning discovery after the Court rules on the motions. ME2C has not filed a motion for preliminary injunction or made any indication that timing is critical here. Indeed, ME2C's conduct thus far shows that timing is not critical—it waited over five months to even seek a Rule 26 conference. At best, ME2C only provides conclusory assertions by its own CEO that Defendants' alleged infringement has cost the company sales. *See* D.I. 97 at 4 (citing Ex. 6, which was not filed); Ex. 1 (citing no evidence regarding alleged loss). This is not sufficient prejudice to justify engaging in potentially-wasteful discovery before the pleadings are settled. ME2C suggests it has been prejudiced by being unable to identify unnamed "John Doe" defendants, and that it requested voluntary discovery from Defendants. D.I. 97 at 3. There is no obligation to voluntarily tell plaintiffs whom they might want to sue. ME2C has not requested this "voluntary discovery" from all Defendants; moreover, no real prejudice comes from a short delay of discovery.

Finally, ME2C filed its motion to compel in the midst of a global pandemic due to COVID-19. Many of Defendants' personnel, such as in-house counsel who would need to sign off on the proposed schedule and team members who would need to compile discovery, are dealing with pressing matters related to the ongoing crisis. For example, NRG, Vistra, and AEP are navigating work-from-home policies while working to ensure the uninterrupted supply of electricity in areas of the United States where they operate power generation facilities, some of which are at issue in this case. Defendants should not be required to divert resources from essential services and undermine important public safety objectives to engage in premature discovery, which will likely result if ME2C's motion is granted. While Defendants agree that deadlines cannot be indefinitely extended, it is unnecessary to rush into discovery during this pandemic.

### III. <u>CONCLUSION</u>

Defendants respectfully request that Plaintiffs' motion to compel be denied.

| | |
|---|---|
| DATED: April 23, 2020<br><br>*Of Counsel*:<br>Timothy S. Durst<br>Douglas M. Kubehl<br>Christa Brown-Sanford<br>Megan LaDriere<br>Mark Johnson<br>BAKER BOTTS L.L.P.<br>2001 Ross Avenue, Suite 900<br>Dallas, Texas 75201<br>Tel. (214) 953-6500<br>Fac. (214) 953-6503<br>tim.durst@bakerbotts.com<br>doug.kubehl@bakerbotts.com<br>christa.sanford@bakerbotts.com<br>megan.ladriere@bakerbotts.com<br>mark.johnson@bakerbotts.com | */s/ Frederick L. Cottrell, III*<br>Frederick L. Cottrell, III (#2555)<br>Tyler E. Cragg (#6398)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>Tel. (302) 651-7700<br>cottrell@rlf.com<br>cragg@rlf.com<br><br>*Attorneys for Defendants Vistra Energy Corp.; Dynegy Miami Fort, LLC; Dynegy Inc.; Dynegy Midwest Generation, LLC; IPH, LLC; and Illinois Power Resources Generating, LLC* |
| OF COUNSEL:<br><br>Paul R. Morico<br>Elizabeth Durham Flannery<br>Ali Dhanani<br>Thomas B. Carter, Jr.<br>BAKER BOTTS L.L.P.<br>One Shell Plaza<br>910 Louisiana Street<br>Houston, TX 77002<br>(713) 229-1234<br>paul.morico@bakerbotts.com<br>liz.flannery@bakerbotts.com<br>ali.dhanani@bakerbotts.com<br>thomas.carter@bakerbotts.com | */s/ Frederick L. Cottrell, III*<br>Frederick L. Cottrell, III (#2555)<br>Tyler E. Cragg (#6398)<br>RICHARDS, LAYTON & FINGER, PA<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>cottrell@rlf.com<br>cragg@rlf.com<br><br>*Attorneys for Defendants NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME, LLC, and Midwest Generation, LLC* |

OF COUNSEL:

Douglas R. Nemec
Leslie A. Demers
SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM LLP
One Manhattan West
New York, NY 10001
Tel: (212) 735-3000
douglas.nemec@skadden.com
leslie.demers@skadden.com

/s/ Jessica Kunz
Robert S. Saunders (#3027)
Jessica R. Kunz (#5698)
SKADDEN, ARPS, SLATE, MEAGHER &
  FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899
Tel: (302) 651-3000
Fax: (302) 651-3001
rob.saunders@skadden.com
jessica.kunz@skadden.com

*Attorneys for Defendants CERT Coal Holdings LLC, CERT Holdings LLC, CERT Holdings 2018, LLC, CERT Operations LLC, CERT Operations II LLC, CERT Operations III LLC, CERT Operations IV LLC, CERT Operations V LLC, and CERT Operations RCB LLC*

OF COUNSEL:

Randall E. Mehrberg
Terri L. Mascherin
Aaron A. Barlow
JENNER & BLOCK LLP
353 N. Clark Street,
Chicago, IL  60654-3456
(312) 222-9350

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC  20001-4412
(202) 639-6000

/s/ Rodger D. Smith II
Rodger D. Smith II (#3778)
Lucinda C. Cucuzzella (#3491)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
ccucuzzella@mnat.com

*Attorney for Defendants AEP Generation Resources Inc., Southwestern Electric Power Co. and AEP Texas Inc.*

7

OF COUNSEL:

Joseph Evall
Richard W. Mark
Paul J. Kremer
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

*s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
MORRIS, NICHOLS, ARSHT &TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Defendants*
*AJG Coal, LLC*
*AJG Iowa Refined Coal LLC*
*Arbor Fuels Company, LLC*
*Arthur J. Gallagher & Co.*
*Belle River Fuels Company, LLC*
*Chem-Mod LLC*
*DTE REF Holdings, LLC*
*DTE REF Holdings II LLC*
*Gallagher Clean Energy, LLC*
*Joppa Refined Coal LLC*
*Louisa Refined Coal, LLC*
*Portage Fuels Company, LLC*
*Thomas Hill Refined Coal LLC*
*Wagner Coaltech LLC*
*Walter Scott Refined Coal LLC*

8

OF COUNSEL:

David B. Weaver
Syed Fareed
Emily Pyclik
Baker Botts L.L.P.
98 San Jacinto, Suite 1500
Austin, Texas 78701
(512) 322-2500

David Tobin
Baker Botts L.L.P.
2001 Ross Avenue, Suite 1100
Dallas, Texas 75201
(214) 953-6500

*s/ Francis DiGiovanni*
Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
FAEGRE DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com

*Attorneys for Defendants Talen Energy Corporation, Brandon Shores LLC, Talen Generation LLC, and H.A. Wagner LLC*