IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | |
| Plaintiffs, | |
| v. | C.A. No. 19-1334-RGA |
| VISTRA ENERGY CORP., et al. | JURY TRIAL DEMANDED |
| Defendants. | |

**<u>PLAINTIFFS MIDWEST ENERGY EMISSIONS CORP. AND MES INC.'S REPLY TO MOTION TO COMPEL RULE 26(f) CONFERENCE</u>**

# TABLE OF CONTENTS

I.   Introduction ........................................................................................................... 1

II.  Defendants' Failure to Justify Delay ..................................................................... 2

III. The Prejudice to ME2C and the Need for Discovery ........................................... 3

# TABLE OF AUTHORITIES

                                                                                                                                         **Page(s)**

**Cases**

*Gray v. First Winthrop Corp.*,
   133 F.R.D. 39 (N.D.Cal.1990) ............................................................................................. 1

*Kaavo Inc. v. Cognizant Tech. Sols. Corp.*,
   No. CV 14-1192-LPS-CJB, 2015 WL 1737476 (D. Del. Apr. 9, 2015) ................................ 3

*Keystone Coke Co. v. Pasquale*,
   No. CIV. A. 97-6074, 1999 WL 46622 (E.D. Pa. Jan. 7, 1999) ............................................ 1

*Kudu Ltd. II, Inc. v. United States*,
   146 Fed. Cl. 295 (2019) ......................................................................................................... 1

*Levey v. Brownstone Inv. Group, LLC*,
   590 Fed. Appx. 132 (3d Cir. 2014) ....................................................................................... 2

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*,
   No. 5:16-CV-06370-EJD, 2018 WL 1569811 (N.D. Cal. Feb. 16, 2018) ............................. 1

*Solomon Realty Co. v. Tim Donut U.S. Ltd.*,
   2009 WL 2485992 (S.D.Ohio 2009) ..................................................................................... 1

*Tamburo v. Dworkin*,
   No. 04 C 3317, 2010 WL 4867346 (N.D. Ill. Nov. 17, 2010) ............................................... 1

**Other Authorities**

Fed. R. Civ. P. 1 ............................................................................................................................ 2

Rule 26(f) ................................................................................................................................. 1, 3

I.      Introduction

Defendants fail to identify any legal authority justifying their refusal to comply with Rule 26(f).  Thus, the Court may grant the present motion without the need for considering traditional good cause factors.  Alternatively, if the Court treats Defendants' opposition as a motion to stay discovery—which Defendants acknowledge requires a showing of good cause—the Court should find that no good cause exists for the indefinite delay that Defendants now seek.

Numerous courts have explained that the filing of a motion to dismiss, on its own, does not justify a stay of discovery:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation.
> [. . .]
> Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, this is not such a case.

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal.1990) (internal citations omitted); *accord Kudu Ltd. II, Inc. v. United States*, 146 Fed. Cl. 295, 297 (2019); *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 5:16-CV-06370-EJD, 2018 WL 1569811, at *2 (N.D. Cal. Feb. 16, 2018); *Tamburo v. Dworkin*, No. 04 C 3317, 2010 WL 4867346, at *2 (N.D. Ill. Nov. 17, 2010); *Solomon Realty Co. v. Tim Donut U.S. Ltd.*, 2009 WL 2485992, at *2 (S.D. Ohio 2009); *Keystone Coke Co. v. Pasquale*, No. CIV. A. 97-6074, 1999 WL 46622, at *1 (E.D. Pa. Jan. 7, 1999). Accordingly, ME2C respectfully requests that the present motion be granted.

1

## II.     Defendants' Failure to Justify Delay

Defendants' primary argument is based on the fact that the RC Defendants have filed a potentially dispositive motion.  However, as noted above, that argument is routinely rejected as justification for a stay of discovery.  Simply put, the Federal Rules are intended to "secure the just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.  The mere fact that a party hopes to win the case is not enough to justify indefinite delay.

Moreover, Defendants do not argue that these RC Defendants will avoid participating in the case even if their motions are granted.  Indeed, they may be indemnifying or cost-sharing with the coal plant Defendants, and, at a minimum, they would likely be necessary third-party sources of discovery.  Thus, they can hardly complain about participating in discovery now.

Defendants offer only vague assertions as to how the remaining motions could impact discovery.  For example, they note that some Defendants have moved to dismiss MES Inc. as a party (the majority of Defendants have not joined this motion), and to dismiss a joint liability theory that ME2C explained it never asserted in the first place.  Defendants fail to identify any way in which these issues impact the scope of discovery.  This is unsurprising; they don't.

Defendants also argue that opening discovery could lead to a "fishing expedition." *See Levey v. Brownstone Inv. Group, LLC*, 590 Fed. Appx. 132, 137 (3d Cir. 2014) (expressing concern that a plaintiff could seek discovery outside the scope of its complaint).  But ME2C has not asserted a novel or obscure cause of action.  This is a patent infringement case.  The parties are fully capable of conducting discovery within the scope of ME2C's patent infringement assertions.  At any rate, if Defendants believe that a specific request from ME2C is overly broad, they can seek protection under the Federal Rules.  Defendants offer no authority that a Court

should shut down discovery—in its entirety—merely because a party could possibly serve a request that is overly broad.

Finally, Defendants argue that delay is appropriate in light of COVID-19. While ME2C is certainly sympathetic to the need for accommodations, that is no reason for the parties to sit idle. Indeed, civil actions continue to be litigated in this Court and courts throughout the country. If Defendants need additional time to respond to a request or approve a discovery plan, ME2C will work with Defendants in good faith to accommodate their requests. But, again, vague assertions of hypothetical needs cannot justify indefinite delay.

### III.  The Prejudice to ME2C and the Need for Discovery

With respect to the issue of prejudice, Defendants do not dispute that this is a competitor case. For example, they do not dispute that the products and methods at issue are in direct competition (*compare* Ex. 1. at pgs. 5-6 *with* Exs. 4, 5), nor do they offer any evidence to contradict the testimony offered by ME2C (Ex. 1). While they question whether they have caused the identified competitive harm to ME2C, as opposed to other market participants, they offer no evidence that the market is so large or varied as to justify this excuse. The fact that this is a competitor case weighs strongly against a stay of discovery. *Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, No. CV 14-1192-LPS-CJB, 2015 WL 1737476, at *3 (D. Del. Apr. 9, 2015). Beyond that competitive harm, continued delay may lead to unnecessary disputes. For example, Defendants do not dispute that the John Doe Defendants will likely argue that damages and/or enhancement for willful infringement should not begin until they are formally added to the case.

Because the law and authority mandates that the parties comply with Rule 26(f), and because ME2C will suffer undue prejudice from continued, unnecessary delay in this competitor case, ME2C respectfully requests that the present motion be granted.

Dated:  April 28, 2020                                              Respectfully submitted,

                                           **DEVLIN LAW FIRM LLC**

                                           /s/ James M. Lennon
James M. Lennon (Bar No. 4570)
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

| | |
|---|---|
| **CALDWELL CASSADY CURRY PC** | Bradley W. Caldwell |
| 2101 Cedar Springs Road, Suite 1000 | Texas Bar No. 24040630 |
| Dallas, Texas 75201 | Jason D. Cassady |
| Phone: (214) 888-4848 | Texas Bar No. 24045625 |
| (214) 888-4849 (*fax*) | John Austin Curry |
| bcaldwell@caldwellcc.com | Texas Bar No. 24059636 |
| jcassady@caldwellcc.com | Justin T. Nemunaitis |
| acurry@caldwellcc.com | Texas Bar No. 24065815 |
| jnemunaitis@caldwellcc.com | |

*Attorneys for Plaintiffs*
*Midwest Energy Emissions Corp. and MES Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record have been served with this motion via the Court's CM/ECF system on April 28, 2020.

                                           /s/ Justin Nemunaitis
Justin Nemunaitis