# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MIDWEST ENERGY EMISSIONS CORP.
and MES INC.,

     Plaintiffs,

  v.

VISTRA ENERGY CORP., ET AL.,

     Defendants.

C.A. NO. 1:19-cv-01334-RGA-CJB

JURY TRIAL DEMANDED

## LETTER TO THE HONORABLE CHRISTOPHER J. BURKE FROM JAMES M. LENNON REGARDING THE PARTIES' JOINT SUBMISSION OF CASE SCHEDULING MATERIALS

Dated:  June 19, 2020

**DEVLIN LAW FIRM LLC**
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com
*Attorneys for Plaintiffs Midwest Energy*
*Emissions Corp. and MES Inc.*

**FAEGRE DRINKER BIDDLE**
 **& REATH LLP**
Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com
*Attorneys for Defendants Talen Energy*
*Corporation, Brandon Shores LLC,*
*Talen Generation LLC, and*
*H.A. Wagner LLC*

**MORRIS, NICHOLS, ARSHT**
 **& TUNNELL LLP**
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com
*Attorneys for Defendants*

**RICHARDS, LAYTON & FINGER, P.A.**
Frederick L. Cottrell, III (#2555)
Tyler E. Cragg (#6398)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
cragg@rlf.com
*Attorneys for Defendants Vistra Energy*
*Corp.. Dynegy Miami Fort, LLC, Dynegy*

*AJG Coal, LLC*
*AJG Iowa Refined Coal LLC*
*Arbor Fuels Company, LLC*
*Arthur J. Gallagher & Co.*
*Belle River Fuels Company, LLC*
*Chem-Mod-LLC*
*DTE REF Holdings LLC*
*DTE REF Holdings II LLC*
*Gallagher Clean Energy LLC*
*Joppa Refined Coal LLC*
*Louisa Refined Coal, LLC*
*Portage Fuels Company, LLC*
*Thomas Hill Refined Coal LLC*
*Wagner Coaltech LLC*
*Walter Scott Refined Coal LLC*

*Inc., Dynegy Midwest Generation, LLC,*
*IPH, LLC, and Illinois Power Resources*
*Generating, LLC; and NRG Energy, Inc.,*
*NRG Texas Power LLC, Midwest Generation*
*EME, LLC, and Midwest Generation, LLC*

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Rodger D. Smith II (#3778)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
ccucuzzella@mnat.com
*Attorneys for Defendants*
*AEP Generation Resources Inc.,*
*Southwestern Electric Power Co.,*
*and AEP Texas Inc.*

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
Robert S. Saunders (ID No. 3027)
Jessica R. Kunz (ID No. 5698)
One Rodney Square
P.O. Box 636
Wilmington, DE 19899-0636
(302) 651-3000
rob.saunders@skadden.com
jessica.kunz@skadden.com
*Attorneys for Defendants CERT*
*Coal Holdings LLC, CERT*
*Holdings LLC, CERT Holdings*
*2018, LLC, CERT Operations*
*LLC, CERT Operations II LLC,*
*CERT Operations III LLC,*
*CERT Operations IV LLC,*
*CERT Operations V LLC, and*
*CERT Operations RCB LLC*

June 19, 2020

<u>**VIA CM/ECM**</u>

The Honorable Christopher J. Burke
United States Magistrate Judge
District of Delaware
844 N. King St, Unit 28, Room 2325
Wilmington, DE 19801

                RE:     *Midwest Energy Emissions Corp. et al. v. Vistra Energy Corp. et al. – Case No. 1:19-cv-01334-RGA-CJB*

Dear Judge Burke:

The parties have met and conferred, but have been unable to reach agreement regarding key dates for the case.  The parties respectfully request that the Court resolve their dispute by setting dates for the claim construction hearing, dispositive motion hearing, and trial.

Below are the parties' competing proposed schedules, and brief explanations supporting those proposals:

|  | **Plaintiffs' Proposal** | **Defendants' Proposal** |
|---|---|---|
| **Markman Hearing [D.I. 109 ¶ 14]** | March–April 2021 | Defendants propose June 21-24, June 28-30, or July 7-8, 2021. |
| **Dispositive Motion Hearing [D.I. 109 ¶ 17(b)]** | January–February 2022 | 90 days before the first trial |
| **Trial [D.I. 109 ¶ 22]** | April–May 2022 | September 6-23, 2022; or October 24–November 30, 2022 |

<u>**Plaintiffs' Argument:**</u>

Plaintiffs have asserted patents core to their business of providing mercury capture products and services, and they are suffering ongoing competitive harm from Defendants' infringement. Plaintiffs conservatively propose that the case be set for trial approximately 2 years and ten months after it was filed, and 22 months after the scheduling conference.  Plaintiffs propose a claim construction hearing date consistent with that schedule.  That is not an excessively quick or burdensome time to trial.  In contrast, Defendants propose a trial date that is more than three years past the filing date for this case.  There is no need for this delay.

As stated during the scheduling conference, the parties submitted a proposed scheduling order with placeholder deadlines to be filled in once the key dates had been set.  The parties recognized that the Court has discretion in setting a trial date, and they were prepared to adjust the schedule to meet the Court's preferred trial date.  Indeed, when drafting the proposed scheduling order, the parties specifically considered the possibility that the Court could set key dates much earlier than either side could anticipate.

In short, if Defendants had some pressing need for a three plus year time to trial (which is outside the norm for this district), they should have been up front about that proposal at the scheduling conference. Because they have still not identified a pressing need for this delay, Plaintiffs request that the Court assign key dates consistent with the general practice in this district, and at the Court's convenience.

**Defendants' Argument:**

The parties agreed to the comprehensive case schedule reflected in their joint submission. (D.I. 109). Plaintiffs' current proposal is inconsistent with the dates and timeframes in that heavily negotiated submission. The parties agreed to a "June __, 2021" Markman hearing (D.I. 109, ¶ 14); Plaintiffs would now advance that hearing to March or April 2021, which would necessitate changes to other agreed dates. For example, the parties expressly agreed that final infringement and invalidity contentions would be due 45 days and 90 days, respectively, after the "District Court's issuance of a final Markman Claim Construction order." D.I. 109 ¶ 7(e), (f). Plaintiffs would now shorten these periods and tie them to the Report & Recommendation, which could result in final invalidity contentions due before the final Markman order.

Besides backtracking from the joint schedule, Plaintiffs' proposed trial date in April-May 2022 compresses the timeline for post-Markman events—for a case that has been improperly pled from the outset. *See* D.I. 110. For example, Plaintiffs' proposed schedule could result in expert reports due before claim construction is final. Defendants' proposal, by contrast, is consistent with the parties' negotiations, and would permit the case to proceed in an orderly fashion.

In addition, the Court recommended dismissal of all claims against 24 "CERT-RC" Defendants. D.I. 110. Those defendants believe it appropriate to make clear that these parties are not subject to any of the deadlines in the Proposed Scheduling Order, including without limitation, the Paragraph 1 or Paragraph 7 disclosures, and do not need to respond to any discovery served on them. The CERT-RC Defendants will also seek a stay of the case against them. Accordingly, Defendants' proposal for the scheduling order is conditional as to the CERT-RC Defendants.

Exemplary proposed schedules are further provided below based on possible dates for the key deadlines mentioned above. The parties note that after the Rule 16 conference, the parties met and conferred to resolve the dispute regarding ¶ 16 (Supplementation) in the default scheduling order. With respect to ¶ 16, the parties agreed: "Absent agreement among the parties, and the approval of the Court, Plaintiff must finally supplement the identification of all accused products/processes not later than one week before the deadline for filing the Joint Claim Construction Chart. Within two weeks after filing the Joint Claim Construction Chart, Defendants must supplement the identification of all invalidity references."

| Event | Scheduling Order | Proposed Dates [Ptfs.] | Proposed Dates [Defs.] |
|---|---|---|---|
| Rule 16 conference | 6/15/2020 | 6/15/2020 | 6/15/2020 |

| | | | |
|---|---|---|---|
| Scheduling Order filed | 6/19/2020 | 6/19/2020 | 6/19/2020 |
| Identification of accused products [¶7(a)] | 6/19/2020 | 6/19/2020 | 6/19/2020 |
| Protective Order [¶1] | 7/15/2020 | 7/15/2020 | 7/15/2020 |
| ESI Order [¶1] | 7/15/2020 | 7/15/2020 | 7/15/2020 |
| Initial Disclosures [¶1] | 5 days from scheduling order | 5 days from scheduling order | 5 days from scheduling order |
| Production of core technical docs [¶7(b)] | 7/30/2020 | 7/30/2020 | 7/30/2020 |
| Joinder of parties and amendment of pleadings  [¶2] | 9/25/2020 | 9/25/2020 | 9/25/2020 |
| Joinder of parties and amendment of pleadings — Ineq Conduct [¶2] | 5/15/2021 | 5/15/2021 | 5/15/2021 |
| Infringement contentions [¶7(c)] | 8/28/2020 | 8/28/2020 | 8/28/2020 |
| Invalidity contentions [¶7(d)] | 10/1/2020 | 10/1/2020 | 10/1/2020 |
| Substantial completion of documents | 1/15/2021 | 1/15/2021 | 1/15/2021 |
| Parties exchange  proposed  claim constructions and  intrinsic/extrinsic evidence  [¶12(a)] | Later of: (i) 30 days from initial invalidity contentions or (ii) 150 days before CC hearing | 11/1/2020 | 1/22/2021 |
| Plaintiff's supplementation of accused products [¶16] | One week before the deadline for filing the Joint Claim Construction Chart. | 11/8/2020 | 1/29/2021 |
| Tech Tutorial and Joint CC Chart Filed [¶11, 12(a)] | 14 days after CC Identification | 11/15/2020 | 2/5/2021 |
| Defendant's final ID of invalidity references [¶16] | Two weeks after the deadline for filing the Joint Claim Construction Chart | 11/30/2020 | 2/19/2021 |

| | | | |
|---|---|---|---|
| Opening CC Brief (Ptf) [¶13] | 28 days after CC Chart Filed | 12/8/2020 | 3/5/2021 |
| Response CC Brief (Defs) [¶13] | 28 days after opening CC brief | 1/5/2021 | 4/2/2021 |
| Reply CC Brief (Ptf) [¶13] | 14 days after response CC brief | 1/19/2021 | 4/16/2021 |
| Sur-reply CC Brief (Ptf) [¶13] | 14 days after reply CC brief | 2/2/2021 | 4/30/2021 |
| Joint CC Brief filed [¶13] | 7 days after Sur-Reply CC brief | 2/9/2021 | 5/7/2021 |
| Markman Hearing | To be Set by Court | 4/1/2021 | 6/21/2021 |
| Markman R&R (expected) | ~ 60 days after hearing | 6/1/2021 | 8/20/2021 |
| Interim Status Report [¶15] | 1/22/2021 | 1/22/2021 | 1/22/2021 |
| Final Markman Order (Judge Andrews) (estimated) | ~30 days after R&R | 7/1/2021 | 9/19/2021 |
| Final Infringement Contentions [¶7(e)] | 45 days from J. Andrew's Final Markman Order | 8/1/2021 | 11/3/2021 |
| Final Invalidity Contentions [¶7(f)] | 90 days from J. Andrews' Final Markman Order | 9/1/2021 | 12/18/2021 |
| Fact Discovery cut off [¶8(a)] | 28 days before deadline to exchange opening expert reports | 9/4/2021 | 1/11/2022 |
| Opening Expert Reports [¶8(g)(i)] | (i) 30 days from final invalidity contentions, (ii) 210 days before trial | 10/1/2021 | 2/8/2022 |
| Rebuttal Expert Reports [¶8(g)(i)] | 28 days after opening expert reports | 10/28/2021 | 3/8/2022 |
| Reply Expert Reports [¶8(g)(i)] | 21 days after rebuttal expert reports | 11/17/2021 | 3/29/2022 |

| Expert Discovery Cutoff [¶8(g)(i)] | 28 days after reply expert reports | 12/7/2021 | 4/26/2022 |
|---|---|---|---|
| Deadline for Dispositive Motions and Dauberts [¶17] | 14 days after expert discovery cutoff | 12/21/2021 | 5/10/2022 |
| Response briefs on Dispositive Motions and Dauberts | Local rule: 14 days after motion/daubert filing | 1/4/2022 | 5/24/2022 |
| Reply Briefs on MSJ and Dauberts | Local rule: 7 days after responsive briefs | 1/11/2022 | 5/31/2022 |
| MSJ and Daubert Hearing [¶17(b)] | 90 days before trial | 2/1/2022 | 6/8/2022 |
| Pretrial Conference | 21 days before trial | 4/1/2022 | 8/16/2022 |
| Trial – Defendants contend that more than one trial may be necessary | To be Set by Court | 4/21/2022 | 9/6/2022 |

Respectfully,

/s/ James M. Lennon

James M. Lennon (No. 4570)

cc:    Clerk of the Court (via CM/ECF)
       Counsel of Record (via CM/ECF)