IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | |
| Plaintiffs, | C.A. No. 19-1334-RGA-CJB |
| v. | |
| VISTRA ENERGY CORP. et al., | |
| Defendants. | |

## UNOPPOSED MOTION SEEKING CLARIFICATION

On June 18, 2020 the Court issued a Report and Recommendation regarding the Defendants' motions to dismiss certain claims brought by Midwest Emissions Corp. and MES Inc. (together, "Plaintiffs") against more than 40 defendants (D.I. 110, the "RR"). Among the many allegations, Plaintiffs asserted claims of joint and several liability and induced infringement against Vistra Energy Corp., IPH, LLC, Dynegy Inc., Illinois Power Resources Generating, LLC, Dynegy Midwest Generation LLC and Dynegy Miami Fort, LLC (collectively, the "Vistra Defendants"), NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME, LLC and Midwest Generation, LLC (collectively, the "NRG Defendants"), Talen Energy Corporation, Brandon Shores LLC, Talen Generation LLC and H.A. Wagner LLC (collectively, the "Talen Defendants"). The Vistra Defendants and Talen Defendants separately moved to dismiss the claims of joint and several liability and induced infringement and to dismiss MES Inc. as a plaintiff for lack of standing. D.I.s 45 and 49. The NRG Defendants joined these two motions to dismiss and requested that the identical claims brought against the NRG Defendants also be dismissed. D.I.s 47 and 53. In its RR the Court granted the Vistra Defendants and Talen Defendants' motions on induced infringement and on MES Inc.'s standing. D.I. 110. This

motion merely seeks to clarify that the same claims brought against the NRG Defendants have been dismissed.[1]

On July 17, 2019, Plaintiffs filed a complaint for patent infringement that alleged, among other things, that the Vistra Defendants, Talen Defendants and NRG Defendants induce their coal plant owning subsidiaries to infringe the patents-in-suit and that "[a]t least Defendants Vistra, NRG, and Talen have owned and/or operated Accused Coal Plants using Chem-Mod products to directly infringe the patents-in-suit and thus they are jointly, severally, and/or in the alternative liable with Chem-Mod with respect to those plants." D.I. 1 ¶¶ 150, 174.

In response to the Complaint, the Vistra Defendants filed a partial motion to dismiss Plaintiffs' claims of joint and several liability and induced infringement for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and to dismiss plaintiff MES Inc. for failure to plead it is a patentee. D.I. 45. The Talen Defendants also moved for partial dismissal of the Complaint seeking to dismiss the "Plaintiffs' claims against Talen for inducement of infringement and willful infringement, dismiss the claim that Vistra, NRG, and Talen are jointly and severally liable with each other, and dismiss all claims brought by plaintiff MES Inc. because MES is not a "patentee" under 35 U.S.C. § 281." D.I. 49.

The NRG Defendants filed notices of joinder to both motions to dismiss. D.I. 47, 53. In joining the Vistra Defendants' motion to dismiss, the NRG Defendants incorporated by reference the factual and legal arguments in the Vistra Defendants' Motion to Dismiss and requested that the Court "dismiss ME2C's claims for joint and several liability and induced infringement and dismiss Plaintiff MES Inc. from the Complaint under Fed. R. Civ. P. 12(b)(6)." D.I. 47. In

---

[1] The NRG Defendants contacted Plaintiffs through oral and written correspondence regarding clarifying that the NRG Defendants' joinder motions were also granted. Plaintiffs stated that they did not oppose the NRG Defendants seeking clarification from the Court.

joining the Talen Defendants' Motion to Dismiss the NRG Defendants stated that "the Complaint fails to assert that NRG jointly infringed the Asserted Patents, induced others to directly infringe the Asserted Patents, or contributorily infringed the Asserted Patents" and requested "that this Court dismiss ME2C's claims for joint and several liability and dismiss Plaintiff MES Inc. from the Complaint and dismiss ME2C's claim for induced infringement under Fed. R. Civ. P. 12(b)(6)."[2] D.I. 53.

In its RR, the Court recommended, *inter alia*, that Defendants' Motions be: "(1) granted with respect to Plaintiffs' induced infringement claims against the Vistra and Talen Defendants; (2) granted with respect to the Vistra Defendants' and Talen Defendants' assertion that Plaintiff MES should be dismissed for failing to plausibly allege that it is a "patentee" under 35 U.S.C. § 281; (3) granted with respect to Plaintiffs' claims of willful infringement against the Talen Defendants; (4) denied as moot with respect to the Vistra Defendants and the Talen Defendants' assertion that Plaintiffs failed to adequately plead joint and several liability among the Vistra Defendants, the Talen Defendants and the NRG Defendants; and (5) granted with respect to Plaintiffs' claims of induced infringement, contributory infringement, willful infringement and joint infringement against the CERT Defendants and the Moving Refined Coal Defendants." D.I. 110.

In the RR, the Court acknowledged the joinders filed by the NRG Defendants (D.I. 110 n.1) and explicitly mentioned the NRG Defendants in its ruling on the claims for joint and several liability. *Id.* The ruling regarding the claims for induced infringement, however, was not explicit as to whether the Court recommended granting the relief requested by the NRG Defendants. The

---

[2] The NRG Defendants did not join the Talen Defendants' request to dismiss Plaintiffs' claims of willful infringement.

3

ruling also failed to explicitly state whether MES's claims against NRG should be dismissed because MES is not a patentee. Therefore, the NRG Defendants now seek clarification from the Court on whether the claims for induced infringement brought against the NRG Defendants are dismissed and whether the claims brought against the NRG Defendants are dismissed because MES is not a patentee. Plaintiffs do not oppose this request for clarification.

The NRG Defendants respectfully request that the Order attached hereto be entered.

| | |
|---|---|
| OF COUNSEL: | /s/ Frederick L. Cottrell, III |
| | Frederick L. Cottrell, III (#2555) |
| Paul R. Morico | Tyler E. Cragg (#6398) |
| Elizabeth Durham Flannery | RICHARDS, LAYTON & FINGER, PA |
| Ali Dhanani | One Rodney Square |
| Thomas B. Carter, Jr. | 920 N. King Street |
| BAKER BOTTS L.L.P. | Wilmington, DE 19801 |
| One Shell Plaza | (302) 651-7700 |
| 910 Louisiana Street | cottrell@rlf.com |
| Houston, TX 77002 | cragg@rlf.com |
| (713) 229-1234 | |
| paul.morico@bakerbotts.com | *Attorneys for Defendants NRG Energy, Inc.,* |
| liz.flannery@bakerbotts.com | *NRG Texas Power LLC, Midwest Generation* |
| ali.dhanani@bakerbotts.com | *EME, LLC, and Midwest Generation, LLC* |
| thomas.carter@bakerbotts.com | |

Dated: June 23, 2020