IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 19-1334 (RGA) (CJB) ) |
| VISTRA ENERGY CORP., *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

**JOINT OPENING BRIEF IN SUPPORT OF THE RC DEFENDANTS, THE REFINED COAL LLC DEFENDANTS, AND THE CERT DEFENDANTS' MOTION TO STAY PROCEEDINGS AND MOTION FOR INTERIM STAY PENDING RESOLUTON OF THE MOTION TO STAY**

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Jack B. Blumenfeld (#1014)<br>Brian P. Egan (#6227)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>began@mnat.com | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>Robert S. Saunders (#3027)<br>Jessica R. Kunz (#5698)<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, Delaware  19899<br>(302) 651-3000<br>rob.saunders@skadden.com<br>jessica.kunz@skadden.com |
| *Attorneys for the RC Defendants and the Refined Coal LLC Defendants* | *Attorneys for CERT Defendants* |
| OF COUNSEL:<br><br>Richard W. Mark<br>Joseph Evall<br>Paul J. Kremer<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY  10166-0193<br>(212) 351-4000 | OF COUNSEL<br><br>Douglas R. Nemec<br>Leslie A. Demers<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, New York 10001<br>(212) 735-3000 |

June 25, 2020

The CERT Defendants, Refined Coal LLC Defendants, and RC Defendants (collectively, the "Refined Coal Defendants"), who together comprise 24 of the 43 Named Defendants in this action, submit this brief in support of their Joint Motion to Stay, which seeks a stay of all case activity involving those Defendants, and continuing unless Plaintiffs are able to state a viable claim against those Defendants.[1] The Refined Coal Defendants also seek a temporary stay pending adjudication of their Motion.

**Background**

By Complaint filed July 17, 2019, Plaintiffs asserted patent infringement claims against 43 largely disparate defendants. The Complaint asserts that 19 "Coal Plant Defendants" directly infringe the two patents-in-suit. The Complaint separately asserts that the 24 Refined Coal Defendants are liable for contributory and induced infringement of the patents. The Refined Coal Defendants moved to dismiss all claims against them pursuant to Fed. R. Civ. P. 12(b)(6). D.I. 48, 55. On May 27, 2020, the Court held oral argument on the Refined Coal Defendants' motions and on the other pending motions. At the end of oral argument, the Court referenced the Rule 26 Conference scheduled for June 15 and stated that if these motions to dismiss were resolved in advance of that conference, the Court would "certainly be talking to the parties . . . about how and whether we go forward with our case schedule. For now I'll just have to say that that discussion will just be informed by what happens with the motions." D.I. 108 at 105:19 – 106:2.

The parties held Rule 16 discussions and exchanged drafts of a proposed case schedule to prepare for the Rule 26 Conference on June 15. As is the norm for case schedules in this District, the Amended Proposed Case Schedule, filed before the Rule 26 Conference, would impose significant obligations on the Refined Coal Defendants in short order, including submission of Fed. R. Civ. P. 26(f) disclosures within five days of any final scheduling order (D.I. 109, ¶ 1), and Delaware Default Standard Paragraph 4 disclosures, including Paragraph 4(b) disclosures by July 30, 2020 (*Id.*, ¶ 7(b)). During the Rule 26 Conference, the Court raised the issue of a potential stay of the case depending on the outcome of the motions to dismiss:

> As I mentioned I think earlier in the case, I know that depending on what the Court's decisions are there, some or all of the defendants may wish to move to stay the case as to them. . . .
>
> [I]f there are defendants as to whom in light of my decisions on the R&Rs currently the[y] have all claims against them standing dismissed, those are defendants who I would expect might well seek to stay the case against them, even if, as would be the case, plaintiff is given the opportunity to amend the complaint against them. And I think my presumption would be that if after I issued the R&Rs, there is a defendant or set of defendants for whom all claims against them currently stand dismissed, the presumption is that if asked to stay the case against them, I likely will do that . . . [M]y presumption probably going in is if you're a defendant and then after my R&R is issued you currently

---

[1] Pursuant to the Court's directives, *see, e.g.*, 6/15/20 Sched. Conf. Tr. at 24:23-27:14, and the parties' June 23, 2020 Stipulation (D.I. 118, So Ordered 6/24/20), this brief is not subject to the briefing format requirements of D. Del. LR 7.1.3, but is otherwise limited to four single-spaced pages in length.

>have no pending claims moving forward against you, my strong presumption is going to be that the case against that defendant will be stayed if they ask for it.

(6/15/20 Sched. Conf. Tr. at 24:2-25:24). The Court requested that any defendant desiring a stay after the Report & Recommendation should meet and confer with Plaintiffs on an expedited briefing Schedule. *Id.* at 24:23-27:14. After the Rule 26 Conference, Plaintiffs served extensive discovery on the Refined Coal Defendants, including dozens of interrogatories and requests for production. D.I. 111, 113, 114.

On June 18, 2020, the Court issued a Report & Recommendation ("R&R", D.I. 110) setting out the standards that Plaintiffs failed to meet in their claims for indirect infringement, and concluding that the Complaint states no claim for relief against the Refined Coal Defendants under any of the pleaded theories. (D.I. 110 at 23). The Court also concludes that any joint infringement claim fails because the theory itself was not pleaded in any count of the Complaint and because the allegations directed to that theory are insufficient. *Id*. at 21-22. The R&R recommends dismissal of all claims against the Refined Coal Defendants, and that Judge Andrews enter an order giving Plaintiffs fourteen days to file an amended complaint, if they wish to do so. *Id*. at 22-23.

On June 19, 2020, after the R&R, Plaintiffs served their Default Standard Paragraph 4(a) disclosures. D.I. 116. Their disclosures provide no more specificity than their Complaint as to the accused processes or products or allegedly infringing act(s) of each of the 24 Refined Coal Defendants. Indeed, they make no effort to address any of the deficiencies in their allegations of infringement that led to the Court's recommendation that the claims be dismissed. For these and other reasons, the Refined Coal Defendants are skeptical that Plaintiffs will be able to state any viable infringement claim against them if given the opportunity to replead.

At the June 23, 2020 meet-and-confer regarding this Motion, Plaintiffs agreed to the truncated briefing schedule proposed by the Court. D.I. 118. But despite the Court's "**strong presumption**" to enter a stay of the case against the Refined Coal Defendants, Plaintiffs stated that they would oppose the requested stay, citing only their perception that permitting the case to proceed against one set of defendants while being stayed as to another would create logistical challenges.

**Discussion**

Courts in this District "typically consider[ ] three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage." *Kaavo Inc. v. Cognizant Tech. Sol's Corp.*, C.A. Nos. 14-1192-LPS-CJB, 14-1193-LPS-CJB, 2015 WL 1737476, at *1 (D. Del. Apr. 9, 2015). Each factor militates in favor of the proposed stay.

First, the stay would simplify the issues to be prepared for trial. The theories Plaintiffs pleaded against the Refined Coal Defendants are distinct from those pleaded against the Coal Plant Defendants (some of which were not even challenged on motion), and the R&R treats them separately and recommends that they all be dismissed. Continuing litigation of the dismissed claims would complicate the proceedings by condoning discovery—and requiring disclosures

and submissions—from two dozen dismissed entities regarding facts and issues that do not relate to any viable claim. Indeed, the Court's recommendation of complete dismissal almost ensures that any discovery or submissions involving those claims "will be a pure waste." *Yodlee, Inc. v. Plaid Tech. Inc.*, C.A. No. 14-1445-LPS-CJB, D.I. 57 at 4 (D. Del. Jul. 31, 2015). If Plaintiffs choose to file an amended pleading and it is upheld as against the Refined Coal Defendants, then the litigation can focus on the resulting narrower set of appropriate issues and proper parties.

Second, the early status of this litigation favors a stay. When the Court issued the R&R of dismissal against the Refined Coal Defendants, there were no document productions, no interrogatory responses, no depositions, and no claim construction charts or briefing, and only four of the 43 defendants had even answered. Indeed, the only discovery requests were those with extensive demands by Plaintiffs served *after* this Court announced that it would entertain an expedited stay motion by parties whose claims were recommended for dismissal. *See* D.I. 111-114 (notices of service of Plaintiffs' discovery requests). Likewise, the only disclosures to date—Plaintiffs' Paragraph 4(a) initial contentions (D.I. 116)—were served *after* the R&R. Providing even less detail about Plaintiffs' claims than their Complaint, the disclosures do not advance the litigation and do not reflect any effort to remedy the deficiencies identified in the R&R. In sum, there has been no activity in the case that would warrant the extraordinary circumstance of allowing discovery of the Refined Coal Defendants in the absence of a viable claim.

Third, the stay would not prejudice Plaintiffs. During the telephonic meet-and-confer prior to the filing of this motion, Plaintiffs expressed concern that if they continued litigating against the other 19 defendants, while litigation was stayed with respect to the differently situated Refined Coal Defendants, the litigation against such defendants would fall behind. If that is a problem, it is both speculative and of Plaintiffs' own making. It would be manifestly unfair to subject all 24 Refined Coal Defendants to discovery and litigation in the absence of viable claims simply because the Plaintiffs chose to include Coal Plant Defendants and allegations of direct infringement in the same lawsuit. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery . . . ."). Allowing Plaintiffs to claim prejudice and move forward with non-existent claims against the Refined Coal Defendants would create a skewed incentive for plaintiffs to weave unrelated parties into single large cases—encouraging violation of the spirit, and language, of 35 U.S.C. § 299.

The Refined Coal Defendants would suffer significant prejudice if the requested stay is denied. They would have to make extensive disclosures and comply with onerous discovery demands (indeed, the Proposed Scheduling Order contemplates 350 hours of fact depositions), all without knowing what, exactly, each is accused of that could give rise to liability.

## Conclusion

The Refined Coal Defendants request that this Court stay all proceedings against them unless and until the Court determines that Plaintiffs have satisfied their obligation of stating a viable claim for relief against them. Because the relief sought would be mooted in part if the Refined Coal Defendants were forced to participate in discovery and provide disclosures or make submissions while this Motion is pending before the Court, the Refined Coal Defendants request that the Court suspend any obligation to respond to discovery served by Plaintiffs, or to make any disclosures or submissions, while this motion is pending.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT &TUNNELL LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| /s/ *Brian P. Egan* | /s/ *Jessica R. Kunz* |

| | |
|---|---|
| Jack B. Blumenfeld (#1014) | Robert S. Saunders (#3027) |
| Brian P. Egan (#6227) | Jessica R. Kunz (#5698) |
| 1201 North Market Street | One Rodney Square |
| P.O. Box 1347 | P.O. Box 636 |
| Wilmington, DE  19899 | Wilmington, Delaware  19899 |
| (302) 658-9200 | (302) 651-3000 |
| jblumenfeld@mnat.com | rob.saunders@skadden.com |
| began@mnat.com | jessica.kunz@skadden.com |
| | |
| *Attorneys for the RC Defendants and the Refined Coal LLC Defendants* | *Attorneys for CERT Defendants* |
| | OF COUNSEL |
| OF COUNSEL: | |
| | Douglas R. Nemec |
| Richard W. Mark | Leslie A. Demers |
| Joseph Evall | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| Paul J. Kremer | One Manhattan West |
| GIBSON, DUNN & CRUTCHER LLP | New York, New York 10001 |
| 200 Park Avenue | (212) 735-3000 |
| New York, NY  10166-0193 | |
| (212) 351-4000 | |

June 25, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 25, 2020, upon the following in the manner indicated:

| | |
|---|---|
| James M. Lennon, Esquire<br>DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, DE  19806<br>*Attorneys for Plaintiffs* | VIA ELECTRONIC MAIL |
| Bradley W. Caldwell, Esquire<br>Jason D. Cassady, Esquire<br>John Austin Curry, Esquire<br>Justin T. Nemunaitis, Esquire<br>CALDWELL CASSADY CURRY PC<br>2010 Cedar Springs Road, Suite 1000<br>Dallas, TX  75201<br>*Attorneys for Plaintiffs* | VIA ELECTRONIC MAIL |
| Frederick L. Cottrell, III, Esquire<br>Tyler E. Cragg, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendants NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME, LLC, Midwest Generation, LLC, Vistra Energy Corp. Dynegy Miami Fort, LLC, Dynegy Inc., Dynegy Midwest Generation, LLC, IPH, LLC, and Illinois Power Resources Generating, LLC* | VIA ELECTRONIC MAIL |

Timothy S. Durst, Esquire
Douglas M. Kubehl, Esquire
Christa Brown-Sanford, Esquire
Megan LaDriere, Esquire
Mark Johnson, Esquire
BAKER BOTTS, L.L.P.
2001 Ross Avenue, Suite 900
Dallas, TX  75201
*Attorneys for Defendants NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME, LLC, Midwest Generation, LLC, Vistra Energy Corp. Dynegy Miami Fort, LLC, Dynegy Inc., Dynegy Midwest Generation, LLC, IPH, LLC, and Illinois Power Resources Generating, LLC*

VIA ELECTRONIC MAIL

Francis DiGiovanni, Esquire
Thatcher A. Rahmeier, Esquire
DRINKER BIDDLE & REATH LLP
222 Delaware Avenue, Suite 1410
Wilmington, DE  19801
*Attorneys for Defendants Talen Energy Corporation, Brandon Shores LLC, Talen Generation LLC and H.A. Wagner LLC*

VIA ELECTRONIC MAIL

*/s/ Brian P. Egan*

Brian P. Egan (#6227)

2