IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | ) ) ) |
| Plaintiffs, | ) ) ) C.A. No. 19-1334 (RGA) (CJB) |
| v. | ) ) |
| VISTRA ENERGY CORP., *et al.*, | ) ) |
| Defendants. | ) |

**JOINT REPLY BRIEF IN FURTHER SUPPORT OF THE RC DEFENDANTS, THE REFINED COAL LLC DEFENDANTS, AND THE CERT DEFENDANTS' MOTION TO STAY PROCEEDINGS AND MOTION FOR INTERIM STAY PENDING RESOLUTION OF THE MOTION TO STAY**

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT &TUNNELL LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| Jack B. Blumenfeld (#1014) | Robert S. Saunders (#3027) |
| Brian P. Egan (#6227) | Jessica R. Kunz (#5698) |
| 1201 North Market Street | One Rodney Square |
| P.O. Box 1347 | P.O. Box 636 |
| Wilmington, DE 19899 | Wilmington, Delaware 19899 |
| (302) 658-9200 | (302) 651-3000 |
| jblumenfeld@mnat.com | rob.saunders@skadden.com |
| began@mnat.com | jessica.kunz@skadden.com |
| *Attorneys for the RC Defendants and the Refined Coal LLC Defendants* | *Attorneys for CERT Defendants* |
| OF COUNSEL: | OF COUNSEL: |
| Richard W. Mark | Douglas R. Nemec |
| Joseph Evall | Leslie A. Demers |
| Paul J. Kremer | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| GIBSON, DUNN & CRUTCHER LLP | One Manhattan West |
| 200 Park Avenue | New York, New York 10001 |
| New York, NY 10166-0193 | (212) 735-3000 |
| (212) 351-4000 | |

July 9, 2020

Plaintiffs' opposition to the Refined Coal Defendants' Joint Motion to Stay[1] rests entirely on their assertion that their proposed First Amended Complaint ("FAC") will "overcome the deficiencies recited in the R&R." D.I. 125 at 2 and Ex. 1. The Refined Coal Defendants disagree that the proposed FAC states a claim against them, but that question should be addressed on Rule 12 motion practice, and not in the context of this request for a limited stay. Nothing in Plaintiffs' opposition upsets the argument, set forth in Defendants' opening brief, that the *Kaavo* factors militate in favor of a stay.

Addressing the first *Kaavo* factor, efficiency, Plaintiffs mischaracterize the pending motion as requesting an "indefinite stay." D.I. 125 at 5. The Refined Coal Defendants, however, only seek a stay until such time as the Court determines that Plaintiffs have stated a claim against them. Plaintiffs argue that a stay "has the potential to destroy" the "efficiencies" of a "consistent schedule" among all the parties. *Id.* That assertion presumes proper parties and viable claims; Plaintiffs failed at that task once, and their proposed amendment has yet to be tested. Moreover, Plaintiffs' stated interest in "efficiencies" flowing from a "consistent schedule" may readily be met by briefly postponing relevant activities until the Court determines, on motion, whether Plaintiffs state any viable claims against the Refined Coal Defendants.

Plaintiffs' sudden interest in "efficiency" (which they present as a synonym for "speed") contrasts sharply with their litigation to date. The Refined Coal Defendants' moving papers, filed in September 2019, put Plaintiffs on notice about the deficiencies in their Complaint—including defects as glaring as their failure to include allegations of joint infringement in their enumerated counts while apparently intending to pursue that legal theory. Plaintiffs could have attempted to address those deficiencies by amendment, but elected instead to complete the motion process. Likewise, rather than introduce their claims based on three more patents by amending as of right, or even mention the patents in Rule 26 discussions with defendants, or in Rule 16 scheduling presentations to the Court, Plaintiffs advocated for a schedule premised on a two-patent case and now seek to shoehorn their proposed five-patent case into that schedule. In short, Plaintiffs predicate their entire "efficiency" argument on their purported need, despite their own substantial delays, to maintain an aggressive schedule that was negotiated under superseded assumptions, and to maintain that schedule despite adding patents to the case. It would promote the efficient use of judicial and party resources to determine the claims and parties first.

On the second factor, Plaintiffs acknowledge that "this case is in the early stages," but would give that consideration no weight because "the Court has provided a trial date." D.I. 125 at 5. But Plaintiffs got that trial date based on a schedule that the parties negotiated for a case with two patents (not five), and Plaintiffs participated in the Court's Rule 26 conference without disclosing their case-enlargement plan. Plaintiffs caution that a stay would result in "substantial complications and duplicative efforts from the parties," by "[b]ifurcating the Defendants" for purposes such as claim construction and contentions. *Id.* But there would be no prospect of such bifurcation or duplication if the case proceeded to claim construction and contentions after the legal claims and parties are determined. The greater risk of "complications" and "duplicative efforts" would derive from forcing 24 defendants to litigate claims that are not viable.

---

[1] Plaintiffs' opposition did not contest the Refined Coal Defendants' motion for an interim stay, which should be entered pending adjudication of the motion to stay. (D.I. 119 at 5). The Refined Coal Defendants have continued to participate in case planning—e.g., negotiations on the Protective Order, ESI Order, and case schedule—notwithstanding the stay motion.

For the third factor, Plaintiffs argue that they would suffer prejudice because "ME2C is a practicing entity that has attempted to compete with the Refined Coal companies that are severely undercutting MAC's business model by infringing the patents-in-suit." D.I. 125 at 4. That "business model" appears to involve selling commodity chemicals. *Id*. at 2-3 (citing D.I. 97-1). As evidence, Plaintiffs cite a declaration asserting only that certain unnamed, unspecified "refined coal companies have provided bromine additives to various coal plants at deflated prices." D.I. 97-1, ¶ 6. But there is no evidence—by declaration or otherwise—that such "refined coal companies" include *any* Refined Coal Defendant named in this action; that *any* sale relates to claims in this action; or that *any* such acts occurred after the patents-in-suit issued.

Plaintiffs' claim of competition rings especially hollow because all five patents are directed to burning bromine-enriched coal and subsequently treating the emissions with activated carbon—and neither bromine nor the bromine chemicals are patented, and the sale of bromine does not directly or indirectly infringe the patents. Plaintiffs do not claim that the Refined Coal Defendants market or provide the dual bromine/activated carbon systems that are the subject of Plaintiffs' patented technology. Indeed, as noted in the R&R—which Plaintiffs did not challenge—the accusations against the Refined Coal Defendants relate to bromine and bromine-enriched coal. Finally, Plaintiffs cite no evidence that they can or would compete in what they allege is the Refined Coal Defendants' business—obtaining tax credits under IRC Section 45 by making and selling refined coal in a manner that satisfies that the tax code requirements. In short, this motion record has no competent evidence that Plaintiffs and the Refined Coal Defendants are competitors, and any "competition" prejudice during the proposed stay would be entirely speculative and de minimis.

In addition to "competition," Plaintiffs also assert prejudice based on a series of hypothetical events that would purportedly delay their efforts to "identify[] the remaining John Doe Defendants." D.I. 125 at 5. That assertion is speculative and unsupported, the prejudice would be de minimis, and the entire scenario reflects a problem of Plaintiffs' own making.

Plaintiffs conclude that "a stay would be beneficial only if the refined coal Defendants ultimately prevail dismissing all claims against them with prejudice," but deride that outcome as "highly unlikely to occur." *Id.* Plaintiffs' premise is wrong. Winnowing any or all of the 24 Refined Coal Defendants, and any or all of the claims of induced, contributory, and joint infringement against each, would dramatically simplify the case. Likewise, Plaintiffs' confidence in their proposed FAC is misplaced. A brief review reveals that, like its predecessor, the proposed FAC is riddled with significant flaws. For example, Plaintiffs improperly lump together dozens of Refined Coal defendants and make blanket, conclusory assertions about them, even in regard to such subjects as joint enterprise or putative direction and control. *See Id.* at 3-4 (quoting allegations from proposed FAC that group defendants). And Plaintiffs pin so much hope on a single, 2009 contract that purportedly "***specifically obligates the coal plant to use the received coal only for combustion at the plant using activated carbon***" that they attached it to their opposition brief. *Id.* at 4 (emphasis in original). Plaintiffs' description of the contract is misleading. Nothing cited from it, and nothing in it, obligates the plant to use refined coal with activated carbon, or even to use activated carbon at all.

The Refined Coal Defendants request that the case against them be stayed so that they can move to dismiss the FAC—if and when it is filed—in its entirety, and so that the Court can determine which—if any—claims may proceed against which, if any, defendants, and the resulting case can proceed efficiently.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| */s/ Brian P. Egan* | */s/ Jessica R. Kunz* |
| Jack B. Blumenfeld (#1014)<br>Brian P. Egan (#6227)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>began@mnat.com | Robert S. Saunders (#3027)<br>Jessica R. Kunz (#5698)<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, Delaware  19899<br>(302) 651-3000<br>rob.saunders@skadden.com<br>jessica.kunz@skadden.com |
| *Attorneys for the Refined Coal Defendants and the Refined Coal LLC Defendants* | *Attorneys for CERT Defendants* |
| OF COUNSEL:<br><br>Richard W. Mark<br>Joseph Evall<br>Paul J. Kremer<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY  10166-0193<br>(212) 351-4000 | OF COUNSEL:<br><br>Douglas R. Nemec<br>Leslie A. Demers<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, New York 10001<br>(212) 735-3000 |

July 9, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 9, 2020, upon the following in the manner indicated:

| | |
|---|---|
| James M. Lennon, Esquire<br>DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, DE  19806<br>*Attorneys for Plaintiffs* | VIA ELECTRONIC MAIL |
| Bradley W. Caldwell, Esquire<br>Jason D. Cassady, Esquire<br>John Austin Curry, Esquire<br>Justin T. Nemunaitis, Esquire<br>CALDWELL CASSADY CURRY PC<br>2010 Cedar Springs Road, Suite 1000<br>Dallas, TX  75201<br>*Attorneys for Plaintiffs* | VIA ELECTRONIC MAIL |
| Frederick L. Cottrell, III, Esquire<br>Tyler E. Cragg, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendants NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME, LLC, Midwest Generation, LLC, Vistra Energy Corp. Dynegy Miami Fort, LLC, Dynegy Inc., Dynegy Midwest Generation, LLC, IPH, LLC, and Illinois Power Resources Generating, LLC* | VIA ELECTRONIC MAIL |

| | |
|---|---|
| Timothy S. Durst, Esquire<br>Douglas M. Kubehl, Esquire<br>Christa Brown-Sanford, Esquire<br>Megan LaDriere, Esquire<br>Mark Johnson, Esquire<br>BAKER BOTTS, L.L.P.<br>2001 Ross Avenue, Suite 900<br>Dallas, TX  75201<br>*Attorneys for Defendants NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME, LLC, Midwest Generation, LLC, Vistra Energy Corp. Dynegy Miami Fort, LLC, Dynegy Inc., Dynegy Midwest Generation, LLC, IPH, LLC, and Illinois Power Resources Generating, LLC* | *VIA ELECTRONIC MAIL* |
| Francis DiGiovanni, Esquire<br>Thatcher A. Rahmeier, Esquire<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>222 Delaware Avenue, Suite 1410<br>Wilmington, DE  19801<br>*Attorneys for Defendants Talen Energy Corporation, Brandon Shores LLC, Talen Generation LLC and H.A. Wagner LLC* | *VIA ELECTRONIC MAIL* |
| Rodger D. Smith II, Esquire<br>Lucinda C. Cucuzzella, Esquire<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>*Attorney for Defendants AEP Generation Resources Inc., Southwestern Electric Power Co. and AEP Texas Inc.* | *VIA ELECTRONIC MAIL* |
| Randall E. Mehrberg, Esquire<br>Terri L. Mascherin, Esquire<br>Aaron A. Barlow, Esquire<br>JENNER & BLOCK LLP<br>353 North Clark Street,<br>Chicago, IL  60654-3456<br>*Attorney for Defendants AEP Generation Resources Inc., Southwestern Electric Power Co. and AEP Texas Inc.* | *VIA ELECTRONIC MAIL* |

Adam G. Unikowsky, Esquire            *VIA ELECTRONIC MAIL*
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC  20001-4412
*Attorney for Defendants AEP Generation*
*Resources Inc., Southwestern Electric Power Co.*
*and AEP Texas Inc.*

                                            */s/ Brian P. Egan*
                                          Brian P. Egan (#6227)