SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE RODNEY SQUARE
P.O. BOX 636
WILMINGTON, DELAWARE 19899-0636
———
TEL: (302) 651-3000
FAX: (302) 651-3001
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
(302) 651-3170
DIRECT FAX
(302) 574-3170
EMAIL ADDRESS
Rob.Saunders@Skadden.com

July 24, 2020

*VIA ELECTRONIC FILING*

The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street, Room 2325, Unit 28
Wilmington, DE 19801-3555

    RE:    *Midwest Energy Emissions Corp. et al. v. Vistra Energy Corp. et al.*,
              C.A. No. 1:19-cv-01334-RGA-CJB

Dear Judge Burke:

    Plaintiffs and certain defendants (CERT Defendants[1], RC Defendants, and the Refined Coal LLC Defendants[2]) in the above-referenced matter have met and

---

[1] The "CERT Defendants" include CERT Coal Holdings LLC, CERT Holdings LLC, CERT Holdings 2018, LLC, CERT Operations LLC, CERT Operations II LLC, CERT Operations III LLC, CERT Operations IV LLC, CERT Operations V LLC, and CERT Operations RCB LLC.

[2] The "RC Defendants" include Defendants Arthur J. Gallagher & Co., Gallagher Clean Energy, LLC, AJG Coal, LLC, Chem-Mod LLC, DTE REF Holdings LLC, and DTE REF Holdings II LLC. The "Refined Coal LLC Defendants" include Defendants AJG Iowa Refined Coal LLC, Joppa Refined Coal LLC, Thomas Hill Refined Coal LLC, Wagner Coaltech LLC, Walter Scott Refined Coal LLC, Louisa Refined Coal LLC, Belle River Fuels Company LLC, Arbor Fuels Company LLC, and Portage Fuels Company LLC.

The Honorable Christopher J. Burke
July 24, 2020
Page 2

conferred regarding a discovery dispute. The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in verbal meet-and-confers by telephone on July 23 and/or July 24, 2020:

    Plaintiffs' Lead Counsel:  Justin Nemunaitis; Caldwell Cassady & Curry

    Plaintiffs' Delaware Counsel:  Jim Lennon; Devlin Law Firm LLC

    The CERT Defendants' Lead Counsel:  Douglas Nemec and Leslie Demers; Skadden, Arps, Slate, Meagher & Flom LLP

    The CERT Defendants' Delaware Counsel:  Jessica Kunz; Skadden, Arps, Slate, Meagher & Flom LLP

    The RC Defendants and the Refined Coal LLC Defendants' Lead Counsel: Richard Mark and Joseph Evall; Gibson, Dunn & Crutcher LLP

    The RC Defendants and the Refined Coal LLC Defendants' Delaware Counsel: Brian Egan; Morris, Nichols, Arsht & Tunnell LLP

The following disputes require judicial attention:

- Plaintiffs seek an order compelling the CERT, RC, and Refined Coal Defendants to respond to its discovery requests and comply with upcoming disclosure deadlines in the Court's scheduling order. Of particular importance, Plaintiffs seek discovery regarding the identity of John Doe Defendants with sufficient time to amend its complaint prior to the September 25 deadline for joining parties.

- Whether the CERT Defendants, RC Defendants, and Refined Coal LLC Defendants are entitled to a protective order concerning (1) further responses to Plaintiffs' First Set of Common RC Interrogatories to AJG, DTE, CERT, CHEM-MOD, and the RC Defendants (Nos. 1-7), First Set of Common Interrogatories to All Defendants (Nos. 1-10), Consolidated Requests for Production to Defendants, and (as to Chem-Mod LLC only) Plaintiffs' First Set of Specific Interrogatories to Chem-Mod (No. 1); (2) the CERT Defendants, RC Defendants, and Refined Coal LLC Defendants' Initial Disclosures; and (3) core technical document production.

    The parties agree that a ruling on the CERT Defendants, RC Defendants, and the Refined Coal LLC Defendants' Joint Motion to Stay Proceedings and Motion for

The Honorable Christopher J. Burke
July 24, 2020
Page 3

Interim Stay Pending Resolution of the Motion to Stay (D.I. 120) would resolve these discovery disputes, but for the timing of any required supplementation of the above-referenced discovery responses and disclosures should Defendants' Motion be denied (i.e., Defendants would need a reasonable amount of time, e.g. 21 days, in which to provide any required responses in the event the Court were to deny the requested stay). That said, the parties are available at the Court's convenience for a discovery-dispute conference to expeditiously address these discovery issues pending resolution of Defendants' Motion.

                Respectfully,

                */s/ Robert S. Saunders*

                Robert S. Saunders (ID No. 3027)

cc:     Clerk of the Court (by electronic filing)
        Counsel of Record (by electronic mail)