# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MIDWEST ENERGY EMISSIONS CORP. and MES INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**VISTRA ENERGY CORP., et al.**<br><br>Defendants. | C.A. No. 19-1334-RGA-CJB<br><br>**JURY TRIAL DEMANDED** |

## AMENDED PROTECTIVE ORDER

WHEREAS, Plaintiffs Midwest Energy Emissions Corp. and MES Inc. ("ME2C") and Defendants Illinois Power Resources Generating, LLC, Dynegy Midwest Generation LLC, Electric Energy, Inc., Illinois Power Generating Company, Coleto Creek Power, LLC, Oak Grove Management Company LLC, and Luminant Generation Company LLC (collectively, "Vistra"); AEP Generation Resources Inc., Southwestern Electric Power Co., Cardinal Operating Company, LLC, and AEP Texas Inc. (collectively, "AEP"); NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME, LLC, Midwest Generation, LLC (collectively, "NRG"); Talen Energy Corporation, Brandon Shores LLC, Talen Generation LLC, and H. A. Wagner LLC (collectively, "Talen"), (Vistra, AEP, NRG, and Talen, are referred to collectively as "Coal Plant Defendants"); Arthur J. Gallagher & Co., Gallagher Clean Energy, LLC, and AJG Coal, LLC ("AJG"); DTE REF Holdings, LLC, DTE REF Holdings II LLC ("DTE"); CERT Coal Holdings LLC, CERT Holdings LLC, CERT Holdings 2018, LLC, CERT Operations LLC, CERT Operations II LLC, CERT Operations III LLC, CERT Operations IV LLC, CERT Operations V LLC, CERT Operations RCB LLC ("CERT"); Chem-Mod LLC ("Chem-Mod"); and the additional named and unnamed entities referred to below as the "RC Defendants": AJG Iowa Refined Coal LLC, Joppa Refined Coal LLC,

Thomas Hill Refined Coal LLC, Wagner Coaltech LLC, Walter Scott Refined Coal LLC, Louisa Refined Coal, LLC, Belle River Fuels Company, LLC, Arbor Fuels Company, LLC, Portage Fuels Company, LLC, and John Doe LLCs (all of these entities are referred to collectively as "Defendants"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY." The words "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the words "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice

   of the designation of some or all of that transcript as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY."

2. Any document produced before issuance of this Order and deemed Confidential under Civil Local Rule 26.2 shall be subject, starting from the date this Order is issued, to confidentiality under the terms of this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY,"[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of Protected Material that has been designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY," both individually and collectively.

that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5. To the extent that any one of the Power-Plant Defendants in this litigation provides Designated Material under the terms of this Order to Plaintiffs, whether in the form of documents or testimony, Plaintiffs shall not share that material with any other Power-Plant Defendant in this litigation (*e.g.*, in Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means), absent express written permission from the producing Power-Plant Defendant or an order from the Court. This Order does not confer any right to any one Defendant to access the Protected Material or Designated Material of any other Defendant.

6. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as otherwise set forth in this Order:

   (a) outside counsel of record in this Action for the Parties;

   (b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

   (c) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, provided that the parties shall identify to other parties by name and title any in-house counsel who will be given access to CONFIDENTIAL documents and information pursuant to paragraph 6(c), and state that such counsel (i) either has responsibility for making decisions dealing directly with the litigation of this Action, or is assisting outside counsel in the litigation of this Action, and (ii) agrees to be bound by the terms of the Protective Order;

  (d)  up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

  (e)  outside consultants or experts (*i.e.*, not current employees or affiliates of a Party or an affiliate of a Party) who are retained for the purpose of this litigation, provided that: (1) such consultants or experts are not currently employed or retained as consultants to such Party for purposes of providing strategic business advice relating to the subject of this Action, or for the purpose of providing strategic technical advice (other than litigation advice) relating to the subject of this Action; (2) any professionals working on this litigation under the Expert's or Consultant's supervision are not current employees of a party; and (3) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

  (f)  independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services (including but not limited to mock jurors), and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

  (g)  the Court and its personnel.

7.  Except as otherwise agreed by the Parties, a Party or Third Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably

believes it owes an obligation of confidentiality with respect to such documents, information or material.

8. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

9. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, or as otherwise agreed by the Parties, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY."

10. For Protected Material designated "RESTRICTED – ATTORNEYS' EYES ONLY", access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 6(a-c) and (e-g); provided, however, that access by in-house counsel pursuant to paragraph 6(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client. The parties shall identify to other parties by name and title any in-house counsel who will be given access to "RESTRICTED – ATTORNEYS' EYES ONLY" documents and information, and state that such counsel (i) either has responsibility for making decisions dealing directly with the litigation of this

Action, or is assisting outside counsel in the litigation of this Action, (ii) exercises no competitive decision-making authority on behalf of the client or any other party to this Action, and (iii) agrees to be bound by the terms of the Protective Order.  The Parties agree that nothing herein shall prevent the Parties' counsel from giving legal advice to their respective clients based on DESIGNATED MATERIAL protected by this Order.

11. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive another Party's Protected Material who obtains, receives, has access to, or otherwise learns, in whole or in part, another Party's Designated Material under this Order shall not be involved in Prosecution Activity on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to Protected Material and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate are involved in Prosecution Activity. For purposes of this paragraph, "involved in Prosecution Activity" shall mean directly or indirectly drafting or amending claims, or advising others who are drafting or amending claims, with respect to patent claims or patent specifications in the United States or elsewhere in the field of mercury removal from coal-fired power plants. To avoid any doubt, "involved in Prosecution Activity" as used in this paragraph does not include representing a party either challenging or defending a patent before a domestic or foreign agency, including but not limited to reissue, reexamination, *inter partes* review, or other post grant administrative proceedings, but this provision would preclude advising

      directly or indirectly on any amendments to the claims of the patent being challenged in such proceedings.

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return or destruction of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s): (1) shall not use, and shall immediately cease any prior use of, such documents, information, or other material; (2) not later than three (3) business days after receipt of the producing Party's notice, shall return to the producing Party (except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed) or destroy all copies of such documents, information or other material; and (3) shall certify to the producing Party that the recipient(s) have taken the aforementioned steps. The recipient(s) may seek to compel the production of inadvertently-produced documents or information that the producing Party has requested to claw back on the basis of attorney-client privilege, work product, or another privilege.

        Any such effort shall not disclose or otherwise use the content of the inadvertently produced document or information that was the subject of the claw-back request, beyond any information appearing on the privilege log. The Parties expressly acknowledge that documents that a Producing Party contends were inadvertently produced and seeks to claw back on the basis of attorney-client privilege, work product, or another privilege, must be returned and cannot be sequestered or otherwise retained by any recipient for submission to the Court. Outside counsel for the producing Party and outside counsel for the recipient(s) shall meet and confer in accordance with applicable law or Court rules regarding any such request to compel production.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside

        counsel and in-house counsel (except as otherwise dictated by paragraph 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

15. Parties may, at the deposition or hearing or within fourteen (14) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY," pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 14-day period, the entire deposition or hearing transcript shall be treated as RESTRICTED – ATTORNEYS' EYES ONLY.

16. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed under seal with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17. Any Party intending to use Protected Material during any trial, hearing, or other court proceeding shall ensure compliance with this Order and avoid disclosure to persons and Parties not allowed to access such information, and shall give notice to the Party whose Protected Material is to be used.

18. The Parties shall use reasonable care when designating documents or information as Protected Material, although nothing in this Order shall prevent a producing party from block designating documents it produces as DESIGNATED MATERIAL.  Further, nothing in this Order shall prevent a receiving Party from contending that any DESIGNATED MATERIAL has been improperly designated.  A Party may at any time request, in writing, that the designating Party cancel or modify the DESIGNATED MATERIAL designation with respect to any document or information contained therein.  The Parties shall use their best efforts to resolve promptly and informally such disputes.  If an agreement cannot be reached within ten (10) business days after receipt of the receiving Party's written challenge, the receiving Party may file a motion or other appropriate request that the Court cancel or modify a designation.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22. Within thirty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the

producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Notwithstanding the provisions of this paragraph, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Further, outside counsel shall be entitled to maintain copies of all pleadings, expert reports, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts and hearing transcripts, and exhibits offered or introduced into evidence at any hearing or trial, emails and their attachments, and attorney work product which refers or is related to any Protected Information solely for archival purposes.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall

discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

28. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, or as otherwise agreed by the Parties, the producing Party may designate such Protected Material "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY." The term DESIGNATED MATERIAL as used in this protective order also encompasses material designated RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY.

29. For Protected Material designated "RESTRICTED – OUTSIDE ATTORNEYS' EYES ONLY", access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 6(a-b) and (e-g).

30. Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information

may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

Dated: August 6, 2020

| DEVLIN LAW FIRM LLC | FAEGRE DRINKER BIDDLE & REATH LLP |
| --- | --- |
| */s/ James M. Lennon*<br>James M. Lennon (No. 4570)<br>1526 Gilpin Avenue<br>Wilmington, DE 19806<br>(302) 449-9010<br>jlennon@devlinlawfirm.com<br><br>*Attorneys for Plaintiffs Midwest Energy Emissions Corp. and MES Inc.* | */s/ Thatcher A. Rahmeier*<br>Francis DiGiovanni (#3189)<br>Thatcher A. Rahmeier (#5222)<br>222 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>(302) 467-4200<br>francis.digiovanni@faegredrinker.com<br>thatcher.rahmeier@faegredrinker.com<br><br>*Attorneys for Defendants Talen Energy Corporation, Brandon Shores LLC, Talen Generation LLC, and H.A. Wagner LLC* |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RICHARDS, LAYTON & FINGER, P.A. |
| */s/ Brian P. Egan*<br>Jack B. Blumenfeld (#1014)<br>Brian P. Egan (#6227)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>began@mnat.com<br><br>*Attorneys for Defendants AJG Coal, LLC AJG Iowa Refined Coal LLC Arbor Fuels Company, LLC* | */s/ Tyler E. Cragg*<br>Frederick L. Cottrell, III (#2555)<br>Tyler E. Cragg (#6398)<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>cottrell@rlf.com<br>cragg@rlf.com<br><br>*Attorneys for Defendants NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME,LLC, and Midwest Generation, LLC* |

*Arthur J. Gallagher & Co.*
*Belle River Fuels Company, LLC*
*Chem-Mod-LLC*
*DTE REF Holdings LLC*
*DTE REF Holdings II LLC*
*Gallagher Clean Energy LLC*
*Joppa Refined Coal LLC*
*Louisa Refined Coal, LLC*
*Portage Fuels Company, LLC*
*Thomas Hill Refined Coal LLC*
*Wagner Coaltech LLC*
*Walter Scott Refined Coal LLC*

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|---|---|
| */s/ Rodger D. Smith II* | */s/ Jessica R. Kunz* |
| Rodger D. Smith II (#3778) | Robert S. Saunders (ID No. 3027) |
| Lucinda C. Cucuzzella (#3491) | Jessica R. Kunz (ID No. 5698) |
| 1201 North Market Street | One Rodney Square |
| P.O. Box 1347 | P.O. Box 636 |
| Wilmington, DE 19899 | Wilmington, DE 19899-0636 |
| (302) 658-9200 | (302) 651-3000 |
| rsmith@mnat.com | rob.saunders@skadden.com |
| ccucuzzella@mnat.com | jessica.kunz@skadden.com |
| *Attorneys for Defendants AEP Generation Resources Inc., Southwestern Electric Power Co., and AEP Texas Inc.* | *Attorneys for Defendants CERT Coal Holdings LLC, CERT Holdings LLC, CERT Holdings 2018, LLC, CERT Operations LLC, CERT Operations II LLC, CERT Operations III, LLC, CERT Operations IV, LLC,CERT Operations V LLC, and CERT Operations RBC LLC* |

SO ORDERED this   7th   day of   August  , 2020.

*Christopher J. Burke*
United States Magistrate Judge

16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MIDWEST ENERGY EMISSIONS CORP. and MES INC.,** | § § § | |
| Plaintiffs, | § | C.A. No. 19-1334-RGA-CJB |
| v. | § | **JURY TRIAL DEMANDED** |
| **VISTRA ENERGY CORP., et al.,** | § | |
| Defendants. | | |

APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER

I, _____ declare that:

1. My address is _____.

   My current employer is _____.

   My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" that is disclosed to me.

4. I will ensure that those assisting me for the purpose of this litigation will comply with all provisions of the Protective Order, and will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for the purposes of this

1

        action any information designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY".

5.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

6.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

    I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____