# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MIDWEST ENERGY EMISSIONS CORP. and MES INC.,** | |
| **Plaintiffs,** | |
| v. | C.A. No. 19-1334-RGA-CJB |
| **VISTA ENERGY CORP., et al.** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

**PLAINTIFFS MIDWEST ENERGY EMISSIONS CORP. AND MES INC.'S
RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS FILED BY NRG**

Dated: August 27, 2020

OF COUNSEL:

Bradley W. Caldwell
Texas Bar No. 24040630
Jason D. Cassady
Texas Bar No. 24045625
John Austin Curry
Texas Bar No. 24059636
Justin T. Nemunaitis
Texas Bar No. 24065815
**CALDWELL CASSADY CURRY PC**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Phone: (214) 888-4848
Fax: (214) 888-4849
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
jnemunaitis@caldwellcc.com

DEVLIN LAW FIRM LLC
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com

*Attorneys for Plaintiffs Midwest Energy Emissions Corp. and MES Inc.*

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................................. 1

II. NATURE AND STAGE OF THE PROCEEDINGS ......................................................... 1

III. SUMMARY OF THE ARGUMENT ................................................................................. 1

    A. ME2C Has Adequately Pled Willful Infringement with Respect to NRG. ................. 1

    B. ME2C Has Adequately Pled Induced Infringement by NRG Energy Inc. .................. 1

    C. ME2C Has Adequately Pled that the Refined Coal Defendants Are Liable for Direct Infringement, Having Entered into Joint Enterprises with the Respective Coal Plant Operators. ................................................................................ 1

    D. MES, Inc. Is a Proper Plaintiff. .................................................................................... 2

    E. The FAC Provides Sufficient Basis for Joinder Under 35 U.S.C. § 299. .................... 2

IV. STATEMENT OF FACTS .................................................................................................. 2

V. LEGAL STANDARD ........................................................................................................... 2

VI. ARGUMENT ........................................................................................................................ 3

    A. ME2C Has Adequately Pled Willful Infringement with Respect to NRG. ................. 3

    B. ME2C Has Adequately Pled Induced Infringement by NRG Energy Inc. .................. 6

    C. ME2C Has Adequately Pled that the Refined Coal Defendants Are Liable for Direct Infringement, Having Entered into Joint Enterprises with the Respective Coal Plant Operators. ................................................................................ 7

    D. MES, Inc. Is a Proper Plaintiff and Joinder Is Proper under 35 U.S.C. § 299. ........... 9

VII. CONCLUSION ................................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*
   797 F.3d 1020 (Fed. Cir. 2015) .............................................................................................. 7

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ................................................................................................................ 2

*Bell Atl. Corp. v. Twombly*
   550 U.S. 544 (2007) ................................................................................................................ 3

*BioMerieux, S.A. v. Hologic, Inc.*
   No. CV 18-21 (LPS), 2018 WL 4603267 (D. Del. Sept. 25, 2018) ........................................ 5

*BlackBerry Ltd. v. Nokia Corp.*
   No. 17-CV-155-RGA, 2018 WL 1401330 (D. Del. Mar. 20, 2018) ........................................ 4

*Callwave Commc'ns LLC v. AT & T Mobility LLC*
   No. CV 12-1701-RGA, 2014 WL 5363741 (D. Del. Jan. 28, 2014) ........................................ 4

*Clouding IP, LLC v. Amazon.com, Inc.*
   No. CA 12-641-LPS, 2013 WL 2293452 (D. Del. May 24, 2013) .......................................... 4

*CyberFone Sys., LLC v. Cellco P'ship*
   No. CIV. 11-827-SLR, 2012 WL 1509504 (D. Del. Apr. 30, 2012) ...................................... 11

*Erickson v. Pardus*
   551 U.S. 89 (2007) ............................................................................................................. 3, 5

*Huawei Technologies Company v. T-Mobile US, Inc.*
   2017 WL 1129951 (E.D. Tex. Feb. 21, 2017) ........................................................................ 4

*In re Apple Inc.*
   650 F. App'x 771 (Fed. Cir. 2015) ....................................................................................... 10

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*
   681 F.3d 1323 (Fed. Cir. 2012) .............................................................................................. 3

*In re EMC Corp.*
   677 F.3d 1351 (Fed. Cir. 2012) ............................................................................................ 10

*IOENGINE, LLC v. PayPal Holdings, Inc.*
   No. CV 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) .......................................... 6

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*
  869 F.3d 1372 (Fed. Cir. 2017)............................................................................................... 5

*Reagent Chemical & Research, Inc. v. Eurotarget S.R.L.*
  2016 WL 8200435 (M.D. Penn. May 23, 2016) .................................................................. 7, 9

*Rearden LLC v. Walt Disney Co.*
  293 F. Supp. 3d 963 (N.D. Cal. 2018) ................................................................................... 5

*Smartflash LLC v. Apple, Inc.*
  No. 6:13-CV-447, 2014 WL 11071873 (E.D. Tex. Apr. 4, 2014).......................................... 10

*Spruill v. Gillis*
  372 F.3d 218 (3d Cir. 2004).................................................................................................. 2

*Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC*
  2019 WL 8641303 (D. Del. Aug. 7, 2019) .......................................................................... 3, 7

*Välinge Innovation AB v. Halstead New England Corp.*
  Civil Action No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ................ 3, 4

*Walker Digital, LLC v. Facebook, Inc.*
  852 F. Supp. 2d 559 (D. Del. 2012)....................................................................................... 5

**Statutes**

35 U.S.C. § 299.................................................................................................... 2, 9, 10, 11

**Rules**

Fed. R. Civ. P. 12(b) ........................................................................................................... 3, 4
Fed. R. Civ. P. 12(b)(6)........................................................................................................... 2
Fed. R. Civ. P. 12(g)(2).......................................................................................................... 1
Fed. R. Civ. P. 19................................................................................................................. 10
Fed. R. Civ. P. 21................................................................................................................. 11

**I.     INTRODUCTION**

NRG's motion seeks dismissal of various aspects of ME2C's First Amended Complaint. With respect to each of these issues, the Complaint provides allegations that meet the applicable pleading standard. Accordingly, ME2C respectfully requests that the motion be denied.

**II.    NATURE AND STAGE OF THE PROCEEDINGS**

On June 18, 2020, the Court issued a Report & Recommendation (the "R&R") granting various Defendants' motions to dismiss and allowing ME2C to amend its complaint. D.I. 127. On July 15, 2020, ME2C filed its First Amended Complaint ("FAC"), which provides additional factual allegations related to its infringement theories, and also includes three additional patents that issued after ME2C filed its original complaint.

**III.   SUMMARY OF THE ARGUMENT**

    **A.  ME2C Has Adequately Pled Willful Infringement with Respect to NRG.**

NRG waived this argument. Fed. R. Civ. P. 12(g)(2). Regardless ME2C alleges that it provided notice of the patents at least by filing the original complaint and by providing a draft of the FAC to Defendants before filing the FAC. Nothing more is required to plead willful infringement. The FAC also contains allegations that NRG's infringement has been willful before even the filing of the original complaint.

    **B.  ME2C Has Adequately Pled Induced Infringement by NRG Energy Inc.**

Contrary to NRG's assertions, the FAC alleges a that NRG Energy Inc. exercises sufficient control over its subsidiaries to support a claim of induced infringement.

    **C.  ME2C Has Adequately Pled that the Refined Coal Defendants Are Liable for Direct Infringement, Having Entered into Joint Enterprises with the Respective Coal Plant Operators.**

NRG's attacks against ME2C's joint enterprise infringement theory should be disregarded as waived. Regardless, the FAC alleges that the relationship between coal plant

operators and refined coal operators is much more involved than a simple supplier/customer relationship such that the refined coal operators are liable for participating in a joint enterprise.

### D. MES, Inc. Is a Proper Plaintiff.

As a former exclusive licensee, MES Inc. is entitled to recover damages for past infringement. Accordingly, MES, Inc. should not be dismissed.

### E. The FAC Provides Sufficient Basis for Joinder Under 35 U.S.C. § 299.

NRG argues that joinder is improper if the Court dismisses ME2C's joint enterprise theory. But § 299 does not require allegations of joint enterprise or joint infringement and the Federal Circuit has approved joinder under circumstances similar to this case. Regardless, severance at this time would be premature.

## IV. STATEMENT OF FACTS

ME2C has accused NRG of willfully infringing the patents-in-suit at least because NRG has continued to infringe after receiving ME2C's complaints for infringement. D.I. 130 at ¶ 224. ME2C also alleges that NRG Energy Inc. induces its subsidiaries to infringe by exercising sufficient control over their selection of mercury control processes. D.I. 130 at ¶¶ 202-203. ME2C also alleges that NRG is jointly and severally liable with various refined coal operators because they work together to perform the patented methods at the accused plants. D.I. 130 at 232-234.

## V. LEGAL STANDARD

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court is required to accept as true all material allegations in the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 570). "[T]he plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1341 (Fed. Cir. 2012) (quoting *Twombly*, 550 U.S. at 556).

## VI. ARGUMENT

### A. ME2C Has Adequately Pled Willful Infringement with Respect to NRG

As an initial matter, NRG waived its right to challenge ME2C's willfulness allegations because it did not previously move to dismiss them. *See Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC*, 2019 WL 8641303 at *3 (D. Del. Aug. 7, 2019) (explaining that it is reversible error for a Court to consider a defense or objection in a Rule 12(b) motion that was available to the party but omitted from an earlier filed motion Rule 12(b) motion).

Moreover, ME2C alleges that NRG received notice of the original patents and the acts constituting infringement at least as of the filing of the original complaint on July 17, 2019, and notice of the additional patents and acts constituting infringement at least when they received a draft of the FAC on June 29, 2020. D.I. 130 at ¶ 224.[1]  Nothing more is required at the pleading stage. *See Välinge Innovation AB v. Halstead New England Corp.*, Civil Action No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018); *see also Shire ViroPharma Inc. v.*

---

[1] Both of these dates predate the filing of the FAC on July 15, 2020.

3

*CSL Behring LLC*, No. CV 17-414, 2018 WL 326406, at *3 (D. Del. Jan. 8, 2018) (approving willfulness allegations in amended complaint based on notice provided in original complaint); *BlackBerry Ltd. v. Nokia Corp.*, No. 17-CV-155-RGA, 2018 WL 1401330, at *3 (D. Del. Mar. 20, 2018) (same); *Clouding IP, LLC v. Amazon.com, Inc.*, No. CA 12-641-LPS, 2013 WL 2293452, at *4 (D. Del. May 24, 2013) ("For purposes of pleading willful infringement, there appears to be little practical difference between a pre-complaint notice letter informing a defendant about a patentee's allegation of infringement and a subsequently-superseded original complaint formally alleging infringement.").[2]  Because ME2C has alleged that Defendants continue to infringe despite having knowledge of the patents and the acts constituting infringement, there is nothing more for the Court to do in response to these Rule 12(b) motions. *See Valinge Innovation AB v. Halstead New England Corp.*, No. CV 16-1082-LPS-CJB, 2018 WL 2411218, at *9 (D. Del. May 29, 2018) (explaining that a patentee need not plead any of the *Read* enhancement factors including, e.g., the duration of a defendant's misconduct).

---

[2] One Court has dismissed willfulness allegations based on the notice provided in an original complaint.  *See Callwave Commc'ns LLC v. AT & T Mobility LLC*, No. CV 12-1701-RGA, 2014 WL 5363741, at *1 (D. Del. Jan. 28, 2014).  However, this is the sort of rigid rule that the Supreme Court would later criticize in *Halo*.  One of the purposes of an amended complaint is to account for new facts that have arisen or been discovered after the filing of the original complaint.  Because each act of infringement is a new tort that damages the plaintiff, the fact that a Defendant continues to infringe even after receiving a complaint for patent infringement is precisely the type of new fact appropriately added to an amended complaint.  It simply should not be the case that once a complaint is on file, the accused infringer is forever absolved of any subsequent egregious conduct.  *See also Huawei Technologies Company v. T-Mobile US, Inc.*, 2017 WL 1129951, at *4 (E.D. Tex. Feb. 21, 2017) ("*Halo* recognizes that 'culpability is generally measured against the knowledge of the actor at the time of the challenged conduct.' Culpability can arise pre- or post-suit—the scienter requirement is the same in either instance. The contrary conclusion would permit the very type of culpable behavior admonished by the Supreme Court in *Halo* simply because of timing.").

4

Nonetheless, if the Court determines that a patent owner filing an amended complaint for willful infringement must allege that the Defendant had knowledge of the patents and acts constituting infringement prior to the filing of the original complaint, the FAC satisfies this requirement as well. A plaintiff need not provide detailed factual support for an allegation of pre-suit knowledge of the patent. *See Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 564 (D. Del. 2012) (finding the following statement to properly allege notice of a patent: "It is believed that Zappos was on notice of the ′056 patent and Walker Digital's claims prior to April 11, 2011 through Zappos' interactions with representatives of Walker Digital"). A plaintiff may allege notice of a patent based on circumstantial evidence. *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1380 (Fed. Cir. 2017) (overturning dismissal based on allegations that Defendant hired employees with knowledge of the patent). A plaintiff may also allege notice on information and belief. *Rearden LLC v. Walt Disney Co.*, 293 F. Supp. 3d 963, 976 (N.D. Cal. 2018) (explaining that a "plaintiff may plead facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible") (internal citations omitted); *see generally Erickson*, 551 U.S. at 93 (explaining that for purposes of pleading under *Iqbal/Twombly* "[s]pecific facts are not necessary").

For example, in *BioMerieux, S.A. v. Hologic, Inc.*, multiple entities worked together to infringe a patent. No. CV 18-21 (LPS), 2018 WL 4603267, at *5 (D. Del. Sept. 25, 2018). One of those entities had attempted to invalidate the European counterpart to the patents-in-suit. Based on that conduct, the patentee inferred that the entity had knowledge of the U.S. patents, and based on the close relationship between the entities, that they all had knowledge of the patents-in-suit. This allegation was found to meet the pleading requirement. *Id.*

5

Second, ME2C alleges that it met with NRG, identified its patents to NRG and explained the operation of its patented technology, and discussed performance of the patented technology at NRG plants. D.I. 130 at ¶¶ 168-171. In addition, the patents at issue in this case are written to be understood by a person of ordinary skill in the art of power plant mercury capture. NRG undoubtedly has employees versed in that subject. NRG is fully capable of understanding the claims of the asserted patents and the conduct relevant to those claims. Indeed, Courts often do not require any specific allegations regarding the conduct at issue provided that the patents are properly identified. *See, e.g., IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 330515, at *7 (D. Del. Jan. 25, 2019) (explaining that to plead willful infringement, a patentee need only allege knowledge of the patent and that the filing of a complaint provides such knowledge). Taken as true, these allegations satisfy the pleading requirement.

### B. ME2C Has Adequately Pled Induced Infringement by NRG Energy Inc.

NRG argues that the FAC fails to allege specific intent with respect to NRG Energy Inc. As noted above, NRG Energy Inc. has been on notice of the patents and the acts constituting direct at least as of the filing of the original complaint and FAC. ME2C further alleges that, despite that knowledge NRG Energy Inc. continues to exercise control of the other NRG entities causing them to infringe. D.I. 130 at ¶ 203. In particular, ME2C alleges, "NRG Energy Inc. does so by exercising control over subsidiaries, providing technical, administrative, logistical and financial services to subsidiaries, and/or negotiating standard form or bulk agreements for products and services related to mercury control. For example, NRG Energy Inc. negotiates or exercises veto power over decisions to sign supply contracts for activated. carbon and bromine-containing additives. In so doing, NRG Energy Inc. takes part in the decisions regarding supply contracts and influences the other NRG entities to select suppliers for the plant, including those that provide bromine-containing additives and activated carbon." *Id.* Taken as true, these

allegations provide more than the mere allegation that NRG Energy Inc. is a corporate parent, they indicate that NRG Energy Inc. causes the direct infringement of its subsidiaries while fully aware that this will lead to infringement of the patents-in-suit.  Thus, ME2C has stated a claim for induced infringement.

### C. ME2C Has Adequately Pled that the Refined Coal Defendants Are Liable for Direct Infringement, Having Entered into Joint Enterprises with the Respective Coal Plant Operators

Although the refined coal operators previously challenged ME2C's joint enterprise claim, NRG did not.  Accordingly, this argument is waived.  *See Sunoco*, 2019 WL 8641303 at *3.

Regardless, ME2C has stated a claim for joint enterprise against the refined coal defendants.  To plead joint enterprise infringement, a patent owner must allege: "(1) an agreement, express or implied, among the members of the group; (2) a common purpose to be carried out by the group; (3) a community of pecuniary interest in that purpose, among the members; and (4) an equal right to a voice in the direction of the enterprise, which gives an equal right of control."  *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015).  Under these circumstances, the members of the joint enterprise may be considered a single entity for purposes of determining direct infringement.  *Id.*

For example, in *Reagent Chemical & Research, Inc. v. Eurotarget S.R.L.*, 2016 WL 8200435 at *2 (M.D. Penn. May 23, 2016), the patent at issue covered a method of shooting targets.  The patentee alleged that various shooting galleries formed joint enterprises with their customers to perform the common purpose of facilitating a shooting activity.  This was sufficient to state a claim for joint enterprise infringement.  *Id.* at *6 ("an agreement has been formed, with a common purpose of facilitating a shooting activity.  The parties have a pecuniary interest, insomuch as the shooting facilities generate profits from their customers' dues and/or payments

7

to use the facilities. . . . Finally, all involved have an equal right to a voice in the direction of the enterprise, insomuch as they may control whether and when the shooting activity takes place.")

ME2C has adequately alleged that the Refined Coal Defendants are involved in a joint enterprise with respect to each coal plant operator that receives refined coal and uses activated carbon injection. The Belle River Fuels contract is instructive. It demonstrates that Belle River Fuels LLC has contracted with a coal plant operator to sell refined coal to the operator. It further confirms that the parties to the agreement share the common purpose and pecuniary interest of benefiting from Section 45 tax credits, i.e., Belle River Fuels obtains those benefits directly from the IRS, and the coal plant operator obtains those benefits through reduced mercury regulation compliance costs and the other "Mercury Benefits," defined in the contract. D.I. 130-6 at sec. 8.2(e), exhibit C. Finally, it demonstrates that both parties to the agreement maintain an equal right of control in the enterprise. The refined coal company maintains physical control over the application of bromine, and the coal plant maintains physical control over the combustion of the coal and operation of the mercury control systems including activated carbon injection. Both of these elements are equally important for achieving the common purpose. Moreover, the agreement requires the refined coal operator to continue applying bromine to coal (D.I. 130-6 at 8.2(a),(b), 8.3), requires the coal plant to continue combusting the refined coal (D.I. 130-6 at 8.2(d)), curtails either party's right to terminate the agreement (D.I. 130-6 at 24-25), and requires the parties to coordinate in the performance of the enterprise (D.I. 130-6 at 8.2(d)). Because ME2C has alleged that this contract is representative of contracts signed by the other Refined Coal Defendants (D.I. 130 at ¶ 95), ME2C has stated a claim for joint enterprise. Defendants' arguments to the contrary are unavailing.

First, NRG argue that there can be no common purpose because coal plants cannot claim section 45 tax credits. However, ME2C has not alleged that coal plants claim section 45 tax credits, it has claimed that it shares in the benefits of those tax credits, i.e., reduced mercury compliance costs and other financial benefits that the Refined Coal Defendants are only able to provide because they receive the value of Section 45 tax credits. *See* D.I. 130 at ¶¶ 115, 214, 217, 220.

Second, Defendants argue that there can be no common purpose to obtain the benefits of tax credits because this is the same fact relied upon to establish a community of pecuniary interest. However, the fact that one set of facts may be relied upon to satisfy multiple elements of a legal test is entirely appropriate. *See, e.g., Reagent*, 2016 WL 8200435 at \*6 (finding that patentee alleged a common pecuniary interest based on the fact that shooters must pay dues to shoot at a gallery). Moreover, ME2C has alleged more than a mere financial benefit from this scheme. Rather, ME2C alleges that the Moving Refined Coal Defendants obtain tax credits, and use the value of those credits to subsidize mercury control costs at coal plants in a way that provides further operational benefits at the plant, such as allowing for fly ash sales and the other benefits enumerated in the Belle River contract. *See* D.I. 130 at ¶¶ 95, 214, 217, 220.

### D.  MES, Inc. Is a Proper Plaintiff and Joinder Is Proper under 35 U.S.C. § 299

NRG incorporates by reference Talen's motion to dismiss MES, Inc. and request for severance. ME2C incorporates by reference its response to those portions as well.

As Talen notes, prior to April 24, 2017, MES, Inc. was an exclusive licensee with the right to recover past damages. ME2C would not want to prevail in this case only to have Defendants refuse to pay damages for conduct occurring prior to April 24, 2017 because MES, Inc. is not a party to the case. MES Inc. has asserted an interest in the case, and not alleged that it's right to recover past damages terminated on April 24, 2017. Thus, the Court may not assume

9

that to be the case. While the actual question of past damages will turn on the applicable contract language, at the pleading stage, ME2C has adequately alleged that MES, Inc. is a proper party. *See also* Fed. R. Civ. P. 19 (stating that joinder is required for a party that claims an interest relating to the subject of the action and is so situated that disposing of the party may as a practical matter impair or impede the person's ability to protect the interest).

Talen argues that ME2C has not alleged joint and several liability, but it appears to conflate joint infringement with joint and several liability. Joinder under 35 U.S.C. § 299 does not require allegations of joint infringement or joint enterprise infringement. *See In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012) (interpreting "jointly, severally, or in the alternative," which was not modified by the AIA). Courts have allowed joinder under § 299 based on allegations of induced infringement or where one Defendant supplies an important aspect of the infringement to other Defendants. For example, in *In re Apple Inc.*, the Federal Circuit allowed joinder of Google, Amazon, and various cell phone manufacturers where some of the infringement theories were based on the fact that Google and Amazon supplied software for the accused cell phones. 650 F. App'x 771, 775 (Fed. Cir. 2015); *see also Smartflash LLC v. Apple, Inc.*, No. 6:13-CV-447, 2014 WL 11071873, at *4 (E.D. Tex. Apr. 4, 2014) (permitting joinder between Apple and app developers that used Apple software kit).

Joinder is similarly appropriate here. ME2C alleges that NRG is jointly and severally liable with Chem-Mod, and certain of the Refined Coal Defendants[3] that operate at NRG plants. D.I. 130 at ¶ 232-233. In particular, ME2C alleges that each of the RC Defendants establishes a

---

[3] NRG argues that ME2C's joint enterprise allegations with respect to NRG are limited to just Chem-Mod. Even so, ME2C has met the requirements of § 299. Moreover, ME2C has alleged that various John Doe Defendants also provide refined coal and it will move to amend the complaint to add those Defendants.

location a particular coal plant, and uses Chem-Mod products to produce refined coal there (D.I. 130 at ¶ 234). Accordingly, ME2C has alleged joint and several liability for purposes of 35 U.S.C. § 299.

In addition, this request for severance is procedurally improper, as a motion to dismiss is not the proper vehicle for seeking severance. *See* Fed. R. Civ. P. 21. Even if the Court were to consider discretionary severance, given that NRG has already agreed to consolidation for pretrial purposes, the Court should deny this request as moot. *See CyberFone Sys., LLC v. Cellco P'ship*, No. CIV. 11-827-SLR, 2012 WL 1509504, at *1 (D. Del. Apr. 30, 2012) (denying as moot motion to sever because trial was not yet imminent).

In sum, NRG has not demonstrated that the FAC violates 35 U.S.C. § 299. Even if the Court were to consider discretionary severance, it should do so closer to trial, after a proper motion for severance has been filed, and with input from all parties, not based on a couple paragraphs in one Defendant's partial motion to dismiss.

## VII.  CONCLUSION

For all of the foregoing reasons, and given the lenient standard applied at this stage in the case, the court should deny the Motion to Dismiss. If the Court is inclined to dismiss some aspect of the FAC, ME2C requests leave to amend.

Dated:  August 27, 2020

Respectfully submitted,

**DEVLIN LAW FIRM LLC**

*/s/ James M. Lennon*
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
jlennon@devlinlawfirm.com

**CALDWELL CASSADY CURRY PC**
2121 N. Pearl St., Suite 1000
Dallas, Texas 75201
Phone: (214) 888-4848
(214) 888-4849 (*fax*)
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
jnemunaitis@caldwellcc.com

Bradley W. Caldwell
Texas Bar No. 24040630
Jason D. Cassady
Texas Bar No. 24045625
John Austin Curry
Texas Bar No. 24059636
Justin T. Nemunaitis
Texas Bar No. 24065815

*Attorneys for Plaintiffs*
*Midwest Energy Emissions Corp.*
*and MES Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record have been served with this document via the Court's CM/ECF system on August 27, 2020.

*/s/ James M. Lennon*
James M. Lennon
