# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP., et al <br> *Plaintiff* <br> v. <br> VISTRA ENERGY CORP., ET AL. <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 1:19-cv-01334-RGA-CJB <br> ) <br> ) <br> ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Alterna Capital Partners LLC c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A. Documents should be received by BAKER BOTTS, L.L.P on or before September 21, 2020. Documents should be sent to: Ali Dhanani, BAKER BOTTS, L.L.P., 910 Louisiana, Houston, TX 70002, 713-229-1108, ali.dhanani@bakerbotts.com

| Place: Regus - Connecticut, Wilton - Wilton Executive, The West End, 15 River Rd Suite 15B, Wilton, CT 06897 | Date and Time: <br> 09/25/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/08/2020

*CLERK OF COURT*                                    OR

_____                   /s/ Ali Dhanani
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendant, NRG
, who issues or requests this subpoena, are:

Ali Dhanani, BAKER BOTTS, L.L.P., 910 Louisiana, Houston, TX 70002, 713-229-1108, ali.dhanani@bakerbotts.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-cv-01334-RGA-CJB

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | |
| Plaintiffs, | C.A. No. 19-1334-RGA-CJB |
| v. | **JURY TRIAL DEMANDED** |
| VISTRA ENERGY CORP., et al. | |
| Defendants. | |

**EXHIBIT A**

**DEFINITIONS**

The following definitions shall apply to the requests that follow:

1. **"ME2C"** is defined as Midwest Energy Emissions Corp. and MES Inc., and should be understood to include any and all officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, or other related entities.

2. **"EERC"** is defined as Energy & Environmental Research Center (EERC), Energy and Environmental Research Center Foundation (EERCF), the Center for Air Toxic Metals (CATM), and University of North Dakota (UND), and should be understood to include any and all officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, or other related entities.

1

3. **"You"** and **"Your"** should be understood to mean Alterna Capital Partners LLC, and should be further understood to include any and all officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, or other related entities.

4. **"Talen"** should be understood to refer to Talen Energy Corporation, Brandon Shores LLC, Talen Generation LLC, and H. A. Wagner LLC. The term **"Talen"** should further be understood to include any and all officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, or other related entities.

5. **"NRG"** should be understood to refer to NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME, LLC, and Midwest Generation, LLC. The term **"NRG"** should further be understood to include any and all officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, or other related entities.

6. **"AEP"** should be understood to refer to AEP Generation Resources Inc., Southwestern Electric Power Co., and AEP Texas Inc. The term **"AEP"** should further be understood to include any and all officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, or other related entities.

7. **"And"** and **"or"** shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

8. **"Any"** and **"all"** shall be construed as "any and all."

9. **"Each"** and **"every"** shall be construed as "each and every."

10. ***"Document"*** shall include, without limitation, all documents, electronically stored information, and tangible things within the scope of the Federal Rules of Civil Procedure, including Rule 34.

11. ***"Including"*** shall mean "including, but not limited to."

12. ***"Asserted Patents"*** refers to U.S. Patent Nos. 8,168,147 (the "'147 Patent"), 10,343,114 (the "'114 Patent"), 10,589,225 (the "'225 Patent"), 10,596,517 (the "'517 Patent"), and 10,668,430 (the "'430 Patent").

13. ***"Litigation"*** shall mean the above-captioned action.

14. References to any entity shall include, in addition to the entity, any officer, director, employee, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

15. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## INSTRUCTIONS

The following instructions shall apply to these requests:

1. These requests are continuing to the extent permitted under the Federal Rules of Civil Procedure and require you, consistent with your obligations under Fed. R. Civ. P. 26(e)(1), promptly to produce for inspection and copying any documents or things that you reasonably may acquire, obtain, locate or identify.

2. You shall produce paper documents as they are kept in the usual course of business or shall organize and label them to correspond to the categories in this request. You shall produce electronically stored information in a form in which it is ordinarily maintained or in a reasonably usable form.

3. If no documents or things are responsive to a particular request, state that no responsive materials exist.

3

4. Each requested document or thing shall be produced in its entirety and with all attachments, without deletions or excisions, regardless of whether you consider the entire document or any attachment thereto to be relevant to this case or responsive to these requests. If any document or thing cannot be produced in full, it shall be produced to the extent possible and accompanied by an explanation that states why production of the remainder is not possible.

5. If you object or otherwise refuse to respond or produce documents or things in response to any portion of a document request, you shall (1) state the objection or reason for such refusal, and (2) provide all documents or things called for by that portion of the request for production to which you do not object and/or refuse to respond.

6. If any document is withheld from production on the basis of privilege, immunity or any similar claim, produce a log within a reasonable time as agreed by the parties or as ordered by the Court that includes: (i) the date of the document; (ii) the identity of all persons who prepared or signed the document; (iii) the identity of all persons designated as addressees or copy recipients; (iv) the subject matter of the document; (v) the type of document (memorandum, pamphlet, report, etc.); (vi) the type or nature of the privilege asserted (e.g., attorney-client privilege, work product doctrine, etc.); (vii) an explanation of the basis for withholding the document; and (viii) any other information required by Federal Rule of Civil Procedure 26(b)(5) or the local rules for the District Court for the District of Delaware.

7. Unless otherwise stated, these requests require the production of documents or things that were prepared, created, written, sent, dated or received at any time.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All agreements with or relating to EERC, ME2C, Edwin S. Olson, Michael J. Holmes, or John H. Pavlish.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents concerning Your communications with EERC or ME2C.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to describe Your financial interest in this Litigation.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning the financial relationships between You and ME2C.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show any due diligence or other analysis conducted by You or on Your behalf, or provided to You, regarding a valuation of ME2C, EERC, or any patents or other intellectual property owned by, assigned to, licensed to, or licensed by EERC or ME2C, including, but not limited to, the Asserted Patents..

**REQUEST FOR PRODUCTION NO. 6:**

Documents sufficient to identify the relationship between You and each of: Alterna Core Capital Assets Fund II, L.P.; AC Midwest Energy LLC; Alterna General Partner II LLC; Harry V. Toll; Eric M. Press; Roger P. Miller; and Earle Goldin.