# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | § § § |
| Plaintiffs, | § §   Civil Action No. 19-1334-RGA-CJB |
| v. | § § |
| VISTRA ENERGY CORP., et al., | § § § |
| Defendants. | § |

### TALEN DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND FOR SEVERANCE (D.I. 172)

*Of Counsel:*

Syed Fareed
Emily Pyclik
John C. Williams
**BAKER BOTTS L.L.P.**
98 San Jacinto, Suite 1500
Austin, Texas 78701
(512) 322-2500

David J. Tobin
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 1100
Dallas, Texas 75201
(214) 953-6869

**FAEGRE DRINKER BIDDLE & REATH LLP**
Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com

*Attorneys for Defendants Talen Energy Corporation, Brandon Shores LLC, Talen Generation, LLC, and H.A. Wagner LLC*

Dated: September 10, 2020

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ..................................................................................................................... 1

   A. **Plaintiffs Have Not Plausibly Pleaded Willful Infringement** ........................................ 1

      1. **Plaintiffs Have Not Plausibly Pleaded Pre-Suit Willful Infringement** ..................... 1

      2. **Plaintiffs Have Not Plausibly Pleaded Post-Suit Willful Infringement** ................... 2

          a. *The Original Complaint and Draft FAC Have Not Provided Sufficient Notice to Support a Claim for Post-Suit Willful Infringement* .................................................... 4

          b. *The FAC Contains No Factual Allegations of Continuing Post-Suit Infringement* .... 5

   B. **Plaintiffs Have Not Adequately Pleaded Induced Infringement** ................................. 7

   C. **Plaintiffs Have Not Adequately Pleaded Joint and Several Liability Between Talen and the RC Defendants** ........................................................................................................ 8

   D. **MES Lacks Standing to Sue for Infringement of Any of the Asserted Patents** .......... 9

   E. **Plaintiffs Have Failed to Show That Joinder with the Other Coal Plant Defendants is Proper Under 35 U.S.C. § 299** ..................................................................................... 10

III. CONCLUSION ................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
    258 F. Supp. 3d 1013 (N.D. Cal. 2017) .................................................................................3

*Callwave Commc'ns LLC v. AT&T Mobility LLC*,
    No. 12-1788-RGA, 2014 WL 5363741 (D. Del. Jan. 28, 2014)............................................6

*Cont'l Circuits LLC v. Intel Corp.*,
    No. CV16-2026 PHX DGC, 2017 WL 2651709 (D. Ariz. June 19, 2017) ...................3, 4, 6, 7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016)...................................................................................................3, 4, 7

*Helios Streaming, LLC v. Vudu, Inc.*,
    No. 19-1792-CFC-SRF, 2020 WL 2332045 (D. Del. May 11, 2020) .....................................8

*In re Bill of Lading*,
    681 F.3d 1323 (Fed. Cir. 2012)...............................................................................................7

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
    No. 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) ................................................5

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017)...............................................................................................8

*Mentor Graphics Corp. v. EVE-USA, Inc.*,
    851 F.3d 1275 (Fed. Cir. 2017)...............................................................................................1

*Reagent Chem. & Res., Inc. v. Eurotarget S.R.L.*,
    No. 1:16-cv-395, 2016 WL 8200435 (M.D. Penn. May 23, 2016) .........................................9

*Shire ViroPharma Inc. v. CSL Behring LLC*,
    No. 17-414, 2018 WL 326406 (D. Del. Jan. 8, 2018) ............................................................6

*Sicom Sys., Ltd. v. Agilent Techs., Inc.*,
    427 F.3d 971 (Fed. Cir. 2005)...............................................................................................10

*Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*,
    No. 17-1390-LPS-CJB, 2019 WL 8641303 (D. Del. Aug. 7, 2019) ...............................4, 5, 9

*Välinge Innovation AB v. Halstead New Eng. Corp.*,
    No. 16-1082-LPS-CJB, 2018 WL 2411218........................................................................4, 5

*Varian Med. Sys., Inc. v. Elekta AB*,
　　No. 15-871-LPS, 2016 WL 3748772 (D. Del. July 12, 2016) ................................................ 6, 7

*VLSI Tech. LLC v. Intel Corp.*,
　　No. 18-0966-CFC, 2020 WL 3488584 (D. Del. June 26, 2020) ................................................ 2

*Zimmer Surgical, Inc. v. Stryker Corp.*,
　　No. 16-679-RGA-MPT, 2017 WL 3736750 (D. Del. Aug. 30, 2017) .................................... 3, 5

I.     INTRODUCTION

Plaintiffs' Opposition (D.I. 189, **"Opp."**) does not demonstrate that the First Amended Complaint (D.I. 130, **"FAC"**) has overcome the pleading deficiencies identified by the Court (D.I. 110) and Talen's Motion to Dismiss (D.I. 174, **"MTD"**) regarding willfulness, inducement, joint and several liability, or the standing of MES.  Additionally, Plaintiffs did not address the improper joinder of Talen Defendants with the other Coal Plant Defendants under 35 U.S.C. § 299.  Plaintiffs have not disputed that any dismissal of the FAC should now be with prejudice.  *See* MTD at 20.

II.    ARGUMENT

### A.  Plaintiffs Have Not Plausibly Pleaded Willful Infringement

Regarding willful infringement, "[t]he relevant date for determining which conduct is pre-suit is the date of the patentee's affirmative allegation of infringement." *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1295 (Fed. Cir. 2017).  The pre-suit period for the '147 and '114 Patents is before "the filing of the original complaint on July 17, 2019" (Opp. at 3.), and the pre-suit period for "the additional patents" ('225, '517, and '430 Patents, which issued in March and June of 2020) is before the filing of the FAC on July 15, 2020.  Opp. at 1.  Neither pre-suit nor post-suit willful infringement have been plausibly pleaded.

#### 1.  Plaintiffs Have Not Plausibly Pleaded Pre-Suit Willful Infringement

Plaintiffs have not plausibly pleaded pre-suit willful infringement of the '114, '225, '517, and '430 Patents.  First, the FAC does not allege that any Talen Defendant had knowledge of the '114 Patent prior to the Original Complaint, or knowledge of the '225, '517, and '430 Patents prior to the June 29, 2020 Draft FAC.  MTD at 11–13.  At most, the FAC identifies interactions between ME2C and employees of PPL (Opp. at 6), none of which are pleaded to involve the '114, '225, '517, or '430 Patents.  Second, the Court already rejected the notion, and the FAC has not supported, that "Talen would have been cognizant of the fact the '114 patent issued in 2019 (a

1

mere eight days before this lawsuit was filed)." D.I. 110 at 12.  So too, it would be "rank speculation" to assume that any Talen Defendant learned of the '225, '517, and '430 Patents through portfolio monitoring.  MTD at 12–13; *see VLSI Tech. LLC v. Intel Corp.*, No. 18-0966-CFC, 2020 WL 3488584, at *5 (D. Del. June 26, 2020) (pre-suit willfulness not plausible based on "monitoring competition generally and about patents not asserted here").[1]  Accordingly, any allegations of pre-suit willfulness for the '225, '517, and '430 Patents should be dismissed.

The FAC also has not plausibly pleaded pre-suit willful infringement of the '147 Patent, because as with the Original Complaint, the FAC "lacks plausible allegations that the Talen Defendants knew or should have known that their conduct constituted infringement." *See* D.I. 110 at 12.  Plaintiffs do not dispute that "[m]ere knowledge of a patent does not equal knowledge of infringement, and mere overlap of an employee is not sufficient to even plead knowledge of the patent." MTD at 8.  And Plaintiffs fail to plead that PPL had pre-suit knowledge of infringement of the '147 Patent (or any live claims remaining therefrom), especially considering that since that alleged knowledge, Plaintiffs statutorily disclaimed the sole independent claim (claim 1) and dependent claims 2-15 and 21-25. Ex. 01  Plaintiffs further fail to address the Court's Order that a willfulness claim based on imputing knowledge from a predecessor-in-interest (PPL) is not plausible if it does not provide "details as to the nature of the relationship between those entities and [the named defendant]." MTD at 9; D.I. 110 at 11; *see* Ex. 02 at 8–9 (highlighting arguments that Plaintiff failed to address in the Opposition).  Accordingly, Plaintiffs again have failed to plausibly plead pre-suit willful infringement of the '147 Patent or any other patent-in-suit.

### 2. Plaintiffs Have Not Plausibly Pleaded Post-Suit Willful Infringement

---

[1] In its MTD, Talen inadvertently cited an earlier order from the same case: *VLSI Tech. LLC v. Intel Corp.*, CV 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019).

Recognizing the infirmities in their pre-suit willful infringement allegations, Plaintiffs focus their Opposition on post-suit willfulness. Acknowledging that "district courts continue to split on this and related issues," Judge Andrews has granted leave for Plaintiffs to amend a complaint to assert only post-suit willful infringement, but cautioned that the "allegations have to have some factual content." *Zimmer Surgical, Inc. v. Stryker Corp.*, No. 16-679-RGA-MPT, 2017 WL 3736750, at *2 (D. Del. Aug. 30, 2017). While the Court did not explicate the required level of factual content to be pleaded, it did cite cases from other courts regarding post-suit "factual content." *See id.* at *2 (citing *Cont'l Circuits LLC v. Intel Corp.*, No. CV16-2026 PHX DGC, 2017 WL 2651709, at *8 (D. Ariz. June 19, 2017); and *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 258 F. Supp. 3d 1013, 1027 (N.D. Cal. 2017)). "While some courts have found allegations of continued infringing activities sufficient to plead willfulness, such situations involved existing patents, coupled with multiple instances of express notice of the alleged infringement." *Cont'l Circuits*, 2017 WL 2651709, at *8–*9 (dismissing willfulness allegations in amended complaint and denying further leave to amend); *accord Apple Inc.*, 258 F. Supp. 3d at 1028 (supporting jury finding of pre-suit and post-suit willfulness based on the "continued sale of a copied product").

The FAC has not pleaded any such factual content to support post-suit willful infringement. Rather, the FAC relies on Talen Defendants not self-enjoining, and instead choosing to defend themselves in the litigation: (1) since the Original Complaint regarding the '147 and '114 Patents; and (2) during the 16 day period between the June 29, 2020 Draft FAC and the July 15, 2020 FAC asserting the newly issued '225, '430, and '417 Patents. Opp. at 3. The FAC relies on mere knowledge of the patents—including 3 patents that issued during the litigation—but does not plead anything "that transforms simple knowledge into" something "beyond typical infringement" that rises to the level of willful infringement. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923,

3

1935, 1936 (2016) (Breyer, J., concurring). "[A]llegations of knowledge alone are insufficient," and in the absence of any facts suggesting that "Defendants' actions go beyond those 'in a typical infringement case,'" allegations of post-suit willfulness cannot stand. *Cont'l Circuits*, 2017 WL 2651709, at *8–*9 (*quoting Halo*, 136 S. Ct. at 1932).

### a. The Original Complaint and Draft FAC Have Not Provided Sufficient Notice to Support a Claim for Post-Suit Willful Infringement

Plaintiffs do not dispute that it is insufficient to merely allege that defendants "knew of the asserted patents"; instead, a complaint must also allege that the defendants "knew or should have known that their conduct constituted infringement of those patents." D.I. 110 at 12; MTD at 8–9; *see also Välinge Innovation AB v. Halstead New Eng. Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (requiring Defendants have "notice of how it is that they were said to infringe the asserted patents"). The FAC fails to plead that either the Original Complaint or the Draft FAC gave each named Talen Defendant adequate notice of what acts allegedly constituted infringement.

The Original Complaint and the Draft FAC did not provide each named Talen Defendant with sufficient notice of the allegedly infringing acts for the '147 and '114 Patents because they failed to "identify any specific power plant owned by the Talen Defendants as infringing" and also failed to identify the infringing acts that each Talen Defendant was allegedly performing. MTD at 10; *see* D.I. 110 at 8 n.7 (Original Complaint "fail[s] to identify which entities within these Defendant groups have actually induced infringement"). Plaintiffs assert that this argument is waived (Opp. at 7), but Rule 12(g)(2) refers to a "defense or objection," and not an argument supporting a previously raised defense. Unlike the defendant in *Sunoco*, Talen Defendants **did** raise willful infringement in their original motion to dismiss. D.I. 51 at 8–10; *see Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*, No. 17-1390-LPS-CJB, 2019 WL 8641303, at *1, *3 (D. Del. Aug. 7, 2019) (for waiver to apply, the defense must have been

4

"available to the party but omitted from its earlier motion"). Talen Defendants' argument, that the Original Complaint failed to provide notice for new willful infringement claims asserted for the first time in the FAC, was unavailable prior to the filing of the FAC.

Plaintiffs attempt to sidestep the notice requirement for each Talen Defendant by arguing that Plaintiffs have "asserted method claims." Opp. at 7. But making the same generic assertions of infringement of method claims across all Talen Defendants fails to give each Talen Defendant notice of which configurations or processes allegedly infringe the Asserted Patents. For this reason, the *IOENGINE* case cited by Plaintiffs—which involved a single defendant (unlike 40 defendants, as in this case) and a specifically identified accused product—is inapposite, as the Court did not address whether the complaint itself provided adequate notice of what actions constituted the alleged infringement. *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 330515, at *7 (D. Del. Jan. 25, 2019). And as explained above and in the MTD, such notice is required to support a willfulness claim, but remains missing. MTD at 8.

### b. *The FAC Contains No Factual Allegations of Continuing Post-Suit Infringement*

Another fundamental flaw with the FAC's post-suit willfulness allegations is the absence of "facts plausibly showing" that, after each Talen Defendant obtained knowledge of the Asserted Patents, each Talen Defendant "infringed the patent [and] in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Välinge*, 2018 WL 2411218, at *13; *Sunoco*, 2019 WL 8641303, at *2. Plaintiffs plead the conclusion as to willfulness—in two paragraphs lumping together 40 defendants (FAC ¶¶ 223, 226)—but do not plead any *facts* supporting that conclusion. Allegations of post-suit willfulness "have to have some factual content." *Zimmer*, 2017 WL 3736750, at *2.

Regarding ongoing willful infringement, the FAC merely states that "Defendants continue

5

to commit acts of infringement despite a high likelihood that its actions constitute infringement" (FAC ¶ 223) and that "Defendants acts of infringement have been willful as of the date they became aware of the patented technology and the patent-in-suit." *Id.* ¶ 226. These are legal conclusions, not facts. Neither statement pleads a "factual basis" for claiming ongoing infringement by any particular Talen Defendant. For example, there are no allegations of copying (as in *Apple v. Samsung*), and no allegations of "multiple instances of express notice of the alleged infringement" (as in *Cont'l Circuits*). In fact, other than Talen Defendants' decision to defend themselves in this litigation, there are no factual allegations of post-suit conduct whatsoever.

Generically claiming that "Defendants," as a whole, "continue to commit acts of infringement" does not plausibly allege facts to support willful infringement against any specific named Talen Defendant (out of the 40 total Defendants in this case). This lumping "tends to obscure which Defendants are said to have done and known what, and when." *Varian Med. Sys., Inc. v. Elekta AB*, No. 15-871-LPS, 2016 WL 3748772, at *5 n.13 (D. Del. July 12, 2016). Accordingly, Plaintiffs' cited cases are inapposite. *See, e.g.*, *Shire ViroPharma Inc. v. CSL Behring LLC*, No. 17-414, 2018 WL 326406, at *4 (D. Del. Jan. 8, 2018) (detailed pleadings regarding a particular defendant's continued sale of a specifically identified product). Unlike the factually detailed pleadings in *Shire*, Plaintiffs have presented no facts to plausibly allege that Talen Defendants have engaged in any infringing activity after receiving either the Original Complaint or the Draft FAC. By concluding, without any factual support, that ***all*** 40 Defendants have continued to infringe post-suit, Plaintiffs "[i]n essence . . . allege[] that Defendants' decision to defend this case on the merits demonstrates willfulness." *Callwave Commc'ns LLC v. AT&T Mobility LLC*, No. 12-1788-RGA, 2014 WL 5363741, at *1 (D. Del. Jan. 28, 2014). Defending against an allegation of infringement is hardly conduct that "go[es] beyond those 'in a typical

6

infringement case.'"  *Cont'l Circuits*, at *8 (*quoting Halo*, 136 S. Ct. at 1932).  There is, indeed, no sound policy rationale in finding willfulness plausible here, or else every complaint for patent infringement would give rise to an amended complaint for post-suit willfulness a few weeks later.

### B.  Plaintiffs Have Not Adequately Pleaded Induced Infringement

Plaintiffs assert induced infringement against only Talen Energy Corporation (Opp. at 8; FAC ¶¶ 204-205), but have not pleaded that Talen Energy Corporation had pre-suit knowledge of any of the Asserted Patents.  Accordingly, pre-suit inducement should be dismissed.

Plaintiffs' assertions of post-suit inducement are also inadequate and should be dismissed.  The FAC does not plead which of the "other Talen entities" are being induced to directly infringe or how the actions of Talen Energy Corporation "encouraged another to infringe or necessarily resulted in infringement by another entity."  D.I. 110 at 8 n.7; *see* MTD at 14–15.  Plaintiffs respond that they have at least identified Talen Energy Corporation as the entity that "induces the other Talen entities to perform the steps of the patented methods."  Opp. at 8; FAC ¶ 204.  But whether Plaintiffs lump together Talen Defendants as inducers, or lump them as direct infringers, it remains problematically difficult to ascertain who is "said to have done and known what, and when."  *Varian*, 2016 WL 3748772, at *5 n.13.  Plaintiffs' allegation of inducement of "other Talen entities" does not indicate which interactions between Talen Energy Corporation and "other Talen entities" allegedly constitute infringement.

Rather than respond substantively, Plaintiffs instead rely on a misplaced waiver argument and outdated inducement law.  Waiver does not apply, because Talen Defendants explicitly raised this exact issue before the Court in its motion to dismiss the Original Complaint.  D.I. 51 at 11.  Plaintiffs next rely on *In re Bill of Lading*, stating that "a patentee need not identify any direct infringers by name," but the cited portion relies on the now abrogated Form 18.  Opp. at 8; *In re Bill of Lading*, 681 F.3d 1323, 1336 (Fed. Cir. 2012) (analyzing whether "the complaint in question

7

contains sufficient factual allegations to meet the requirements of Form 18"). Since the abrogation of Form 18 in 2015, the sufficiency of pleadings is governed by the *Twombly*/*Iqbal* plausibility standard, which Plaintiffs have failed to satisfy. *See* MTD at 13–15; *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1377 (Fed. Cir. 2017).

Additionally, Plaintiffs' assertion of induced infringement fails to allege that Talen Energy Corporation had the specific intent to induce infringement of the other Talen entities. As with the Original Complaint, Plaintiffs postulate that Talen Energy Corporation, as a parent corporation, "exercises control of the other Talen entities" but provides no response to the substance of Talen Defendants' argument that "providing technical, administrative, logistical and financial services to subsidiaries" and even negotiating agreements says nothing about Talen Energy Corporation's intent. MTD at 15. Indeed, the Court found that similar allegations in the Original Complaint did not allege "how such actions encouraged another to infringe or necessarily resulted in infringement by another entity." D.I. 110 at 8 n.7; D.I. 1 ¶¶ 150–51. The FAC still fails in "drawing a clear connection between the direct infringement" and Talen Energy Corporation's "efforts to encourage that infringement." *See Helios Streaming, LLC v. Vudu, Inc.*, No. 19-1792-CFC-SRF, 2020 WL 2332045, at *6 n.10 (D. Del. May 11, 2020); *see also id.* at *8 (holding that the "alleged provision of unspecified materials and/or services relating to the [accused products] [is] not enough to give rise to a reasonable inference" of specific intent). Plaintiffs have not disputed that "'the claimed methods require performance of both the Bromine Step and the Activated Carbon Step,' and the FAC fails to plead whether any alleged acts of inducement were specifically tied to either of these required steps." MTD at 15 n.6 (quoting D.I. 110 at 13).

### C. Plaintiffs Have Not Adequately Pleaded Joint and Several Liability Between Talen and the RC Defendants

Talen Defendants have not waived the argument that the FAC fails to plausibly allege joint

8

enterprise between any Talen Defendants and any of the 23 RC Defendants. Indeed, these grounds were not "available" at the time of its previous motion to dismiss. *Sunoco*, 2019 WL 8641303, at *3. The allegations of joint infringement were either modified since the Original Complaint (FAC ¶¶ 214, 217, and 220) or were entirely new. *Id.* ¶¶ 215, 218, and 221; *see* MTD at 16–17; Ex. 03 (comparison of paragraphs of Original Complaint to FAC). Also, Plaintiffs withdrew their allegations of joint and several liability between Talen Defendants and the other Coal Plant Defendants in response to the original motion to dismiss. D.I. 83 at 3; D.I. 110 at 6 n.6.

The facts pleaded in the FAC for joint enterprise rely on the Belle River Fuels contract—to which none of the Talen Defendants were a party. Opp. at 9–10; FAC ¶ 95. The FAC speculates that "other RC Defendants have similar knowledge and require similar contractual provisions" (FAC ¶ 95), but the FAC does not assert that Talen Defendants would agree to the same contractual terms as in the Belle River Fuels contract. *See id.* Also, the FAC has not pleaded that any relationship between Talen Defendants and the RC Defendants rises to the level where one party "ha[s] the direct ability to control or that it maintains a close relationship with through [their representative]" who owns the party being controlled. *See Reagent Chem. & Res., Inc. v. Eurotarget S.R.L.*, No. 1:16-cv-395, 2016 WL 8200435, at *5 (M.D. Penn. May 23, 2016). Nor has the FAC asserted that "all of the Defendants had equal control over the project" (MTD at 17) or "an equal right to a voice in the direction of the enterprise." D.I. 110 at 21.

### D. MES Lacks Standing to Sue for Infringement of Any of the Asserted Patents

Plaintiffs provide no substantive rebuttal to Talen Defendants' argument that MES lacks standing to sue for infringement of any of the Asserted Patents. MTD at 17–19; *see* Opp. at 10; *see* Ex. 02 at 17–19 (highlighting arguments that Plaintiff failed to address in the Opposition). Instead, Plaintiffs conclude that "MES Inc. has asserted an interest in the case," and "the Court may not assume" that MES's right to recover past damages terminated on April 24, 2017. Opp. at

10. But just because MES has *asserted* an interest, that does not mean that MES *has* an interest. As the "party bringing the action," it is MES that "bears the burden of establishing it has standing." *Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005). MES has not met this burden in the FAC. MTD at 17–19. Plaintiffs' citation to FED. R. CIV. P. 19 is inapposite because excluding MES cannot "impair or impede [it's] ability to protect" an interest it does not have.

### E. Plaintiffs Have Failed to Show That Joinder with the Other Coal Plant Defendants is Proper Under 35 U.S.C. § 299

The Talen Defendants have asserted that the "FAC contains no allegations that Talen Defendants are jointly and severally liable with any other ***Coal Plant Defendants***—the Vistra, AEP, or NRG entities." MTD at 19. Plaintiffs do not dispute this, instead devoting their entire response to a discussion of joinder with ***RC Defendants***. *See* Opp. at 10–11. The FAC has not pleaded—and the Opposition brief has not alleged—that any of the Coal Plant Defendants "suppl[y] an important aspect of the infringement to other Defendants." *See* Opp. at 10. And while Plaintiffs narrowly categorize Talen Defendants' motion "as a motion to dismiss" under FED. R. CIV. P. 21 (Opp. at 11), in actuality Talen Defendants filed a "Motion to Dismiss Plaintiffs' First Amended Complaint for Patent Infringement ***and For Severance***." D.I. 172 at 1. Plaintiffs have made no effort to support joinder between Talen Defendants, AEP, and NRG under 35 U.S.C. § 299, and severance from unrelated Coal Plant Defendants is appropriate. *See* Ex. 02 at 19–20 (highlighting arguments that Plaintiff failed to address in the Opposition).

### III. CONCLUSION

Talen Defendants respectfully request that the Court dismiss the claims for pre-suit and post-suit willful infringement and induced infringement, dismiss the claim of joint and several liability, and dismiss Plaintiff MES from the case. Such dismissal should be with prejudice. Finally, Talen Defendants request severance from the other Coal Plant Defendants.

*Of Counsel:*

Syed Fareed
Emily Pyclik
John C. Williams
**BAKER BOTTS L.L.P.**
98 San Jacinto, Suite 1500
Austin, Texas 78701
(512) 322-2500

David J. Tobin
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 1100
Dallas, Texas 75201
(214) 953-6869

Dated: September 10, 2020

*/s/ Thatcher A. Rahmeier*

**FAEGRE DRINKER BIDDLE & REATH LLP**
Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com

*Attorneys for Defendants Talen Energy Corporation, Brandon Shores LLC, Talen Generation, LLC, and H.A. Wagner LLC*

## CERTIFICATE OF SERVICE

I, Thatcher A. Rahmeier, hereby certify that on September 10, 2020, Talen Defendants' Reply Brief in Support of Motion to Dismiss Plaintiffs' First Amended Complaint and for Severance (D.I. 172) was electronically filed with the Clerk of the Court using CM/ECF, which sent notification to the registered attorney(s) of record that the document had been filed.

*/s/ Thatcher A. Rahmeier*

Dated:  September 10, 2020