# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MIDWEST ENERGY EMISSIONS CORP. and
MES INC.,

        Plaintiffs,

    v.

AEP GENERATION RESOURCES et al.,

        Defendants.

C.A. No. 19-1334 (RGA)

JURY TRIAL DEMANDED

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
## BY DEFENDANTS NRG ENERGY, INC., NRG TEXAS POWER LLC,
## MIDWEST GENERATION EME, LLC, AND MIDWEST GENERATION, LLC

*Of Counsel*:
Paul R. Morico
Elizabeth Durham Flannery
Ali Dhanani
Thomas B. Carter, Jr.
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002
(713) 229-1234
paul.morico@bakerbotts.com
liz.flannery@bakerbotts.com
ali.dhanani@bakerbotts.com
thomas.carter@bakerbotts.com

Frederick L. Cottrell, III (#2555)
Tyler E. Cragg (#6398)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Tel. (302) 651-7700
cottrell@rlf.com
cragg@rlf.com

*Attorneys for Defendants NRG Energy, Inc.,
NRG Texas Power LLC, Midwest Generation
EME, LLC, and Midwest Generation, LLC*

RLF1 23985190v.1

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   ME2C HAS NOT ADEQUATELY PLEAD WILLFUL INFRINGEMENT ................... 1

    A.    NRG has not Waived Dismissal of ME2C's Willful Infringement Claims ............ 1

    B.    ME2C Cannot Show that Any Specific NRG Entity Knew of the Asserted Patents and Infringing Acts ...................................................................................... 2

    C.    ME2C Ignores this Court's Requirement to Plead Pre-Suit Knowledge of Patents for Willful Infringement ................................................................................. 3

III.  ME2C HAS NOT ADEQUATELY PLED INDUCED INFRINGEMENT ...................... 5

IV.  ME2C HAS NOT ADEQUATELY PLED JOINT AND SEVERAL LIABILITY ........... 6

V.   NRG JOINS TALEN'S REPLY REGARDING ME2C'S FAILURE TO ESTABLISH MES HAS STANDING AND JOINDER OF UNRELATED DEFENDANTS UNDER SECTION 299 ................................................................................................... 8

VI.  CONCLUSION ................................................................................................... 8

RLF1 23985190v.1

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015).......................................................................................................7

*BioMerieux, S.A. v. Hologic, Inc.*,
   2018 WL 4603267 (D. Del. Sept. 25, 2018) ...................................................................................3

*Cont'l Circuits LLC v. Intel Corp.*,
   2017 WL 2651709 (D. Ariz. June 19, 2017) ...................................................................................4

*Leyse v. Bank of Am. Nat'l Ass'n*,
   804 F.3d 316 (3d Cir. 2015).............................................................................................................2

*Lyda v. CBS Corp.*,
   838 F.3d 1331 (Fed. Cir. 2016)........................................................................................................7

*M2M Sols., LLC v. Telit Commc'ns PLC*,
   2015 WL 4640400 (D. Del. Aug. 5, 2015) ......................................................................................6

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
   2014 WL 4675316 (D. Del. Sept. 19, 2014) ...................................................................................5

*Reagent Chem. & Research, Inc. v. Eurotarget S.R.L.*,
   2016 WL 8200435 (M.D. Pa. May 23, 2016)...................................................................................7

*State Indus., Inc. v. A.O. Smith Corp.*,
   751 F.2d 1226 (Fed. Cir. 1985)........................................................................................................4

*Sun-Tek Indus., Inc. v. Kennedy Sky Lites, Inc.*,
   988 F.2d 131 (Fed. Cir. 1993)..........................................................................................................3

*Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*,
   2019 WL 8641303 (D. Del. Aug. 7, 2019) ......................................................................................2

*Toshiba Corp. v. Imation Corp.*,
   681 F.3d 1358 (Fed. Cir. 2012)........................................................................................................5

*United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA*,
   316 F.3d 392 (3d Cir. 2003).............................................................................................................3

*Välinge Innovation AB v. Halstead New England Corp.*,
   2018 WL 2411218 (D. Del. May 29, 2018)......................................................................................4

RLF1 23985190v.1

*W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*,
   712 F.3d 165 (3d Cir. 2013)....................................................................................................2

ii

I.    INTRODUCTION

Plaintiffs Midwest Energy Emissions Corp. ("Midwest") and MES Inc. ("MES") (collectively, "ME2C") have not carried their burden of pleadings facts sufficient to make their claims plausible. ME2C's First Amended Complaint ("FAC") asserts claims of willful and induced infringement against the "NRG" entities collectively, but does not identify a single NRG entity that had knowledge of any Asserted Patent or allegedly infringing behavior. Instead of addressing this deficiency, ME2C argues that NRG somehow waived any challenge to its pleading of willfulness claims, despite substantial changes to those allegations in the FAC—including the addition of three more Asserted Patents. Neither the FAC nor ME2C's response explains how NRG is jointly and severally liable with Chem-Mod or any other defendant. The FAC also fails to overcome the pleading deficiencies regarding plaintiff MES's right to bring this lawsuit, which this Court already found deficient. Since ME2C has had multiple chances to correct these deficiencies and failed to do so, NRG's motion to dismiss should be granted with prejudice.

II.    ME2C HAS NOT ADEQUATELY PLEAD WILLFUL INFRINGEMENT

A.  NRG has not Waived Dismissal of ME2C's Willful Infringement Claims

Contrary to ME2C's assertions, NRG's joinder of the Talen and Vistra defendants' motions to dismiss ME2C's original Complaint does not preclude NRG from moving to dismiss ME2C's willfulness claims in the FAC. The original Complaint asserted only two of the five patents that ME2C now asserts that NRG willfully infringes, and so NRG cannot possibly have waived a motion to dismiss claims of willfully infringing the three previously-unasserted patents. As to the two originally-asserted patents, the original Complaint included only five short factual allegations regarding ME2C's interactions with NRG. *See* D.I. 1 at ¶¶ 133-137. In response to the dismissal of ME2C's willfulness allegations against other defendants, ME2C substantively changed its allegations

1

against NRG as well, alleging, for example, knowledge of infringement of the '114 and '147 Patents

as of the filing of the original Complaint and review of their file histories. D.I. 130 at ¶¶ 172, 173, &

224. NRG cannot have waived dismissal of claims based on new allegations of NRG's knowledge

and conduct regarding the '114 and '147 Patents, much less patents never previously asserted.

Further, this is NRG's first motion to dismiss regarding the FAC, which "supersedes the

original and renders it of no legal effect." *W. Run Student Hous. Assocs., LLC v. Huntington Nat.

Bank*, 712 F.3d 165, 171 (3d Cir. 2013). The *Sunoco* case that ME2C cites relies on the Third Circuit's

opinion in *Leyse*, which concerned successive motions to dismiss the plaintiff's original complaint—

not a first motion to dismiss an amended complaint. *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316,

319 (3d Cir. 2015); *see Sunoco Partners Mktg. & Terminals L.P. v. Powder Springs Logistics, LLC*,

2019 WL 8641303, at *3 (D. Del. Aug. 7, 2019) (citing *Leyse*, 804 F.3d at 320-22 & n.5).[1]

### B.  ME2C Cannot Show that Any Specific NRG Entity Knew of the Asserted Patents and Infringing Acts

ME2C does not dispute that the FAC lumps four separate entities into its definition of "NRG"

and makes no attempt to specify which individuals at which, if any, of these four different entities

ME2C allegedly interacted with. D.I. 130. ME2C instead makes generic, irrelevant arguments that

---

[1]     Notwithstanding the above, if the Court finds that NRG has waived its right to move to dismiss ME2C's claims of willful infringement on the '114 and '147 Patents under Rule 12(b), NRG requests that the Court consider that portion of NRG's motion, in the alternative, under Rule 12(c). Even when addressing multiple motions to dismiss for the same complaint, the Third Circuit acknowledged that a "district court's decision to consider a successive Rule 12(b)(6) motion to dismiss is usually harmless," and that creating the delay associated with requiring a defendant to file a Rule 12(c) motion "seems contrary to the purposes of Rule 12(g)(2)." *Leyse*, 804 F.3d at 321-22. Although "stringent application of Rule 12(g)(2) may motivate defendants to consolidate their arguments in a single pre-answer motion," this motivation primarily applies where defendants "know that the district court will not stay discovery while a post-answer Rule 12(c) is pending." *Id.* at 322 n.5. In contrast, discovery has already opened in this case, and requiring NRG to refile its motion to dismiss ME2C's willfulness claims under Rule 12(c) would only add unnecessary expense and waste judicial resources on an issue that can be easily decided now.

notice can be alleged "based on circumstantial evidence" or on "information and belief." D.I. 192 at 5. But ME2C fails to identify any specific NRG entity that ME2C notified of its allegedly-infringing activities prior to the filing of this lawsuit, whether "based on circumstantial evidence," on "information and belief," or otherwise. *See* D.I. 181 at 9. As discussed in NRG's opening brief, courts in this District have repeatedly held that pleadings of patent infringement claims against multiple defendants—even related corporate entities—do not properly state a claim where they allege infringing acts of the defendants as a group and fail to specify which defendant performed any particular alleged act. *See* D.I. 181 at 8 (collecting cases).

ME2C's other arguments regarding its willfulness pleadings, even if correct, fail to cure this fatal flaw. For example, ME2C cites *BioMerieux, S.A. v. Hologic, Inc.*, for the proposition that multiple entities can have knowledge of a patent "based on the close relationship between the entities." 2018 WL 4603267, at *5 (D. Del. Sept. 25, 2018); D.I. 192 at 5. In that case, however, the plaintiff alleged that one of the three entities had actual knowledge of the asserted patents. *BioMerieux*, 2018 WL 4603267, at *2. Thus, the court found it reasonable to infer that the other defendants also had knowledge of the asserted patents. *Id.* at *5. In contrast, ME2C has not alleged that ***any*** specific NRG entity had knowledge of ***any*** asserted patents.

### C.   ME2C Ignores this Court's Requirement to Plead Pre-Suit Knowledge of Patents for Willful Infringement

ME2C improperly attempts to alter the law of the case. *See United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA*, 316 F.3d 392, 397-98 (3d Cir. 2003) ("Courts apply the law of the case doctrine when their prior decisions in an ongoing case either expressly resolved an issue or necessarily resolved it by implication"); *Sun-Tek Indus., Inc. v. Kennedy Sky Lites, Inc.*, 988 F.2d 131 (Fed. Cir. 1993) ("[A] legal decision made at one stage of litigation . . . becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to

3

challenge that decision at a later time."). In particular, ME2C argues "[n]othing more is required at the pleading stage" than "that NRG received notice of the original patents and the acts constituting infringement at least as of the filing of the original complaint on July 17, 2019, and notice of the additional patents and acts constituting infringement at least when they received a draft of the FAC on June 29, 2020." D.I. 192 at 3. However, Judge Burke made clear that the Court "disagrees that a claim for willful infringement can stand if the defendant was unaware of the patent prior to the date that the complaint at issue was filed." D.I. 110 at n. 10 (collecting cases); *see Välinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *9-13 (D. Del. May 29, 2018) (dismissing willfulness claims in second amended complaint). ME2C's continued insistence that NRG could have willfully infringed its patents after the suit was filed is further belied by (1) NRG's multiple petitions for *inter partes* review of these patents filed before the FAC, each stating numerous reasons why the '114 and '147 Patent claims are invalid, and (2) ME2C's statutory disclaimer of the sole independent claim (claim 1) and majority of the dependent claims of the '147 Patent. Ex. 1 (excerpts from IPR petitions for '114 and '147 Patents); Ex. 2 (statutory disclaimer for '147 Patent).

Regarding the newly-asserted patents, ME2C cannot reasonably plead that NRG has willfully infringed patents that had not even issued when the suit was first filed, and of which NRG had no notice until ME2C announced less than a month before filing the FAC that it intended to add those patents to the lawsuit.[2] As courts in other jurisdictions have explained, "a pending continuation application and no allegations of notice" is not sufficient to support a claim of willfulness. *Cont'l*

---

[2]   NRG's good-faith belief that the '147 and '114 Patents are invalid, as evidenced in its petitions for *inter partes* review, also negates the possibility of any willful blindness to the newly-added patents, which ME2C itself has argued are similar to the previously-asserted patents. Ex. 3 (7/6/2020 J. Nemunaitis email).

4

*Circuits LLC v. Intel Corp.*, 2017 WL 2651709, at \*8 (D. Ariz. June 19, 2017) (citing *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985)).

## III.    ME2C HAS NOT ADEQUATELY PLED INDUCED INFRINGEMENT

ME2C ignores that nothing in the FAC alleges that NRG Energy, Inc., or any other specific NRG entity, "knowingly induced infringement and possessed specific intent to encourage ***another's*** infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (emphasis added). Even taken as true, ME2C's allegations that NRG Energy, Inc. "exercise[es] control over subsidiaries, provid[es] technical, administrative, logistical and financial services to subsidiaries, and/or negotiate[es] standard form or bulk agreements for products and services related to mercury control" do not show that it did so with the knowledge and specific intent that these actions would lead to infringement. D.I. 192 at 6 (quoting D.I. 120 at ¶ 130).

ME2C's argument that NRG Energy, Inc. was aware that it was inducing direct infringement "as of the filing of the original complaint and FAC" also fails, at least because the FAC's direct infringement allegation lumps the NRG entities in with the other "Coal Plant Defendants":

> 198. The Coal Plant Defendants each operate at least one coal-fired power plant where they combust coal in a combustion chamber with bromine and/or bromide that has been added to the coal and/or that has been provided to the combustion chamber, and where they inject a sorbent material comprising activated carbon downstream of the combustion chamber (the "Accused Coal Plants").

D.I. 130 at ¶ 198. At best, this allegation merely identifies the accused products, and does not explain how they infringe the Asserted Patents, which cannot support post-filing claims of induced infringement. *See Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, 2014 WL 4675316, at \*5 (D. Del. Sept. 19, 2014).

This allegation also improperly conflates multiple defendants as being direct infringers. To properly allege inducement, the plaintiff must identify "which particular Defendant or Defendants are

5

said to have" committed the requisite acts of direct infringement that the defendant in question allegedly induced. *Neology*, 2014 WL 4675316, at *7. As discussed above, the FAC not only groups the NRG entities together for direct infringement allegations, but further lumps them in with all "Coal Plant Defendants." *See* D.I. 130 at ¶ 198. ME2C's failure to identify the direct infringer that any NRG entity allegedly induces, therefore, is insufficient to plead induced infringement. *See M2M Sols., LLC v. Telit Commc'ns PLC*, 2015 WL 4640400, at *4 (D. Del. Aug. 5, 2015) ("Referring to both Defendants under one single term, Plaintiff has not pled a plausible inducement claim against Telit UK as a result.").

## IV.   ME2C HAS NOT ADEQUATELY PLED JOINT AND SEVERAL LIABILITY

ME2C again argues that NRG waived its right to file a motion to dismiss ME2C's claims of joint and several liability. D.I. 192 at 7. However, NRG joined the Talen defendants' motion to dismiss the original Complaint's only assertion of joint and several liability with regards to NRG— that NRG, Vistra, and Talen were jointly and severally liable. *See* D.I. 53; D.I. 51 at 12-13 (moving to dismiss ME2C's claim of joint and several liability in paragraph 174 of the original Complaint). In response, ME2C amended the pertinent paragraphs to instead allege joint and several liability between Chem-Mod and each of NRG, Vistra, and Talen. as shown in the below redline.

> ~~174~~232.   →   At least Defendants Vistra, NRG, and Talen have owned and/or operated Accused Coal Plants using Chem-Mod products to directly infringe the patents-in-suit and thus Vistra is jointly and severally liable with Chem-Mod, NRG is jointly and severally liable with Chem-Mod, and Talen is jointly and severally liable with Chem-Mod~~they are jointly, severally, and/or in the alternative liable with Chem-Mod~~ with respect to those plants.¶

D.I. 1, ¶ 174 D.I. 130, ¶ 232; *see also* D.I. 110 at 8, n.6 (noting that ME2C informed the Court "that they are not asserting claims of joint and several liability" between Vistra, Talen, and NRG). NRG cannot have waived its right to challenge this fundamentally different allegation.

6

Neither the FAC nor ME2C's response explains how NRG is jointly and severally liable with Chem-Mod. Instead, ME2C argues about joint enterprise involving the Refined Coal Defendants, D.I. 192 at 7-9, which is irrelevant to any joint and several liability between NRG and Chem-Mod. *See* D.I. 130, ¶ 232. Because ME2C fails to provide any factual legal or legal explanation supporting its claim of joint and several liability between NRG and Chem-Mod, ME2C's claims of joint and several liability against NRG should be dismissed. *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) ("A claim of joint infringement . . . requires pleading facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party.").

The FAC does not include NRG in any of its other joint and several liability claims. Even if it had, ME2C has not shown ***both*** "(2) a common purpose to be carried out" and "(3) a community of pecuniary interest in that purpose." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015). ME2C claims an alleged "common purpose and pecuniary interest of benefiting from section 45 tax credits," but discusses (for a full page) a Belle River Fuels LLC contract that doesn't involve NRG at all. D.I. 192 at 8. Nor does ME2C allege that NRG is a party to any similar contract. ME2C argues that NRG "shares in the benefits of those tax credits," D.I. 192 at 9, but nothing in the FAC relating to such benefits makes any mention of NRG or even the broader "Coal Plant Defendants" group. *See* D.I. 130 at ¶¶ 115, 214, 217, 220. Contrary to ME2C's attorney arguments, the FAC does not allege how NRG shares in this alleged "common purpose and pecuniary interest."

While ME2C asserts that "one set of facts may be relied upon to satisfy multiple elements of a legal test," the *Reagant* opinion that ME2C cites for that proposition is distinguishable. *See* D.I. 192

7

at 9 (citing *Reagent Chem. & Research, Inc. v. Eurotarget S.R.L.*, 2016 WL 8200435, at *6 (M.D. Pa. May 23, 2016)). There, the court found a "common purpose of facilitating a shooting activity" and "a pecuniary interest, insomuch as the shooting facilities generate profits from their customers' dues and/or payments to use the facilities." *Reagent*, 2016 WL 8200435 at *6. Thus, the court found a common purpose (i.e., facilitating a shooting activity) that led to, but nonetheless was separate from, a pecuniary interest (i.e., profits from dues and payments). In contrast, ME2C has not alleged a common purpose that leads to a separate pecuniary interest, but rather admits that it has merged the two factors contrary to the law: "the parties to the agreement share *the common purpose and pecuniary interest of benefiting from Section 45 tax credits*." D.I. 192 at 8 (emphasis added).

V.    **NRG JOINS TALEN'S REPLY REGARDING ME2C'S FAILURE TO ESTABLISH MES HAS STANDING AND JOINDER OF UNRELATED DEFENDANTS UNDER SECTION 299**

Defendants Talen Energy Corporation, Brandon Shores LLC, Talen Generation LLC, and H.A. Wagner LLC's (collectively, "Talen") also filed a Motion to Dismiss the FAC pursuant to FED. R. CIV. P. 12(b)(6) (D.I. 174) (the "Talen Motion to Dismiss"). NRG joined the portions of the Talen Motion to Dismiss regarding the First Amended Complaint's failure to establish that MES Inc. is a "patentee" under Section 281 and failure to provide sufficient basis for joinder of eight unrelated groups of defendants. NRG hereby joins in the portions of Talen's Reply In Support of Motion to Dismiss (D.I. 202) (the "Talen Reply") that relate to these issues. NRG agrees with and incorporates by reference the factual and legal arguments in the Talen Reply.

VI.    **CONCLUSION**

For the reasons set forth above and in NRG's opening brief (D.I. 181), NRG respectfully requests that the Court dismiss Plaintiffs' claims against NRG for willful infringement, against NRG Energy, Inc. for inducement of infringement, and against NRG for joint and several liability with

RLF1 23985190v.1

other defendant groups with prejudice. For the reasons set forth above and in Talen's motion to dismiss, NRG also requests that this Court dismiss Plaintiff MES Inc. from the FAC with prejudice and sever the NRG defendants into a separate action under 35 U.S.C. § 299.

<table>
<tr><td></td><td>RICHARDS, LAYTON & FINGER, PA</td></tr>
</table>

Dated: September 10, 2020

/s/ Frederick L. Cottrell, III

OF COUNSEL:

Frederick L. Cottrell, III (#2555)
Tyler E. Cragg (#6398)

Paul R. Morico
Elizabeth Durham Flannery
Ali Dhanani
Thomas B. Carter, Jr.
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002
(713) 229-1234
paul.morico@bakerbotts.com
liz.flannery@bakerbotts.com
ali.dhanani@bakerbotts.com
thomas.carter@bakerbotts.com

One Rodney Square
920 N. King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
cragg@rlf.com

*Attorneys for Defendants NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME, LLC, and Midwest Generation, LLC*

9