Exhibit 1

UNITED STATES PATENT AND TRADEMARK OFFICE

PATENT TRIAL AND APPEAL BOARD

---

NRG Energy, Inc.,
Talen Energy Corporation, and
Vistra Energy Corp.

Petitioners

v.

Midwest Energy Emissions Corp.

Patent Owner

---

IPR2020-00832
Patent No. 10,343,114

**PETITION FOR *INTER PARTES* REVIEW**

# **TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................1

II.    MANDATORY NOTICES UNDER 37 C.F.R. §42.8(a)(1) ......................1

    A.  Real Party-In-Interest under 37 C.F.R. §42.8(b)(1)....................1

    B.  Related Matters under 37 C.F.R. §42.8(b)(2) ............................6

    C.  Lead and Back-Up Counsel under 37 C.F.R. §42.8(b)(3) .........8

    D.  Service Information under 37 C.F.R. §42.8(b)(4) ......................9

    E.  Fees..........................................................................................9

III.   REQUIREMENTS FOR *INTER PARTES* REVIEW UNDER 37
    C.F.R. §42.104 ..................................................................................9

    A.  Standing...................................................................................9

    B.  Asserted References and Prior-Art Status.................................9

    C.  Identification of Challenged Claims ........................................10

    D.  The Board Should Not Deny Institution .................................11

IV.    OVERVIEW ......................................................................................12

    A.  Level of Ordinary Skill ...........................................................12

    B.  The Alleged Invention of the '114 Patent................................12

    C.  Prosecution History of the '114 Patent ...................................13

    D.  State of the Art .......................................................................15

V.     CLAIM CONSTRUCTION .................................................................20

VI.    The '114 Priority Date is No Earlier Than May 14, 2018 .........................20

    A.  PO Carries the Burden in Demonstrating Priority ...................21

    B.  Passages Cited During Prosecution for Written Description
       Support Were Either Added In 2018 or Do Not Provide Support..........23

    C.  PO Cannot Rely on the Provisional for Support......................26

    D.  There is No Support for the '114 Patent Claims in Intervening
       Applications Between the Provisional and the '114 Patent....................33

VII.   GROUND 1: CLAIMS 1-2, 4-9, 12-28, 30 ARE OBVIOUS OVER
    SJOSTROM IN VIEW OF ECKBERG ...................................................36

    A.  Overview of Ex[1010] ("Sjostrom").......................................36

B.   Overview of Ex[1011] ("Eckberg") ................................................. 37

C.   Prior Art Status of Sjostrom and Eckberg ................................. 39

D.   Reasons to Combine References ................................................. 42

E.   Claim 1 ....................................................................................... 44

F.   Claims Depending from Claim 1 ................................................ 54

G.   Claim 23 ..................................................................................... 66

H.   Claim 24 ..................................................................................... 66

I.   Claim 25 ..................................................................................... 68

J.   Claims Depending from Claim 25 .............................................. 68

VIII.   GROUND 2: CLAIMS 1-9 and 12-30 ARE OBVIOUS OVER
SJOSTROM IN VIEW OF OLSON-646 ........................................ 69

A.   Overview of Ex[1014] ("Olson-646") ........................................ 70

B.   Reasons to Combine References ................................................. 74

C.   Claim 1 ....................................................................................... 76

D.   Claims Depending from Claim 1 ................................................ 82

E.   Claim 24 ..................................................................................... 91

F.   Claim 25 ..................................................................................... 92

G.   Claims Depending from Claim 25 .............................................. 93

IX.   CONCLUSION ................................................................................ 98

Petition for IPR2020-00832
USP 10,343,114

## IX.   <u>CONCLUSION</u>

Petitioners respectfully request that *inter partes* review of the '114 Patent be institued and that the Challenged Claims be cancelled as unpatentable under 35 U.S.C. §318(b).

Respectfully submitted,

BAKER BOTTS L.L.P.


April 21, 2020_____
Date

/Brian W. Oaks/_____
Brian W. Oaks (Reg. 44,981)
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Phone: (512) 322-5470

David J. Tobin (Reg. 60,776)
2001 Ross Avenue, Suite 900
Dallas, TX 75201-2980

Elizabeth D. Flannery (Reg. 59,509)
Thomas B. Carter Jr. (Reg. 76,040)
910 Louisiana Street
Houston, Texas 77002-4995

ATTORNEYS FOR PETITIONERS

98

UNITED STATES PATENT AND TRADEMARK
OFFICE

PATENT TRIAL AND APPEAL BOARD

---

NRG Energy, Inc.,
Talen Energy Corporation, and
Vistra Energy Corp.

Petitioners

v.

Midwest Energy Emissions Corp.

Patent Owner

---

IPR2020-00834
Patent No. 10,343,114

**PETITION FOR *INTER PARTES* REVIEW**

## **TABLE OF CONTENTS**

I.      INTRODUCTION ....................................................................1

II.     MANDATORY NOTICES UNDER 37 C.F.R. §42.8(a)(1) ........................1

    A.   Real Party-In-Interest under 37 C.F.R. §42.8(b)(1)....................1

    B.   Related Matters under 37 C.F.R. §42.8(b)(2) .........................6

    C.   Lead and Back-Up Counsel under 37 C.F.R. §42.8(b)(3) ..............8

    D.   Service Information under 37 C.F.R. §42.8(b)(4) ....................9

    E.   Fees......................................................................9

III.    REQUIREMENTS FOR IPR UNDER 37 C.F.R. §42.104 .......................9

    A.   Standing...............................................................9

    B.   Asserted References and Prior-Art Status............................9

    C.   Identification of Challenged Claims ...............................10

    D.   The Board Should Not Deny Institution .............................11

IV.     OVERVIEW ......................................................................14

    A.   Level of Ordinary Skill ............................................14

    B.   The Alleged Invention of the '114 Patent............................14

    C.   Prosecution History of the '114 Patent .............................15

    D.   State of the Art ......................................................17

V.      CLAIM CONSTRUCTION ......................................................22

VI.     GROUND 1: CLAIMS 23-28, 30 ARE ANTICIPATED BY
    VOSTEEN ........................................................................22

    A.   Overview of Ex[1008] ("Vosteen") ..................................22

    B.   Claim 25 ...............................................................22

    C.   Claims Depending from Claim 25 ....................................26

    D.   Claim 23 ...............................................................28

    E.   Claim 24 ...............................................................29

VII.    GROUND 2: CLAIMS 1-9, 12-30 ARE OBVIOUS OVER
    VOSTEEN ........................................................................29

    A.   Claims Addressed in Ground 1 ......................................30

B. Claim 29: "The Method of Claim 25, Wherein the mercury-containing gas comprises about 1 g to about 30 g of the element bromine per 100 g of the sorbent" ...........................32

C. Claim 1 ..............................................................................33

D. Claims Depending from Claim 1 ........................................35

VIII. GROUND 3: CLAIMS 23, 25-27, 30 ARE ANTICIPATED BY DOWNS-BOILER............................................................................44

A. Overview of Ex[1006] ("Downs-Boiler") ..........................44

B. Claim 25 ............................................................................45

C. Claims Depending from Claim 25 ......................................49

D. Claim 23 ............................................................................49

IX. GROUND 4: CLAIMS 1-7, 12-28, 30 ARE OBVIOUS OVER DOWNS-BOILER............................................................................50

A. Claims Addressed in Ground 3 ..........................................51

B. Claim 1 ..............................................................................51

C. Claims Depending from Claim 1 ........................................54

D. Claim 24 ............................................................................64

E. Claim 28 ............................................................................67

X. GROUNDS 5-6: OBVIOUSNESS Of THE CLAIMS IN VIEW OF EPA-PROPOSAL.........................................................................67

A. Overview of EPA-Proposal.................................................67

B. Reasons to Combine Each Reference with EPA-Proposal ....68

C. Disclosure of Vosteen in View of EPA-Proposal, and Downs-Boiler in View of EPA-Proposal.............................69

XI. GROUNDS 7-8: OBVIOUSNESS Of THE CLAIMS IN VIEW NELSON ....................................................................................74

A. Overview of Ex[1012] ("Nelson")......................................75

B. Reasons to Combine Each Reference With Nelson...............76

C. Disclosure of Vosteen in View of Nelson, and Downs-Boiler in View of Nelson ...................................................78

XII. CONCLUSION ........................................................................87

Petition for IPR2020-00834
USP 10,343,114

Respectfully submitted,

BAKER BOTTS L.L.P.

| April 21, 2020 | /Brian W. Oaks/ |
|---|---|
| Date | Brian W. Oaks (Reg. 44,981) |
| | 98 San Jacinto Blvd., Suite 1500 |
| | Austin, Texas 78701 |
| | Phone: (512) 322-5470 |
| | |
| | David J. Tobin (Reg. 60,776) |
| | 2001 Ross Avenue, Suite 900 |
| | Dallas, TX 75201-2980 |
| | |
| | Elizabeth D. Flannery (Reg. 59,509) |
| | Thomas B. Carter, Jr. (Reg. 76,040) |
| | 910 Louisiana Street |
| | Houston, Texas 77002-4995 |
| | |
| | ATTORNEYS FOR PETITIONERS |

UNITED STATES PATENT AND TRADEMARK
OFFICE

PATENT TRIAL AND APPEAL BOARD

---

NRG Energy, Inc.,
Talen Energy Corporation, and
Vistra Energy Corp.

Petitioners

v.

Midwest Energy Emissions Corp.

Patent Owner

---

IPR2020-00926
Patent No. 8,168,147

# PETITION FOR *INTER PARTES* REVIEW

## TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................1

II.    MANDATORY NOTICES UNDER 37 C.F.R. §42.8(a)(1)...........................1

    A.     Real Party-In-Interest under 37 C.F.R. §42.8(b)(1) ..............................1

        1.     Additional Potential Real Parties in Interest Identified by Talen................................................................................ 2

        2.     Additional Potential Real Parties in Interest Identified by Vistra ............................................................................... 4

        3.     Additional Potential Real Parties in Interest Identified by NRG ................................................................................ 6

    B.     Related Matters under 37 C.F.R. §42.8(b)(2) ......................................6

    C.     Lead and Back-Up Counsel under 37 C.F.R. §42.8(b)(3) ...................8

    D.     Service Information under 37 C.F.R. §42.8(b)(4)................................8

    E.     Fees....................................................................................................9

III.   REQUIREMENTS FOR IPR UNDER 37 C.F.R. §42.104...........................9

    A.     Standing .............................................................................................9

    B.     Asserted References and Prior-Art Status............................................9

    C.     Identification of Challenged Claims ..................................................10

    D.     The Board Should Not Deny Institution ............................................10

IV.    OVERVIEW ......................................................................................13

    A.     Level of Ordinary Skill .....................................................................13

    B.     The Alleged Invention of the '147 Patent ..........................................13

    C.     Prosecution History of the '147 Patent ..............................................14

    D.     State of the Art .................................................................................16

        1.     Coal-Fired Plants..................................................................... 16

        2.     EPA Regulations ...................................................................... 17

        3.     Mercury Removal Using Activated Carbon and Halogens ..... 17

Petition for IPR2020-00926
USP 8,168,147

V.     CLAIM CONSTRUCTION ...............................................................20

VI.    GROUND 1: CLAIMS 1-2, 4-6, 9-17, AND 20-24 ARE OBVIOUS
       OVER NELSON IN VIEW OF OLSON-PAPER ...................................20

       A.    Overview of Ex[1012] ("Nelson") ....................................................20

       B.    Overview of Ex[1079] ("Olson-Paper") ...........................................22

       C.    Reasons to Combine References ........................................................27

       D.    Claim 1 ..............................................................................................30

             1.    1(Preamble) —"A method for separating mercury from a
                   mercury containing gas comprising:" ......................................30

             2.    Elements 1(a)(1)-1(a)(2) ..........................................................30

             3.    Elements 1(a)(3)-1(a)(4) ..........................................................34

             4.    Element 1(b) —"chemically reacting elemental mercury in
                   the mercury containing gas with the promoted brominated
                   sorbent to form a mercury/sorbent chemical composition"..... 39

             5.    Element 1(c)—"separating particulates from the mercury
                   containing gas, the particulates including ash and the
                   mercury/sorbent chemical composition." ............................... 41

       E.    Dependent Claims .............................................................................42

             1.    Claim 2: "the bromine containing promoter is in gaseous
                   form." ......................................................................................42

             2.    Claim 4: "the carbocation paired with a bromide anion
                   chemically react with elemental mercury form the
                   mercury/sorbent composition."................................................ 42

             3.    Claim 5: "at least a portion of the basic binding sites of the
                   activated carbon reacts with oxidized mercury in the
                   mercury containing gas to form another mercury/sorbent
                   chemical composition."............................................................ 42

             4.    Claim 6. "the step of separating particulates from the
                   mercury containing gas comprises separating in a
                   particulate separator comprising one or more electrostatic
                   precipitators."........................................................................... 46

             5.    Claims 9-10:.............................................................................. 46

             6.    Claims 11-12 ............................................................................ 47

7.     Claims 13-14: ............................................................. 48

8.     Claim 15. "the step of promoting at least a portion of the available sorbent material occurs at least partially outside of the mercury containing gas." ............................... 49

9.     Claim 16. "the promoted brominated sorbent combines with at least 70% of the mercury present in the mercury containing gas." ......................................................... 49

10.    Claim 17 .................................................................... 51

11.    Claim 20. "A method according to claim 17, wherein the promoter injection rate and the sorbent injection rate into the gas are determined at least in part on the monitored mercury content of the cleaned gas." ........................ 55

12.    Claim 21. "A method according to claim 1, wherein the composition of the promoted sorbent is controlled by the mercury content of the cleaned gas stream." ........................ 57

13.    Claims 22-24:  "the bromine containing promoter comprises [cl. 22: at least one of HBr, PBr3, or Br$_2$] [cl. 23: molecular bromine] [cl. 24: a bromine compound]" ......... 59

VII.  GROUND 2: Claims 11-12 and 17-20 Are Obvious Over NELSON IN VIEW OF OLSON-PAPER AND LISSIANSKI-PATENT ................... 59

A.    Overview of Ex[1036] ("Lissianski-Patent") .................................... 60

B.    Reasons to Combine References ........................................................ 61

1.    Enhanced NOx Removal ........................................................ 65

2.    Enhanced Mercury Removal ................................................... 66

C.    Teachings of Nelson, Olson-Paper, and Lissianski-Patent ................ 68

1.    Claims 11-12 ....................................................................... 68

2.    Claims 17-18 ....................................................................... 69

3.    Claim 19. "A method according to claim 18, wherein the gas stream is a transport gas." ....................................... 78

4.    Claim 20: "A method according to claim 17, wherein the promoter injection rate and the sorbent injection rate into the gas are determined at least in part on the monitored mercury content of the cleaned gas" ....................... 78

VIII.  GROUND 3: CLAIMS 1-2, 4-6, 11-12, 15-16, and 21-24 ARE
       OBVIOUS OVER DOWNS-HALOGENATION IN VIEW OF
       OLSON-PAPER ........................................................................81

       A.    Overview of Ex[1015] ("Downs-Halogenation") ..............81

       B.    Reasons to Combine Downs-Halogenation with Olson-Paper ..........84

       C.    Claim 1 ....................................................................87

             1.    1(Preamble)—"A method for separating mercury from a
                   mercury containing gas comprising:" ....................... 87

             2.    Elements 1(a)(1)-1(a)(2) ......................................... 87

             3.    Elements 1(a)(3)-1(a)(4) ......................................... 90

             4.    Element 1(b) —"chemically reacting elemental mercury in
                   the mercury containing gas with the promoted brominated
                   sorbent to form a mercury/sorbent chemical composition"..... 94

             5.    Element 1(c)—"separating particulates from the mercury
                   containing gas, the particulates including ash and the
                   mercury/sorbent chemical composition." ................................. 95

       D.    Dependent Claims ................................................................96

             1.    Claim 2: "the bromine containing promoter is in gaseous
                   form." ...................................................................... 96

             2.    Claim 4: "the carbocation paired with a bromide anion
                   chemically react with elemental mercury form the
                   mercury/sorbent composition." ................................... 96

             3.    Claim 5: "at least a portion of the basic binding sites of the
                   activated carbon reacts with oxidized mercury in the
                   mercury containing gas to form another mercury/sorbent
                   chemical composition." ................................................ 97

             4.    Claim 6. "the step of separating particulates from the
                   mercury containing gas comprises separating in a
                   particulate separator comprising one or more electrostatic
                   precipitators." ............................................................. 98

             5.    Claims 11-12 ................................................................ 98

             6.    Claim 15. "the step of promoting at least a portion of the
                   available sorbent material occurs at least partially outside
                   of the mercury containing gas." ........................................ 99

7.      Claim 16. "the promoted brominated sorbent combines
        with at least 70% of the mercury present in the mercury
        containing gas.".............................................................. 101

8.      Claim 21. "the composition of the promoted sorbent is
        controlled by the mercury content of the cleaned gas
        stream." ........................................................................ 102

9.      Claims 22-24: "the bromine containing promoter
        comprises [cl. 22: at least one of HBr, PBr3, or Br$_2$] [cl.
        23: molecular bromine] [cl. 24: a bromine compound]" ....... 105

IX.    GROUND 4: Claims 17-20 Are Obvious Over DOWNS-
       HALOGENATION IN VIEW OF OLSON-PAPER AND
       LISSIANSKI-PATENT ...........................................................105

       A.    Reasons to Combine References ......................................105

       B.    Teachings of Downs-Halogenation, Olson-Paper, and
             Lissianski-Patent ..........................................................109

             1.    Claim 17 ................................................................ 110

             2.    Claims 18-19 ......................................................... 116

             3.    Claim 20. "A method according to claim 17, wherein the
                   promoter injection rate and the sorbent injection rate into
                   the gas are determined at least in part on the monitored
                   mercury content of the cleaned gas."................................... 118

X.     CONCLUSION..........................................................................122

## X.    **CONCLUSION**

Petitioners respectfully request that IPR be instituted and that the Challenged

Claims be cancelled as unpatentable under 35 U.S.C. §318(b).

Respectfully submitted,
BAKER BOTTS L.L.P.


May 27, 2020 _____                       /Brian W. Oaks/ _____
Date                                      Brian W. Oaks (Reg. 44,981)
                                          98 San Jacinto Blvd., Suite 1500
                                          Austin, Texas 78701
                                          Phone: (512) 322-5470

                                          LEAD ATTORNEY FOR PETITIONERS

UNITED STATES PATENT AND TRADEMARK
OFFICE

PATENT TRIAL AND APPEAL BOARD

---

NRG Energy, Inc.,
Talen Energy Corporation, and
Vistra Energy Corp.

Petitioners

v.

Midwest Energy Emissions Corp.

Patent Owner

---

IPR2020-00928
Patent No. 8,168,147

# PETITION FOR *INTER PARTES* REVIEW

# **TABLE OF CONTENTS**

**Page**

TABLE OF CONTENTS.................................................................................. i

TABLE OF EXHIBITS ............................................................................... vii

I.     INTRODUCTION ...............................................................................1

II.    MANDATORY NOTICES UNDER 37 C.F.R. §42.8(a)(1)...........................1

     A.     Real Party-In-Interest under 37 C.F.R. §42.8(b)(1) .............................1

          1.     Additional Potential Real Parties in Interest Identified by Talen...................................................................................2

          2.     Additional Potential Real Parties in Interest Identified by Vistra....................................................................................4

          3.     Additional Potential Real Parties in Interest Identified by NRG ...................................................................................6

     B.     Related Matters under 37 C.F.R. §42.8(b)(2) .................................6

     C.     Lead and Back-Up Counsel under 37 C.F.R. §42.8(b)(3) .................8

     D.     Service Information under 37 C.F.R. §42.8(b)(4)............................8

     E.     Fees.............................................................................................9

III.    REQUIREMENTS FOR IPR UNDER 37 C.F.R. §42.104...........................9

     A.     Standing.......................................................................................9

     B.     Asserted References and Prior-Art Status........................................9

     C.     Identification of Challenged Claims ..............................................10

     D.     The Board Should Not Deny Institution .........................................10

IV.    OVERVIEW ...................................................................................11

     A.     Level of Ordinary Skill ...............................................................11

     B.     The Alleged Invention of the '147 Patent .......................................11

     C.     Prosecution History of the '147 Patent ..........................................12

     D.     State of the Art ...........................................................................15

          1.     Coal-Fired Plants.................................................................15

          2.     EPA Regulations .................................................................16

      3.      Mercury Removal Using Activated Carbon and Halogens ......16

V.     CLAIM CONSTRUCTION ...............................................................19

VI.    The Priority Date For Claims 18-19 Is No Earlier Than April 6, 2009 ........19

    A.     PO Carries the Burden in Demonstrating Priority .............................20

    B.     PO Cannot Rely on the Provisional For Support ...............................22

          1.      The Contents of the Provisional Were Not Present in Any
                Intervening Application ............................................................22

          2.      No Disclosure of Claims 18-19 in Provisional ........................25

    C.     There is No Disclosure Supporting Claims 18-19 In Intervening
          Applications Between the Provisional and the '147 Patent ...............28

VII.   GROUND 1: Claims 18-19 Are obvious over Lissianski-Presentation
      in view of Olson-646 ...............................................................................34

    A.     Overview of Ex[1011] ("Lissianski-Presentation")...........................34

    B.     Prior Art Status of Lissianski-Presentation ......................................35

    C.     Overview of Ex[1014] ("Olson-646") ...............................................39

    D.     Prior Art Status of Olson-646............................................................42

    E.     Reasons to Combine References .........................................................42

    F.     Claim 1 ..............................................................................................47

          1.      Claim 1: Preamble—"A method for separating mercury
                from a mercury containing gas comprising:" ..........................47

          2.      Element 1(a)(1)—"promoting at least a portion of a
                particulate sorbent material comprising activated carbon
                by chemically reacting the sorbent material with a
                bromine containing promoter to form a promoted
                brominated sorbent,"..................................................................51

          3.      Element 1(a)(2) —"wherein the bromine containing
                promoter is in gaseous form, vapor form, or non-aqueous
                liquid form,"..............................................................................58

          4.      Element 1(a)(3) —"the activated carbon contains
                graphene sheets having carbene species edge sites"................59

          5.      Element 1(a)(4) —"which react with the bromine
                containing promoter to form a carbocation paired with a

bromide anion in the promoted brominated sorbent for
oxidation of the mercury;" ................................................................... 61

6.    Element 1(b) —"chemically reacting elemental mercury
in the mercury containing gas with the promoted
brominated sorbent to form a mercury/sorbent chemical
composition;" .............................................................................. 62

7.    Element 1(c) —"separating particulates from the mercury
containing gas, the particulates including ash and the
mercury/sorbent chemical composition." ................................. 65

G.    Dependent Claims ................................................................ 68

1.    Claim 17 .............................................................................. 68

2.    Claim 18. "A method according to claim 17, wherein the
gas stream is a mercury containing gas." ................................. 74

3.    Claim 19. "A method according to claim 18, wherein the
gas stream is a transport gas." ................................................. 75

VIII.  Ground 2: Claims 18-19 Are Obvious Over Sjostrom in view of
Olson-646 ................................................................................. 75

A.    Overview of Ex[1010] ("Sjostrom") ................................... 75

B.    Prior Art Status of Sjostrom ................................................ 78

C.    Reasons to Combine References .......................................... 80

D.    Claim 1 ................................................................................ 84

1.    Preamble —"A method for separating mercury from a
mercury containing gas comprising:" ...................................... 84

2.    Element 1(a)(1) —"promoting at least a portion of a
particulate sorbent material comprising activated carbon
by chemically reacting the sorbent material with a
bromine containing promoter to form a promoted
brominated sorbent," ............................................................... 85

3.    Element 1(a)(2) —"wherein the bromine containing
promoter is in gaseous form, vapor form, or non-aqueous
liquid form," ............................................................................. 90

4.    Element 1(a)(3)—"wherein the activated carbon contains
graphene sheets having carbene species edge sites" ................ 91

Petition for IPR2020-00928
USP 8,168,147

5.      Element 1(a)(4) —"which react with the bromine
        containing promoter to form a carbocation paired with a
        bromide anion in the promoted brominated sorbent for
        oxidation of the mercury;".......................................................93

6.      Claim 1: Element 1(b) —"chemically reacting elemental
        mercury in the mercury containing gas with the promoted
        brominated sorbent to form a mercury/sorbent chemical
        composition; and"....................................................................93

7.      Element 1(c) —"separating particulates from the mercury
        containing gas, the particulates including ash and the
        mercury/sorbent chemical composition."..................................95

E.      Dependent Claims ..............................................................................97

1.      Claim 17...................................................................................97

2.      Claim 18: "A method according to claim 17, wherein the
        gas stream is a mercury containing gas."................................102

3.      Claim 19: "A method according to claim 18, wherein the
        gas stream is a transport gas."................................................104

IX.     CONCLUSION.............................................................................................104

CERTIFICATE OF COMPLIANCE...................................................................106

CERTIFICATE OF SERVICE ...........................................................................107

iv

Petition for IPR2020-00928
USP 8,168,147

Respectfully submitted,

BAKER BOTTS L.L.P.

May 27, 2020
Date

/Brian W. Oaks/
Brian W. Oaks (Reg. 44,981)
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Phone: (512) 322-5470

LEAD ATTORNEY FOR PETITIONERS