# Exhibit 3

| | |
|---|---|
| From: | Justin Nemunaitis |
| To: | Tobin, David; JEvall@gibsondunn.com; BB Vistra ME2C; nrg-vistra@rlf.com; Midwest Energy v NRG; nrg-vistra@rlf.com; Fareed, Syed; BBTalenMEEC; Thatcher.Rahmeier@dbr.com; francis.digiovanni@faegredrinker.com; abarlow@jenner.com; rsmith@mnat.com; DAdler@gibsondunn.com; PKremer@gibsondunn.com; AFirst@gibsondunn.com; RMark@gibsondunn.com; LFanady@gibsondunn.com; EXT Blumenfeld, Jack; began@mnat.com; DLME2CCERT@skadden.com |
| Cc: | midwest@caldwellcc.com; dlflitparas@devlinlawfirm.com; jlennon@devlinlawfirm.com |
| Subject: | RE: ME2C - meet and confer regarding amended complaint |
| Date: | Monday, July 6, 2020 5:57:58 PM |
| Attachments: | ME2C v. Vistra Proposed Scheduling Order new dates v2.docx |

[EXTERNAL EMAIL]

All,

Following up on the call earlier today, the refined coal defendants had asked us to fill in hard dates and look at revising the final contention deadlines.  The attached revised scheduling order draft addresses those issues and provides the dates in chart form (pages 23-25), as also requested by Defendants.  This looks to be a very manageable schedule that is consistent with the Court's key dates.  It is not clear to me which, if any dates, would need to be modified to account for the new patents.  For example, Defendants initial invalidity contentions would not be due until October, which, given the similarity of the patents, is quite reasonable.

Defendants had also asked us to respond to the first four points of Joe Evall's email from last week:
1. We see no reason to pick out a date when the amended complaint would be "deemed" filed. If a complaint is filed by agreement, there would be no need for Judge Andrews to grant leave to file the amended complaint.  If Defendants insist that they will not agree to filing an amended complaint, then we must obtain leave of Court.  We do not want to wait for Judge Andrews to address that issue if we can raise it now and eliminate the need for a stay as to the refined coal defendants (I understand that the refined coal Defendants would continue to seek a stay, but the basis for their request would be diminished).
2. As seen in the attached, there is no need for a four month delay.  If Defendants want to propose a schedule, we can consider that, but as I said before, we see no need for a four month delay.
3. We agree that Defendants' agreement that we can file an amended complaint is separate from, and does not preclude, a later motion to dismiss.
4. We intend to add in the remaining John Doe LLCs, and that should not impact the trial date, as evidenced by the fact that the scheduling order contains a deadline for adding parties.  We can add them all in at the same time once we have the discovery.

If the coal plant defendants do not oppose us filing an amended complaint, we may still need to file a motion for leave depending on the refined coal Defendants. We would like to get that motion on file (or provide an appropriate notice under Rule 15 of amendment by agreement).  We would also like to get the attached scheduling order on file.  Since it sounds like Defendants primary opposition to this schedule is not specific to the new patents, if Defendants want new key dates from the Court it would seem that the appropriate course of action is for Defendants to seek that relief, not to hold up getting a scheduling order on file based on the dates we already have.

I do appreciate everyone's efforts in joining the call on short notice earlier today, and the discussion,

which I do think was helpful in getting both sides to understand each others' positions.

Regards,
Justin

---

**From:** David.Tobin@BakerBotts.com <David.Tobin@BakerBotts.com>
**Sent:** Monday, July 6, 2020 3:41 PM
**To:** Justin Nemunaitis <jnemunaitis@caldwellcc.com>; JEvall@gibsondunn.com; BBVistraME2C@BakerBotts.com; nrg-vistra@rlf.com; BBMidwestNRG@BakerBotts.com; nrg-vistra@rlf.com; syed.fareed@bakerbotts.com; BBTalenMEEC@BakerBotts.com; Thatcher.Rahmeier@dbr.com; francis.digiovanni@faegredrinker.com; abarlow@jenner.com; rsmith@mnat.com; DAdler@gibsondunn.com; PKremer@gibsondunn.com; AFirst@gibsondunn.com; RMark@gibsondunn.com; LFanady@gibsondunn.com; jblumenfeld@MNAT.com; began@mnat.com; DLME2CCERT@skadden.com
**Cc:** midwest@caldwellcc.com; dlflitparas@devlinlawfirm.com; jlennon@devlinlawfirm.com
**Subject:** RE: ME2C - meet and confer regarding amended complaint

Justin,

Talen is still awaiting a substantive response from ME2C as to the email Megan LaDriere sent 7/2/2020 at 4:27 pm ET about how, even setting aside the changes necessitated by your proposed amendment, the case schedule you proposed is unworkable for several reasons.  We are also awaiting a substantive response from ME2C, regarding its case against Talen and the coal-plant defendants, as to the email Joe Evall sent 7/2/2020 at 4:20 pm ET.

While substantive responses to the above emails would facilitate a meet and confer, Talen would also be willing to meet and confer with you today at 4:00 pm CT or anytime later.  Let us know a time that works for you, and please circulate a dial-in.

**David Tobin**

Baker Botts L.L.P.
david.tobin@bakerbotts.com
Tel: +1.214.953.6869
Mobile: +1.214.517.4727

---

**From:** Justin Nemunaitis <jnemunaitis@caldwellcc.com>
**Sent:** Monday, July 6, 2020 2:14 PM
**To:** Evall, Joseph <JEvall@gibsondunn.com>; BB Vistra ME2C <BBVistraME2C@BakerBotts.com>; nrg-vistra@rlf.com; Midwest Energy v NRG <BBMidwestNRG@BakerBotts.com>; nrg-vistra@rlf.com; Fareed, Syed <syed.fareed@bakerbotts.com>; Tobin, David <David.Tobin@BakerBotts.com>; BBTalenMEEC <BBTalenMEEC@BakerBotts.com>; Thatcher.Rahmeier@dbr.com; francis.digiovanni@faegredrinker.com; abarlow@jenner.com; rsmith@mnat.com; Adler, Daniel R. <DAdler@gibsondunn.com>; Kremer, Paul J. <PKremer@gibsondunn.com>; First, Amanda <AFirst@gibsondunn.com>; Mark, Richard W. <RMark@gibsondunn.com>; Fanady, Leigh <LFanady@gibsondunn.com>; EXT Blumenfeld, Jack <jblumenfeld@MNAT.com>; began@mnat.com;

DLME2CCERT@skadden.com
**Cc:** midwest@caldwellcc.com; dlflitparas@devlinlawfirm.com; jlennon@devlinlawfirm.com
**Subject:** RE: ME2C - meet and confer regarding amended complaint

**[EXTERNAL EMAIL]**

Joe,

I'm not quite sure I follow you, and I'm not trying to recap any of last week's emails. I'm just trying to make a reasonable effort to comply with the meet and confer rule on the motion we are filing today.

When we file a motion for leave to file the amended complaint later today, we need to style that as opposed, right? If that is right, can we have a meet and confer call per the local rules later today?

Thanks,
Justin

**From:** Evall, Joseph <JEvall@gibsondunn.com>
**Sent:** Monday, July 6, 2020 2:01 PM
**To:** Justin Nemunaitis <jnemunaitis@caldwellcc.com>; BBVistraME2C@BakerBotts.com; nrg-vistra@rlf.com; BBMidwestNRG@BakerBotts.com; nrg-vistra@rlf.com; syed.fareed@bakerbotts.com; David.Tobin@BakerBotts.com; BBTalenMEEC@BakerBotts.com; Thatcher.Rahmeier@dbr.com; francis.digiovanni@faegredrinker.com; abarlow@jenner.com; rsmith@mnat.com; Adler, Daniel R. <DAdler@gibsondunn.com>; Kremer, Paul J. <PKremer@gibsondunn.com>; First, Amanda <AFirst@gibsondunn.com>; Mark, Richard W. <RMark@gibsondunn.com>; Fanady, Leigh <LFanady@gibsondunn.com>; jblumenfeld@mnat.com; began@mnat.com; DLME2CCERT@skadden.com
**Cc:** midwest@caldwellcc.com; dlflitparas@devlinlawfirm.com; jlennon@devlinlawfirm.com
**Subject:** RE: ME2C - meet and confer regarding amended complaint

Justin:

Thanks for your email. I'm writing on behalf of the Refined Coal LLC Defendants, the RC Defendants, and the CERT Defendants.

As we understood it, your question was whether we would agree to Plaintiffs filing the Amended Complaint, or whether you needed leave of Court. Our response – given the pendency of our stay request and Judge Burke's clear guidance on that point at the June 15 conference – was that we would stipulate to the filing under circumstances that, in our view, would properly give effect to Judge Burke's Report & Recommendation, Judge Burke's statements on the record about a stay, the practicalities of the case schedule and the scope of Plaintiffs' proposed amendment, and our pending motion to stay. The thrust of our response was that Defendants should not be put to the burden of active litigation unless and until there

is a viable claim against them.   And so, as a convenience to Plaintiffs, we proposed deeming the Amended Complaint as filed upon an order by Judge Andrews with respect to the R&R that was consistent with permitting Plaintiffs to file an amended complaint.  Thus, our proposal was to allow for the Court to consider the R&R as the Federal Rules provide, and to proceed on that basis.  That included the possibility of an amended complaint *after* Judge Andrews ruled on the R&R.

As Plaintiffs have chosen not to object to the R&R, it is now up to Judge Andrews to issue an order relating to the R&R—including that portion that recommended Plaintiffs be given leave to amend.  So the issue of permission to file an amended complaint is already before the Court.  If Plaintiffs choose to proceed with an amendment, the viability of that pleading is a question separate from the issues presented by the pending stay motion.  We do not think that the Court's proposal that the refined defendants be given 2 pages of expedited reply is consistent with the stay motion being the vehicle for determining *whether* Plaintiffs can state a viable claim. Having put Defendants and the Court to the expense of addressing your original, inadequate complaint, Defendants should have a full and fair chance to address Plaintiffs' proposed amended complaint before the parties and the Court are subjected to the burdens of discovery.   Our position, reflected in our stay papers, is that other proceedings should be stayed while the adequacy of any amended pleading is determined.  And, based on our initial review of the draft Amended Complaint, the Refined Coal Defendants expect to move to dismiss that if it is filed.

Joe
**Joseph Evall**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3902 • Fax +1 212.351.6302
JEvall@gibsondunn.com • www.gibsondunn.com

---

**From:** Justin Nemunaitis <jnemunaitis@caldwellcc.com>
**Sent:** Monday, July 6, 2020 8:49 AM
**To:** Evall, Joseph <JEvall@gibsondunn.com>; BBVistraME2C@BakerBotts.com; nrg-vistra@rlf.com; BBMidwestNRG@BakerBotts.com; nrg-vistra@rlf.com; syed.fareed@bakerbotts.com; David.Tobin@BakerBotts.com; BBTalenMEEC@BakerBotts.com; Thatcher.Rahmeier@dbr.com; francis.digiovanni@faegredrinker.com; abarlow@jenner.com; rsmith@mnat.com; Adler, Daniel R. <DAdler@gibsondunn.com>; Kremer, Paul J. <PKremer@gibsondunn.com>; First, Amanda <AFirst@gibsondunn.com>; Mark, Richard W. <RMark@gibsondunn.com>; Fanady, Leigh <LFanady@gibsondunn.com>; jblumenfeld@mnat.com; began@mnat.com; DLME2CCERT@skadden.com
**Cc:** midwest@caldwellcc.com; dlflitparas@devlinlawfirm.com; jlennon@devlinlawfirm.com
**Subject:** RE: ME2C - meet and confer regarding amended complaint

[External Email]
Joe,

Just to be clear, what we were asking is whether Defendants would oppose filing the amended complaint.  If the answer was no, we would have filed the complaint pursuant to Rule 15(a)(2), which would moot the need for Judge Andrews to approve leave to file.  It sounds like you won't agree to that no matter what so we will have to file an opposed motion to get the complaint on file.

We think it is important to get the complaint on file with our response to the motion for stay given that the basis for the requested stay is the refined coal defendants' contention that ME2C will be unable to amend the complaint to maintain the case against them.

For the Defendants that oppose ME2C filing an amended complaint, could you let us know when you are available to meet and confer today?

Regards,
Justin

---

**From:** Evall, Joseph <JEvall@gibsondunn.com>
**Sent:** Thursday, July 2, 2020 3:18 PM
**To:** Justin Nemunaitis <jnemunaitis@caldwellcc.com>; BBVistraME2C@BakerBotts.com; nrg-vistra@rlf.com; BBMidwestNRG@BakerBotts.com; nrg-vistra@rlf.com; syed.fareed@bakerbotts.com; David.Tobin@BakerBotts.com; BBTalenMEEC@BakerBotts.com; Thatcher.Rahmeier@dbr.com; francis.digiovanni@faegredrinker.com; abarlow@jenner.com; rsmith@mnat.com; Adler, Daniel R. <DAdler@gibsondunn.com>; Kremer, Paul J. <PKremer@gibsondunn.com>; First, Amanda <AFirst@gibsondunn.com>; Mark, Richard W. <RMark@gibsondunn.com>; Fanady, Leigh <LFanady@gibsondunn.com>; jblumenfeld@mnat.com; began@mnat.com; DLME2CCERT@skadden.com
**Cc:** midwest@caldwellcc.com; dlflitparas@devlinlawfirm.com; jlennon@devlinlawfirm.com
**Subject:** RE: ME2C - meet and confer regarding amended complaint

Justin:

Thank you for your email.  I write on behalf of our clients; certain other defendants concur in this response, but other defense attorneys are still evaluating it with their clients.

With respect to the points in your opening paragraph, the acknowledgment that you reference was that if there are new patents added after a final scheduling order is entered, and close to or after the date for final invalidity contentions was due, then that would be good cause for supplemental invalidity contentions.  Here, however, the issue of new patents is arising before those dates, and indeed before there is a final scheduling order in place, so the parties have an opportunity to negotiate a practical schedule in good faith.

In any event, the extra time is necessary to address the new patents (invalidity contentions, claim construction, etc.), and the new parties, as well as the new allegations.  There is no practical way to include the issues raised by those patents in a claim construction process or disclosure process that matches those contemplated by the current schedule.  In addition, as you know the refined coal defendants have moved for a stay of the action as it relates to them until there is a viable pleading against them.  You have added dozens of new allegations that need to be analyzed, and any motion practice directed to the proposed new complaint needs to be resolved.  So the four months are not a delay, they are a proposal to let everyone do what is necessary for efficient litigation without burdening the Court or the parties.  With respect to your specific questions, we address each in turn:

Point 1 – If Plaintiffs waive objections to the R&R, the amended complaint would be deemed on file once Judge Andrews issued an Order with respect to the Report & Recommendation.  Judge Andrews could adopt the R&R in its entirety, or modify it sua sponte.  As you know, Judge Burke recommended that plaintiffs be given leave to file an amended complaint to correct the deficiencies identified in the R&R.  Obviously the question of whether the proposed Amended Complaint is deemed filed depends on Judge Andrews accepting and so-ordering that recommendation.

Point 2 – Correct, the things like deposition time, rogs, etc., would not be altered, subject to the new defendants' not being deprived of their due process rights (e.g., they cannot be held to have violated a schedule that directed them to do something before they were parties to the action).   If the new patents are included, then all parties can reasonably discuss a an appropriate schedule that would avoid piecemeal litigation of the different patents.  Moreover, as you know the refined coal defendants understand that the R&R has relieved them of the dates in the Proposed Scheduling Order and have sought confirmation of that relief in their stay motion to Judge Burke.

Point 4 – We have not investigated the various issues that you raise.  You expressly limited our review of the draft amended complaint to the question of whether we would stipulate to the filing. (We are still reviewing that amended complaint, as well as the updated version you sent a few moments ago.)  We can investigate the questions that you pose, including whether we could accept service.   Obviously it is easier for everyone if existing counsel can represent, and represent, any additional defendants in the litigation, and can accept service on their behalf rather than requiring more complicated service mechanisms—but locking that down will take time after the July 4 weekend.

With respect to your final question, regarding an alternative:  we would not agree to the proposed filing, even without the new patents and parties, unless and until Judge Andrews accepts Judge Burke's recommendation that the dismissal be without prejudice and that you be permitted to file an amended complaint that addresses the deficiencies in the original

filing.  Our proposal would permit the amended complaint to be deemed filed at the earliest possible time after that happens (assuming the Court permits such a filing).  We think all of the parties, and the Court, are benefited by having Judge Andrews' order on file regarding the issues that Judge Burke addressed in his R&R, as it will render evaluation of the amended pleading far more expeditious and efficient for everyone.

Joe

**Joseph Evall**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3902 • Fax +1 212.351.6302
JEvall@gibsondunn.com • www.gibsondunn.com

---

**From:** Justin Nemunaitis <jnemunaitis@caldwellcc.com>
**Sent:** Thursday, July 2, 2020 11:20 AM
**To:** Evall, Joseph <JEvall@gibsondunn.com>; BBVistraME2C@BakerBotts.com; nrg-vistra@rlf.com; BBMidwestNRG@BakerBotts.com; nrg-vistra@rlf.com; syed.fareed@bakerbotts.com; David.Tobin@BakerBotts.com; BBTalenMEEC@BakerBotts.com; Thatcher.Rahmeier@dbr.com; francis.digiovanni@faegredrinker.com; abarlow@jenner.com; rsmith@mnat.com; Adler, Daniel R. <DAdler@gibsondunn.com>; Kremer, Paul J. <PKremer@gibsondunn.com>; First, Amanda <AFirst@gibsondunn.com>; Mark, Richard W. <RMark@gibsondunn.com>; Fanady, Leigh <LFanady@gibsondunn.com>; jblumenfeld@mnat.com; began@mnat.com; DLME2CCERT@skadden.com
**Cc:** midwest@caldwellcc.com; dlflitparas@devlinlawfirm.com; jlennon@devlinlawfirm.com
**Subject:** RE: ME2C - meet and confer regarding amended complaint

[External Email]
Joe,

The general idea of exchanging a 4 month delay to avoid motion practice over additional related patents seems excessive given that everyone acknowledged at the CMC that more patents could be added after the scheduling order was entered and Judge Burke indicated that would likely provide good cause to supplement invalidity contentions, not blow up the schedule. The scheduling order also includes a deadline for adding parties which similarly does not result in a new trial date.  I also have some concerns that you are intending to seek further delay by delaying when we could serve the new defendants, potentially having the Defendants refuse to participate in getting a scheduling order resolved until the new defendants are served, etc.

With that said, I do have a few questions to make sure I at least understand the proposal.
As to point 1, if we waive objections to the R&R, would we just deem the complaint on file when it is filed?  I don't see why not.
As to point 2, I believe your proposal is to request a Markman in August and trial in October, and

then adjust the rest of the dates to fit those dates.  We would not be re-negotiating other issues like deposition time, rogs, etc., right? I also see no reason to postpone section 7 disclosures and initial disclosures for the original patents and parties.
As to point 4, are any of the new Defendants something other than subsidiaries of current Defendants or otherwise owned by current Defendants?  Do you represent any of them?  Could you accept service of the complaint on their behalf?

As an alternative, would Defendants oppose us filing an amended complaint that omits the new patents and parties?  We could get that on file today, waive our objections to the R&R, and submit the current scheduling order (with whatever caveats we need).  We still intend to assert the new patents and add the new parties (as well as the rest of the John Doe Defendants), but we could take a bit more time to try to negotiate a joint motion to amend the scheduling order or brief the issue as opposed.

Regards,
Justin

**From:** Evall, Joseph <JEvall@gibsondunn.com>
**Sent:** Wednesday, July 1, 2020 6:37 PM
**To:** Justin Nemunaitis <jnemunaitis@caldwellcc.com>; BBVistraME2C@BakerBotts.com; nrg-vistra@rlf.com; BBMidwestNRG@BakerBotts.com; nrg-vistra@rlf.com; syed.fareed@bakerbotts.com; David.Tobin@BakerBotts.com; BBTalenMEEC@BakerBotts.com; Thatcher.Rahmeier@dbr.com; francis.digiovanni@faegredrinker.com; abarlow@jenner.com; rsmith@mnat.com; Adler, Daniel R. <DAdler@gibsondunn.com>; Kremer, Paul J. <PKremer@gibsondunn.com>; First, Amanda <AFirst@gibsondunn.com>; Mark, Richard W. <RMark@gibsondunn.com>; Fanady, Leigh <LFanady@gibsondunn.com>; jblumenfeld@mnat.com; began@mnat.com; DLME2CCERT@skadden.com
**Cc:** midwest@caldwellcc.com; dlflitparas@devlinlawfirm.com; jlennon@devlinlawfirm.com
**Subject:** RE: ME2C - meet and confer regarding amended complaint

Justin:

We have been working with our clients to get a response to your question.   Although some defendants in this action are still awaiting client approval, we wanted to get back to you on your request.  Subject to the opportunity to review the version of the amended complaint that you propose for filing (i.e., to ensure that the amended complaint is not different from the draft that you circulated), Defendants would propose agreeing to the filing of the amended complaint subject to the following terms and clarifications:

1. Such Amended Complaint would be deemed filed upon Judge Andrews' ruling on any objections to, or otherwise adopting or issuing an order with respect to, the Report & Recommendation.
2. The Proposed Scheduling Order is withdrawn, and the parties will negotiate a new Scheduling Order that is geared to the increased complexity of the case (i.e., three new patents and additional defendants), and that gives all Defendants (including the added

> Defendants) the chance to review and analyze the new claims and issues raised by the amended complaint.  Plaintiffs would agree to apprise the Court of the proposed change in the case by filing a joint letter to Judge Burke, jointly seeking to push back the Markman date and trial date by at least 4 months each, and then adjusting the other case deadlines accordingly, resulting in a further Amended Proposed Scheduling Order.
> 3. Defendants reserve all rights to move to dismiss the amended complaint.
> 4. The new parties who would be added to the case by virtue of the Amended Complaint would need to be properly served, and for each of them,  all rights that parties otherwise have when added as new defendants to an ongoing matter, including the right to participate in the negotiation of a case schedule, would be preserved.
> 5. Such filing does not moot the pending motion for a stay, and the moving defendants reserve all rights to continue to seek the relief sought in that motion.

Again, defendants in this case will aim to have final client sign-off on this proposal by tomorrow afternoon, but in the meantime, please let us know if the above proposal would work for Plaintiffs.

Joe

**Joseph Evall**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3902 • Fax +1 212.351.6302
JEvall@gibsondunn.com • www.gibsondunn.com

---

**From:** Justin Nemunaitis <jnemunaitis@caldwellcc.com>
**Sent:** Wednesday, July 1, 2020 3:24 PM
**To:** Evall, Joseph <JEvall@gibsondunn.com>; BBVistraME2C@BakerBotts.com; nrg-vistra@rlf.com; BBMidwestNRG@BakerBotts.com; nrg-vistra@rlf.com; syed.fareed@bakerbotts.com; David.Tobin@BakerBotts.com; BBTalenMEEC@BakerBotts.com; Thatcher.Rahmeier@dbr.com; francis.digiovanni@faegredrinker.com; abarlow@jenner.com; rsmith@mnat.com; Adler, Daniel R. <DAdler@gibsondunn.com>; Kremer, Paul J. <PKremer@gibsondunn.com>; First, Amanda <AFirst@gibsondunn.com>; Mark, Richard W. <RMark@gibsondunn.com>; Fanady, Leigh <LFanady@gibsondunn.com>; jblumenfeld@mnat.com; began@mnat.com; DLME2CCERT@skadden.com
**Cc:** midwest@caldwellcc.com; dlflitparas@devlinlawfirm.com; jlennon@devlinlawfirm.com
**Subject:** RE: ME2C - meet and confer regarding amended complaint

[External Email]
Counsel,

Will Defendants oppose our filing an amended complaint?  If so, could you please let us know when

you are available to meet and confer today or tomorrow?

Thanks,
Justin

---

**From:** Justin Nemunaitis <jnemunaitis@caldwellcc.com>
**Sent:** Monday, June 29, 2020 5:53 PM
**To:** Evall, Joseph <JEvall@gibsondunn.com>; BBVistraME2C@BakerBotts.com; nrg-vistra@rlf.com; BBMidwestNRG@BakerBotts.com; nrg-vistra@rlf.com; syed.fareed@bakerbotts.com; David.Tobin@BakerBotts.com; BBTalenMEEC@BakerBotts.com; Thatcher.Rahmeier@dbr.com; francis.digiovanni@faegredrinker.com; abarlow@jenner.com; rsmith@mnat.com; Adler, Daniel R. <DAdler@gibsondunn.com>; Kremer, Paul J. <PKremer@gibsondunn.com>; First, Amanda <AFirst@gibsondunn.com>; Mark, Richard W. <RMark@gibsondunn.com>; Fanady, Leigh <LFanady@gibsondunn.com>; jblumenfeld@mnat.com; began@mnat.com; DLME2CCERT@skadden.com
**Cc:** midwest@caldwellcc.com; dlflitparas@devlinlawfirm.com; jlennon@devlinlawfirm.com
**Subject:** RE: ME2C - meet and confer regarding amended complaint

Joe,

Understood, thanks.  Attached is a copy of the amended complaint we intend to file and a redline.

Regards,
Justin

---

**From:** Evall, Joseph <JEvall@gibsondunn.com>
**Sent:** Monday, June 29, 2020 5:36 PM
**To:** Justin Nemunaitis <jnemunaitis@caldwellcc.com>; BBVistraME2C@BakerBotts.com; nrg-vistra@rlf.com; BBMidwestNRG@BakerBotts.com; nrg-vistra@rlf.com; syed.fareed@bakerbotts.com; David.Tobin@BakerBotts.com; BBTalenMEEC@BakerBotts.com; Thatcher.Rahmeier@dbr.com; francis.digiovanni@faegredrinker.com; abarlow@jenner.com; rsmith@mnat.com; Adler, Daniel R. <DAdler@gibsondunn.com>; Kremer, Paul J. <PKremer@gibsondunn.com>; First, Amanda <AFirst@gibsondunn.com>; Mark, Richard W. <RMark@gibsondunn.com>; Fanady, Leigh <LFanady@gibsondunn.com>; jblumenfeld@mnat.com; began@mnat.com; DLME2CCERT@skadden.com
**Cc:** midwest@caldwellcc.com; dlflitparas@devlinlawfirm.com; jlennon@devlinlawfirm.com
**Subject:** RE: ME2C - meet and confer regarding amended complaint

Justin:

Defendants will only review the draft you circulate for the purpose of responding to your question (i.e., whether they oppose your filing it).  Please note that Defendants do not waive their right to move to dismiss any amended complaint that you may file.

Joe

**Joseph Evall**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3902 • Fax +1 212.351.6302
JEvall@gibsondunn.com • www.gibsondunn.com

---

**From:** Justin Nemunaitis <jnemunaitis@caldwellcc.com>
**Sent:** Monday, June 29, 2020 6:28 PM
**To:** Evall, Joseph <JEvall@gibsondunn.com>; BBVistraME2C@BakerBotts.com; nrg-vistra@rlf.com; BBMidwestNRG@BakerBotts.com; nrg-vistra@rlf.com; syed.fareed@bakerbotts.com; David.Tobin@BakerBotts.com; BBTalenMEEC@BakerBotts.com; Thatcher.Rahmeier@dbr.com; francis.digiovanni@faegredrinker.com; abarlow@jenner.com; rsmith@mnat.com; Adler, Daniel R. <DAdler@gibsondunn.com>; Kremer, Paul J. <PKremer@gibsondunn.com>; First, Amanda <AFirst@gibsondunn.com>; Mark, Richard W. <RMark@gibsondunn.com>; Fanady, Leigh <LFanady@gibsondunn.com>; jblumenfeld@mnat.com; began@mnat.com; DLME2CCERT@skadden.com
**Cc:** midwest@caldwellcc.com; dlflitparas@devlinlawfirm.com; jlennon@devlinlawfirm.com
**Subject:** RE: ME2C - meet and confer regarding amended complaint

[External Email]
Joe,

Please let me know if we have Defendants' agreement on this and I will circulate a draft.

Regards,
Justin

---

**From:** Justin Nemunaitis <jnemunaitis@caldwellcc.com>
**Sent:** Monday, June 29, 2020 10:52 AM
**To:** Evall, Joseph <JEvall@gibsondunn.com>; BBVistraME2C@BakerBotts.com; nrg-vistra@rlf.com; BBMidwestNRG@BakerBotts.com; nrg-vistra@rlf.com; syed.fareed@bakerbotts.com; David.Tobin@BakerBotts.com; BBTalenMEEC@BakerBotts.com; Thatcher.Rahmeier@dbr.com; francis.digiovanni@faegredrinker.com; abarlow@jenner.com; rsmith@mnat.com; Adler, Daniel R. <DAdler@gibsondunn.com>; Kremer, Paul J. <PKremer@gibsondunn.com>; First, Amanda <AFirst@gibsondunn.com>; Mark, Richard W. <RMark@gibsondunn.com>; Fanady, Leigh <LFanady@gibsondunn.com>; jblumenfeld@mnat.com; began@mnat.com; DLME2CCERT@skadden.com
**Cc:** midwest@caldwellcc.com; dlflitparas@devlinlawfirm.com; jlennon@devlinlawfirm.com
**Subject:** RE: ME2C - meet and confer regarding amended complaint

Joe,

We are still working on the draft but will circulate a copy provided that Defendants agree to not rely on the draft other than to evaluate whether they oppose the amendment.

Regards,
Justin

---

**From:** Evall, Joseph <JEvall@gibsondunn.com>
**Sent:** Friday, June 26, 2020 3:09 PM
**To:** Justin Nemunaitis <jnemunaitis@caldwellcc.com>; BBVistraME2C@BakerBotts.com; nrg-vistra@rlf.com; BBMidwestNRG@BakerBotts.com; nrg-vistra@rlf.com; syed.fareed@bakerbotts.com; David.Tobin@BakerBotts.com; BBTalenMEEC@BakerBotts.com; Thatcher.Rahmeier@dbr.com; francis.digiovanni@faegredrinker.com; abarlow@jenner.com; rsmith@mnat.com; Adler, Daniel R. <DAdler@gibsondunn.com>; Kremer, Paul J. <PKremer@gibsondunn.com>; First, Amanda <AFirst@gibsondunn.com>; Mark, Richard W. <RMark@gibsondunn.com>; Fanady, Leigh <LFanady@gibsondunn.com>; jblumenfeld@mnat.com; began@mnat.com; DLME2CCERT@skadden.com
**Cc:** midwest@caldwellcc.com; dlflitparas@devlinlawfirm.com; jlennon@devlinlawfirm.com
**Subject:** RE: ME2C - meet and confer regarding amended complaint

Justin –

Thank you for your email. Could you send us a copy of your proposed amended complaint so that we may consider your request?

Thanks,

Joe

**Joseph Evall**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP
200 Park Avenue, New York, NY 10166-0193
Tel +1 212.351.3902 • Fax +1 212.351.6302
JEvall@gibsondunn.com • www.gibsondunn.com

---

**From:** Justin Nemunaitis <jnemunaitis@caldwellcc.com>
**Sent:** Friday, June 26, 2020 11:30 AM
**To:** BBVistraME2C@BakerBotts.com; nrg-vistra@rlf.com; BBMidwestNRG@BakerBotts.com; nrg-vistra@rlf.com; syed.fareed@bakerbotts.com; David.Tobin@BakerBotts.com; BBTalenMEEC@BakerBotts.com; Thatcher.Rahmeier@dbr.com; francis.digiovanni@faegredrinker.com; abarlow@jenner.com; rsmith@mnat.com; Evall, Joseph <JEvall@gibsondunn.com>; Adler, Daniel R. <DAdler@gibsondunn.com>; Kremer, Paul J. <PKremer@gibsondunn.com>; First, Amanda <AFirst@gibsondunn.com>; Mark, Richard W.

<RMark@gibsondunn.com>; Fanady, Leigh <LFanady@gibsondunn.com>; jblumenfeld@mnat.com; began@mnat.com; DLME2CCERT@skadden.com
**Cc:** midwest@caldwellcc.com; dlflitparas@devlinlawfirm.com; jlennon@devlinlawfirm.com
**Subject:** ME2C - meet and confer regarding amended complaint

[External Email]
Counsel,

As I mentioned on the call regarding the motion for stay, we are working to get an amended complaint on file as soon as possible.  We intend to do so no later than next Thursday.

Given Judge Burke's recommendations, would Defendants oppose us filing an amended complaint? If so, can we have a quick meet-and-confer on the issue today or early next week?

Thanks,
Justin

Justin Nemunaitis ||| Caldwell Cassady & Curry
2121 N. Pearl St., Suite 1200, Dallas, TX 75201
214.888.4853

NOTICE OF CONFIDENTIALITY:
The information contained in this e-mail may be subject to the ATTORNEY-CLIENT and ATTORNEY WORK PRODUCT PRIVILEGE and be CONFIDENTIAL.  It is intended only for the recipient(s) designated above. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify Caldwell Cassady & Curry P.C. immediately.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at [https://www.gibsondunn.com/](https://www.gibsondunn.com/) for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at [https://www.gibsondunn.com/](https://www.gibsondunn.com/) for information regarding the firm and/or our privacy policy.

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at [https://www.gibsondunn.com/](https://www.gibsondunn.com/) for information regarding the firm and/or our privacy policy.

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.