IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | C.A. No. 19-1334 (RGA) |
| VISTRA ENERGY CORP., *et al.*, | | |
| Defendants. | | |

**AEP DEFENDANTS' NOTICE OF SUBPOENA *DUCES TECUM* TO MARCUM LLP**

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 26 and 45, Defendants AEP Generation Resources Inc., Southwestern Electric Power Co., and AEP Texas Inc. (collectively, "AEP") will cause the attached subpoena to be served on Marcum LLP. Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, AEP seeks the production of documents, electronically stored information, and things from Marcum LLP on or before September 29, 2020.

OF COUNSEL:

Randall E. Mehrberg
Terri L. Mascherin
Aaron A. Barlow
Cayman C. Mitchell
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654-3456
(312) 222-9350

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
ccucuzzella@mnat.com

*Attorney for Defendants AEP Generation Resources Inc., Southwestern Electric Power Co. and AEP Texas Inc.*

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC  20001-4412
(202) 639-6000

September 16, 2020

# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| Midwest Energy Emissions Corp. and MES Inc., *Plaintiff* | ) ) ) |
| v. | )  Civil Action No. 19-1334-RGA |
| Vistra Energy Corp., et al. *Defendant* | ) ) ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Marcum LLP
6002 Rogerdale Road, Suite 300, Houston, TX 77072

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: 353 N. Clark Street Chicago, IL 60654 | Date and Time: 09/29/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/15/2020

*CLERK OF COURT*

OR

/s/ Aaron A. Barlow

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* AEP Generation Resources Inc., et al. , who issues or requests this subpoena, are:
Aaron A. Barlow, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, abarlow@jenner.com, (312) 222-9350

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | |
| Plaintiffs, | C.A. No. 19-1334-RGA-CJB |
| v. | **JURY TRIAL DEMANDED** |
| VISTRA ENERGY CORP., et al. | |
| Defendants. | |

## EXHIBIT A

## DEFINITIONS

The following definitions shall apply to the requests that follow:

1. ***"ME2C"*** is defined as Midwest Energy Emissions Corp. and MES Inc., and should be understood to include any and all officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, or other related entities.

2. ***"EERC"*** is defined as Energy & Environmental Research Center (EERC), Energy and Environmental Research Center Foundation (EERCF), the Center for Air Toxic Metals (CATM), and University of North Dakota (UND), and should be understood to include any and all officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, or other related entities.

1

3. **"You"** and **"Your"** should be understood to mean Marcum LLP, and should be further understood to include any and all officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, or other related entities.

4. **"And"** and **"or"** shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

5. **"Any"** and **"all"** shall be construed as "any and all."

6. **"Each"** and **"every"** shall be construed as "each and every."

7. **"Document"** shall include, without limitation, all documents, electronically stored information, and tangible things within the scope of the Federal Rules of Civil Procedure, including Rule 34.

8. **"Including"** shall mean "including, but not limited to."

9. References to any entity shall include, in addition to the entity, any officer, director, employee, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

10. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## INSTRUCTIONS

The following instructions shall apply to these requests:

1. These requests are continuing to the extent permitted under the Federal Rules of Civil Procedure and require you, consistent with your obligations under Fed. R. Civ. P. 26(e)(1), promptly to produce for inspection and copying any documents or things that you reasonably may acquire, obtain, locate or identify.

2. You shall produce paper documents as they are kept in the usual course of business or shall organize and label them to correspond to the categories in this request. You shall produce electronically stored information in a form in which it is ordinarily maintained or in a reasonably usable form.

3. If no documents or things are responsive to a particular request, state that no responsive materials exist.

4. Each requested document or thing shall be produced in its entirety and with all attachments, without deletions or excisions, regardless of whether you consider the entire document or any attachment thereto to be relevant to this case or responsive to these requests. If any document or thing cannot be produced in full, it shall be produced to the extent possible and accompanied by an explanation that states why production of the remainder is not possible.

5. If you object or otherwise refuse to respond or produce documents or things in response to any portion of a document request, you shall (1) state the objection or reason for such refusal, and (2) provide all documents or things called for by that portion of the request for production to which you do not object and/or refuse to respond.

6. If any document is withheld from production on the basis of privilege, immunity or any similar claim, produce a log within a reasonable time as agreed by the parties or as ordered by the Court that includes: (i) the date of the document; (ii) the identity of all persons who prepared or signed the document; (iii) the identity of all persons designated as addressees or copy recipients; (iv) the subject matter of the document; (v) the type of document (memorandum, pamphlet, report, etc.); (vi) the type or nature of the privilege asserted (e.g., attorney-client privilege, work product doctrine, etc.); (vii) an explanation of the basis for withholding the document; and (viii) any other information required by Federal Rule of Civil Procedure 26(b)(5) or the local rules for the District Court for the District of Delaware.

7. Unless otherwise stated, these requests require the production of documents or things that were prepared, created, written, sent, dated or received at any time.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents relating to any opinions or statements set forth in each report prepared or filed by You for submission to the United States Securities and Exchange Commission on behalf of Midwest Energy Emissions Corp., including any Form 10-K and Form 10-Q.  (*See, e.g.,* FORM 10-K, Annual report pursuant to Section 13 and 15(d) for Midwest Energy Emissions Corp., dated 04/11/2019 and Form 10-K, Annual report pursuant to Section 13 and 15(d) for Midwest Energy Emissions Corp., dated 05/14/2020, both available at https://ir.midwestemissions.com/annual-reports).

**REQUEST FOR PRODUCTION NO. 2:**

All Documents provided to You or reviewed by You in connection with analyzing, reviewing or preparing any financial statement of Midwest Energy Emissions Corp. including but not limited to all provided to You or reviewed by You in preparing or formulating any

opinions or statements set forth in each report filed by You to the United States Securities and Exchange Commission, including any Form 10-K and Form 10-Q.  (*See, e.g.,* FORM 10-K, Annual report pursuant to Section 13 and 15(d) for Midwest Energy Emissions Corp., dated 04/11/2019 and Form 10-K, Annual report pursuant to Section 13 and 15(d) for Midwest Energy Emissions Corp., dated 05/14/2020, both available at https://ir.midwestemissions.com/annual-reports).

**REQUEST FOR PRODUCTION NO. 3:**

All Documents relating to the value of any "patents" or "Intellectual Property" owned by, assigned to, licensed to, or licensed by EERC or ME2C.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents relating to Your audit or analysis of the value, opinions or statements regarding the Assets listed as "Intellectual Property" on any Midwest Energy Emissions Corp. financial statement, including but not limited to the Consolidated Balance Sheets included in any regulatory filings.

**REQUEST FOR PRODUCTION NO. 5:**

All valuations, cash flows, amortizations relating to any patents or Intellectual Property owned by EERC and/or ME2C prepared, drafted and/or issued by You.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents that form the basis for valuations, cash flows, amortizations, and costs of "Intellectual Property" or "patents," as set forth in each report filed by You to the United States Securities and Exchange Commission regarding Midwest Energy Emissions Corp.

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 16, 2020, upon the following in the manner indicated:

| | |
|---|---|
| James M. Lennon, Esquire<br>DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, DE 19806<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Bradley W. Caldwell, Esquire<br>Jason D. Cassady, Esquire<br>John Austin Curry, Esquire<br>Justin T. Nemunaitis, Esquire<br>CALDWELL CASSADY CURRY PC<br>2010 Cedar Springs Road, Suite 1000<br>Dallas, TX 75201<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)