IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MIDWEST ENERGY EMISSIONS CORP. )
and MES INC., )
  )
Plaintiffs, )
  )
v. ) C.A. No. 19-1334 (RGA)
  )
VISTRA ENERGY CORP., *et al.*, )
  )
Defendants. )

**AEP DEFENDANTS' NOTICE OF SUBPOENA *DUCES TECUM* TO ADA-ES, INC.**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 26 and 45, Defendants AEP Generation Resources Inc., Southwestern Electric Power Co., and AEP Texas Inc. (collectively, "AEP") will cause the attached subpoena to be served on ADA-ES, Inc. Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, AEP seeks the production of documents, electronically stored information, and things from ADA-ES, Inc. on or before October 2, 2020.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
ccucuzzella@mnat.com

OF COUNSEL:

Randall E. Mehrberg
Terri L. Mascherin
Aaron A. Barlow
Cayman C. Mitchell
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654-3456
(312) 222-9350

*Attorney for Defendants AEP Generation Resources Inc., Southwestern Electric Power Co. and AEP Texas Inc.*

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC  20001-4412
(202) 639-6000

September 18, 2020

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Delaware

| | |
|---|---|
| Midwest Energy Emissions Corp. and MES Inc., | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.    19-1334-RGA |
| Vistra Energy Corp., et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:
ADA-ES, Inc.
640 Plaza Drive, Suite 270, Highlands Ranch, CO 80129

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| Place:<br>353 N. Clark Street<br>Chicago, IL 60654 | Date and Time:<br><br>10/02/2020 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/18/2020

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Aaron Barlow<br>_____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
AEP Generation Resources Inc., et al. _____ , who issues or requests this subpoena, are:
Aaron Barlow, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, abarlow@jenner.com, (312) 222-9350

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Schedule A

Pursuant to the accompanying Subpoena to Produce Documents, Information, or Objects (the "Subpoena") and Rules 34 and 45 of the Federal Rules of Civil Procedure, Defendants AEP Generation Resources Inc., Southwestern Electric Power Co., and AEP Texas Inc. (collectively, "AEP"), hereby request that ADA-ES, Inc. ("ADA-ES") produce Documents and Things responsive to the Requests for Documents and Things listed below at the date and location specified in the Subpoena, unless otherwise agreed to by AEP and ADA-ES.

## DEFINITIONS AND INSTRUCTIONS

As used in this document, the following words and phrases shall have the meanings indicated:

1.      "Plaintiffs," "you," "your," and "ME2C" is defined as Midwest Energy Emissions Corp. and MES Inc., and should be understood to include any and all officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, or other related entities.  The term "ME2C" should also be understood to include each Person named as a Plaintiff in this Lawsuit or in any related cases filed and consolidated in the District of Delaware.

2.      The "'114 patent" means U.S. Patent No. 10,343,114.

3.      The "'147 patent" means U.S. Patent No. 8,168,147.

4.      "Asserted Patent(s)" or "patents-in-suit" shall refer to the '114 Patent and the '147 Patent, individually and collectively.  If ME2C asserts additional patents in the Lawsuit, such patents shall be included in the definitions of these terms.

5.      "Asserted Claim(s)" shall mean those claims of the Asserted Patent(s) that ME2C alleges, at this time or any time in the future, are infringed by any of the Power-Plant Defendants.

6.      "Communication" means any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, questions, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise), and any meeting, and also including, but not limited to, correspondence, financial records, corporate records, reports and documents as defined immediately above.

7.      "Complaint" shall mean the Complaint Plaintiffs filed in the Present Lawsuit (C.A. No. 19-1334-RGA).

8.      "Concerning" shall mean relating to, referring to, describing, evidencing, identifying, disclosing, or constituting.

9.      "Correspondence" means, but shall not be limited to, any letter, telegram, telex, TWX, facsimile, e-mail, notice, message, memorandum, or other written communication or transcription of notes of a communication.

10.     "Document" shall, pursuant to FED. R. CIV. P. 34(a)(1)(A), be broadly construed to include without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.  For the purposes of these requests, any document that contains any note, comment, addition, deletion, insertion, annotation, or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to identification.

11.      "File History" shall mean the collection of communications between a patent applicant and the USPTO, as well as any documents concerning these communications.

12.     "Identify" (With Respect to Persons).  When referring to a person, "to identify" shall mean to give, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

13.     "Identify" (With respect to documents).  When referring to documents, "to identify" means to give, to the extent known, the

        (a)     Type of document;

        (b)     General subject matter;

        (c)     Date of the document; and

        (d)     Author(s), addressee(s), and recipient(s).

14.     "Includes" and "including" as used herein is illustrative and is in no way a limitation upon the documents or things requested.

15.     "Infringe" or "infringement" shall mean direct infringement, indirect infringement (contributory infringement or induced infringement), literal infringement, infringement under 35 U.S.C. § 271(e)(2)(A), and infringement under the doctrine of equivalents.

16.     "Named inventor(s)" shall mean means any individual who is listed as an inventor on the cover of any Asserted Patent or counterpart thereof, and includes at least Edwin S. Olson, Michael J. Holmes, and John H. Pavlish.

17.     "Person" or "persons" mean any natural person, corporation, partnership, proprietorship, association, joint venture, governmental or other public entity, or any other form of organization or legal entity, and all its officials, directors, officers, employees, representatives, and agents.

18.     "Prior art" means all documents and activities that constitute, describe, or refer to part or all of the subject matter claimed in the '114 or '147 patents prior to the filing date of the patent, including any products containing the same.  By way of example, and without limitation, the term "prior art" includes the items described in 35 U.S.C. §§ 102 and 103, including publications, patents, physical devices, prototypes, lab notebooks, knowledge, uses, sales, offers for sale, importations, and any document or thing evidencing any of the foregoing, whether before or after any alleged reduction to practice date.

19.     "Referring or related to," "refer or relate to," or "refers or relates to" shall be construed in their broadest sense and mean relevant in any way to the subject matter specified, including, but not limited to, constituting, comprising, recording, reflecting, exhibiting, indicating, discussing, analyzing, evidencing, representing, illustrating, mentioning, referring or relating to, evaluating, or commenting upon the subject matter.

20.     "Regarding," shall mean to contain, record, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with or have any tendency to prove or disprove the matters set forth.

21.     "Related Application" means any application in the prosecution history of the '114 or '147 patents (including parent, grandparent or other predecessor applications), all applications related to the '114 or '147 patents (including continuations, continuations-in-part, and divisionals), all applications claiming priority to the '114 or '147 patents or to an application whose benefit is claimed in the '114 or '147 patents, and any other applications disclosing, describing, or claiming any invention disclosed, described, or claimed in the '114 or '147 patents, whether or not abandoned and whether or not issued.

22.     "Thing" shall mean any physical specimen or other tangible item, other than a document.

23.     "USPTO" refers to the United States Patent and Trademark Office.

24.     "You" and "Your" shall mean ADA-ES, Inc.

25.     Insofar as a term contained in these requests is not explicitly defined, the meaning to be used is the commonly accepted definition of the term.

26.     Nothing in these requests, instructions and definitions should be construed as an admission as to the proper scope of these terms herein, as they may pertain to the '114 or '147 patents or to the Related Applications.

27.     In responding to these Requests, You are required to furnish all information that is available to You or subject to Your reasonable inquiry, including information in the possession of Your present and former attorneys, accountants, advisors, representatives, agents, employees, or other persons directly or indirectly employed by or connected with You, and anyone else otherwise subject to Your control.  All Documents and Things that respond, in whole or in part, to any portion of the Requests below shall be produced in their entirety, including all attachments and enclosures.

28.     For any Document or Thing You withhold on the basis of any applicable privilege, please provide a privilege log that complies with Fed. R. Civ. P. 26.

29.     Each Request shall be deemed continuing, so as to require supplemental or mandatory responses should You obtain additional or different responsive information subsequent to Your initial responses.

30.     With respect to any Document or Thing that you contend is confidential, such document may be produced subject to the Protective Order submitted by the parties in this action.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications concerning United States Department of Energy

Cooperative Agreement Nos. DE-FC26-05NT42307 and DE-FC26-03NT41986.

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 18, 2020, upon the following in the manner indicated:

James M. Lennon, Esquire                                          *VIA ELECTRONIC MAIL*
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE  19806
*Attorneys for Plaintiffs*

Bradley W. Caldwell, Esquire                                     *VIA ELECTRONIC MAIL*
Jason D. Cassady, Esquire
John Austin Curry, Esquire
Justin T. Nemunaitis,Esquire
CALDWELL CASSADY CURRY PC
2010 Cedar Springs Road, Suite 1000
Dallas, TX  75201
*Attorneys for Plaintiffs*


                                                            */s/ Rodger D. Smith II*
                                                            _____
                                                            Rodger D. Smith II (#3778)