

1526 Gilpin Avenue
Wilmington, Delaware 19806
United States of America
Tel: 302-449-9010
Fax: 302-353-4251
www.devlinlawfirm.com

September 25, 2020

**VIA CM/ECF**

The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28, Room 2325
Wilmington, DE 19801-3555

      Re:    *Midwest Energy Emissions Corp., et al. v. Vistra Energy Corp., et al.*,
              C.A. No. 1:19-cv-01334-RGA-CJB

Dear Judge Burke,

     ME2C requests leave to file a second amended complaint that replaces some of the John Doe Defendants in the first amended complaint with newly identified entities named in Defendants' discovery responses, and adds some additional allegations in response to Defendants' currently pending motions to dismiss. This motion is being filed before the deadline for amending pleadings set forth in the Court's scheduling order. ME2C provided a copy of the proposed amended complaint to Defendants on September 21, 2020.

     All Defendants, except Talen, have indicated that they do not oppose this amendment pursuant to a stipulation being filed today.

**Legal Standard**

     A moving party need not demonstrate good cause for an amended pleading if the motion is filed prior to a court deadline limiting amendments. *Home Semiconductor Corp. v. Samsung Elecs. Co.*, No. CV 13-2033-RGA, 2019 WL 2135858, at *2 (D. Del. May 16, 2019). Even when leave is required it should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has adopted a policy of "strong liberality" in the amendment of pleadings. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). "This approach ensures that a particular claim will be decided on the merits rather than on technicalities." *Id.* In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Courts may also consider the interest of judicial economy when evaluating whether to allow a plaintiff to amend its complaint. *Trueposition, Inc. v. Allen Telecom, Inc.*, No. CIV.A.01-823 GMS, 2002 WL 1558531, at *2 (D. Del. July 16, 2002).

**The Present Amendment Is Warranted**

Because ME2C is requesting to amend the complaint within the deadline for doing so, the Court should allow the present amendment. Even if the Court were to consider this request under a stricter standard for amending pleadings, amendment is appropriate. ME2C's proposed amendment is brought in good faith and without undue delay or dilatory motive.

In particular, ME2C proposes amending the complaint to replace some of the John Doe Defendants with entities identified by Defendants in their interrogatory responses. Each of these new Defendants is related to current Defendants at least insofar as they are involved in infringing activity based on the same conduct already described in the complaint and at the same accused power plants already at issue in the complaint. This request is being made based on interrogatory responses received after ME2C filed its first amended complaint and before the Court's deadline for adding parties. D.I. 140 at § 1. Overall, it is far more efficient for the Court and the parties to resolve ME2C's claims with respect to these entities in the current proceeding instead of requiring the filing of a separate case.

ME2C also proposes amending the complaint to provide additional allegations in response to Defendants' motions to dismiss. Briefing closed on those motions September 10, 2020. Although ME2C contends that Defendants have failed to demonstrate that dismissal of any claims is proper, and ME2C has requested an opportunity to amend the complaint in response to an order of dismissal, ME2C is filing the present motion now to do so within the deadline for amending the complaint, and to avoid any further delay related to the motions to dismiss.

Specifically, some Defendants have argued that ME2C's complaint lacked clarity based on its use of group names, the fact that it did not expressly use the term "post-emission control testing," and the fact that it asserted direct infringement of RC Defendants without specifically naming those Defendants in the element-by-element description of the asserted patents. For the reasons expressed in ME2C's responses to the motions to dismiss, Defendants' group name arguments are waived, contrary to law, and incorrect. Nonetheless, to avoid further disputes, this proposed amendment adds allegations responsive to that issue. Paras. 87, 212, 213. The amendment also clarifies that the first amended complaint was describing "post emission control testing." Para. 87. The amendment also adds additional claim-by-claim allegations with respect to the RC Defendants. See Counts I – V.

This amended complaint also includes some changes based on new facts: it removes some references to Vistra as a company that is no longer a party to the case, and it notes that each of the Defendants have received notice of the patents and acts of infringement based on this second amended complaint as well as the earlier complaints.

All Defendants except Talen do not oppose amending the complaint to make the changes described above. Although Talen opposes the present motion, it also has not identified any reason as to why these changes should not be made to ME2C's complaint.

**Talen Has No Legitimate Basis for Opposing the Amendment**

During the parties' meet and confer and subsequent correspondence, Talen indicated that it will oppose the present motion unless ME2C dismisses the parent Talen entities. Talen purports to oppose the motion as futile. However, Talen's futility argument is based entirely on

allegations contained in the complaint presently on file, not any of the changes proposed in the second amended complaint. Indeed, the bulk of the changes in the second amended complaint do not even relate to Talen. Of those that do—adding Talen Montana LLC as a party and noting that Talen received a pre-filing copy of the second amended complaint—Talen was unable to articulate a basis for finding those new allegations futile. In fact, Talen acknowledged that the second amended complaint states a claim of direct infringement against Talen Montana LLC.

The real reason Talen stands alone in opposing this amendment is because it is attempting to use the potential for procedural delay and complication (ME2C's stipulation with the other Defendants keys off of the Court's docketing of the second amended complaint, not the filing of the present motion) to strongarm ME2C into dropping unrelated, substantive aspects of its case—its claims against the parent Talen entities that are already in the case. This is pure gamesmanship. While ME2C is always willing to consider reasonable compromise proposals to streamline this case, neither side should be attempting to use unnecessary procedural roadblocks as leverage. Accordingly, this is no reason to oppose the present amendment.

**Conclusion**

ME2C respectfully requests that the Court grant its motion to file the second amended Complaint.

>                          Respectfully,
>
>                          */s/ James M. Lennon*
>
>                          James M. Lennon (No. 4570)

JL/dla
Enclosure
cc:   Clerk of the Court (w/encl.)
      Counsel of Record (via CM/ECF, w/encl.)