

faegredrinker.com

**Francis DiGiovanni**
Partner
francis.digiovanni@faegredrinker.com
302-467-4266 direct

**Faegre Drinker Biddle & Reath** LLP
222 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
+1 302 467 4200 main
+1 302 467 4201 fax

October 2, 2020

*Via CM/ECF & Hand Delivery*

The Honorable Christopher J. Burke
United States District Court for the District of Delaware
844 N. King Street, Unit 28
Wilmington, DE 19801

**Re:** *Midwest Energy Emissions Corp. v. Vistra Energy Corp.,* **C.A. No. 19-1334-RGA-CJB**

Dear Judge Burke:

Talen Energy Corporation, Talen Generation LLC, Brandon Shores LLC, and H.A. Wagner LLC ("Talen Defendants") respectfully oppose Plaintiffs' Motion for Leave to File a Second Amended Complaint. D.I. 214, 218. With each successive version of their complaint, Plaintiffs have expanded the scope of their improperly pleaded case against the Talen Defendants, without fixing the underlying deficiencies. "[W]hile leave to amend is to be liberally granted in the interests of justice, it is not automatic and the liberal policy of granting leave to amend must not be interpreted to permit amendment without restraint." *Callwave Commc'ns, LLC v. AT&T Inc.*, No. 12-1701-RGA, 2014 WL 12709662, at *1 (D. Del. Nov. 5, 2014). Plaintiffs had two opportunities to properly plead their case and failed to do so; Plaintiffs should not be given a third.

**PLAINTIFFS CONTINUE TO EXPAND THE SCOPE OF THEIR IMPROPERLY PLEADED CASE**

Original Complaint (D.I. 1): Plaintiffs originally asserted 2 patents against 40 defendants, of which only 4 were affiliated as Talen Defendants. D.I. 1; *see* D.I. 140 at 5-6 (defining "Defendant Group"). The Court dismissed Plaintiffs' allegations of willful infringement and induced infringement against the Talen Defendants and dismissed MES as a plaintiff. D.I. 110, adopted without objection by D.I. 127. Leave to amend was granted "because this [was] the first time the Court has found these claims to be deficiently pleaded." D.I. 110 at 22.

First Amended Complaint (D.I. 130, **"FAC"**): Instead of fixing the deficiencies addressed in the Court's R&R, Plaintiffs expanded their improperly pleaded case from 2 to 5 patents-in-suit, and from 40 to 44 named defendants. Upon receiving the FAC, the Talen Defendants again challenged its sufficiency under FED. R. CIV. P. 12(b)(6), and also sought severance under Rules 20 and 21 and 35 U.S.C. § 299. D.I. 172, 174 (**"Second MTD"**).

Proposed Second Amended Complaint (D.I. 214-1 **"SAC"**): Plaintiffs seek to expand the scope of the case in the SAC, adding *5 more* defendants—again in contravention of 35 U.S.C. § 299. SAC at 2. The SAC does not narrow the case against the Talen Defendants to properly account for "changes based on new facts" (as claimed by Plaintiffs, D.I. 214 at 2), and instead propagates the deficient pleadings to a new entity (Talen Montana LLC). *Id.* ¶ 13. The SAC fails to account for Talen Defendants' discovery responses served months ago, and does not direct any substantive allegations against Talen Montana LLC. *See* SAC at 2, ¶¶ 246, 283, 322, 354, 386 (lumping Talen Montana LLC in with the ever-growing list of dozens of other "Defendants" accused wholesale of infringement).

Through the three rounds of complaints, it is apparent that Plaintiffs either cannot or will not plausibly plead their case. Accordingly, the Talen Defendants respectfully request that the Court deny Plaintiffs' motion for leave to file the SAC as futile, as contravening 35 U.S.C. § 299, and as causing undue prejudice to each of the individual Talen Defendants and Talen Montana LLC.[1] The Talen Defendants' concerns are not "unnecessary procedural roadblocks," as asserted by Plaintiffs. D.I. 214 at 3. Rather, they are important safeguards to assure that the ever-expanding number of defendants can understand which assertions are directed at them (and the factual basis for those assertions) and so that the defendants are not forced to litigate issues inapplicable to them.

**PLAINTIFFS' MOTION FOR LEAVE SHOULD BE DENIED AS UNDULY PREJUDICIAL**

Beyond *ad hominem* charges of "gamesmanship" and "strongarm" tactics, Plaintiffs chide Talen Defendants for not consenting to the SAC, asserting: (a) the amendment is "being made based on interrogatory responses received after ME2C filed its first amended complaint"; and (b) "the bulk of the changes in the second amended complaint do not even relate to Talen," and the changes that do relate to Talen involve "adding Talen Montana LLC as a party and noting that Talen received a pre-filing copy of the second amended complaint." D.I. 214 at 2-3.

First, if the "bulk of the changes … do not even relate to Talen," it invites the obvious question of why Plaintiffs continue to ignore 35 U.S.C. § 299 with each iteration of the complaint. *See British Telecomms. v. IAC/InterActive Corp.*, No. 18-cv-366-WCB, 2019 WL 1765224, at *1-2 (D. Del. Apr. 22, 2019) (severing defendant when several counts had "nothing whatsoever to do with" the defendant). The SAC presents no facts explaining why any Talen Defendant (or Talen Montana LLC) should be combined in a case with dozens of unrelated defendants. Continuously adding defendants with each iteration of the complaint inexplicably exacerbates the misjoinder issues. Now a new entity (Talen Montana LLC) must undergo the expense of disentangling the SAC to determine which allegations apply, and which "do not even relate" to it. *See* D.I. 214 at 3.

Second, relying on unspecified "interrogatory responses" as the hook to again amend their complaint (D.I. 214 at 2), Plaintiffs fail to explain why such interrogatory responses were not used to tailor the SAC against the Talen Defendants. More than two months ago, on July 17, 2020, Talen Defendants disclosed that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 1 (Resp. to Coal Plant Interrog. No. 2 (excerpted)). Consequently, there can be no plausible basis for asserting ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Instead of conducting the requisite pre-filing diligence, Plaintiffs resort to wholesale allegations that "Defendants infringe" each patent-in-suit (SAC ¶¶ 246, 283, 322, 354, 386) and that "Defendants' infringement [] is willful." *Id.* ¶ 230; *see also id.* ¶¶ 231-233.

Talen Defendants did not "strongarm ME2C into dropping" aspects of its case (D.I. 214 at 3), but instead requested a stipulation to dismiss the parent companies (Talen Energy Corporation and Talen Generation LLC), for which no articulable claim of infringement has been made. This would have at least reduced, though not entirely eliminated, the undue prejudice in requiring each

---

[1] Plaintiffs assert that "[a]ll Defendants except Talen do not oppose amending the complaint to make the changes …." D.I. 214 at 2. However, Plaintiffs' proposed "amendment is substantively opposed" by other defendants. *See* D.I. 216; D.I. 219.

The Honorable Christopher J. Burke           -3-           October 2, 2020

Talen Defendant (and now Talen Montana LLC) to tease out the pleadings applicable to it. Alas, Plaintiffs stand by the indiscriminate pleadings from the SAC.

### PLAINTIFFS' MOTION FOR LEAVE SHOULD BE DENIED AS FUTILE

Plaintiffs improperly focus on "changes proposed in the second amended complaint" in assessing futility of the proposed amendments. D.I. 214 at 2-3. But "futility" must be determined from the perspective of "the complaint, as amended" and whether it "state[s] a claim upon which relief could be granted." *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Here, the SAC (as a whole) fails to advance a claim upon which relief can be granted. *See Jones v. Crisis Intervention Servs.*, 239 F. Supp. 3d 795, 800 (D. Del. 2017) (where a proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend"), *aff'd*, 686 F. App'x 81 (3d Cir. 2017). After the Court's R&R dismissing the Original Complaint (D.I. 110), Plaintiffs have *twice* re-alleged near-identical claims that suffer from the same infirmities that doomed the Original Complaint.

#### The SAC Fails to Plausibly Allege Inducement by Any Talen Defendant

The SAC's allegations of inducement (*see* SAC ¶¶ 209-210) rehash those allegations dismissed by the R&R (D.I. 110 at 8 n.7). *See generally* D.I. 174 at 13-15; D.I. 202 at 7-8. The SAC again fails to allege that Talen Energy Corporation had pre-suit knowledge of any of the patents-in-suit, and fails to allege that Talen Energy Corporation "knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012). Mere "aware[ness] of the patents-in-suit" after the Original Complaint and FAC were filed[2]—as alleged in bulk manner across the dozens of unrelated defendants (SAC ¶¶ 263, 302, 334, 366, 403)—is not sufficient for induced infringement. The SAC does not plead which of the "other Talen entities" are being induced to directly infringe, facts of how the actions of Talen Energy Corporation "encouraged another to infringe or necessarily resulted in infringement by another entity" (*see* D.I. 110 at 8 n.7), or how Talen Energy Corporation had any specific intent to induce infringement. *See, e.g.*, SAC ¶¶ 209-210 (discussing generic actions of a parent corporation). The SAC fails in "drawing a clear connection between the direct infringement" and Talen Energy Corporation's "efforts to encourage that infringement." *See Helios Streaming, LLC v. Vudu, Inc.*, No. 19-1792-CFC-SRF, 2020 WL 2332045, at *6 n.10 (D. Del. May 11, 2020); *see also id.* at *8 (holding that the "alleged provision of unspecified materials and/or services relating to the [accused products is] not enough to give rise to a reasonable inference" of specific intent). Any further leave to amend a facially implausible inducement claim would be futile. *See Addiction and Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x. 934, 938 (Fed. Cir. 2015) (affirming denial of leave to amend complaint where the proposed amended complaint "did not include facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement").

#### The SAC Fails to Plausibly Allege Willful Infringement

The SAC fails to cure the deficiencies in Plaintiffs' allegations of willful infringement that were laid out in the Second MTD. D.I. 174 at 6-13; D.I. 202 at 1-7. As to pre-suit willfulness,

---

[2] Although Plaintiffs shared a draft of the FAC with Talen Defendants shortly before filing the FAC, Plaintiffs' counsel required Defendants to "not rely on the draft other than to evaluate whether they oppose the amendment." D.I. 205, Ex. A.

the SAC fails to allege that any Talen Defendant was provided with notice of infringement of any patent-in-suit during any prior interaction with ME2C, or that PPL should have known that any of its conduct amounted to infringement. *See Välinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *12 (D. Del. May 29, 2018). At best, the SAC, just like its deficient predecessors, merely states that one or more employees of PPL was notified of the existence of the '147 Patent (but none of the other patents-in-suit) prior to the suit being filed, and that the PPL employee has "remained with Talen." *See* SAC ¶¶ 180-184; D.I. 130 ¶¶ 177-181. As with the Original Complaint and the FAC, the SAC fails to allege facts to support that ME2C notified PPL that any of its power plants infringed any patent-in-suit during their interactions in 2013, or that PPL should have known of such infringement. *See Välinge*, 2018 WL 2411218, at *13. Mere knowledge of a patent is not knowledge of infringement, and mere overlap of an employee fails to nudge the SAC towards plausibility. *Varian Med. Sys., Inc. v. Elekta AB*, No. 15-871-LPS, 2016 WL 3748772, at *6 n.14 (D. Del. July 12, 2016). Plaintiffs' attempts have failed to cure these deficiencies, and leave to amend would be futile.

Regarding post-suit willful infringement, the SAC simply echoes the facially implausible assertions discussed in the Second MTD concerning the FAC. D.I. 174 at 10-11; D.I. 202 at 5-7. The SAC does not provide any "factual content" to support post-suit willfulness. *See Zimmer Surgical, Inc. v. Stryker Corp.*, No. 16-679-RGA-MPT, 2017 WL 3736750, at *2 (D. Del. Aug. 30, 2017). Rather, the SAC concludes in collective manner that "Defendants' infringement of the Patents-in-Suit is willful," presumably because the dozens of defendants lumped together in the complaint (including the Talen Defendants) have not self-enjoined, instead defending themselves in the litigation. SAC ¶ 230; *see also id.* ¶¶ 231-233. The SAC does not plead any fact "that transforms simple knowledge into" something "beyond typical infringement" that rises to the level of willful infringement. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935, 1936 (2016) (Breyer, J., concurring). For example, the SAC does not plead "existing patents, coupled with multiple instances of express notice of the alleged infringement." *Cont'l Circuits LLC v. Intel Corp.*, 2017 WL 2651709, at *8 (D. Ariz. June 19, 2017) (cited by *Zimmer*). The SAC does not plead any facts showing "Defendants' actions go beyond those in a typical infringement case." *Id.* Continued failures to cure these deficiencies proves that further leave to amend would be futile.

### The SAC Fails to Plausibly Allege Joint and Several Liability

Plaintiffs, yet again, fail to plausibly allege joint and several liability involving Talen Defendants, or that they are part of a joint enterprise to infringe the patents-in-suit. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1023 (Fed. Cir. 2015); *see also* D.I. 174 at 16-17; D.I. 202 at 8-9. As explained in the Second MTD, obtaining "refined coal" is nothing more than purchasing a component that, by itself, is not alleged to infringe any patent-in-suit; mere purchase of a non-infringing component cannot plausibly give rise to a "common purpose" underlying joint infringement. Furthermore, the claims at issue require performance of the Bromine Step and the Activated Carbon Step, and the SAC fails to plausibly allege a "common purpose" or an "equal control" over each step. *See* D.I. 110 at 20-22; *see also* D.I. 130, Exs. A-E (each claim requiring both bromine and activated carbon).

The SAC alleges that AJG, Chem-Mod, DTE, CERT and associated RC Defendants "control … the provision of chemicals onto the coal," while Talen Defendants "control[] the process of combusting the coal and providing sorbent comprising activated carbon." SAC ¶¶ 222, 225, 228. Even assuming the truth of these conclusory allegations, the SAC is clear that not all

entities exercise an equal right of control because the Talen Defendants have no control over "the provision of chemicals onto the coal" and AJG, Chem-Mod, DTE, CERT and their associated RC Defendants have no control over "the process of combusting the coal" or the "provi[sion] of sorbent comprising activated carbon." *See CBA Envt'l Servs., Inc. v. Toll Brothers Inc.*, 403 F. Supp. 3d 403, 419-20 (D.N.J. 2019) (dismissing allegations of joint infringement where "not all of the Defendants had equal control over the project," and that even if some Defendants "were responsible for 'overseeing and directing soil remediation activities at Apple Ridge and High Mountain,' [remaining defendants] had no such oversight authority"). The SAC's allegations of joint and several liability are incurable and any further leave to amend would be futile.

### The SAC Again to Fails Plausibly Allege That MES Has Standing to Bring Suit

The SAC repeats the previously dismissed allegations of MES as a patentee. *See* D.I. 174 at 17-19; D.I. 202 at 9-10. The SAC and the public record conclusively establish that MES has no right to seek recovery for any of the patents-in-suit. *See* D.I. 110 at 8-10. None of the patents are assigned to Plaintiff MES. *See* D.I. 174, Exs. A-E (assignment records); *see also* D.I. 130-7 (identifying "Midwest Energy Emissions Corporation" ("Midwest") as the only patentee). The assignment records reflect a change in ownership from the original assignee EERC to Plaintiff Midwest, dated April 24, 2017, and MES is nowhere in the assignment chain.

The SAC itself also refutes MES's purported ownership interest by stating that "ME2C"—and not MES—"owns all rights, title, and interest in the [patents-in-suit], and holds all substantial rights pertinent to this suit, including the right to sue and recover for all past, current, and future infringement." SAC ¶¶ 244, 281, 320, 352, and 384. "These allegations do not satisfy Plaintiffs' burden … [t]hey lump the two Plaintiffs together under one defined term ("ME2C"), making it unclear which Plaintiff is alleged to hold which rights regarding that patent." D.I. 110 at 9. Between the assignment records and the admissions in the SAC, it is apparent that on April 24, 2017: (1) EERC had assigned the patents to Midwest; (2) MES's exclusive license was terminated; and (3) MES did not retain any right to sue for past damages. *See* SAC ¶ 109. Thus, as of the dates of filing of the Original Complaint, the FAC, and the SAC, MES had no right to any patents-in-suit. *See Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1367-68 (Fed. Cir. 2008) (affirming denial of leave to amend as futile where the proposed amendment included a plaintiff that "was neither the owner nor the exclusive licensee of the [] patents-in-suit.") (mandate recalled on other grounds). The deficiencies in MES's standing are simply incurable.

#### CONCLUSION

Instead of learning from the detailed R&R, now the law of the case, the SAC repeats the hopelessly implausible pleadings for the ***third time***, demonstrating futility. *See Campbell v. Navient Corp.*, No. CV 18-1625-RGA, 2020 WL 5439799, at *5 (D. Del. Sept. 10, 2020) ("I gave Plaintiff a chance to do so on the previous amended complaint, and the latest amended complaint is no closer to stating a claim . . . . Therefore, the Amended Complaint will be dismissed without leave to amend."). The same result is warranted here.

						Respectfully,

						*/s/ Francis DiGiovanni*

						Francis DiGiovanni (No. 3189)

cc: All Counsel of Record