# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | |
| Plaintiffs, | C.A. No. 1:19-cv-01334-RGA-CJB |
| v. | Jury Trial Demanded |
| VISTRA ENERGY CORP., ET AL., | **REDACTED - October 19, 2020** |
| Defendants. | |

### PLAINTIFFS' LETTER TO THE HONORABLE CHRISTOPHER J. BURKE IN RESPONSE TO TALEN'S LETTER OF OCTOBER 2, 2020

Dated: October 8, 2020

OF COUNSEL:

Bradley W. Caldwell
Texas Bar No. 24040630
Jason D. Cassady
Texas Bar No. 24045625
John Austin Curry
Texas Bar No. 24059636
Justin T. Nemunaitis
Texas Bar No. 24065815
**CALDWELL CASSADY CURRY PC**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Phone: (214) 888-4848
Fax: (214) 888-4849
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
jnemunaitis@caldwellcc.com

DEVLIN LAW FIRM LLC
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com

*Attorneys for Plaintiffs Midwest Energy Emissions Corp. and MES Inc.*

Dear Judge Burke,

Talen opposes ME2C's request to file the second amended complaint as unduly prejudicial and futile. Neither argument warrants denial of ME2C's motion.

### **Talen Fails to Demonstrate Undue Prejudice**

First, in arguing that the amendment would be unduly prejudicial, Talen focuses almost entirely on allegations that are already present in the first amended complaint. The one statement Talen makes with respect to a new allegation is a vague assertion that Talen Montana LLC would be prejudiced because it would need to respond to the complaint. This does not demonstrate undue prejudice.

ME2C has accused Talen Montana LLC of direct infringement. Talen has not disputed that ME2C's complaint states a claim for direct infringement. Even Talen's letter response does not dispute that the second amended complaint states a claim for direct infringement. Thus, while the second amended complaint may mean that Talen Montana LLC may ultimately be found liable for infringement, the fact that it might lose this case is not a reason to prevent ME2C from adding them to the case.

If the Court were to deny the amendment, ME2C would be forced to file a separate case against Talen Montana LLC. This would potentially subject the parties and the Court to multiple rounds of duplicative discovery, claim construction, etc. This result would be far more prejudicial to both sides than allowing the Court to efficiently resolve ME2C's claims against all of the Talen entities in a single case. This is especially true here where the parties agreed on, and the Court ordered, a deadline for adding parties to the case, and ME2C's proposed amendment was made within that deadline.

Second, Talen reiterates its request for severance under § 299. But Talen fails to articulate any way in which allowing ME2C's proposed amendment is related to the issue of severance. ME2C already responded to Talen's arguments in addressing Talen's motion to dismiss. That is the appropriate vehicle for resolving this issue.

Finally, Talen argues that ME2C should not have asserted certain patents against entities that are already named in the case: Brandon Shores LLC and H.A. Wagner LLC. This has nothing to do with the proposed amendment. Those entities could have sought dismissal of those patents based on the original complaint. They did not do that. This is simply not a reason to prevent ME2C from adding Talen Montana LLC to this case.

Moreover, Talen fails to tell the whole story. ███████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████ o

The Honorable Christopher J. Burke
October 8, 2020
Page 2

Regardless, this simply has nothing to do with whether ME2C can add Talen Montana LLC to this case, or whether ME2C must file a separate case against that entity.

### Talen Fails to Demonstrate Futility

According to Talen, because it has moved to dismiss some aspects of the complaint currently on file, the Court should prevent ME2C from making *any* changes to its pleading, even if that means preventing ME2C from adding a non-futile direct infringement claim against a new party. This cannot be how the law works.

The one case Talen cites for support actually demonstrates why Talen must be wrong. In, *In re Burlington Coat Factory Securities Litigation*, the district court dismissed an amended complaint with prejudice. 114 F.3d 1410, 1435 (3d Cir. 1997). The Third Circuit affirmed the dismissal as to all claims, and the denial of leave to amend as to certain claims that would have been futile. As to other claims, it reversed the denial of leave to amend because the claims were only dismissed as lacking particularity under Rule 9(b). It explained that, in the absence of a specific finding that those claims would be futile, it was error for the district court to deny leave to amend. In other words, even if a complaint contains a claim that should be dismissed with prejudice, that is no reason to wholesale prevent a plaintiff from amending its pleadings as to other claims.

Simply put, Talen does not identify any new allegation in the second amended complaint that would be futile to add to the complaint. Talen does not dispute that the allegations related to the refined coal Defendants, the allegation that all Defendants received a copy of the second amended complaint, and the addition of Talen Montana LLC to the case may all be included in ME2C's pleading without futility. Because this is the sum total of allegations ME2C seeks to add to the case, Talen has articulated no legal basis to deny the present motion as futile.

### Conclusion

ME2C respectfully requests that the Court grant its motion to file the second amended Complaint.

Respectfully,

*/s/ James M. Lennon*

James M. Lennon (No. 4570)

JML/dla
cc:   Clerk of the Court (via CM/ECF)
      Counsel of Record (via email)