IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MIDWEST ENERGY EMISSIONS CORP.     )
and MES INC.,                      )
                                   )
            Plaintiffs,            )
                                   )
      v.                           )      C.A. No. 19-1334 (RGA)
                                   )
VISTRA ENERGY CORP., *et al.*,     )
                                   )
            Defendants.            )

**AEP DEFENDANTS' NOTICE OF SUBPOENA DUCES TECUM TO**
**ENERGY & ENVIRONMENTAL RESEARCH CENTER**

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 26

and 45, Defendants AEP Generation Resources Inc., Southwestern Electric Power Co., and AEP

Texas Inc. (collectively, "AEP") will cause the attached subpoena to be served on Energy &

Environmental Research Center ("EERC").  Pursuant to Rules 34 and 45 of the Federal Rules of

Civil Procedure, AEP seeks the production of documents, electronically stored information, and

things from EERC on or before November 12, 2020.

OF COUNSEL:

Randall E. Mehrberg
Terri L. Mascherin
Aaron A. Barlow
Cayman C. Mitchell
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL  60654-3456
(312) 222-9350

Adam G. Unikowsky
JENNER & BLOCK LLP
1099 New York Avenue, N.W.
Suite 900
Washington, DC  20001-4412
(202) 639-6000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
Rodger D. Smith II (#3778)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
ccucuzzella@mnat.com

*Attorney for Defendants AEP Generation*
*Resources Inc., Southwestern Electric Power*
*Co. and AEP Texas Inc.*

October 29, 2020

# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| Midwest Energy Emissions Corp. and MES Inc., | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 19-1334-RGA |
| Vistra Energy Corp., et al | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Energy & Environmental Research Center (EERC)
             15 North 23rd Street, Grand Forks, ND 58202

_(Name of person to whom this subpoena is directed)_

☛ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit   A.

| Place: 353 N. Clark Street<br>Chicago, IL 60654 | Date and Time:<br>11/12/2020 10:00 am |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:          10/29/2020

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _Signature of Clerk or Deputy Clerk_ | | /s/ Aaron Barlow<br>_Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
AEP Generation Resources Inc., et al. _____ , who issues or requests this subpoena, are:
Aaron Barlow, Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654, abarlow@jenner.com, (312) 222-9350

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    19-1334-RGA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                      *Server's signature*

                                      _____
                                                      *Printed name and title*

                                      _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

Print        Save As...        Add Attachment                    Reset

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

MIDWEST ENERGY EMISSIONS CORP.
and MES INC.,

          Plaintiffs,

v.

VISTRA ENERGY CORP., et al.

          Defendants.

C.A. No. 19-1334-RGA-CJB

**JURY TRIAL DEMANDED**

**EXHIBIT A**

**DEFINITIONS**

The following definitions shall apply to the requests that follow:

1. ***"ME2C"*** is defined as Midwest Energy Emissions Corp., MES Inc., and RLP Energy, Inc., and should be understood to include any and all officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, or other related entities.

2. ***"EERC"*** is defined to include Energy & Environmental Research Center (EERC), Energy and Environmental Research Center Foundation (EERCF), the Center for Air Toxic Metals (CATM), and University of North Dakota (UND), and should be understood to include any and all officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, or other related entities.

3. ***"You"*** and ***"Your"*** should be understood to mean EERC.

4. ***"Delaware Action"*** refers to the above-captioned case, and any related cases filed and consolidated in the District of Delaware.

1

*5.* ***"PTAB Actions"*** refers to any proceedings before the United States Patent and Trademark Office challenging the validity of one or more Asserted Patents, including but not limited to *inter partes* review numbers: IPR2020-00832, IPR2020-00834, IPR2020-00926, IPR2020-00928, IPR2020-01294, IPR2020-01295, IPR2020-01296, and IPR2020-01297.

6. ***"Asserted Patent(s)"*** refers to U.S. Patent Nos. 8,168,147 (the "'147 Patent"), 10,343,114 (the "'114 Patent"), 10,589,225 (the "'225 Patent"), 10,596,517 (the "'517 Patent"), and 10,668,430 (the "'430 Patent"), individually and collectively.

7. ***"Counterpart(s)"*** refers U.S. Patent Provisional Application No. 60/605,640, U.S. Patent Application No. 11/209,163, and any and all patents and patent applications that claim priority, directly or indirectly, to U.S. Patent Provisional Application No. 60/605,640 or U.S. Patent Application No. 11/209,163.

8. ***"Halogen(s)"*** or ***"Halide(s)"*** encompass any molecule, compound, or ion containing fluorine (F), chlorine (Cl), "bromine," or iodine (I), or fluoride, chloride, bromide or iodide or any compounds and combinations thereof.

9. ***"Mercury-Removal Product"*** means any products (including facilities, hardware, chemical, and sorbents), processes, and services provided, used, sold, or offered for sale by EERC (either current or in the past) for removing mercury, capturing mercury, or reducing mercury emissions.

10. ***"Sorbent-Enhancement Additive"*** refers to the sorbent-enhancement additive products and services marketed, offered, and/or sold by ME2C or EERC for use in mercury capture and/or removal, including but not limited to SEA1, SEA2 and SF10.

11.     "***Two-Part Process for Mercury Control***" refers to any process or system for removing, remediating, and/or capturing mercury that involves applying, adding, or injecting a halogen onto coal or into a combustion chamber, and also involves applying, adding, or injecting activated carbon.

12.     "***And***" and "***or***" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

13.     "***Any***" and "***all***" shall be construed as "any and all."

14.     "***Each***" and "***every***" shall be construed as "each and every."

15.     "***Communication***" should be understood to include all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, facsimiles, notes, telegrams, advertisements, or other forms of verbal exchange, whether oral or written.

16.     "***Document***" shall include, without limitation, all documents, electronically stored information, and tangible things within the scope of the Federal Rules of Civil Procedure, including Rule 34.

17.     "***Including***" shall mean "including, but not limited to."

18.     "***License***" shall include licenses to, sublicenses to, interests in, rights in, options to license, an agreement providing or limiting an amount of money that a party may be obligated to pay, and covenants not to sue.

19.     References to any entity shall include, in addition to the entity, any officer, director, employee, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

20.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

## **INSTRUCTIONS**

The following instructions shall apply to these requests:

1.      These requests are continuing to the extent permitted under the Federal Rules of Civil Procedure and require you, consistent with your obligations under Fed. R. Civ. P. 26(e)(1), promptly to produce for inspection and copying any documents or things that you reasonably may acquire, obtain, locate or identify.

2.      You shall produce paper documents as they are kept in the usual course of business or shall organize and label them to correspond to the categories in this request. You shall produce electronically stored information in a form in which it is ordinarily maintained or in a reasonably usable form.

3.      If no documents or things are responsive to a particular request, state that no responsive materials exist.

4.      Each requested document or thing shall be produced in its entirety and with all attachments, without deletions or excisions, regardless of whether you consider the entire document or any attachment thereto to be relevant to this case or responsive to these requests. If any document or thing cannot be produced in full, it shall be produced to the extent possible and accompanied by an explanation that states why production of the remainder is not possible.

5.      If you object or otherwise refuse to respond or produce documents or things in response to any portion of a document request, you shall (1) state the objection or reason for such refusal, and (2) provide all documents or things called for by that portion of the request for production to which you do not object and/or refuse to respond.

6.    If any document is withheld from production on the basis of privilege, immunity or any similar claim, produce a log within a reasonable time as agreed by the parties or as ordered by the Court that includes: (i) the date of the document; (ii) the identity of all persons who prepared or signed the document; (iii) the identity of all persons designated as addressees or copy recipients; (iv) the subject matter of the document; (v) the type of document (memorandum, pamphlet, report, etc.); (vi) the type or nature of the privilege asserted (e.g., attorney-client privilege, work product doctrine, etc.); (vii) an explanation of the basis for withholding the document; and (viii) any other information required by Federal Rule of Civil Procedure 26(b)(5) or the local rules for the District Court for the District of Delaware.

7.    Unless otherwise stated, these requests require the production of documents or things that were prepared, created, written, sent, dated or received at any time.

## <u>REQUESTS FOR PRODUCTION</u>

**<u>REQUEST NO. 1:</u>** All Documents referring or relating to any Asserted Patent, Counterpart, or Defendants.

**<u>REQUEST NO. 2:</u>** All Documents relating to the prosecution of each Asserted Patent before the United States Patent and Trademark Office and the conception and reduction to practice of the Asserted Patents.

**<u>REQUEST NO. 3:</u>** All Documents prior to 2006 relating to the products and processes for mercury control and removal used, developed, sold, offered for sale, described, published, or patented by Bernard Vosteen, Vosteen Consulting GmbH, Alstom Power, ADA-ES, Alstom Power, GE Energy, and Babcock & Wilcox, Sidney Nelson Jr., SorbTech, Klaus Oehr, and Nalco Company, or the American Electric Power or Electric Power Research Institute (EPRI).

**<u>REQUEST NO. 4:</u>** Agreements between EERC and any of John Pavlish, Michael Holmes, Edwin Olson, Ye Zhuang, and Thomas Erickson.

**REQUEST NO. 5:**  Documents sufficient to identify EERC's policies from 2004-2012 relating to intellectual property licensing and paying royalties to inventors.

**REQUEST NO. 6:**  All Licenses in which EERC is a party relating to technologies for controlling or reducing mercury emissions.

**REQUEST NO. 7:**  All Documents relating to any License to or from ME2C, any agreements concerning ME2C, and any agreements concerning the Delaware Action or PTAB Actions.

**REQUEST NO. 8:**  All Documents and Communications referring or relating to work conducted under any government grant or contract applied for or awarded to EERC relating to mercury, including but not limited to EPA Grant Number R827649, EPA Grant Number CR 830292-01, DOE Cooperative Agreement No. DE-FC26-98FT40320, EPA Grant Number Grant Number R824854, DOE Cooperative Agreement DE-FC26-98FT3021, DOE Cooperative Agreement DE-FC26-03NT41897, DOE Energy Contract FC26-98FT40350, DOE Cooperative Agreement DE-FC21-94MC31388, DOE Cooperative Agreement DE-FC21-93MC30097, DOE Cooperative Agreement No. DE-FC26-06NT42775, DOE Cooperative Agreement No. DE-FC26-03NT41989, DOE Cooperative Agreement No. DE-FC26-03NT-41991, DOE Cooperative Agreement No. DE-FC26-05NT42305.

**REQUEST NO. 9:**  All disclosures or communications to any government agency regarding Sorbent-Enhancement Additive or the use of a Two-Part Process for Mercury Control.

**REQUEST NO. 10:**  All Communications relating to testing that took place at the Colstrip plant in 2005-2006 that involved at least John P. Kay, Michael L. Jones, and Steven A. Benson, including but not limited to any photographs taken by EERC of the Colstrip plant, any architectural drawings provided to EERC, proposals and/or offers for sale provided by EERC,

test data taken by EERC, reports and presentations prepared by EERC regarding the Colstrip

testing, and Communications regarding the successes or failures of the testing.

**REQUEST NO. 11:**  All Communications between EERC and any power plant operator

regarding testing, demonstration, sale, or offer for sale of a Two-Part Process for Mercury

Control.

**REQUEST NO. 12:**  Documents sufficient to identify the chemical composition

(including identity and concentrations of all components) of SEA2, and all Documents relating to

any decision, plan or discussion regarding maintaining the composition of SEA2 as proprietary

or a trade secret.

**REQUEST NO. 13:**  All laboratory notebooks, logbooks, PTC run logbooks or research

notebooks referring or relating to any work done under any of the grants identified in Request

No. 5.

**REQUEST NO. 14:**  All documents or communications dated from January 1, 2001

through December 31, 2011 describing, referring or relating to the structure, composition or

nature of Norit DARCO FGD, including but not limited to specifications, product brochures or

descriptions, invoices, purchase orders, certificates of analysis, reports, laboratory notebooks or

memoranda.

**REQUEST NO. 15:**  Any documents or communications referring to a Two-Step

Process for Mercury Control.

**REQUEST NO. 16:**  All laboratory notebooks, logbooks or research notebooks used

after January 1, 2001 by John Pavlish, Edwin Olson, Michael Holmes, Ye Zhuang, Thomas

Ericskson, or anyone working on their behalf, for research related to mercury.

**REQUEST NO. 17:**  All documents or communications referring or relating to the analysis included on page 18 of Report No. 2005-EERC-02-05, entitled "Final Report entitled Pilot- and Full-Scale Demonstration of Advanced Control Technologies for Lignite-Fired Power Plants" (Feb. 2005), prepared by Steven Benson, John Pavlish, Michael Holmes and others at EERC.

**REQUEST NO. 18:**  All communications and documents disclosing SEA2 or any inventions relating to the use of SEA2 to the Department or Energy or the Environmental Protection Agency.

**REQUEST NO. 19:**  All reports, newsletters or other periodic communications of the Center for Air Toxic Metals (CATM) relating to mercury from Program Area 1 (Transformation Mechanisms), Program Area 3 (Control Technologies), and Program Area 5 (Technology Commercialization, Education, and Publication) that are cited to or referenced in the following web pages (attached at Exhibits 1-4 and URL below).

- https://web.archive.org/web/20111110032238/http://www.undeerc.org/catm/newsletters.html
- https://web.archive.org/web/20111110034014/http://www.undeerc.org/catm/area1_catm.htm
- https://web.archive.org/web/20111110031030/http://www.undeerc.org/catm/area3_catm.htm
- https://web.archive.org/web/20111110024305/http://www.undeerc.org/catm/area5_catm.htm.

**REQUEST NO. 20:**  Conference proceedings, attendance lists, and distribution lists for the annual International Conference on Air Quality that was organized and sponsored by EERC held between 2002 and 2017.

**REQUEST NO. 21:**  All invoices, payment receipts, and other evidence of payments made to EERC pursuant to the January 15, 2009 agreement between EERC and RLP Energy (and all amendments and supplements thereto), and documents evidencing the value of shares received pursuant to that agreement.

**REQUEST NO. 22:**  All documents valuating the Asserted Patents, Counterparts, or portfolio of intellectual property containing the Asserted Patents or Counterparts.

# Exhibit 1

10/28/2020

CATM Newsletters & Reports

http://www.undeerc.org/catm/newsletters.html

22 captures
15 Feb 2009 - 10 Nov 2011

OCT NOV DEC
◀ 10 ▲
2008 2011 2012

1/1

**UND** University of North Dakota

CATM Home    Program Areas    Highlights    Grand Forks    Newsletters & Reports    Affiliates Program    Request Info

EERC
Energy & Environmental Research Center



## CATM Newsletters & Reports

The mission of CATM is to provide a nationally coordinated and practically oriented multidisciplinary research, development and training program on the formation, behavior, and control of potentially toxic metal emissions from energy-producing and incinerating systems and on preventing and minimizing the effects of these metals on the environment through partnerships developed with industry, academia, and government.

**Topical Mercury Reports**

- Mercury Information Clearinghouse Final Report
- Commercialization Aspects of Sorbent Injection Technologies in Canada
- Mercury Regulations in the United States: Federal and State
- Mercury Control Field Demonstrations
- Mercury Fundamentals
- Rerelease of Mercury from Coal Combustion By-Products
- Advanced and Developmental Mercury Control Technologies
- Mercury Measurement
- Sorbent Injection Technologies

**CATM Newsletters**

- **Volume 14 – Issue 1**
- **Volume 13 – Issue 2** (Air Quality VI Overview)
- **Volume 13 – Issue 2 References**
- **Volume 13 – Issue 1**
- **Volume 12 – Issue 2**
- **Volume 12 – Issue 1** (Air Quality V Overview)
- **Volume 12 – Issue 1 References**
- **Volume 11 – Issue 1**
- **Volume 10 – Issue 1** (Air Quality IV Overview)
- **Volume 9 – Issue 2**
- **Volume 9 – Issue 1** (Air Quality III Overview)
- **Volume 8 – Issue 1**
- **Volume 7 – Issue 2**
- **Volume 7 – Issue 1** (Air Quality II Overview)
- **Volume 6 – Issue 1**
- **Insert to Volume 6**

For earlier issues of the CATM Newsletters, contact Lucinda Hamre at (701) 777-5059 or **lhamre@undeerc.org**

Documents are in PDF format

Get Acrobat Reader
Adobe

EERC Home

# Exhibit 2

10/28/2020                                                                                                                  CATM Transformation Mechanisms

http://www.undeerc.org/catm/area1_catm.htm
23 captures
18 Mar 2003 – 10 Nov 2011

Go  MAY **NOV** DEC
▼  **10**  ▲
**2008** **2011** 2012

**EERC**
Energy & Environmental Research Center

**UND** University of North Dakota    Grand Forks

CATM Home    Program Areas    Highlights    Newsletters    Affiliates Program    Request Info



**Manager**
Ye Zhuang
yzhuang@undeerc.org
**(701)777-5236**

CATM Program Area 1
## Transformation Mechanisms

**Transformation Mechanisms** focuses on the determination of the chemical and physical transformations of air toxic metals as a function of the association and abundance of the metal in the fuel and system design and operating conditions.

**Program Area 1 Projects**

- **Toxic Metal Transformation in Fossil Fuel Combustion Systems** (2008, 10.86 MB PDF)

- **Toxic Metal Transformation in Fossil Fuel Combustion Systems** (2007, 1.06 MB PDF)

- **Mercury Transformations in Coal Combustion Flue Gas** (2006, 5.04 MB PDF)
- **The Fate of Arsenic in Waste-To-Energy Facilities** (2006, 473 KB PDF)

- **Mercury Transformations in Coal Combustion Flue Gas** (2005, 704 KB PDF)
- **The Fate of Arsenic in Waste-To-Energy Facilities** (2005, 76 KB PDF)

- **Mercury Transformations in Coal Combustion Flue Gas** (2004, 264 KB PDF)

- **Mercury Transformations in Coal Combustion Flue Gas** (2003, 432 KB PDF)
- **Nickel, Chromium, and Arsenic Speciation of Ambient Particulate Matter in the Vicinity of an Oil-Fired Utility Boiler** (2003, 408 KB PDF)
- **Transition Metal Speciation of Fossil Fuel Combustion Flue Gases** (2003, 326 KB PDF)

- **Coal Combustion Flue Gas Effects on Mercury Speciation** (2002, 536 KB PDF)
- **Stability of Mercury in Coal Combustion By-Products and Sorbents** (2002, 165 KB PDF)
- **Nickel, Chromium, and Arsenic Speciation of Ambient Particulate Matter in the Vicinity of and Oil-Fired Utility Boiler** (2002, 200 KB PDF)
- **Transition Metal Speciation of Fossil Fuel Combustion Flue Gases** (2002, 185 KB PDF)

- **Fundamental Mechanisms of Mercury Species Formation in Coal Combustion Flue Gas** (2001, 195 KB PDF)
- **Stability of Mercury in Coal Combustion By-Products** (2001, 129 KB PDF)
- **Investigation of the Fate of Mercury in a Coal Combustion Plume Using a Static Plume Dilution Chamber** (2001, 131 KB PDF)

EERC Home

# Exhibit 3

10/28/2020

http://www.undeerc.org/catm/area3_catm.htm

21 captures
16 Mar 2003 – 10 Nov 2011

MAY  NOV  DEC
▼ 10 ▲
2008 2011 2012

Go

1/2

▼ About this capture

CATM Control Technologies

**EERC**
Energy & Environmental Research Center

**UND** University of North Dakota      Grand Forks

CATM Home      Program Areas      Highlights      Newsletters      Affiliates Program      Request Info



**Manager**
Mike Holmes
mholmes@undeerc.org
**(701) 777-5276**

CATM Program Area 3
## Control Technologies

**Control Technologies** focuses on pollution prevention and evaluating and enhancing and currently used emission control technologies for air toxic metals. In addition, this program focuses on developing and demonstrating technologies to minimize and/or control toxic emissions from energy conversion systems that use coal, waste, and other fossil-derived fuels.

**Program Area 3 Projects**

- **Development of Mercury Control Technologies** (2008, 2.9 MB PDF)

- **Development of Mercury Control Technologies** (2007, 1.7 MB PDF)
- **Investigation of Mercury and Carbon–Based Sorbent Reaction Mechanisms** (2007, 474 KB PDF)

- **Development of Mercury Control Technologies** (2006, 1.7 MB PDF)
- **Investigation of Mercury and Carbon–Based Sorbent Reaction Mechanisms** (2006, 1.1 MB PDF)
- **Modeling Mercury Speciation in Coal Combustion Systems and Interactions on Activated Carbon** (2006, 1.01 MB PDF)
- **Mercury and Air Toxic Element Impacts of Coal Combustion By-Product Disposal and Utilization** (2006, 294 KB PDF)

- **Development of Mercury Control Technologies** (2005, 697 KB PDF)
- **Investigation of Mercury and Carbon–Based Sorbent Reaction Mechanisms** (2005, 290 KB PDF)
- **Modeling Mercury Speciation in Coal Combustion Systems and Interactions on Activated Carbon** (2005, 235 KB PDF)
- **Developing SCR Technology Options for Mercury Oxidation in Western Fuels** (2005, 93 KB PDF)

- **Development of Mercury Control Technologies** (2004, 94 KB PDF)
- **Modeling Mercury Speciation in Coal Combustion Systems and Interactions on Activated Carbon** (2004, 278 KB PDF)
- **Developing SCR Technology Options for Mercury Oxidation in Western Fuels** (2004, 32 KB PDF)
- **Investigation of Mercury and Carbon–Based Sorbent Reaction Mechanisms** (2004, 86 KB PDF)
- **Mercury in Alternative Fuels** (2004, 217 KB PDF)
- **Mercury and Air Toxic Element Impacts of Coal Combustion By-Product Disposal and Utilization** (2004, 206 KB PDF)

- **Development of Mercury Control Technologies** (2003, 385 KB PDF)
- **Fundamental Study of the Impact of SCR on Mercury Speciation** (2003, 123 KB PDF)
- **Stability of Mercury in Coal Combustion By-Products and Sorbents** (2003, 230 KB PDF)
- **Developing SCR Technology Options for Mercury Oxidation in Western Fuels** (2003, 84 KB PDF)
- **Modeling Mercury Speciation in Coal Combustion Systems** (2003, 345 KB PDF)
- **Mercury in Alternative Fuels** (2003, 72 KB PDF)

- **Development of Mercury Control Technologies** (2002, 469 KB PDF)
- **Mercury Release from Crude Oil and Other Fuels** (2002, 137 KB PDF)
- **Fundamental Study of SCR Impact on Mercury Speciation** (2002, 251 KB PDF)

- **Development of Mercury Control Technologies** (2001, 156 KB PDF)
- **Mercury Release from Crude Oil** (2001, 38 KB PDF)

10/28/2020

CATM Control Technologies

http://www.undeerc.org/catm/area3_catm.htm

Go

MAY  NOV  DEC
10
2008  2011  2012

21 captures
16 Mar 2003 - 10 Nov 2011

# Exhibit 4

10/28/2020

http://www.undeerc.org/catm/area5_catm.htm

23 captures
2 May 2003 - 10 Nov 2011

CATM Technology Commercialization and Education

MAY **NOV** DEC
◀ **10** ▲
**2008** **2011** 2012
[Go]

CATM Technology Commercialization and Education




**EERC**
Energy & Environmental Research Center

**UND** University of North Dakota      **Grand Forks**

CATM Home      Program Areas      Highlights      Newsletters      Affiliates Program      Request Info

**Manager**
**John H. Pavlish**
jpavlish@undeerc.org
**(701) 777-5268**

CATM Program Area 5
**Technology Commercialization,
Education, and Publication**

**Technology Commercialization, Education, and Publication** involves the development of partnerships through the transfer of information
from CATM to industrial sponsors as well as to academic and government partners through newsletters, education programs, and annual meetings.

**Program Area 5 Projects**

- **Education, Publication, Communication, and Commercialization** (2008, 449 KB PDF)

- **Education, Publication, Communication, and Commercialization** (2007, 297 KB PDF)

- **Education, Publication, Communication, and Commercialization** (2006, 446 KB PDF)

- **Education, Publication, Communication, and Commercialization** (2005, 36 KB PDF)

- **Education, Publication, Communication, and Commercialization** (2004, 43 KB PDF)

- **Education, Publication, Communication, and Commercialization** (2003, 94 KB PDF)

- **Technology Commercialization, Education, and Publication** (2002, 117 KB PDF)

- **Potential Impact of Selenium on Mercury Toxicity** (2002, 143 KB PDF)

- **Technology Commercialization, Education, and Publication** (2001, 35 KB PDF)

EERC Home

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 29, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 29, 2020, upon the following in the manner indicated:

James M. Lennon, Esquire                                             *VIA ELECTRONIC MAIL*
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE  19806
*Attorneys for Plaintiffs*

Bradley W. Caldwell, Esquire                                         *VIA ELECTRONIC MAIL*
Jason D. Cassady, Esquire
John Austin Curry, Esquire
Justin T. Nemunaitis,Esquire
CALDWELL CASSADY CURRY PC
2010 Cedar Springs Road, Suite 1000
Dallas, TX  75201
*Attorneys for Plaintiffs*

*/s/ Rodger D. Smith II*
_____
Rodger D. Smith II (#3778)