# EXHIBIT B

Case 1:19-cv-01334-CJB   Document 236-2   Filed 11/06/20   Page 2 of 12 PageID #: 3036

# Manual of PATENT EXAMINING PROCEDURE

Original Ninth Edition, March 2014

Latest Revision June 2020 [R-10.2019]

U.S. DEPARTMENT OF COMMERCE



United States Patent and Trademark Office

**Rev. 10.2019, June   2020**

## AVAILABILITY

The paperbound format of the Manual was discontinued by the Government Publishing Office effective December 13, 2012. The Manual is available electronically in html and PDF renderings on the USPTO website at **www.uspto.gov/web/offices/pac/mpep/**. The Office also provides a search engine for searching the full text of the Manual at **https://mpep.uspto.gov/RDMS**.

Most hyperlinks from the Manual to internal and external websites are active. For particularly long website addresses (URLs), an extra space has been added to the rendered text for readability (especially in the PDF rendering). Clicking on a hyperlink will direct the user to the referenced website because the reference link data in the source document includes the URL without the extra space; however, copying text that includes the extra space and thereafter pasting it in a browser will result in an error.

Previous editions and revisions of the Manual are available from the MPEP Archives page on the USPTO website at **www.uspto.gov/web/offices/pac/mpep/old/index.htm**.

## EXPLANATION OF NOTATIONS

Revision Date Indicator. Each section within an MPEP Chapter includes a revision date indicator, e.g., [R-10.2019]. The numbers within the bracket indicate the date the revision cycle for that section was completed, which would be October 2019 in the example above. Note that the publication date of the Manual as indicated on the title page and on the bottom of the PDF renderings may be later than the date the revision cycle was completed because of the time required for clearance processes.

"Pre-AIA." Where the phrase "pre-AIA" is associated with a law or rule, it means that version which was in force before the date of the change necessitated by the Leahy-Smith America Invents Act (AIA), Public Law 112-29, 125 Stat. 284.

"Pre-PLT" or pre-PLT (AIA)." Where the phrase "pre-PLT" or "pre-PLT (AIA)" is associated with a law or rule, it means that version which was in force before the date of the change necessitated by the Patent Law Treaties Implementation Act of 2012, Title II (Patent Law Treaty Implementation (PLT)), Public Law 112-211, 126 Stat. 1527 (Dec. 18, 2012). Note that the "pre-PLT (AIA)" designation is used when there is also a "pre-AIA" version of the law or rule that still has applicability in limited circumstances.

Five Asterisks. The use of five asterisks in the body of the laws, rules, treaties, and administrative instructions indicates a portion of the law, rule, treaty, or administrative instruction which was not reproduced.

    First Edition,  November 1949
    Second Edition,  November 1953
    Third Edition,  November 1961
    Fourth Edition,  June 1979
    Fifth Edition,  August 1983
    Sixth Edition,  January 1995
    Seventh Edition,  July 1998
    Eighth Edition,  August 2001
       Final Revision,  August 2012
    Ninth Edition,  March 2014 [R-11.2013]
       Revised,  October 2015 [R-07.2015]
       Revised,  November 2015 [R-07.2015]
       Revised,  January 2018 [R-08.2017]
       Revised,  June 2020 [R-10.2019]

# Chapter 2100 Patentability

| | | | |
|---|---|---|---|
| 2101 -2102 | [Reserved] | 2106.06 | Streamlined Analysis |
| | | 2106.06(a) | Eligibility is Self Evident |
| 2103 | **Patent Examination Process** | 2106.06(b) | Clear Improvement to a Technology or to Computer Functionality |
| 2104 | **Requirements of 35 U.S.C. 101** | | |
| 2104.01 | Barred by Atomic Energy Act | | |
| 2105 | **Patent Eligible Subject Matter — Living Subject Matter** | 2106.07 | Formulating and Supporting Rejections For Lack Of Subject Matter Eligibility |
| 2106 | **Patent Subject Matter Eligibility** | | |
| 2106.01 | [Reserved] | 2106.07(a) | Formulating a Rejection For Lack of Subject Matter Eligibility |
| 2106.02 | [Reserved] | | |
| 2106.03 | Eligibility Step 1: The Four Categories of Statutory Subject Matter | 2106.07(a)(1) | Form Paragraphs for use in Lack of Subject Matter Eligibility Rejections |
| 2106.04 | Eligibility Step 2A: Whether a Claim is Directed to a Judicial Exception | 2106.07(b) | Evaluating Applicant's Response |
| 2106.04(a) | Abstract Ideas | 2106.07(c) | Clarifying the Record |
| 2106.04(a)(1) | Examples of Claims That Do Not Recite Abstract Ideas | 2107 | **Guidelines for Examination of Applications for Compliance with the Utility Requirement** |
| 2106.04(a)(2) | Abstract Idea Groupings | | |
| 2106.04(a)(3) | Tentative Abstract Ideas | 2107.01 | General Principles Governing Utility Rejections |
| 2106.04(b) | Laws of Nature, Natural Phenomena & Products of Nature | | |
| | | 2107.02 | Procedural Considerations Related to Rejections for Lack of Utility |
| 2106.04(c) | The Markedly Different Characteristics Analysis | | |
| | | 2107.03 | Special Considerations for Asserted Therapeutic or Pharmacological Utilities |
| 2106.04(d) | Integration of a Judicial Exception Into A Practical Application | | |
| | | 2108 | [Reserved] |
| 2106.04(d)(1) | Evaluating Improvements in the Functioning of a Computer, or an Improvement to Any Other Technology or Technical Field in Step 2A Prong Two | 2109 | **Inventorship** |
| | | 2109.01 | **Joint Inventorship** |
| | | 2110 | [Reserved] |
| | | 2111 | **Claim Interpretation; Broadest Reasonable Interpretation** |
| 2106.04(d)(2) | Particular Treatment and Prophylaxis in Step 2A Prong Two | 2111.01 | Plain Meaning |
| | | 2111.02 | Effect of Preamble |
| | | 2111.03 | Transitional Phrases |
| 2106.05 | Eligibility Step 2B: Whether a Claim Amounts to Significantly More | 2111.04 | "Adapted to," "Adapted for," "Wherein," "Whereby," and Contingent Clauses |
| 2106.05(a) | Improvements to the Functioning of a Computer or To Any Other Technology or Technical Field | | |
| | | 2111.05 | Functional and Nonfunctional Descriptive Material |
| 2106.05(b) | Particular Machine | 2112 | **Requirements of Rejection Based on Inherency; Burden of Proof** |
| 2106.05(c) | Particular Transformation | | |
| 2106.05(d) | Well-Understood, Routine, Conventional Activity | 2112.01 | Composition, Product, and Apparatus Claims |
| | | 2112.02 | Process Claims |
| 2106.05(e) | Other Meaningful Limitations | 2113 | **Product-by-Process Claims** |
| 2106.05(f) | Mere Instructions To Apply An Exception | 2114 | **Apparatus and Article Claims — Functional Language** |
| 2106.05(g) | Insignificant Extra-Solution Activity | 2115 | **Material or Article Worked Upon by Apparatus** |
| 2106.05(h) | Field of Use and Technological Environment | 2116 | [Reserved] |

| | | | |
|---|---|---|---|
| 2116.01 | Novel, Nonobvious Starting Material or End Product | 2130 | [Reserved] |
| 2117 | **Markush Claims** | 2131 | **Anticipation — Application of 35 U.S.C. 102** |
| 2118-2119 | **[Reserved]** | 2131.01 | Multiple Reference 35 U.S.C. 102 Rejections |
| 2120 | **Rejection on Prior Art** | 2131.02 | Genus-Species Situations |
| 2120.01 | Rejections Under 35 U.S.C. 102(a)(1) and (a)(2) and Pre-AIA 35 U.S.C. 102(a), (b), or (e): Printed Publication or Patent | 2131.03 | Anticipation of Ranges |
| | | 2131.04 | Secondary Considerations |
| | | 2131.05 | Nonanalogous or Disparaging Prior Art |
| 2120.02 | Rejections Under 35 U.S.C. 102(a)(1) or Pre-AIA 35 U.S.C. 102(a) or (b): Knowledge by Others, or Public Use, or On Sale | 2132 | **Pre-AIA 35 U.S.C. 102(a)** |
| | | 2132.01 | Overcoming a Pre-AIA 35 U.S.C. 102(a) Rejection based on a Printed Publication or Patent |
| 2121 | **Prior Art; General Level of Operability Required to Make a Prima Facie Case** | 2133 | **Pre-AIA 35 U.S.C. 102(b)** |
| | | 2133.01 | Rejections of Continuation-In-Part (CIP) Applications |
| 2121.01 | Use of Prior Art in Rejections Where Operability is in Question | 2133.02 | Rejections Based on Publications and Patents |
| 2121.02 | Compounds and Compositions — What Constitutes Enabling Prior Art | 2133.02(a) | Overcoming a Pre-AIA 35 U.S.C. 102(b) Rejection Based on a Printed Publication or Patent |
| 2121.03 | Plant Genetics — What Constitutes Enabling Prior Art | 2133.03 | Rejections Based on "Public Use" or "On Sale" |
| 2121.04 | Apparatus and Articles — What Constitutes Enabling Prior Art | 2133.03(a) | "Public Use" |
| 2122 | **Discussion of Utility in the Prior Art** | 2133.03(b) | "On Sale" |
| 2123 | **Rejection Over Prior Art's Broad Disclosure Instead of Preferred Embodiments** | 2133.03(c) | The "Invention" |
| | | 2133.03(d) | "In This Country" |
| | | 2133.03(e) | Permitted Activity; Experimental Use |
| 2124 | **Exception to the Rule That the Reference Must be Prior Art** | 2133.03(e)(1) | Commercial Exploitation |
| 2124.01 | Tax Strategies Deemed Within the Prior Art | 2133.03(e)(2) | Intent |
| 2125 | **Drawings as Prior Art** | 2133.03(e)(3) | "Completeness" of the Invention |
| 2126 | **Availability of a Document as a "Patent" for Purposes of Rejection Under 35 U.S.C. 102(a) or Pre-AIA 35 U.S.C. 102(a), (b), and (d)** | 2133.03(e)(4) | Factors Indicative of an Experimental Purpose |
| | | 2133.03(e)(5) | Experimentation and Degree of Supervision and Control |
| 2126.01 | Date of Availability of a Patent as a Reference | 2133.03(e)(6) | Permitted Experimental Activity and Testing |
| 2126.02 | Scope of Reference's Disclosure Which Can Be Used to Reject Claims When the Reference Is a "Patent" but Not a "Publication" | 2133.03(e)(7) | Activity of an Independent Third Party Inventor |
| | | 2134 | **Pre-AIA 35 U.S.C. 102(c)** |
| 2127 | **Domestic and Foreign Patent Applications as Prior Art** | 2135 | **Pre-AIA 35 U.S.C. 102(d)** |
| | | 2135.01 | The Four Requirements of Pre-AIA 35 U.S.C. 102(d) |
| 2128 | **"Printed Publications" as Prior Art** | 2136 | **Pre-AIA 35 U.S.C. 102(e)** |
| 2128.01 | Level of Public Accessibility Required | 2136.01 | Status of Unpublished or Published as Redacted U.S. Application as a Reference Under Pre-AIA 35 U.S.C. 102(e) |
| 2128.02 | Date Publication Is Available as a Reference | | |
| 2129 | **Admissions as Prior Art** | | |

| | | | |
|---|---|---|---|
| 2136.02 | Content of the Prior Art Available Against the Claims | 2143.02 | Reasonable Expectation of Success Is Required |
| 2136.03 | Critical Reference Date | 2143.03 | All Claim Limitations Must Be Considered |
| 2136.04 | Different Inventive Entity; Meaning of "By Another" | 2144 | **Supporting a Rejection Under 35 U.S.C. 103** |
| 2136.05 | Overcoming a Rejection Under Pre-AIA 35 U.S.C. 102(e) | 2144.01 | Implicit Disclosure |
| 2136.05(a) | Antedating a Pre-AIA 35 U.S.C. 102(e) Reference | 2144.02 | Reliance on Scientific Theory |
| 2136.05(b) | Showing The Reference Is Describing An Inventor's Or At Least One Joint Inventor's Own Work | 2144.03 | Reliance on Common Knowledge in the Art or "Well Known" Prior Art |
| | | 2144.04 | Legal Precedent as Source of Supporting Rationale |
| 2137 | **Pre-AIA 35 U.S.C. 102(f)** | 2144.05 | Obviousness of Similar and Overlapping Ranges, Amounts, and Proportions |
| 2137.01 | [Reserved] | | |
| 2137.02 | [Reserved] | 2144.06 | Art Recognized Equivalence for the Same Purpose |
| 2138 | **Pre-AIA 35 U.S.C. 102(g)** | | |
| 2138.01 | Interference Practice | 2144.07 | Art Recognized Suitability for an Intended Purpose |
| 2138.02 | "The Invention Was Made in This Country" | 2144.08 | Obviousness of Species When Prior Art Teaches Genus |
| 2138.03 | "By Another Who Has Not Abandoned, Suppressed, or Concealed It" | 2144.09 | Close Structural Similarity Between Chemical Compounds (Homologs, Analogues, Isomers) |
| 2138.04 | "Conception" | | |
| 2138.05 | "Reduction to Practice" | 2145 | **Consideration of Applicant's Rebuttal Arguments** |
| 2138.06 | "Reasonable Diligence" | | |
| 2139 | **Rejections Under Pre-AIA 35 U.S.C. 102** | 2146 | **Pre-AIA 35 U.S.C. 103(c)** |
| | | 2146.01 | Prior Art Disqualification Under Pre-AIA 35 U.S.C. 103(c) |
| 2139.01 | Effective Filing Date of a Claimed Invention Under Pre-AIA 35 U.S.C. 102 | 2146.02 | Establishing Common Ownership or Joint Research Agreement Under Pre-AIA 35 U.S.C. 103(c) |
| 2139.02 | Determining Whether To Apply Pre-AIA 35 U.S.C. 102(a), (b), or (e) | 2146.03 | Examination Procedure With Respect to Pre-AIA 35 U.S.C. 103(c) |
| 2139.03 | Form Paragraphs for Use in Rejections Under Pre-AIA 35 U.S.C. 102 | 2146.03(a) | Provisional Rejection (Obviousness) Under 35 U.S.C. 103 Using Provisional Prior Art Under Pre-AIA 35 U.S.C. 102(e) |
| 2140 | [Reserved] | | |
| 2141 | **Examination Guidelines for Determining Obviousness Under 35 U.S.C. 103** | 2147 | **Biotechnology Process Applications; Pre-AIA 35 U.S.C. 103(b)** |
| | | 2148 | **Form Paragraphs for Use in Rejections Under Pre-AIA 35 U.S.C. 103** |
| 2141.01 | Scope and Content of the Prior Art | | |
| 2141.01(a) | Analogous and Nonanalogous Art | 2149 | [Reserved] |
| 2141.02 | Differences Between Prior Art and Claimed Invention | 2150 | **Examination Guidelines for 35 U.S.C. 102 and 103 as Amended by the First Inventor To File Provisions of the Leahy-Smith America Invents Act** |
| 2141.03 | Level of Ordinary Skill in the Art | | |
| 2142 | **Legal Concept of Prima Facie Obviousness** | 2151 | **Overview of the Changes to 35 U.S.C. 102 and 103 in the AIA** |
| 2143 | **Examples of Basic Requirements of a Prima Facie Case of Obviousness** | | |
| | | 2152 | **Detailed Discussion of AIA 35 U.S.C. 102(a) and (b)** |
| 2143.01 | Suggestion or Motivation To Modify the References | | |

| | | | |
|---|---|---|---|
| 2152.01 | Effective Filing Date of the Claimed Invention | 2154.01(d) | Provisional Rejections Under 35 U.S.C. 102(a)(2); Reference Is a Copending U.S. Patent Application |
| 2152.02 | Prior Art Under AIA 35 U.S.C. 102(a)(1) (Patented, Described in a Printed Publication, or in Public Use, on Sale, or Otherwise Available to the Public) | 2154.02 | Prior Art Exceptions Under 35 U.S.C. 102(b)(2) to AIA 35 U.S.C. 102(a)(2) |
| | | 2154.02(a) | Prior Art Exception Under AIA 35 U.S.C. 102(b)(2)(A) to AIA 35 U.S.C. 102(a)(2) (Inventor-Originated Disclosure Exception) |
| 2152.02(a) | Patented | | |
| 2152.02(b) | Described in a Printed Publication | | |
| 2152.02(c) | In Public Use | | |
| 2152.02(d) | On Sale | 2154.02(b) | Prior Art Exception Under AIA 35 U.S.C. 102(b)(2)(B) to AIA 35 U.S.C. 102(a)(2) (Inventor or Inventor-Originated Prior Public Disclosure Exception) |
| 2152.02(e) | Otherwise Available to the Public | | |
| 2152.02(f) | No Requirement of "By Others" | | |
| 2152.03 | Admissions | | |
| 2152.04 | The Meaning of "Disclosure" | | |
| 2152.05 | Determining Whether To Apply 35 U.S.C. 102(a)(1) or 102(a)(2) | 2154.02(c) | Prior Art Exception Under AIA 35 U.S.C. 102(b)(2)(C) to AIA 35 U.S.C. 102(a)(2) (Common Ownership or Obligation of Assignment) |
| 2152.06 | Overcoming a 35 U.S.C. 102(a)(1) or 102(a)(2) Rejection Based on a Printed Publication or Patent | | |
| 2152.07 | Form Paragraphs for Use in Rejections Under AIA 35 U.S.C. 102 | 2155 | **Use of Affidavits or Declarations Under 37 CFR 1.130 To Overcome Prior Art Rejections** |
| 2153 | **Prior Art Exceptions Under 35 U.S.C. 102(b)(1) to AIA 35 U.S.C. 102(a)(1)** | 2155.01 | Showing That the Disclosure Was Made by the Inventor or a Joint Inventor |
| 2153.01 | Prior Art Exception Under AIA 35 U.S.C. 102(b)(1)(A) To AIA 35 U.S.C. 102(a)(1) (Grace Period Inventor Or Inventor-Originated Disclosure Exception) | 2155.02 | Showing That the Subject Matter Disclosed Had Been Previously Publicly Disclosed by the Inventor or a Joint Inventor |
| 2153.01(a) | Grace Period Inventor Disclosure Exception | 2155.03 | Showing That the Disclosure was Made, or That Subject Matter had Been Previously Publicly Disclosed, by Another Who Obtained the Subject Matter Disclosed Directly or Indirectly From the Inventor or a Joint Inventor |
| 2153.01(b) | Grace Period Inventor-Originated Disclosure Exception | | |
| 2153.02 | Prior Art Exception Under AIA 35 U.S.C. 102(b)(1)(B) to AIA 35 U.S.C. 102(a)(1) (Inventor Or Inventor-Originated Prior Public Disclosure Exception) | | |
| 2154 | **Provisions Pertaining to Subject Matter in a U.S. Patent or Application Effectively Filed Before the Effective Filing Date of the Claimed Invention** | 2155.04 | Enablement |
| | | 2155.05 | Who May File an Affidavit or Declaration Under 37 CFR 1.130 |
| | | 2155.06 | Situations in Which an Affidavit or Declaration Is Not Available |
| 2154.01 | Prior Art Under AIA 35 U.S.C. 102(a)(2) "U.S. Patent Documents" | 2156 | **Joint Research Agreements** |
| 2154.01(a) | WIPO Published Applications | 2157 | **Improper Naming of Inventors** |
| 2154.01(b) | Determining When Subject Matter Was Effectively Filed Under AIA 35 U.S.C. 102(d) | 2158 | **AIA 35 U.S.C. 103** |
| | | 2158.01 | Form Paragraphs for Use in Rejections Under AIA 35 U.S.C. 103 |
| 2154.01(c) | Requirement Of "Names Another Inventor" | 2159 | **Applicability Date Provisions and Determining Whether an Application** |

| | | | |
|---|---|---|---|
| | Is Subject to the First Inventor To File Provisions of the AIA | 2164.01(a) | Undue Experimentation Factors |
| | | 2164.01(b) | How to Make the Claimed Invention |
| 2159.01 | Applications Filed Before March 16, 2013 | 2164.01(c) | How to Use the Claimed Invention |
| 2159.02 | Applications Filed on or After March 16, 2013 | 2164.02 | Working Example |
| 2159.03 | Applications Subject to the AIA but Also Containing a Claimed Invention Having an Effective Filing Date Before March 16, 2013 | 2164.03 | Relationship of Predictability of the Art and the Enablement Requirement |
| | | 2164.04 | Burden on the Examiner Under the Enablement Requirement |
| 2159.04 | Applicant Statement in Transition Applications Containing a Claimed Invention Having an Effective Filing Date on or After March 16, 2013 | 2164.05 | Determination of Enablement Based on Evidence as a Whole |
| | | 2164.05(a) | Specification Must Be Enabling as of the Filing Date |
| 2160 | [Reserved] | 2164.05(b) | Specification Must Be Enabling to Persons Skilled in the Art |
| 2161 | Three Separate Requirements for Specification Under 35 U.S.C. 112(a) or Pre-AIA 35 U.S.C. 112, First Paragraph | 2164.06 | Quantity of Experimentation |
| | | 2164.06(a) | Examples of Enablement Issues-Missing Information |
| 2161.01 | Computer Programming, Computer Implemented Inventions, and 35 U.S.C. 112(a) or Pre-AIA 35 U.S.C. 112, First Paragraph | 2164.06(b) | Examples of Enablement Issues — Biological and Chemical Cases |
| 2162 | Policy Underlying 35 U.S.C. 112(a) or Pre-AIA 35 U.S.C. 112, First Paragraph | 2164.06(c) | Examples of Enablement Issues – Computer Programming Cases |
| 2163 | Guidelines for the Examination of Patent Applications Under the 35 U.S.C. 112(a) or Pre-AIA 35 U.S.C. 112, first paragraph, "Written Description" Requirement | 2164.07 | Relationship of Enablement Requirement to Utility Requirement of 35 U.S.C. 101 |
| | | 2164.08 | Enablement Commensurate in Scope With the Claims |
| 2163.01 | Support for the Claimed Subject Matter in Disclosure | 2164.08(a) | Single Means Claim |
| | | 2164.08(b) | Inoperative Subject Matter |
| 2163.02 | Standard for Determining Compliance With the Written Description Requirement | 2164.08(c) | Critical Feature Not Claimed |
| | | 2165 | The Best Mode Requirement |
| | | 2165.01 | Considerations Relevant to Best Mode |
| 2163.03 | Typical Circumstances Where Adequate Written Description Issue Arises | 2165.02 | Best Mode Requirement Compared to Enablement Requirement |
| | | 2165.03 | Requirements for Rejection for Lack of Best Mode |
| 2163.04 | Burden on the Examiner with Regard to the Written Description Requirement | 2165.04 | Examples of Evidence of Concealment |
| 2163.05 | Changes to the Scope of Claims | 2166 | Rejections Under 35 U.S.C. 112(a) or Pre-AIA 35 U.S.C. 112, First Paragraph |
| 2163.06 | Relationship of Written Description Requirement to New Matter | 2167 -2170 | [Reserved] |
| 2163.07 | Amendments to Application Which Are Supported in the Original Description | 2171 | Two Separate Requirements for Claims Under 35 U.S.C. 112 (b) or Pre-AIA 35 U.S.C. 112, Second Paragraph |
| 2163.07(a) | Inherent Function, Theory, or Advantage | 2172 | Subject Matter Which the Inventor or a Joint Inventor Regards as The Invention |
| 2163.07(b) | Incorporation by Reference | | |
| 2164 | The Enablement Requirement | | |
| 2164.01 | Test of Enablement | 2172.01 | Unclaimed Essential Matter |

| | | | | |
|---|---|---|---|---|
| 2173 | **Claims Must Particularly Point Out and Distinctly Claim the Invention** | 2182 | **Search and Identification of the Prior Art** |
| 2173.01 | Interpreting the Claims | 2183 | **Making a Prima Facie Case of Equivalence** |
| 2173.02 | Determining Whether Claim Language is Definite | 2184 | **Determining Whether an Applicant Has Met the Burden of Proving Nonequivalence After a Prima Facie Case Is Made** |
| 2173.03 | Correspondence Between Specification and Claims | | |
| 2173.04 | Breadth Is Not Indefiniteness | 2185 | **Related Issues Under 35 U.S.C. 112(a) or (b) and Pre-AIA 35 U.S.C. 112, First or Second Paragraphs** |
| 2173.05 | Specific Topics Related to Issues Under 35 U.S.C. 112(b) or Pre-AIA 35 U.S.C. 112, Second Paragraph | | |
| 2173.05(a) | New Terminology | 2186 | **Relationship to the Doctrine of Equivalents** |
| 2173.05(b) | Relative Terminology | | |
| 2173.05(c) | Numerical Ranges and Amounts Limitations | 2187 | **Form Paragraphs for Use Relating to 35 U.S.C. 112(f) or Pre-AIA 35 U.S.C. 112, Sixth Paragraph** |
| 2173.05(d) | Exemplary Claim Language ("for example," "such as") | | |
| 2173.05(e) | Lack of Antecedent Basis | 2188 -2189 | [Reserved] |
| 2173.05(f) | Reference to Limitations in Another Claim | 2190 | **Prosecution Laches and Res Judicata** |
| 2173.05(g) | Functional Limitations | | |
| 2173.05(h) | Alternative Limitations | | |
| 2173.05(i) | Negative Limitations | | |
| 2173.05(j) | Old Combination | | |
| 2173.05(k) | Aggregation | | |
| 2173.05(l) | [Reserved] | | |
| 2173.05(m) | Prolix | | |
| 2173.05(n) | Multiplicity | | |
| 2173.05(o) | Double Inclusion | | |
| 2173.05(p) | Claim Directed to Product-By-Process or Product and Process | | |
| 2173.05(q) | "Use" Claims | | |
| 2173.05(r) | Omnibus Claim | | |
| 2173.05(s) | Reference to Figures or Tables | | |
| 2173.05(t) | Chemical Formula | | |
| 2173.05(u) | Trademarks or Trade Names in a Claim | | |
| 2173.05(v) | Mere Function of Machine | | |
| 2173.06 | Practice Compact Prosecution | | |
| 2174 | **Relationship Between the Requirements of 35 U.S.C. 112(a) and (b) or Pre-AIA 35 U.S.C. 112, First and Second Paragraphs** | | |
| 2175 | **Form Paragraphs for Use in Rejections Under 35 U.S.C. 112(b) or Pre-AIA 35 U.S.C. 112, Second Paragraph** | | |
| 2176 -2180 | [Reserved] | | |
| 2181 | **Identifying and Interpreting a 35 U.S.C. 112(f) or Pre-AIA 35 U.S.C. 112, Sixth Paragraph Limitation** | | |

**2101-2102  [Reserved]**

## 2103  Patent Examination Process [R-10.2019]

**I.  DETERMINE WHAT INVENTION IS SOUGHT TO BE PATENTED**

It is essential that patent applicants obtain a prompt yet complete examination of their applications. Under the principles of compact prosecution, each claim should be reviewed for compliance with every statutory requirement for patentability in the initial review of the application, even if one or more claims are found to be deficient with respect to some statutory requirement. Thus, examiners should state all reasons and bases for rejecting claims in the first Office action. Deficiencies should be explained clearly, particularly when they serve as a basis for a rejection. Whenever practicable, examiners and patent reexamination specialists should indicate how rejections may be overcome and how problems may be resolved. Where a rejection not based on prior art is proper (lack of adequate written description, enablement, or utility, etc.) such rejection should be stated with a full development of the reasons rather than by a mere conclusion. A failure to follow this approach can lead to unnecessary delays in the prosecution of the application.

the prior art element is an obvious variant of the claimed element. See MPEP §§ 2183 - 2184.

f.  When the ranges disclosed in the reference and claimed by applicant overlap in scope but the reference does not contain a specific example within the claimed range. See the concurring opinion in *Ex parte Lee*, 31 USPQ2d 1105 (Bd. Pat. App. & Inter. 1993). See MPEP § 2131.03.

3.  If the interpretation of the claim(s) renders the claim(s) indefinite, a rejection under 35 U.S.C. 112(b) may be appropriate.

4.  In bracket 1, insert the claim number(s) which is/are under rejection.

5.  In bracket 2, insert the appropriate paragraph letter(s) in parenthesis.

6.  In bracket 3, insert the prior art reference relied upon for the rejection.

7.  A full explanation must follow this form paragraph, i.e., the examiner must provide an explanation of how the claims at issue could be considered to be anticipated, as well as how they could be considered to be obvious.

8.  This form paragraph must be preceded by 7.07.aia and 7.08.aia and/or 7.12.aia or by form paragraph 7.103.

9.  For applications claiming priority to, or the benefit of, an application filed before March 16, 2013, this form paragraph must be preceded by form paragraph 7.06.

## 2159  Applicability Date Provisions and Determining Whether an Application Is Subject to the First Inventor To File Provisions of the AIA [R-11.2013]

Because the changes to 35 U.S.C. 102 and 35 U.S.C. 103 in the AIA apply only to specific applications filed on or after March 16, 2013, determining the effective filing date of a claimed invention for purposes of applying AIA 35 U.S.C. 102 and 103 provisions or pre-AIA 35 U.S.C. 102 and 103 provisions is critical.

## 2159.01  Applications Filed Before March 16, 2013 [R-11.2013]

The changes to 35 U.S.C. 102 and 103 in the AIA do not apply to any application filed before March 16, 2013. Thus, any application filed before March 16, 2013, is governed by pre-AIA 35 U.S.C. 102 and 103 (i.e., the application is a pre-AIA first to invent application). Note that neither the filing of a request for continued examination, nor entry into the national stage under 35 U.S.C. 371, constitutes the filing of a new application. Accordingly, even if a request for continued examination under 37 CFR 1.114 is filed on or after March 16, 2013, in an application that was filed before March 16, 2013, the application remains subject to pre-AIA 35 U.S.C. 102 and 103. Similarly, a PCT application filed under 35 U.S.C. 363 before March 16, 2013, is subject to pre-AIA 35 U.S.C. 102 and 103, regardless of whether the application enters the national stage under 35 U.S.C. 371 before or after March 16, 2013. Additionally, adding claims after March 16, 2013 in an application filed before March 16, 2013 via an amendment which contains new matter does not make the changes to 35 U.S.C. 102 and 35 U.S.C. 103 in the AIA applicable to the application because 35 U.S.C. 132(a) prohibits the introduction of new matter into the disclosure. If new matter is added via amendment, claims directed to the new matter will be rejected under pre-AIA 35 U.S.C. 112, first paragraph. See MPEP § 608.04.

## 2159.02  Applications Filed on or After March 16, 2013 [R-11.2013]

AIA 35 U.S.C. 102 and 103 took effect on March 16, 2013. AIA 35 U.S.C. 102 and 103 apply to any patent application that contains or contained at any time a claim to a claimed invention that has an effective filing date that is on or after March 16, 2013. If a patent application (1) contains or contained at any time a claim to a claimed invention having an effective filing date as defined in 35 U.S.C. 100(i) that is on or after March 16, 2013 or (2) claims or ever claimed the benefit of an earlier filing date under 35 U.S.C. 120 , 121, or 365 based upon an earlier application that ever contained such a claim, then AIA 35 U.S.C. 102 and 103 apply to the application, (i.e., the application is an AIA application). If there is ever even a single claim to a claimed invention in the application having an effective filing date on or after March 16, 2013, AIA 35 U.S.C. 102 and 103 apply in determining the patentability of every claimed invention in the application. This is the situation even if the remaining claimed inventions all have an effective filing date before March 16, 2013, and even if the claim to a claimed invention having an effective filing date on or after March 16, 2013, is canceled.

If an application filed on or after March 16, 2013, that did not previously contain any claim to a claimed invention having an effective filing date on or after March 16, 2013, (a pre-AIA application) is amended to contain a claim to a claimed invention having an effective filing date on or after March 16, 2013, the application becomes an AIA application (AIA 35 U.S.C. 102 and 103 apply to the application), provided that the newly added claimed invention has support under 35 U.S.C. 112(a) in the application filed on or after March 16, 2013. The application also becomes subject to AIA 35 U.S.C. 102 and 103 even if the claim to a claimed invention having an effective filing date on or after March 16, 2013, is subsequently canceled. If an amendment after an Office action causes the application to change from being governed by pre-AIA 35 U.S.C. 102 and 103 (from being a pre-AIA application) to being governed by AIA 35 U.S.C. 102 and 103 (to being a AIA application), any new ground of rejection necessitated by the change in applicable law would be considered a new ground of rejection necessitated by an amendment for purposes of determining whether the next Office action may be made final. See MPEP § 706.07(a).

As 35 U.S.C. 132(a) prohibits the introduction of new matter into the disclosure, an application may not contain a claim to a claimed invention that does not have support under 35 U.S.C. 112(a) in the application (that is directed to new matter). Thus, an application cannot "contain" a claim to a claimed invention that is directed to new matter for purposes of determining whether the application ever contained a claim to a claimed invention having an effective filing date on or after March 16, 2013. Amendments that are believed to contain new matter should be treated as follows: (1) a new drawing should not be entered if the examiner discovers that the drawing contains new matter (MPEP § 608.02, subsection II.); and (2) amendments to the written description or claims involving new matter are ordinarily entered, but the new matter is required to be canceled from the written description and the claims directed to the new matter are rejected under 35 U.S.C. 112(a) (MPEP § 608.04). This process for treating amendments containing new matter is purely an administrative process for handling an amendment seeking to introduce new matter into the disclosure of the invention in violation of 35 U.S.C. 132(a),

and for resolving disputes between the applicant and an examiner as to whether a new drawing or amendment to the written description or claims would actually introduce new matter into the disclosure of the invention. Therefore, an amendment (other than a preliminary amendment filed on the same day as such application) seeking to add a claim to a claimed invention that is directed to new matter in an application filed on or after March 16, 2013, that, as originally filed, discloses and claims only subject matter also disclosed in an earlier application filed before March 16, 2013 to which the application filed on or after March 16, 2013, is entitled to priority or benefit under 35 U.S.C. 119, 120, 121, or 365, would not change the application from a pre-AIA application into an AIA application.

### 2159.03 Applications Subject to the AIA but Also Containing a Claimed Invention Having an Effective Filing Date Before March 16, 2013 [R-11.2013]

Even if AIA 35 U.S.C. 102 and 103 apply to a patent application, pre-AIA 35 U.S.C. 102(g) also applies to every claim in the application if it: (1) contains or contained at any time a claimed invention having an effective filing date as defined in 35 U.S.C. 100(i) that occurs before March 16, 2013; or (2) is ever designated as a continuation, divisional, or continuation-in-part of an application that contains or contained at any time such a claim. Pre-AIA 35 U.S.C. 102(g) also applies to any patent resulting from an application to which pre-AIA 35 U.S.C. 102(g) applied. See MPEP § 2138.

Thus, if an application contains, or contained at any time, any claim having an effective filing date that occurs before March 16, 2013, and also contains, or contained at any time, any claim having an effective filing date that is on or after March 16, 2013, each claim must be patentable under AIA 35 U.S.C. 102 and 103, as well as pre-AIA 35 U.S.C. 102(g), for the applicant to be entitled to a patent. However, an application will not otherwise be concurrently subject to both pre-AIA 35 U.S.C. 102 and 103 and AIA 35 U.S.C. 102 and 103.

For these reasons, when subject matter is claimed in an application filed on or after March 16, 2013 having priority to or the benefit (e.g., under 35

U.S.C. 120, 121, or 365(c)) of a prior application filed before March 16, 2013, care must be taken to accurately determine whether AIA or pre-AIA 35 U.S.C. 102 and 103 applies to the application. See Also MPEP § 2151.

## 2159.04   Applicant Statement in Transition Applications Containing a Claimed Invention Having an Effective Filing Date on or After March 16, 2013 [R-11.2013]

The Office revised 37 CFR 1.55 and 1.78 to require that if a nonprovisional application filed on or after March 16, 2013, claims the benefit of or priority to an application where the filing date of a foreign, U.S. provisional, U.S. nonprovisional, or international application is prior to March 16, 2013 (termed as "a transition application"), and also contains or contained at any time a claimed invention having an effective filing date on or after March 16, 2013, the applicant must provide a statement to that effect ("the 37 CFR 1.55 or 1.78 statement"). This information will assist the Office in determining whether the transition application is subject to AIA 35 U.S.C. 102 and 103 or pre-AIA 35 U.S.C. 102 and 103. However, applicant is not required to provide this information if the transition application claims the benefit of an earlier transition application in which a 37 CFR 1.55 or 37 CFR 1.78 statement has been filed. See 37 CFR 1.78(c)(6)(i). See also MPEP § 210.

## 2160   [Reserved]

## 2161   Three Separate Requirements for Specification Under 35 U.S.C. 112(a) or Pre-AIA 35 U.S.C. 112, First Paragraph [R-07.2015]

**I.   THE SPECIFICATION MUST INCLUDE A WRITTEN DESCRIPTION OF THE INVENTION, ENABLEMENT, AND BEST MODE OF CARRYING OUT THE CLAIMED INVENTION**

35 U.S.C. 112(a) (applicable to applications filed on or after September 16, 2012) provides:

> (a) IN GENERAL.—The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor or joint inventor of carrying out the invention.

The first paragraph of pre-AIA 35 U.S.C. 112 (applicable to applications filed before September 16, 2012) provides:

> The specification shall contain a <u>written description</u> of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to <u>enable</u> any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the <u>best mode</u> contemplated by the inventor of carrying out his invention. [emphasis added].

35 U.S.C. 112(a) and pre-AIA 35 U.S.C. 112, first paragraph require that the specification include the following:

  (A)  A written description of the invention;

  (B)  The manner and process of making and using the invention (the enablement requirement); and

  (C)  The best mode contemplated by the inventor of carrying out his invention.

**II.   THE THREE REQUIREMENTS ARE SEPARATE AND DISTINCT FROM EACH OTHER**

The written description requirement is separate and distinct from the enablement requirement. *Ariad Pharm., Inc. v. Eli Lilly and Co.,* 598 F.3d 1336, 1341, 94 USPQ2d 1161, 1167 (Fed. Cir. 2010) *(en banc)* (If Congress had intended enablement to be