# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

Brian P. Egan
(302) 351-9454
began@mnat.com

November 20, 2020

The Honorable Christopher J. Burke    *VIA ELECTRONIC FILING*
United States Magistrate Judge
United States District Court
  for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re: *Midwest Energy Emissions Corp. et al. v. Vistra Energy Corp. et al.*,
C.A. No. 19-1334-RGA-CJB

Dear Judge Burke:

The parties[1] respectfully submit this Joint Status Report in response to the Court's Oral Orders of October 30, 2020 (D.I. 233) and November 16, 2020 (D.I. 239), both of which relate to the hearing set for January 6, 2021, on (i) multiple Defendants' motions to dismiss the First Amended Complaint ("FAC") (D.I. 172; D.I. 175; D.I. 176; D.I. 178); (ii) Plaintiffs' Motion for Leave to File a Second Amended Complaint ("SAC") (D.I. 214; D.I. 218); and (iii) the sufficiency of the claims of the SAC with respect to certain "Stipulating Defendants" (D.I. 215).[2]

## TIME ALLOCATION FOR ARGUMENT

**Plaintiffs' Position**

Pursuant to the Court's October 30, 2020 Oral Order, Plaintiffs propose that the following time should be allocated for argument at the January 6, 2021 hearing:

- 30 minutes per side (1 hour total) for argument on Plaintiffs' motion for leave to file the SAC (D.I. 214, 218), and Talen and NRG's arguments for dismissal of certain claims in the FAC (and as those claims would be amended by the SAC) (D.I. 172, 178).

---

[1] This letter is not submitted on behalf of the four defendants named for the first time in the  proposed Second Amended Complaint, as they are not yet parties to the action.  Those defendants are: Talen Montana, LLC; Brandon Shores Coaltech, LLC; Rutledge Products, LLC; Senescence Energy Products, LLC; and Alistar Enterprises, LLC.

[2] The "Stipulating Defendants" include the RC Defendants, the Refined Coal LLC Defendants, the CERT Defendants, and the NRG Defendants.

The Honorable Christopher J. Burke
November 20, 2020
Page 2

- 30 minutes per side (1 hour total) for argument on the CERT Defendants, RC Defendants, and Refined Coal LLC Defendants' motions to dismiss the FAC in its entirety, and arguments directed to the sufficiency of the SAC. (D.I. 175, 176).

Plaintiffs oppose the additional matters raised below by Defendants related to the motion for stay. That material is not responsive to the Court's orders and premature given that briefing has not closed on that motion. Moreover, no party has moved to stay the January 6, 2021 hearing with respect to the refined coal defendants' motions to dismiss. If a party does move for that relief, ME2C should be entitled to respond to the motion given that such a stay would unduly prejudice ME2C for additional reasons beyond those implicated by the current motion to stay the case with respect to the Coal Plant Defendants.

**Defendants' Position**

Procedural Background: Your Honor issued a Report and Recommendation that recommended dismissing the Original Complaint in part with respect to Talen and NRG, and dismissing the Original Complaint entirely with respect to the RC Defendants, Refined Coal LLC Defendants, and CERT Defendants. D.I. 110, *adopted by* D.I. 127. After Plaintiffs filed their FAC, and after Defendants' motions to dismiss the FAC (D.I. 172; D.I. 175; D.I. 176; D.I. 178) had been fully briefed, Plaintiffs sought leave to file a SAC. D.I. 214, 218. The Talen Defendants opposed Plaintiffs' Motion for Leave to File a SAC. D.I. 221. The Stipulating Defendants (defined above) did not oppose the filing of the SAC under Fed. R. Civ. P. 15, but do object to its sufficiency. Rather than oppose the filing, the Stipulating Defendants stipulated with Plaintiffs that (i) these defendants' pending motions to dismiss the FAC (D.I. 175, 176, and 178) and the parties' prior briefing on these motions would be "deemed as filed against the SAC"; and (ii) the Stipulating Defendants would "address the sufficiency of the SAC by submitting supplemental letter-briefs," triggered upon "the docketing of the SAC." D.I. 215.

On November 6, 2020, the Coal Plant Defendants moved to stay the proceedings pending multiple inter partes review proceedings. *See* D.I. 234 ("Stay Motion"). The Stay Motion is scheduled to be fully briefed by November 30, 2020. Litigation activities with respect to the remaining defendants (*i.e.*, the RC Defendants, Refined Coal LLC Defendants, and CERT Defendants) are already stayed "until the Court determines that Plaintiffs have stated a viable claim for relief against those Defendants." *See* D.I. 166.

Proposed Time Allocation: The Defendants respectfully request that the Court hear argument on the Stay Motion before the Court hears argument on the motions directed to sufficiency of the Plaintiffs' pleadings. If the IPRs result in invalidation of patent claims asserted in this litigation, that would obviate the need for this Court to resolve some or all of the issues in the pleading motions. Accordingly, the Defendants propose that oral argument on the Stay Motion be set for the existing January 6 hearing, or any time prior to that as is convenient to the Court.

Defendants propose that if argument on the Stay Motion and/or the motions directed to the sufficiency of Plaintiffs' are held on January 6, such argument be allocated as follows.

- 20 minutes per side (40 minutes total) for the Stay Motion (D.I. 234).

The Honorable Christopher J. Burke
November 20, 2020
Page 3

- With respect to the remaining motions, Defendants agree with the time allocations proposed by Plaintiffs.

## SUPPLEMENTAL BRIEFING SCHEDULE

**Plaintiffs' Position**

Pursuant to the Court's November 16, 2020 Oral Order, Plaintiffs provide the follow status report regarding the filing of supplemental letter briefs regarding the proposed Second Amended Complaint. Plaintiffs contend that no further briefing is necessary. To the extent Defendants seek to file additional briefs, Defendants have proposed, and Plaintiffs do not oppose, the following schedule:

| Letter Brief | Due Date |
| --- | --- |
| Stipulating Defendants' Opening Letters, limited to five (5) single-spaced pages per defendant group (i.e., (i) RC Defendants and Refined Coal LLC Defendants; (ii) CERT Defendants; and (iii) NRG Defendants) | December 11, 2020 |
| Plaintiffs' Opposition Letters, limited to five (5) single-spaced pages in opposition to the Opening Letters | December 21, 2020 |
| Stipulating Defendants' Reply Letters, limited to three (3) single-spaced pages, in reply to the Opposition Letters | December 30, 2020 |

**Defendants' Position**

The Stipulating Defendants request, subject to the Court's availability, that argument on the Stay Motion be held before Supplemental Briefing on the sufficiency of the pleadings. However, if the Court wishes to address the pleading-related motions at the January 6 hearing, either in tandem with the Stay Motion or on their own, then the Stipulating Defendants agree with the Supplemental Briefing schedule set forth above by Plaintiffs, and note that the submission of letter-briefs directed to the Second Amended Complaint, and the lengths of such letter-briefing, were previously agreed to by the Plaintiffs and so-ordered by the Court on September 28, 2020. *See* D.I. 215.

Respectfully,

*/s/ Brian P. Egan*

Brian P. Egan (#6227)

BPE/rah
cc:     All Counsel of Record (by CM/ECF and email)