## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | |
| Plaintiffs, | C.A. No. 19-1334-RGA-CJB |
| v. | |
| VISTRA ENERGY CORP., et al. | |
| Defendants. | |

## REPLY BRIEF IN SUPPORT OF THE TALEN, NRG, AND AEP DEFENDANTS' MOTION TO STAY THE CASE PENDING INTER PARTES REVIEW

OF COUNSEL:

Syed K. Fareed
Emily Pyclik
John C. Williams
**BAKER BOTTS L.L.P.**
98 San Jacinto, Suite 1500
Austin, Texas 78701
(512) 322-2500

David J. Tobin
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 1100
Dallas, Texas 75201
(214) 953-6869

**FAEGRE DRINKER BIDDLE & REATH LLP**
Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com

*Attorneys for Defendants Talen Energy Corporation, Brandon Shores LLC, Talen Generation LLC, and H.A. Wagner LLC*

OF COUNSEL:

Paul R. Morico
Elizabeth Durham Flannery
Ali Dhanani
Thomas B. Carter, Jr.
**BAKER BOTTS L.L.P.**
910 Louisiana Street
Houston, TX 77002
713-229-1234
paul.morico@bakerbotts.com
liz.flannery@bakerbotts.com
ali.dhanani@bakerbotts.com
thomas.carter@bakerbotts.com

**RICHARDS, LAYTON & FINGER, P.A.**
Frederick L. Cottrell, III (#2555)
Tyler E. Cragg (#6398)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
302-651-7700
cottrell@rlf.com
cragg@rlf.com

*Attorneys for Defendants NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME, LLC, and Midwest Generation, LLC*

OF COUNSEL:

Randall E. Mehrberg
Terri L. Mascherin
Aaron A. Barlow
Cayman C. Mitchell
**JENNER & BLOCK LLP**
353 N. Clark Street
Chicago, IL 60654-3456
(312) 222-9350

Adam G. Unikowsky
**JENNER & BLOCK LLP**
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001-4412
(202) 639-6000

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**
Rodger D. Smith II (#3778)
Lucinda C. Cucuzzella (#3491)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com
ccucuzzella@mnat.com

*Attorneys for Defendants AEP Generation Resources Inc., Southwestern Electric Power Co. and AEP Texas Inc.*

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................. 1
II. ARGUMENT ......................................................................................................................... 1
    **A.** A Stay Will Simplify the Issues for Trial ................................................................. 1
    **B.** The Current Stage of Litigation Favors a Stay ......................................................... 4
    **C.** ME2C Cannot Demonstrate Any Undue Prejudice .................................................. 6
    **D.** ME2C's "Hardship or Inequity" Argument fails .................................................... 10
III. CONCLUSION .................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bio-Rad Labs. Inc. v. 10X Genomics, Inc.*,
   No. 18-1679-RGA, 2020 WL 2849989 (D. Del. June 2, 2020).........................................4, 6, 7

*Boston Sci. Corp. v. Cordis Corp.*,
   777 F. Supp. 2d 783 (D. Del. 2011).................................................................................................8

*Brit. Telecomm. PLC v. IAC/InteractiveCorp*,
   No. 18-366-WCB, 2020 WL 5517283 (D. Del. Sept. 11, 2020) .........................................3, 10

*CallWave Commc'ns, LLC v. AT&T Mobility,* LLC,
   No. 12-1701-RGA, 2015 WL 1284203 (D. Del. Mar. 18, 2015) .............................................1

*Contour IP Holding, LLC v. GoPro, Inc.*,
   No. 15-1108-LPS-CJB, 2016 WL 4474340 (D. Del. July 14, 2016).........................................5

*Cooper Notification, Inc. v. Twitter, Inc.*,
   No. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010) ..................................................10

*Copy Protect. LLC v. Netflix, Inc.*,
   No. 14-365-LPS, 2015 WL 3799363 (D. Del. June 17, 2015) ..............................................2, 4

*Intellectual Ventures I LLC v. Toshiba Corp., C.A.*,
   No. 13-453-SLR-SRF, 2015 WL 3773779 (D. Del. May 15, 2015) ....................................3, 9

*IOEngine, LLC v. PayPal Holdings, Inc.*,
   No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) ...........................2, 3, 4, 5, 8, 9

*Kaavo Inc. v. Tier 3, Inc.*,
   No. 14-1192-LPS-CJB, 2015 WL 1737476 (D. Del. Apr. 9, 2015) ........................................10

*Lockwood v. Am. Airlines, Inc.*,
   107 F.3d 1565 (Fed. Cir. 1997)..........................................................................................................3

*Miics & Partners Am. Inc. v. Toshiba Corp.*,
   No. 14-803-RGA, 2015 WL 9854845 (D. Del. Aug. 11, 2015) ............................................1, 5

*Mission Abstract Data v. Beasley Broadcast*,
   No. 11-176-LPS, 2011 WL 5523315 (D. Del. Nov. 14, 2011)................................................10

*Personalized User Model, L.L.P. v. Google, Inc.*,
   No. 09-525-LPS, 2012 WL 5379106 (D. Del. Oct. 31, 2012)...............................................4, 8

*Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*,
   No. 12-1461-LPS-CJB, 2014 WL 3819458 (D. Del. Jan. 15, 2014) ................................... 4, 8

*Secure Axcess, LLC v. PNC Bank Nat'l Ass'n*,
   859 F.3d 998 (Fed. Cir. 2017) ......................................................................................... 6

*SensoRX, Inc. v. Hologic, Inc.*,
   No. 12-173-LPS, 2013 WL 144255 (D. Del. Jan. 11, 2013) .............................................. 8

*Siemens Indus., Inc. v. Westinghouse Air Brake Techs. Corp.*,
   No. 16-284-LPS, 2018 WL 3046511 (D. Del. June 20, 2018) .......................................... 3

*Toshiba Samsung Storage Tech. Korea Corp. v. LG Electrons., Inc.*,
   No. 15-691-LPS-CJB, 2015 WL 7824098 (D. Del. Dec. 3, 2015) ................................ 2, 5

*Yodlee, Inc. v. Plaid Techs. Inc.*,
   No. 14-1445-LPS-CJB, 2017 WL 401896 (D. Del. Jan. 27, 2017) ................................. 10

**STATUTES**

35 U.S.C. § 311(c)(1) ............................................................................................................ 7

35 U.S.C. § 314(b)(1) ............................................................................................................ 7

35 U.S.C. § 316(a)(11) .......................................................................................................... 7

35 U.S.C. § 321(c) ................................................................................................................ 6

**OTHER AUTHORITIES**

37 C.F.R. §1.913(b) .............................................................................................................. 8

37 C.F.R. § 42.100(b) ........................................................................................................... 3

37 C.F.R. § 42.107 ................................................................................................................ 7

MPEP 608.01(p) ................................................................................................................... 3

I.      **INTRODUCTION**

Plaintiffs Midwest Energy Emissions Corp. and MES, Inc. (collectively, "ME2C") fail to provide any meaningful rationale for proceeding with this case in parallel with the *inter partes* review ("IPR") proceedings. ME2C's response brief (D.I. 244, "Resp. Br.") fails to even address two on-point decisions from this Court granting stays pending *inter partes* review ("IPR"). D.I. 235 ("Open. Br.") at 6-13; *see Miics & Partners Am. Inc. v. Toshiba Corp.*, No. 14-803-RGA, 2015 WL 9854845, at *1 (D. Del. Aug. 11, 2015) (granting stay even though defendants had not filed IPR petitions on a newly asserted patent); *CallWave Commc'ns, LLC v. AT&T Mobility,* LLC, No. 12-1701-RGA, 2015 WL 1284203, at *1 (D. Del. Mar. 18, 2015) (staying a case pending IPR). ME2C does not assert that it competes with the movants (Talen, NRG, and AEP), instead arguing that movants source products from ME2C's "direct competitors, i.e., the refined coal defendants." *Id.* at 12-13. ME2C undoubtedly has *some* competitors in the market, as confirmed by ME2C's Form 10-K Annual Report (Ex. K[1] at 9), but *none* of those identified competitors is named as a defendant in the lawsuit. Even if the Court credits ME2C's litigation arguments over its Annual Report, the allegedly competing defendants ("refined coal defendants") have already been stayed. As the Court already held, ME2C's "showing of harm to competition is not robust." D.I. 166.

II.     **ARGUMENT**

    A. **A STAY WILL SIMPLIFY THE ISSUES FOR TRIAL**

        1. **Courts Stay Cases Even When Not All Patents Have Instituted IPRs**

ME2C argues that "the 'simplification' issue does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for inter partes review." Resp. Br. at 8. However, the PTAB *has granted* two IPR petitions against the '114 Patent, and institution

---

[1] Exhibits K, L, and M are attached to the Reply Declaration of David Tobin, filed herewith.

decisions for the IPR petitions against the '147 Patent are expected before the December 9 hearing on this motion. *See Miics.* 2015 WL 9854845, at *1 (staying case even though petitions on only some of the asserted patents had been filed); *IOEngine, LLC v. PayPal Holdings, Inc.*, No. 18-452-WCB, 2019 WL 3943058, at *1-*2 (D. Del. Aug. 21, 2019) (staying case when out of twelve filed petitions, the PTAB had only acted on two, granting one and denying the other). Unlike the instant case, *no petitions* had been instituted on *any* asserted patents in ME2C's cited cases. *See Copy Protect. LLC v. Netflix, Inc.*, No. 14-365-LPS, 2015 WL 3799363, at *1 (D. Del. June 17, 2015); *Toshiba Samsung Storage Tech. Korea Corp. v. LG Electrons., Inc.*, No. 15-691-LPS-CJB, 2015 WL 7824098, at *1 (D. Del. Dec. 3, 2015).

## 2. A Stay Will Simplify Claim Construction and a Priority Date Analysis

ME2C argues that the '114 Patent is not "representative of the other patents-in-suit" because "Defendants have asserted different invalidity grounds against the '114 and '147 Patents." Resp. Br. at 9. ME2C's argument is misplaced and fails for several reasons.

First, ME2C itself acknowledged that the '114 Patent is representative of the other patents-in-suit, because its infringement contentions for all other asserted patents merely cross-referenced the contentions for the '114 Patent. *See* Open. Br. At 7-9, Ex. A.

Second, ME2C's statement that "Defendants have asserted different invalidity grounds against the '114 and '147 Patents" fails to recognize that Defendants asserted at least three common prior art references against *both* the '114 and '147 Patents. *Compare* Open. Br. Ex. C (D.I. 236-3) at 9-10, *with id.* Ex. H (D.I. 236-8) at 9 (both asserting Sjostrom and Olson-646); *compare id.* Ex. D (D.I. 236-4) at 9, *with id.* Ex. G (D.I. 236-7) at 9 (both asserting Nelson). That the '114 and '147 Patents are invalid in view of *additional* prior art references is immaterial.

Third, ME2C does not dispute that all five asserted patents "are from the *same patent family* and pertain to removing mercury using activated carbon and bromine" (Open. Br. at 7), and even

2

admits that it "has asserted these [five] patents against the *same infringing conduct*." Resp. Br. at 9 (emphasis added). Thus, this is not a case in which IPR petitions address only some "technology groups" among a broader set of asserted patents. *See, e.g.*, *Siemens Indus., Inc. v. Westinghouse Air Brake Techs. Corp.*, No. 16-284-LPS, 2018 WL 3046511, at *1 (D. Del. June 20, 2018) (cited by Resp. Br. at 8). Even if the IPRs were to proceed, *arguendo*, against only the '114 Patent, "the PTAB's judgment with respect to the proper construction of the claims … and its assessment of the art will likely be instructive" for the other patents. *See IOEngine*, 2019 WL 3943058, at *9. The claims of the other asserted patents use similar terminology requiring a similar claim construction analysis as currently being undertaken by the PTAB, such as for the term "injecting … into the mercury-containing gas." *See, e.g.*, Open Br. Ex. F (D.I. 236-6) at 6-8; '225 Patent (D.I. 130-3) at claims 6, 18; '517 Patent (D.I. 130-4) at claims 2, 8, 10, 18, 23-25, 30; '430 Patent (D.I. 130-5) at claims 1, 10, 12, 20-21, 24, 28, 29. It would be inefficient for the Court and the parties to go through the *Markman* process in parallel with the PTAB, especially *now* that the PTAB uses "the *same* claim construction standard" as a district court. 37 C.F.R. § 42.100(b) (as last amended, Oct. 11, 2018, emphasis added).[2]

Finally, a stay would also allow the priority analysis for the asserted patents, ME2C's misinterpretation of the MPEP,[3] and other "key issues to be addressed by experts in the field" at the PTAB. *Brit. Telecomm. PLC v. IAC/InteractiveCorp*, No. 18-366-WCB, 2020 WL 5517283,

---

[2] ME2C relies on outdated cases, from before the PTAB changed its claim-construction standards. *See Intellectual Ventures I LLC v. Toshiba Corp., C.A.*, No. 13-453-SLR-SRF, 2015 WL 3773779, at *3 (D. Del. May 15, 2015) (cited by Resp. Br. at 9, 14) ("As to claim construction, it is important to acknowledge that, at this juncture, the PTAB and the courts apply different standards.").

[3] While not directly pertinent to the assessment of this motion, ME2C's understanding of MPEP 608.01(p) is wrong (*see* Resp. Br. at 10-11), as it contradicts the requirement that "to gain the benefit of the filing date of an earlier application under 35 U.S.C. 120, each application in the chain leading back to the earlier application must comply with the written description requirement of 35 U.S.C. 112." *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1571 (Fed. Cir. 1997).

at *4 (D. Del. Sept. 11, 2020). In fact, if the PTAB finds in favor of the petitioners on the priority-date issue, nearly all allegedly infringing activities would become invalidating prior art to the asserted claims, to the extent any claims survive PTAB review.

### B. THE CURRENT STAGE OF LITIGATION FAVORS A STAY

The stage of this case strongly favors a stay, as the "bulk of the expenses that the parties would incur in pretrial work and trial preparation are still in the future." *Bio-Rad Labs. Inc. v. 10X Genomics, Inc.*, No. 18-1679-RGA, 2020 WL 2849989, at *1 (D. Del. June 2, 2020) (granting stay, quoting *IOEngine*, 2019 WL 3943058, at *5). Here, Talen and NRG have not answered the complaint, "document production is not substantially complete, no depositions have been taken, the *Markman* hearing has not yet been conducted, expert discovery has not begun, and trial is more than a year away." *Id.*; *see IOEngine*, 2019 WL 3943058, at *5, *13 (similar quote, canceling *Markman* hearing and staying the case). Opening expert reports are due April 5, 2022, with a first trial set for January 9, 2023 (D.I. 140 ¶¶ 8(g)(i), 22), such that the PTAB's final written decision on at least the '114 Patent would issue more than one year *before* a trial would occur at the District Court. The District Court deadlines "are all still many months to well over a year away." *See Princeton Dig. Image Corp. v. Konami Dig. Entm't Inc.*, No. 12-1461-LPS-CJB, 2014 WL 3819458, at *4 (D. Del. Jan. 15, 2014). In contrast to the instant case, a stay was denied in ME2C's cited cases because "the parties have engaged in a substantial amount of discovery and are set to complete claim construction briefing shortly." *See Copy Protect.*, 2015 WL 3799363, at *1 (further noting that trial would occur "around the same time as the IPR petition may be finally decided"); *Personalized User Model, L.L.P. v. Google, Inc.*, No. 09-525-LPS, 2012 WL 5379106, at *2 (D. Del. Oct. 31, 2012) (denying stay pending *reexamination* after *Markman* order, completion of fact discovery, and rebuttal expert reports).

A stay is appropriate now, and ME2C's suggestion that Defendants "re-file this motion" at a later date (Resp. Br. at 11) is nonsensical.  ME2C argues that "[g]ranting a stay now would derail the current schedule for claim construction" (Resp. Br. at 11), but that is all the more reason to *grant* the stay; a stay "prevents the court and parties from expending resources on claims that may later be rendered invalid." *Contour IP Holding, LLC v. GoPro, Inc.*, No. 15-1108-LPS-CJB, 2016 WL 4474340, at *3 (D. Del. July 14, 2016).  Claim construction exchanges have not begun, and unlike in *Toshiba Samsung*—where *no* IPR petitions had been instituted—allowing the current "case to move forward for a short time" here will involve "a large-scale expenditure of resources on document production or on claim construction-related activity." *See Toshiba Samsung*, 2015 WL 7824098, at *1 (cited by Resp. Br. at 9).  Upcoming deadlines include invalidity contentions (Jan. 7, 2021), substantial completion of document production (Jan. 15), and claim construction exchanges (Feb. 16).  D.I. 140; *see Miics*, 2015 WL 9854845, at *1 (granting stay where "claim construction briefing has not started (although it is about to)").

In addition to duplicating claim construction already being conducted by the PTAB, the "continuing pretrial work by the parties (and by the Court) is increased by … the recent filing of a motion for leave to supplement its complaint …." *IOEngine*, 2019 WL 3943058, at *5.  After ME2C's original complaint was dismissed (D.I. 110; D.I. 127), ME2C amended its complaint to assert three more patents.  D.I. 130.  This prompted renewed motions to dismiss from four sets of improperly joined defendants, scheduled for a hearing on January 6, 2021.  D.I. 172; D.I. 175; D.I. 176; D.I. 178.  ME2C has since sought leave to amend its complaint once again, which is being opposed by certain defendants.  D.I. 218; D.I. 221; D.I. 227.  If the IPR proceedings result in invalidation of the asserted claims and/or settlement between the parties, these "efforts in the district court with regard to th[ose] patent[s] will be rendered nugatory….  All that would be affected by granting a stay is the sequencing of the proceedings and the possible avoidance of

duplication of effort by the PTAB and the district court." *IOEngine*, 2019 WL 3943058, at *7. A stay would thus relieve the Court from addressing the deficiencies in ME2C's multiple complaints, as explained in various defendants' motions and oppositions.

### C. ME2C CANNOT DEMONSTRATE ANY UNDUE PREJUDICE

#### 1. The Timing of IPR Petitions Supports a Stay

ME2C asserts that Defendants "waited over nine months to start filing IPR petitions and thus far, they have only filed with respect to two of the five patents-in-suit." Resp. Br. at 12. Courts "do not find, however, that this weighs against granting a stay where … Plaintiff served an amended identification of asserted claims." *Bio-Rad Labs.*, 2020 WL 2849989, at *2 (staying the case where "IPR petitions were filed at the end of the prescribed statutory period"). Here, the IPR petitions relating to the '114 Patent were filed on April 21, 2020—merely *two weeks* after the earliest period the petitions could be filed pursuant to 35 U.S.C. § 311(c)(1). Though ME2C asserts that the petitions on the '147 Patent could have been filed before this litigation even began (Resp. Br. at 12), ME2C does not dispute that the petitions were filed early relative to the case. The IPR petitions relating to the '147 Patent were filed on May 27, 2020 (Open. Br., Ex. G, H)— before the Rule 16 case management conference (D.I. 105; June 15, 2020), scheduling order (D.I. 140; July 20, 2020), and ME2C's infringement contentions (D.I. 193-195; Aug. 28, 2020).

ME2C questions why Defendants have "not already sought review of all the patents-in-suit" through petitions for post-grant review ("PGR") under 35 U.S.C. § 321(c). Resp. Br. at 9-10; *see also id.* at 12 ("Defendants could have, and still can, file PGR petitions against the other patents-in-suit."). ME2C does not cite to any authority that would have required Defendants to file a PGR, as opposed to an IPR, in order to obtain a stay. In making this argument, ME2C concedes, for the *first time*, that the priority dates of the '225, '517, and '430 Patents are not before March 16, 2013. Otherwise, these patents would not be eligible for PGRs. *See Secure Axcess,*

6

*LLC v. PNC Bank Nat'l Ass'n*, 859 F.3d 998, 1006 (Fed. Cir. 2017) (Lourie, J., dissenting) ("only patents that have a claim with a priority date on or after March 16, 2013 are subject to PGR"). Defendants could not have predicted that ME2C would concede its lack of priority date for three new patents, particularly in view of ME2C's continued assertions of priority back to 2004 for the two originally asserted patents. *See* Ex. L at 14 (ME2C's response in IPR2020-00832, stating "Petitioners have failed to show that the '114 Patent Is Not Entitled to its Earliest Claimed Priority Date"); Ex. M at 9 (ME2C's response in IPR2020-00928, with similar quote for '147 Patent). Accordingly, Talen and NRG planned to file IPR petitions for the three new patents once permitted by statute, assuming ME2C persists with its infringement assertions. 35 U.S.C. § 311(c)(1).

### 2. The Request for a Stay Was Timely

ME2C does not dispute that the request for a stay was timely. Resp. Br. at 12; *see Bio-Rad Labs.*, 2020 WL 2849989, at * 2 ("[F]iling a motion to stay 'within ten days after the IPR institution decision' shows diligence."). Defendants approached ME2C for a joint motion for a stay well within this period and diligently moved for a stay once ME2C indicated its opposition.

### 3. The Status of the IPR Proceedings Favors a Stay

Defendants' timeliness in filing IPR petitions reduces any undue prejudice to ME2C. The PTAB has already instituted review on two petitions for the '114 Patent, and institution decisions are due by December 4, 2020 for the two petitions for the '147 Patent. IPR proceedings resolve quickly, within 18 months from filing (12 months from institution). *See* 35 U.S.C. § 314(b)(1); 35 U.S.C. § 316(a)(11); 37 C.F.R. § 42.107. Thus, the two IPR proceedings against the '114 Patent are expected to conclude by October 2021, and upon institution, the IPR proceedings against the '147 Patent would conclude by December 2021. The statutory period in which an IPR first becomes available for the most recently issued asserted patent, the '430 Patent, begins March 2, 2021. Assuming an IPR were filed then, it would still conclude by September 2022, several

7

months before the currently scheduled first trial date of January 9, 2023.  D.I. 140 ¶ 22.

In the cases cited by ME2C, the reexamination proceedings at issue were more than twice as long as the expected timetable for the IPR proceedings in this case.  For example, the "average pendency from filing date to certificate issue date in an *inter partes* reexamination proceeding was 36.1 months."  *SensoRX, Inc. v. Hologic, Inc.*, No. 12-173-LPS, 2013 WL 144255, at *7 n.9 (D. Del. Jan. 11, 2013); *see* 37 C.F.R. §1.913(b) (inter partes reexamination proceedings unavailable to be filed after September 2012); *see also Boston Sci. Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789 & n.5 (D. Del. 2011) ("ex parte reexamination … has a historical average pendency of 25.4 months," with an additional "average of 234 days to decision" from the BPAI); *Personalized User Model*, 2012 WL 5379106, at *1 ("[F]inal conclusion of the reexaminations (including appeals) is likely to take quite some time").  Consequently, ME2C's reexamination cases operated under a different calculus.  The Court should grant a stay, because "[a]s compared to the far lengthier prior reexamination process, *inter partes* review promises to be a more expeditious process, … which merits weight in this analysis."  *Princeton*, 2014 WL 3819458, at *5 (internal quotations omitted).

### 4. There Is No Undue Prejudice to ME2C

ME2C complains that "trial is already scheduled to occur over four years after ME2C filed this case."  Resp. Br. at 11-12.  But that outcome is one of ME2C's own making.  Adding three new patents one year after filing suit (D.I. 130) and repeatedly failing to correct its pleading deficiencies (D.I. 214, 218) "suggest[] that expeditious disposition of the district court proceedings is not of primary concern" to ME2C.  *See IOEngine*, 2019 WL 3943058, at *7 ("delays caused by the plaintiff render arguments of timely enforcement unpersuasive").

ME2C does not assert that movants (Talen, NRG, and AEP) are competitors of ME2C, instead claiming they "purchas[e] products from ME2C's direct competitors, i.e., the refined coal defendants."  Resp. Br. at 12-13.  Of course, those refined coal defendants have already been stayed

by the Court. D.I. 166. Moreover, this is not a case in which the plaintiff and defendant are "the only two companies who participate in the [relevant] market." *SensoRX*, 2013 WL 144255, at *8 & n.10. Indeed, on May 14, 2020, ME2C informed its investors and the SEC in its Annual Report who it considers to be its "major competitors," *none* of whom have been sued by ME2C:

> Our major competitors in the U.S. and Canada include companies such as Advanced Emissions Solutions, Inc., Albemarle Corporation, Cabot Corporation, Calgon Carbon Corporation, Carbonxt, Inc., Environmental Energy Services Inc. and Nalco Company. These companies employ large sales staff and are well positioned in the market.

Ex. K at 9. As the Court found, ME2C's "showing of harm to competition is not robust." D.I. 166.

ME2C also argues that a stay pending IPR would have the effect of "preventing it from relying on the strength of its patents to secure [similar] agreements" to sell products, as with former-defendant Vistra. Resp. Br. at 13. However, "there is little force to [ME2C's] argument that even though it does not compete with" the movants, "a stay will interfere with its ability to license its patents. To the extent that the uncertainty caused by the pendency of the IPR proceeding is an impediment to licensing, that uncertainty would be present whether the stay is granted or not." *IOEngine*, 2019 WL 3943058, at *7. ME2C "will be required to defend its patent rights before the PTAB without regard to whether this Court grants a stay." *Id.*

ME2C's "assertion that a stay will deprive it of its chosen forum is entitled to little weight." *Id.* at *7 (declining to follow *Intellectual Ventures*, 2015 WL 3773779, at *2). "[E]ven assuming no slippage in the current schedule," a first trial is not scheduled until January 9, 2023 (D.I. 140 ¶ 22), so "it is unlikely that final judgments will have been rendered in the district court actions before the PTAB decides the IPR. If the challenged patent survives the IPR, [Plaintiff] will retain its chosen forum." *IOEngine*, 2019 WL 3943058, at *7.

ME2C's "assertion that witness memories are apt to fade with the passage of time resulting from a stay is also unconvincing," as ME2C "has not identified any particular witnesses," and a

"blanket statement that evidence may become stale or be lost does not amount to a compelling showing of prejudice." *Id.*  If ME2C were truly concerned about fading memories, it would not have waited 6 years from the time it allegedly provided notice of its patents to file suit.  *See* D.I. 1 (original complaint) ¶¶ 118-120 (ME2C "identified the '147 patent and the parent applications to the '114 patent" in 2013); *see also id.* ¶¶ 91, 133, 140 (same).

### D. ME2C'S "HARDSHIP OR INEQUITY" ARGUMENT FAILS

ME2C wrongly asserts that a completely different factor—*movants* "must demonstrate 'a clear case of hardship or inequity'"—trumps the traditional three factors.  Resp. Br. at 6; *id.* at 7-8.  But "[n]owhere did the Court state that a showing of hardship or inequity in proceeding with litigation is an absolute requirement for a stay." *Cooper Notification, Inc. v. Twitter, Inc.*, No. 09-865-LPS, 2010 WL 5149351, at *2 (D. Del. Dec. 13, 2010) (cited in Resp. Br. at 8).  Later decisions analyzing *Cooper* agree.  Although "undue hardship or prejudice in the absence of a stay can be beneficial to the moving party in the stay calculus, the moving party is not required to put forward such evidence in order [to] have its motion granted." *Kaavo Inc. v. Tier 3, Inc.*, No. 14-1192-LPS-CJB, 2015 WL 1737476, at *4 n.10 (D. Del. Apr. 9, 2015); *Mission Abstract Data v. Beasley Broadcast*, No. 11-176-LPS, 2011 WL 5523315, at *3 (D. Del. Nov. 14, 2011) (hardship to movant is *not* "a determinative factor").  Subsequent decisions examining *Yodlee, Inc. v. Plaid Techs. Inc.*, No. 14-1445-LPS-CJB, 2017 WL 401896 (D. Del. Jan. 27, 2017) (cited in Resp. Br. at 6-7), have looked to whether the non-movant *patentee* had "pointed to any specific hardship or inequity" as part of the "undue prejudice" inquiry.  *British Telecomm.*, 2020 WL 5517283, at *7.

### III. CONCLUSION

Defendants request that the Court issue a stay of litigation, at least until final written decisions have been entered pursuant to 35 U.S.C. § 318(a) regarding the four petitions already filed in the case (IPR2020-00832, IPR2020-00834, IPR2020-00926, and IPR2020-00928).

| | |
|---|---|
| Dated:  November 30, 2020 | **FAEGRE DRINKER BIDDLE & REATH LLP** |
| OF COUNSEL: | |
| | */s/ Francis DiGiovanni* |
| Syed K. Fareed | Francis DiGiovanni (#3189) |
| Emily Pyclik | Thatcher A. Rahmeier (#5222) |
| John C. Williams | 222 Delaware Avenue, Suite 1410 |
| **BAKER BOTTS L.L.P.** | Wilmington, DE 19801 |
| 98 San Jacinto, Suite 1500 | (302) 467-4200 |
| Austin, Texas 78701 | francis.digiovanni@faegredrinker.com |
| (512) 322-2500 | thatcher.rahmeier@faegredrinker.com |
| | |
| David J. Tobin | *Attorneys for Defendants Talen Energy* |
| **BAKER BOTTS L.L.P.** | *Corporation, Brandon Shores LLC, Talen* |
| 2001 Ross Avenue, Suite 1100 | *Generation LLC, and H.A. Wagner LLC* |
| Dallas, Texas 75201 | |
| (214) 953-6869 | |
| | |
| | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP** |
| OF COUNSEL: | |
| | /s/ *Rodger D. Smith* |
| Randall E. Mehrberg | Rodger D. Smith II (#3778) |
| Terri L. Mascherin | Lucinda C. Cucuzzella (#3491) |
| Aaron A. Barlow | 1201 North Market Street |
| Cayman C. Mitchell | P.O. Box 1347 |
| **JENNER & BLOCK LLP** | Wilmington, DE 19899 |
| 353 N. Clark Street | (302) 658-9200 |
| Chicago, IL 60654-3456 | rsmith@mnat.com |
| (312) 222-9350 | ccucuzzella@mnat.com |
| | |
| Adam G. Unikowsky | *Attorneys for Defendants AEP Generation* |
| **JENNER & BLOCK LLP** | *Resources Inc., Southwestern Electric Power* |
| 1099 New York Avenue, N.W. | *Co. and AEP Texas Inc.* |
| Suite 900 | |
| Washington, DC 20001-4412 | |
| (202) 639-6000 | |

|  | **RICHARDS, LAYTON & FINGER, P.A.** |
|---|---|
| OF COUNSEL: | |
| | */s/ Tyler E. Cragg* |
| Paul R. Morico | Frederick L. Cottrell, III (#2555) |
| Elizabeth Durham Flannery | Tyler E. Cragg (#6398) |
| Ali Dhanani | One Rodney Square |
| Thomas B. Carter, Jr. | 920 N. King Street |
| **BAKER BOTTS L.L.P.** | Wilmington, DE 19801 |
| 910 Louisiana Street | 302-651-7700 |
| Houston, TX 77002 | cottrell@rlf.com |
| 713-229-1234 | cragg@rlf.com |
| paul.morico@bakerbotts.com | |
| liz.flannery@bakerbotts.com | *Attorneys for Defendants NRG Energy, Inc.,* |
| ali.dhanani@bakerbotts.com | *NRG Texas Power LLC, Midwest Generation* |
| thomas.carter@bakerbotts.com | *EME, LLC, and Midwest Generation, LLC* |

12