IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 19-1334 (RGA) (CJB) |
| VISTRA ENERGY CORP., *et al.*, | ) ) ) | |
| Defendants. | ) | |

**LETTER-BRIEF TO THE HONORABLE CHRISTOPHER J. BURKE FROM COUNSEL FOR RC DEFENDANTS AND REFINED COAL LLC DEFENDANTS REGARDING THE INSUFFICIENCY OF THE NEW ALLEGATIONS IN THE <u>SECOND AMENDED COMPLAINT</u>**

OF COUNSEL:

Richard W. Mark
Joseph Evall
Paul J. Kremer
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

December 21, 2020

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for the RC Defendants and the Refined Coal LLC Defendants*

Dear Judge Burke:

The Refined Coal LLC Defendants and RC Defendants (collectively, the "Moving Defendants" or "Movants"), comprising 14 of the Named Defendants in this action, submit this letter-brief pursuant to the Court's December 10, 2020 Oral Order (D.I. 254) regarding the claims in the proposed Second Amended Complaint ("SAC").

**Procedural Background**

On July 31, 2020, after dismissing all of the Original Complaint's claims against Movants and the CERT Defendants (collectively, the "Refined Coal Defendants"), this Court granted the Refined Coal Defendants' stay motion and ordered that "the case is stayed as to those Defendants until the Court determines that Plaintiffs have stated a viable claim for relief against those Defendants." (D.I. 166). Movants thereafter moved (D.I. 176) to dismiss Plaintiffs' First Amended Complaint ("FAC") (D.I.130) pursuant to Fed. R. Civ. P. 12(b)(6), and submitted briefs on August 6 (D.I. 130) and on September 10, 2020 (D.I. 205) in support of their motion.

Plaintiffs then moved for leave to file a Second Amended Complaint ("SAC"). (D.I. 214, 218). Rather than oppose Plaintiffs' motion for leave to amend, the Refined Coal Defendants and certain other power plant defendants entered into a stipulation with Plaintiffs (together, the "Stipulating Parties"), so-ordered by the Court on September 28, 2020, providing that if the SAC is filed, the Stipulating Parties' already-filed briefing directed to the motions to dismiss the FAC would be "deemed as filed against the SAC." (D.I. 215). The Stipulation further provided that the Stipulating Parties would "address the sufficiency of the SAC by submitting supplemental letter briefs" on the schedule and subject to the page limitations set forth therein. (D.I. 215).

On December 10, 2020, the Court granted the motion of certain Power Plant Defendants to stay litigation in this case directed to those defendants, pending the outcome of IPR proceedings (the "IPR-related Stay"). (D.I. 253). That same day, the Court directed the Refined Coal Defendants and Plaintiffs (i) to submit a joint statement regarding their respective positions as to whether the IPR-related Stay should be extended to the remaining parties in the action, and (ii) to submit their letter briefs regarding the sufficiency of the SAC, and the Court (iii) scheduled oral argument on the motions to dismiss for January 19, 2020. (D.I. 254).

Plaintiffs' motion for leave to file the SAC attached a blackline comparing their proposed SAC against the FAC. ( D.I. 214-1). The arguments in Movants' briefs (130, 205) supporting dismissal of the FAC are incorporated herein. Paragraph-number references for the FAC-related briefs can be discerned from the SAC blackline.

**Argument**

The proposed new allegations in the SAC—largely framed in terms of conditional, hypothetical statements (e.g., defendants infringe when they supply refined coal to a power plant "if the power plant uses activated carbon injection" (D.I. 214-1, ¶ 87)), more lumped pleading, and smorgasbord claims alleging only that defendants do one in a listed series of acts—go no further than the Original Complaint or the FAC to frame plausible allegations of infringement. The SAC does not

The Honorable Christopher J. Burke                                                         December 21, 2020

cure the deficiencies of the FAC; the SAC does not state a claim against Movants; and the case against Movants should be dismissed, with prejudice.

> **I.       The Amended Allegations in the Proposed SAC Repeat the Deficiencies Identified in the Motions to Dismiss the FAC**

In dismissing the Original Complaint, this Court explained that the patent claims require performance of two distinct steps, a Bromine Step followed by an Activated Carbon Step—but any actions allegedly performed by the Refined Coal Defendants involve the preparation and provision of bromine-enriched coal, and therefore relate only to the Bromine Step. (D.I. 110 at 3). Because the Refined Coal Defendants do not operate coal-burning power plants or even burn coal, Plaintiffs could not plead facts leading to a plausible inference that the Refined Coal Defendants' purported provision of bromine-enriched coal to a power plant, on the one hand, induced the power plant's use of activated carbon, on the other hand. Accordingly, the Original Complaint's claims of induced infringement failed, and claims of contributory infringement and joint infringement failed for similar reasons.

Movants' motion to dismiss the FAC explains why, like the Original Complaint, the FAC failed to state a claim for induced infringement, contributory infringement, and joint infringement. The new allegations in Plaintiffs' proposed SAC repeat those shortcomings. For example, the SAC's new allegations of infringement concern providing refined coal to power plants "*if* the power plant uses activated carbon injection." (D.I. 214-1 ¶ 87 (emphasis added)). The SAC's "conditional" statements go no further in pleading that the Refined Coal Defendants have either knowledge of infringement, or intent to infringe. The SAC repeats the problem in the FAC, which sought to tie the Refined Coal Defendants to performance of the Activated Carbon Step by citing an expired contract between a refined coal provider and a power plant. After first incorrectly arguing that the contract required the use of activated carbon at the power plant (D.I. 130 at 11-12), Plaintiffs then pleaded only that the contract shows "aware[ness] of activated carbon use at coal-fired power plants to which they supply refined coal." (D.I. 130 ¶ 95). But nothing in the contract shows actual use of activated carbon in conjunction with refined coal, so the allegation supports neither knowledge of infringement nor intent to infringe. The SAC's new "if" pleading exacerbates this deficiency.

Movants' FAC briefing also explains why the FAC should be dismissed in its entirety because Plaintiffs' amorphous and undifferentiated group allegations against up to 24 defendants failed to provide *any* Movant with the requisite notice of plausible grounds that such Movant is liable for infringement. Plaintiffs' proposed SAC does not remedy that deficiency. Indeed, the SAC's new allegations use the same formulaic group allegations that infected the earlier complaints. Plaintiffs' purported "cure" is to insert the words "individually and collectively" into their definitions of the subgroups of defendants. (D.I. 214-1 at p. 2). But those adverbs cannot fix the problem—the allegations do not inform any particular defendant of what it is alleged to have done. The problem was not the Complaint's failure to list the defendants in its bulk allegations; it was its failure to specify what any defendant supposedly did. Likewise, the SAC's new use of broader accusations also accomplishes nothing, among other reasons because its allegations are in the disjunctive. *See, e.g.,* D.I. 214-1 ¶ 212 (at least 30 defendants "operate at least one Accused RC Facility *either* by directly owning, [*or*] directly controlling . . .*or* indirectly exercising control . . ." (emphasis added)). The allegation presents a smorgasbord of acts, without actually informing any defendant what it is accused of doing.

Finally, arguments that are incorporated by reference in Movants' FAC briefing address other

The Honorable Christopher J. Burke                                                        December 21, 2020

deficiencies in the FAC that have been carried over in their entirety to the SAC—such as the failure to allege standing for one of the named defendants.

## II. The SAC Does Not Fix the Deficiencies in Plaintiffs' Single-Actor Direct Infringement Allegations

The revisions in the SAC fare no better in fixing Plaintiffs' allegations that the Refined Coal Defendants are, in certain narrow circumstances, single-party direct infringers.

Because Refined Coal Defendants do not operate power plants and do not even burn coal, Plaintiffs do not—and cannot—allege that Refined Coal Defendants perform the steps of the method claims in connection with the commercial operation of a coal-burning furnace to generate electricity. Instead, the FAC attempts to craft a very narrow claim of direct infringement: that the Refined Coal Defendants are involved in some way in a power plant's activities when a plant tests refined coal or measures emissions for the purposes of section 45 certification. But those allegations were inadequate for many reasons, including that there was no specific allegation that a Movant performed the specific acts required by any of the claims. The SAC's new allegations do not address this shortcoming.

First, the SAC relies on the hypothetical approach, already described, to allege that "[e]ach of the entities identified" infringed by performing "post-emission control testing at least with respect to each power plant they provide refined coal to, *if* the power plant uses activated carbon injection." (D.I. 214-1 at ¶ 87, emphasis added).

Second, the SAC adds multiple allegations of the following form:

> AJG, DTE, CERT, Chem-Mod and the RC Defendants perform this method when conducting section 45 testing for at least one coal plant that uses activated carbon sorbent. (D.I. 214-1 ¶ 250; *see also Id*. ¶¶ 253, 256, 259, 287, 290, 293, 296, 300, 326, 329, 332, 358, 361, 364, 390, 393, 396, 399).

The problem with these new allegations—like the FAC and SAC as a whole—is that Plaintiffs do not explain where or when these hypothetical activities take place, or what act(s) any Refined Coal Defendant actually does that constitutes infringement. Accordingly, the SAC leaves each Refined Coal Defendant no better informed about what it is accused of than the FAC did.

First, Plaintiffs are silent as to *where* any Refined Coal Defendant allegedly infringes, stating only that it is at "each power plant they provide refined coal to, *if the power plant uses activated carbon injection*" (D.I. 214-1 ¶ 87 (emphasis added)) or at "at least one coal plant that uses activated carbon sorbent" D.I. 214-1 ¶ 250 and others).  In other words, Plaintiffs allege only that a Refined Coal Defendant infringes their two-step method claims at a coal plant that may perform the underlying activity of the second step of the claim. But Plaintiffs do not say which coal plants purportedly use activated carbon injection, whether such plants perform activated carbon injection in a manner that satisfies the "Activated Carbon Step" of each asserted claim of their five patents; or how a Refined Coal Defendant is even supposed to make that determination so that it knows where it purportedly infringes. The allegations do not spell out an allegation of infringement; rather, they leave Defendants to guess where Plaintiffs think they might have been infringing and what they might have been doing

3

that constitutes such alleged infringement.

Second, the SAC does not put the Refined Coal Defendants on notice as to *when* they purportedly infringe—i.e., which of their actions purportedly meet the limitations of the asserted patent claims. Instead, the SAC only asserts that such defendants infringe when they perform certain testing "if the power plant uses activated carbon injection" (D.I. 214-1 ¶ 87), without stating *when* such plant must use the method in order for the testing to be infringing; or "perform this method when conducting section 45 testing" (D.I. 214 ¶ 250 and others), but because "this method" refers to the language of the patent claim, the allegation does not say "when" in the course of entire activity of plant-certification testing the defendants purportedly perform an act that meets the patent claims.

And third, with respect to the "*what*"—the SAC recites the claim language, spread out among three or four allegations, but then instead of alleging that certain actions by the Refined Coal Defendants meet the recited element, the SAC simply alleges that the element is performed, but *not* by a Refined Coal Defendant. For example, the SAC quotes the claim language for an activated carbon step in claim 25 of the '114 patent—"injecting a sorbent material comprising activated carbon into the mercury containing gas downstream of the combustion chamber." (D.I. 214-1 ¶ 254). The SAC thereafter alleges, conclusorily, that the *other* defendants perform this step—"The Coal Plant Defendants and power plants connected to an Accused RC Facility perform this step by injecting activated carbon downstream of the combustion chamber." (*Id*. ¶ 255). The SAC thus identifies an activity that the *other* defendants purportedly perform in satisfaction of this claim step, but the new allegations say nothing about what the Refined Coal Defendants purportedly do to perform this step (other than having a refined coal facility connected to the plant). *See Id*. ¶256 ("AJG, DTE, CERT, Chem-Mod and the RC Defendants perform this step when conducting section 45 testing for at least one coal plant that uses activated carbon sorbent."). The new allegations do not explain how the Refined Coal Defendants could perform that step if the other defendants already perform the step, or what role they play since the claim is limited to a coal plant "that uses activated carbon sorbent"—i.e., that is already performing the step. Moreover, the claims suffer from a similar shortcoming with respect to the Bromine Step, which requires "combusting coal"—the Refined Coal Defendants are accused of providing Refined Coal to the coal plants, not of burning coal.

In at least one instance, the SAC's inadequate allegations fail for an additional reason: the SAC does not even allege that the Refined Coal Defendants meet the element at all. According to the SAC, claim 25 of the '114 Patent is "exemplary," D.I. 214-1 ¶ 247, and its requirements include "separating the mercury/sorbent composition from the mercury-containing gas to form a cleaned gas." *Id*. ¶ 260. For the SAC's "explanation of infringement" of claim 25, the SAC alleges that "The Coal Plant Defendants and power plants connected to an Accused RC Facility perform this step using equipment to collect the mercury captured by the sorbent in order to comply with mercury regulations." (*Id*. ¶ 261). But the SAC's "explanation of infringement" of that "exemplary" claim 25 contains no allegation whatsoever that the Refined Coal Defendants perform this claim step. Because direct infringement requires the performance of each step and element of an asserted claim, the claims regarding the '114 Patent should be dismissed as against the Refined Coal Defendants because the SAC does not allege that such defendants perform all of the claim elements.

This deficiency is compounded because in all of the cited allegations, there is no distinction among the 24 individual Refined Coal Defendants referenced by that allegation. There is no allegation

4

Case 1:19-cv-01334-CJB   Document 257   Filed 12/21/20   Page 6 of 10 PageID #: 4091

The Honorable Christopher J. Burke                                                           December 21, 2020

or explanation about what acts such Defendants perform that could meet the quoted claim element.

### III. The SAC Should be Dismissed With Prejudice

The SAC is Plaintiffs' third attempt to plead a claim in this case. Each effort has burdened Defendants and the Court, and is the product of so little diligence that their third failure to state a claim should result in dismissal with prejudice.

First, the SAC, like its predecessors, makes bulk allegations, and does not attempt to specify what each defendant is alleged to have done.

Second, Plaintiffs' induced infringement claims fail to spell out why activities directed to the Bromine Step constitute active inducement of the practice of the Activated Carbon Step. The Court explained what was missing, but neither the FAC nor the SAC includes allegations permitting inference of the missing bridge to the Activated Carbon Step. Indeed, Plaintiffs add essentially nothing in the SAC that was absent from the FAC and the Original Complaint.

Third, Plaintiffs' contributory infringement claims ignore the teachings in their own patents about the standalone use of Refined Coal or other pre-furnace bromine addition, teachings that were identified in the prior motion practice in the case. D.I. 203 at 6-8; D.I. 205 at 5-6. Nevertheless, Plaintiffs persist in their assertion that there is no non-infringing use. This position is belied by their own new allegation in the SAC. In attempting to state a claim for direct infringement through what plaintiffs call "post-emission control testing," the SAC alleges that such infringement occurs "at each power plant [the Refined Coal Defendants] provide refined coal to, *if the power plant uses activated carbon injection.*" D.I. 214-1 ¶ 87. Plaintiffs thus recognize that refined coal need not be used with activated carbon—belying their claim of contributory infringement and intent to induce infringement.

Fourth, Plaintiffs' continue to insist on alleging knowledge of their patents based on the circulation of a draft complaint that they circulated with a restriction on use. As explained in Movants' FAC briefing, Plaintiffs specified that such papers were shared with outside counsel for the sole purpose of permitting them to evaluate whether they would oppose Plaintiffs' request for leave to file that amended complaint. (D.I. 20- at P --; Ex. A). Plaintiffs' claim that the draft provided notice notwithstanding their restrictions on the use of the draft is facetious at best.

Fifth, Plaintiffs' motion practice on the FAC was directed in large part to the Refined Coal Defendants' alleged waiver of arguments regarding the "lumped pleading" that infected the FAC. Movants' reply brief on the FAC (D.I. 205) and CERT's reply brief on the FAC (D.I. 203) both refuted the assertion of waiver by pointing out where in their briefing on the Original Complaint they had made the "lumped pleading" argument, and also noting the increased severity of the problem in the FAC compared to the Original Complaint. Not only had Plaintiffs failed to review the briefing on the Original Complaint to see that their claim of "waiver" was baseless, Plaintiffs never sought to withdraw their spurious claims that the arguments were waived after the FAC briefing was fully submitted.

Plaintiffs' approach to pleading has been to generate masses of generalized allegations and, when challenged, to offer more of the same. They should not be given unlimited opportunities to replead. Having failed to correct problems that were identified to them by the parties and the Court, the dismissal should be with prejudice.

5

The Honorable Christopher J. Burke                                                December 21, 2020

                                                               MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                                               */s/ Brian P. Egan*

                                                               _____

|  |  |
|---|---|
| | Jack B. Blumenfeld (#1014) |
| | Brian P. Egan (#6227) |
| | 1201 North Market Street |
| OF COUNSEL: | P.O. Box 1347 |
| | Wilmington, DE  19899 |
| Richard W. Mark | (302) 658-9200 |
| Joseph Evall | jblumenfeld@mnat.com |
| Paul J. Kremer | began@mnat.com |
| GIBSON, DUNN & CRUTCHER LLP | |
| 200 Park Avenue | *Attorneys for the RC Defendants and the* |
| New York, NY  10166-0193 | *Refined Coal LLC Defendants* |
| (212) 351-4000 | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 21, 2020, upon the following in the manner indicated:

| | |
|---|---|
| James M. Lennon, Esquire<br>DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, DE  19806<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Bradley W. Caldwell, Esquire<br>Jason D. Cassady, Esquire<br>John Austin Curry, Esquire<br>Justin T. Nemunaitis, Esquire<br>CALDWELL CASSADY CURRY PC<br>2010 Cedar Springs Road, Suite 1000<br>Dallas, TX  75201<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Frederick L. Cottrell, III, Esquire<br>Tyler E. Cragg, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendants NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME, LLC, Midwest Generation, LLC, Vistra Energy Corp. Dynegy Miami Fort, LLC, Dynegy Inc., Dynegy Midwest Generation, LLC, IPH, LLC, and Illinois Power Resources Generating, LLC* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Timothy S. Durst, Esquire<br>Douglas M. Kubehl, Esquire<br>Christa Brown-Sanford, Esquire<br>Megan LaDriere, Esquire<br>Mark Johnson, Esquire<br>BAKER BOTTS, L.L.P.<br>2001 Ross Avenue, Suite 900<br>Dallas, TX  75201<br>*Attorneys for Defendants NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME, LLC, Midwest Generation, LLC, Vistra Energy Corp. Dynegy Miami Fort, LLC, Dynegy Inc., Dynegy Midwest Generation, LLC, IPH, LLC, and Illinois Power Resources Generating, LLC* | *VIA ELECTRONIC MAIL* |
| Francis DiGiovanni, Esquire<br>Thatcher A. Rahmeier, Esquire<br>DRINKER BIDDLE & REATH LLP<br>222 Delaware Avenue, Suite 1410<br>Wilmington, DE  19801<br>*Attorneys for Defendants Talen Energy Corporation, Brandon Shores LLC, Talen Generation LLC and H.A. Wagner LLC* | *VIA ELECTRONIC MAIL* |
| Robert S. Saunders, Esquire<br>Jessica R. Kunz, Esquire<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, DE  19899-0636<br>*Attorneys for Defendants CERT Coal Holding, LLC, CERT Holdings LLC, CERT Holdings 2018, LLC, CERT Operations LLC, CERT Operations II LLC, CERT Operations III LLC, CERT Operations IV LLC, CERT Operations V LLC and CERT Operations RCB LLC* | *VIA ELECTRONIC MAIL* |

Douglas R. Nemec, Esquire  
Leslie A. Demers, Esquire  
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP  
One Manhattan West  
New York, NY 10001-8602  
*Attorneys for Defendants CERT Coal Holding, LLC, CERT Holdings LLC, CERT Holdings 2018, LLC, CERT Operations LLC, CERT Operations II LLC, CERT Operations III LLC, CERT Operations IV LLC, CERT Operations V LLC and CERT Operations RCB LLC*

*VIA ELECTRONIC MAIL*

*/s/ Brian P. Egan*

Brian P. Egan (#6227)

3