IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | C.A. No. 19-1334 (RGA) (CJB) |
| VISTRA ENERGY CORP., *et al.*, | | |
| Defendants. | | |

**REPLY LETTER-BRIEF TO THE HONORABLE CHRISTOPHER J. BURKE FROM COUNSEL FOR RC DEFENDANTS AND REFINED COAL LLC DEFENDANTS REGARDING THE INSUFFICIENCY OF THE NEW ALLEGATIONS IN THE <u>SECOND AMENDED COMPLAINT</u>**

OF COUNSEL:

Richard W. Mark
Joseph Evall
Paul J. Kremer
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

January 6, 2021

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for the RC Defendants and the Refined Coal LLC Defendants*

Dear Judge Burke:

Pursuant to the Court's Order (D.I. 254), the Refined Coal LLC Defendants and RC Defendants (collectively, "Movants") reply to Plaintiffs' Letter in Response ("Plaintiffs' Ltr.") (D.I. 260) to Movants' letter (D.I. 257) concerning the claims in the proposed Second Amended Complaint ("SAC"), a blackline of which Plaintiffs submitted as D.I. 214-1.  Plaintiffs' Ltr. confirms that the SAC, like their earlier complaints, fails to state a claim against Movants, for either indirect infringement or direct infringement.

## I.   Plaintiffs Do Not State a Claim for Indirect Infringement

Movants' motion to dismiss the FAC shows that Plaintiffs' inducement claims once again fail because the FAC does not allege that Movants actively took steps to cause a power plant to perform the steps of the asserted method claims (and, in particular, the Activated Carbon Step); that Movants had knowledge that any such induced acts by the power plants constituted infringement; and that Movants intended for a particular power plant to perform such acts.  (D.I. 176, D.I. 177, D.I. 205). Plaintiffs' Ltr. shows that the SAC allegations do not cure the first deficiency—the failure to plead "any acts that any such Defendant took to actively induce a power plant using Refined Coal to continue to operate an activated carbon system."  (D.I. 177 at 8).  Instead, Plaintiffs' Ltr. argues that the SAC now sufficiently pleads knowledge and intent with respect to a power plant's performance of the Activated Carbon Step, and implies that such knowledge and intent convert a Movant's provision of Refined Coal into an act directed to the Activated Carbon Step.  The SAC's allegations are no better than those of the original complaint.

First, as explained in Movants' Opening Letter (D.I. 257 at 2), the allegations are conditional: the SAC alleges "Each of the entities . . . perform post-emission control testing . . .if the power plant uses activated carbon injection."  (D.I. 214-1, ¶ 87).  Accordingly, the SAC fails to put Movants on notice about where they purportedly induce infringement; this allegation also is inadequate because it does not allege specific affirmative acts by Movants (let alone any specific Movant) that are independent of the conditional premise.  Plaintiffs' argument appears to be that if a plant uses activated carbon, then a Movant providing refined coal to that plant would become an inducement to use activated carbon (i.e., perform the Activated Carbon Step).  Not only is that conditional, it is backwards:  as framed the "Activated Carbon Step" occurs *regardless* of whether Movants provide refined coal—i.e., it is not induced by a Movant's act.

Second, Plaintiffs' Ltr. misses the significance of their statements about the Belle River contract.  *See* D.I. 260 at 2.  Plaintiffs appear to believe that the contract shows that refined coal would actually be used in conjunction with activated carbon at the plant because the agreement "requires the coal plant operator to report the amount of activated carbon in use" and because it "requires combustion of the refined coal at the plant."  *Id*.  But requiring a report of how much activated carbon is used is very different from requiring that it be used at all.  The contractual reporting term provides no basis for an allegation that activated carbon is, in fact, used.  The distinction between a reporting requirement and actual use is important, because in "requir[ing] combustion of the refined coal at the plant"—where there is no requirement that activated carbon be used—the contract shows that refined coal has non-infringing uses.  The contract also contradicts Plaintiffs' contention that refined coal must be used with activated carbon.

The Honorable Christopher J. Burke                                                                January 6, 2021

Third, Plaintiffs' "lumped" pleading, which fails to discriminate among dozens of defendants, infects all counts in the SAC. Plaintiffs' Ltr. quotes two examples of allegations in the SAC that purportedly address these deficiencies. D.I. 260 at 2. Neither fixes the problem. The first, D.I. 214-1 at ¶ 213, simply lists the names of more that a dozen defendants and asserts that they "operate an Accused RC Facility that provides bromine-containing refined coal to a coal plant" and that *the coal plant infringes*. This paragraph merely repeats the inadequate and unspecified allegations of the earlier complaints, but lists out the names of the defendants. The pleading inadequacies are substantive, lacking the specific allegation of facts required by *Twombly* and *Iqbal*; the deficiencies are not fixed simply by listing the names of the defendants. The second allegation that Plaintiffs cite in their letter, D.I. 214-1 at ¶ 212, is no better. It alleges that "Arthur J. Gallagher & Co. owns and controls Walter Scott Refined Coal LLC which directly operates a refined coal facility *at a power plant that directly infringes* . . . ." (emphasis added). The allegation does not allege any specific acts by either refined coal defendant that could state a claim for direct or indirect infringement.

## II.      Plaintiffs Do Not State a Claim for Direct Infringement

The FAC lodges two groups of direct infringement claims against Movants: claims asserting that a Movant directly infringes through joint activities, or joint ventures, with other defendants, and claims asserting that each Movant directly infringes when it purportedly performs what Plaintiffs refer to as "post-emission control testing." (D.I. 260 at 1, citing D.I. 214-1 ¶ 87). Movants previously explained why the FAC does not state a claim for joint infringement; Plaintiffs' Ltr. does not point to any allegations in the SAC that cure those deficiencies.

With respect to their "single-actor" theory of direct infringement through "testing," Plaintiffs argue that Paragraphs 86 through 88 of their proposed SAC state a claim that during Section 45 certification testing, Movants perform the steps of the method claims. *See* D.I. 260 at 3 ("ME2C also alleges that the Moving RC Defendants *also perform* those steps during post-emission control testing." (emphasis added)). It is not clear what Plaintiffs mean by the quoted sentence. By alleging that the RC Defendants "also perform" the steps, Plaintiffs appear to argue that power plant personnel perform the steps and the Moving RC Defendants should also be charged with a joint performance. That, however, would be inconsistent with a single-actor theory; Plaintiffs' divided infringement theories fail for all the reasons set forth in the briefs directed to the FAC. If, instead, Plaintiffs mean to suggest that each of the Movants takes over a power plant during testing and operates the plant as necessary to meet the steps of the method claims—by themselves burning coal and operating the activated carbon injection systems—then that theory, too, fails. First, it is not what the cited *allegations* say, because paragraph 87 is conditional ("*if* the power plant uses activated carbon injection"), and SAC paragraphs 253 and 256 do not allege any Movant performs at least these two steps with each other, as the claims require. This is not carelessness or lack of precision—Plaintiffs have not made the specific allegation that each Movant, most of whom Plaintiffs themselves characterize as financial entities, ever operates a power plant, taking control of the furnace and the emissions systems, and performing the distinct steps of the patents' method claims. At least that much would be required to allege direct infringement.

Second, the claims fail because, as explained in Movants' Opening Letter, the SAC does not specify what each Movant is alleged to do, and where, and when. For example, Plaintiffs' Ltr. cites D.I. 214-2 at ¶ 253, which states that all twenty-four defendants "perform this step when conducting section 45 testing for at least one coal plant that uses activated carbon sorbent." This allegation does not specify *what* any defendants does, because Plaintiffs refer only to section 45 testing—and as

The Honorable Christopher J. Burke	January 6, 2021

explained in the Motion to Dismiss the FAC, D.I. 177 at 8, there is no legal requirement for section 45 testing or certification that such testing be done in conjunction with activated carbon injection or the use of any other post-combustion emission-reduction system. The allegation is no more than a speculative assertion that this conduct must be occurring somewhere. Moreover, this allegation does not differentiate among activities by any of the 24 defendants in that lumped pleading, or identify which one might be doing something with a coal plant. The allegation also fails to specify *where* they do it, stating only that it occurs at an unidentified coal plant that uses activated carbon. Plaintiffs argue that the SAC pleads *when* such acts take place because Movants "also perform those steps during post-emission control testing." D.I. 260 at 3. But as noted in Movants' Opening Letter, that does not answer the question about "when" during the alleged testing process any particular Movant purportedly performs an act that meets a claim limitation, or what the alleged act is. Indeed, the SAC's description of the testing does not say what a defendant purportedly does, but only what a defendant purportedly "can" or "could" do. *See* D.I. 214-1 at ¶ 86 ("can establish"; "could be a test"; "can then be measured"; "can then measure").

Plaintiffs' persistent conflation of different activities is clearest when they purport to describe a holding of the Federal Circuit's *Nalco* decision. D.I. 260 at 3. Plaintiffs' Ltr. quotes the Federal Circuit's statement that the complaint in that case "plausibly states a claim that Defendants direct or control use of the Chem-Mod Solution in connection with the pilot-scale and full-scale testing of the solution." Plaintiffs suggest that this language would apply to their allegations of single-actor direct infringement. But that sentence referred to a joint infringement testing claim, and the Federal Circuit recognized that the complaint specified the pilot plant where such testing was alleged to occur, summarizing it as follows: "Nalco alleges that Defendants have engaged in controlling and directing operation of a test facility in North Dakota that carries out *all steps* of the claim." (883 F.3d 1337, 1350 (Fed. Cir. 2018) (emphasis added).

Finally, Plaintiffs argue that a conclusory statement that a defendant infringes an entire patent claim suffices, without requiring allegations that each step is performed. *See* D.I. 260 at 4. Failure to allege, at a minimum, that the defendants perform acts constituting two steps of a method claim, is inadequate.

### III.   The Case Should Be Dismissed With Prejudice

Movants' Opening Letter explains why the case should be dismissed with prejudice, including repeated refusal to attempt to cure the deficiencies in their pleadings, despite numerous opportunities to do so. In response, Plaintiffs largely cite allegations that were already in the FAC (*see* D.I. 260 at 4, *citing* 214-1 at ¶¶ 105 (in FAC and SAC) and 106 (same)). Plaintiffs did not use the circumstance of preparing a SAC to correct those deficiencies.

Plaintiffs' Ltr. also states that Movants "do not deny that the SAC alleges that ME2C at least provided notice of the patents on June 29 . . . " D.I. 260 at 4. That fails to address Movants' argument in the Opening Letter and reply brief (D.I. 205 at 10, and Ex. A)—that Plaintiffs expressly limited such "notice" to use by Defendants' counsel to determine whether they would accept the filing of the FAC. Converting that act, made so Defendants' counsel could decide whether to extend a litigation courtesy, into an allegation of notice to the party for willfulness purposes, and refusing to correct that allegation—belies any claim that "justice" requires that Plaintiffs be given yet another opportunity to replead.

3

The Honorable Christopher J. Burke                                            January 6, 2021

                                              Respectfully,

                                              */s/ Brian P. Egan*

                                              Jack B. Blumenfeld (#1014)
                                              Brian P. Egan (#6227)
                                              MORRIS, NICHOLS, ARSHT &TUNNELL LLP
                                              1201 North Market Street

OF COUNSEL:                         P.O. Box 1347
                                              Wilmington, DE  19899
Richard W. Mark                     (302) 658-9200
Joseph Evall                           jblumenfeld@mnat.com
Paul J. Kremer                     began@mnat.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue                     *Attorneys for the RC Defendants and the*
New York, NY  10166-0193       *Refined Coal LLC Defendants*
(212) 351-4000

January 6, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 6, 2021, upon the following in the manner indicated:

| | |
|---|---|
| James M. Lennon, Esquire<br>DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, DE  19806<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Bradley W. Caldwell, Esquire<br>Jason D. Cassady, Esquire<br>John Austin Curry, Esquire<br>Justin T. Nemunaitis, Esquire<br>CALDWELL CASSADY CURRY PC<br>2010 Cedar Springs Road, Suite 1000<br>Dallas, TX  75201<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Frederick L. Cottrell, III, Esquire<br>Tyler E. Cragg, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE  19801<br>*Attorneys for Defendants NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME, LLC and Midwest Generation, LLC* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| Timothy S. Durst, Esquire<br>Douglas M. Kubehl, Esquire<br>Christa Brown-Sanford, Esquire<br>Megan LaDriere, Esquire<br>Mark Johnson, Esquire<br>BAKER BOTTS, L.L.P.<br>2001 Ross Avenue, Suite 900<br>Dallas, TX  75201<br>*Attorneys for Defendants NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME, LLC and Midwest Generation, LLC* | *VIA ELECTRONIC MAIL* |
| Robert S. Saunders, Esquire<br>Jessica R. Kunz, Esquire<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, DE  19899-0636<br>*Attorneys for Defendants CERT Coal Holding, LLC, CERT Holdings LLC, CERT Holdings 2018, LLC, CERT Operations LLC, CERT Operations II LLC, CERT Operations III LLC, CERT Operations IV LLC, CERT Operations V LLC and CERT Operations RCB LLC* | *VIA ELECTRONIC MAIL* |
| Douglas R. Nemec, Esquire<br>Leslie A. Demers, Esquire<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, NY  10001-8602<br>*Attorneys for Defendants CERT Coal Holding, LLC, CERT Holdings LLC, CERT Holdings 2018, LLC, CERT Operations LLC, CERT Operations II LLC, CERT Operations III LLC, CERT Operations IV LLC, CERT Operations V LLC and CERT Operations RCB LLC* | *VIA ELECTRONIC MAIL* |
| Francis DiGiovanni, Esquire<br>Thatcher A. Rahmeier, Esquire<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>222 Delaware Avenue, Suite 1410<br>Wilmington, DE  19801<br>*Attorneys for Defendants Talen Energy Corporation, Brandon Shores LLC, Talen Generation LLC and H.A. Wagner LLC* | *VIA ELECTRONIC MAIL* |

John Conrad Williams, Esquire *VIA ELECTRONIC MAIL*
BAKER BOTTS L.L.P.
98 San Jacinto Blvd., Suite 1500
Austin, Texas  78701
*Attorneys for Defendants Talen Energy
Corporation, Brandon Shores LLC, Talen
Generation LLC and H.A. Wagner LLC*

*/s/ Brian P. Egan*

Brian P. Egan (#6227)

3