**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., <br><br> Plaintiffs, <br><br> v. <br><br> VISTRA ENERGY CORP., ET AL., <br><br> Defendants. | C.A. No. 1:19-cv-01334-RGA-CJB <br><br> JURY TRIAL DEMANDED |

**JOINT LETTER TO THE HONORABLE CHRISTOPHER J. BURKE PROVIDING A
JOINT STATUS REPORT PURSUANT TO THE COURT'S JANUARY 7, 2021 ORDER**

Dated:  January 15, 2021

**DEVLIN LAW FIRM LLC**
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com

*Attorneys for Plaintiffs Midwest Energy
Emissions Corp. and MES Inc.*

January 15, 2021

**VIA CM/ECF**

The Honorable Christopher J. Burke
United States Magistrate Judge
District of Delaware
844 N. King St., Unit 28, Room 2325
Wilmington, DE 19801

RE:  *Midwest Energy Emissions Corp., et al. v. Vistra Energy Corp., et al.*
C.A. No. 1:19-cv-01334-RGA-CJB

Dear Judge Burke:

Pursuant to the Court's January 7, 2021 order (D.I. 263), the parties provide this joint letter regarding the status of the stay in place in this case and the need for targeted discovery.

## Joint Request to Lift the Stay

After the Court entered that order, ME2C has settled its disputes with respect to NRG and Talen, dismissed those Defendants with prejudice, and moved to terminate the *Inter Partes* Reviews that formed the basis for the stay entered in this case. ME2C anticipates that those IPR proceedings will be terminated by next week, and it can notify the Court accordingly.

As a result, Plaintiffs request that the present stay be lifted and Defendants do not oppose the request upon the formal termination of the IPRs. The parties request that the submitted motions to dismiss be renewed and set for hearing based on the briefing filed with the Court.

## ME2C Request for Limited Discovery

ME2C requests that the Court allow the following limited discovery for the reasons noted in the Court's January 7 order. Even if the stay is lifted, such discovery is appropriate so that the correct parties can be identified and named in this case while the Court is evaluating the motions to dismiss. This discovery will ensure that those parties are identified before the expiration of the Section 45 tax credit program and avoid potential motion practice and further disputes if this discovery commences only after the Court rules on the pending motions.

Defendants oppose Plaintiffs' discovery request for two reasons. *First*, while the Court had been open to considering the request because of the potentially lengthy IPR-related stay, that predicate is no more. Thus, the case against the refined coal defendants reverts to its status before the IPR—i.e., the Court had stayed the case as to all refined coal defendants "until the Court determines that Plaintiffs have stated a viable claim for relief against [them]." D.I. 166. If the Court determines that the claims again fail, there will be no need for discovery. If claims proceed, the parties can then set a discovery schedule and move forward. *Second*, even if the Court were to consider the "limited discovery," Plaintiffs' request should be denied because it seeks far more

than the "identity of certain John Doe Defendants."  D.I. 263.  If the Court wishes the parties to meet and confer, Defendants' counsel are prepared to do so.

## ME2C Proposed Discovery

1. With respect to each entity that has contracted with a named Defendant to provide refined coal to a coal-fired coal plant, and each entity that provides refined coal and is owned or controlled by a named Defendant, identify: (i) the name of the entity, (ii) the names of all coal-fired power plants in the United States to which the entity provides refined coal, and (iii) explain which of those coal plants have used activated carbon injection from July 17, 2013 to the present.

2. With respect to each coal-fired power plant identified in response to point 1 as having used activated carbon injection, identify each entity that has performed, commissioned, requested, paid for, or directed another party to perform post-emission control testing related to the combustion of coal at that plant.  For purposes of this request, "post-emission control testing" refers to testing performed using both coal with bromine or bromide added to the coal or combustion chamber, and activated carbon added downstream of the combustion chamber.

3. With respect to each entity named in response to point 1, identify each entity that exercises control over the entity named in point 1.

    Respectfully,

    */s/ James M. Lennon*

    James M. Lennon (No. 4570)

cc:    Clerk of the Court (via CM/ECF)
       Counsel of Record (via CM/ECF)