SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
ONE RODNEY SQUARE
P.O. BOX 636
WILMINGTON, DELAWARE 19899-0636
———
TEL: (302) 651-3000
FAX: (302) 651-3001
www.skadden.com

DIRECT DIAL
302.651.3027
EMAIL ADDRESS
NICOLE.DISALVO@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
TOKYO
TORONTO

January 24, 2021

<u>*VIA ELECTRONIC FILING*</u>

The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street, Unit 28
Wilmington, Delaware  19801-3555

        RE:    *Midwest Energy Emissions Corp. v. AEP Generation Resources Inc., et al.*, C.A. No. 1:19-cv-01334-RGA-CJB

Dear Judge Burke:

      I write on behalf of all Defendants in the above-referenced action to correct a misleading statement in Plaintiffs' letter to the Court dated January 22, 2021.  (D.I. 269)

      Plaintiffs' letter (D.I. 269) is not a joint submission.  Defendants had no involvement in the drafting of Plaintiffs' letter and did not know of the letter before receiving it through CM/ECF on Friday evening.  The letter, however, misleadingly states, "In accordance with the joint agreement set forth in D.I. 268, *the parties respectfully request that the stay be lifted and limited discovery may proceed*."  (D.I. 269) (emphasis added)

      Plaintiffs' letter completely contradicts Defendants' position stated in D.I. 268 with respect to Plaintiffs' request for discovery prior to the resolution of Defendants' pending motions to dismiss.  Defendants contended in D.I. 268, that Plaintiffs' proposed discovery <u>not</u> proceed at this time for two reasons:

The Honorable Christopher J. Burke
January 24, 2021
Page 2

*First*, while the Court had been open to considering the request because of the potentially lengthy IPR-related stay, that predicate is no more. Thus, the case against the refined coal defendants reverts to its status before the IPR—i.e., the Court had stayed the case as to all refined coal defendants "until the Court determines that Plaintiffs have stated a viable claim for relief against [them]." D.I. 166. If the Court determines that the claims again fail, there will be no need for discovery. If claims proceed, the parties can then set a discovery schedule and move forward.

*Second*, even if the Court were to consider the "limited discovery," Plaintiffs' request should be denied because it seeks far more than the "identity of certain John Doe Defendants." D.I. 263. If the Court wishes the parties to meet and confer, Defendants' counsel are prepared to do so.

(D.I. 268)

Defendants are at the call of the Court should Your Honor wish to discuss this matter further.

Respectfully,

*/s/  Nicole A. DiSalvo*

Nicole A. DiSalvo (ID No. 4662)

cc:   Clerk of Court (via CM/ECF)
      Counsel of Record (via CM/ECF)