# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MIDWEST ENERGY EMISSIONS CORP. and MES INC.,** | |
| Plaintiffs, | |
| v. | C.A. No. 19-1334-RGA-CJB |
| **VISTA ENERGY CORP., et al.** | JURY TRIAL DEMANDED |
| Defendants. | |

## [PROPOSED] AMENDED SCHEDULING ORDER

This 1st day of June, 2021, the Court having conducted an initial scheduling conference pursuant to Federal Rule of Civil Procedure Rule 16(b) and Local Rule 16.1(b), and the parties[1] having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Initial Deadlines**.

    a. **Rule 26(a)(1) Initial Disclosures**. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within twenty-eight days of the date of this Order.

    b. **Deadline to Answer the Second Amended Complaint**. The deadline to answer the Second Amended Complaint (D.I. 281) shall be the later of (i) 14 days following

---

[1] This Order does not apply to the parties recommended to be dismissed by the Court's May 20, 2021 Report & Recommendation (D.I. 279). The parties will meet and confer on any necessary adjustments to the schedule should the Court later permit the Plaintiffs to proceed with any claims against those parties for whom the Court recommended dismissal.

the Court's entry of an implementing order adopting the R&R, or (ii) July 19, 2021, but shall be no later than August 3, 2021.

2. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before September 24, 2021, except that motions to amend to add inequitable conduct may be filed on or before January 18, 2022. For the sake of clarity, this Order does not remove any limitation on Plaintiffs' ability to further amend the complaint resulting from the Court's resolution of the motions to dismiss the second amended complaint. *See* May 20, 2021 Report & Recommendation (D.I. 279).

3. **Application to Court for Protective Order**. The Protective Order in this case is the Order found at D.I. No. 182.

4. **Papers Filed Under Seal**. When filing papers under seal, counsel shall follow the District Court's policy on Filing Sealed Civil Documents in CM/ECF and section G of the Administrative Procedures Governing Filing and Service by Electronic Means. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material

2

would work a clearly defined and serious injury to the party seeking redaction.

5. **Courtesy Copies**. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

6. **ADR Process**. Having discussed the ADR process during the Rule 16 scheduling conference, the Court will schedule one or more teleconferences to discuss ADR with the parties during the pendency of this case.

7. **Disclosures**. Absent agreement among the parties, and approval of the Court:

a. By June 25, 2021, Plaintiff shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

b. By August 6, 2021, Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendant shall produce sales figures for the accused product(s).

c. By September 9, 2021, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

d. By November 15, 2021, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

e. By July 11, 2022, Plaintiff shall provide final infringement contentions.

f. By August 11, 2022, Defendant shall provide final invalidity contentions.

8. **Discovery**. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

    a. <u>Discovery Cut Off</u>.  All fact discovery in this case shall be initiated so that it will be completed on or before September 12, 2022.

    b. <u>Document Production</u>.  Document production shall be substantially complete by December 8, 2021.

    c. <u>Defendant Groups</u>.  The term "Defendant Group" consists of affiliated entities. Among the currently Named Defendants, the Defendant Groups are as follows:

| Defendant Group | Named Defendants |
|---|---|
| 1. Refined Coal LLC Defendants | AJG Iowa Refined Coal LLC; Joppa Refined Coal LLC; Thomas Hill Refined Coal LLC; Wagner Coaltech LLC; Walter Scott Refined Coal LLC; Louisa Refined Coal LLC; Belle River Fuels Company LLC; Arbor Fuels Company LLC; Portage Fuels Company LLC; Brandon Shores Coaltech, LLC; Senescence Energy Products, LLC; Rutledge Products, LLC; Alistar Enterprises, LLC |
| 2. CERT | CERT Operations IV LLC; CERT Operations V LLC; CERT Operations RCB LLC. |

    d. <u>Requests for Admission.</u>

        i. Plaintiffs may collectively serve up to 30 requests for admission on each Defendant Group.

        ii. The Defendants may collectively serve up to 15 common requests for admission.  Each individual Defendant Group may serve 15 specific requests for admission.

4

       iii.     To the extent a request for admission implicates more than one Named Defendant within a Defendant Group or more than one Plaintiff, the request for admission shall be responded to separately with respect to each such Named Defendant or Plaintiff, as applicable. The parties agree that this provision is explanatory only, clarifying that a single Request for Admission that requires particular responses by or with respect to each Named Defendant within a Defendant Group, and/or by or with respect to each Plaintiff, is nevertheless counted as a single Request for Admission. This provision is not intended to alter any party's discovery obligations under the Federal Rules.

       iv.     Notwithstanding the above limitations on requests for admission, any party may serve an unlimited number of requests for admission that seek an admission as to the authenticity of a particular document or thing. The volume and content of such requests shall not be unreasonable and the requests shall not be propounded unnecessarily. The parties are required to meet and confer in good faith prior to serving any request for admission directed solely to the authentication of documents and things to determine whether the requests are necessary and reasonable.

e.    <u>Interrogatories</u>.

       i.     Plaintiffs may collectively serve up to 25 interrogatories on each Defendant Group.

       ii.     The Defendants may collectively serve up to 15 common interrogatories. Each individual Defendant Group may serve 10 specific interrogatories.

    iii.  To the extent an interrogatory implicates more than one Named Defendant within a Defendant Group or more than one Plaintiff, the interrogatory shall be responded to separately with respect to each such Named Defendant or Plaintiff, as applicable.  The parties agree that this provision is explanatory only, clarifying that a single interrogatory that requires particular responses by or with respect to each Named Defendant within a Defendant Group, and/or by or with respect to each Plaintiff, is nevertheless counted as a single interrogatory.  This provision is not intended to alter any party's discovery obligations under the Federal Rules.

    iv.  The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

  f.  <u>Fact Depositions.</u>

    i.  <u>Limitation on Hours for Fact Deposition Discovery</u>.  Each side may take a total of 100 hours of testimony by deposition upon oral examination, whether of parties, third parties, or of companies pursuant to Fed. R. Civ. P. 30(b)(6)—but not including expert depositions.

    ii.  For any named inventor of an asserted patent who is an employee, officer, or director of Plaintiff(s), and/or who is retained by Plaintiff(s) or its counsel, at the deposition, Defendants collectively may depose each such named inventor for fourteen (14) hours. To the extent any such named inventor is designated by Plaintiffs

to testify pursuant to a Rule 30(b)(6) notice for any topics other than inventorship-related (e.g., conception and reduction to practice), then the parties will work together in good faith, pursuant to the provisions in sub-paragraph (iii) below, to determine the amount of additional time beyond the fourteen (14) hours needed. This provision does not mandate that additional time beyond the fourteen (14) hours is required.

   iii. Subject to the overall limitations set forth in paragraph 8(f)(i), the parties will work together in good faith to establish a number of hours that will be permitted to depose each witness designated to testify pursuant a Rule 30(b)(6) deposition notice served by more than one Defendant Group, and if agreement cannot be reached, will use the Court's Discovery Dispute Procedure. This provision does not preclude Plaintiff from also relying on the Court's Discovery Dispute Procedure to resolve deposition hour disputes.

   iv. For depositions of third parties other than named inventors, the party noticing the deposition shall reserve at least two of the seven hours of deposition time for examination by the other side. The parties may negotiate different arrangements for particular witnesses.

   v. Each party reserves the right to seek leave of Court and demonstrate good cause for an adjustment of these time limits, such as based upon changes to the scope of discovery, or the addition or dismissal of any parties, in this case. These provisions, further, may be amended by agreement of the parties. The parties shall make best efforts to coordinate depositions to reduce redundancy and inconvenience to the parties.

    vi. <u>Location of Depositions</u>.  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district.  In light of the ongoing COVID-19 pandemic, the parties agree to work in good faith to conduct depositions remotely and/or at locations convenient to the witness and attorneys involved.  Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

g. <u>Disclosure of Expert Testimony.</u>

  i. <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before October 12, 2022.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before November 14, 2022.  Reply expert reports from the party with the initial burden of proof are due on or before December 9, 2022.  No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure, or the provisions of paragraph 10 (motions to strike), as applicable, or the complaint will be

waived. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before February 6, 2023. The parties will meet and confer to discuss the scheduling and limits on expert depositions, and if the parties cannot agree, counsel must follow the provisions set forth in the "Discovery Matters and Disputes Relating to Protective Orders" paragraph.

    ii.    <u>Expert Report Supplementation</u>. The parties agree they will not permit expert declarations to be filed in connection with motions briefing after the deadlines for serving expert reports (including case-dispositive motions), other than declarations merely serving to sponsor previously submitted expert reports.

    iii.    <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions

**h.**    **<u>Discovery Matters and Disputes Relating to Protective Orders.</u>**

    i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

    ii.    Should counsel find, after good faith efforts—including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a discovery matter or a dispute regarding a protective order (other than that involving the initial drafting of a protective order, which is discussed

further below), the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s):
>
> Delaware Counsel: _____
>
> Lead Counsel: _____
>
> The disputes requiring judicial attention are listed below:
>
> [provide here a non-argumentative list of disputes requiring judicial attention]

iii. The moving party (i.e., the party seeking relief from the Court) should also file a "Motion For Teleconference To Resolve Discovery Dispute." The suggested text for this motion can be found in Magistrate Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters -- Motion to Resolve Discovery Dispute."

iv. The Court will thereafter set a discovery telephone conference. Not less than ninety-six (96) hours prior to the teleconference, excluding weekends and holidays, the moving party shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested of the Court; and (2) to the extent

that the dispute relates to responses to certain discovery requests, an attached exhibit (or exhibits) containing the requests and the responses in dispute.  Not less than forty-eight (48) hours prior to the teleconference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reasons for its opposition. To the extent that factual issues are disputed or are otherwise central to the Court's analysis, the parties shall attach as an exhibit (or exhibits) sworn declarations or affidavits regarding those issues. Each party shall submit two (2) courtesy copies of its discovery letter and any attachments to the Clerk's Office within one hour of e-filing.

v.      Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

vi.     Should counsel find, after good faith efforts—including ***verbal*** communication among Delaware and Lead Counsel for all parties to the dispute—that they are unable to resolve a dispute regarding the initial drafting of a protective order, the parties involved in the dispute shall submit a joint letter in substantially the following form:

> Dear Judge Burke:
>
> The parties in the above-referenced matter write to request the scheduling of a teleconference to resolve protective order dispute.
>
> The following attorneys, including at least one Delaware Counsel and at least one Lead Counsel per party, participated in a verbal

>meet-and-confer (in person and/or by telephone) on the following date(s):
>
>Delaware Counsel:
>
>Lead Counsel: _____
>
>The disputes requiring judicial attention are listed below:
>
>[provide here a non-argumentative list of disputes requiring judicial attention]

vii. The parties shall also file a "Joint Motion For Teleconference To Resolve Protective Order Dispute." The suggested text for this motion can be found in Magistrate Judge Burke's section of the Court's website, in the "Forms" tab, under the heading "Discovery Matters -- Joint Motion to Resolve Protective Order Dispute."

viii. The Court will thereafter set a protective order dispute teleconference. Not less than ninety-six (96) hours prior to the teleconference, excluding weekends and holidays, each party shall file with the Court a letter, not to exceed two (2) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission should include the party's proposal as to how the content of the disputed portion(s) of the protective order should read.  Not less than forty-eight (48) hours prior to the teleconference, excluding weekends and holidays, each party may file a letter, not to exceed two (2) pages, in no less than 12-point font, outlining that party's response to the opposing party's initial letter. Each party shall submit two (2) courtesy copies of its protective order dispute letter and any attachments to the Clerk's Office within one hour of e-filing.

ix. Should the Court find further briefing necessary upon the conclusion of the telephone conference, the Court will order it. Alternatively, the Court may

choose to resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

9. **Motions to Amend.**

   a. Any motion to amend (including a motion for leave to amend) a pleading shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading.

   b. Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

   c. Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to amend.

   d. For the sake of clarity, this Order does not remove any limitation on Plaintiffs' ability to further amend the complaint resulting from the Court's resolution of the motions to dismiss the second amended complaint. *See* May 20, 2021 Report & Recommendation (D.I. 279).

10. **Motions to Strike.**

    a. Any motion to strike any pleading or other document shall ***NOT*** be accompanied by an opening brief but shall, instead, be accompanied by a letter, not to exceed three (3) pages, describing the basis for the requested relief, and shall attach the document to be stricken.

        b.       Within seven (7) days after the filing of a motion in compliance with this Order, any party opposing such a motion shall file a responsive letter, not to exceed five (5) pages.

        c.       Within three (3) days thereafter, the moving party may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the motion to strike.

11.    **<u>Tutorial Describing the Technology and Matters in Issue</u>**.  Unless otherwise ordered by the Court, the parties shall provide the Court, no later than the date on which the parties submit their Joint Claim Construction Chart, a tutorial on the technology at issue.  In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes per side. The tutorial should focus on the technology at issue and should not be used to argue claim construction contentions.  The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect.  Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the defendant's answering claim construction brief is due. As to the format selected, the parties should confirm the Court's technical abilities to access the information contained in the tutorial.

12.    **<u>Claim Construction Issue Identification</u>**.

        a.       On or before December 9, 2021, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and/or are indefinite, their proposed claim construction of those term(s)/phrase(s), and any intrinsic or extrinsic evidence (other than expert declarations) to support their claim-construction/indefiniteness positions.  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than December 23, 2021.  The Joint Claim

Construction Chart, in Word format shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction (or indefiniteness) of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

13. **Claim Construction Briefing**.[2] Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on claim construction on or before January 24, 2022. Defendants shall serve, but not file, their answering claim construction brief, not to exceed 30 pages, on or before February 24, 2022. Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on or before March 10, 2022. Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on or before March 24, 2022. No later than March 28, 2022, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Representative Claims

II. Agreed-upon Constructions

---

[2] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendants want to add additional representative claims, Defendants may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

III.  Disputed Constructions

   A.  [TERM 1] [3]

      1. Plaintiff s Opening Position
      2. Defendant's Answering Position
      3. Plaintiff s Reply Position
      4. Defendant's Sur-Reply Position

   B.  [TERM 2]

      1. Plaintiff s Opening Position
      2. Defendant's Answering Position
      3. Plaintiff s Reply Position
      4. Defendant's Sur-Reply Position

Etc.  The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

      14.  **<u>Hearing on Claim Construction</u>**. Beginning at 1 p.m., April 28, 2022, the Court will hear argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which Defendant's sur-reply brief is due: (i) whether they request leave to present testimony at the hearing; (ii) the amount of time they are requesting be allocated to them for the hearing; and (iii) the order in which they intend to present the claim terms at issue, including which side will present first for each term.  Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing.  If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

---

[3]  For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

16

15. **Interim Status Report**. On March 18, 2022, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16. **Supplementation**. Absent agreement among the parties, and the approval of the Court, not later than January 19, 2022, Plaintiff must finally supplement the identification of all accused products/processes. Not later than February 9, 2022, Defendants must supplement the identification of all invalidity references.

17. **Case Dispositive Motions**. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before March 6, 2023. Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order.

    a. <u>No early motions without leave</u>. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. A party seeking leave to file a case dispositive motion prior to ten (10) days before the deadline set forth above shall do so by filing a letter brief with the Court of no more than four (4) pages, explaining the reasons why an earlier-filed motion should be permitted. If any party wishes to contest this request, it may do so by filing a responsive letter brief of no more than four (4) pages, within seven (7) days from the date the requesting party filed its brief. No reply briefs shall be filed.

<u>Page limits combined with *Daubert* motion page limits</u>. Each party is permitted to file as many case dispositive motions as desired; provided, however, that each **SIDE** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number

of case dispositive motions that are filed. In the event a party wishes to file a party-specific dispositive motion, e.g. a non-infringement motion that implicates client confidential business information, then, each Defendant Group or Plaintiffs may submit an opening brief limited to 15 pages, exclusive of exhibits, the party opposing that motion may submit an answering brief limited to 15 pages, and the movant may submit a reply brief limited to 7 pages. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each ***SIDE***.[4]

      b.    <u>Hearing</u>. The Court will hear argument on all pending case dispositive and *Daubert* motions on April 28, 2023 beginning at <u>1:00 PM</u>. Subject to further order of the Court, each side will be allocated a total of forty-five (45) minutes to present its argument on all pending motions. At the hearing, the Court will also hold a conference to discuss the order and scope of the trials involving different defendants, whether multiple trials will be necessary, and any remaining issues regarding severance and the implications of 35 U.S.C. § 299.

18.    **<u>Applications by Motion</u>**. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

---

[4] Subject to the party-specific briefing provisions stated herein, the parties must work together to ensure that the Court receives no more than a ***total*** of ***250 pages*** (i.e., 50 + 50 + 25 regarding one side's motion, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

19. **Pretrial Conference**. On September 8, 2023, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

20. **Motions *in Limine***. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

21. **Jury Instructions. Voir Dire, and Special Verdict Forms**. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what

the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

22. **Trial**. Subject to the order and scope of trial(s) to be decided after the case dispositive motions hearing referenced in paragraph 17.c, a five (5) day[5] jury trial beginning at 9:30 a.m. on September 18, 2023, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases. 23. **ADR Process**. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution. This matter is referred to a magistrate judge to handle all discovery disputes including any that arise in connection with expert reports. (The second referral is optional, and should be deleted unless all parties agree to it.)

*Christopher J. Burke*

Christopher J. Burke

UNITED STATES MAGISTRATE JUDGE

---

[5] Five days (i.e., about ten to thirteen hours per side) is the presumptive length of a patent jury trial. If the parties think it is obvious that this will not be enough, they may put in a different length and should be prepared to explain why at the Rule 16 conference. A final decision on the precise length of trial will not be made before the final pretrial conference.