## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MIDWEST ENERGY EMISSIONS CORP.
and MES INC.,

        Plaintiffs,

    v.

VISTRA ENERGY CORP., et al.,

        Defendants.

C.A. No. 1:19-cv-01334-RGA-CJB

**JURY TRIAL DEMANDED**

## PLAINTIFFS MIDWEST ENERGY EMISSIONS CORP. AND MES INC.'S OBJECTIONS TO MAY 20, 2021 REPORT AND RECOMMENDATION

**DEVLIN LAW FIRM LLC**
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
jlennon@devlinlawfirm.com

CALDWELL CASSADY CURRY PC
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Phone: (214) 888-4848
(214) 888-4849 (*fax*)
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
jnemunaitis@caldwellcc.com

Bradley W. Caldwell
Texas Bar No. 24040630
Jason D. Cassady
Texas Bar No. 24045625
John Austin Curry
Texas Bar No. 24059636
Justin T. Nemunaitis
Texas Bar No. 24065815

*Attorneys for Plaintiffs*
*Midwest Energy Emissions Corp.*
*and MES Inc.*

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ................................................................................................ 1

II.  PROCEDURAL BACKGROUND.................................................................... 2

III. ARGUMENT...................................................................................................... 4

    A.      The R&R's Dismissal of AJG is Contrary to Law. ................................. 4

         1.    ME2C Adequately Alleged that AJG Is Liable for Patent Infringement............ 4

         2.    Dismissal of AJG Is Precluded by Rule 12(g)(2). ............................................... 7

    B.      The R&R Erred by Finding that the SAC Failed to Allege Facts Supporting Inclusion of '114 Patent Claim 25 and '430 Patent Claim 1. ................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A. Stucki Co. v. Worthington Indus., Inc.*,
    849 F.2d 593 (Fed. Cir. 1988)...................................................................................6

*Ausco Prods., Inc. v. Axle, Inc.*,
    6:19-CV-06798 EAW, 2020 WL 7028521 (W.D.N.Y. Nov. 30, 2020)...................................6

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
    888 F.3d 1256 (Fed. Cir. 2018)...............................................................................7, 8

*Dole v. Arco Chem. Co.*,
    921 F.2d 484 (3d Cir. 1990)...................................................................................9

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
    No. CV 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) ...........................................6

*Nalco Company v. Chem–Mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018)....................................................................... *passim*

*NNCrystal US Corp. v. Nanosys, Inc.*,
    No. CV 19-1307-RGA, 2020 WL 616307 (D. Del. Feb. 10, 2020) .........................................8

*Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC*,
    2019 WL 8641303 (D. Del. Aug. 7, 2019) ...............................................................7

**Statutes**

28 U.S.C. § 636(b)(1)(C) ...........................................................................................1

35 U.S.C. § 271(a) .............................................................................................2, 6, 8

35 U.S.C. § 271(b) .............................................................................................1, 6

**Other Authorities**

Fed. R. Civ. P. 72..................................................................................................1

Plaintiffs Midwest Energy Emissions Corp. and MES Inc. ("ME2C") respectfully submit their Objections to Magistrate Judge Burke's May 20, 2021 Report and Recommendation regarding Defendants' motions to dismiss, D.I. 279, pursuant to Fed. R. Civ. P. 72 and D. Del. LR 72.1. ME2C submits that the standard of review for is *de novo*. *See* 28 U.S.C. § 636(b)(1)(C) (with respect to motions to dismiss for failure to state a claim, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

## I.    INTRODUCTION

ME2C alleges that the Defendants in this case infringe its patents related to removing mercury from the exhaust of coal-fired power plants. In its original complaint, ME2C asserted infringement by companies that provide refined coal to power plants (the refined coal defendants) and power plant operators. Pursuant to settlement agreements, ME2C has dismissed its claims against the power plant operators. The remaining refined coal defendants moved to dismiss ME2C's claims against them. Magistrate Judge Burke issued a Report and Recommendation granting-in-part and denying-in-part those motions (the "R&R"). ME2C specifically objects and seeks *de novo* review of two aspects of the R&R.

First, Magistrate Judge Burke dismissed ME2C's claims against Defendant AJG that were based on AJG's control of subsidiary refined coal LLCs. This decision was based on an error of law—the R&R states that ME2C was required to assert alter ego or agency theories of liability. However, there is no such requirement for claims of indirect infringement under 35 U.S.C. § 271(b). In *Nalco Company v. Chem–Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018), the Federal Circuit reversed dismissal of indirect infringement claims against AJG that were based on AJG's control of subsidiary refined coal LLCs. It did so without requiring allegations

of alter ego or agency.  Accordingly, the R&R erred by reaching a different conclusion in this case.  Moreover, this issue of AJG control over subsidiaries was never properly raised by AJG or briefed.  Accordingly, dismissal on this basis was precluded under Rule 12(g)(2).

Second, Magistrate Judge Burke correctly found that ME2C adequately alleged direct infringement of each of the patents-in-suit under 35 U.S.C. § 271(a).  However, the R&R dismissed ME2C's infringement claims with respect to two independent claims in the asserted patents.  This decision was also based on an error of law.  Under *Nalco*, "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met."  Because the Magistrate Judge found that ME2C had stated a claim for infringement under § 271(a) as to each asserted patent, it was error to then review the complaint for allegations specific to individual patent claim elements.  Even if that approach were appropriate, the R&R did not address the portions of ME2C's complaint related to that claim element.

## II.    PROCEDURAL BACKGROUND

On July 17, 2019, ME2C filed its original complaint for patent infringement.

On September 23, 2019, Defendants moved to dismiss ME2C's claims asserting, among other things, that the complaint failed to provide sufficient factual allegations in support of ME2C's indirect infringement claims.  D.I. 55.  Defendants did not move to dismiss based on ME2C's use of "group name pleading."

On June 18, 2020, Magistrate Judge Burke granted Defendants' motions to dismiss without prejudice.  D.I. 110.

On July 15, 2020, ME2C filed its First Amended Complaint ("FAC").  D.I. 130.  This amended pleading included additional factual allegations in support of its indirect infringement claims and also asserted that Defendants directly infringed the patents-in-suit.

On August 6, 2020, Defendants again moved to dismiss.  D.I. 177.  Defendants again asserted that ME2C had failed to adequately plead indirect infringement.  For the first time, Defendants also sought dismissal of ME2C's direct infringement claims and attacked ME2C's use of "group pleading," i.e., using defined names to refer to groups of similarly situated defendants.  *Id.*  at 6.

On September 25, 2021, pursuant to the Court's scheduling order regarding pleading amendments, ME2C moved to file a Second Amended Complaint ("SAC").  D.I. 214-1.  ME2C filed this motion without knowing how the Court would rule on the pending motions to dismiss.  Defendants renewed their motions to dismiss and the parties filed letter briefs addressing the differences between the FAC and SAC.

On May 20, 2021, Magistrate Judge Burke issued a Report and Recommendation (the "R&R") denying-in-part and granting-in-part Defendants' motions to dismiss.  D.I. 279.  Magistrate Judge Burke found that the additional factual allegations in ME2C's FAC and SAC adequately resolved the issues that led Judge Burke to dismiss ME2C's indirect infringement claims against the refined coal LLCs.  However, Magistrate Judge Burke noted that Defendant AJG was alleged to commit the same acts of infringement through control of the refined coal LLCs.  *Id.* at 11 n. 6.  As a result, he dismissed ME2C's claims against AJG.

The issue of AJG's control over refined coal LLCs was never properly briefed before the Court.  Defendants did not raise this issue in their initial motion to dismiss ME2C's original complaint.  In moving to dismiss ME2C's FAC and SAC, Defendants generally objected to

ME2C's use of group names, but they did not seek dismissal based on inadequate allegations that AJG controls refined coal LLCs.

With respect to ME2C's single-actor direct infringement claims, the Court denied Defendants' motion to dismiss except as to '114 patent claim 25 and '430 patent claim 1.  The Court granted the motion as to these two claims based on its finding that the SAC failed to allege factual support for one limitation in the claims.  *Id.* at 38-39.

The R&R denied these claims without prejudice, but nonetheless concluded that ME2C could not amend its claims as a matter of right.  R&R at 42.

## III.   ARGUMENT

### A.   The R&R's Dismissal of AJG is Contrary to Law.

#### 1.   ME2C Adequately Alleged that AJG Is Liable for Patent Infringement.

ME2C alleges that three entities—identified in the SAC as "Arthur J. Gallagher & Co., Gallagher Clean Energy, LLC, and AJG Coal, LLC (individually and collectively, 'AJG')"—are liable for patent infringement based on refined coal operations.  In particular, ME2C alleges that AJG controls certain LLCs (the refined coal LLC defendants) that directly infringe by performing refined coal certification testing and indirectly infringe by providing refined coal to coal-fired power plants.

The same entities and accused conduct were also at issue in *Nalco Company v. Chem–Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018).  In *Nalco*, the patent owner alleged infringement by A.J. Gallagher, Gallagher Clean Energy and AJG Coal—the same entities identified in ME2C's SAC as "AJG"—based on their use of refined coal LLCs to provide refined coal.  In particular, the patentee alleged: "On information and belief, the activities of the Refined Coal LLCs described herein are made at the direction and control of A.J. Gallagher, Gallagher

Clean Energy, AJG Coal, and Chem-Mod." *Nalco Company v. Chem–Mod, LLC*, 1:14-cv-02510, Pl.'s 4th Am. Compl., D.I. 108 at ¶ 50. Subsequent allegations detailed the actions constituting infringement of the specific patent at issue. The Federal Circuit found these allegations sufficient to support claims for induced and contributory infringement against the AJG entities. *Nalco Company*, 883 F.3d at 1355. Notably, the Federal Circuit did not require separate allegations specific to each AJG entity, nor did it require allegations to support an alter ego or agency theory of liability. *Id.* at 1356.

As in *Nalco,* ME2C's Second Amended Complaint alleges: "The paragraphs below refer to actions taken by a Refined Coal LLC, but AJG maintains control throughout this process. For example, AJG maintains majority control, or, if it lacks majority control, AJG requires that all major decisions obtain approval from AJG." SAC at ¶ 72. The subsequent paragraphs detail the specific actions constituting infringement of ME2C's patents.

The Magistrate Judge found that the SAC adequately alleged claims of direct and indirect infringement by the Refined Coal LLCs. However, it dismissed ME2C's claims against AJG. This result cannot be reconciled with the Federal Circuit's *Nalco* decision.

The Magistrate Judge found ME2C's allegations related to AJG insufficient for three reasons: "(1) it lumps together three defendants; (2) pleads facts in an "either/or" manner that does not clearly state what the facts alleged as to a particular entity actually are; and (3) generally fails to demonstrate that any particular Defendant is an alter ego or agent of any other particular Defendant." R&R at 11 n. 6. Each of these reasons are contrary to the Federal Circuit's *Nalco* decision.

Moreover, with respect to reason (1), "nothing in Rule 8 prohibits collectively referring to multiple defendants where the complaint alerts defendants that identical claims are asserted

against each defendant." *See Ausco Prods., Inc. v. Axle, Inc.*, 6:19-CV-06798 EAW, 2020 WL
7028521, at *2 (W.D.N.Y. Nov. 30, 2020); *see also all IOENGINE, LLC v. PayPal Holdings,
Inc.*, No. CV 18-452-WCB, 2019 WL 330515, at *12 (D. Del. Jan. 25, 2019) (denying motion to
dismiss where complaint alleged a parent/subsidiary relationship and alleged that the Defendants
infringed "individually and collectively").  Here, just as in *Nalco*, ME2C asserts that the three
AJG entities (individually and collectively) infringe based on the same conduct.  While ME2C
used the defined term "AJG" as opposed to restating the complete corporate name of each entity,
Magistrate Judge Burke correctly explained that it is not *per se* improper to refer to groups of
defendants collectively.  Thus, reason (1) cannot support dismissal of AJG.

 With respect to reason (2), the disjunctive in ME2C's allegation is only as to the
mechanism of control (by majority vote or by contractual requirement).  Under either scenario
AJG exercises the requisite control over the infringing conduct.  The fact that ME2C's complaint
includes factual detail above and beyond what was approved in *Nalco* should not lead to
dismissal.  Thus, reason (2) cannot support dismissal of AJG.

 Finally, with respect to reason (3), the R&R errs by finding that ME2C was required to
allege alter ego or agency.  Not even AJG made such an assertion.  A patent owner need not
allege alter ego or agency liability to support a claim of indirect infringement by a parent of a
subsidiary.  *A. Stucki Co. v. Worthington Indus., Inc.,* 849 F.2d 593, 596 (Fed. Cir. 1988)
(requiring veil piercing to find a parent liable for the actions of its subsidiary under 35 U.S.C.
§ 271(a), but not under § 271(b)).  Rather, a patent owner need only allege that the parent
actively induced infringement.  *Id.*  Indeed, the *Nalco* decision did not address alter ego or
agency with respect to the indirect infringement claims.

To be clear, ME2C does not merely allege that A.J. Gallagher, Gallagher Clean Energy and AJG Coal are mere holding companies of infringing subsidiaries. Rather, it alleges that they specifically created the subsidiaries to engage in infringing conduct and that they control that accused conduct. SAC at ¶¶ 66-79. Because the Federal Circuit previously held that this theory of liability is viable at the pleading stage with respect to these exact same Defendants, the R&R erred by reaching a different result in this case.

2. Dismissal of AJG Is Precluded by Rule 12(g)(2).

As explained in ME2C's response to Defendants' motion to dismiss (D.I. 191 at 4-5), Rule 12(g)(2) prohibits a party from raising a defense or objection in a Rule 12(b) motion that was available to the party but omitted from an earlier filed motion. Fed. Civ. P. 12(g)(2). It is reversible error for a Court to consider such a defense or objection. *Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC*, 2019 WL 8641303 at *3 (D. Del. Aug. 7, 2019).

In this case, AJG could have moved to dismiss ME2C's original complaint by arguing it failed to adequately allege control by AJG. It did not. *See, e.g.*, R&R at 42 (noting that the Court did not previously address separate dismissal of AJG when deciding Defendants' motion to dismiss the original complaint). Even if they had properly raised this issue in the present motion to dismiss—they did not—Rule 12(g)(2) would preclude dismissal on that basis.

**B.   The R&R Erred by Finding that the SAC Failed to Allege Facts Supporting Inclusion of '114 Patent Claim 25 and '430 Patent Claim 1.**

The Federal Circuit has provided guidance on pleading direct infringement under *Iqbal / Twombly*. *See generally Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018). In *Disc Disease*, the Federal Circuit reversed the district court's dismissal of plaintiff's direct infringement claims, finding that the plaintiff's allegations were sufficient under the

7

plausibility standard of *Iqbal* and *Twombly* because the complaint specifically identified the three accused products and alleged that the accused products met "each and every element of at least one claim" of the asserted patents, either literally or equivalently. *Disc Disease*, 888 F.3d at 1260; *see also NNCrystal US Corp. v. Nanosys, Inc.*, No. CV 19-1307-RGA, 2020 WL 616307, at *2 (D. Del. Feb. 10, 2020).  In particular, "the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met."  *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012)).

In this case, ME2C alleged that Defendants directly infringe "at least one claim of each of the patents-in-suit."  SAC at ¶ 87.  The R&R correctly found that this assertion was further supported by factual allegations and denied Defendants' motions to dismiss ME2C's direct infringement claims.  However, the R&R then considered whether the SAC contained additional factual allegations to specifically support assertion of '114 patent claim 25 and '430 patent claim 1.  This was legal error.  Because ME2C had adequately pled claims under 35 U.S.C. § 271(a) for each patent-in-suit, there was no need to separately address the viability of individual claims within the asserted patents.

Even if ME2C were required to allege specific facts related to each element of '114 patent claim 25 and '430 patent claim 1—it was not—the SAC would satisfy such a requirement. The limitation at issue states: "separating the mercury/sorbent composition from the mercury-containing gas, to form a cleaned gas."  ME2C explained that Defendants perform this step during Section 45 certification testing by capturing mercury and sorbent in a collection device such as an electrostatic precipitator.  SAC at ¶ 86.  The R&R did not address this allegation. R&R at 38.

8

The Magistrate Judge dismissed these two patent claims without prejudice.  However, he ordered that ME2C must show good cause to add these claims back into the case.  ME2C objects to this portion of the decision and requests that the Court overrule this portion of the R&R.  This issue was raised for the first time in a letter brief filed after briefing had closed on Defendants' motions to dismiss, and the R&R was the first decision to address Defendants' motion to dismiss ME2C's direct infringement claims.  Moreover, the SAC did include a specific allegation that Defendants practice a nearly identical step with respect to the asserted '430 patent; it just did not repeat this allegation with respect to the '114 and '430 patent.  SAC at ¶¶ 294-296 (alleging that Defendants perform the step of "separating particulates from the mercury containing gas, the particulates including ash and the mercury/sorbent chemical composition").  Thus, ME2C could address this issue via a straightforward amendment to the complaint.  Such an amendment would not prejudice Defendants given that they will already need to respond to similar asserted claims, including claims that depend on '114 patent claim 25 and '430 patent claim 1.  This result is particularly appropriate given the Third Circuit's policy of "strong liberality" in the amendment of pleadings.  *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) ("This approach ensures that a particular claim will be decided on the merits rather than on technicalities.").

Dated:  June 3, 2021

Respectfully submitted,

**DEVLIN LAW FIRM LLC**

/s/ *James M. Lennon*
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
jlennon@devlinlawfirm.com

CALDWELL CASSADY CURRY PC
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Phone: (214) 888-4848
(214) 888-4849 (*fax*)
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
jnemunaitis@caldwellcc.com

Bradley W. Caldwell
Texas Bar No. 24040630
Jason D. Cassady
Texas Bar No.  24045625
John Austin Curry
Texas Bar No. 24059636
Justin T. Nemunaitis
Texas Bar No. 24065815

*Attorneys for Plaintiffs*
*Midwest Energy Emissions Corp.*
*and MES Inc.*

**PLAINTIFFS' CERTIFICATION PURSUANT TO PARAGRAPH 5**
**OF THE COURT'S OCTOBER 9, 2013 STANDING ORDER**

Pursuant to the Court's October 9, 2013 Standing Order for Objections Filed Under Fed.

R. Civ. P. 72, Plaintiffs hereby certify that ME2C's Objections to the to the Court's May 20,

2021 Report and Recommendation do not raise new legal or factual arguments, with one

exception.  As explained above, the R&R dismissed ME2C's claims against Defendant AJG after

concluding that ME2C had not alleged alter ego or agency theories of liability to support its

claims against AJG.  This argument was not raised by AJG, and thus ME2C could not have

raised this argument earlier.

10