IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | |
| Plaintiffs, | C.A. No. 19-1334-RGA |
| v. | JURY TRIAL DEMANDED |
| VISTRA ENERGY CORP., et al., | |
| Defendants. | |

**PLAINTIFFS MIDWEST ENERGY EMISSIONS CORP. AND MES INC.'S
RESPONSE TO DEFENDANTS' OBJECTIONS TO MAY 20, 2021
<u>REPORT AND RECOMMENDATION</u>**

Dated: June 17, 2021

DEVLIN LAW FIRM LLC
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com

*Attorneys for Plaintiffs*

Plaintiffs Midwest Energy Emissions Corp. and MES Inc. ("ME2C") respectfully submit their Response to Defendants' Objections to Magistrate Judge Burke's May 20, 2021 Report and Recommendation ("R&R") regarding Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 72 and D. Del. LR 72.1.  ME2C respectfully requests that Defendants' objections be overruled.

**I.     The R&R Applied the Correct Legal Standard for Contributory Infringement.**

Courts in this district have held that simply pleading the absence of substantial non-infringing uses is normally sufficient to satisfy the pleading requirement for that element of contributory infringement. *See Univ. of Mass. Med. Sch. v. L'Oreal S.A.*, Civil Action No. 17-868, 2018 WL 5919745, at *8 (D. Del. Nov. 13, 2018) ("affirmatively pleading the absence of substantial non-infringing uses renders the claim plausible if the pleadings do not undermine that allegation"); *Rhodes Pharms. L.P. v. Indivior, Inc.*, Civil Action No. 16-1308, 2018 WL 326405, at *9 (D. Del. Jan. 8, 2018) ("A simple allegation that the product at issue is not suitable for substantial non-infringing use is generally sufficient to satisfy the pleading requirements of Twombly and Iqbal.").

In this case, Magistrate Judge Burke found that the ME2C's complaint alleges that Defendants:

> (1) provide refined coal on a conveyance, which leads to the combustion chamber of a power plant that uses an activated carbon injection system; (2) know that such coal has been specifically tailored and certified for that plant; and (3) know that the provided coal cannot reasonably be used for purposes other than to be combusted at a plant where activated carbon will later be injected.

Magistrate Judge Burke also noted that the complaint alleges:

> 107. In addition, even if the provided refined coal could have had some non-infringing use, because AJG, DTE, CERT, Chem-Mod, and one of the RC Defendants must sell the refined coal "with the reasonable expectation that it will be used for the purpose of producing steam," and as explained above, the refined coal is only certified for a particular plant (i.e., a plant that uses activated carbon), it is reasonable to infer that they require the coal plant to combust the provided

1

>refined coal or at least some significant portion of it in accordance with those expectations, i.e., not in some non-infringing way.

R&R at 28. As a result, Magistrate Judge Burke concluded that these allegations suggest that "when the refined coal at issue is dropped off at the power plant, it has no substantial non-infringing use." *Id.* Defendants do not object to these findings. Accordingly, the R&R correctly concluded that ME2C's complaint satisfies the applicable pleading requirements for contributory infringement.

Defendants accuse Magistrate Judge Burke of committing legal error, but even Defendants acknowledge that "In contributory infringement claims, the accused products are the products 'as sold and delivered,' meaning that they analysis considers non-infringing uses of those products in the form that they are delivered, not whether the recipient of the delivery actually used, uses, or would use the product in a non-infringing way." D.I. 286, Def.'s R&R Objs. At 2. The findings by Magistrate Judge Burke squarely address this standard and conclude that the accused refined coal meets this standard.

Defendants reliance on *In re Bill of Lading* is unavailing. In that case, the complaint was dismissed because the patentee had affirmatively pled that the product at issue had a non-infringing use. *See, e.g., Enthone Inc. v. BASF Corp.*, 126 F. Supp. 3d 281, 288 (N.D.N.Y. 2015) (explaining and distinguishing *Bill of Lading*); *see also Merck Sharp & Dohme Corp. v. Teva Pharm. USA, Inc.*, No. CV 14-874-SLR-SRF, 2015 WL 4036951, at *7 (D. Del. July 1, 2015) (citing *Bill of Lading* for the proposition that "affirmatively pleading the absence of substantial non-infringing uses renders the claim plausible if the pleadings do not undermine that allegation"). In this case, Defendants identify no allegations in the complaint that undermine ME2C's infringement theories. As noted above, the R&R correctly found that ME2C alleged that

2

the accused refined coal is specifically tailored to infringe and has no substantial non-infringing use. Thus, Defendants have failed to justify reversal of the R&R on this basis.

## II.  Defendants Fail to Show that the Complaint Alleges Substantial Non-Infringing Uses.

According to Defendants, this is a "rare case" where the plaintiff has affirmatively alleged substantial non-infringing uses. D.I. 286 at 5. Specifically, Defendants argue that ME2C alleged the non-infringing alternatives of burning refined coal without using activated carbon or using non-carbon sorbents. Not so.

For support, Defendants cite to general statements in the patents-in-suit regarding the use of bromine additives and various sorbents. But none of those statements contradict ME2C's allegations that the specific refined coals accused in this case are specifically formulated to infringe and have no substantial non-infringing use.

Defendants also cite to a contract between a refined coal provider and a coal plant as allowing the refined coal provider to sell or dispose of refined coal if not purchased by the coal plant. But the mere fact that a refined coal provider may be contractually permitted to sell or dispose of refined coal is not an affirmative allegation that that refined coal actually has a substantial non-infringing use.

Defendants also cite to an IRS bulletin (not included in ME2C's complaint) stating that activated carbon injection is one way of demonstrating certification testing. This document is outside the four corners of ME2C's pleading, but regardless, the document is not an allegation that the specific refined coals accused in this case have a substantial non-infringing use.

Finally, Defendants argue that paragraph 107 of ME2C's complaint affirmatively alleges that a significant portion of the accused refined coals could be used in a non-infringing manner. The R&R correctly rejects this argument noting: "And one can read this language in paragraph

3

107 to mean that only a *less-than-significant* portion of the provided refined coal (if any) might somehow end up being utilized in a non-infringing manner. (Tr. at 43-44) This would mean that any non-infringing uses for the refined coal at issue would be unusual or occasional—i.e., not 'substantial.'" Defendants fail to identify any error in this conclusion.

At best, Defendants have indicated that they intend to raise a fact dispute regarding the existence of non-infringing alternatives. That mere assertion is insufficient to rule ME2C's pleadings deficient.

**III.   Defendants Fail to Show That Their Group Pleading Arguments Justify Dismissal with Prejudice.**

Defendants argue that their group pleading arguments justify dismissal with prejudice because they raised these arguments in their original motions to dismiss. Not so. As ME2C explained in response to Defendants second motions to dismiss, this issue was not raised in the original motions. For example, ME2C stated: "In their original motion to dismiss, the Moving Refined Coal Defendants raised no objection to ME2C's use of group names," and further explained that Defendants did criticize the use of the term "RC Defendants" in the context of ME2C's joint infringement allegations, but only insofar as Defendants argued that the complaint was vague as to the relationship between the RC Defendants and coal plant operators. D.I. 56 at 16. Defendants did not, for example, assert that they lacked notice as which of the DTE entities were referred to by the name "DTE." D.I. 195 at 5; *see also* D.I. 190 at 4 (providing the same explanation with respect to CERT Defendants).

Defendants also argue that it would be futile to allow ME2C to accuse the corporate entities that Magistrate Judge Burke recommends be dismissed from the case. However, they fail to demonstrate futility. Defendants do not assert that ME2C has alleged legally defective theories of infringement as to those entities, only that ME2C lacks sufficient evidence (evidence

4

which is in the sole possession of Defendants) to draw clear distinctions between some of the entities accused in this case. Under these circumstances, the R&R correctly found that leave to amend would not be futile at this stage of the case.

Moreover, for the reasons stated in ME2C's objections to the R&R, Defendants have failed to support their group pleading arguments.

### IV.     Defendants Fail to Identify Error in the R&R related to Pre-Suit Knowledge

The RC Defendants fault Magistrate Judge Burke for not dismissing ME2C's allegations of pre-suit knowledge against the RC Defendants, but they never moved to dismiss on that basis. While the RC Defendants generally moved to dismiss ME2C's induced infringement claims, they did not attack ME2C's allegations of pre-suit knowledge.  Thus, ME2C did not have an opportunity to brief that issue and the Magistrate Judge has not ruled on the issue.  RC Defendants are essentially asking the Court to *sua sponte* strike portions of ME2C's complaint without first moving to dismiss on that basis.  They fail to present authority to support such a position.

Even if Defendants had raised this issue in their most recent motion to dismiss, they fail to show that they raised this issue in their original motion to dismiss.  Accordingly, dismissal on this basis is barred by Rule 12(g)(2).  *Sunoco Partners Marketing & Terminals L.P. v. Powder Springs Logistics, LLC*, 2019 WL 8641303 at *3 (D. Del. Aug. 7, 2019) (explaining that Rule 12(g)(2) prohibits a party from raising a defense or objection in a Rule 12(b) motion that was available to the party but omitted from an earlier filed motion).  Regardless, ME2C's Second Amended Complaint adequately alleges pre-suit notice.  D.I. 218-1 at ¶¶ 192-204.

6

Dated: June 17, 2021

Respectfully submitted,

**DEVLIN LAW FIRM LLC**

/s/ *James M. Lennon*
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
jlennon@devlinlawfirm.com

C‍ALDWELL C‍ASSADY C‍URRY PC
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Phone: (214) 888-4848
(214) 888-4849 (*fax*)
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
jnemunaitis@caldwellcc.com

Bradley W. Caldwell
Texas Bar No. 24040630
Jason D. Cassady
Texas Bar No. 24045625
John Austin Curry
Texas Bar No. 24059636
Justin T. Nemunaitis
Texas Bar No. 24065815

*Attorneys for Plaintiffs*
*Midwest Energy Emissions Corp.*
*and MES Inc.*