# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC.<br>*Plaintiff*<br>v.<br>ARTHUR J. GALLAGHER & CO., et al.<br>*Defendant* | )<br>)<br>)  Civil Action No. 19-1334 (RGA) (CJB)<br>)<br>)<br>) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Memco CERT 2018, LLC, c/o Registered Agent, Corporation Service Company
251 Little Falls Drive, Wilmington, DE 19808
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**See Exhibit A attached.**

| Place: Caldwell Cassady Curry<br>2121 N. Pearl St., Ste. 1200<br>Dallas, TX 75201 (or some other mutually agreeable location) | Date and Time: Friday,<br>September 3, 2021 at 10:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/11/2021

*CLERK OF COURT*       OR       [signature]

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs
MIDWEST ENERGY EMISSIONS CORP. and MES INC. , who issues or requests this subpoena, are:

Justin T. Nemunaitis, Caldwell Cassady Curry, 2121 N. Pearl St., Ste. 1200, Dallas, TX 75201 jnemunaitis@caldwellcc.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19-1334 (RGA) (CJB)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.*  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.*  A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.*  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.*  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.*  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.*  In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.*  These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.*  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.*  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.*  The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.*  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.*  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.*  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC. ) <br> *Plaintiff* ) <br> v. ) <br> ARTHUR J. GALLAGHER & CO., et al. ) <br> *Defendant* ) | Civil Action No. 19-1334 (RGA) (CJB) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Memco CERT 2018, LLC, c/o Registered Agent, Corporation Service Company
251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
**See Exhibit B attached.**

| Place: Remote deposition via Zoom. | Date and Time: Friday, October 15, 2021 at 10:30 am |
|---|---|

The deposition will be recorded by this method: by stenographic and/or videotaped.

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/11/2021

| *CLERK OF COURT* | OR | *[signature]* |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs MIDWEST ENERGY EMISSIONS CORP. and MES INC. , who issues or requests this subpoena, are:
Justin T. Nemunaitis, Caldwell Cassady Curry, 2121 N. Pearl St., Ste. 1200, Dallas, TX 75201 jnemunaitis@caldwellcc.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 19-1334 (RGA) (CJB)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs MidwestEnergy Emissions Corp. and MES Inc. (collectively, "ME2C") hereby requests that Memco CERT 2018, LLC produce and permit inspection and copying of the following documents and things at the place, date and time specified in the accompanying subpoena.

## DEFINITIONS

The following definitions are to be considered applicable to each document request contained herein:

1.  The term "Memco" refers to Memco CERT 2018, LLC and including without limitation its agents, representatives, past or present directors and officers, employees, consultants, attorneys, entities acting in joint-venture, partnership relationships, subsidiaries, entities owned or operated in whole or in part, and any others acting on behalf of Memco.

2.  The term "ME2C" and "Plaintiff," refers to as Midwest Energy Emissions Corp. and MES Inc., and should be understood to include any and all officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, or other related entities.

3.  The term "Defendant," should be understood to refer to Vistra Energy Corp., IPH, LLC, Dynegy Inc., Illinois Power Resources Generating, LLC, Dynegy Midwest Generation LLC, and Dynegy Miami Fort, LLC (collectively, "Vistra"); AEP Generation Resources Inc., Southwestern Electric Power Co., Cardinal Operating Company, LLC, and AEP Texas Inc. (collectively, "AEP"); NRG Energy, Inc., NRG Texas Power LLC, Midwest Generation EME, LLC, Midwest Generation, LLC (collectively, "NRG"); Talen Energy Corporation, Talen Energy Holdings, Inc., Brandon Shores LLC, Talen Generation LLC, and H. A. Wagner LLC (collectively,

"Talen"), (Vistra, AEP, NRG, and Talen, are referred to collectively as "Coal Plant Defendants"); Arthur J. Gallagher & Co., Gallagher Clean Energy, LLC, and AJG Coal, LLC ("AJG"); DTE REF Holdings, LLC, DTE REF Holdings II LLC ("DTE"); CERT Coal Holdings LLC, CERT Holdings LLC, CERT Holdings 2018, LLC, CERT Operations LLC, CERT Operations II LLC, CERT Operations III LLC, CERT Operations IV LLC, CERT Operations V LLC, CERT Operations RCB LLC ("CERT");Chem-Mod LLC ("Chem-Mod"); and the additional named and unnamed entities referred to below as the "RC Defendants": AJG Iowa Refined Coal LLC, Joppa Refined Coal LLC, Thomas Hill Refined Coal LLC, Wagner Coaltech LLC, Walter Scott Refined Coal LLC, Louisa Refined Coal, LLC, Belle River Fuels Company, LLC, Arbor Fuels Company, LLC, Portage Fuels Company, LLC, and John Doe LLCs,—collectively or individually—and includes any and all officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, or other related entities.

4. The term "You" and "Your" should be understood to mean Memco.

5. The term "EERC" refers to Energy & Environmental Research Center (EERC), Energy and Environmental Research Center Foundation (EERCF), the Center for Air Toxic Metals (CATM), and University of North Dakota (UND), and should be understood to include any and all officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, subsidiaries, parents, affiliates, divisions, successors, predecessors, or other related entities.

6. The term "this case" is defined as the case pending in the District of Delaware, Case No. 1:19-CV-01334-RGA, and should be understood to include any and all amended complaint(s) as of the date that such amended version is filed with the Court.

7. The term "document," or any variant thereof, means all matter that is written, typed, printed, reproduced, or recorded (including graphic, aural, mechanical or electronic records), referring or relating to, directly or indirectly, in whole or in part, the matter that is the subject of the particular discovery request, including, but not limited to, originals and copies of letters, notes, notebooks, minutes, memoranda of telephone calls, correspondence, drafts, messages, telegrams, periodicals, brochures, leaflets, bonds, files, records, reports, working papers, routing slips, diaries, calendars, appointment books, log books, time sheets, budgets, estimates, studies, checks, statements, receipts, returns, books, interoffice and intraoffice communications, notations of any sort of conversations, bulletins, computer printouts, e- mail, teletypes, telefaxes, photographs, charts, graphs, microfiche, video tapes, motion pictures, tapes, cassettes, disks, recordings, computer-stored data, worksheets, contracts, agreements, bids, offers, proposals, quotations, tables, compilations, tabulations, tallies, diagrams, drawings, maps, illustrations or statistical analyses, by whomever prepared now or formerly in customer's actual or constructive possession, custody or control. If a document has been prepared in several copies, or if additional copies are made that are not identical, or are no longer identical by reason of subsequent notation or other modification of any kind whatsoever, including but not limited to, notations on the backs of pages thereto, each non- identical copy is a separate document.

8. The term "communication" shall mean or refer to all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, telephone conversations, letters, facsimiles, notes, telegrams, advertisements, emails, or other forms of verbal exchange, whether oral or written, on paper or electronic.

9. The terms "related," "related to," and "relating to" shall be construed in the broadest sense to include refer to, summarize, reflect, constitute, contain, embody, mention, concern, show,

comprise, evidence, discuss, describe, comment upon, consisting of, in connection with, pertain, or discuss.

10. The terms "refer to" and "referring to" shall be construed in the broadest sense to include relating to, containing, concerning, embodying, mentioning, evidencing, constituting, or describing.

11. The disjunctive shall be construed as the conjunctive, the conjunctive shall be construed as the disjunctive, and the terms "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these requests all facts, documents, things or communications that might otherwise be construed as outside the scope of these requests.

12. The use of a verb in any tense shall be construed as the use of that verb in all other tenses necessary to bring within the scope of the interrogatory all responses that might otherwise be construed as outside its scope.

13. A plural noun shall be construed as a singular noun and a singular noun shall be construed as a plural noun whenever necessary to bring within the scope of the interrogatory all responses that might otherwise be construed as outside its scope.

14. The use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used.

15. The term "each" shall be construed to include "every," and vice versa.

16. The term "any" shall mean "any and all." The term "all" herein also shall mean "any and all."

17. The term "including" shall mean "including, without limitations."

## **INSTRUCTIONS**

1. In responding to these requests, you are required to furnish all documents available to you including, but not limited to, information in the possession or control of your attorneys, experts, advisers, agents, associates or any other person over whom you have control.

2. You are requested to produce all documents and things in the following categories that are in your possession, custody or control, in their entirety and without redaction or expurgation. "Possession, custody or control" shall be construed to the fullest extent provided under Federal Rules of Civil Procedure 34 and 45 and shall include, without limitation, those documents and things in the hands of any other person that you have the ability to demand or to gain access to in the ordinary course of business.

3. With respect to any information responsive to these requests that is electronically stored, you are required to ensure that such information is preserved in its original native format from the date that the subpoena is served through the end of the present litigation, whether terminated by settlement, dismissal (with or without prejudice) or actual court decision. You are required to produce all electronically stored information in the format in which such information was created or is presently stored. If you are unable to produce such information in its native electronic format, then you shall promptly advise counsel for Plaintiff identified on the subpoena to which this Exhibit A is attached, and seek to reach mutual agreement on the format for production of such information.

4. If any document is withheld based upon a claim of privilege or other protection, provide for each such document: (i) the date of the document, (ii) the names of all authors, (iii) the names of all recipients, (iv) the names of all cc and/or bcc recipients, (v) the type of document,

(vi) a description of the document, (vii) an identification of the privilege or protection claimed and (viii) a brief explanation of the basis of your claim of privilege or other protection.

**DOCUMENTS REQUESTED**

1. Documents sufficient to identify each coal-fired power plant that receives refined coal from you or an entity or facility directly or indirectly owned, operated, or controlled by you.

2. Documents sufficient to identify each entity involved in the sale of refined coal to each coal-fired power plant at issue in document request number 1.

3. Documents sufficient to identify each entity that claims refined coal tax credits for the sale of refined coal to each coal-fired power plant at issue in document request number 1.

4. Documents sufficient to identify whether each coal-fired power plant at issue in document request number 1 injects sorbent material comprising activated carbon downstream of a combustion chamber.

5. Documents sufficient to show whether each refined coal facility operated by you provides refined coal to a coal-fired power plant that injects sorbent comprising activated carbon downstream of a combustion chamber.

6. Documents sufficient to explain the relationship (i.e., control, ownership, or other contractual relationship) between you and any Defendant in this case or any entity at issue in document request number 2.

7. Documents sufficient to identify the owners, directors, officers, members, and/or managers of each Defendant in this case or any entity at issue in document request number 2.

8. All contracts with entities that own or operate refined coal facilities.

9. All communications with coal-fired power plants regarding the use of sorbents comprising activated carbon.

10. All communications with third parties regarding the use of activated carbon at a power plant that uses refined coal supplied by you or an entity or facility directly or indirectly owned, operated, or controlled by you.

11. All communications with each Defendant in this case or any entity at issue in document request number 2 regarding the use of sorbents comprising activated carbon at a coal-fired power plant.

12. All communications to owners or operators of coal-fired power plants regarding the benefits of refined coal and/or obtaining coal from a refined coal facility.

13. All documents describing the benefits of refined coal tax credits to you or to entities directly or indirectly owned or controlled by you.

14. All tests, evaluations, analyses of mercury capture technologies and/or refined coal technologies that have been employed at a refined coal facility or coal-fired power plant.

15. All communications with the EERC regarding refined coal, testing or evaluation of refined coal, and/or mercury capture technologies.

16. All communications with the EERC regarding the use of activated carbon in connection with the combustion of refined coal.

17. All documents and communications with any Defendant in this case related to mercury capture, use of sorbents comprising activated carbon, or any of the conduct accused of infringement in this case.

18. All agreements containing an indemnity or insurance provision that may be applicable in the event of a judgment in this case, and all communications related to that agreement.

# EXHIBIT B

Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, Plaintiffs Midwest Energy Emissions Corp. and MES Inc. (collectively, "ME2C") hereby requests the deposition of Memco CERT 2018, LLC covering the following topics.

## DEFINITIONS

The Definitions provided above in Exhibit A to this subpoena are to be considered applicable to each deposition topic contained herein.

## DEPOSITION TOPICS

1. Identify each coal-fired power plant that receives refined coal from you or an entity or facility directly or indirectly owned, operated, or controlled by you.

2. Identify each entity involved in the sale of refined coal to each coal-fired power plant at issue in topic number 1.

3. Identify each entity that claims refined coal tax credits for the sale of refined coal to each coal-fired power plant at issue in topic number 1.

4. Identify whether each coal-fired power plant at issue in document request number 1 injects sorbent material comprising activated carbon downstream of a combustion chamber.

5. Show whether each refined coal facility operated by you provides refined coal to a coal-fired power plant that injects sorbent comprising activated carbon downstream of a combustion chamber.

6. Explain the relationship (i.e., control, ownership, or other contractual relationship) between you and any Defendant in this case or any entity at issue in topic number 2.

7. Identify the owners, directors, officers, members, and/or managers of each Defendant in this case or any entity at issue in topic number 2.

8. Identification of all contracts with entities that own or operate refined coal facilities.

9. All communications with coal-fired power plants regarding the use of sorbents comprising activated carbon.

10. All communications with third parties regarding the use of activated carbon at a power plant that uses refined coal supplied by you or an entity or facility directly or indirectly owned, operated, or controlled by you.

11. All communications with each Defendant in this case or any entity at issue in topic number 2 regarding the use of sorbents comprising activated carbon at a coal-fired power plant.

12. All communications to owners or operators of coal-fired power plants regarding the benefits of refined coal and/or obtaining coal from a refined coal facility.

13. Describe the benefits of refined coal tax credits to you or to entities directly or indirectly owned or controlled by you.

14. All tests, evaluations, analyses of mercury capture technologies and/or refined coal technologies that have been employed at a refined coal facility or coal-fired power plant.

15. All communications with the EERC regarding refined coal, testing or evaluation of refined coal, and/or mercury capture technologies.

16. All communications with the EERC regarding the use of activated carbon in connection with the combustion of refined coal.

17. All communications with any Defendant in this case related to mercury capture, use of sorbents comprising activated carbon, or any of the conduct accused of infringement in this case.

18. All agreements containing an indemnity or insurance provision that may be applicable in the event of a judgment in this case, and all communications related to that agreement.

19. Your knowledge of the use of sorbent material comprising activated carbon injected downstream of a combustion chamber at each power plant that combusts refined coal.

20. Your access and/or ability to determine whether a power plant injects sorbent material comprising activated carbon downstream of a combustion chamber.

21. With respect to each document produced by you, explain whether it: (a) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (b) was kept in the course of regularly conducted activity; and (c) was a regular practice to have made the record.