## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MIDWEST ENERGY EMISSIONS CORP.
and MES INC.,

               Plaintiffs,

     v.

ARTHUR J. GALLAGHER & CO., ET AL.,

               Defendants.

CIV. No. 1:19-cv-01334-RGA-CJB

**JURY TRIAL DEMANDED**

### PLAINTIFFS' RESPONSE TO DEFENDANTS' LETTER
### BRIEF TO THE HONORABLE CHRISTOPHER J. BURKE
### <u>REGARDING THE PLAINTIFFS' RULE 45 SUBPOENAS</u>

Dated: September 14, 2021


OF COUNSEL:

Bradley W. Caldwell
Texas Bar No. 24040630
Jason D. Cassady
Texas Bar No. 24045625
John Austin Curry
Texas Bar No. 24059636
Justin T. Nemunaitis
Texas Bar No. 24065815
CALDWELL CASSADY CURRY PC
2121 N. Pearl Street, Suite 1200
Dallas, Texas 75201
Phone: (214) 888-4848
Fax: (214) 888-4849
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
jnemunaitis@caldwellcc.com

DEVLIN LAW FIRM LLC
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com

*Attorneys for Plaintiffs Midwest Energy
Emissions Corp. and MES Inc.*

The Honorable Christopher J. Burke
September 14, 2021
Page 1

September 14, 2021

**VIA CM/ECF**

Dear Judge Burke:

I submit this letter in response to Defendants' September 7, 2021 letter (D.I. 310) seeking to quash certain of Plaintiffs' third-party subpoenas.  To start, Defendants lack standing to challenge the third-party subpoenas and their motion should be denied accordingly.  Even if Defendants did have standing, the evidence sought is relevant to both the identities of the John Doe Defendants (which discovery is frequently permitted by this Court) and the use of activated carbon in an infringing manner.  Further, Defendants have failed to meet their burden of showing that the requests are unduly burdensome, primarily because they have failed to provide any assurance that the information sought would become available through party discovery.  The third-party subpoenas are proper and should not be quashed by the Court.

## I.      The Motion Should Be Denied for Lack of Standing

"As a general matter, a party has no standing to seek to quash a subpoena directed to one who is not a party."  *Oliver B. Cannon & Son, Inc. v. Fid. & Cas. Co. of New York*, 519 F. Supp. 668, 680 (D. Del. 1981).  Because only Defendants have sought to quash the subpoenas, and no third-party subpoena recipient has timely moved to quash the subpoenas as unduly burdensome, the present motion should be denied.  *See id.*  At most, Defendants could challenge the subpoenas as seeking privileged information, but Defendants have made no such assertion here.  Accordingly, Defendants cannot meet their burden of demonstrating that the subpoenas should be quashed.

## II.     A Party May Use Third-Party Discovery to Identity John Doe Defendants

This Court has repeatedly allowed third-party subpoena discovery to identify John Doe defendants, even for expedited discovery.  *See Carlson Pet Prod., Inc. v. Does*, No. CV 19-449 (MN), 2019 WL 1486914, at *2 (D. Del. Apr. 2, 2019) (granting plaintiff's request for expedited discovery to serve third-party subpoenas to discover identities of Doe defendants); *Strike 3 Holdings, LLC v. Doe*, No. CV 18-895-LPS, 2018 WL 5024168, at *2 (D. Del. Oct. 17, 2018) (same); *Vision Films, Inc. v. John Does 1-24*, No. CIV.A. 12-1746-LPS, 2013 WL 1163988, at *5 (D. Del. Mar. 20, 2013) (same).

In this case, Plaintiffs have accused CERT, DTE, and AJG of using shell companies to supply refined coal in an infringing manner.  Defendants have provided the names of additional entities involved in the refined coal process, such as companies that own other shell companies and companies that have been hired to operate refined coal facilities.  The subpoenas-at-issue are directed towards those entities identified by Defendants that are likely to know the names of the John Doe Defendants.

Absent third-party discovery, Plaintiffs have been unable to identify the names of these John Doe Defendants because the various parties named in the complaint use a variety of confidential shell

The Honorable Christopher J. Burke
September 14, 2021
Page 2

companies to engage in infringing conduct.  Defendants offer no evidence to contradict this
assertion, thus, discovery into the identity of these entities is appropriate.

### III.    A Party May Discover "Reasonably Similar" Acts of Infringement

Because infringing parties do not always publicly broadcast evidence of their infringement, it is
often necessary for a patentee to use the discovery process to obtain evidence of infringing acts
beyond those known from public sources.  Accordingly, Courts frequently allow discovery of
products and conduct "reasonably similar" to that accused by the patentee.  *See, e.g.*, *Invensas
Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 278 (D. Del. 2012) (stating that discovery is
"'[c]learly' permitted 'to flesh out a pattern of facts already known to a party relating to an issue
necessarily in the case.'") (citation omitted).

As explained above, Plaintiffs seek discovery regarding acts of infringement identified in its
complaint as being committed by the John Doe Defendants.  Even absent those allegations, the
requested discovery is permissible.  Plaintiffs' subpoenas seek information regarding acts of
infringement that follow the same pattern of infringement controlled by the same set of refined
coal companies that are identified in Plaintiffs' infringement contentions.  Because Plaintiffs are
seeking discovery reasonably similar to the conduct already accused in this case with respect to
the named defendants, the requested discovery is appropriate.

### IV.    The Requested Information Is Relevant to Infringement, Non-Infringing
Alternatives, and Other Damages Issues

The scope of relevant discovery is broad, and "must be construed liberally and with common
sense rather than measured by the precise issues framed by the pleadings or limited by other
concepts of narrow legalisms."  *La Chemise Lacoste v. Alligator Co.*, 60 F.R.D. 164, 170–71
(D. Del 1973).  In fact, "discovery should ordinarily be allowed under the concept of relevancy
unless it is clear that the information sought can have *no possible bearing* upon the subject
matter of the action."  *Id.* (emphasis added).

In addition to the above, the subpoenas at issue are relevant to Defendants' assertions that they
do not infringe because refined coal could be supplied to other power plants, and they have
asserted various non-infringing alternatives such as combusting refined coal without using
activated carbon.  For example, if subpoenaed entities operate at plants that use activated carbon,
or if they insist on contractual obligations that prevent treatment of refined coal as fungible,
those facts would refute Defendants' theories.  This type of third-party information is often
sought in patent cases, and Plaintiffs are being proactive in seeking this information now to
ensure it is not routinely destroyed.

Finally, Defendants contend that the subpoena recipients "have no connection (or at best a
limited connection)" to the named Defendants.  Not so.  The subpoena recipients were identified
in Defendants' interrogatory responses as having a specific connection to a named Defendant or
accused refined coal facility.  For example, some Defendants have contracted with subpoena
recipients to operate an accused refined coal facility.  Other subpoena recipients own or control a

The Honorable Christopher J. Burke
September 14, 2021
Page 3

named Defendant.

Regardless, if the subpoena recipients are in possession of documents and/or testimony within the scope of the subpoenas (and Defendants offer no declarations or other evidence to show that they do not), then Rule 45 requires them to produce that information absent a showing that doing so would be unduly burdensome. Fed. R. Civ. P. 45(d)(3). Because no third party has presented evidence that compliance would be unduly burdensome, the motion should be denied.

## IV.   Defendants Fail to Show that the Subpoenas Seek Duplicative Discovery

The burden is on the party resisting discovery to clarify and explain its objections and provide support thereof. *See United States v. Article of Drug Consisting of 30 Individually Cartoned Jars, More or Less, Labeled in Part: "Ahead Hair Restorer for New Hair Growth"*, 43 F.R.D. 181, 192 (D. Del. 1967); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 297 (E.D. Pa. 1980).

Defendants suggest Plaintiffs' requests are "unnecessarily duplicative," either because the requests are nearly identical or because the information can supposedly be obtained through party discovery. Both of these arguments are unavailing. As for the similarity between subpoenas, this is an artifact of Defendants' decision to use multiple shell entities to engage in infringing conduct throughout the country. The fact that infringement evidence is spread amongst various entities should not prevent a plaintiff from recovering that evidence.

As for the availability of this information through party discovery, Defendants fail to support this assertion with evidence. The currently named Defendants have identified accused refined coal facilities and associated coal-fired power plants, and produced documents regarding refined coal tax credit testing and evidence of use of activated carbon for at least some of the power plants at issue. If those Defendants also have possession, custody, or control of the names of the John Doe Defendants and the same contracts, test reports, and other evidence for the John Doe Facilities, then Plaintiffs may be willing to withdraw the subpoenas. To date, Defendants have made no such representation to Plaintiffs, which is what led to these subpoenas being served.[1]

To be clear, Plaintiffs are willing to work with third parties to reduce the need for duplicative discovery or narrow certain topics based on party discovery. But that is no reason to delay Plaintiffs from uncovering the names of the John Doe Defendants and any remaining infringing facilities as Defendants do not contend that party discovery will uncover that information.

## V.   Conclusion

For the reasons set forth above, Plaintiffs respectfully request that the Court deny Defendants' request to quash Plaintiffs' third-party subpoenas.

---

[1] The one example Defendants provide of duplicative discovery is that Defendants produced a single Buffington Partners contract covered by one of the subpoena topics. However, Defendants fail to show that that is the only such contract in the possession, custody, or control of Buffington Partners.

The Honorable Christopher J. Burke
September 14, 2021
Page 4

Respectfully,

James M. Lennon (No. 4570)

cc:  Clerk of the Court (via CM/ECF)
     Counsel of Record (via CM/ECF)