IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MIDWEST ENERGY EMISSIONS CORP.,
and MES INC.,

      Plaintiffs,

v.

ARTHUR J. GALLAGHER & CO., et al.,

      Defendants.

Civil Action No. 19-cv-1334-RGA

MEMORANDUM ORDER

The Magistrate Judge filed a Report and Recommendation ("the Report") (D.I. 279) on Defendants' Motion to Dismiss the First and Second Amended Complaints (D.I. 272) and Defendants' Renewed Motion to Dismiss Operative Complaint (D.I. 273).

In Report is lengthy and involves over twenty-seven Defendants, which the Report sorts into several groups. In brief, the Report recommends: (1) dismissing claims against a subset of Defendants on "group pleading"/"lumping" grounds but declining to dismiss the remaining Defendants on the same grounds; (2) declining to dismiss Plaintiffs' claims for lack of standing; (3) dismissing the pre-suit indirect infringement claims regarding the original asserted patents as to the "CERT Defendants" for lack of pre-suit knowledge; (4) declining to dismiss the remaining induced infringement claims against Defendants; (5) declining to dismiss the remaining contributory infringement claims against the CERT Defendants; (6) declining to dismiss the "Moving Refined Coal" Defendants' motion to dismiss with respect to contributory infringement; (7) dismissing Plaintiffs' "joint infringement" theory; (8) dismissing Plaintiffs' single-actor direct infringement claims with respect to claim 25 of the '114 Patent and claim 1 of the '430 Patent, while declining to dismiss the remaining direct infringement claims; (9)

1

dismissing Plaintiffs' willful infringement claims except those dating from July 29, 2020; and (10) dismissing certain specified claims with prejudice while permitting further amendment on other claims after Plaintiffs submit a motion for leave to amend. (D.I. 279 at 12, 16, 26, 29-30, 32, 39, 41-42).

Both parties have filed Objections and Responses to sections of the Report. (D.I. 284, 286, 287, 288). I will ADOPT the Report's recommendations to which there is no objection.

I will review each objection in turn.

I. BACKGROUND

The instant case involves five patents directed to "methods for reducing mercury emissions at coal-fired power plants" and "methods of separating mercury from a mercury-containing gas." (D.I. 279 at 2-3). Midwest Energy Emissions Corp. and MES, Inc. (collectively "Plaintiffs" or "MES") assert various infringement claims against operators of coal-fired power plants and providers of refined coal. The relevant Defendants are collectively referred to as "Moving Defendants" unless a more specific subset is identified.

The procedural and factual history of this case is complex, and it is set forth in the Report (D.I. 279) and a previous Report and Recommendation (D.I. 110). I will not repeat the Report's discussion of the relevant facts or law. I review all pending objections *de novo*. 28 U.S.C. § 636(b)(1).

II. DISCUSSION

A. Plaintiffs' Objections

1. **Dismissal of AJG Defendants**

MES contends that the Report erred in dismissing the AJG Defendants. (D.I. 284 at 4). The Report recommended dismissing the AJG Defendants on group pleading grounds, stating

that the pleading "leaves the Court and Defendants to guess at what is the theory of liability that is being asserted here." (D.I. 279 at 9). MES asserts that this analysis is inconsistent with the Federal Circuit's 2018 decision in *Nalco*. (D.I. 284 at 4 (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018))).

The Report takes issue with paragraph 212 of the Second Amended Complaint ("SAC"), which states:

> Each of Arthur J. Gallagher & Co., Gallagher Clean Energy, LLC, and AJG Coal, LLC; DTE REF Holdings, LLC, DTE REF Holdings II LLC; CERT Coal Holdings LLC, CERT Holdings LLC, CERT Holdings 2018, LLC, CERT Operations LLC, CERT Operations II LLC, CERT Operations III LLC, CERT Operations IV LLC, CERT Operations V LLC, CERT 32 Operations RCB LLC; AJG Iowa Refined Coal LLC, Joppa Refined Coal LLC, Thomas Hill Refined Coal LLC, Wagner Coaltech LLC, Walter Scott Refined Coal LLC, Louisa Refined Coal, LLC, Belle River Fuels Company, LLC, Arbor Fuels Company, LLC, Portage Fuels Company, LLC, Brandon Shores Coaltech, LLC, Senescence Energy Products, LLC, Rutledge Products, LLC, Alistar Enterprises, LLC and John Doe LLCs *operate at least one Accused RC Facility either by directly owning the facility, directly controlling the facility, or indirectly exercising control of the facility through a subsidiary that is either named above or referred to as a John Doe LLC.* For example, Arthur J. Gallagher & Co. owns and controls Walter Scott Refined Coal LLC which directly operates a refined coal facility at a power plant that directly infringes by supplying bromine-containing refined coal to a combustion chamber and injecting activated carbon sorbent downstream of the combustion chamber.

(D.I. 218-1 ¶ 212) (emphasis added). Paragraph 212 lays out the basis for liability of AJG and several other Defendants. The Report explained that the allegations are insufficient because the fact that "a company is the parent of a subsidiary, that does not (without more) mean that the parent is automatically liable for patent infringement committed by the subsidiary." (D.I. 279 at 9).

MES objects, because, to make out a claim of indirect infringement, one does not have to allege alter ago or an agency theory of liability. (D.I. 284 at 6). MES' statement of the law is correct, but it sidesteps the fact that its theory of liability as to the AJG Defendants remains

3

unclear. Does it allege that the AJG Defendants induced infringement by operating an infringing subsidiary? Or, that one of its subsidiaries induces the infringement of a power plant and AJG is responsible? (D.I. 279 at 9). If AJG induces the infringement of its subsidiary, then MES need not plead some theory of vicarious liability. *See A. Stucki Co. v. Worthington Indus., Inc.*, 849 F.3d 593, 597 (Fed. Cir. 1988). However, if its theory of liability is merely that AJG owns a subsidiary that is an induced infringer, that is insufficient.

Thus, I agree with the Report that the theory of liability asserted against the AJG Defendants is unclear, as demonstrated by paragraph 212. *Adverio Pharma GmbH v. Alembic Pharm. Ltd.*, 2019 WL 581618, at *6 (D. Del. Feb. 13, 2019) (explaining "allegations lumping multiple defendants together without providing allegations of individual conduct are frequently . . . insufficient to satisfy the notice pleading standard").

Contrary to MES' suggestion, *Nalco* does not address this issue. Group pleading does not appear to have been at issue in *Nalco* and the Court upheld the induced infringement claims where the complaint "alleg[ed] that Defendants acted with specific intent to induce infringement of [Asserted Patent] by the Refined Coal LLCs and other downstream customers of the Chem–Mod Solution." *Nalco*, 883 F.3d at 1356.

Even analyzing the claims under the assumption that MES actually intended to assert a theory of induced infringement, as MES argues in its Objections, the pre-suit induced infringement claims still fail. As the Report explains in the context of the CERT Defendants, the SAC fails to allege pre-suit knowledge of the Asserted Patents. (D.I. 279 at 16-20). The allegations of pre-suit knowledge against AJG are substantively identical to those against CERT, which MES does not challenge. (*See* D.I. 218-1 ¶¶ 192-204). MES' Objections do not address any pre-suit/post-suit distinction with respect to the AJG Defendants.

4

Lastly, MES argues that dismissal is prohibited under Federal Rule of Civil Procedure 12(g). (D.I. 284 at 7). The Report addresses this argument by providing citations to the Record wherein Defendants previously raised the group pleading issue. (D.I. 279 at 6 n.4). MES does not explain why the Report's conclusion is wrong when it appears plain that the issue was previously raised.[1]

For the reasons set forth above, I will **ADOPT** the Report's conclusions as to the AJG Defendants.

### 2. "Single Actor" Direct Infringement

MES argues that the Report's analysis of direct infringement committed a legal error. (D.I. 284 at 2, 7). The Report concluded that the SAC "sufficiently establish[ed] that the Moving Defendants perform these steps of the claimed methods in the course of Section 45 certification testing." (D.I. 279 at 38). However, the Report then examined MES' allegations with respect to two exemplary claims of the '430 Patent and the '114 Patent. (*Id.*). Finding those allegations insufficient, the Report recommended dismissal of only those specific exemplary claims. (*Id.* at 38-39).

I agree that, in light of the Report's conclusion that the pleading sufficiently alleges that the Moving Defendants perform the claimed steps, there is no basis to dismiss specific exemplary allegations. Defendants do not object to the Report's conclusion that the SAC's

---

[1] MES notes that the Court did not address AJG's dismissal in its previous Report, and that the AJG Defendants did not raise a "lack of control" defense but rather argued against group pleading. (D.I. 284 at 3). One of the failures of group pleadings is that it does not give adequate notice. One of the consequences is that the other party is prejudiced in knowing how to respond. Any failure to identify an issue in the first round of pleadings is the fault of MES, not of Defendants.

infringement allegations, based on Section 45 Certification Testing, are enough to put the Moving Defendants on notice.

On a motion to dismiss, "the complaint must place the 'potential infringer . . . on notice of what activity . . . is being accused of infringement." *Nalco*, 883 F.3d at 1350 (quoting *K-Tech Tele., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)). In responding to MES' arguments about the applicable pleading standard, the Report explained that the discussion of pleading in *Nalco* was dicta and further relies on a case that considered pleading under Form 18. (D.I. 279 at 35 n.24). Maybe so, but the Federal Circuit has reached a similar conclusion more recently under the *Twombly/Iqbal* framework:

> Under *Iqbal/Twombly*, [Plaintiff] was required to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This plausibility standard is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

*Disc Disease Sols. Inc. v. VGH Solutions, Inc*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (redundant citations omitted). The Report's initial conclusion on the sufficiency of the SAC's allegations makes it clear that the SAC satisfies this standard. As such, I will decline to adopt the Report's findings dismissing the direct infringement claims as to '114 Patent claim 25 and '430 Patent claim 1.

### B. Moving Defendants' Objections

#### 1. Substantial Non-Infringing Use

Moving Defendants argue that the Report misinterpreted the law of substantial non-infringing use. (D.I. 286 at 1). First, Moving Defendants argue that the Report misreads the test by focusing on the buyer's perspective rather than that of the seller. (*Id.*). Second, Moving

Defendants assert that the Report ignores the fact that the SAC includes substantial non-infringing uses. (*Id*. at 4).

Moving Defendants assert a confusing argument in which they state, (1) the Report was incorrect for analyzing the accused products "as sold and delivered," and (2) the correct test examines the accused products "as sold and delivered." (*Id*. at 2). Regardless, the applicable inquiry for contributory infringement "focuses on whether the accused products can be used for purposes other than infringement." *In re Bill of Lading Trans. & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1338 (Fed. Cir. 2012). The Court in *Bill of Lading* further explained that, "The fact that a product may be unavailable for simultaneous noninfringing uses while being used to infringe, is not determinative. Where the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie." *Id*.

Here, the Report considered whether the pleadings sufficiently alleged that the refined coal provided by Moving Defendants has no substantial non-infringing use. (D.I. 279 at 27-28). I do not agree that the Report considered only whether the receiving plant would be "interested" in other uses of the Accused Products. (D.I. 286 at 7). The Report cited allegations in the SAC which state: (1) Moving Defendants provide "refined coal on a conveyance leading to the combustion change of a coal-fired power plant with an activated carbon injection system;" (2) Moving Defendants "know that this refined coal has been specifically tailored and certified for that plant;" and (3) "the provided refined coal has no substantial non-infringing use (i.e., it cannot reasonably be used for purposes other than to be combusted at the plant where sorbent comprising activated carbon will later be injected)." (D.I. 218-1 ¶ 106; *see* D.I. 279 at 28 (discussing the same)).

7

Moving Defendants argue that, as in *Bill of Lading*, MES has pleaded itself out of its contributory infringement claim. (D.I. 286 at 3). In support, Moving Defendants cite to two portions of the Asserted Patents that describe "methods for reducing mercury that use bromine without any mention of activated carbon" and the "use of non-carbon base sorbents and a combination of carbon and non-carbon base sorbents." (*Id*. at 4, citing '114 Patent 2:60-3:8, 10:4-8). As MES points out, however, none of these statements contradict the allegation that the Accused Products in this case are "specifically formulated to infringe." (D.I. 288 at 3).

Moving Defendants also point to paragraph 107 of the SAC which states, in part, even if "the refined coal is only certified for a particular plant (i.e., a plant that uses activated carbon), it is reasonable to infer that they require the coal plant to combust the provided refined coal or at least some significant portion of it in accordance with those expectations, i.e., not in some non-infringing way." (D.I. 218-1 ¶ 107). While this paragraph does appear to acknowledge the possibility that the Accused Products could be used in a non-infringing way, I agree with the Report's conclusion that this paragraph does not amount to the disclosure of a substantial non-infringing use. (D.I. 279 at 29). *Cf. Bill of Lading*, 681 F.3d at 1338 (finding no contributory infringement where "Appellees' products do not need to be used to practice the patented method, and [Appellant's] own allegations make clear that they can be used for multiple other purposes").

For the reasons stated above, I will **ADOPT** the Report's conclusions as to contributory infringement.

### 2. Dismissal with Prejudice

Moving Defendants argue that the claims dismissed on lumping/group pleading grounds should be dismissed with prejudice. (D.I. 286 at 7-8). The Report recommended dismissing these claims without prejudice because it was the first time the Court had addressed the issue and

8

thus "it is a little harder for the Court to say it would be clearly futile for Plaintiffs to attempt to overcome such deficiencies in the future." (D.I. 279 at 42). However, the Report also recommended the MES should be required to submit a motion for leave to amend before being allowed to submit a new amended complaint. (*Id*.).

Moving Defendants assert that MES' claims are clearly futile because they have been on notice of the objections to the group pleading since the original complaint. (D.I. 286 at 8). MES did not "cure" this deficiency in response to the previous dismissal or the Moving Defendants' subsequent briefing. The previous Report (D.I. 110) did not address group pleading, and the Court did not rule on the sufficiency of the First Amended Complaint before the SAC was submitted, which Moving Defendants did not oppose. (D.I. 279 at 5 n.3; *see also* D.I. 215).

I am not convinced that the fact that MES was on notice of the Defendants' objections is sufficient to establish futility. As of this Report, MES is on notice that its pleading against the twelve grouped Defendants is legally insufficient and must be addressed. I agree with the Magistrate Judge's conclusion that, in light of the circumstances, one cannot necessarily infer futility from the fact that MES chose not to previously amend its complaint to address group pleading. (D.I. 279 at 42). Thus, I will **ADOPT** the Report's recommendation as to the nature of the dismissal of the group pleading claims.

### 3. RC Defendants' Arguments as to Pre-Suit Knowledge

With the exception of the CERT Defendants, the Report recommends against dismissal of the induced infringement claims, concluding that the SAC plausibly alleges specific intent and knowledge of infringement. (D.I. 279 at 24, 26). In their Objections, Moving Defendants claim that the Report erred in not addressing the RC Defendants' arguments as to pre-suit knowledge. (D.I. 286 at 9).

MES replies that Rule 12(g)(2) bars consideration of the RC Defendants' argument on this point. (D.I. 288 at 5).  I agree.  It does not appear that the RC Defendants raised the lack of pre-suit knowledge in their first motion to dismiss the original complaint. (*See* D.I. 56 at 10-12). The closest the original motion came to challenging pre-suit knowledge is a footnote referring to allegations of pre-suit knowledge against AJG, DTE, and CERT as "thin." (*Id*. at 12 n.9).  In their brief on the instant motion, considered by the Magistrate Judge in preparing the Report, the RC Defendants "adopt[ed] the CERT Defendants' argument relating to the FAC's failure to plead the knowledge and intent required for induced, contributory, and willful infringement." (D.I. 177 n.12).

The Moving Defendants do not allege that the FAC or SAC contained new factual material related to pre-suit knowledge that would justify the consideration of their arguments on a successive motion to dismiss. *See Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1077 (E.D. Pa. 2017) (declining to consider new arguments on a successive motion to dismiss that did not relate to the new material appearing in the amended complaint).  Accordingly, I find that the treatment of induced infringement with respect to the RC Defendants in the Report was proper.  I will **ADOPT** the Report's findings on that point.

### III.   CONCLUSION

For the reasons stated above, the Report and Recommendation (D.I. 279) is **ADOPTED** as to: (1) the dismissal of the eleven Defendants listed in Paragraph 212 of the SAC and Chem-Mod on group pleading/lumping grounds; (2) MES' standing to sue; (3) induced infringement; (4) contributory infringement; (5) MES' joint infringement theory; (6) willful infringement; and (7) the nature of the dismissal.  I will not adopt the Report and Recommendation's findings as to single-actor direct infringement.

Plaintiffs' Objections (D.I. 284) are **GRANTED** in part and **DENIED** in part.  Moving Defendants' Objections (D.I. 286) are **DENIED**.

Accordingly, the allegations against Arthur J. Gallagher & Co., Gallagher Clean Energy, LLC, AJG Coal, LLC, DTE REF Holdings, LLC, DTE REF Holdings II LLC, CERT Coal Holdings LLC, CERT Holdings, LLC, CERT Holdings 2018, LLC, CERT Operations, LLC, CERT Operations II, LLC, CERT Operations III LLC, and Chem-Mod are **DISMISSED** without prejudice.  The pre-suit indirect infringement allegations regarding the Original Asserted Patents against the CERT Defendants are **DISMISSED** with prejudice.  The joint infringement allegations are **DISMISSED** with prejudice.  The willful infringement allegations are **DISMISSED** with prejudice except as to allegations dating from June 29, 2020. Otherwise, Moving Defendants' motions are **DENIED**.

IT IS SO ORDERED this 24th day of September 2021.

/s/ Richard G. Andrews
United States District Judge