

1526 Gilpin Avenue
Wilmington, Delaware 19806
United States of America
Tel: 302-449-9010
Fax: 302-353-4251
www.devlinlawfirm.com

September 24, 2021

**VIA CM/ECF**

The Honorable Christopher J. Burke
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28, Room 2325
Wilmington, DE 19801-3555

      Re:   *Midwest Energy Emissions Corp., et al. v. Vistra Energy Corp., et al.,*
             C.A. No. 1:19-cv-01334-RGA-CJB

Dear Judge Burke,

      ME2C requests leave to file a third amended complaint that: (1) replaces some of the John Doe Defendants in the second amended complaint with newly identified entities identified recently through discovery, (2) provides allegations that the newly named Defendants are similarly situated to the already named RC Defendants, and (3) removes references to prior Defendants that have been dismissed pursuant to the parties' settlement agreements. This motion is being filed before the deadline for amending pleadings set forth in the Court's scheduling order.

      ME2C is filing this proposed amended complaint just a few hours after it received the district court's rulings on the Court's Report & Recommendation ("R&R") recommending dismissal of certain portions of ME2C's complaint. This proposed amended complaint generally tracks the language of ME2C's Second Amended Complaint, although certain aspects of that complaint have now been dismissed. ME2C recognizes that by filing this Proposed Amended Complaint it is not attempting to add back in allegations that have been dismissed, but rather is merely attempting to add new allegations in accordance with the Court's Scheduling Order.

      ME2C provided a copy of the proposed amended complaint to Defendants on September 23, 2021, before the parties' received the Court's order regarding the R&R. Defendants have indicated that they do not oppose the relief requested in this motion based on the parties' agreement that the Court's ruling on Defendants' motions to dismiss (Dkt. No. 319) applies to ME2C's Proposed Third Amended Complaint to the same extent as ME2C's Second Amended Complaint, and with the understanding that Defendants reserve all rights and do not concede that any of the allegations described in the third amended complaint or herein are accurate.

DEVLIN LAW FIRM
September 24, 2021
Page 2 of 3

## Legal Standard

A moving party need not demonstrate good cause for an amended pleading if the motion is filed prior to a court deadline limiting amendments. *Home Semiconductor Corp. v. Samsung Elecs. Co.*, No. CV 13-2033-RGA, 2019 WL 2135858, at *2 (D. Del. May 16, 2019). Even when leave is required it should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has adopted a policy of "strong liberality" in the amendment of pleadings. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). "This approach ensures that a particular claim will be decided on the merits rather than on technicalities." *Id.* In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Courts may also consider the interest of judicial economy when evaluating whether to allow a plaintiff to amend its complaint. *Trueposition, Inc. v. Allen Telecom, Inc.*, No. CIV.A.01-823 GMS, 2002 WL 1558531, at *2 (D. Del. July 16, 2002).

## The Present Amendment Is Warranted

Because ME2C is requesting to amend the complaint within the deadline for doing so, the Court should allow the present amendment. Even if the Court were to consider this request under a stricter standard for amending pleadings, amendment is appropriate. ME2C's proposed amendment is brought in good faith and without undue delay or dilatory motive.

In particular, ME2C proposes amending the complaint to replace some of the John Doe Defendants with entities identified through recently obtained discovery. This request is being made based on interrogatory responses and documents received from Defendants after ME2C filed its second amended complaint and before the Court's deadline for adding parties. D.I. 140 at § 1.  Overall, it is far more efficient for the Court and the parties to resolve ME2C's claims with respect to these entities in the current proceeding instead of requiring the filing of a separate case.

Specifically, Defendants have identified the names of additional RC Defendants that have engaged in the same conduct accused of infringement in ME2C's currently active complaint (i.e., performing Section 45 refined coal testing and supplying refined coal for power plants that use activated carbon).  These additional entities are run by the same individuals running the RC Defendants, and are similarly related to Defendants AJG, DTE, and CERT.  Thus, ME2C's proposed amended complaint is based on the same already asserted infringement theories, and merely names newly identified entities involved in the same infringing conduct.

DEVLIN LAW FIRM
September 24, 2021
Page 3 of 3

**Conclusion**

      ME2C respectfully requests that the Court grant its motion to file the Third Amended Complaint.

                                      Respectfully,

                                      */s/ James M. Lennon*
                                      James M. Lennon (No. 4570)

JML/dla
cc:    Clerk of the Court (via CM/ECF, w/encl.)
        Counsel of Record (via CM/ECF, w/encl.)