IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 19-1334 (RGA) (CJB) |
| ARTHUR J. GALLAGHER & CO., *et al.*, | ) ) | |
| Defendants. | ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the subpoena attached as Exhibit 1 will be served on the Energy & Environmental Research Center.

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Brian P. Egan*

_____

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
araucci@morrisnichols.com

OF COUNSEL:

Richard W. Mark
Joseph Evall
Paul J. Kremer
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
(212) 351-4000

*Attorneys for Defendants*
*AJG Iowa Refined Coal LLC*
*Arbor Fuels Company, LLC*
*Belle River Fuels Company, LLC*
*Brandon Shores Coaltech, LLC*
*Joppa Refined Coal LLC*
*Louisa Refined Coal, LLC*
*Portage Fuels Company, LLC*
*Thomas Hill Refined Coal LLC*
*Wagner Coaltech LLC*
*Walter Scott Refined Coal LLC*

January 25, 2022

# EXHIBIT 1

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP., et al. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| ARTHUR J. GALLAGHER & CO., et al. | ) |
| _Defendant_ | ) |

Civil Action No.   19-1334-RGA-CJB

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Energy & Environmental Research Center
c/o Jason Jenkins, Assistant General Counsel, Univ. of North Dakota, via email by agreement (jjenkins@nd.gov)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit A.

| Place: Electronically or some other mutually agreeable location | Date and Time: |
|---|---|
| | 02/15/2022 12:00 pm |

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     01/25/2022

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | |
| | | /s/ Richard W. Mark |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Various defendants -- See Ex. A                                , who issues or requests this subpoena, are:
Richard W. Mark, Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-1093, RMark@gibsondunn.com, (212) 351-3818

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   19-1334-RGA-CJB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | |
| Plaintiffs, | C.A. No. 19-1334-RGA-CJB |
| v. | **JURY TRIAL DEMANDED** |
| ARTHUR J. GALLAGHER & CO., et al. | |
| Defendants. | |

**EXHIBIT A:**
**DEFENDANTS' REQUESTS FOR PRODUCTION**

Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, Defendants CERT Operations IV LLC; CERT Operations V LLC; CERT Operations RCB LLC; Rutledge Products, LLC; Senescence Energy Products, LLC; Alistar Enterprises, LLC; Bascobert (A) Holdings LLC; Buffington Partners LLC; Cottbus Associates LLC; Larkwood Energy LLC; Spring Hill Resources LLC; AJG Iowa Refined Coal LLC; Arbor Fuels Company, LLC; Belle River Fuels Company, LLC; Brandon Shores Coaltech, LLC; Erie Fuels Company, LLC; George Neal North Refined Coal, LLC; George Neal South Refined Coal, LLC; Joppa Refined Coal LLC; Huron Fuels Company, LLC; Louisa Refined Coal, LLC; Portage Fuels Company, LLC; Superior Fuels Company 1, LLC; Thomas Hill Refined Coal LLC; Wagner Coaltech LLC; and Walter Scott Refined Coal LLC, by and through their attorneys, jointly serve the following requests for production of documents and tangible things (hereinafter, "Requests") to the Energy & Environmental Research Center ("EERC"), seeking production and to permit inspection and copying of the following documents and things at the place, date and time specified in the accompanying subpoena.

## **DEFINITIONS**

Unless otherwise indicated, the following definitions shall apply to the following Requests.  Any term used but not defined herein shall have the meaning ascribed to such term in the Federal Rules of Civil Procedure and the Federal Rules of Evidence, as applicable.

1.      "Lawsuit" means the above-captioned Case No. 19-1334-RGA-CJB, and any related cases filed and consolidated in the District of Delaware.

2.      "Complaint" means any complaint filed in this Lawsuit, including any amended or supplemental complaints.

3.      "EERC," or any pronoun referring to EERC (*e.g.*, "You" or "Your), refers to the Energy & Environmental Research Center at the University of North Dakota, a Person as defined herein.

4.      "ME2C," "Plaintiff(s)," means the Persons Midwest Energy Emissions Corp. and MES Inc, collectively and severally.

5.      "Chem-Mod" means the Person Chem-Mod LLC and any individual that You understand to be affiliated with Chem-Mod LLC.

6.      "GCE" means the Person Gallagher Clean Energy LLC and any individual that You understand to be affiliated with GCE.

7.      "ME2C Subpoena" means the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated September 2, 2021, served on you by ME2C.

8.      "CERT" means CERT Operations IV LLC, CERT Operations V LLC,  and CERT Operations RCB LLC.

9.      "Rutledge" means Rutledge Products, LLC.

10.     "Senescence" means Senescence Energy Products, LLC.

11.     "Alistar" means Alistar Enterprises, LLC.

12.     "Bascobert" means Bascobert (A) Holdings LLC.

13.     "Buffington" means Buffington Partners LLC.

14.     "Cottbus" means Cottbus Associates LLC.

15.     "Larkwood" means Larkwood Energy LLC.

16.     "Spring Hill" means Spring Hill Resources LLC.

17.     "AJG Iowa" means AJG Iowa Refined Coal LLC.

18.     "Arbor" means Arbor Fuels Company, LLC.

19.     "Belle River" means Belle River Fuels Company, LLC.

20.     "Brandon Shores" means Brandon Shores Coaltech, LLC.

21.     "Erie" means Erie Fuels Company, LLC.

22.     "George Neal North" means George Neal North Refined Coal, LLC.

23.     "George Neal South" means George Neal South Refined Coal, LLC.

24.     "Joppa" means Joppa Refined Coal LLC.

25.     "Huron" means Huron Fuels Company, LLC.

26.     "Louisa" means Louisa Refined Coal, LLC.

27.     "Portage" means Portage Fuels Company, LLC.

28.     "Superior" means Superior Fuels Company 1, LLC.

29.     "Thomas Hill" means Thomas Hill Refined Coal LLC.

30.     "Wagner" means Wagner Coaltech LLC.

31.     "Walter Scott" means "Walter Scott Refined Coal LLC."

32.    "Refined Coal LLC Defendants" means Senescence Energy Products, LLC; Rutledge Products, LLC; Alistar Enterprises, LLC; Bascobert (A) Holdings LLC; Buffington Partners LLC; Cottbus Associates LLC; Larkwood Energy LLC; Spring Hill Resources LLC; AJG Iowa Refined Coal LLC; Arbor Fuels Company, LLC; Superior Fuels Company 1, LLC; Belle River Fuels Company, LLC; Huron Fuels Company, LLC; Brandon Shores Coaltech, LLC; George Neal North Refined Coal, LLC; George Neal South Refined Coal, LLC; Joppa Refined Coal LLC; Louisa Refined Coal, LLC; Portage Fuels Company, LLC; Erie Fuels Company, LLC; Thomas Hill Refined Coal LLC; Wagner Coaltech LLC; and Walter Scott Refined Coal LLC.

33.    "Defendant(s)" should be understood to mean, individually and collectively, to: CERT Operations IV LLC; CERT Operations V LLC; CERT Operations RCB LLC; Senescence Energy Products, LLC; Rutledge Products, LLC; Alistar Enterprises, LLC; Bascobert (A) Holdings LLC; Buffington Partners LLC; Cottbus Associates LLC; Larkwood Energy LLC; Spring Hill Resources LLC;  AJG Iowa Refined Coal LLC; Arbor Fuels Company, LLC; Superior Fuels Company 1, LLC; Belle River Fuels Company, LLC; Huron Fuels Company, LLC; Brandon Shores Coaltech, LLC; George Neal North Refined Coal, LLC; George Neal South Refined Coal, LLC; Joppa Refined Coal LLC; Louisa Refined Coal, LLC; Portage Fuels Company, LLC; Erie Fuels Company, LLC; Thomas Hill Refined Coal LLC; Wagner Coaltech LLC; and Walter Scott Refined Coal LLC.  If ME2C alleges a claim of infringement against any additional Persons, then such additional Persons should be considered a Defendant, for purposes of this request, if said Person is a subsidiary, parent, affiliate, division, successor, predecessor, or related entity with respect to CERT, the Refined Coal LLC Defendants, Arthur J. Gallagher & Co., or DTE Energy Co.

34.    "Named Inventor(s)" means any individual who is listed as an inventor on the cover of any Asserted Patent or counterpart thereof, and includes at least Edwin S. Olson, Michael J. Holmes, and John H. Pavlish.

35.    "'114 Patent" means U.S. Patent No. 10,343,114.

36.    "'147 Patent" means U.S. Patent No. 8,168,147.

37.    "'225 Patent" means U.S. Patent No. 10,589,225.

38.    "'517 Patent" means U.S. Patent No. 10,596,517.

39.    "'430 Patent" means U.S. Patent No. 10,668,430.

40.    "Asserted Patent(s)" refers to the '114 Patent, '147 Patent, '225 Patent, '517 Patent, and the '430 Patent individually and collectively.  If ME2C asserts additional patents in the Lawsuit, such patents shall be included in the definitions of these terms.

41.    "Asserted Claim(s)" refers to any claim of any Asserted Patent asserted against any Defendant in the Lawsuit.  If ME2C asserts additional claims in the Lawsuit, such claims shall be included in the definition of this term.  If ME2C elects to drop any asserted claims, such election shall not remove the dropped claims from the definition of this term.

42.    "Communication(s)" means each and every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, orally, in person, electronically, recording, in writing, or by any other means.  "Communication(s)" does not include electronic mail stored as such, the discovery of which is governed by the Proposed Order for Discovery, Including Discovery of Electronically Stored Information ("ESI Order") (D.I. 156). For the avoidance of doubt, "Communication(s)" includes printed communications that were transmitted electronically.

43.     "Document(s)" shall be defined as synonymous in meaning and equal in scope to the use of the term in Fed. R. Civ. P. 34(a) and applicable case law, and shall include, without limitation, "things," drawings and information in computer-readable format, invention disclosure documents, sketches, drawings, schematics, memoranda, drafts, reports, correspondence, records of tests, records of meetings, comments, edits, marginalia, notebook entries, and notes of any kind, and any other "writing" and "recording" as defined in Fed. R. Evid. 1001.  "Document(s)" does not include electronic mail stored as such, the discovery of which is governed by the ESI Order (D.I. 156).  For the avoidance of doubt, "Document(s)" includes printed documents that were prepared electronically.

44.     "License" shall include licenses to, sublicenses to, interests in, rights in, options to license, an agreement providing or limiting an amount of money that a party may be obligated to pay, and covenants not to sue over the subject matter of the Asserted Patents, or patents or applications related to the Asserted Patents, as well as offers or requests to grant such license, and shall include all settlements of litigation related to the Asserted Patents.

45.     "Person(s)" shall be understood to include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

46.     "Refined Coal" includes any coal or coal byproduct treated with bromine, any bromide compound, or any other halogen or halide compound prior to combustion; any "refined coal" as defined by 26 U.S.C. § 45(c)(7); any coal or coal byproduct that ME2C contends is used to infringe, or can be used to infringe, any Asserted Claim; and any material described as "refined coal" in the Complaint.

47.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

48.      "Any" and "all" shall be construed as "any and all."

49.     "Each" and "every" shall be construed as "each and every."

50.     "Including" shall be construed to mean "without limitation" and any terms following such term are used by way of example only.

51.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

52.     The use of the singular form of any word shall include the plural, and vice versa, as necessary to bring within the scope of the Request all responses and Documents that might otherwise be construed to be outside its scope.

## **INSTRUCTIONS**

The following instructions shall apply to these Requests:

1.     These Requests are continuing to the extent permitted under the Federal Rules of Civil Procedure and require You, consistent with Your obligations under Fed. R. Civ. P. 26(e)(1), promptly to produce for inspection and copying any Documents or things that You reasonably may acquire, obtain, locate or identify.

2.     Answer each Request separately by listing the responsive Documents and by describing them as defined below.  All Documents shall be:  (i) organized and designated to correspond to the categories in these Requests, or if not, (ii) produced as they are maintained in the normal course of business, and in either case: (a) all associated file labels, file headings, and file folders shall be produced together with the responsive Documents and each file shall be identified as to its owner or custodian; (b) all Documents that cannot be legibly copied shall be produced in their

original form; otherwise, You may produce photocopies (but Defendants reserve the right to inspect the originals); and (c) each page shall be given a discrete production number and produced in Bates-numbered form.

3.     Documents stored electronically must be produced in the form or forms in which they are ordinarily maintained.  Producing electronic Documents in the "form or forms in which they are ordinarily maintained" does not include printing those Documents and scanning them into PDF format.

4.     These Requests call for Documents that are known or available to You, or in Your possession, custody, or control, including all Documents known or available to Your attorneys, agents, representatives, or any other person acting on Your behalf or under Your direction or control.

5.     Possession, custody, and control does not require that You have actual physical possession; instead, if You have physical control or a superior right to compel production from another, the requested Document must be produced.

6.     In the event that multiple copies of a Document exist, produce every copy on which any notations or markings of any sort not appearing on any other copies exist.

7.     If no Documents or things are responsive to a particular Request, state that no responsive materials exist.

8.     If in answering these Requests You claim any ambiguity in either a Request or a definition or instruction applicable thereto, identify in Your response the language You consider ambiguous and state the interpretation You are using in responding.

9.     Each requested Document or thing shall be produced in its entirety and with all attachments, without deletions or excisions, regardless of whether You consider the entire

8

Document or any attachment thereto to be relevant to this case or responsive to these Requests. If any Document or thing cannot be produced in full, it shall be produced to the fullest extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge, or belief You have concerning the unproduced portion.

10.     If You or Your attorneys know of the existence, past or present, of any Document described in any of these Requests, but such Document is not presently in Your possession, custody, or control or in the possession, custody, or control of Your agents, representatives, or attorneys, You shall so state in response to the Request.  For any such Documents, provide the disposition of each such Document, including the date of, method of, and reasons for such disposition, and the name and address, if known, of any Person who has seen the Document or who now has custody, control, or possession thereof.  If such document no longer exists, state when, how, and why such Document ceased to exist.

11.     If You object to any Request or part thereof, You shall (1) state the objection, and (2) produce all relevant Documents to which Your objection does not apply.

12.     If any Documents are withheld from production under a claim of privilege or work product, produce all relevant Documents to which Your privilege objection does not apply, and then state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid.  For allegedly privileged Documents, include:  (i) any privilege or immunity from discovery asserted; (ii) the nature of the Document (letter, memorandum, notes, etc.); (iii) the author; (iv) the addressee, including recipients of copies; (v) the date; (vi) each and every Person who has seen such Document or a portion of such Document; (vii) the subject matter and general nature of the information; and (viii) all other facts which are alleged to support the assertion of privilege or immunity.

13.     Unless otherwise stated, these Requests require the production of Documents or things that were prepared, created, written, sent, dated or received at any time.

14.     The geographic scope of these Requests is worldwide, to the extent that there is a reasonable basis to believe that locations outside of the United States may contain responsive Documents that cannot be found inside the United States.

15.     The Defendants reserve the right to propose additional Requests.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**REQUEST FOR PRODUCTION NO. 1:**

Documents sufficient to show whether the emissions reduction tests conducted by EERC to qualify Refined Coal for Defendants employ activated carbon treatment of flue gas.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents, Communications, and other things produced by EERC pursuant to the ME2C Subpoena.

**REQUEST FOR PRODUCTION NO. 3:**

All Communications between any Person acting on behalf of EERC and any Person acting on behalf of ME2C relating to the ME2C Subpoena.

**REQUEST FOR PRODUCTION NO. 4:**

All documents, communications, and other things produced or otherwise provided by EERC to ME2C at any time relating to the Lawsuit, the Complaint, any Defendant, Chem-Mod, GCE, any Named Inventor, any Asserted Patent, or Refined Coal.

**REQUEST FOR PRODUCTION NO. 5:**

Documents sufficient to show EERC's ownership or other financial interests in ME2C, any patents owned by or assigned to ME2C,  or the outcome of the Lawsuit, if any.

**REQUEST FOR PRODUCTION NO. 6:**

All agreements concerning or related to the Asserted Patents, or patents or applications related to the Asserted Patents, or to the technology claimed in the Asserted Patents, including but not limited to assignments, transfers, Licenses, and settlements.

**REQUEST FOR PRODUCTION NO. 7:**

All Communications between EERC and any other Person concerning the scope, applicability, infringement, validity, inventorship, or actual or potential licensure of any of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 8:**

All agreements between EERC and any Named Inventor or ME2C, including but not limited to any agreement relating to:  ownership, membership, or shareholding; employment; severance; non-compete provisions; patent assignment; inventorship; inventor or invention compensation and/or obligations to assign invention rights; confidentiality or non-disclosure provisions; settlement of claims; sales of products or services; consulting arrangements; joint ventures or joint enterprises; or litigation.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents relating to the conception, reduction to practice, or inventorship of any Asserted Claim, including but not limited to inventor notebooks, experiment reports or test results, and draft patent applications.

11

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications related to any of the following articles, including but not limited to drafts, speech transcripts, prepared remarks, presentations, and publications: (1) Olson et al., "The Multiple Site Model for Flue Gas- Mercury Interactions on Activated Carbons: the Basic Site," Fuel Chemistry Division Preprints 2003, 48(a), 30; (2) Olson et al., "Chemical mechanisms in mercury emission control technologies," J. Phys. IV France 107 (2003), including as presented May 26-30, 2003 at the XIIth International Conference on Heavy Metals in the Environment in Grenoble, France; (3) Olson et al., "An Improved Model for Flue Gas-Mercury Interactions on Activated Carbons," Paper #142 at the Combined Power Plant Air Pollutant Control Mega Symposium, May 19-22, 2003 in Washington, DC.

**REQUEST FOR PRODUCTION NO. 11:**

Documents sufficient to show Your first knowledge of each Asserted Patent.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents relating to the disclosure or non-disclosure of the Asserted Patents to Defendants.

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to describe EERC's marketing or advertising efforts for its coal testing and Section 45 certification services and technology.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to show revenues or profits earned by EERC in connection with the use or testing of Refined Coal.

**REQUEST FOR PRODUCTION NO. 15:**

 All Communications between EERC and any power plant owner or operator relating to use of activated carbon in conjunction with Refined Coal, any Asserted Patent, ME2C, or this Lawsuit.

**REQUEST FOR PRODUCTION NO. 16:**

 All Documents relating to the use by EERC, any Defendant, ME2C, or any Named Inventor, of Refined Coal in conjunction with activated carbon treatment of flue gas, including both experimental and commercial use.

**REQUEST FOR PRODUCTION NO. 17:**

 All Documents relating to the use by EERC, any Defendant, ME2C, or any Named Inventor, of Refined Coal without activated carbon treatment of flue gas, including both experimental and commercial use.

Dated:  January 25, 2022

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Brian P. Egan*
Jack B. Blumenfeld (ID No. 1014)
Brian P. Egan (ID No. 6227)
1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

OF COUNSEL:

GIBSON, DUNN & CRUTCHER LLP

Richard W. Mark
Joseph Evall
Paul J. Kremer
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
rmark@gibsondunn.com
jevall@gibsondunn.com
pkremer@gibsondunn.com

*Attorneys for Defendants*
*AJG Iowa Refined Coal LLC,*
*Arbor Fuels Company, LLC,*
*Belle River Fuels Company, LLC,*
*Brandon Shores Coaltech LLC,*
*Erie Fuels Company, LLC*
*George Neal North Refined Coal, LLC*
*George Neal Refined Coal, LLC*
*Huron Fuels Company, LLC*
*Joppa Refined Coal LLC*
*Louisa Refined Coal, LLC*
*Portage Fuels Company, LLC*
*Superior Fuels Company 1, LLC*
*Thomas Hill Refined Coal LLC*
*Wagner Coaltech LLC*
*Walter Scott Refined Coal LLC*

SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP

/s/ *Jessica R. Kunz*
Robert S. Saunders (ID No. 3027)
Nicole A. DiSalvo (ID No. 4662)
Jessica R. Kunz (ID No. 5698)
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Tel.: (302) 651-3000
Fax: (302) 651-3001
rob.saunders@skadden.com
nicole.disalvo@skadden.com
jessica.kunz@skadden.com

OF COUNSEL:

Douglas R. Nemec
Leslie A. Demers
One Manhattan West
New York, New York  10001-8602
Tel.: (212) 735-3000
Fax: (212) 735-2000
douglas.nemec@skadden.com
leslie.demers@skadden.com

*Attorneys for Defendants*
*Alistar Enterprises, LLC,*
*CERT Operations RCB LLC,*
*CERT Operations IV LLC,*
*CERT Operations V LLC,*
*Rutledge Products, LLC, and*
*Senescence Energy Products, LLC,*
*Spring Hill Resources LLC; Buffington*
*Partners LLC; Bascobert (A) Holdings LLC;*
*Larkwood Energy LLC; and Cottbus*
*Associates LLC.*

14

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 25, 2022, upon the following in the manner indicated:

James M. Lennon, Esquire                                 *VIA ELECTRONIC MAIL*
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE  19806
*Attorneys for Plaintiffs*

Bradley W. Caldwell, Esquire                             *VIA ELECTRONIC MAIL*
Jason D. Cassady, Esquire
John Austin Curry, Esquire
Justin T. Nemunaitis, Esquire
CALDWELL CASSADY CURRY PC
2010 Cedar Springs Road, Suite 1000
Dallas, TX  75201
*Attorneys for Plaintiffs*

Robert S. Saunders, Esquire                              *VIA ELECTRONIC MAIL*
Nicole A. DiSalvo, Esquire
Jessica R. Kunz, Esquire
Daniel S. Atlas, Esquire
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, DE  19899-0636
*Attorneys for Defendants CERT Coal Holding,*
*LLC, CERT Holdings LLC, CERT Holdings 2018,*
*LLC, CERT Operations LLC, CERT Operations II*
*LLC, CERT Operations III LLC, CERT Operations*
*IV LLC, CERT Operations V LLC, CERT*
*Operations RCB LLC, Senescence Energy*
*Products, LLC, Rutledge Products, LLC,*
*Alistar Enterprises, LLC, Spring Hill Resources,*
*LLC, Buffington Partners, LLC, Bascobert (A)*
*Holdings, LLC, Larkwood Energy, LLC and*
*Cottbus Associates, LLC*

Douglas R. Nemec, Esquire                                    *VIA ELECTRONIC MAIL*
Leslie A. Demers, Esquire
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY  10001-8602
*Attorneys for Defendants CERT Coal Holding,*
*LLC, CERT Holdings LLC, CERT Holdings 2018,*
*LLC, CERT Operations LLC, CERT Operations II*
*LLC, CERT Operations III LLC, CERT Operations*
*IV LLC, CERT Operations V LLC, CERT*
*Operations RCB LLC, Senescence Energy*
*Products, LLC, Rutledge Products, LLC,*
*and Alistar Enterprises, LLC*


                                            */s/ Brian P. Egan*
                                            _____
                                            Brian P. Egan (#6227)