# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | |
| Plaintiffs, | |
| v. | Civ. No. 1:19-01334-RGA-CJB |
| ARTHUR J. GALLAGHER & CO., ET AL., | |
| Defendants. | |

**PLAINTIFF'S LETTER TO THE HONORABLE CHRISTOPHER J. BURKE REQUESTING LEAVE TO FILE A FOURTH AMENDED COMPLAINT**

Dated: March 3, 2022

OF COUNSEL:

Bradley W. Caldwell
Texas Bar No. 24040630
Jason D. Cassady
Texas Bar No. 24045625
John Austin Curry
Texas Bar No. 24059636
Justin T. Nemunaitis
Texas Bar No. 24065815
**CALDWELL CASSADY CURRY PC**
**2121 N. Pearl Street, Suite 1200**
**Dallas, Texas 75201**
Phone: (214) 888-4848
Fax: (214) 888-4849
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
jnemunaitis@caldwellcc.com

**DEVLIN LAW FIRM LLC**
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com

*Attorneys for Plaintiffs Midwest Energy Emissions Corp. and MES Inc.*

Dear Judge Burke,

ME2C requests leave to file a Fourth Amended Complaint that: (1) adds certain Refined Coal LLC Defendants identified recently through discovery, (2) removes certain allegations related to certification testing, and (3) includes allegations against some of the parent entities, including those previously dismissed from the case, based on recent discovery from Defendants. Defendants do not oppose amendments (1) and (2), but do oppose amendment (3).

**Legal Standard**

Leave to amend pleadings should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has adopted a policy of "strong liberality" in the amendment of pleadings. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). "This approach ensures that a particular claim will be decided on the merits rather than on technicalities." *Id.* In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Courts may also consider the interest of judicial economy when evaluating whether to allow a plaintiff to amend its complaint. *Trueposition, Inc. v. Allen Telecom, Inc.*, No. CIV.A.01-823 GMS, 2002 WL 1558531, at *2 (D. Del. July 16, 2002).

**The Fourth Amended Complaint Is Warranted**

    **1. Good Cause Exists and Defendants are Unopposed to Amendments (1) and (2).**

ME2C proposes amending the complaint to include Refined Coal LLC entities identified through recently obtained discovery and to remove certain allegations related to certification testing. This request is being made based on negotiations with, and information produced by Defendants after ME2C filed its Third Amended Complaint. Defendants do not oppose these amendments. Furthermore, granting ME2C leave to include such Refined Coal LLCs will promote judicial efficiency as it is far more efficient for the Court and the parties to resolve ME2C's claims in the current proceeding rather than in a separate case.

    **2. Good Cause Exists to Add Refined Coal LLC Parent Entities.**

The Court should grant ME2C leave to amend its complaint to include certain parent entities because ME2C's proposed amendment is brought in good faith, is brought without undue delay, is not futile, and will not unfairly prejudice Defendants.

First, good cause exists to amend the complaint to include allegations against certain parent entities. Prior to this amendment, the Court dismissed ME2C's allegations against some of the parent entities without prejudice on group pleading grounds. ME2C now seeks to provide further clarity into its infringement allegations based on recently received discovery that demonstrates such parent entities should be held responsible for employing the Refined Coal LLCs as agents or alter egos with respect to their induced and contributory infringement.

1

Second, ME2C seeks this amendment without undue delay. On June 17, 2020, ME2C served requests for production calling for production of indemnity agreements, documents related to Defendants' communications and conduct related to the production and sale of refined coal, and documents from certain Defendants' prior litigation with Nalco. These requests were served on Defendants Arbor Fuels Company LLC ("Arbor") and Portage Fuels Company LLC ("Portage"). On August 11, 2021, ME2C also sought these documents through subpoenas served on a number of entities, including Gallagher Clean Energy ("GCE"), one of the original named defendants that had been dismissed without prejudice.

On January 20, 2022, after extensive negotiations with outside counsel for Arbor, Portage, GCE, and the other entities affiliated with AJ Gallagher, ME2C received 3,144 pages of documents from Arbor and Portage's prior litigation with Nalco.[1] These included indemnity and license agreements, correspondence with power plants and A.J. Gallagher employees, and deposition transcripts. These documents evidenced the extensive control that certain other A.J. Gallagher- and DTE-affiliated entities have exercised over the other named defendants in this case as demonstrated in the allegations in ME2C's proposed amended complaint. *See* ¶¶ 199–202, 235–255. ME2C promptly reviewed this information, prepared the amended complaint, and provided a copy to Defendants less than three weeks later on February 8, 2022. Defendants indicated that they would oppose the amendment on February 22, 2022, the parties met and conferred on March 2, 2022, and ME2C filed the present motion one day later after resolving confidentiality issues related to Defendant material contained in ME2C's proposed amended complaint. Accordingly, ME2C is now promptly seeking leave to amend its complaint to include these specific allegations based on recently received documents and sworn deposition testimony.

Third, granting ME2C leave to amend its complaint is not futile. ME2C's Fourth Amended Complaint seeks to include newly produced information that demonstrates that certain Refined Coal LLCs are acting as the alter egos and agents of the parent companies. Delaware courts consider the following factors when deciding whether to pierce the corporate veil: "(1) whether the company was adequately capitalized for the undertaking; (2) whether the company was solvent; (3) whether corporate formalities were observed; (4) whether the dominant shareholder siphoned company funds; and (5) whether, in general, the company simply functioned as a facade for the dominant shareholder." *E.I. du Pont de Nemours & Co. v. Agfa-Gavaert NV*, 335 F. Supp. 3d 657, 675 (D. Del. 2018). Likewise, under Federal Circuit precedent, an agency relationship is shown by (1) the principal manifesting assent to the agent that the agent shall act on the principal's behalf; (2) the agent being subject to the principal's control; and (3) the agent consenting to act on behalf of the principal. *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020). The newly produced evidence demonstrates that the Refined Coal LLCs are undercapitalized, lack their own employees, deposit and distribute funds to and from a joint "pool of cash" with its parent entity, and exist only to further the interests of and act under the control of its parent entity. *See* Fourth Amended

---

[1] Defendants have not adequately explained why this material was not produced earlier. Defendants ultimately agreed to produce the material from GCE because "Arbor and Portage were required to destroy certain materials under the *Nalco* protective order, including many of the types of documents sought by your RFPs." (Kremer to Nemunaitis email (Nov. 23, 2021)). However, GCE apparently acquired and retained these materials, and the *Nalco* litigation was resolved while Arbor and Portage were under Rule 37 obligations in this case. In fact, many of the documents produced by GCE bear Arbor and Portage bates labels from the *Nalco* litigation.

Complaint ¶¶ 235–55.  The Refined Coal LLCs also cannot engage in contracting for providing refined coal—the conduct accused of infringement in this case—without the parent entity's direction and approval.  *See id.* ¶ 241–42.  And as of the expiration of the refined coal tax credit on December 31, 2021, such Refined Coal LLCs have ceased their refined coal operations and have attempted to dispose of their remaining assets.  *See id.* ¶¶ 243.  Accordingly, it is not futile for the Court to grant ME2C leave to amend its complaint to include allegations that such parent entities should be held responsible for its agent and alter ego Refined Coal LLCs induced and contributory infringement.

Based on yesterday's meet and confer, Defendants may also argue that ME2C's complaint is futile for having removed allegations that Defendants learned of activated carbon use from certification testing.  However, the certification testing allegations merely provided one of multiple means of inferring Defendants' knowledge.  ME2C's proposed amendment replaces these allegations with Defendants' admitted knowledge of activated carbon use.  *See* ¶ 82.  Moreover, ME2C has alleged other bases of direct or inferred knowledge.  *See* ¶¶ 83-101, 199-202.

Lastly, the Defendants and parent entities will not be unfairly prejudiced by this amendment.  ME2C's Fourth Amended Complaint merely seeks to include information about the parent entities based on documents and sworn testimony that should have been produced by Defendants long ago.  There is no surprise or unfair prejudice here.  The parent entities know how their companies interact and operate.  And it is by no fault of ME2C that such information is only now available.  ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████  Thus, while ME2C's amended complaint would include additional entities in this lawsuit, there is no meaningful distinction between those entities that would justify extension of the schedule for example.  Therefore, granting ME2C leave to amend its complaint is not unfairly prejudicial, but "ensures that a particular claim will be decided on the merits rather than on technicalities."  *Dole*, 921 F.2d at 487.

**Conclusion**

Accordingly, ME2C respectfully requests that the Court grant its motion for leave to file the Fourth Amended Complaint.

                Respectfully,

                */s/ James M. Lennon*

                James M. Lennon (No. 4570)

Enclosures
cc:    Clerk of the Court (via CM/ECF, w/encls.)
        Counsel of Record (via CM/ECF, w/encls.)