## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., <br><br> Plaintiffs, <br><br> v. <br><br> ARTHUR J. GALLAGHER & CO., ET AL., <br><br> Defendants. | Civ. No. 1:19-01334-RGA-CJB |

### PLAINTIFFS' LETTER TO THE HONORABLE CHRISTOPHER J. BURKE IN RESPONSE TO DEFENDANTS' OPPOSITION TO REQUEST FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT

Dated: March 14, 2022

OF COUNSEL:

Bradley W. Caldwell
Texas Bar No. 24040630
Jason D. Cassady
Texas Bar No. 24045625
John Austin Curry
Texas Bar No. 24059636
Justin T. Nemunaitis
Texas Bar No. 24065815
**CALDWELL CASSADY CURRY PC**
**2121 N. Pearl Street, Suite 1200**
**Dallas, Texas 75201**
Phone: (214) 888-4848
Fax: (214) 888-4849
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
jnemunaitis@caldwellcc.com

DEVLIN LAW FIRM LLC
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com

*Attorneys for Plaintiffs Midwest Energy Emissions Corp. and MES Inc.*

Dear Judge Burke,

Defendants do not dispute that the 4AC is brought without undue delay or dilatory motive, in good faith, and is not unfairly prejudicial to them. Defendants only argue that such amendment to add parent entities should be denied because it would be futile. It would not. For at least the reasons set forth below, the Court should grant ME2C leave to file the 4AC in its entirety.

**The Refined Coal LLCs Are the Alter Ego and Agents of the Parent Entities**

Defendants complain that ME2C fails to allege a lack of corporate formalities under an alter ego theory of liability, but this is not the standard. Delaware courts consider whether corporate formalities were observed as *one of many factors* when deciding whether the pierce the corporate veil. *E. I. du Pont de Nemours & Co. v. Agfa-Gavaert NV*, 335 F. Supp. 3d 657, 675 (D. Del. 2018). And, in any event, LLCs inherently require less corporate formalities. Under Delaware law, LLCs are not required to maintain typical corporate formalities like annual meetings and meeting minutes unless established under the LLC agreement; so, the presence or absence of such formalities is not indicative of valid corporate form and function. *See* 6 Del. C. § 18. Again, "[n]o single factor is dispositive" and the overwhelming evidence supports piercing the corporate veil. *See E. I. du Pont*, 335 F. Supp. 3d at 675. The Refined Coal LLCs are not adequately capitalized and are insolvent; in fact, they are *designed* to operate at a loss. 4AC ¶¶ 238, 247. The Refined Coal LLCs and the parent entities comingle funds and jointly operate from a joint "pool of cash" with the parent entities. *Id.* ¶ 240. Furthermore, the parent entities and the Refined Coal LLCs do not merely share employees. The day-to-day operations of the Refined Coal LLCs are handled by employees of the *parent entities*. *Id.* ¶ 241. The parent entities created these Refined Coal subsidiaries for the purpose of performing the infringing activity and are now using them to "escape[] liability by abusing corporate privilege through a subsidiary that is, in effect, a sham corporation, to commit wrongful acts." *Masimo Corp. v. Wireless*, No. 19-CV-01100-BAS-NLS, 2020 WL 7260660, at *11 (S.D. Cal. Dec. 10, 2020). Accordingly, none of the Refined Coal LLCs pursue their own independent business interests but "simply function[] as a facade for the dominant shareholder." *E. I. du Pont.*, 335 F. Supp. 3d at 675. Given the facts alleged in the 4AC, ME2C has more than plausibly stated a claim for relief under the alter ego theory and such amendment is not futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

Similarly, ME2C has more than adequately pleaded that the Refined Coal LLCs are the agents of the parent entities. The parent entities created the Refined Coal LLCs to act on their behalf, the Refined Coal LLCs have so acted, and the parent entities direct and control the Refined Coal LLCs operations. *See In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020). Furthermore, the parent entities completely finance the Refined Coal LLC operations, and all costs of the Refined Coal LLCs are paid by the parent entities *because they were never designed to make any money*. *See E. I. du Pont.*, 335 F. Supp. 3d at 670. The parent entities conduct *all* the Refined Coal LLCs day-to-day operations. *See id.* And the Refined Coal LLCs *cannot* obtain their own business as they do not have the authority to contract for the provision of refined coal—the conduct accused of infringement—without the direction and approval of the parent entity. *See id*; 4AC ¶¶ 242, 249. The whole point of the supplying refined coal through the Refined Coal LLCs was to obtain the Section 45 tax credits for the parent entity. This is evidenced by the fact that as of December 31,

The Honorable Christopher J. Burke
March 14, 2022
Page 2

2021, the date the refined coal tax credits expired, the Refined Coal LLCs have ceased operations and have attempted to dispose of their remaining assets. 4AC ¶ 243. If the Refined Coal LLCs were acting on their own behalf, they have behaved in an economically irrational way (designed and perpetuated to operate at a loss), but if the Refined Coal LLCs were created to, and in fact did, act on behalf of the parent entities, their conduct makes perfect sense (operating so that tax credits inure to the parent entities benefit). Furthermore, Defendants have likened these acts to "commonplace corporate structures" and mere "oversight or management" of a subsidiary. (D.I. 376 at 3). This is not merely "oversight or management" of a subsidiary. The parent entities are the real actors. They authorize the contracts. They pull the strings. All while they shout "pay no mind to the man behind the curtain." As recent discovery has proven, the façade they carry is thin. The Refined Coal LLCs act as the agent and alter ego of the parent entities, and ME2C should be allowed leave to amend its Complaint to include such allegations.

### The 4AC Sufficiently Pleads Intent

Defendants ask the Court to preemptively dismiss _any_ induced infringement claims. However, a Motion to Dismiss through an opposition to a Motion for Leave to File an Amended Complaint is improper. Even then, Defendants do not contest that the 4AC adequately pleads claims of contributory infringement. Thus, this is no reason to deny leave to add the parent entities.

Second, the Court previously found that ME2C had sufficiently alleged intent because the refined coal entities certify their coal for specific power plants (i.e., plants using AC), and they specifically intend for power plants to continue using AC so that they can continue obtaining Section 45 tax credits. _See_ D.I. 279 at 25, fn. 18. These allegations remain unchanged. 4AC ¶¶ 78-101. While ME2C removed allegations that the Defendants obtained knowledge of the refined-coal power plants' AC use because they injected AC during post-emission control testing, such allegations are no longer necessary to infer knowledge because Defendants have now _admitted they knew_ the power plants used AC. 4AC ¶¶ 82, 199.

Lastly, Defendants raise a "lumped pleading" objection with respect to the AJG parent entities, but the 4AC contains entity-specific allegations. _See_ ¶¶ 235-244. While ME2C alleges that certain individuals acted on behalf of multiple entities (_e.g.,_ 4AC ¶ 199-202), this is merely the result of Defendants using overlapping employees and failing to create legitimate distinctions between entities.

Additionally, Defendants do not oppose the portion of the 4AC which seeks to add certain Refined Coal LLCs and drop claims as to other Refined Coal LLCs, but ask that the Court dismiss such dropped claims with prejudice. The Court's dismissal of certain Refined Coal LLCs should be without prejudice as Defendants give no reason or authority to justify a dismissal with prejudice.

### Conclusion

Accordingly, ME2C respectfully requests that the Court grant its motion for leave to file the Fourth Amended Complaint in its entirety.

The Honorable Christopher J. Burke
March 14, 2022
Page 3

                                      Respectfully,

                                      James M. Lennon (No. 4570)

cc:    Clerk of the Court (via CM/ECF)
        Counsel of Record (via CM/ECF)