# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., <br><br> Plaintiffs, <br><br> v. <br><br> ARTHUR J. GALLAGHER & CO., ET AL., <br><br> Defendants. | Civ. No. 1:19-cv-01334-CJB |

**PLAINTIFFS' LETTER TO THE HONORABLE CHRISTOPHER J. BURKE REGARDING ITS MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT OR, IN THE ALTERNATIVE, LEAVE TO FILE A FIFTH AMENDED COMPLAINT**

Dated: May 11, 2022

OF COUNSEL:

Bradley W. Caldwell
Texas Bar No. 24040630
Jason D. Cassady
Texas Bar No. 24045625
John Austin Curry
Texas Bar No. 24059636
Justin T. Nemunaitis
Texas Bar No. 24065815
Adrienne R. Dellinger
Texas Bar No. 24116275
**CALDWELL CASSADY CURRY PC**
2121 N. Pearl Street, Suite 1200
Dallas, Texas 75201
Phone: (214) 888-4848
Fax: (214) 888-4849
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
jnemunaitis@caldwellcc.com
adellinger@caldwellcc.com

DEVLIN LAW FIRM LLC
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com

*Attorneys for Plaintiffs Midwest Energy Emissions Corp. and MES Inc.*

May 11, 2022

The Honorable Christopher J. Burke**VIA CM/ECF**
United States District Court
  for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28, Room 2325
Wilmington, DE 19801-3555

>Re:Midwest Energy Emissions Corp., et al. v. Arthur J. Gallagher & Co., et al.,
>C.A. No. 1:19-cv-01334-CJB

Dear Judge Burke,

ME2C requests reconsideration of its Motion for Leave to file a Fourth Amended Complaint or, in the alternative, leave to file a Fifth Amended Complaint to include specific allegations as to the alter ego and agency relationships of Arthur J. Gallagher & Co., AJG Coal, LLC, Gallagher Clean Energy, LLC and AJG Financial Services, LLC ("AJG Parent Entities").[1]

**Legal Standard**

Reconsideration is warranted where, as here, there is a need "to correct a clear error of law or fact or to prevent manifest injustice" or where there has been "an error not of reasoning but of apprehension." *Wi-LAN Inc. v. Sharp Elecs. Corp.*, No. CV 15-379-LPS, 2022 WL 1224901, at *1 (D. Del. Apr. 25, 2022).

Leave to amend pleadings should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has adopted a policy of "strong liberality" in the amendment of pleadings. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). "This approach ensures that a particular claim will be decided on the merits rather than on technicalities." *Id.* In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Courts may also consider the interest of judicial economy when evaluating whether to allow a plaintiff to amend its complaint. *Trueposition, Inc. v. Allen Telecom, Inc.*, No. CIV.A.01-823 GMS, 2002 WL 1558531, at *2 (D. Del. July 16, 2002).

**Reconsideration is Warranted.**

The Court previously found that ME2C alleged facts sufficient to support claims of alter ego or agency liability with respect to DTE Energy Resources LLC ("DTE"). (D.I. 404.) ME2C

---

[1] Because there are different page limit and submission requirements for a Motion for Re-argument and Motion to Amend, and to minimize the burden of briefing on the Court, ME2C respectfully submits this Motion in accordance with the more stringent requirements set forth in the Court's Scheduling Order (D.I. 283) for a Motion to Amend.

alleged the same facts related to various AJG Parent Entities.  However, the Court denied leave to allege alter ego and agency liability for those entities, explaining:

> [T]he 4AC never makes clear which of the AJG-affiliated REFCO Defendants are said to be the alter egos or have an agency relationship with which of the four AJG entities. And the four AJG entities are subsidiaries or parents of each other, yet the 4AC makes no attempt to explain how any of those parent-subsidiary relationships do or do not impact the alter ego or agency analysis.

(D.I. 404.)  Respectfully, ME2C submits that this decision was based on a misapprehension of ME2C's allegations and a clear error of law.

First, the Court may have misapprehended ME2C's allegations.  For example, ME2C alleged that the AJG-Affiliated RC Defendants are alter egos of each of the four AJG Parent Entities, and ME2C also asserted specific agency theories.  For example, ME2C alleged:

> [The AJG-affiliated RC Defendants] act as the agents of Arthur J. Gallagher & Co., AJG Financial Services Inc., AJG Coal LLC, Gallagher Clean Energy, LLC, with respect to the conduct accused of infringement in this case.  Moreover, each of the AJG-affiliated RC Defendants have acted as the alter ego and a sham entity on behalf of AJG, which justifies piercing the corporate veil.
>
> To the extent any of the AJG-affiliated RC Defendants, Gallagher Clean Energy, LLC or AJG Coal LLC are deemed not to be direct agents of Arthur Gallagher & Co., each entity is an agent of AJG Financial services, which is ultimately controlled by and is an agent of Arthur Gallagher & Co.

(D.I. 373-2 at ¶¶ 235–236.)  ME2C's Proposed 4AC also contained the same factual allegations against the AJG Parent Entities that the Court found sufficient with respect to DTE. *Compare id.* at ¶¶ 235–244 *with id.* at ¶¶ 245–251.  While ME2C's allegations against the AJG Parent Entities differ from DTE in that Arthur J. Gallagher & Co. employs subsidiaries to control and siphon benefits from the AJG-affiliated RC Defendants, a party should not be able to defeat agency or alter ego liability merely by employing an indirect subsidiary. *See, e.g., H.Y.C. v. Hyatt Hotels Corp.*, 319 F.R.D. 136, 138 (D. Del. 2016) (granting leave to amend to assert agency and alter ego theories without providing entity specific allegations).

Second, with respect to the law, it is error to dismiss a claim supported by sufficient factual allegations merely because the plaintiff fails to provide specific notice of the legal theories asserted.  For example, in *Johnson v. City of Shelby, Miss.*, plaintiff police officers alleged that they were wrongfully terminated.  574 U.S. 10, 12 (2014).  The Fifth Circuit held that their complaint failed to provide adequate notice for a § 1983 claim because it failed to cite that statute. *Id.*  The Supreme Court reversed.  It explained that the pleading standard of *Iqbal/Twombly* "do[es] not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Id.*  It further explained: "Having informed the city of the *factual basis for their complaint*, they were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim.  For clarification and to ward off further insistence on a

punctiliously stated 'theory of the pleadings,' petitioners, on remand, should be accorded an opportunity to add to their complaint a citation to § 1983." *Id.* (citations omitted; emphasis added).

Similarly, in *H.Y.C. v. Hyatt Hotels Corp.*, the Court granted leave to amend a complaint even though the proposed complaint failed to specify the legal theories being added to the case. 319 F.R.D. at 138. In that case, the plaintiff asserted claims against multiple related entities. Defendants sought dismissal, in part, because the complaint referred to those entities collectively using a group name, and because it did not explicitly allege alter ego or agency liability. Citing *Johnson v. City of Shelby, Miss.*, the Court ruled that this was no basis to deny leave to amend. The Court found the complaint's factual allegations sufficient to state claims for alter ego, agency, or piercing the corporate veil even though the proposed amended complaint failed to explain how each individual entity fit within the framework of those legal theories. *Id.* at 139. Accordingly, if ME2C's proposed 4AC provides a sufficient factual basis to support veil-piercing and agency theories against the AJG Parent Entities, leave to amend should be granted.

Because ME2C alleged specific agency and veil piercing theories, and it alleged the same facts with respect to the AJG Parent Entities and DTE, ME2C requests that the Court reconsider its decision and permit ME2C to add the AJG Parent Entities as Defendants. Even if the Court finds that the portions of ME2C's proposed 4AC cited above fail to provide sufficient notice of its legal theories, as a matter of law, this cannot justify denial of leave to amend. ME2C was not required to plead specific legal theories of agency or veil piercing. Rather, it was merely required to allege sufficient facts that could render such claims plausible. Accordingly, ME2C requests reconsideration on that basis as well.

**In the Alternative, ME2C Requests Leave to File a Fifth Amended Complaint.**

In the alternative, and consistent with the Supreme Court's ruling in *Johnson v. City of Shelby, Miss.* ordering that leave to amend be granted to clarify the legal theories asserted in the complaint, ME2C requests leave to file a Fifth Amended Complaint ("5AC"). This 5AC includes the same factual allegations found sufficient with respect to DTE, separated out to identify specific legal theories for the AJG Parent Entities.[2] ME2C requests this alternative relief now to avoid even the appearance of improper delay or bad faith. Because Defendants did not previously challenge that ME2C has good cause to assert its claims against these AJG Parent Entities, and because ME2C is requesting the present relief shortly after—and in direct response to—the Court's ruling, the Court should find that ME2C has good cause for the present amendment. Indeed, given the controlling Supreme Court precedent, the Court could grant leave to amend without addressing the issue of re-argument with respect to the 4AC. Accordingly, ME2C respectfully requests leave to file an amended complaint alleging veil piercing and agency theories against the AJG Parent Entities.

---

[2] The Allegations with respect to Gallagher Clean Energy LLC are structured differently because, based on ME2C's present understanding, it is not in the same chain of ownership with respect to the AJG-affiliated RC Defendants. Nonetheless, even if the Court denies leave to add Gallagher Clean Energy LLC, the Court should grant leave to add the other AJG Parent Entities.

        Respectfully,

        /s/ James M. Lennon

        James M. Lennon (No. 4570)

Enclosure
cc:    Clerk of the Court (via CM/ECF, w/encl.)
        Counsel of Record (via CM/ECF, w/encl.)

4