IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 19-1334 (RGA) (CJB) |
| ARTHUR J. GALLAGHER & CO., *et al.*, | ) ) | |
| Defendants. | ) | |

## NOTICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, the subpoena attached as Exhibit 1 will be served on the Energy & Environmental Research Center Foundation.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Anthony D. Raucci*

_____

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
araucci@morrisnichols.com

OF COUNSEL:

Richard W. Mark
Joseph Evall
Paul J. Kremer
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
(212) 351-4000

*Attorneys for Defendants*
*AJG Iowa Refined Coal LLC*
*Arbor Fuels Company, LLC*
*Belle River Fuels Company, LLC*
*Canadys Refined Coal, LLC*
*Chouteau Fuels Company, LLC*
*Coronado Refined Coal, LLC*
*DTE Energy Resources, LLC*
*Erie Fuels Company, LLC*
*George Neal North Refined Coal, LLC*
*George Neal Refined Coal, LLC*
*Hastings Refined Coal, LLC*
*Huron Fuels Company, LLC*
*Jasper Fuels Company, LLC*
*Jefferies Refined Coal, LLC*
*Joppa Refined Coal LLC*
*Louisa Refined Coal, LLC*
*Newton RC, LLC*
*Portage Fuels Company, LLC*
*Superior Fuels Company 1, LLC*
*Walter Scott Refined Coal LLC*
*Williams Refined Coal, LLC*

July 21, 2022

# EXHIBIT 1

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP., et al. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   19-1334-CJB |
| ARTHUR J. GALLAGHER & CO., et al. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Energy & Environmental Research Center Foundation
c/o Brent J. Edison, Esq. via email by agreement (bedison@vogellaw.com)

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:    See Exhibit A.

| Place: Electronically, or some other mutually agreeable method or location | Date and Time: 08/19/2022 12:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/21/2022

| | | |
|---|---|---|
| | *CLERK OF COURT* | |
| | OR | |
| _____ | | /s/ Richard W. Mark |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Various defendants -- See Ex. A                                                                          , who issues or requests this subpoena, are:
Richard W. Mark, Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, NY  10166-1093, RMark@gibsondunn.com, (212) 351-3818

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    19-1334-CJB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MIDWEST ENERGY EMISSIONS CORP.
and MES INC.,

Plaintiffs,

v.

ARTHUR J. GALLAGHER & CO., et al.

Defendants.

C.A. No. 19-1334-CJB

**JURY TRIAL DEMANDED**

## <u>DEFENDANTS' REQUESTS FOR PRODUCTION</u>

Pursuant to Rules 26, 34, and 45 of the Federal Rules of Civil Procedure, Defendants DTE Energy Resources, LLC,  CERT Operations II LLC, CERT Operations IV LLC, CERT Operations V LLC, CERT Operations RCB LLC, AJG Iowa Refined Coal LLC, Joppa Refined Coal LLC, Walter Scott Refined Coal LLC, Louisa Refined Coal, LLC, Belle River Fuels Company, LLC, Arbor Fuels Company, LLC, Portage Fuels Company, LLC, Senescence Energy Products, LLC, Rutledge Products, LLC, Alistar Enterprises, LLC, Springhill Resources LLC, Buffington Partners LLC, Bascobert (A) Holdings LLC, Larkwood Energy LLC, Cottbus Associates LLC, George Neal Refined Coal, LLC, George Neal North Refined Coal, LLC, Superior Fuels Company 1, LLC, Erie Fuels Company, LLC, Huron Fuels Company, LLC, Coronado Refined Coal, LLC, Chouteau Fuels Company, LLC, Jasper Fuels Company, LLC, Newton RC, LLC, Canadys Refined Coal, LLC, Hastings Refined Coal LLC, Jefferies Refined Coal, LLC, and Williams Refined Coal, LLC, and Marquis Industrial Company, LLC , by and through their attorneys, jointly serve the following requests for production of documents and tangible things (hereinafter, "Requests") to the Energy & Environmental Research Center Foundation ("EERCF"), seeking production and to permit inspection and copying of the following documents and things at the place, date and time specified in the accompanying subpoena.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall apply to the following Requests.  Any term used but not defined herein shall have the meaning ascribed to such term in the Federal Rules of Civil Procedure and the Federal Rules of Evidence, as applicable.

1.      "Lawsuit" means the above-captioned Case No. 19-1334-CJB, and any related cases filed and consolidated in the District of Delaware.

2.      "Complaint" means any complaint filed in this Lawsuit, including any amended or supplemental complaints.

3.      "EERCF," or any pronoun referring to EERCF (*e.g.*, "You" or "Your"), refers to the Energy & Environmental Research Center Foundation, a Person as defined herein.

4.      "EERC," or any pronoun referring to EERC (*e.g.*, "You" or "Your"), refers to the Energy & Environmental Research Center, a Person as defined herein.

5.      "ME2C," "Plaintiff(s)," means the Persons Midwest Energy Emissions Corp. and MES Inc, collectively and severally including any predecessors or successors to either ME2C or MES.

6.      "Chem-Mod" means the Person Chem-Mod LLC and any individual that You understand to be affiliated with Chem-Mod LLC.

7.      "GCE" means the Person Gallagher Clean Energy LLC and any individual that You understand to be affiliated with GCE.

8.      "CERT" means CERT Operations II LLC, CERT Operations IV LLC, CERT Operations V LLC, and CERT Operations RCB LLC.

9.      "Rutledge" means Rutledge Products, LLC.

10.     "Senesence" means Senescence Energy Products, LLC.

11.     "Alistar" means Alistar Enterprises, LLC.

12.     "Bascobert" means Bascobert (A) Holdings LLC.

13.     "Buffington" means Buffington Partners LLC.

14.     "Cottbus" means Cottbus Associates LLC.

15.     "Larkwood" means Larkwood Energy LLC.

16.     "Spring Hill" means Spring Hill Resources LLC.

17.     "AJG Iowa" means AJG Iowa Refined Coal LLC.

18.     "Arbor" means Arbor Fuels Company, LLC.

19.     "Belle River" means Belle River Fuels Company, LLC.

20.     "Brandon Shores" means Brandon Shores Coaltech, LLC.

21.     "Canadys" means Canadys Refined Coal LLC.

22.     "Chouteau" means Chouteau Fuels Company, LLC.

23.     "Coronado" means Coronado Refined Coal, LLC.

24.     "Erie" means Erie Fuels Company, LLC.

25.     "George Neal North" means George Neal North Refined Coal, LLC.

26.     "George Neal South" means George Neal Refined Coal, LLC.

27.     "Hastings" means Hastings Refined Coal, LLC.

28.     "Huron" means Huron Fuels Company, LLC.

29.     "Jasper" means Jasper Fuels Company LLC.

30.     "Jeffries" means Jeffries Refined Coal. LLC.

31.     "Joppa" means Joppa Refined Coal LLC.

32.     "Louisa" means Louisa Refined Coal, LLC.

33.     "Marquis" means Marquis Industrial Company, LLC.

34.    "Newton" means Newton RC, LLC

35.    "Portage" means Portage Fuels Company, LLC.

36.    "Superior" means Superior Fuels Company 1, LLC.

37.    "Walter Scott" means Walter Scott Refined Coal LLC.

38.    "Williams" means Williams Refined Coal, LLC.

39.    "Refined Coal LLC Defendants" means Rutledge, Senescence, Alistar, Bascobert, Buffington, Cottbus, Larkwood, Spring Hill, AJG Iowa, Arbor, Belle River, Brandon Shores, Canadys, Chouteau, Coronado, Erie, George Neal North, George Neal South, Hastings, Huron, Jasper, Jeffries, Joppa, Louisa, Marquis, Newton, Portage, Superior, Walter Scott, and/or Williams.

40.    "Defendant(s)" should be understood to mean, individually and collectively, CERT and the Refined Coal LLC Defendants.  If ME2C alleges a claim of infringement against any additional Persons, then such additional Persons should be considered a Defendant, for purposes of this request, if said Person is a subsidiary, parent, affiliate, division, successor, predecessor, or related entity with respect to CERT, the Refined Coal LLC Defendants, Arthur J. Gallagher & Co., or DTE Energy Co.

41.    "Named Inventor(s)" means any individual who is listed as an inventor on the cover of any Asserted Patent or counterpart thereof, and includes at least Edwin S. Olson, Michael J. Holmes, and John H. Pavlish.

42.    "'114 Patent" means U.S. Patent No. 10,343,114.

43.    "'147 Patent" means U.S. Patent No. 8,168,147.

44.    "'225 Patent" means U.S. Patent No. 10,589,225.

45.    "'517 Patent" means U.S. Patent No. 10,596,517.

4

46.     "'430 Patent" means U.S. Patent No. 10,668,430.

47.     "Asserted Patent(s)" refers to the '114 Patent, '147 Patent, '225 Patent, '517 Patent, and the '430 Patent individually and collectively.  If ME2C asserts additional patents in the Lawsuit, such patents shall be included in the definitions of these terms.

48.     "Asserted Claim(s)" refers to any claim of any Asserted Patent asserted against any Defendant in the Lawsuit.  If ME2C asserts additional claims in the Lawsuit, such claims shall be included in the definition of this term.  If ME2C elects to drop any asserted claims, such election shall not remove the dropped claims from the definition of this term.

49.     "Communication(s)" means each and every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, orally, in person, electronically, recording, in writing, or by any other means.  "Communication(s)" does not include electronic mail stored as such, the discovery of which is governed by the Proposed Order for Discovery, Including Discovery of Electronically Stored Information ("ESI Order") (D.I. 156).  For the avoidance of doubt, "Communication(s)" includes printed communications that were transmitted electronically.

50.     "Document(s)" shall be defined as synonymous in meaning and equal in scope to the use of the term in Fed. R. Civ. P. 34(a) and applicable case law, and shall include, without limitation, "things," drawings and information in computer-readable format, invention disclosure documents, sketches, drawings, schematics, memoranda, drafts, reports, correspondence, records of tests, records of meetings, comments, edits, marginalia, notebook entries, and notes of any kind, and any other "writing" and "recording" as defined in Fed. R. Evid. 1001.  "Document(s)" does not include electronic mail stored as such, the discovery of which is governed by the ESI Order

(D.I. 156).  For the avoidance of doubt, "Document(s)" includes printed documents that were prepared electronically.

51.    "License" shall include licenses to, sublicenses to, interests in, rights in, options to license, an agreement providing or limiting an amount of money that a party may be obligated to pay, and covenants not to sue over the subject matter of the Asserted Patents, or patents or applications related to the Asserted Patents, as well as offers or requests to grant such license, and shall include all settlements of litigation related to the Asserted Patents.

52.    "Person(s)" shall be understood to include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

53.    "Refined Coal" includes any coal or coal byproduct treated with bromine, any bromide compound, or any other halogen or halide compound prior to combustion; any "refined coal" as defined by 26 U.S.C. § 45(c)(7); any coal or coal byproduct that ME2C contends is used to infringe, or can be used to infringe, any Asserted Claim; and any material described as "refined coal" in the Complaint.

54.    "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the Request inclusive rather than exclusive.

55.    "Any" and "all" shall be construed as "any and all."

56.    "Each" and "every" shall be construed as "each and every."

57.    "Including" shall be construed to mean "without limitation" and any terms following such term are used by way of example only.

58.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

59.     The use of the singular form of any word shall include the plural, and vice versa, as necessary to bring within the scope of the Request all responses and Documents that might otherwise be construed to be outside its scope.

## INSTRUCTIONS

The following instructions shall apply to these Requests:

1.     These Requests are continuing to the extent permitted under the Federal Rules of Civil Procedure and require You, consistent with Your obligations under Fed. R. Civ. P. 26(e)(1), promptly to produce for inspection and copying any Documents or things that You reasonably may acquire, obtain, locate or identify.

2.     Answer each Request separately by listing the responsive Documents and by describing them as defined below.  All Documents shall be:  (i) organized and designated to correspond to the categories in these Requests, or if not, (ii) produced as they are maintained in the normal course of business, and in either case: (a) all associated file labels, file headings, and file folders shall be produced together with the responsive Documents and each file shall be identified as to its owner or custodian; (b) all Documents that cannot be legibly copied shall be produced in their original form; otherwise, You may produce photocopies (but Defendants reserve the right to inspect the originals); and (c) each page shall be given a discrete production number and produced in Bates-numbered form.

3.     Documents stored electronically must be produced in the form or forms in which they are ordinarily maintained.  Producing electronic Documents in the "form or forms in which

they are ordinarily maintained" does not include printing those Documents and scanning them into PDF format.

4.      These Requests call for Documents that are known or available to You, or in Your possession, custody, or control, including all Documents known or available to Your attorneys, agents, representatives, or any other person acting on Your behalf or under Your direction or control.

5.      Possession, custody, and control does not require that You have actual physical possession; instead, if You have physical control or a superior right to compel production from another, the requested Document must be produced.

6.      In the event that multiple copies of a Document exist, produce every copy on which any notations or markings of any sort not appearing on any other copies exist.

7.      If no Documents or things are responsive to a particular Request, state that no responsive materials exist.

8.      If in answering these Requests You claim any ambiguity in either a Request or a definition or instruction applicable thereto, identify in Your response the language You consider ambiguous and state the interpretation You are using in responding.

9.      Each requested Document or thing shall be produced in its entirety and with all attachments, without deletions or excisions, regardless of whether You consider the entire Document or any attachment thereto to be relevant to this case or responsive to these Requests. If any Document or thing cannot be produced in full, it shall be produced to the fullest extent possible, specifying the reasons for the inability to produce the remainder and stating whatever information, knowledge, or belief You have concerning the unproduced portion.

10.     If You or Your attorneys know of the existence, past or present, of any Document described in any of these Requests, but such Document is not presently in Your possession, custody, or control or in the possession, custody, or control of Your agents, representatives, or attorneys, You shall so state in response to the Request.  For any such Documents, provide the disposition of each such Document, including the date of, method of, and reasons for such disposition, and the name and address, if known, of any Person who has seen the Document or who now has custody, control, or possession thereof.  If such document no longer exists, state when, how, and why such Document ceased to exist.

11.     If You object to any Request or part thereof, You shall (1) state the objection, and (2) produce all relevant Documents to which Your objection does not apply.

12.     If any Documents are withheld from production under a claim of privilege or work product, produce all relevant Documents to which Your privilege objection does not apply, and then state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid.  For allegedly privileged Documents, include:  (i) any privilege or immunity from discovery asserted; (ii) the nature of the Document (letter, memorandum, notes, etc.); (iii) the author; (iv) the addressee, including recipients of copies; (v) the date; (vi) each and every Person who has seen such Document or a portion of such Document; (vii) the subject matter and general nature of the information; and (viii) all other facts which are alleged to support the assertion of privilege or immunity.

13.     Unless otherwise stated, these Requests require the production of Documents or things that were prepared, created, written, sent, dated or received at any time.

14.     The geographic scope of these Requests is worldwide, to the extent that there is a reasonable basis to believe that locations outside of the United States may contain responsive Documents that cannot be found inside the United States.

15.     The Defendants reserve the right to propose additional Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

### REQUEST FOR PRODUCTION NO. 1:

All Communications between any Person acting on behalf of EERCF and any Person acting on behalf of ME2C relating to: (i) a subpoena to EERCF from ME2C; or (ii) a subpoena to EERC from ME2C.

### REQUEST FOR PRODUCTION NO. 2:

All documents, communications, and other things produced or otherwise provided by EERCF to ME2C at any time relating to the Lawsuit, the Complaint, any Defendant, Chem-Mod, GCE, any Named Inventor, any Asserted Patent, or Refined Coal.

### REQUEST FOR PRODUCTION NO. 3:

Documents sufficient to show EERCF's ownership or other financial interests in any of the following:  (i) ME2C, (ii) any patents owned by or assigned to ME2C, or (iii) the outcome of the Lawsuit, if any.

### REQUEST FOR PRODUCTION NO. 4:

The following documents:  (i) assignments, transfers, licenses, settlements, or other similar agreements concerning any of the Asserted Patents, ownership thereof, or rights thereunder, including payments for such ownership or rights; (ii) documents sufficient to identify the payor, payee, and amount paid for each payment made to or by You in connection with any such

agreement; and (iii) documents sufficient to show each valuation of any such agreements, including valuations performed by or for you and valuations communicated to you for any reason.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications between EERCF and any prospective licensee or assignee of any of the Asserted Patents, where such communications concern the scope, applicability, infringement, validity, inventorship, or actual or potential licensure of any of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 6:**

All documents reflecting inventor payments made to the named inventors on the Asserted Patents, including any documents reflecting the apportionment of such inventor payments among the named inventors.

**REQUEST FOR PRODUCTION NO. 7:**

All Communications between EERCF and any of the power plants listed in Attachment A (or their owners)  (i) addressing whether such plant's actual or potential use of activated carbon in conjunction with Refined Coal infringes one or more Asserted Patent or requires a license to one or more Asserted Patent, or (ii) requesting that such plant cease the use of activated carbon in conjunction with Refined Coal, or (iii) proposing that such plant purchase supplies or technology from ME2C or any predecessor thereof.

Attachment A

Basin Electric Power Cooperative, Antelope Valley Station
Basin Electric Power Cooperative, Laramie River Station
Belle River Station Cope Station
Columbia Energy Center
Coronado Station
George Neal Station North
George Neal Station South
Grand River Energy Center
Joppa Station
Louisa Station
Louisiana Generating LLC, Big Cajun II Station
Muscatine Station
Newton Station
NRG Midwest Generation, Powerton Station
NRG Texas Power, WA Parish Station
NRG Texas Power, Limestone Station
Union Electric d/b/a Ameren Missouri, Labadie Station
Union Electric d/b/a Ameren Missouri, Rush Island Station
Vistra Energy, Coleto Creek Station
Weston Station
Whelan Energy Center
Williams Station

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 21, 2022, upon the following in the manner indicated:

James M. Lennon, Esquire                                              *VIA ELECTRONIC MAIL*
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE  19806
*Attorneys for Plaintiffs*

Bradley W. Caldwell, Esquire                                          *VIA ELECTRONIC MAIL*
Jason D. Cassady, Esquire
John Austin Curry, Esquire
Justin T. Nemunaitis, Esquire
CALDWELL CASSADY CURRY PC
2010 Cedar Springs Road, Suite 1000
Dallas, TX  75201
*Attorneys for Plaintiffs*

Kenneth L. Dorsney, Esquire                                    *VIA ELECTRONIC MAIL*
Cortlan S. Hitch, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801

Jeff Dyess, Esquire
Paul Sykes, Esquire
Benn Wilson, Esquire
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203

Jessica Zurlo
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street NW
Ste 1350
Washington, D.C. 20036
*Attorneys for Defendants CERT Coal Holding,*
*LLC, CERT Holdings LLC, CERT Holdings 2018,*
*LLC, CERT Operations LLC, CERT Operations II*
*LLC, CERT Operations III LLC, CERT Operations*
*IV LLC, CERT Operations V LLC, CERT*
*Operations RCB LLC, Senescence Energy*
*Products, LLC, and Rutledge Products, LLC*

Paul J. Lockwood, Esquire                                      *VIA ELECTRONIC MAIL*
Nicole A. DiSalvo, Esquire
Jessica R. Kunz
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636

Douglas R. Nemec
Leslie A. Demers
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York  10001-8602
*Attorneys for Defendant*
*Alistar Enterprises, LLC*

/s/ *Anthony D. Raucci*
_____
Anthony D. Raucci (#5948)

2