**EXHIBIT D**

# REDACTED IN ITS ENTIRETY

# EXHIBIT E

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-1560-GW(Ex) | Date | September 16, 2019 |
|---|---|---|---|
| Title | *Automotive Data Solutions, Inc. v. Directed Electronics Canada, Inc., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE |
|---|---|

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:**     **FINAL RULINGS ON:**

**DEFENDANTS' MOTION TO STRIKE EVAN KOVANIS' INVALIDITY EXPERT REPORT [154]**

**DEFENDANTS' MOTION TO STRIKE PORTIONS OF EVAN KOVANIS' INFRINGEMENT EXPERT REPORT [155]**

Attached hereto is the Court's Final Ruling. The Court DENIES Defendants' Motion to Strike Kovanis's Infringement Report (Docket No. 155). The Court DENIES-IN-PART and GRANTS-IN-PART Defendants' Motion to Strike Kovanis's Invalidity Report (Docket No. 154) as stated herein.

 

 

                                                                                                                                               :

Initials of Preparer     JG

*Automotive Data Solutions, Inc. v. Directed Electronics Canada Inc. et al*; Case No. 2:18-cv-01560-GW
Final Rulings on: (1) Motion to Strike Infringement Report, and (2) Motion to Strike Invalidity Report

I.  **Introduction**

Plaintiff Automotive Data Solutions, Inc. brings this action against Defendants Directed Electronics Canada Inc., DEI Holdings, Inc., and Directed, LLC alleging various claims, including for trade secret misappropriation and patent infringement.  *See generally* Complaint, Docket No. 1; *see also* Second Amended Complaint, Docket No. 54.  Defendants have brought counterclaims, including for infringement of their own patents.  *See generally* Answer and Counterclaims to SAC, Docket No. 59.

Defendants have moved to strike two of Plaintiff's expert reports on the basis that Plaintiff's expert, Evan Kovanis, improperly relies on late-disclosed or undisclosed infringement and invalidity theories.  Motion to Strike Kovanis Infringement Report, Docket No. 155-1; Motion to Strike Kovanis Invalidity Report, Docket No. 154-1.  The motions have been fully briefed.  *See* Opposition to Motion to Strike Kovanis Infringement Report, Docket Nos. 173 (public), 197 (sealed); Reply to Motion to Strike Kovanis Infringement Report, Docket No. 194; Opposition to Motion to Strike Kovanis Invalidity Report, Docket No. 172; Reply to Motion to Strike Kovanis Invalidity Report, Docket No. 195.[1]

A hearing was held on these matters on August 29, 2019.  The Court issued a tentative ruling that deferred a determination on one issue and requested that the parties file supplemental briefs.  *See* Docket No. 239.  The parties did not present oral argument regarding the issues addressed in the tentative ruling, and timely filed their supplemental briefs on the dispute deferred by the ruling.  *See* Docket Nos. 260, 261.

The Court finds this matter suitable for a determination without another hearing and thus **VACATES** the hearing rescheduled for September 30, 2019 as to these disputes only.  *See* L.R. 7-15.

The Court **DENIES** Defendants' Motion to Strike Kovanis's Infringement Report

---

[1] Plaintiff, without leave of Court, also filed a 1-page surreply in support of its oppositions to each of the motions five days after Defendants filed their replies (and eleven days after the Court issued a ruling on Defendants' motion to amend their infringement contentions, Docket No. 178).  *See* Docket Nos. 198 (regarding invalidity motion), 199 (regarding infringement motion).  The surreplies requests leave for Plaintiff to amend its infringement and invalidity contentions if the Court is inclined to grant Defendants' motions.

1

(Docket No. 155).  The Court **DENIES-IN-PART** and **GRANTS-IN-PART** Defendants' Motion to Strike Kovanis's Invalidity Report (Docket No. 154) as stated herein.

II.    **Motion to Strike Infringement Report**

Defendants argue that Kovanis introduced new infringement theories in his infringement expert report and that the Court should strike the portions of Kovanis's report relying on the new theories.  To support their position, Defendants present tables spanning approximately eight pages of their fourteen-page brief that include columns for: (1) the claim limitation, (2) language or assertion regarding ADS's infringement contentions, and (3) language or assertion regarding the Kovanis report that purportedly shows "New Theories Presented in Kovanis Report."[2]  *See* Docket No. 155-1 at 4-7, 8-13.  There is almost no further explanation or elaboration for the benefit of the Court regarding why Defendants believe the Kovanis infringement report purportedly discloses new theories, as opposed to simply elaborating on the manner in which the accused product allegedly infringes.[3]

Moreover, Defendants do not assert in any sections of their opening brief that they are prejudiced by the additional disclosure provided in the Kovanis infringement report.  As Plaintiff notes (and Defendants do not dispute), Defendants' expert "analyzed and rebutted Kovanis' analysis."  Docket No. 197 at 12.  Plaintiff also observes that Defendants never moved to compel clarification of Plaintiff's earlier infringement contentions.  *Id.* at 13.  Finally, Plaintiff notes that the same day Defendants filed their motions to strike, their counsel emailed Plaintiff to inform Plaintiff that they would not seek to take Kovanis's deposition.  *Id.* at 14.

In reply, Defendants for the first time provide conclusory assertions that they are prejudiced by the disclosure in the Kovanis infringement report, arguing that prejudice is "inherent in the assertion of a new theory after discovery has closed."  Docket No. 194 at 4-5 (citing *Adobe Sys. Inc. v. Wowza Media Sys.*, No. 11-cv-02243 JST, 2014 WL 709865, at *15 n.7 (N.D. Cal. Feb. 23, 2014)).  Defendants also assert that "Defendants did not bear the burden of

---

[2] Defendants only provide pincites for their first table.  There are no citations at all for their table allegedly showing "theories of infringement that differ from or replace entirely the prior infringement theories set forth in ADS's Infringement Contentions."  *See* Docket No. 155-1 at 8.

[3] In their five-page reply brief, Defendants quickly discuss three aspects of Kovanis's infringement theories that were addressed in Plaintiff's opposition brief.  Docket No. 194 at 2-4.  For at least one of these arguments, Defendants assert without citation or explanation that the components identified as providing the infringing instrumentality in the infringement contentions "have nothing to do" with the components identified by Kovanis.  *Id.* at 3.  Defendants elsewhere acknowledge Plaintiff's argument that some of Kovanis's opinions are based on testimony from depositions that occurred after Plaintiff's infringement contentions were disclosed.  *See id.*

assisting ADS to develop its infringement contentions by pointing out inadequacies in the contentions." Docket No. 194 at 5.

Based on the record before the Court, it declines to strike portions of Kovanis's infringement report. Even if Plaintiff has changed its theories here, Defendants have failed to reasonably show that they have been prejudiced by the timing of Plaintiff's disclosure. Indeed, Defendants' expert has apparently provided a full response to Kovanis's infringement report. Moreover, Defendants had the opportunity to depose Kovanis if they so chose, but declined to take it.[4]

It is also not irrelevant to the Court that this is the first it has heard of the parties' dispute, which appears to relate to the sufficiency of Plaintiff's previous contentions as much as to whether Kovanis's infringement theories are new. Although true that it is not Defendants' burden to assist Plaintiff in developing its infringement theories, if Defendants thought Plaintiff's contentions inadequate, the proper recourse would have been to move to strike those contentions or to compel disclosure of amended contentions. To instead wait for months and use the inadequacy of Plaintiff's contentions as a sword to support striking large swaths of a more detailed expert report, where striking would effectively cripple Plaintiff for purposes of its trial presentation, raises concerns.

On the current record, Defendants' Motion to Strike Portions of Kovanis's Infringement Report is **DENIED**.

### III. Motion to Strike Invalidity Report

Defendants present two arguments in their motion to strike Kovanis's invalidity report. First, they argue portions of Kovanis's invalidity report should be stricken because Kovanis relies on two new prior art references that were never disclosed in Plaintiff's invalidity contentions. Second, they argue Kovanis's invalidity report should otherwise be stricken in its entirety because Kovanis relies on prior art obviousness combinations that were not disclosed in Plaintiff's invalidity contentions. Defendants also drop a footnote that states, "[t]o the extent the Court is not inclined to strike the report, Defendants move the Court to compel ADS and Mr. Kovanis to identify, with specificity, the obviousness combinations they intend to rely on and to

---

[4] To cure any lingering prejudice, although Defendants previously chose not to take Kovanis's deposition, Defendants would be permitted leave to take a two-hour deposition of Kovanis regarding his infringement opinions outside of the discovery deadline in this case within the next two weeks of the issuance of this decision and at a mutually agreeable date and time.

3

extend the case schedule to allow Defendants and their expert enough time to properly respond to such particular combinations." Docket No. 154-1 at 9 n.5.

Taking Defendants' arguments in reverse, Defendants argue that "ADS never identified *any* proposed obviousness combinations in its Invalidity Contentions, claim charts accompanying those contentions, or its original or supplemental interrogatory responses." Docket No. 154-1 at 5 (emphasis in original). Defendants rely on Plaintiff's alleged shortcomings in its invalidity contentions as a basis to argue the Kovanis invalidity report should be stricken in full. As with Plaintiff's infringement contentions, Defendants have not previously moved to strike Plaintiff's invalidity contentions or compel disclosure of amended contentions. For similar reasons to those already discussed, the Court declines to entirely strike Kovanis's invalidity report on this sweeping basis related to the insufficiency of Plaintiff's earlier contentions.

Regarding Defendants' first argument, Plaintiff acknowledges that Kovanis relies on two prior art patents that were not disclosed in Plaintiff's invalidity contentions. Plaintiff argues that Kovanis should be permitted to rely on these two patents because they were not discovered until Kovanis was preparing his expert report. Kovanis submits a declaration stating that his consulting firm was retained specifically to prepare reports regarding noninfringement and invalidity on May 14, 2019. *See* Declaration of Evan Kovanis in Support of Plaintiff's Opposition to Motion to Strike Invalidity Report ("Kovanis Decl."), Docket No. 172-1 ¶ 2. Soon after, Kovanis asked counsel for Defendants to "contact an outside prior art search agency to further assist Kovanis in his analysis." Declaration of Joseph Trojan, Counsel for Plaintiff, in Support of Plaintiff's Opposition to Motion to Strike Invalidity Report ("Trojan Decl."), Docket No. 172-2 ¶ 3. After Kovanis received the results of a prior art search, on June 7, 2019, Plaintiff served a supplemental interrogatory response, which referenced the '389 prior art patent. *See* Docket No. 172-3[5] (excerpt of Plaintiff's supplemental interrogatory response). Kovanis also states that on June 25, 2019, two days before expert reports were due, he requested an additional prior art search be conducted. Kovanis Decl. ¶ 4. The same day, counsel for Plaintiff performed

---

[5] The excerpted supplemental interrogatory response does not include the original interrogatory itself that Plaintiff responded to with invalidity disclosures. In reply, Defendants argue that "[t]his 'invalidity claim chart' was *not* part of any proposed amended contentions. Instead, ADS attached the chart to its supplemental response to an interrogatory regarding ADS's *non-infringement* positions." Docket No. 195 at 2-3 (emphasis in original). Defendants do not submit a larger excerpt of Plaintiff's supplemental interrogatory response and thus the Court cannot verify the accuracy of Defendants' assertion. Ultimately, however, the Court finds this point likely irrelevant in the inquiry.

4

a prior art search that "yielded the '428 prior art reference." Trojan Decl. ¶ 5. Kovanis's expert report, served June 27, 2019, refers to the '428 prior art patent as part of his invalidity theories for each asserted claim in Defendants' asserted '386 Patent. For Defendants' asserted '400 Patent, Kovanis provides obviousness combinations involving the '389 prior art patent "*or*" other prior art patents.

Having considered the arguments presented by the parties in their supplemental briefs, the Court agrees with Defendants that Plaintiff has failed to demonstrate diligence in its late disclosure of publicly-available prior art in Konvanis's Invalidity Report, and moreover, Defendants would be unduly prejudiced by permitting Plaintiff to incorporate the new prior art into its invalidity theories at this stage in the case. Plaintiff itself acknowledges that it was "unable to find case law that is specifically on point" for the issue of whether an expert's (late) initiation of prior art searching supports permitting a party to rely on prior art that is disclosed for the first time in that expert's report. *See* Docket No. 261 at 4-5; *see also* Docket No. 260 at 2. The Court agrees that in addition to the prejudice to Defendants, permitting Kovanis to opine on this late-raised prior art on the basis that he initiated the search for it "will open the door for the type of gamesmanship that the PLRs were designed to prevent in the first place." Docket No. 260 at 5.

The Court also agrees with Defendants that Kovanis must specifically identify the prior art obviousness combinations forming the basis for his opinions, including by identifying primary and secondary references and separating out alternative grounds (instead of using "or" to mix and match between primary and secondary references).[6] The parties should already be meeting and conferring on a timeline for Kovanis to serve a supplemental expert report to this effect, and for Defendants' expert to serve a narrowly-tailored supplemental expert report in response.

Defendants' Motion to Strike Kovanis's Invalidity Report is **DENIED-IN-PART** and **GRANTED-IN-PART** as stated herein.

---

[6] The Court understands the effect of its determination regarding the newly-raised prior art references is that each of Kovanis's invalidity arguments regarding Defendants' asserted '386 patent will be impacted (because each of Kovanis's provided obviousness combinations involve the '428 prior art patent) and some, but not all, of Kovanis's invalidity arguments regarding Defendants' asserted '400 Patent will be impacted (because some, but not all, of them rely on the '389 prior art patent). Kovanis will not be permitted to raise new invalidity opinions as to any of Defendants' asserted patents at this stage in the case. Rather, Kovanis must work with what he's already disclosed, to the extent he relies on invalidity theories that do not involve prior art struck by the Court.

## IV. Conclusion

The Court **DENIES** Defendants' Motion to Strike Kovanis's Infringement Report (Docket No. 155). The Court **DENIES-IN-PART** and **GRANTS-IN-PART** Defendants' Motion to Strike Kovanis's Invalidity Report (Docket No. 154) as stated herein.