IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 19-1334 (CJB) ) |
| ARTHUR J. GALLAGHER & CO., et al., | ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND
TO EXCLUDE EXPERT WITNESSES AND TESTIMONY**

Defendants[1] move pursuant to Fed. R. Civ. P. 56(a) for summary judgment of non-infringement and invalidity. Defendants also move pursuant to Fed. R. Evid. 702 to exclude expert witness testimony proffered by Plaintiffs. An enumerated list of the relief sought by Defendants is set out below:

**Infringement**

1. All Defendants seek summary judgment of non-infringement with respect to any sale or provision of Refined Coal to a licensed power plant after the effective date

---

[1] The Defendants are: The AJG RC Defendants (Canadys Refined Coal, LLC; Coronado Refined Coal, LLC; George Neal Refined Coal, LLC; George Neal North Refined Coal, LLC; Hastings Refined Coal, LLC; Jefferies Refined Coal, LLC; Joppa Refined Coal, LLC; Louisa Refined Coal, LLC; Walter Scott Refined Coal, LLC; and Williams Refined Coal, LLC); the DTE RC Defendants (Arbor Fuels Company LLC; Superior Fuels Company LLC; Belle River Fuels Company, LLC; Huron Fuels Company, LLC; Chouteau Fuels Company, LLC; Portage Fuels Company LLC; Erie Fuels Company, LLC; Jasper Fuels Company LLC; and Newton RC LLC); the CERT RC Defendants (Bascobert (A) Holdings, LLC; Buffington Partners, LLC; Cottbus Associates, LLC; Larkwood Energy, LLC; Marquis Industrial Company, LLC; Rutledge Products, LLC; Senescence Energy Products, LLC; and Spring Hill Resources, LLC); the CERT Operations Companies (CERT Operations II LLC; CERT Operations IV LLC; CERT Operations V LLC; and CERT Operations RCB LLC); Alistar Enterprises, LLC; and DTE Energy Resources, LLC.

        of the relevant license. In addition, Defendants Chouteau LC, Jasper LC, Joppa LC, Newton LC, and Bascobert (A) Holdings, LLC seek summary judgment of non-infringement with respect to any sale or provision of Refined Coal to a power plant covered by the Vistra License; and Alistar Enterprises, LLC, Rutledge Products, LLC, Senescence Energy Products, LLC, and Spring Hill Resources, LLC seek summary judgment of non-infringement with respect to any sale or provision of Refined Coal to a power plant covered by the NRG License.

2. All Defendants seek summary judgment of non-infringement with respect to the 147 Patent because no power plants directly infringe any asserted claim of the 147 Patent.

3. All Defendants seek summary judgment of non-infringement of claims 4 and 29 of the 114 Patent, claims 17-20 of the 147 Patent, claims 5, 19, and 21 of the 517 Patent, and claims 13 and 17 of the 430 Patent because there is no evidence that any power plant operates with the specific component ratios required by those claims.

4. Defendants AJG Iowa Refined Coal LLC; DTE Energy Resources, LLC; and the four CERT Operations Companies (CERT Operations II, LLC; CERT Operations IV, LLC; CERT Operations V, LLC; CERT Operations RBC, LLC) seek summary judgment of non-infringement because none of those entities sold or offered to sell Refined Coal to a power plant. As a result, none can be found liable for contributory infringement under 35 U.S.C. § 271(c) or for Plaintiffs' theory of induced infringement under 35 U.S.C. § 271(b).

5. All Defendants seek summary judgment of no contributory infringement under 35 U.S.C. § 271(c) for the following independent bases: (i) Refined Coal has substantial non-infringing uses and (ii) Refined Coal is not especially made or adapted for use with activated carbon.

6. All Defendants seek summary judgment of no inducement of infringement under 35 U.S.C. § 271(b) because Plaintiffs failed to put forward any evidence that Defendants actively induced any power plant to use the activated carbon injection required by every asserted claim.

7. All Defendants seek summary judgment of non-infringement on grounds that there is no evidence of knowledge of infringement, as required to sustain claims of indirect infringement. Further, all Defendants seek summary judgment of non-infringement prior to the date on which a given entity was named as a defendant in a filed complaint that included an asserted patent because there is no evidence that any Defendant had knowledge of an asserted patent required for liability under 35 U.S.C. § 271(b) & (c) before that Defendant was provided with a complaint to which a given asserted patent was attached. All Defendants seek summary judgment of no willful infringement prior to the foregoing dates as well because willful infringement likewise requires knowledge of an asserted patent.

**<u>Invalidity</u>**

1. All Defendants seek summary judgment of invalidity of the asserted claims under 35 U.S.C. §§ 102, 103, or 112. Specifically, Defendants seek summary judgment that the asserted claims of the 114, 225, 430, and 517 Patents are invalid under

35 U.S.C. §§ 102, 103 and that the asserted claims of the 147 and 225 Patents are invalid under 35 U.S.C. § 112.

**Exclusion of Expert Opinion**

1. All Defendants seek to exclude the opinions of Plaintiffs' technical expert Philip O'Keefe under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993) because Mr. O'Keefe does not qualify as a person of ordinary skill in the art and lacks any discernable expertise or even knowledge in the technology underlying the asserted patents.

2. To the extent Mr. O'Keefe's opinions on are not excluded in their entirety, Defendants seek to exclude Mr. O'Keefe's opinions under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993) on specific technical issues on which he lacks the requisite expertise, including: i) mercury reduction strategies and technologies in coal-fired power plants, ii) the mechanisms and chemistry of mercury capture in coal-fired power plants, iii) Defendants' processes for preparing, testing and supplying Refined Coal, iv) the operation of selective catalytic reduction (SCR) units and wet and dry scrubbers at coal fired power plants, and strategies for reducing mercury and other emissions, v) air pollution emission control permits and power plant compliance with those permits, and vi) the development of mercury capture technology, mercury emission control regulations at the state and federal level, and statutes providing tax credits for clean coal technologies.

3. All Defendants seek to exclude the opinion of Plaintiffs' technical expert James O'Keefe under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm.*

        *Inc.*, 509 U.S. 579 (1993) regarding improper subjects for expert testimony, including legal conclusions, the knowledge or state of mind of a defendant, contract interpretation, and conclusory recitations of factual narratives outside his area of expertise (including opinions as to what jurors should conclude from those facts).

4. All Defendants seek to exclude certain opinions of Plaintiffs' technical expert James O'Keefe under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993) as being based on insufficient facts or data, not being the product of reliable principles and methods reliably applied to the facts, or outside any putative area of expertise, including his opinion that there were no substantial non-infringing uses of Refined Coal and his opinions regarding secondary considerations of nonobviousness.

5. All Defendants seek to exclude opinions of Plaintiffs' damages expert Philip Green under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993) that are not based on reliable methodology, including the following:

   a. Opinions on the ultimate royalty rate, set forth in his Opening Report at ¶¶ 13, 145, 179, 185, 189-208, Ex. C, and the unnumbered "Opinion and Related Support" section on page 19, and in his Reply Report at ¶¶ 7, 276, 286, Ex. C.

   b. Opinions and testimony relating to the Chem-Mod license rates, set forth in his Opening Report at ¶¶ 131-134, 166-173, Ex. J, and in his Reply Report at ¶¶ 153-158.

      c.      Opinions and testimony relating to the Nalco license rates, set forth in his Opening Report at ¶¶ 135-144, Exs. E, E-1, E-2, E-3, E-4, E-5, and in his Reply Report at ¶¶ 147-152, 262

      d.      Opinions and testimony relating to the ADA-ES license rates, set forth in his Opening Report at ¶¶ 174-178

The grounds for Defendant's motions, as well as the specific opinions of Mr. O'Keefe that are sought to be excluded, are more fully set forth in the concurrently filed brief and supporting exhibits.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT &TUNNELL LLP |
|  | */s/ Brian P. Egan* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
|  | Brian P. Egan (#6227) |
| Richard W. Mark | Anthony D. Raucci (#5948) |
| Joseph Evall | 1201 North Market Street |
| Paul J. Kremer | P.O. Box 1347 |
| GIBSON, DUNN & CRUTCHER LLP | Wilmington, DE  19899 |
| 200 Park Avenue | (302) 658-9200 |
| New York, NY  10166-0193 | jblumenfeld@morrisnichols.com |
| (212) 351-4000 | began@morrisnichols.com |
|  | araucci@morrisnichols.com |
| David Glandorf | *Attorneys for Defendants* |
| GIBSON, DUNN & CRUTCHER LLP | *AJG Iowa Refined Coal LLC* |
| 1801 California Street, Suite 4200 | *Arbor Fuels Company, LLC* |
| Denver, CO  80202-2642 | *Belle River Fuels Company, LLC* |
| (303) 298-5700 | *Canadys Refined Coal, LLC* |
|  | *Chouteau Fuels Company, LLC* |
|  | *Coronado Refined Coal, LLC* |
|  | *DTE Energy Resources, LLC* |
|  | *Erie Fuels Company, LLC* |
|  | *George Neal North Refined Coal, LLC* |
|  | *George Neal Refined Coal, LLC* |
|  | *Hastings Refined Coal, LLC* |
|  | *Huron Fuels Company, LLC* |
|  | *Jasper Fuels Company, LLC* |
|  | *Jefferies Refined Coal, LLC* |
|  | *Joppa Refined Coal LLC* |
|  | *Louisa Refined Coal, LLC* |
|  | *Newton RC, LLC* |
|  | *Portage Fuels Company, LLC* |
|  | *Superior Fuels Company 1, LLC* |
|  | *Walter Scott Refined Coal LLC* |
|  | *Williams Refined Coal, LLC* |

7

|  |  |
|---|---|
| | MORRIS JAMES LLP |
| | */s/ Kenneth L. Dorsney* |
| OF COUNSEL: | Kenneth L. Dorsney (#3726) |
| | Cortlan S. Hitch (#6720) |
| Jeff Dyess | 500 Delaware Avenue, Suite 1500 |
| Paul Sykes | Wilmington, DE  19801-1494 |
| Benn Wilson | (302) 888-6800 |
| BRADLEY ARANT BOULT CUMMINGS LLP | kdorsney@morrisjames.com |
| 1819 Fifth Avenue North | chitch@morrisjames.com |
| Birmingham, AL  35203 | |
| (205) 521-8000 | *Attorneys for Defendants* |
| | *Bascobert (A) Holdings LLC* |
| | *Buffington Partners LLC* |
| Jessica Zurlo | *CERT Operations II LLC* |
| BRADLEY ARANT BOULT CUMMINGS LLP | *CERT Operations IV LLC* |
| 1615 L Street NW, Suite 1350 | *CERT Operations RCB LLC* |
| Washington, D.C.  20036 | *CERT Operations V LLC* |
| (202) 393-7150 | *Cottbus Associates LLC* |
| | *Larkwood Energy LLC* |
| | *Marquis Industrial Company, LLC* |
| | *Rutledge Products LLC* |
| | *Senescense Energy Products LLC* |
| | *Springhill Resources LLC* |
| | |
| | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | */s/ Jessica R. Kunz* |
| OF COUNSEL: | Robert S. Saunders, Esquire |
| | Nicole A. DiSalvo, Esquire |
| Douglas R. Nemec, Esquire | Jessica R. Kunz, Esquire |
| Leslie A. Demers, Esquire | Daniel S. Atlas, Esquire |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | One Rodney Square |
| One Manhattan West | P.O. Box 636 |
| New York, NY  10001-8602 | Wilmington, DE  19899-0636 |
| (212) 735-300 | |
| | *Attorneys for Defendant Alistar Enterprises, LLC* |
| March 23, 2023 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 19-1334 (CJB) |
| ARTHUR J. GALLAGHER & CO., et al., | ) ) ) |
| Defendants. | ) |

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT AND
TO EXCLUDE EXPERT WITNESSES AND TESTIMONY**

In this action, Plaintiffs allege that Defendants[2] are liable for induced infringement and contributory infringement of the following asserted claims ("Asserted Claims") of the five "Patents-in-Suit":

| Patent-in-Suit | Asserted Claims |
|---|---|
| U.S. Patent No. 8,168,147 (147 Patent) | 17-20 |
| U.S. Patent No. 10,343,114 (114 Patent) | 1-7, 12, 15, 16, 18 20, 23-30 |
| U.S. Patent No. 10,589,225 (225 Patent) | 1-2, 5-6, 8-9, 11-12, 14-15, 17-18, 20, 22-23, 25, 27-28 |
| U. S. Patent No. 10,596,517 (517 Patent) | 1-11, 13-15, 17-19, 21-26, 28-30 |
| U.S. Patent No. 10,668, 430 (430 Patent) | 1-4, 6-8, 10-25, 28-29 |

Defendants move pursuant to Fed. R. Civ. P. 56(a) for summary judgment of non-infringement and invalidity of each Asserted Claim, and pursuant to Fed. R. Evid. 702 to exclude expert witness testimony proffered by Plaintiffs ("Motions") (D.I.____).  Having fully reviewed the record associated with Defendants' Motions, including any oral argument thereon, the Court hereby GRANTS Defendants' Motions as follows:

---

[2] Unless specifically enumerated, "Defendants" as used herein refers to all Defendants that are listed in Table I to Defendants' Motions for Summary Judgment and to Exclude Expert Witnesses and Testimony.

8. Defendants' motion for summary judgment of no indirect infringement of any Asserted Claim is GRANTED.  Defendants have shown that there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law of no indirect infringement because no Defendant had knowledge of any direct infringement.

9. Defendants' motion for summary judgment of no contributory infringement of any Asserted Claim is GRANTED.

10. Defendants' motion for summary judgment of no induced infringement of any Asserted Claim is GRANTED.

11. Defendants Alistar Enterprises, LLC, Chouteau Fuels Company LLC, Jasper Fuels Company LLC, Joppa Refined Coal LLC, Bascobert (A) Holdings, LLC, Rutledge Products, LLC, Senescence Energy Products, LLC, Spring Hill Resources, LLC, and Newton RC LLC's motion for summary judgment of no indirect infringement of any Asserted Claim is GRANTED.  Those Defendants have shown that there is no genuine dispute as to any material fact and that such Defendants are entitled to judgment as a matter of law that they have not indirectly infringed any Asserted Claim because there was no direct infringement by virtue of licenses.

12. Defendants' motion for summary judgment of no indirect infringement of any Asserted Claim of the '147 Patent is GRANTED.  Defendants have shown that there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law that they have not indirectly infringed any Asserted Claim of the 147 Patent because there is no direct infringement of any such claims.

13. Defendants' motion for summary judgment of no indirect infringement of claims 4 and 29 of the '114 Patent, claims 17-20 of the '147 Patent, claims 5, 19, and 21 of the '517 Patent, and claims 13 and 17 of the '430 Patent is GRANTED. Defendants have shown that there is no genuine dispute as to any material fact and Defendants are entitled to judgment as a matter of law that there is no indirect infringement of the aforementioned claims because there is no direct infringement of such claims.

14. Defendants AJG Iowa Refined Coal LLC, DTE Energy Resources, LLC, CERT Operations II, LLC, CERT Operations IV, LLC, CERT Operations V, LLC, and CERT Operations RBC, LLC's motion for summary judgment of no indirect infringement of any Asserted Claim is GRANTED. Those Defendants have shown that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law of no indirect infringement because no such Defendant sold Refined Coal or offered to sell Refined Coal to a direct infringer.

15. Defendants' motion for summary judgment of no willful infringement of any Asserted Claim is GRANTED. Defendants have shown that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law of no willful infringement because no Defendant had knowledge of any direct infringement.

16. Defendants' motion for summary judgment of invalidity of the Asserted Claims of the '114, '225, '430, and '517 Patents under 35 U.S.C. §§ 102 and 103 is GRANTED.

17. Defendants' motion for summary judgment of invalidity of the Asserted Claims of the '147 and '225 Patents under 35 U.S.C. § 112 is GRANTED.

3

18. Defendants' motion to exclude Mr. Philip O'Keefe from testifying under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993) is GRANTED.

19. Defendants' motion to exclude Mr. Phil Green from offering any opinions on the following topics is GRANTED:

    a. Opinions on the ultimate royalty rate, set forth in his Opening Report at ¶¶ 13, 145, 179, 185, 189-208, Ex. C, and the unnumbered "Opinion and Related Support" section on page 19, and in his Reply Report at ¶¶ 7, 276, 286, Ex. C.

    b. Opinions and testimony relating to the Chem-Mod license rates, set forth in his Opening Report at ¶¶ 131-134, 166-173, Ex. J, and in his Reply Report at ¶¶ 153-158.

    c. Opinions and testimony relating to the Nalco license rates, set forth in his Opening Report at ¶¶ 135-144, Exs. E, E-1, E-2, E-3, E-4, E-5, and in his Reply Report at ¶¶ 147-152, 262

    d. Opinions and testimony relating to the ADA-ES license rates, set forth in his Opening Report at ¶¶ 174-178.

It is so ORDERED.

_____
The Honorable Christopher J. Burke
United States District Court Magistrate Judge

4

## RULE 7.1.1 CERTIFICATE

I hereby certify that the non-case-dispositive subjects of the foregoing motion have been discussed with counsel for the plaintiffs and that we have not been able to reach agreement.

/s/ Brian P. Egan

Brian P. Egan (#6227)

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 23, 2023, upon the following in the manner indicated:

| | |
|---|---|
| James M. Lennon, Esquire<br>DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, DE  19806<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Bradley W. Caldwell, Esquire<br>Jason D. Cassady, Esquire<br>John Austin Curry, Esquire<br>Justin T. Nemunaitis, Esquire<br>Adrienne R. Dellinger, Esquire<br>Daniel R. Pearson, Esquire<br>CALDWELL CASSADY CURRY PC<br>2121 North Pearl Street, Suite 1200<br>Dallas, TX  75201<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

*/s/ Brian P. Egan*

Brian P. Egan (#6227)