IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | ) ) ) **PUBLIC VERSION** |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 19-1334 (CJB) ) ) **Confidential Version Filed: March 23, 2023** |
| ARTHUR J. GALLAGHER & CO., et al., | ) **Public Version Filed: March 31, 2023** ) |
| Defendants. | ) |

**OMNIBUS DECLARATION OF BRIAN P. EGAN IN SUPPORT OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND _DAUBERT_ MOTIONS**

**Volume 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 19-1334 (CJB) ) |
| ARTHUR J. GALLAGHER & CO., et al., | ) ) ) |
| Defendants. | ) |

**OMNIBUS DECLARATION OF BRIAN P. EGAN IN SUPPORT OF
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
AND <u>*DAUBERT* MOTIONS</u>**

I, Brian P. Egan, declare as follows:

1. I am admitted to practice in Delaware and before this Court. I am an attorney of the law firm Morris, Nichols, Arsht & Tunnell LLP, counsel of record for Defendants in this action. I make this declaration in support of Defendants' Motions for Summary Judgment and *Daubert* Motions, filed concurrently herewith. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

**Patents and Patent Documents**

2. Attached hereto as **Exhibit 1** is a true and correct copy of United States Patent No. 10,343,114.

3. Attached hereto as **Exhibit 2** is a true and correct copy of United States Patent No. 8,168,147.

4. Attached hereto as **Exhibit 3** is a true and correct copy of United States Patent No. 10,589,225.

1

5. Attached hereto as **Exhibit 4** is a true and correct copy of United States Patent No. 10,596,517.

6. Attached hereto as **Exhibit 5** is a true and correct copy of United States Patent No. 10,668,430.

7. Attached hereto as **Exhibit 6** is a true and correct copy of United States Provisional Application 60/605,640, dated August 30, 2004.

**Licenses**

[redacted]

**Plaintiffs' Experts' Reports**

12. Attached hereto as **Exhibit 11** is a true and correct copy of excerpts from the Opening Expert Report of Philip O'Keefe, served by Plaintiffs in this case, dated October 25, 2022. To

2

assist the Court, those opinions that Defendants move to exclude (should the Court not exclude the opinions in their entirety) have been highlighted and include the following opinions, some of which are referenced but not explicitly quoted in Defendants' Brief:

   a. First, Defendants seek to exclude Mr. O'Keefe's opinions that the accused power plants deploy ACI systems as a necessary means to comply with MATS regulations or the plants' emission control permits. Those opinions are enumerated in the following paragraphs: ¶¶ 66, 99, 111, 133-97, 114-15, 120-21, 131-34, 137-49 (pp. 29, 62-63, 87, 102-19, 128-29, 131, 135-36, 138-46).

   b. Second, Defendants seek to exclude Mr. O'Keefe's opinions on the mechanisms and chemistry of mercury capture at coal fired power plants. Those opinions are enumerated in the following paragraphs: ¶¶ 54-68 (pp. 22-31).

   c. Third, Defendants seek to exclude Mr. O'Keefe's opinions on Defendants' processes for preparing, testing, and supplying Refined Coal to the accused power plants, and on the properties and combustion of Refined Coal. Those opinions are enumerated in the following paragraphs: ¶¶ 79-84, 97-100 (pp. 41-46, 60-64).

   d. Fourth, Defendants seek to exclude Mr. O'Keefe's opinions on the operation of SCR units and wet and dry scrubbers at coal fired power plants, and strategies for reducing mercury and other emissions. Those opinions are enumerated in the following paragraphs: ¶¶ 32-36 (pp. 12-14).

   e. Fifth, Defendants seek to exclude Mr. O'Keefe's opinions relating to air pollution emission control permits, including what power plants need to do to comply with those permits. Those opinions are enumerated in the following paragraphs: ¶¶ 40-44 (pp. 15-17).

    f.   Sixth, Defendants seek to exclude Mr. O'Keefe's opinions regarding the development of mercury capture technology, mercury emission control regulations at the state and federal level, and statutes providing tax credits for clean coal technologies, including Refined Coal.  Those paragraphs are enumerated in the following paragraphs:  ¶¶ 45-47 & 50-53 (pp. 18-22).

    g.   Seventh, Defendants seek to exclude Mr. O'Keefe's opinions which lie outside of any expertise he might possess.  Those paragraphs are enumerated in the following paragraphs:

- Section 5.2 (an "Overview of Defendant (sic) Corporate Structure").  ¶¶ 85-95 (pp. 46-57).
- Section 5.4 ("Defendant Interactions with Power Plants and Knowledge of Activated Carbon Injection").  ¶¶ 101-111 (pp. 64 – 87).
- Section 5.5 ("Defendant Information Regarding ME2C Patents").  ¶¶ 112-122 (pp. 87-94).
- Section 5.6 ("Evidence Related to Defendant Conduct Leading to Infringement").  ¶¶ 123-132 (pp. 94-101).
- Section 7.1 ("Induced Infringement").  ¶¶ 99-108 (pp. 123-127).
- Section 7.2 ("Contributory Infringement").  ¶¶ 110-118 (pp. 127-130).

    h.  

- ■ ███████████████████
  - ■ ███████████████████
  - ■ ███████████████████
  - ■ ███████████████████
  - ■ ███████████████████
  - ■ ███████████████████
  - ■ ███████████████████

  i. ███████████████████ ███████████████████ ████████

  - ■ ███████████████████
  - ■ ███████████████████
  - ■ ███████████████████
  - ■ ███████████████████
  - ■ ███████████████████

j. Tenth, Defendants seek to exclude Mr. O'Keefe's opinions that the Refined Coal

supplied by Defendants was not suitable for substantial non-infringing uses. Those opinions are enumerated in the following paragraphs: ¶¶ 110-149 (pp. 127–145).

13. Attached hereto as **Exhibit 12** is a true and correct copy of excerpts from the Rebuttal Expert Report of Philip O'Keefe, served by Plaintiffs in this case, dated December 22, 2022. To assist the Court, those opinions that Defendants move to exclude (should the Court not exclude the opinions in their entirety) have been highlighted and include the following opinions, some of which are referenced but not explicitly quoted in Defendants' Brief:

   a. Defendants seek to exclude Mr. O'Keefe's opinions on secondary considerations of non-obviousness. Those opinions are enumerated in the following paragraphs: ¶¶ 204-208 and ¶¶ 214-215.

14. Attached hereto as **Exhibit 13** is a true and correct copy of excerpts from the Reply Expert Report of Philip O'Keefe, served by Plaintiffs in this case, dated February 6, 2023. To assist the Court, those opinions that Defendants move to exclude (should the Court not exclude the opinions in their entirety) have been highlighted and include the following opinions, some of which are referenced but not explicitly quoted in Defendants' Brief:

   a. First, Defendants seek to exclude Mr. O'Keefe's opinions that the accused power plants deploy ACI systems as a necessary means to comply with MATS regulations or the plants' emission control permits. Those opinions are enumerated in the following paragraphs: ¶¶ 17, 18, 34.

   b. Second, Defendants seek to exclude Mr. O'Keefe's opinions on the mechanisms and chemistry of mercury capture at coal fired power plants. Those opinions are enumerated in the following paragraphs: ¶¶ 23-30.

   c. Third, Defendants seek to exclude Mr. O'Keefe's opinions that the Refined Coal

supplied by Defendants was not suitable for substantial non-infringing uses. These opinions are enumerated in the following paragraph: ¶ 3.

15. Attached hereto as **Exhibit 14** is a true and correct copy of excerpts from the First Expert Report of Philip Green, served by Plaintiffs in this case, dated October 25, 2022. To assist the Court, those opinions that Defendants move to exclude have been highlighted and include the following opinions, some of which are referenced but not explicitly quoted in Defendants' Brief:

    a. Ultimate Royalty Rate Opinions: ¶¶ 13, 145, 179, 185, 189–208; pg. 19 ("Opinions and Related Support"); Ex. C

    b. Discussion of Chem Mod License Rates: ¶¶ 131–134, 166–173; Ex. J

    c. Discussion of Nalco License Rate: ¶¶ 135–144; Exs. E, E-1 E-2, E-3, E-4, E-5

    d. Discussion of ADA-ES License Rate: ¶¶ 174–178

16. Attached hereto as **Exhibit 15** is a true and correct copy of excerpts from the Reply Expert Report of Philip Green, served by Plaintiffs in this case, dated December 22, 2022. To assist the Court, those opinions that Defendants move to exclude have been highlighted and include the following opinions, some of which are referenced but not explicitly quoted in Defendants' Brief:

    a. Ultimate Royalty Rate Opinions: ¶¶ 7, 276, 286; Ex. C

    b. Discussion of Nalco License Rate: ¶¶ 147–152, 262

    c. Discussion of Chem Mod License Rates: ¶¶ 153–158

**Deposition Transcripts (Fact Witnesses)**

17. Attached hereto as **Exhibit 16** is a true and correct copy of excerpts from the deposition transcript of William Whitney in this case, dated June 28, 2022.

18. Attached hereto as **Exhibit 17** is a true and correct copy of excerpts from the deposition

transcript of James Landreth in this case, dated August 11, 2022.

19. Attached hereto as **Exhibit 18** is a true and correct copy of excerpts from the deposition transcript of Edwin Olson in this case, dated August 26, 2022.

20. Attached hereto as **Exhibit 19** is a true and correct copy of excerpts from the deposition transcript of Michael Holmes in this case, dated August 24, 2022.

21. Attached hereto as **Exhibit 20** is a true and correct copy of excerpts from the deposition transcript of John Pavlish in this case, dated August 25, 2022.

22. **Exhibit 21** is intentionally left blank.

23. Attached hereto as **Exhibit 22** is a true and correct copy of excerpts from the deposition transcript of Vincent Inendino in this case, dated July 15, 2022.

24. Attached hereto as **Exhibit 23** is a true and correct copy of excerpts from the deposition of Thomas Erickson in this case, dated September 21, 2022.

**Deposition Transcripts (Expert Witnesses)**

25. Attached hereto as **Exhibit 24** is a true and correct copy of excerpts from the deposition transcript of Philip O'Keefe in this case, dated March 2, 2023.

26. Attached hereto as **Exhibit 25** is a true and correct copy of excerpts from the deposition transcript of Philip O'Keefe in this case, dated March 3, 2023.

27. Attached hereto as **Exhibit 26** is a true and correct copy of excerpts from the deposition transcript of Philip Green in this case, dated March 7, 2023.

**Power Plant Declarations**

28. Attached hereto as **Exhibit 27** is a true and correct copy of the declaration of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, executed on October 20, 2022.

29. Attached hereto as **Exhibit 28** is a true and correct copy of the declaration of 

██████████████████████████████████████████████████, executed on October 14, 2022.

**Miscellaneous**

30. Attached hereto as **Exhibit 29** is a true and correct copy of ME2C's Responses and Objections to Refined Coal Defendants' First Set of Requests for Authentication (No.1), dated September 29, 2022.

31. Attached hereto as **Exhibit 30** is a true and correct copy of a transcript from the Markman Hearing in this case, dated April 28, 2022.

32. Attached hereto as **Exhibit 31** is a true and correct copy of a Report and Recommendation in *Guardant Health, Inc. v. Foundation Med., Inc.* No. 17-1616-LPS-CJB (D. Del.), dated April 22, 2020.

33. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

36. 

I declare under penalty of perjury that the foregoing is true and correct.

    Executed on March 23, 2023
    Wilmington, Delaware

                              /s/ *Brian P. Egan*
                                 Brian P. Egan

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 23, 2023, upon the following in the manner indicated:

| | |
|---|---|
| James M. Lennon, Esquire<br>DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, DE  19806<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Bradley W. Caldwell, Esquire<br>Jason D. Cassady, Esquire<br>John Austin Curry, Esquire<br>Justin T. Nemunaitis, Esquire<br>Adrienne R. Dellinger, Esquire<br>Daniel R. Pearson, Esquire<br>CALDWELL CASSADY CURRY PC<br>2121 North Pearl Street, Suite 1200<br>Dallas, TX  75201<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

*/s/ Brian P. Egan*
_____
Brian P. Egan (#6227)