*Exhibit 13*

**¶ 7.44 Claimed Subject Matter Not in Specification**

The specification is objected to as failing to provide proper antecedent basis for the claimed subject matter. See **37 CFR 1.75(d) (1) (mpep-9020-appx-r.html#d0e320269)** and **MPEP § 608.01(o) (s608.html#d0e46173)**. Correction of the following is required: **[1]**

# 608.01(p) Completeness of Specification [R-07.2022]

Newly filed applications obviously failing to disclose an invention with the clarity required are discussed in **MPEP § 702.01 (s702.html#d0e55492)**.

The contents of an application, to be complete, must include a specification containing a written description of the invention using such description and details as to enable any person skilled in the art or science to which the invention pertains to make and use the invention as of its filing date. See **35 U.S.C. 112 (mpep-9015-appx-l.html#d0e302824912)**. At least one specific operative embodiment or example of the invention must be set forth. The example(s) and description should be of sufficient scope as to justify the scope of the claims.

For the written description requirement, an applicant's specification must reasonably convey to those skilled in the art that the applicant was in possession of the claimed invention as of the date of invention. See **MPEP § 2163 (s2163.html#d0e213583)** et seq. for further guidance with respect to the evaluation of a patent application for compliance with the written description requirement.

An applicant's specification must enable a person skilled in the art to make and use the claimed invention without undue experimentation. The fact that experimentation is complex, however, will not make it undue if a person of skill in the art typically engages in such complex experimentation. See **MPEP § 2164 (s2164.html#d0e215224)** et seq. for detailed guidance with regard to the enablement requirement of **35 U.S.C. 112 (mpep-9015-appx-l.html#d0e302824912)**.

See also **MPEP § 2161.01 (s2161.html#d0e213447)** regarding computer programming and **35 U.S.C. 112 (mpep-9015-appx-l.html#d0e302824912)**; and **MPEP § 2181 (s2181.html#d0e219279)** and **§ 2185 (s2185.html#d0e220550)** regarding **35 U.S.C. 112 (mpep-9015-appx-l.html#d0e302824912)** in the context of functional claims.

The specification should include a statement which identifies a specific and substantial credible utility for the claimed invention. This usually presents no problem in mechanical or electrical cases. Questions regarding compliance with the utility requirement arise more often in biotechnological or chemical cases.

For "Guidelines For Examination Of Applications For Compliance With The Utility Requirement of **35 U.S.C. 101 (mpep-9015-appx-l.html#d0e302376)**," see **MPEP § 2107 (s2107.html#d0e198469)**.

For "General Principles Governing Utility Rejections," see **MPEP § 2107.01 (s2107.html#d0e198682)**.

For a discussion of the utility requirement under **35 U.S.C. 111(a) (mpep-9015-appx-l.html#pltd0e302678aia)** in drug cases, see **MPEP § 2107.03 (s2107.html#d0e200058)** and **§ 2164.06(a) (s2164.html#d0e216038)**.

For "Procedural Considerations Related to Rejections for Lack of Utility," see **MPEP § 2107.02 (s2107.html#d0e199419)**.

For "Special Considerations for Asserted Therapeutic or Pharmacological Utilities," see **MPEP § 2107.03 (s2107.html#d0e200058)**.

**I. INCORPORATION BY REFERENCE**
*37 CFR 1.57  Incorporation by reference.*
*[Editor Note: Paragraph (a) below is only applicable to patent applications filed under **35 U.S.C. 111(a) (mpep-9015-appx-l.html#pltd0e302678aia)** on or after December 18, 2013.]*

- (a) Subject to the conditions and requirements of this paragraph, a reference made in the English language in an application data sheet in accordance with **§ 1.76 (mpep-9020-appx-r.html#plt_d0e320348)** upon the filing of an application under **35 U.S.C. 111(a) (mpep-9015-appx-l.html#pltd0e302678aia)** to a previously filed application, indicating that the specification and any drawings of the application under **35 U.S.C. 111(a) (mpep-9015-appx-l.html#pltd0e302678aia)** are replaced by the reference to the previously filed application, and specifying the previously filed application by application number, filing date, and the intellectual property authority or country in which the previously filed application was filed, shall constitute the specification and any drawings of the application under **35 U.S.C. 111(a) (mpep-9015-appx-l.html#pltd0e302678aia)** for purposes of a filing date under **§ 1.53(b) (mpep-9020-appx-r.html#plt_d0e318695)**.

  - (1) If the applicant has provided a correspondence address (**§ 1.33(a) (mpep-9020-appx-r.html#aia_d0e317499)**), the applicant will be notified and given a period of time within which to file a copy of the specification and drawings from the previously filed application, an English language translation of the previously filed application, and the fee required by **§ 1.17(i) (mpep-9020-appx-r.html#eff_20130320_d0e315546)** if it is in a language other than English, and pay the surcharge required by **§ 1.16(f) (mpep-9020-appx-r.html#d0e314915)**, to avoid abandonment. Such a notice may be combined with a notice under **§ 1.53(f) (mpep-9020-appx-r.html#aia_d0e319026)**.
  - (2) If the applicant has not provided a correspondence address (**§ 1.33(a) (mpep-9020-appx-r.html#aia_d0e317499)**), the applicant has three months from the filing date of the application to file a copy of the specification and drawings from the previously filed application, an English language translation of the previously filed application, and the fee required by **§ 1.17(i) (mpep-9020-appx-r.html#eff_20130320_d0e315546)** if it is in a language other than English, and pay the surcharge required by **§ 1.16(f) (mpep-9020-appx-r.html#d0e314915)**, to avoid abandonment.
  - (3) An application abandoned under paragraph (a)(1) or (a)(2) of this section shall be treated as having never been filed, unless:

    - (i) The application is revived under **§ 1.137 (mpep-9020-appx-r.html#d0e323800)**; and
    - (ii) A copy of the specification and any drawings of the previously filed application are filed in the Office.

- (4) A certified copy of the previously filed application must be filed in the Office, unless the previously filed application is an application filed under 35 U.S.C. 111 (mpep-9015-appx-l.html#pltd0e302673aia) or 363 (mpep-9015-appx-l.html#d0e306994313) , or the previously filed application is a foreign priority application and the conditions set forth in § 1.55(i) (mpep-9020-appx-r.html#ar_d1fc99_18969_179) are satisfied with respect to such foreign priority application. The certified copy of the previously filed application, if required by this paragraph, must be filed within the later of four months from the filing date of the application or sixteen months from the filing date of the previously filed application, or be accompanied by a petition including a showing of good and sufficient cause for the delay and the petition fee set forth in § 1.17(g) (mpep-9020-appx-r.html#eff_20130320_d0e315397) .

- (b) Subject to the conditions and requirements of this paragraph, if all or a portion of the specification or drawing(s) is inadvertently omitted from an application, but the application contains a claim under § 1.55 (mpep-9020-appx-r.html#plt_d0e319215) for priority of a prior-filed foreign application, or a claim under § 1.78 (mpep-9020-appx-r.html#aia_d0e320662) for the benefit of a prior-filed provisional, nonprovisional, international application, or international design application, that was present on the filing date of the application, and the inadvertently omitted portion of the specification or drawing(s) is completely contained in the prior-filed application, the claim under § 1.55 (mpep-9020-appx-r.html#plt_d0e319215) or 1.78 (mpep-9020-appx-r.html#aia_d0e320662) shall also be considered an incorporation by reference of the prior-filed application as to the inadvertently omitted portion of the specification or drawing(s).

  - (1) The application must be amended to include the inadvertently omitted portion of the specification or drawing(s) within any time period set by the Office, but in no case later than the close of prosecution as defined by § 1.114(b) (mpep-9020-appx-r.html#d0e322625) , or abandonment of the application, whichever occurs earlier. The applicant is also required to:

    - (i) Supply a copy of the prior-filed application, except where the prior-filed application is an application filed under 35 U.S.C. 111 (mpep-9015-appx-l.html#d0e302673) ;
    - (ii) Supply an English language translation of any prior-filed application that is in a language other than English; and
    - (iii) Identify where the inadvertently omitted portion of the specification or drawings can be found in the prior-filed application.

  - (2) Any amendment to an international application pursuant to paragraph (b)(1) of this section shall be effective only as to the United States, and shall have no effect on the international filing date of the application. In addition, no request under this section to add the inadvertently omitted portion of the specification or drawings in an international application designating the United States will be acted upon by the Office prior to the entry and commencement of the national stage (§ 1.491 (mpep-9020-appx-r.html#aia_d0e329128) ) or the filing of an application under 35 U.S.C. 111(a) (mpep-9015-appx-l.html#pltd0e302678aia) which claims benefit of the international application. Any omitted portion of the international application which applicant desires to be effective as to all designated States, subject to PCT Rule 20.8(b) (mpep-9025-appx-t.html#d0e369111) , must be submitted in accordance with PCT Rule 20 (mpep-9025-appx-t.html#d0e368649) .

  - (3) If an application is not otherwise entitled to a filing date under § 1.53(b) (mpep-9020-appx-r.html#d0e318681) , the amendment must be by way of a petition pursuant to § 1.53(e) (mpep-9020-appx-r.html#aia_d0e318993) accompanied by the fee set forth in § 1.17(f) (mpep-9020-appx-r.html#eff_20130320_d0e315199) .

  - (4) Any amendment to an international design application pursuant to paragraph (b)(1) of this section shall be effective only as to the United States and shall have no effect on the filing date of the application. In addition, no request under this section to add the inadvertently omitted portion of the specification or drawings in an international design application will be acted upon by the Office prior to the international design application becoming a nonprovisional application.

- (c) Except as provided in paragraphs (a) or (b) of this section, an incorporation by reference must be set forth in the specification and must:

  - (1) Express a clear intent to incorporate by reference by using the root words "incorporat(e)" and "reference" (e.g. , "incorporate by reference"); and
  - (2) Clearly identify the referenced patent, application, or publication.

- (d) "Essential material" may be incorporated by reference, but only by way of an incorporation by reference to a U.S. patent or U.S. patent application publication, which patent or patent application publication does not itself incorporate such essential material by reference. "Essential material" is material that is necessary to:

  - (1) Provide a written description of the claimed invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and set forth the best mode contemplated by the inventor of carrying out the invention as required by 35 U.S.C. 112(a) (mpep-9015-appx-l.html#al_d1d85b_2ae60_3d5) ;
  - (2) Describe the claimed invention in terms that particularly point out and distinctly claim the invention as required by 35 U.S.C. 112(b) (mpep-9015-appx-l.html#al_d1d85b_2ae65_215) ; or
  - (3) Describe the structure, material, or acts that correspond to a claimed means or step for performing a specified function as required by 35 U.S.C. 112(f) (mpep-9015-appx-l.html#al_d1d85b_2ae7b_ec) .

- (e) Other material ("Nonessential material") may be incorporated by reference to U.S. patents, U.S. patent application publications, foreign patents, foreign published applications, prior and concurrently filed commonly owned U.S. applications, or non-patent publications. An incorporation by reference by hyperlink or other form of browser executable code is not permitted.

- (f) The examiner may require the applicant to supply a copy of the material incorporated by reference. If the Office requires the applicant to supply a copy of material incorporated by reference, the material must be accompanied by a statement that the copy supplied consists of the same material incorporated by reference in the referencing application.

- (g) Any insertion of material incorporated by reference into the specification or drawings of an application must be by way of an amendment to the specification or drawings. Such an amendment must be accompanied by a statement that the

material being inserted is the material previously incorporated by reference and that the amendment contains no new matter.

- (h) An incorporation of material by reference that does not comply with paragraphs (c), (d), or (e) of this section is not effective to incorporate such material unless corrected within any time period set by the Office, but in no case later than the close of prosecution as defined by § 1.114(b) (mpep-9020-appx-r.html#d0e322625) , or abandonment of the application, whichever occurs earlier. In addition:

  - (1) A correction to comply with paragraph (c)(1) of this section is permitted only if the application as filed clearly conveys an intent to incorporate the material by reference. A mere reference to material does not convey an intent to incorporate the material by reference.
  - (2) A correction to comply with paragraph (c)(2) of this section is only permitted for material that was sufficiently described to uniquely identify the document.

    - (i) An application transmittal letter limited to the transmittal of a copy of the specification and drawings from a previously filed application submitted under paragraph (a) or (b) of this section may be signed by a juristic applicant or patent owner.

The Director has considerable discretion in determining what may or may not be incorporated by reference in a patent application. *General Electric Co. v. Brenner,* 407 F.2d 1258, 159 USPQ 335 (D.C. Cir. 1968). In 2004, the Office codified in **37 CFR 1.57(b) − (g) (mpep-9020-appx-r.html#d0e319490)** existing practice with respect to explicit incorporations by reference with a few changes to reflect the eighteen-month publication of applications. In addition, in 2004, **37 CFR 1.57(a) (mpep-9020-appx-r.html#d0e319490)** was added to provide a safeguard for applicants when a page(s) of the specification, or a portion thereof, or a sheet(s) of the drawing(s), or a portion thereof, is inadvertently omitted from an application, such as through a clerical error. In 2013, the Office moved the provisions of former **37 CFR 1.57(a) (mpep-9020-appx-r.html#plt_d0e319498)** to **37 CFR 1.57(b) (mpep-9020-appx-r.html#ar_d22415_18920_3a0)** in order to provide for reference filing in **37 CFR 1.57(a) (mpep-9020-appx-r.html#plt_d0e319498)** , which is a new procedure provided by the implementation of section 201(a) of the Patent Law Treaties Implementation Act of 2012 (PLTIA) (Public Law 112-211). **37 CFR 1.57(b) (mpep-9020-appx-r.html#ar_d22415_18920_3a0)** permits inadvertently omitted material to be added to the application by way of a later filed amendment if the inadvertently omitted portion of the specification or drawing(s) is completely contained in a prior-filed application (for which priority/benefit is claimed) even though there is no explicit incorporation by reference of the prior-filed application. See **MPEP § 217 (s217.html#ch200_d1ff72_27f9d_2c9)** for discussion regarding **37 CFR 1.57(b) (mpep-9020-appx-r.html#ar_d22415_18920_3a0)** .

As mentioned above, **37 CFR 1.57 (mpep-9020-appx-r.html#plt_d0e319490)** was revised, effective December 18, 2013, to implement the reference filing provisions in title II of the PLTIA, which amended the patent laws in accordance with the Patent Law Treaty. As provided in **35 U.S.C. 111(c) (mpep-9015-appx-l.html#pltd0e302785_addc)** , as amended by the PLTIA, a nonprovisional application filed under **35 U.S.C. 111(a) (mpep-9015-appx-l.html#pltd0e302678aia)** on or after December 18, 2013, may be filed by a reference to a previously filed application (foreign, international, provisional, or nonprovisional) indicating that the specification and any drawings of the application are replaced by the reference to the previously filed application. See **MPEP § 601.01(a) (s601.html#d0e35476)** , subsection III, for information on the conditions, including the payment of a surcharge, under which a reference made upon the filing of an application under **35 U.S.C. 111(a) (mpep-9015-appx-l.html#pltd0e302678aia)** to a previously filed application shall constitute the specification and any drawings of the subsequent application for purposes of a filing date.

The incorporation by reference practice with respect to applications which issue as U.S. patents provides the public with a patent disclosure which minimizes the public's burden to search for and obtain copies of documents incorporated by reference which may not be readily available. Through the Office's incorporation by reference policy, the Office ensures that reasonably complete disclosures are published as U.S. patents. The following is the manner in which the Director has elected to exercise that discretion. Section A provides the guidance for incorporation by reference in applications which are to issue as U.S. patents. Section B provides guidance for incorporation by reference in benefit applications; i.e., those domestic (**35 U.S.C. 120 (mpep-9015-appx-l.html#d0e303023313)** ) or foreign (**35 U.S.C. 119(a) (mpep-9015-appx-l.html#d0e302921)** ) applications relied on to establish an earlier effective filing date. See **MPEP § 2181 (s2181.html#d0e219279)** for the impact of incorporation by reference on the determination of whether applicant has complied with the requirements of **35 U.S.C. 112(b) (mpep-9015-appx-l.html#al_d1d85b_2ae65_215)** when **35 U.S.C. 112(f) (mpep-9015-appx-l.html#al_d1d85b_2ae7b_ec)** is invoked.

*A.Review of Applications Which Are To Issue as Patents*

An application as filed must be complete in itself in order to comply with **35 U.S.C. 112 (mpep-9015-appx-l.html#d0e302824)** . Material nevertheless may be incorporated by reference. An application for a patent when filed may incorporate "essential material" by reference to (1) a U.S. patent, or (2) a U.S. patent application publication, which patent or patent application publication does not itself incorporate such essential material by reference. See **37 CFR 1.57(d) (mpep-9020-appx-r.html#d0e319572)** .

"Essential material" is defined in **37 CFR 1.57(d) (mpep-9020-appx-r.html#d0e319572)** as that which is necessary to (1) provide a written description of the claimed invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and set forth the best mode contemplated by the inventor of carrying out the invention as required by **35 U.S.C. 112(a) (mpep-9015-appx-l.html#al_d1d85b_2ae60_3d5)** ; (2) describe the claimed invention in terms that particularly point out and distinctly claim the invention as required by **35 U.S.C. 112(b) (mpep-9015-appx-l.html#al_d1d85b_2ae65_215)** ; or (3) describe the structure, material, or acts that correspond to a claimed means or step for performing a specified function as required by **35 U.S.C. 112(f) (mpep-9015-appx-l.html#al_d1d85b_2ae7b_ec)** . In any application that is to issue as a U.S. patent, essential material may only be incorporated by reference to a U.S. patent or patent application publication.

Other material ("nonessential subject matter") may be incorporated by reference to (1) patents or applications published by the United States or foreign countries or regional patent offices, (2) prior and concurrently filed, commonly owned U.S. applications, or (3) non-patent publications. Nonessential subject matter is subject matter referred to for purposes of indicating the background of the invention or illustrating the state of the art. See **37 CFR 1.57(e) (mpep-9020-appx-r.html#d0e319597)** .

An incorporation by reference by hyperlink or other form of browser executable code is not permitted. See **37 CFR 1.57(e) (mpep-9020-appx-r.html#d0e319597)** and **MPEP § 608.01 (s608.html#d0e42440)** .

Mere reference to another application, patent, or publication is not an incorporation of anything therein into the application containing such reference for the purpose of the disclosure required by 35 U.S.C. 112 (mpep-9015-appx-l.html#d0e302824). *In re de Seversky*, 474 F.2d 671, 177 USPQ 144 (CCPA 1973). 37 CFR 1.57(c)(1) (mpep-9020-appx-r.html#d0e319561) limits a proper incorporation by reference (except as provided in 37 CFR 1.57(b) (mpep-9020-appx-r.html#ar_d22415_18920_3a0) ) to instances only where the perfecting words "incorporated by reference" or the root of the words "incorporate" (e.g., incorporating, incorporated) and "reference" (e.g., referencing) appear. The requirement for specific root words will bring greater clarity to the record and provide a bright line test as to where something is being referred to is an incorporation by reference. The Office intends to treat references to documents that do not meet this "bright line" test as noncompliant incorporations by reference and may require correction pursuant to 37 CFR 1.57(h) (mpep-9020-appx-r.html#d0e319609) . If a reference to a document does not clearly indicate an intended incorporation by reference, examination will proceed as if no incorporation by reference statement has been made and the Office will not expend resources trying to determine if an incorporation by reference was intended. In addition to other requirements for an application, the referencing application must include an identification of the referenced patent, application, or publication. See 37 CFR 1.57(c)(2) (mpep-9020-appx-r.html#d0e319568) . Particular attention should be directed to specific portions of the referenced document where the subject matter being incorporated may be found. Guidelines for situations where applicant is permitted to fill in a number for Application No. _____ left blank in the application as filed can be found in *In re Fouche*, 439 F.2d 1237, 169 USPQ 429 (CCPA 1971) (Abandoned applications less than 20 years old can be incorporated by reference to the same extent as copending applications; both types are open to the public upon the referencing application issuing as a patent.). See 37 CFR 1.14(a)(i), (iv), and (vi) (mpep-9020-appx-r.html#d0e314245) , and MPEP § 103 (s103.html#d0e1338) .

## 1. Complete Disclosure Filed

If an application is filed with a complete disclosure, essential material may be canceled by amendment and may be substituted by reference to a U.S. patent or a U.S. patent application publication. The amendment must be accompanied by a statement signed by the applicant, or a practitioner representing the applicant, stating that the material canceled from the application is the same material that has been incorporated by reference and no new matter has been included (see 37 CFR 1.57(g) (mpep-9020-appx-r.html#d0e319605) ). The same procedure is available for nonessential material.

If an application as filed incorporates material by reference, a copy of the incorporated by reference material may be required to be submitted to the Office even if the material is properly incorporated by reference. The examiner may require a copy of the incorporated material to review and to understand what is being incorporated or to put the description of the material in its proper context. Another instance where a copy of the incorporated material may be required is where the material is being inserted by amendment into the body of the application to replace an improper incorporation by reference statement so that the Office can determine that the material being added by amendment in lieu of the incorporation is the same material as was attempted to be incorporated. If the Office requires the applicant to supply a copy of the material incorporated by reference, the material must be accompanied by a statement that the copy supplied consists of the same material incorporated by reference in the referencing application. See 37 CFR 1.57(f) (mpep-9020-appx-r.html#d0e319601) .

## 2. Improper Incorporation

37 CFR 1.57(g) (mpep-9020-appx-r.html#d0e319605) addresses corrections of incorporation by reference by inserting the material previously incorporated by reference. A noncompliant incorporation by reference statement may be corrected by an amendment. 37 CFR 1.57(g) (mpep-9020-appx-r.html#d0e319605) . However, the amendment must not include new matter. Incorporating by reference material that was not incorporated by reference on filing of an application may introduce new matter. An incorporation by reference of essential material to an unpublished U.S. patent application, a foreign application or patent, or to a publication is improper under 37 CFR 1.57(d) (mpep-9020-appx-r.html#d0e319572) . The improper incorporation by reference is not effective to incorporate the material unless corrected by the applicant (37 CFR 1.57(h) (mpep-9020-appx-l.html#d0e319609) ). Any underlying objection or rejection (e.g., under 35 U.S.C. 112 (mpep-9015-appx-l.html#d0e302824) ) should be made by the examiner until applicant corrects the improper incorporation by reference by submitting an amendment to amend the specification or drawings to include the material incorporated by reference. A statement that the material being inserted is the material previously incorporated by reference and that the amendment contains no new matter is also required. 37 CFR 1.57(g) (mpep-9020-appx-r.html#d0e319605) . See also *In re Hawkins*, 486 F.2d 569, 179 USPQ 157 (CCPA 1973); *In re Hawkins*, 486 F.2d 579, 179 USPQ 163 (CCPA 1973); *In re Hawkins*, 486 F.2d 577, 179 USPQ 167 (CCPA 1973). Improper incorporation by reference statements and late corrections thereof require expenditure of unnecessary examination resources and slow the prosecution process. Applicants know (or should know) whether they want material incorporated by reference, and must timely correct any incorporation by reference errors. Correction must be done within the time period set forth in 37 CFR 1.57(h) (mpep-9020-appx-r.html#d0e319609) .

An incorporation by reference that does not comply with 37 CFR 1.57(c), (d), or (e) (mpep-9020-appx-r.html#d0e319557) is not effective to incorporate such material unless corrected within any time period set by the Office (should the noncompliant incorporation by reference be first noticed by the Office and applicant informed thereof), but in no case later than the close of prosecution as defined by 37 CFR 1.114(b) (mpep-9020-appx-r.html#d0e322625) (should applicant be the first to notice the noncompliant incorporation by reference and the Office informed thereof), or abandonment of the application, whichever occurs earlier. The phrase "or abandonment of the application" is included in 37 CFR 1.57(h) (mpep-9020-appx-r.html#d0e319609) to address the situations where an application is abandoned prior to the close of prosecution, e.g., the situation where an application is abandoned after a non-final Office action.

37 CFR 1.57(h)(1) (mpep-9020-appx-r.html#d0e319616) authorizes the correction of noncompliant incorporation by reference statements that do not use the root of the words "incorporate" and "reference" in the incorporation by reference statement when the application as filed clearly conveys an intent to incorporate the material by reference. This correction can usually be made, for example, when an originally filed claim of an application identifies an amino acid or nucleotide sequence by database accession number. In making the determination of clear intent the examiner should consider the language used in referencing the sequence, the context in which it is disclosed, and any additional arguments or evidence presented by applicants.

37 CFR 1.57(h)(2) (mpep-9020-appx-r.html#d0e319620) states that a citation of a document can be corrected where the document is sufficiently described to uniquely identify the document. Correction of a citation for a document that cannot be identified as the incorporated document may be new matter and is not authorized by 37 CFR 1.57(h)(2) (mpep-9020-appx-r.html#d0e319620) . An example would be where applicant intended to incorporate a particular journal article but supplied the citation information for a completely unrelated book by a different author, and there is no other information to identify the correct journal article. Since it cannot be determined from the citation originally supplied what article was intended to be incorporated, it would be improper (e.g., new matter) to replace the original incorporation by reference with the intended incorporation by reference. A citation of a patent

application by attorney docket number, inventor name, filing date and title of invention may sufficiently describe the document, but even then correction should be made to specify the application number.

A petition under 37 CFR 1.183 (mpep-9020-appx-r.html#d0e325004) to suspend the time period requirement set forth in 37 CFR 1.57(h) (mpep-9020-appx-r.html#d0e319609) will not be appropriate. After the application has been abandoned, applicant must file a petition to revive under 37 CFR 1.137 (mpep-9020-appx-r.html#d0e323800) for the purpose of correcting the incorporation by reference. After the application has issued as a patent, applicant may correct the patent by filing a reissue application. Correcting an improper incorporation by reference with a certificate of correction is not an appropriate means of correction because it may alter the scope of the claims. The scope of the claims may be altered because 37 CFR 1.57(h) (mpep-9020-appx-r.html#d0e319609) provides that an incorporation by reference that does not comply with paragraph (c), (d), or (e) is not an effective incorporation. For example, an equivalent means omitted from a patent disclosure by an ineffective incorporation by reference would be outside the scope of the patented claims. Hence, a correction of an incorporation by reference pursuant to 37 CFR 1.57 (mpep-9020-appx-r.html#d0e319490) may alter the scope of the claims by adding the omitted equivalent means. Changes involving the scope of the claims should be done via the reissue process. Additionally, the availability of the reissue process for corrections would make a successful showing required under 37 CFR 1.183 (mpep-9020-appx-r.html#d0e325004) unlikely. The following examples show when an improper incorporation by reference is required to be corrected:

**Example 1:**
Upon review of the specification, the examiner noticed that the specification included an incorporation by reference statement incorporating essential material disclosed in a foreign patent. In a non-final Office action, the examiner required the applicant to amend the specification to include the essential material.

In reply to the non-final Office action, applicant must correct the improper incorporation by reference by filing an amendment to add the essential material disclosed in the foreign patent and a statement in compliance with 37 CFR 1.57(g) (mpep-9020-appx-r.html#d0e319605) within the time period for reply set forth in the non-final Office action.

**Example 2:**
Upon review of the specification, the examiner determined that the subject matter incorporated by reference from a foreign patent was "nonessential material" and therefore, did not object to the incorporation by reference. In reply to a non-final Office action, applicant filed an amendment to the claims to add a new limitation that was supported only by the foreign patent. The amendment filed by the applicant caused the examiner to re-determine that the incorporated subject matter was "essential material" under 37 CFR 1.57(d) (mpep-9020-appx-r.html#d0e319572). The examiner rejected the claims that include the new limitation under 35 U.S.C. 112(a) (mpep-9015-appx-l.html#al_d1d85b_2ae60_3d5) in a final Office action.

Since the rejection under 35 U.S.C. 112(a) (mpep-9015-appx-l.html#d0e302824) was necessitated by the applicant's amendment, the finality of the Office action is proper. If the applicant wishes to overcome the rejection under 35 U.S.C. 112(a) (mpep-9015-appx-l.html#d0e302824) by filing an amendment under 37 CFR 1.57(g) (mpep-9020-appx-r.html#d0e319605) to add the subject matter disclosed in the foreign patent into the specification, applicant may file the amendment as an after final amendment in compliance with 37 CFR 1.116 (mpep-9020-appx-r.html#d0e322826), Alternatively, applicant may file an RCE under 37 CFR 1.114 (mpep-9020-appx-r.html#d0e322625) accompanied by the appropriate fee, and an amendment per 37 CFR 1.57(g) (mpep-9020-appx-r.html#d0e319605) within the time period for reply set forth in the final Office action.

The following form paragraphs may be used:

## ¶ 6.19 Incorporation by Reference, Unpublished U.S. Application, Foreign Patent or Application, Publication

The incorporation of essential material in the specification by reference to an unpublished U.S. application, foreign application or patent, or to a publication is improper. Applicant is required to amend the disclosure to include the material incorporated by reference, if the material is relied upon to overcome any objection, rejection, or other requirement imposed by the Office. The amendment must be accompanied by a statement executed by the applicant, or a practitioner representing the applicant, stating that the material being inserted is the material previously incorporated by reference and that the amendment contains no new matter. 37 CFR 1.57(g) (mpep-9020-appx-r.html#d0e319605).

**Examiner Note:**

Since the material that applicant is attempting to incorporate in the specification is considered to be essential material, an appropriate objection to the specification under 35 U.S.C. 132 (mpep-9015-appx-l.html#d0e303187) and/or rejection of the claim(s) under 35 U.S.C. 112 (mpep-9015-appx-l.html#d0e302824912), should be made. One or more form paragraphs 7.31.01 (#fp7.31.01) to 7.31.04 (#fp7.31.04), as for example, should be used following this form paragraph.

## ¶ 6.19.01 Ineffective Incorporation by Reference, General

The attempt to incorporate subject matter into this application by reference to **[1]** is ineffective because **[2]**.

**Examiner Note:**

- 1. In bracket 1, identify the document such as an application or patent number or other identification.
- 2. In bracket 2, give reason(s) why it is ineffective (e.g., the root words "incorporate" and/or "reference" have been omitted, see 37 CFR 1.57(c)(1) (mpep-9020-appx-r.html#d0e319561); the reference document is not clearly identified as required by 37 CFR 1.57(c)(2) (mpep-9020-appx-r.html#d0e319568)).
- 3. This form paragraph should be followed by form paragraph 6.19.03 (#fp6.19.03).

## ¶ 6.19.03 Correction of Ineffective Incorporation by Reference

The incorporation by reference will not be effective until correction is made to comply with 37 CFR 1.57(c), (d), or (e) (mpep-9020-appx-r.html#d0e319490) . If the incorporated material is relied upon to meet any outstanding objection, rejection, or other requirement imposed by the Office, the correction must be made within any time period set by the Office for responding to the objection, rejection, or other requirement for the incorporation to be effective. Compliance will not be held in abeyance with respect to responding to the objection, rejection, or other requirement for the incorporation to be effective. In no case may the correction be made later than the close of prosecution as defined in 37 CFR 1.114(b) (mpep-9020-appx-r.html#d0e322625) , or abandonment of the application, whichever occurs earlier.

Any correction inserting material by amendment that was previously incorporated by reference must be accompanied by a statement that the material being inserted is the material incorporated by reference and the amendment contains no new matter. 37 CFR 1.57(g) (mpep-9020-appx-r.html#d0e319490) .
The filing date of any application wherein essential material is improperly incorporated by reference will not be affected by applicant's correction where (A) there is a clear intent to incorporate by reference the intended material and the correction is to add the root words of "incorporate" and "reference," (B) the incorporated document can be uniquely identified and the correction is to clarify the document's identification, and (C) where the correction is to insert the material from the reference where incorporation is to an unpublished U.S. patent application, foreign application or patent, or to a publication.

Reliance on a commonly assigned, prior filed or concurrently filed copending application by a different inventor may ordinarily be made for the purpose of completing the disclosure provided the incorporated material is directed to nonessential material. See 37 CFR 1.57(e) (mpep-9020-appx-r.html#d0e319597) . See In re Fried, 329 F.2d 323, 141 USPQ 27 (CCPA 1964), and General Electric Co. v. Brenner, 407 F.2d 1258, 159 USPQ 335 (D.C. Cir. 1968).

Since a disclosure must be complete as of the filing date, subsequent publications or subsequently filed applications cannot be relied on to establish a constructive reduction to practice or an enabling disclosure as of the filing date. White Consol. Indus., Inc. v. Vega Servo-Control, Inc., 713 F.2d 788, 218 USPQ 961 (Fed. Cir. 1983); In re Scarbrough, 500 F.2d 560, 182 USPQ 298 (CCPA 1974); In re Glass, 492 F.2d 1228, 181 USPQ 31 (CCPA 1974).

***B.Review of Applications Which Are Relied on To Establish an Earlier Effective Filing Date***
The limitations on the material which may be incorporated by reference in U.S. patent applications which are to issue as U.S. patents do not apply to applications relied on only to establish an earlier effective filing date under 35 U.S.C. 119 (mpep-9015-appx-l.html#d0e302921) or 35 U.S.C. 120 (mpep-9015-appx-l.html#d0e303023313) . Neither 35 U.S.C. 119(a) (mpep-9015-appx-l.html#d0e302921) nor 35 U.S.C. 120 (mpep-9015-appx-l.html#d0e303023313) places any restrictions or limitations as to how the claimed invention must be disclosed in the earlier application to comply with 35 U.S.C. 112(a) (mpep-9015-appx-l.html#al_d1d85b_2ae60_3d5) . Accordingly, an application is entitled to rely upon the filing date of an earlier application, even if the earlier application itself incorporates essential material by reference to another document. See Ex parte Maziere, 27 USPQ2d 1705, 1706-07 (Bd. Pat. App. & Inter. 1993).

The reason for incorporation by reference practice with respect to applications which are to issue as U.S. patents is to provide the public with a patent disclosure which minimizes the public's burden to search for and obtain copies of documents incorporated by reference which may not be readily available. Through the Office's incorporation by reference policy, the Office ensures that reasonably complete disclosures are published as U.S. patents. The same policy concern does not apply where the sole purpose for which an applicant relies on an earlier U.S. or foreign application is to establish an earlier filing date. Incorporation by reference in the earlier application of (1) patents or applications published by foreign countries or regional patent offices, (2) nonpatent publications, (3) a U.S. patent or application which itself incorporates "essential material" by reference, or (4) a foreign application, is not critical in the case of a "benefit" application.

When an applicant, or a patent owner in a reexamination or interference, claims the benefit of the filing date of an earlier application which incorporates material by reference, the applicant or patent owner may be required to supply copies of the material incorporated by reference. For example, an applicant may claim the benefit of the filing date of a foreign application which itself incorporates by reference another earlier filed foreign application. If necessary, due to an intervening reference, applicant should be required to supply a copy of the earlier filed foreign application, along with an English language translation. A review can then be made of the foreign application and all material incorporated by reference to determine whether the foreign application discloses the invention sought to be patented in the manner required by 35 U.S.C. 112(a) (mpep-9015-appx-l.html#al_d1d85b_2ae60_3d5) so that benefit may be accorded. In re Gosteli, 872 F.2d 1008, 10 USPQ2d 1614 (Fed. Cir. 1989).

As a safeguard against the omission of a portion of a prior application for which priority is claimed under 35 U.S.C. 119(a)-(d) or (f) (mpep-9015-appx-l.html#d0e302921) , or for which benefit is claimed under 35 U.S.C. 119(e) (mpep-9015-appx-l.html#d0e302921) or 120 (mpep-9015-appx-l.html#d0e303023313) , applicant may include a statement at the time of filing of the later application incorporating by reference the prior application. See MPEP § 201.06(c) (s201.html#ch200_d1ff70_1fd70_fe) and 211 (s211.html#ch200_d1ff71_1bd25_18b) et seq. where domestic benefit is claimed. See MPEP §§ 213 (s213.html#ch200_d1ff72_162b8_108) - 216 (s216.html#ch200_d1ff72_27f9d_2c9) where foreign priority is claimed. See MPEP § 217 (s217.html#ch200_d1ff72_27f9d_2c9) regarding 37 CFR 1.57(b) (mpep-9020-appx-r.html#ar_d22415_18920_3a0) . The inclusion of such an incorporation by reference statement in the later-filed application will permit applicant to include subject matter from the prior application into the later-filed application without the subject matter being considered as new matter. For the incorporation by reference to be effective as a proper safeguard, the incorporation by reference statement must be filed at the time of filing of the later-filed application. An incorporation by reference statement added after an application's filing date is not effective because no new matter can be added to an application after its filing date (see 35 U.S.C. 132(a) (mpep-9015-appx-l.html#d0e303187) ). Although, as discussed above, an incorporation by reference statement can be used as a safeguard against an omission of a portion of a prior application for which priority is claimed under 35 U.S.C. 119(a)-(d) or (f) (mpep-9015-appx-l.html#d0e302921) , or for which benefit is claimed under 35 U.S.C. 119(e) (mpep-9015-appx-l.html#d0e302921) or 120 (mpep-9015-appx-l.html#d0e303023313) , it should be noted that an incorporation by reference statement will not satisfy the specific reference requirement of 35 U.S.C. 119(e) (mpep-9015-appx-l.html#d0e302921) or 120 (mpep-9015-appx-l.html#d0e303023313) or 37 CFR 1.78 (mpep-9020-appx-r.html#aia_d0e320662) . See Droplets, Inc. v. E*TRADE Bank, 887 F.3d 1309, 126 USPQ2d 317 (Fed. Cir. 2018).

## II. SIMULATED OR PREDICTED TEST RESULTS OR PROPHETIC EXAMPLES
Simulated or predicted test results and prophetical examples (paper examples) are permitted in patent applications. Working examples correspond to work actually performed and may describe tests which have actually been conducted and results that