IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., <br><br>    Plaintiffs, <br><br>    v. <br><br> ARTHUR J. GALLAGHER & CO., et al., <br><br>    Defendants. | ) ) ) ) ) ) ) C.A. No. 19-1334 (CJB) ) ) ) ) |

**DEFENDANTS' MOTION TO EXCLUDE OPINIONS OF
PLAINTIFFS' TECHNICAL EXPERT PHILIP O'KEEFE**

Defendants[1] move pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993) (D.I. 528 at 34-45; D.I. 555 at 19-23):

---

[1]  The 34 Defendants are:

  a. Ten AJG RC Defendants (Canadys Refined Coal, LLC; Coronado Refined Coal, LLC; George Neal Refined Coal, LLC; George Neal North Refined Coal, LLC; Hastings Refined Coal, LLC; Jefferies Refined Coal, LLC; Joppa Refined Coal, LLC; Louisa Refined Coal, LLC; Walter Scott Refined Coal, LLC; and Williams Refined Coal, LLC);

  b. nine DTE RC Defendants (Arbor Fuels Company LLC; Superior Fuels Company LLC; Belle River Fuels Company, LLC; Huron Fuels Company, LLC; Chouteau Fuels Company, LLC; Portage Fuels Company LLC; Erie Fuels Company, LLC; Jasper Fuels Company LLC; and Newton RC LLC);

  c. eight CERT RC Defendants (Bascobert (A) Holdings, LLC; Buffington Partners, LLC; Cottbus Associates, LLC; Larkwood Energy, LLC; Marquis Industrial Company, LLC; Rutledge Products, LLC; Senescence Energy Products, LLC; and Spring Hill Resources, LLC);

  d. four CERT Operations Companies (CERT Operations II LLC; CERT Operations IV LLC; CERT Operations V LLC; and CERT Operations RCB LLC);

  e. Alistar Enterprises, LLC;

  f. AJG Iowa Refined Coal LLC; and

  g. DTE Energy Resources, LLC.

1) to exclude Plaintiffs' technical expert Philip O'Keefe from testifying as an expert, including offering those opinions set forth in each of his expert reports (*see* D.I. 533, Ex. 11 (Opening Report), Ex. 12 (Reply Report), Ex. 13 (Rebuttal Report), including all appendices), on the grounds that Mr. O'Keefe lacks qualification as an expert, both as a person of ordinary skill in the art and otherwise in the technology underlying the asserted patents and facts in issue in this case;

2) in the alternative and to the extent the Court does not exclude his opinions in their entirety, to exclude the following opinions of Mr. O'Keefe, and all additional opinions that rely thereon:

    a. all opinions offered from the perspective of a person of ordinary skill in the art, as follows:

        i. opinions that any power plant directly infringed any asserted claims of any patent-in-suit, or that any Defendant induced or contributed to such infringement, as set forth in Mr. O'Keefe's Opening or Reply Reports;

        ii. opinions that any asserted claim is novel or non-obvious over the prior art, as set forth in his Rebuttal Report;

        iii. opinions directed to the priority date, invention date, or that any claimed subject matter is supported by sufficient written description, including as set forth in his Rebuttal Report at ¶¶ 53-154;

        iv. opinions that the Refined Coal supplied by Defendants was not suitable for substantial non-infringing uses, as set forth in his Opening Report at ¶¶ 110-149 (pp. 127–145); Reply Report at ¶ 3;

    b.  opinions on technical topics in which he lacks the requisite expertise, as follows:

        i.  opinions that the accused power plants deploy ACI systems as a necessary means to comply with MATS regulations or the plants' emission control permits, as set forth in his Opening Report (D.I. 533, Ex. 11) at ¶¶ 66, 99, 111, 133-97, 114-15, 120-21, 131-34, 137-49 (pp. 29, 62-63, 87, 102-19, 128-29, 131, 135-36, 138-46); Reply Report at ¶¶ 17, 18, 34;

        ii.  opinions on the mechanisms and chemistry of mercury capture at coal fired power plants, as set forth in his Opening Report at ¶¶ 54-68 (pp. 22-31); Reply Report at ¶¶ 23-30;

        iii.  opinions on Defendants' processes for preparing, testing, and supplying Refined Coal to the accused power plants, and on the properties and combustion of Refined Coal, as set forth in his Opening Report at ¶¶ 79-84, 97-100 (pp. 41-46, 60-64);

        iv.  opinions on the operation of SCR units and wet and dry scrubbers at coal fired power plants, and strategies for reducing mercury and other emissions, as set forth in his Opening Report at ¶¶ 32-36 (pp. 12-14);

        v.  opinions relating to air pollution emission control permits, including what power plants need to do to comply with those permits, as set forth in his Opening Report at ¶¶ 40-44 (pp. 15-17);

3

      vi. opinions regarding the development of mercury capture technology, mercury emission control regulations at the state and federal level, and statutes providing tax credits for clean coal technologies, including Refined Coal, as set forth in his Opening Report at ¶¶ 45-47 & 50-53 (pp. 18-22);

      vii. opinions that the Refined Coal supplied by Defendants was not suitable for substantial non-infringing uses, as set forth in his Opening Report at ¶¶ 110-149 (pp. 127–145);

c. opinions that lie outside of any expertise Mr. O'Keefe might possess, as follows:

      i. Opening Report, Section 5.2 (an "Overview of Defendant (sic) Corporate Structure"). ¶¶ 85-95 (pp. 46-57);

      ii. Opening Report, Section 5.4 ("Defendant Interactions with Power Plants and Knowledge of Activated Carbon Injection"). ¶¶ 101-111 (pp. 64 – 87);

      iii. Opening Report, Section 5.5 ("Defendant Information Regarding ME2C Patents"). ¶¶ 112-122 (pp. 87-94);

      iv. Opening Report, Section 5.6 ("Evidence Related to Defendant Conduct Leading to Infringement"). ¶¶ 123-132 (pp. 94-101);

      v. Opening Report, Section 7.1 ("Induced Infringement"). ¶¶ 99-108 (pp. 123-127);

      vi. Opening Report, Section 7.2 ("Contributory Infringement"). ¶¶ 110-118 (pp. 127-130);

    d. opinions that are improper subjects of expert testimony, as being infected by inappropriate legal conclusions, as follows:

        i. "Each of the RC LLC Defendants took action during the time the patents were in force that led to infringing acts by their power plant customers." Opening Report, ¶ 99;

        ii. "In addition, Defendants provided this refined coal with indemnity provisions in place. This would allow power plants to engage in infringing conduct with the expectation that the power plant would face a diminished risk of infringement." Opening Report, ¶ 10;.

        iii. "… As a result, Defendants' actions led to infringement of the patents-in-suit." Opening Report, ¶ 102;

        iv. "A fact-finder could conclude that the Defendants intended for their power plant customers to infringe." Opening Report, ¶ 104;

        v. "… Thus, supplying refined coal in this manner, and to the specific power plants at issue, caused those power plants to practice the methods claimed in the patents-in-suit." Opening Report, ¶ 105;

        vi. "At those times, there is evidence from which a factfinder could conclude that each of the RC LLC Defendants was aware that operations at the power plants receiving their refined coal resulted in direct infringement. …" Opening Report, ¶ 107;

        vii. "Each of the RC LLC Defendants that supplied refined lignite or subbituminous (PRB) coal during the time the patents were in force

        contributed to infringing acts by their power plant customers." Opening Report, ¶ 110;

   viii. "The refined coal supplied by each Refined Coal LLC defendant is a material part of ME2C's patented methods. …" Opening Report, ¶ 119;

    ix. "… Thus, there is evidence that each RC LLC Defendant was aware that the refined coal it supplied was especially made for use as infringement of a claim." Opening Report, ¶ 127;

e. opinions that are improper subjects of expert testimony, as being directed to contract interpretation and party motivation, as follows:

     i. "These payments are made to incentivize the power plant to burn the refined coal with added MerSorb and S-Sorb." Opening Report, ¶ 97;

    ii. "There is evidence from which a fact-finder could conclude that Defendants were aware of the patents-in-suit." Opening Report, ¶ 112;

   iii. "[T]here is information from which a fact-finder could conclude that at least the AJG and DTE Defendants received information regarding ME2C's patents prior to the filing of the lawsuit." Opening Report, ¶ 115;

   iv. "[T]here is evidence from which the fact-finder could conclude that the Defendants willfully blinded themselves from uncovering further information related to infringement." Opening Report, ¶ 124;

      v. "Below is a list of all of the RC LLC Defendants. As shown in Appendix A, each of these RC LLC Defendants has induced direct infringement at the power plant listed below." Opening Report, ¶ 98;

  f. opinions based on insufficient facts or data, not being the product of reliable principles and methods reliably applied to the facts, or outside any putative area of expertise, as follows:

    i. opinions that the Refined Coal supplied by Defendants was not suitable for substantial non-infringing uses, as set forth in his Opening Report at ¶¶ 110-149 (pp. 127–145); Reply Report at ¶ 3;

    ii. opinions on secondary considerations of non-obviousness, as set forth in his Rebuttal Report, at ¶¶ 204-208 and ¶¶ 214-215; and

3) for such other and further relief in favor of Defendants and against Plaintiffs as may be just and proper.

The grounds for Defendants' motions are more fully set forth in the filed briefs and supporting exhibits (D.I. 528, 529, 530, 531, 532, 533, 534, 555).

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT &TUNNELL LLP |
| | */s/ Anthony D. Raucci* |
| | _____ |
| OF COUNSEL: | Jack B. Blumenfeld (#1014) |
| | Brian P. Egan (#6227) |
| Richard W. Mark | Anthony D. Raucci (#5948) |
| Joseph Evall | 1201 North Market Street |
| Paul J. Kremer | P.O. Box 1347 |
| GIBSON, DUNN & CRUTCHER LLP | Wilmington, DE  19899 |
| 200 Park Avenue | (302) 658-9200 |
| New York, NY  10166-0193 | jblumenfeld@morrisnichols.com |
| (212) 351-4000 | began@morrisnichols.com |
| | araucci@morrisnichols.com |
| David Glandorf | *Attorneys for Defendants* |
| GIBSON, DUNN & CRUTCHER LLP | *AJG Iowa Refined Coal LLC* |
| 1801 California Street | *Arbor Fuels Company, LLC* |
| Suite 4200 | *Belle River Fuels Company, LLC* |
| Denver, CO 80202-2642 | *Canadys Refined Coal, LLC* |
| (303) 298-5700 | *Chouteau Fuels Company, LLC* |
| | *Coronado Refined Coal, LLC* |
| | *DTE Energy Resources, LLC* |
| | *Erie Fuels Company, LLC* |
| | *George Neal North Refined Coal, LLC* |
| | *George Neal Refined Coal, LLC* |
| | *Hastings Refined Coal, LLC* |
| | *Huron Fuels Company, LLC* |
| | *Jasper Fuels Company, LLC* |
| | *Jefferies Refined Coal, LLC* |
| | *Joppa Refined Coal LLC* |
| | *Louisa Refined Coal, LLC* |
| | *Newton Refined Coal, LLC* |
| | *Portage Fuels Company, LLC* |
| | *Superior Fuels Company 1, LLC* |
| | *Walter Scott Refined Coal LLC* |
| | *Williams Refined Coal, LLC* |

|  |  |
|---|---|
|  | MORRIS JAMES LLP |
|  | */s/ Kenneth L. Dorsney* |
|  | _____ |
| OF COUNSEL: | Kenneth L. Dorsney (#3726) |
|  | Cortlan S. Hitch (#6720) |
| Jeff Dyess | 500 Delaware Avenue, Suite 1500 |
| Paul Sykes | Wilmington, DE 19801 |
| Benn Wilson | Telephone: (302) 888-6800 |
| BRADLEY ARANT BOULT CUMMINGS LLP | kdorsney@morrisjames.com |
| 1819 Fifth Avenue North | chitch@morrisjames.com |
| Birmingham, AL 35203 |  |
| Telephone:  (205) 521-8000 | *Attorneys for Defendants* |
| Facsimile:  (205) 521-8800 | *CERT Operations IV LLC,* |
| Email:jdyess@bradley.com | *CERT Operations V LLC,* |
| psykes@bradley.com | *CERT Operations RCB LLC,* |
| bcwilson@bradley.com | *CERT Operations II LLC,* |
|  | *Senescence Energy Products, LLC,* |
|  | *Springhill Resources LLC,* |
| Jessica Zurlo | *Buffington Partners LLC,* |
| BRADLEY ARANT BOULT CUMMINGS LLP | *Bascobert (A) Holdings LLC,* |
| 1615 L Street NW Ste 1350 | *Larkwood Energy LLC,* |
| Washington, D.C. 20036 | *Cottbus Associates LLC,* |
| Telephone:  (202) 393-7150 | *Marquis Industrial Company, LLC,* |
| Facsimile:  (202) 347-1684 | *Rutledge Products, LLC* |
| Email:jzurlo@bradley.com |  |
|  |  |
|  | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
|  | */s/ Nicole A. DiSalvo*_____ |
|  | Paul J. Lockwood (#3369) |
|  | Nicole A. DiSalvo (#4662) |
| OF COUNSEL: | Jessica R. Kunz (#5698) |
|  | One Rodney Square |
| Douglas R. Nemec, Esquire | P.O. Box 636 |
| Leslie A. Demers, Esquire | Wilmington, DE  19899-0636 |
| SKADDEN, ARPS, SLATE, MEAGHER | Telephone: (302) 651-3000 |
| & FLOM LLP | paul.lockwood@skadden.com |
| One Manhattan West | nicole.disalvo@skadden.com |
| New York, NY  10001-8602 | jessica.kunz@skadden.com |
| Telephone: (212) 735-3000 |  |
|  | *Attorneys for Defendant* |
|  | *Alistar Enterprises, LLC* |

May 24, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 24, 2023, upon the following in the manner indicated:

| | |
|---|---|
| James M. Lennon, Esquire<br>DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, DE  19806<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Bradley W. Caldwell, Esquire<br>Jason D. Cassady, Esquire<br>John Austin Curry, Esquire<br>Justin T. Nemunaitis, Esquire<br>Adrienne R. Dellinger, Esquire<br>Daniel R. Pearson, Esquire<br>CALDWELL CASSADY CURRY PC<br>2121 North Pearl Street, Suite 1200<br>Dallas, TX  75201<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

*/s/ Anthony D. Raucci*

Anthony D. Raucci (#5948)