IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS ) <br> CORP. and MES INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ARTHUR J. GALLAGHER & CO., et al., ) <br> ) <br> Defendants. ) | Civil Action No. 19-1334-CJB |

James M. Lennon, DEVLIN LAW FIRM, Wilmington, DE; Bradley W. Caldwell, Jason D. Cassady, John Austin Curry, Justin T. Nemunaitis, Daniel R. Pearson, Adrienne R. Dellinger, CALDWELL CASSADY CURRY P.C., Dallas, TX; Attorneys for Plaintiffs.

Kenneth L. Dorsney and Cortlan S. Hitch, MORRIS JAMES LLP, Wilmington, DE; Jeff Dyess, Paul Sykes and Benn Wilson, BRADLEY ARANT BOULT CUMMINGS LLP, Birmingham, AL; Jessica Zurlo, BRADLEY ARANT BOULT CUMMINGS LLP, Washington, D.C., Attorneys for Defendants CERT Operations IV LLC, CERT Operations V LLC, CERT Operations RCB LLC, Senescence Energy Products, LLC, Rutledge Products, LLC, Springhill Resources LLC, Buffington Partners LLC, Bascobert (A) Holdings LLC, Larkwood Energy LLC, Cottbus Associates LLC, CERT Operations II LLC, and Marquis Industrial Company, LLC.

Jack B. Blumenfeld, Brian P. Egan and Anthony D. Raucci, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; Richard W. Mark, Joseph Evall and Paul J. Kremer, GIBSON, DUNN & CRUTCHER LLP, New York, NY; David Glandorf, GIBSON, DUNN & CRUTCHER LLP, Denver, CO; Attorneys for Defendants AJG Iowa Refined Coal LLC, Arbor Fuels Company, LLC, Belle River Fuels Company, LLC, Canadys Refined Coal, LLC, Chouteau Fuels Company, LLC, Coronado Refined Coal, LLC, DTE Energy Resources, LLC, Erie Fuels Company, LLC, George Neal North Refined Coal, LLC, George Neal Refined Coal, LLC, Hastings Refined Coal, LLC, Huron Fuels Company, LLC, Jasper Fuels Company, LLC, Jefferies Refined Coal, LLC, Joppa Refined Coal LLC, Louisa Refined Coal, LLC, Newton Refined Coal, LLC, Portage Fuels Company, LLC, Superior Fuels Company 1, LLC, Walter Scott Refined Coal LLC, and Williams Refined Coal, LLC.

Nicole A. DiSalvo, Jessica R. Kunz and Daniel S. Atlas, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, Wilmington, DE; Douglas R. Nemec and Leslie A. Demers, SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP, New York, NY; Attorneys for Defendant Alistar Enterprises, LLC.

**MEMORANDUM OPINION**

October 19, 2023
Wilmington, Delaware

BURKE, United States Magistrate Judge

      This is a patent action filed by Plaintiffs Midwest Energy Emissions Corp. ("Midwest Energy") and MES Inc. ("MES" and collectively with Midwest Energy, "Plaintiffs" or "ME2C") against 34 Defendants, in which Plaintiffs assert five patents-in-suit. The Court has set out a listing of all of the parties and asserted patents in its recent October 16, 2023 Memorandum Opinion ("October 16, 2023 MO"), (D.I. 586 at 2); it incorporates that discussion by reference here. Presently pending before the Court is Defendants' motion for summary judgment No. 5: no knowledge of patents or infringement (the "Motion"). (D.I. 567). ME2C opposes the Motion. For the reasons set forth below, the Motion is DENIED.[1]

## I.    BACKGROUND

      ME2C commenced this action on July 17, 2019. (D.I. 1) Defendants filed the instant Motion on March 23, 2023. (D.I. 527; *see also* D.I. 566) The Motion was fully briefed as of April 18, 2023, (D.I. 555), and the Court held oral argument on the Motion (as well as other summary judgment motions) on May 17, 2023, (D.I. 581 ("Tr.")). A trial is set to begin on November 13, 2023. (D.I. 507)

      The Court here writes primarily for the parties, and so any facts relevant to this Memorandum Opinion will be discussed in Section III below.

## II.    STANDARD OF REVIEW

---

[1] The parties have jointly consented to the Court's jurisdiction to conduct all proceedings in this case, including trial, the entry of final judgment and all post-trial proceedings. (D.I. 398)

The Court incorporates by reference the standard of review for summary judgment motions, which it set out in the October 16, 2023 MO, (D.I. 586 at 3-4), and the summary judgment-related legal standards specifically relating to claims of patent infringement, which it set out in an October 17, 2023 Memorandum Opinion, (D.I. 588 at 3).

### III.   DISCUSSION

In this case, ME2C asserts that Defendants are liable for induced infringement and contributory infringement of certain method claims of the asserted patents by manufacturing and selling refined coal to non-party power plants. (D.I. 406 at ¶¶ 67, 208, 217; D.I. 546, ex. A at 123, at ¶ 99)  Both the induced and contributory infringement claims require ME2C to prove, *inter alia*, that Defendants had knowledge of the asserted patents (or at least were willfully blind to the existence of the asserted patents).[2] *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66, 769 (2011).  A showing of willful blindness requires that "(1) [t]he defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Id*.  Plaintiffs further assert that Defendants' infringement has been willful, (D.I. 406 at ¶¶ 218, 221), which also requires a showing of knowledge of the patents.[3]

---

[2]    Specifically, "[i]nduced infringement under 35 U.S.C. § 271(b) requires proof of underlying direct infringement, as well as proof that (1) the defendant knew of the patent, (2) the defendant knew or should have known that the induced acts constitute patent infringement, and (3) the defendant possessed specific intent to encourage another's infringement." *Bio-Rad Lab'ys, Inc. v. Int'l Trade Comm'n*, 998 F.3d 1320, 1335 (Fed. Cir. 2021) (internal quotation marks and citation omitted).  "Contributory infringement under 35 U.S.C. § 271(c) requires proof that (1) the defendant had knowledge of the patent in suit, (2) the defendant had knowledge of patent infringement, and (3) the accused product is not a staple article or commodity of commerce suitable for a substantial noninfringing use." *Id.*

[3]    A determination of willful infringement requires a finding of "deliberate or intentional" infringement, and thus the plaintiff must show that "the accused infringer knew of

With the Motion, Defendants move for summary judgment of no induced infringement, contributory infringement, or willful infringement; in support, they assert three grounds. (D.I. 528 at 19-21) First, Defendants argue that "[t]here is no evidence that any Defendant had knowledge of the existence of [any asserted] patent prior to the date on which that Defendant was provided with a complaint attaching the patents-in-suit" (such that ME2C has no claims against Defendants for any "pre-complaint" period). (*Id.* at 20 (internal quotation marks omitted)) Second, they assert that Plaintiffs cannot rely on receipt of any complaint in this case to prove the element of knowledge of the patents (such that ME2C has no claims against Defendants for any "post-complaint" period). (*Id.*) And third, Defendants contend that Plaintiffs' theory that Defendants were "willfully blind" to the asserted patents (prior to learning of them via a complaint) fails because "[t]here is no evidence that any Defendant held *any* relevant subjective beliefs regarding ME2Cpatents, or took *any* deliberate actions to avoid learning of the patents or of potential infringement." (*Id.* at 20-21 (emphasis in original))

Summary judgment is not warranted on any of these grounds. Below, the Court will briefly explain why.

To begin, the Court addresses Defendants' first and third arguments. As to these arguments, *all* Defendants say in their opening brief is that there is "no evidence" regarding pre-complaint knowledge of the asserted patents and "no evidence" of willful blindness as to the asserted patents. (*Id.*) That is it. In other words, Defendants provide no elaboration or analysis

---

the patent-in-suit, and knowingly or intentionally infringed the patent after acquiring that knowledge." *Purewick Corp. v. Sage Prods., LLC*, — F. Supp. 3d — , 2023 WL 2734418, at *9 (D. Del. Mar. 31, 2023) (internal quotation marks and citations omitted); *see also Välinge Innovation AB v. Halstead New Eng. Corp.*, Civil Action No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018), *report and recommendation adopted*, 2018 WL 11013901 (D. Del. Nov. 6, 2018).

about *why* the evidentiary record relating to this subject matter is wanting. In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), Justice Brennan explained that if the burden of persuasion at trial would be on the non-moving party (as it would be here as to Plaintiffs' infringement claims), and if the party moving for summary judgment is asserting that the "nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim[ as Defendants are asserting here, then]. . . . a conclusory assertion that the nonmoving party has no evidence is insufficient." *Celotex*, 477 U.S. at 331-32 (Brennan, J., dissenting) (noting that a holding otherwise would "permit summary judgment procedure to be converted into a tool for harassment"). Instead, "a party who moves for summary judgment on the ground that the nonmoving party has no evidence *must affirmatively show the absence of evidence in the record*" by, for example, "establish[ing] the inadequacy of documentary evidence." *Id.* at 332 (emphasis added); *see also, e.g.*, *In re Bressman*, 327 F.3d 229, 237 & n.3 (3d Cir. 2003); *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 84 n.2 (3d Cir. 1987); *Rosario v. Lynch*, No. 2.13-cv-01945, 2017 WL 4098709, at *3 (E.D. Pa. Sept. 15, 2017); *Finley v. Pa. Dep't of Corr.*, No. 3:12-CV-2194, 2015 WL 1967262, at *8-9 (M.D. Pa. Apr. 30, 2015) (citing cases).

      Thus, Defendants' conclusory assertions of "no evidence" cannot win the day. Indeed, there *is* evidence in the record that at least purportedly relates to Defendants' pre-complaint knowledge. Plaintiffs point to some of this evidence in their answering brief—they highlight deposition testimony, e-mails, and information found in a section of their expert's report (in which their expert, Mr. Philip O'Keefe, reviews various pieces of evidence that he has asserted are relevant to this issue). (D.I. 545 at 13-14 (citing D.I. 546, ex. A at 88, at ¶ 116; *id.*, ex. A at 91-93, at ¶¶ 119-22; D.I. 548, ex. 2 at 10-11, 87; *id.*, ex. 4 at 41-42; *id.*, ex. 5 at 172; *id.*, ex. 24 at 29, 103-04; *id.*, ex. 25 at 210; *id.*, ex. 26 at CERT-0012609; *id.*, ex. 27 at Belle_00018066; *id.*,

ex. 28 at SB_0026045; *id.*, ex. 32 at ArborFuels_0081059))[4]  Defendants are undoubtedly well familiar with at least much of this evidence, in that:  (1) they moved to strike the relevant portions of Mr. O'Keefe's report (the "motion to strike") in November 2022, (*see* D.I. 494 at 1-2); and (2) the e-mails at issue come from Defendants' own documents.  With their motion to strike, Defendants highlighted the evidence at issue in Mr. O'Keefe's report regarding pre-complaint knowledge, and they argued that none of this evidence had actually been disclosed during fact discovery.  (*See id.*)  The Court denied the motion to strike and permitted Defendants to take additional tailored discovery "relating to the previously undisclosed facts regarding pre-suit knowledge[.]"  (D.I. 506 at 3-5)  Yet Defendants ignored this evidence in their opening brief.  They shouldn't have.  It was Defendants' burden here to "affirmatively show" why this evidence was inadequate to establish pre-suit knowledge, and a conclusory statement that there is "no evidence" plainly fails in that regard.[5]  (Tr. at 74, 83-88, 97 (Plaintiffs' counsel noting that Defendants' opening brief did not make specific arguments about why the evidence in the record regarding pre-complaint knowledge was insufficient)); *Celotex*, 477 U.S. at 332; *Finley*, 2015 WL 1967262, at *9-10 (concluding that the defendants failed to fully discharge their initial

---

[4]  The Court notes that Defendants have moved to exclude this section of Mr. O'Keefe's report.  (D.I. 528 at 43)

[5]  Had Defendants sufficiently addressed the evidence in the record in their opening brief, there surely would have been a number of tough calls to make about, for example, whether there are sufficient links between what certain individuals may have known, and whether such knowledge could be fairly imputed to each Defendant.  (*See, e.g.*, D.I. 555 at 7 n.6 (Defendants raising this issue in their reply brief); Tr. at 74-75 (Plaintiffs' counsel indicating that they plan to make this link at trial, and stating that they did not do so as well as they might have in response to the Motion because the issue was not squarely raised in Defendants' opening brief))  But the point is that Defendants had the obligation to affirmatively raise these issues in their opening brief in a fulsome way—in order to put Plaintiffs on notice of Defendants' arguments and allow Plaintiffs to fairly respond.  Defendants' conclusory "no evidence" assertion did not provide fair notice in this regard.

burden of production with respect to their summary judgment motion, where they "failed to offer more than a conclusory assertion that Plaintiff, the nonmoving party who will bear the burden of persuasion at trial, has no evidence to support his claim of a disability within the meaning of Section 504 [and n]or have Defendants affirmatively showed the absence of evidence in the record, or an inadequacy of documentary evidence, with respect to Plaintiff's disability").

With respect to Defendants' second argument (i.e., that a complaint cannot be relied upon to prove post-complaint knowledge of the asserted patents), the Court has already decided this issue. In doing so, it has determined that a complaint can supply knowledge of a patent for certain types of post-complaint claims. *See, e.g.*, *Midwest Energy Emissions Corp. v. Arthur J. Gallagher & Co.*, Civil Action No. 19-1334-RGA-CJB, 2021 WL 2036671, at *20 (D. Del. May 20, 2021), *report and recommendation adopted in relevant part*, 2021 WL 4350591 (D. Del. Sept. 24, 2021); *see also, e.g.*, *ICON Health & Fitness, Inc. v. Tonal Sys., Inc.*, Civil Action No. 21-652-LPS-CJB, 2022 WL 611249, at *3 & n.5 (D. Del. Feb. 7, 2022). The Court declines Defendants' invitation to revisit its decision in this regard. (Tr. at 62-63)

IV.   **CONCLUSION**

For the foregoing reasons, Defendants' Motion is DENIED. An appropriate Order will issue.