IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 19-1334 (CJB) |
| ARTHUR J. GALLAGHER & CO., et al., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR REARGUMENT REGARDING THE COURT'S MEMORANDUM OPINION**
**DENYING THEIR MOTION FOR SUMMARY JUDGMENT NO. 5: NO KNOWLEDGE OF PATENTS OR INFRINGEMENT (D.I. 590)**

## I. INTRODUCTION

Pursuant to D. Del. LR 7.1.5(a), Defendants respectfully request reconsideration, in part, of the Court's Memorandum Opinion ("Opinion") denying summary judgment of no pre-suit induced infringement or contributory infringement of the asserted patents.[1] D.I. 590. In denying the motion, the Court cited certain decisions for the proposition that Defendants' opening brief could not simply state that Plaintiffs had no evidence to support a claim on which Plaintiffs bore the burden, but rather that Defendants needed to address potential arguments of which Defendants were aware. Defendants respectfully assert that is incorrect as a matter of law, and also misapprehends the record.

With respect to the record, the Opinion finds that Defendants purportedly stated in their opening brief only that there was "'no evidence' regarding pre-complaint knowledge of the asserted patents and 'no evidence' of willful blindness as to the asserted patents" but did not address material in Mr. O'Keefe's report that was the subject of an earlier motion to strike for untimely disclosure. *Id.* at 4-6. Defendants' opening brief, however, did argue that the Fourth Amended Complaint was insufficient to show knowledge, separately moved to exclude Mr. O'Keefe's opinions regarding that issue, and analyzed the insufficiency of Plaintiffs' "evidence" in the reply brief supporting summary judgment.

The Court's denial relied on Justice Brennan's dissenting opinion in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), stating generally that a summary judgment movant must cite to and

---

[1] The Court has previously recognized that "Plaintiffs do not appear to be alleging that the Moving Refined Coal Defendants engaged in willful infringement prior to the filing of the original Complaint in this case," and thus previously dismissed Plaintiff's claims of willful infringement with the exception of claims starting from June 29, 2020 for Moving Defendants. D.I. 279 (adopted at D.I. 319). Thus, Defendants understand pre-suit willful infringement is not a part of this case.

1

explain evidence that supports a grant of judgment—effectively rejecting the possibility of a "no evidence" summary judgment motion. D.I. 590 at 5. But this dissent is not the law. To the contrary, that position was the same as that of the appeals court that was *reversed* in *Celotex*. *See Catrett v. Johns-Manville Sales Corp.*, 756 F.2d 181, 184 (D.C. Cir. 1985), *rev'd,* 477 U.S. 317 (1986) ("Celotex's motion was based solely on the plaintiff's purported failure to produce credible evidence to support her claim," and "appellee made no effort to adduce *any* evidence, in the form of affidavits or otherwise, to support its motion"); *id.* at 185 (stating Celotex made a "naked allegation that the *plaintiff* had not come forward in discovery with evidence to support her allegations of the decedent's exposure to the defendant's product," and that "[u]nder settled rules, that barebones approach will not do.").

The opinion of the Court in *Celotex* flatly rejected that approach. 477 U.S. at 319. Specifically, the Supreme Court recognized that "with respect to an issue on which the nonmoving party bears the burden of proof," the burden is not "on the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact." *Id.* at 325. "Instead, as we have explained, the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* That is precisely what Defendants did here.

Justice Brennan's dissenting opinion would have denied summary judgment to defendant Celotex because Celotex's opening papers failed to address pre-emptively three pieces of evidence that the plaintiff had raised on the same issue in an earlier, withdrawn motion for summary judgment. *Id.* at 334-335 (Brennan, J., dissenting). The majority concluded that the motion for summary judgment should not have been denied on the grounds articulated by the D.C. Circuit, even though Celotex only addressed the evidence in reply. *Id.* at 320 (describing the order of

events); *id.* at 323 ("[R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."). If Justice Brennan's dissenting view had prevailed, summary judgment would properly have been denied for failure to address certain evidence Celotex should have known about in its opening brief—the very same ground on which this Court relied in the Opinion denying Defendants' motion. *See* D.I. 590 at 6 n.5 ("But the point is that Defendants had the obligation to affirmatively raise these issues in their opening brief in a fulsome way—in order to put Plaintiffs on notice of Defendants' arguments and allow Plaintiffs to fairly respond. Defendants' conclusory 'no evidence' assertion did not provide fair notice in this regard."). Defendants submit that this elevation of the *Celotex* dissent over the majority to controlling law is a misapprehension of the law and warrants reconsideration of Defendants' motion.

## II. ARGUMENT

Reconsideration is appropriate when needed to correct manifest injustice or clear errors of law. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). Motions for reconsideration are also appropriate when the court has misunderstood a party or made an error not of reasoning, but of apprehension. *Pac. Biosciences of California, Inc. v. Oxford Nanopore Techs., Inc.*, C.A. No. 17-1353-LPS, 2019 WL 2453780, at *1 (D. Del. June 12, 2019).

Defendants respectfully submit that reconsideration is necessary "to correct [a] clear error of law or [to] prevent manifest injustice," *Lazaridis*, 591 F.3d at 669, because the Court incorrectly denied Defendants' motion for summary judgment of no pre-complaint induced or contributory infringement on the basis that Defendants purportedly stated in their opening brief that there was

3

no evidence of any Defendants' pre-suit knowledge of the patents or willful blindness without affirmatively showing the absence of such evidence.

Here, the Court overlooked the arguments that Defendants did make in their opening brief—and then applied the incorrect legal standard.

First, in their opening brief, Defendants cited to the Fourth Amended Complaint and argued why it was insufficient to create a genuine dispute of material fact. D.I. 528 at 20-21. A complaint is record evidence upon which Rule 56 permits a movant to rely. Fed. R. Civ. P. 56(c)(1)(A) (identifying citations to materials in the record, which would include the complaint, as permissible support for a motion for summary judgment); *Spierer v. Rossman*, 798 F.3d 502, 508-09 (7th Cir. 2015) ("The defendants cited to the pleadings to contend that the plaintiffs would not be able to meet their burden of production at trial…. [T]hat was sufficient to meet their burden for summary judgment.").

Second, in denying Defendants' motion on procedural grounds, the Court relied on evidence in Mr. O'Keefe's report that Defendants argued in the same brief would be inadmissible through Mr. O'Keefe as improper speculation by an expert of Defendants' intent, knowledge, and state of mind. D.I. 528 at 42-43; D.I. 590 at 6-7; *see also* D.I. 581 at 80:15-18 (Plaintiffs' Counsel: "As to the question of connecting the dots for the company…it would come in probably through our expert…."). Rule 56 states that a movant may support its motion with argument that the nonmovant cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B); *Lust By and Through Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996) ("Merrell Dow satisfied its initial burden when it indicated that Lust's only causation evidence might be inadmissible."). Even if Mr. O'Keefe is allowed to offer his opinions on Defendants' knowledge,

4

that opinion fails to provide evidence of the knowledge the claim element requires. *See* D.I. 555 at 5-7.

Third, and most importantly, the Court's denial of Defendants' motion on procedural grounds based on the dissent in *Celotex* was improper. As noted above, Justice Brennan's dissent in *Celotex* is not the law. The opinion of the Court did not suggest that Justice Brennan provided an accurate recitation of the burden and no subsequent Supreme Court opinion appears to have endorsed it. Furthermore, the reason that Justice Brennan would have reached a different result in *Celotex* was because he would have required the movant do more—support and explain the no evidence proposition—than the majority. That is, Justice Brennan would have found that summary judgment was properly denied because Celotex failed to address three pieces of evidence that the plaintiff had raised in opposition to the same motion for summary judgment previously raised and withdrawn. 477 U.S. at 336 (Brennan, J., dissenting) (stating that "Celotex was not free to ignore supporting evidence that the record clearly contained," and "was required, as an initial matter, to attack the adequacy of this evidence").

But the majority did not hold Celotex to such a burden. Instead, it recognized that a district court could *sua sponte* grant summary judgment where a party is on notice that it must come forward with all its evidence on an issue, and it would "defy common sense to hold that the District Court could have entered summary judgment *sua sponte* in favor of petitioner in the instant case, but that petitioner's filing of a motion requesting such a disposition precluded the District Court from ordering it." *Id.* at 326.

The same logic applies here. Defendants asserted there was no evidence of knowledge of the patents or willful blindness, and also argued that the Fourth Amended Complaint was insufficient and that Mr. O'Keefe's proffered testimony and evidence on knowledge, intent, and

5

state of mind is inadmissible.  This fairly put Plaintiffs on notice that they had to provide admissible evidence of each Defendant's pre-suit knowledge of the patents.  Indeed, in response, Plaintiffs provided what they contend is that evidence, although notably they did not cite to any interrogatory response or any infringement contentions.  D.I. 545 at 13-15.  Defendants then addressed this evidence in reply and explained why it was insufficient to raise a genuine issue of material fact.  D.I. 555 at 5-7.  There was no "harassment" (D.I. 590 at 5) by this use of the summary judgment procedure, and Plaintiffs did not argue that there was or that Defendants' motion failed to give Plaintiffs notice of the deficiency in their proof.  To the contrary, Plaintiffs chose evidence to cite as support for their contention they could prove pre-suit knowledge, and Defendants responded to it in reply, giving the Court a complete record on which to reach the merits of the summary judgment motion.

The record before the Court would not have been any different had Defendants predicted in their opening brief exactly what evidence Plaintiffs would have cited.  The record here developed as it did in *Celotex*: Defendants pointed out a lack of evidence; Plaintiffs responded by citing what they contended would be competent evidence; and Defendants explained on reply why that evidence was insufficient.[2]  In any event, Plaintiffs did not move for a sur-reply or identify any improper arguments in reply by way of a motion to strike, nor did they even raise an argument based on a failure to meet an initial burden to affirmatively show the absence of evidence in the record.  The law does not require the movant without the burden of proof on an issue to address each document in the record the nonmovant might rely upon and explain why it does not support the claim asserted by the party that bears the burden of proof.  If that were the law, the majority in

---

[2]    In *Celotex*, the Supreme Court remanded and told the court of appeals to address the adequacy of the showing made in opposition to the motion for summary judgment and the reply that such evidence would be insufficient. *Celotex*, 477 U.S. at 326-27.

6

*Celotex* would have agreed with the outcome advocated in Justice Brennan's dissent. *See also* Martin H. Redish, *Summary Judgment and the Vanishing Trial: Implications of the Litigation Matrix*, 57 Stan. L. Rev. 1329, 1345 (2005) ("Since *Celotex*, the majority of lower federal courts have wisely read that decision to impose virtually no burden at all on the movant where she would have no burden of proof at trial."); *see also* Adam N. Steinman, *The Irrepressible Myth of Celotex: Reconsidering Summary Judgment Burdens Twenty Years After the Trilogy*, 63 Wash. & Lee. L. Rev. 81, 114-15 (2006) ("At the outset, of course, arguing that a case's holding is actually the one stated by the dissenters raises an interpretive red flag.").

This understanding of the law is consistent with other decisions in the Third Circuit and this District. *See Parker v. Farley*, C.A. No. 10-1004-GMS, 2015 WL 510626, at *5 (D. Del. Feb. 4, 2015), aff'd 625 F. App'x 77 (3d Cir. 2015) (holding magistrate judge improperly shifted the burden of production to Defendants in denying a motion for summary judgment on the ground that the record was not well developed enough: "The moving party…need not put forth evidence 'negating the opponents claim…. Here, the Defendants satisfied their initial burden, arguing that there was no evidence of communications between the Defendants and Absolute concerning Maurice. In response, Maurice was obligated 'to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." (citing *Celotex*, 477 U.S. at 324)); *Watson v. Christo*, C.A. No. 16-433-RGA, 2019 WL 1324941, at *2 ("The burden on the moving party may be discharged by pointing out to the district court that there is an absence of evidence supporting the non-moving party's case." (citing *Celotex*, 477 U.S. at 323)).

In *Daubert v. NRA Group, LLC*, 861 F.3d 382, 391 (3d Cir. 2017), the Third Circuit stated the proper summary judgment framework for an issue on which the nonmovant bears the burden

7

of proof. There the issue was defendant's affirmative defense of prior express consent. The Third Circuit recognized "no evidence of such prior express consent exists in the record" and "[b]y pointing that out, we hold, Daubert carried his burden as the movant to show the absence of a genuine, material factual dispute on NRA's prior express consent defense." *Id.* (citing *Celotex*, 477 U.S. at 323)).[3]

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses," and "it should be interpreted in a way that allows it to accomplish this purpose." *Celotex*, 477 U.S. at 323-34. As it stands, Defendants' motion for summary judgment no. 5 with respect to pre-suit indirect infringement stands denied based on a misapprehension of Supreme Court law even though the parties addressed what Plaintiffs contend

---

[3] The Court's Opinion relied on two pre-*Daubert* Third Circuit decisions, *Bressman* and *Wisniewski*. D.I. 590 at 5. In *In re Bressman*, 327 F.3d 229, 237 & n.3 (3d Cir. 2003), the court simply found that assuming the law firm defendants had the burden of proof at trial on the "good faith[-]no knowledge issue" relating to allegedly unauthorized payments from a trust account, as movants they had to come forward with evidence sufficient to resist a motion for directed verdict. *Id.* at 237. *Bressman* thus was not a situation where the nonmovant had the burden of proof. Footnote 3 stating that Justice Brennan's dissent "does not differ with the opinion of the Court regarding the appropriate standards for summary judgment" is dicta simply reciting what Justice Brennan said in his dissent, and in any event *Bressman* says nothing about adopting the dissent's articulation of the burden on a party moving for summary judgment when it would not bear the burden of proof at trial. *Id.* at 237 n.3.

In *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81 (3d Cir. 1987), an asbestos case, Plaintiffs appealed a grant of summary judgment of no intentional infliction of emotional distress. *Id.* at 82-83. On appeal, Plaintiffs argued the lower court erred in granting summary judgment in favor of the asbestos manufacturers because they did not support their motion with "detailed facts" justifying summary judgment or "affidavits or other materials denying the allegations of the plaintiffs' complaints." *Id.* at 83-84. In affirming the grant of summary judgment, the Third Circuit recognized that this exact argument was rejected in *Celotex*. *Id.* at 84. Footnote 2 stating that Brennan "[w]riting in dissent" went on to add more than what the majority said was the burden on the moving party where the nonmoving party had the burden of proof is not an adoption of what Justice Brennan said as the law even if the court found the manufacturers motion was supported by more than mere "conclusory assertions" in any event. That Justice Brennan said he did not view his additionally articulated burdens to be in conflict with the majority is not the same as the majority stating its agreement with Justice Brennan. And whatever *Wisniewski* may have once stood for, the Court's 2017 decision in *Daubert* is a better reflection of the court's position now.

8

supports those claims and even though the Opinion failed to find a genuine dispute of material fact. Indeed, the Opinion recognized that Plaintiffs have not shown how they are going to link any of the evidence they cited to any particular Defendant. D.I. 590 at 6 n.5. Summary judgment is the time for Plaintiffs to "put up or shut up."[4] Defendants' motion pointed out that there was no evidence of knowledge of the patents for each Defendant under the procedure explicitly approved in *Celotex*. It is legal error to deny summary judgment on knowledge (an issue on which the non-moving Plaintiffs bear the burden of proof) based on the *Celotex* dissent's view of summary judgment procedure. It is legal error to deny summary judgment on a basis not raised in briefing or oral argument by the non-moving party, and with no prior notice to the movant.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully submit that reconsideration is appropriate here, and summary judgment should be granted in the Defendants' favor as to no pre-suit induced or contributory infringement of the asserted patents.

---

[4] *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) ("In this respect, summary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument…. In addition, if the non-moving party has the burden of proof at trial, that party must set forth facts 'sufficient to establish the existence of an element essential to that party's case.'" (citing *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109-10 (3d Cir. 1985) and *Celotex*, 477 U.S. at 322)).

9

<table>
<tr><td>

OF COUNSEL:

Richard W. Mark
Joseph Evall
Paul J. Kremer
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

David Glandorf
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, CO 80202-2642
(303) 298-5700

George Lombardi
John Drosick
Sarah Krajewski
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
(312) 558-5600

</td><td>

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Anthony D. Raucci*

_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
araucci@morrisnichols.com

*Attorneys for Defendants*
*AJG Iowa Refined Coal LLC*
*Arbor Fuels Company, LLC*
*Belle River Fuels Company, LLC*
*Canadys Refined Coal, LLC*
*Chouteau Fuels Company, LLC*
*Coronado Refined Coal, LLC*
*DTE Energy Resources, LLC*
*Erie Fuels Company, LLC*
*George Neal North Refined Coal, LLC*
*George Neal Refined Coal, LLC*
*Hastings Refined Coal, LLC*
*Huron Fuels Company, LLC*
*Jasper Fuels Company, LLC*
*Jefferies Refined Coal, LLC*
*Joppa Refined Coal LLC*
*Louisa Refined Coal, LLC*
*Newton RC, LLC*
*Portage Fuels Company, LLC*
*Superior Fuels Company 1, LLC*
*Walter Scott Refined Coal LLC*
*Williams Refined Coal, LLC*

</td></tr>
</table>

| | |
|---|---|
| | MORRIS JAMES LLP |
| | */s/ Kenneth L. Dorsney* |
| OF COUNSEL: | Kenneth L. Dorsney (#3726) |
| | Cortlan S. Hitch (#6720) |
| Jeff Dyess | 500 Delaware Avenue, Suite 1500 |
| Paul Sykes | Wilmington, DE  19801-1494 |
| Benn Wilson | (302) 888-6800 |
| BRADLEY ARANT BOULT CUMMINGS LLP | kdorsney@morrisjames.com |
| 1819 Fifth Avenue North | chitch@morrisjames.com |
| Birmingham, AL  35203 | |
|  (205) 521-8000 | *Attorneys for Defendants* |
| | *Bascobert (A) Holdings LLC* |
| Jessica Zurlo | *Buffington Partners LLC* |
| BRADLEY ARANT BOULT CUMMINGS LLP | *CERT Operations II LLC* |
| 1615 L Street NW, Suite 1350 | *CERT Operations IV LLC* |
| Washington, D.C.  20036 | *CERT Operations RCB LLC* |
| (202) 393-7150 | *CERT Operations V LLC* |
| | *Cottbus Associates LLC* |
| | *Larkwood Energy LLC* |
| | *Marquis Industrial Company, LLC* |
| | *Rutledge Products LLC* |
| | *Senescense Energy Products LLC* |
| | *Springhill Resources LLC* |
| | |
| | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP |
| | */s/ Nicole A. DiSalvo* |
| OF COUNSEL: | Paul J. Lockwood (#3369) |
| | Nicole A. DiSalvo (#4662) |
| Douglas R. Nemec, Esquire | Jessica R. Kunz (#5698) |
| Leslie A. Demers, Esquire | One Rodney Square |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | P.O. Box 636 |
| One Manhattan West | Wilmington, DE  19899-0636 |
| New York, NY  10001-8602 | paul.lockwood@skadden.com |
| (212) 735-300 | nicole.disalvo@skadden.com |
| | jessica.kunz@skadden.com |
| | |
| | *Attorneys for Defendant Alistar Enterprises, LLC* |
| October 25, 2023 | |

11

## **RULE 7.1.1 STATEMENT**

Counsel for Defendants has discussed the subject matter of the motion with counsel for Plaintiffs pursuant to D. Del. LR 7.1.1, but were unable to reach agreement.

*/s/ Anthony D. Raucci*
_____
Anthony D. Raucci (#5948)

**CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that on October 25, 2023, I caused copies of the foregoing document to be served upon the following in the manner indicated:

| | |
|---|---|
| James M. Lennon, Esquire<br>DEVLIN LAW FIRM LLC<br>1526 Gilpin Avenue<br>Wilmington, DE  19806<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Bradley W. Caldwell, Esquire<br>Jason D. Cassady, Esquire<br>John Austin Curry, Esquire<br>Justin T. Nemunaitis, Esquire<br>CALDWELL CASSADY CURRY PC<br>2010 Cedar Springs Road, Suite 1000<br>Dallas, TX  75201<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

*/s/ Anthony D. Raucci*
_____
Anthony D. Raucci (#5948)