## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES Inc., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 19-1334 (CJB) ) ) JURY TRIAL DEMANDED |
| ARTHUR J. GALLAGHER & CO., *et al.*, | ) ) |
| Defendants. | ) ) |

**PLAINTIFFS MIDWEST ENERGY EMISSIONS CORP. AND MES INC.'S RESPONSE TO DEFENDANTS' MOTION FOR REARGUMENT REGARDING THE COURT'S MEMORANDUM OPINION DENYING THEIR MOTION FOR SUMMARY JUDGMENT NO. 5: NO KNOWLEDGE OF PATENTS OR INFRINGEMENT (D.I. 590)**

Dated: October 30, 2023

OF COUNSEL:

Bradley W. Caldwell
Texas Bar No. 24040630
Jason D. Cassady
Texas Bar No. 24045625
John Austin Curry
Texas Bar No. 24059636
Justin T. Nemunaitis
Texas Bar No. 24065815
Adrienne R. Dellinger
Texas Bar No. 24116275
**CALDWELL CASSADY CURRY PC**
2121 N. Pearl Street, Suite 1200
Dallas, Texas 75201
Phone: (214) 888-4848
Fax: (214) 888-4849
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
jnemunaitis@caldwellcc.com
adellinger@caldwellcc.com

**DEVLIN LAW FIRM LLC**
James M. Lennon (No. 4570)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com

*Attorneys for Plaintiffs Midwest Energy Emissions Corp. and MES Inc.*

## **TABLE OF CONTENTS**

I. Defendants Ask the Court to Simply Rethink A Decision Already Made and Cannot  Establish Manifest Injustice .................................................................. 2

II. The Court's Application of the Summary Judgment Standard Did Not Involve a Manifest Error of Law or Fact .................................................................... 3

    A. Defendants—Not the Court—Misapprehend the Law .................................... 3

    B. Defendants Have Not Pointed to Any Misapprehension of the Record ........... 7

III. Defendants Failed to Show Absence of Material Fact Issues ................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby, Inc.*
  477 U.S. 242 (1986) .................................................................................................................. 1

*BlackBerry Ltd. V. Nokia Corp.*
  No. 1:17-CV-00155-RGA, 2018 WL 11182775 (D. Del. Oct. 30, 2018) ................................. 3

*Brambles USA, Inc. v. Blocker*
  735 F. Supp. 1239 (D. Del. 1990) .......................................................................................... 10

*Butts v. Sw. Energy Prod. Co.*
  2014 WL 4626560 (M.D. Pa. Sept. 15, 2014) ..................................................................... 3, 5

*Celotex Corp. v. Catrett*
  477 U.S. 317 (1986) ......................................................................................................... passim

*Church-El v. Bank of New York*
  No. CV 11-877, 2015 WL 757690 (D. Del. Feb. 19, 2015) ..................................................... 4

*Cooper v. Hoover*
  No. 1:06-cv-0729, 2008 WL 341639 (M.D. Pa. Feb. 6, 2008) ................................................. 8

*Daubert v. NRA Grp., LLC*
  861 F.3d 382 (3d Cir. 2017) .................................................................................................. 6, 7

*Daubert v. NRA Grp., LLC*
  C.A. No. 3:15-cv-00718-ARC, 2015 WL 12700988 (M.D. Pa. Dec. 2, 2015) ........................ 7

*Fairchild Semiconductor Corp. v. Power Integrations, Inc.*
  No. CV 12-540-LPS, 2015 WL 1883960 (D. Del. Apr. 24, 2015) ........................................... 1

*Halsey v. Pfeiffer*
  750 F.3d 273 (3d Cir. 2014) ...................................................................................................... 2

*In re Bressman*
  327 F.3d 229 (3d Cir. 2003) ...................................................................................................... 5

*In re TK Holdings, Inc.*
  No. BR 17-11375 (BLS), 2022 WL 17475480 (D. Del. Dec. 6, 2022) .................................. 10

*Jackson v. Meta Platforms, Inc.*
  No. CV 22-364 (MN), 2023 WL 6584171 (D. Del. Oct. 10, 2023) ......................................... 2

*MacQueen v. Warren Pumps LLC*
   246 F. Supp. 3d 1004 (D. Del. 2017) .................................................................................... 4

*Max's Seafood Café v. Quinteros*
   176 F.3d 669 (3d Cir. 1999) ................................................................................................... 1

*Mirtech, Inc. v. Agrofresh, Inc.*
   No. CV 20-1170-RGA, 2023 WL 3996618 (D. Del. June 14, 2023) ................................. 1, 10

*Mondero v. Lewes Surgical & Med. Assocs. P.A.*
   233 F. Supp. 3d 414 (D. Del. 2017) ..................................................................................... 10

*Parker v. Farley*
   C.A. No. 10-1004-GMS, 2015 WL 510626 (D. Del. Feb. 4, 2015) ..................................... 6, 7

*Rosario v. Lynch*
   2017 WL 4098709 (E.D. Pa. Sept. 15, 2017) ......................................................................... 5

*Somerville v. Snyder*
   Civ. No. 98–219–GMS, 2002 WL 202104 (D. Del. Feb. 4, 2002) ......................................... 9

*Spierer v. Rossman*
   798 F.3d 502 (7th Cir. 2015) .................................................................................................. 8

*Watson v. Christo*
   No. 16-CV-433-RGA, 2019 WL 1324941 (D. Del. Mar. 25, 2019) ....................................... 6

*Wisniewski v. Johns-Manville Corp.*
   812 F.2d 81 (3d Cir. 1987) ................................................................................................. 5, 8

**Other Authorities**

Adam N. Steinman, *The Irrepressible Myth of Celotex: Reconsidering Summary Judgment Burdens Twenty Years After the Trilogy*
   63 WASH. & LEE. L. REV. 81, 114–15 (2006) ......................................................................... 6

Charles Wright et al.
   10A Fed. Prac. & Proc. Civ. § 2727.1 (4th ed. 2023) ............................................................. 5

Martin H. Redish
   *Summary Judgment and the Vanishing Trial: Implications of the Litigation Matrix*
   57 STAN. L. REV. 1329, 1345 n. 55 & 56 (2005) ..................................................................... 5

**Rules**

Fed. R. Civ. P. 30(b)(6) ................................................................................................................. 7

Fed. R. Civ. P. 50 ................................................................................................................... 3

Fed. R. Civ. P. 56 ................................................................................................................... 2

Fed. R. Civ. P. 56(a) .............................................................................................................. 1

Fed. R. Civ. P. 56(c)(1)(B) .................................................................................................... 9

L.R. 7.1.5 ............................................................................................................................... 1

Defendants' motion for reargument simply asks the Court to change its mind about Defendants' procedural default in its motion for summary judgment. But Defendants fail to identify any legal or factual error, let alone manifest injustice, that evinces the "one of the rare circumstances in which reargument should be granted." *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, No. CV 12-540-LPS, 2015 WL 1883960, at *1 (D. Del. Apr. 24, 2015). The Court's decision was undoubtedly correct, and the motion must be denied.

## LEGAL STANDARD

"Pursuant to Local Rule 7.1.5, a motion for reconsideration or reargument should be granted only 'sparingly.'" *Fairchild*, 2015 WL 1883960, at *1. "A motion for reargument/reconsideration is not an appropriate vehicle to reargue issues that the court has already considered and decided." *Mirtech, Inc. v. Agrofresh, Inc.*, No. CV 20-1170-RGA, 2023 WL 3996618, at *3 (D. Del. June 14, 2023). Rather, the purpose of such a motion is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *Fairchild*, 2015 WL 1883960, at *1. And "[a] party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice." *Id.* (citing *Max's Seafood Cafe*, 176 F.3d at 677).

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact" and that "the movant is entitled to judgment as a matter of law" such that no reasonable jury could return a verdict for the nonmoving party. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Of course, a party seeking summary

1

judgment always bears the initial responsibility of informing the district court of the basis for its motion, *and* identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (majority opinion) (emphasis added) (quoting Fed. R. Civ. P. 56).  Only then will the burden shift to the non-movant to "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324.  "[A] court must view the evidence in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from the evidence." *Halsey v. Pfeiffer*, 750 F.3d 273, 287 (3d Cir. 2014) (citation omitted).

## ARGUMENT

### I. Defendants Ask the Court to Simply Rethink A Decision Already Made and Cannot Establish Manifest Injustice.

"A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Jackson v. Meta Platforms, Inc.*, No. CV 22-364 (MN), 2023 WL 6584171, at *1 (D. Del. Oct. 10, 2023).  Yet that is precisely what Defendants seek here.  Defendants were the masters of their own motion: They chose to file a one-and-a-half page brief addressing no record evidence in support of their motion for summary judgment on induced-infringement intent.  *See* D.I. 528 at 19–21.  When Plaintiffs came forward with evidence (in response to Defendants' assertion that there simply was none), Defendants' pivoted, offering a brief almost twice as long as the initial motion and making new points.  D.I. 555 at 5–7.  At the hearing, Plaintiffs argued at length that the issues raised in the opening brief differed from Defendants' reply arguments.  Hr'g Tr. 82:16–89:25.  Defendants responded by defending their choice to expand their argument in their written reply, relying on the broad "heading of [their] opening brief."  Hr'g Tr.

90:8–25. The Court denied the motion, as "conclusory assertions of 'no evidence' [could] not win the day." D.I. 590 at 5. The issue of whether Defendants' arguments were properly joined in the reply was raised and discussed by the parties and resolved against Defendants. They should not be afforded an opportunity to simply relitigate that issue again, hoping the Court may change its mind.

Additionally, Defendants suggest their motion must be granted to "correct manifest injustice," D.I. 595 ("Mot.") at 3, but they cannot meet that standard. Defendants will undoubtedly have another opportunity to raise sufficiency of evidence concerns regarding Plaintiff's case through, for example Rule 50 motions. Where Defendants can re-urge this issue later in the case, there can be no manifest injustice presented by a denial of reargument. *See BlackBerry Ltd. V. Nokia Corp.*, No. 1:17-CV-00155-RGA, 2018 WL 11182775, at *2 (D. Del. Oct. 30, 2018) (denying Plaintiff's motion for reargument on motion to dismiss a complaint where order issued where Plaintiff was free to seek leave to amend, and thus, there was "no threat of manifest injustice.").

## II. The Court's Application of the Summary Judgment Standard Did Not Involve a Manifest Error of Law or Fact

Even if the Court reaches the merits of the reargument motion, however, Defendants cannot establish that the Court erred in law or fact.

### A. Defendants—Not the Court—Misapprehend the Law

Defendants argue that the Court's "elevation of the *Celotex* dissent over the majority to controlling law is a misapprehension of the law and warrants reconsideration of Defendants' motion." Mot. at 3. But "the Court's citation to the Brennan dissent does not present an error of law." *Butts v. Sw. Energy Prod. Co.*, 2014 WL 4626560, at *1 (M.D. Pa. Sept. 15, 2014).

For one, the *Celotex* majority held that "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, **and identifying**

3

***those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits***, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (emphasis added) (quoting Fed. R. Civ. P. 56). As Defendants did not do so, instead relying on broad, conclusory statements that no evidence existed, D.I. 528 at 20, this language alone supports the Court's conclusion that a movant's failure to identify anything in the record would be grounds to deny summary judgment. *See Church-El v. Bank of New York*, No. CV 11-877, 2015 WL 757690, at *4 (D. Del. Feb. 19, 2015) (finding, without reference to Justice Brennan's dissent, that summary judgment movant had not met his initial burden because he had "submitted no documents, affidavits, admissions, or other evidence in support of his motion. Nor has he described the content of these documents with any degree of particularity."); *see also MacQueen v. Warren Pumps LLC*, 246 F. Supp. 3d 1004, 1012 (D. Del. 2017) (citing *Church–El* with favor on this point). Furthermore, the Third Circuit has endorsed reliance on Justice Brennan's dissent with respect to the burden on the moving party:

> Justice Brennan ***agreed with*** the [*Celotex*] majority's articulation of the appropriate legal standard, ***and further explained*** the burden of the moving party:
>
>> [A] conclusory assertion that the nonmoving party has no evidence is insufficient....[1] Rather, as the Court confirms, a party who moves for summary judgment on the ground that the nonmoving party has no evidence must affirmatively show the absence of evidence in the record.... This may require the moving party to depose the nonmoving party's witnesses or to establish the inadequacy of documentary evidence. If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories and other exchanges between the parties that are in the record.

---

[1] In the omitted sentence, Justice Brennan explains, "[s]uch a 'burden' of production [wherein conclusory statements suffice] is no burden at all and would simply permit summary judgment procedure to be converted into a tool for harassment." *Id.* at 332 (Brennan, J., dissenting); *see also Celotex*, 477 U.S. at 328 (White, J., concurring) (agreeing that "conclusory assertion that the plaintiff has no evidence" is insufficient).

4

*Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 84 n.2 (3d Cir. 1987) (emphasis added) (quoting *Celotex*, 477 U.S. at 332 (Brennan, J., dissenting)); *see also Celotex*, 477 U.S. at 334 (Brennan, J., dissenting) ("I do not read the Court's opinion to say anything inconsistent with or different than the preceding discussion. My disagreement with the Court concerns the application of these principles to the facts of this case."); *In re Bressman*, 327 F.3d 229, 238 n.3 (3d Cir. 2003) ("Justice Brennan's dissent does not differ with the opinion of the Court regarding the appropriate standards for summary judgment. The disagreement is with respect to the application of those standards to the record before the Court in *Celotex*."); CHARLES WRIGHT ET AL., 10A FED. PRAC. & PROC. CIV. § 2727.1 (4th ed. 2023) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates."). Therefore, "[s]ince *Celotex*, the Third Circuit has followed Justices Brennan and White in finding that conclusory assertions are insufficient" to satisfy the movant's initial burden. *Butts*, 2014 WL 4626560, at *2 (collecting cases); *see also, e.g.*, *Rosario v. Lynch*, 2017 WL 4098709, at *3 (E.D. Pa. Sept. 15, 2017) (citing *Wisniewski* and Justice Brennan's dissent favorably). Thus, the Court did not commit error, let alone a clear error of law. *See* D.I. 590 at 5 (also collecting cases).

Defendants' cases do not state otherwise. None of Defendants' three cases rejects Justice Brennan's analysis. Nor do they support the notion that conclusory, "no evidence" summary judgment motions are proper.[2] *See Watson v. Christo*, No. 16-CV-433-RGA, 2019 WL 1324941, at

---

[2] Defendants also rely on two law review articles, which are not controlling law and do not otherwise move the needle. For example, Defendants rely on an article by Prof. Martin Redish, but Prof. Redish's article merely identifies a circuit split not involving the Third Circuit. *See* Martin H. Redish, *Summary Judgment and the Vanishing Trial: Implications of the Litigation Matrix*, 57 STAN. L. REV. 1329, 1345 n. 55 & 56 (2005) (hereinafter "Redish").

Defendants also cite an article for the proposition that "arguing that a case's holding is actually the one stated by the dissenters raises an interpretive red flag." Adam N. Steinman, *The Irrepressible*

5

*2 (D. Del. Mar. 25, 2019); *Parker v. Farley*, C.A. No. 10-1004-GMS, 2015 WL 510626, at *5 (D. Del. Feb. 4, 2015); *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017);.

Defendants rely on *Watson* for the proposition that the moving party's initial burden "may be discharged by pointing out to the district court that there is an absence of evidence supporting the non-moving party's case." Mot. at 6 (*Watson*, 2019 WL 1324941, at *2). This proposition is not in dispute; rather, the dispute is ***how*** a party must "point" to "an absence of evidence." *See Watson*, 2019 WL 1324941, at *2; *see also* Redish, *supra* note 2 at 1344 (Defendants' cited law review article noting that the *Celotex* majority "failed to explain exactly what 'pointing out' actually means'"). As explained, "a party who moves for summary judgment on the ground that the nonmoving party has no evidence must ***affirmatively show*** the absence of evidence in the record . . . by reviewing for the court the admissions, interrogatories and other exchanges between the parties that are in the record." *Celotex*, 477 U.S. at 332 (Brennan, J., dissenting) (emphasis added.

In *Parker*, the district court rejected a magistrate judge's recommendation to deny summary judgment where the "record in the case [was] not well developed" with respect to plaintiff's malicious interference with business relationships claim. *See* 2015 WL 510626, at *5. The court found that it was plaintiff's burden "to develop an evidentiary record." *Id.* The court did not, however, find that a non-movant could make conclusory "no evidence" arguments in the face of an already developed record. *See id.* In fact, the movants' opening brief includes multiple citations to deposition testimony and even attacks potential arguments the non-movant may raise. *See* Defendant Delaware State University's Opening Brief on Support of its Motion for Summary

---

*Myth of Celotex: Reconsidering Summary Judgment Burdens Twenty Years After the Trilogy*, 63 WASH. & LEE. L. REV. 81, 114–15 (2006). But Professor Steinman's article similarly recognizes that some circuits "impose a more substantial burden on a moving defendant." *Id.* at 120.

Judgment, *Parker v. Farley*, C.A. No. 10-1004-GMS, D.I. 71 at 19–20 (D. Del. Feb. 4, 2015).

Finally, Defendants' reliance on *Daubert v. NRA Grp., LLC* is also misplaced. *See* 861 F.3d at 382. There, the Third Circuit panel affirmed a district court's grant of summary judgment on the defendant-nonmovant's consent defense to a Telephone Consumer Protection Act ("TCPA") claim. *See id.* at 391. Contrary to Defendants' insinuations otherwise, the panel in *Daubert* did not create a new summary judgment standard or disclaim any prior standards applied in the Third Circuit. *See id.* And, as with the other cases discussed above, Defendants also imply that *Daubert* supports the notion that conclusory "no evidence" statements satisfy a movant's initial burden. *See* Mot. at 7–8 (citing *Daubert*, 861 F.3d at 391). However, the Third Circuit made no such finding. *See Daubert*, 861 F.3d at 391. Instead, as evidenced by the district court briefing in that case, the movant cited 30(b)(6) testimony, individual testimony, and "undisputed facts" in its opening brief, explicitly to "'point[] out to the district court[] that there [was] an absence of evidence to support the nonmoving party's case.'" *See* Brief in Support of Plaintiff's Motion for Partial Summary Judgment, *Daubert v. NRA Grp., LLC*, C.A. No. 3:15-cv-00718-ARC, 2015 WL 12700988 (M.D. Pa. Dec. 2, 2015) (quoting *Celotex*, 477 U.S. at 325)).

### B.   Defendants Have Not Pointed to Any Misapprehension of the Record

Defendants' remaining arguments take issue with the Court's application of the standard, alleging a "misapprehension of the record" by the Court. Defendants argue (under the apparent assumption that the Court applied the proper summary judgment standard) that Defendants ***did*** actually cite to record evidence, which the Court "overlooked." Mot. at 3–4. Specifically, Defendants point to a single citation to the operative complaint in their opening brief and evidence cited in separate motion to exclude expert testimony, both of which were before the Court when it denied Defendants' motion for summary judgment.

Defendants first argue that they "cited to the Fourth Amended Complaint and argued why

7

it was insufficient to create a genuine dispute of material fact." Mot. at 4 (citing D.I. 528 at 20–21). Defendants' characterization is generous. The full extent of the pertinent reference is as follows: "Plaintiffs' theory that Defendants were "willfully blind" to the patents-in-suit and to their customers' infringement must also fail. *See* D.I. 406 (4AC) at ¶ 78." D.I. 528 at 20. That is the entire discussion of the Fourth Amended Complaint. Defendants did not engage with the allegations or facts cited in the complaint regarding willful blindness—Defendants merely acknowledged the theory and cried "no evidence." *See id.* That is not enough. *See Cooper v. Hoover*, No. 1:06-cv-0729, 2008 WL 341639, at *1 (M.D. Pa. Feb. 6, 2008) ("The defendants' motion and brief simply cite to Plaintiff's complaint as the record and assert that Plaintiff has no affirmative evidence to support his claims, but as the Third Circuit stated in *Wisniewski*, quoting Justice Brennan's dissent in *Celotex*, that is not enough.").[3]

Citing no case law in support, Defendants also argue that they met their initial burden by raising the evidence cited by Mr. O'Keefe in a separate motion to exclude Mr. O'Keefe's testimony. Mot. at 4. By extension, Defendants apparently argue that the grounds raised with respect to one motion in an omnibus brief would apply to all motions in the same brief. Defendants cite to no authority suggesting Plaintiffs must pick through all motions in an omnibus brief to, themselves, determine how they may interrelate and credit those arguments to Defendants. And this argument simply does not comport with the notion that movants must "put Plaintiffs on notice of

---

[3] Defendants rely on *Spierer v. Rossman*, 798 F.3d 502, 508–09 (7th Cir. 2015) to support their argument that they could meet their initial summary judgment burden by simply citing the Fourth Amended Complaint. *See* Mot. at 4. But in *Sperrier*, the movant relied "on citations ***to facts*** alleged in the complaint." 798 F.3d at 507 (emphasis added), something Defendants here did not do. Instead, they merely noted ME2C's willful blindness theory.

Defendants' arguments and allow Plaintiffs to fairly respond." D.I. 590 at 6 n.5.[4]

Defendants also argue that "[t]he record before the Court would not have been any different had Defendants predicted in their opening brief exactly what evidence Plaintiffs would have cited," and that the "record here developed as it did in *Celotex*." Mot. at 6. Both points are incorrect.[5] Most glaringly, the Court gave Defendants an example of how the briefing may have differed:

> Had Defendants sufficiently addressed the evidence in the record in their opening brief, there surely would have been a number of tough calls to make about, for example, whether there are sufficient links between what certain individuals may have known, and whether such knowledge could be fairly imputed to each Defendant. (*See, e.g.*, D.I. 555 at 7 n.6 (Defendants raising this issue in their reply brief); Tr. at 74-75 (Plaintiffs' counsel indicating that they plan to make this link at trial, and stating that they did not do so as well as they might have in response to the Motion because the issue was not squarely raised in Defendants' opening brief))[.]

D.I. 590 at 6 n.5. Even Defendants' present motion advances a new summary judgment argument that ME2C would be entitled to address. *See* Mot. at 6 ("notably, [ME2C] did not cite to any interrogatory response or any infringement contentions").

As noted by ME2C's counsel during the May 17 hearing, ME2C was "constrained by page

---

[4] Furthermore, Defendants' arguments with respect to admissibility cannot save their summary judgment (or reargument) motion. Defendants are correct that "a movant may support its motion with argument that the nonmovant cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). However, given Defendants' fixation on Mr. O'Keefe's testimony—as opposed to the voluminous record that both supports and supplements his testimony—Defendants have not remotely addressed the admissibility of the vast majority of ME2C's evidence regarding pre-suit knowledge. Accordingly, and for the reasons more fully stated in ME2C's opposition papers (D.I. 545), Defendants cannot ultimately show that they are entitled to judgment as a matter of law, rendering irrelevant their motion for reargument. *See Somerville v. Snyder*, Civ. No. 98–219–GMS, 2002 WL 202104 (D. Del. Feb. 4, 2002) (reconsideration inappropriate if the "matter to be reconsidered would not reasonably have altered the result previously reached by the court").

[5] It is not true that "[t]he record here developed as it did in *Celotex*." Mot. at 6. In *Celotex*, the movant met its initial burden by "not[ing] that [the non-moving party] had failed to identify, in answering interrogatories specifically requesting such information, any witnesses who could testify about the decedent's exposure to petitioner's asbestos products." *See Celotex*, 477 U.S. at 320. Defendants failed to develop such a record in their motion.

9

limits" when "respond[ing] to all the issues [Defendants had] thrown at the wall." Hr'g Tr. at 85:19–86:9. ME2C allocated its arguments within those page limits in direct response to the arguments actually raised in Defendants' opening brief. Had Defendants adequately disclosed the parts of the record they felt showed an absence of genuine issues, ME2C may have allocated its responsive arguments differently. And Defendants have no excuse for failing to assert them in the first instance. *See Mondero v. Lewes Surgical & Med. Assocs. P.A.*, 233 F. Supp. 3d 414, 416 (D. Del. 2017) ("Motions for reargument or reconsideration may not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided."). In the end, the Defendants' ***but-wait-there's-more*** briefing practice improperly welcomes endless debate, and the motion must be denied. *See In re TK Holdings, Inc.*, No. BR 17-11375 (BLS), 2022 WL 17475480, at *2 (D. Del. Dec. 6, 2022) ("[R]eargument and reconsideration requests are not . . . an opportunity for endless debate between the parties and the Court.") (quotation marks omitted) (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)).

Separately, and in addition to the above, the facts that Defendants claim the Court overlooked were each noted by the Court in its opinion. *See* D.I. 590 at 4 (noting "no evidence" as to willful blindness argument); *id* at 6 n.4 (acknowledging motion to exclude Mr. O'Keefe's report). Therefore, Defendants' motion for reargument on these grounds must be denied. *Mirtech*, 2023 WL 3996618, at *3.

### III. Defendants Failed to Show Absence of Material Fact Issues

As the Court held, "deposition testimony, e-mails, and information found in a section of [ME2C's] expert's report" that created a genuine issue of material fact. *See* D.I. 590 at 5–7. This alone is dispositive and provides an additional basis to deny Defendants' motion.

### CONCLUSION

ME2C respectfully requests that the Court deny Defendants' motion for reargument.

| | |
|---|---|
| Dated: October 30, 2023 | **DEVLIN LAW FIRM LLC** |
| OF COUNSEL: | */s/ James M. Lennon* |
| | James M. Lennon (No. 4570) |
| Bradley W. Caldwell | 1526 Gilpin Avenue |
| Texas Bar No. 24040630 | Wilmington, DE 19806 |
| Jason D. Cassady | (302) 449-9010 |
| Texas Bar No. 24045625 | jlennon@devlinlawfirm.com |
| John Austin Curry | |
| Texas Bar No. 24059636 | *Attorneys for Plaintiffs Midwest Energy Emissions Corp. and MES Inc.* |
| Justin T. Nemunaitis | |
| Texas Bar No. 24065815 | |
| Adrienne R. Dellinger | |
| Texas Bar No. 24116275 | |
| **CALDWELL CASSADY CURRY PC** | |
| 2121 N. Pearl Street, Suite 1200 | |
| Dallas, Texas 75201 | |
| Phone: (214) 888-4848 | |
| Fax: (214) 888-4849 | |
| bcaldwell@caldwellcc.com | |
| jcassady@caldwellcc.com | |
| acurry@caldwellcc.com | |
| jnemunaitis@caldwellcc.com | |
| adellinger@caldwellcc.com | |