*Exhibit 1*

2018 WL 11388472
Only the Westlaw citation is currently available.
United States District Court, E.D. Virginia,
Alexandria Division.

TECSEC, Incorporated, Plaintiff,
v.
ADOBE INC., et al. Defendants.

Civil Action No. 1:10-cv-115
|
Signed 11/21/2018

**Attorneys and Law Firms**

Gregory N. Stillman, Wendy Cohen McGraw, Hunton Andrews Kurth LLP, Norfolk, VA, Michael Andrew Oakes, Hunton Andrews Kurth LLP, Washington, DC, for Plaintiff.

Craig Crandall Reilly, Law Office of Craig C. Reilly, Alexandria, VA, for Defendants.

## MEMORANDUM OPINION AND ORDER

Liam O'Grady, United States District Judge

 *1  This matter comes before the Court on Plaintiff TecSec Incorporated's Motions in Limine (Dkt. 1198), Defendant Adobe Inc.'s Motion for Leave to File Amended Witness List (Dkt. 1202), and Defendant Adobe Inc.'s Omnibus Motions in Limine (Dkt. 1207). The motions have been fully briefed, and the Court heard oral argument on November 9, 2018. As set forth below, for good cause shown, Plaintiff TecSec's Motions in Limine (Dkt. 1198) and Defendant Adobe's Omnibus Motions in Limine (Dkt. 1207) are both **GRANTED IN PART, DENIED IN PART, DEFERRED IN PART**, and Defendant Adobe's Motion for Leave to File Amended Witness List (Dkt. 1202) is **GRANTED.**

**1. TecSec's Motion in Limine #1: Motion to Preclude Adobe from Soliciting or Offering at Trial Any Testimony, Evidence, Statement or Argument Concerning Excluded and Withdrawn Prior Art References, Including PKZIP and TISPEM.**

For the following reasons, and for good cause shown, TecSec's Motion in Limine #1 is hereby **DENIED**.

a. PKZIP

TecSec argues that evidence, testimony, and argument regarding PKZIP should be excluded because (1) Adobe failed to disclose PKZIP in its June 22 supplemental disclosure as required by the Court's June 8, 2018 Order and (2) TecSec would be prejudiced because Adobe's expert, Dr. Clark, does not explain how PKZIP individually renders the asserted claims invalid in his expert report. Adobe responds that the Court's June 8 Order required Adobe to identify only the combinations of prior art Dr. Clark would be relying upon, and therefore did not require Adobe to identify PKZIP because Dr. Clark would be relying upon PKZIP alone rather than in combination with other prior art. Adobe further argues that TecSec would not be prejudiced by Adobe's failure to identify PKZIP in its initial disclosure because TecSec has been on notice of Adobe's PKZIP contentions for over a year, both parties' experts have disclosed their opinions on PKZIP, and TecSec has had the opportunity to re-depose Dr. Clark at Adobe's expense.

While TecSec's Motion did seek to force Dr, Clark to identify the specific combinations that he would rely on for obviousness, the June 8 Order was not limited to requiring disclosure of the prior art *combinations* on which Dr. Clark would rely. The Order sought disclosure of the "prior art, *individually* or in combination, [Dr. Clark] believes renders any of the claims obvious" and ordered Adobe to accordingly "supplement its claim charts and analysis by specifically identifying *the* prior art Dr. Clark will rely on." Dkt. 1152 at 6 (emphasis added). The Court's Order did not speak directly to single art anticipation references that would have made it clear that Adobe was required to identify PKZIP in its June 22 disclosure. This lack of precision in the Court's Order should not be held against Adobe.

Further, the Court finds that TecSec was not prejudiced by Adobe's delayed disclosure because TecSec has been on notice of Adobe's PKZIP claims for years, TecSec's expert has analyzed PKZIP, and TecSec was given the opportunity to re-depose Dr. Clark at Adobe's expense but declined to do so. Under these circumstances, the Court determines that precluding testimony and evidence regarding PKZIP would be an unfair. As such, Adobe will not be precluded from introducing evidence, testimony, and argument regarding PKZ1P, but, as the Court indicated at the November 9 hearing, TecSec is granted permission to re-depose Dr. Clark at Adobe's expense regarding PKZIP if TecSec so chooses.

#### b. TISPEM

***2** TecSec argues evidence and testimony concerning the TISPEM publications are precluded by the Court's June 8, 2018 Order and TecSec's view that Dr. Clark referenced only a TISPEM system, not TISPEM publications, as prior art in his expert report. The Court's June 8 Order precluded testimony about an alleged earlier iteration of the TISPEM *system* because there was no corroborating evidence of its existence; the Order did not preclude testimony about TISPEM *publications*. *See id.* at 5. Moreover, the TISPEM publications at issue were not only timely disclosed but also analyzed by both sides' experts. *See* Dkt. 1240-5 (Excerpts of Dr. Clark's Expert Report); Dkt. 1240-6 (Excerpts of Dr. Jones's Rebuttal Expert Report). As a result, while Adobe will be precluded from referencing a prior iteration of the TISPEM system pursuant to the June 8 Order, Adobe will be permitted to reference the disclosed TISPEM publications as prior art.

**2. TecSec's Motion in Limine #2: Motion to Preclude Adobe from Soliciting or Offering at Trial Any Testimony, Evidence, Statement or Argument Concerning Computers, Software or Other Materials that Were Not Produced in an Accessible Form Prior to the Close of Fact Discovery.**

#### a. Physical Exhibits

##### i. *PKZIP on Computers (DPX-001 & DPX-002)*

Adobe made DPX-001, a Grid computer running Windows 3.1 and PKZIP version 2.04g, available to TecSec's expert but did not disclose that PKZIP was on the computer or that Adobe intended to utilize the computer during trial to demonstrate PKZIP. *See* Dkt. 1240-10 (email to TecSec stating that the computers were available for inspection but making no reference to PKZIP being on the computers). Because the presence of PKZIP on the computer was not properly disclosed to TecSec, TecSec's Motion in Limine #2 is **GRANTED** as to DPX-001.

TecSec's Motion in Limine #2 is also **GRANTED** as to DPX-002, another computer compatible with PKZIP, because the computer was never disclosed during discovery.

##### ii. *DPX-003, DPX-004, DPX-005 & DPX-008*

Pursuant to TecSec's representations in its reply brief, TecSec's Motion in Limine #2 is deemed **WITHDRAWN** as to DPX-003, DPX-004, DPX-005 and DPX-008.

##### iii. *DPX-006, DPX-007, & DPX-009–014*

Adobe did not produce DPX-006, DPX-007, [1] or DPX-009–014 during discovery, and argues now that these physical documents should be admissible at trial because they were publicly available. But parties are not excused from complying with discovery rules merely because documents are publicly available. *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, 2017 WL 2869365, at *1–2 (E.D. Tex. May 18, 2017) (rejecting Defendants' argument that information did not need to be disclosed during discovery because it was publicly available). Additionally, Adobe's failure to properly disclose these exhibits has prejudiced TecSec by denying TecSec the opportunity to examine the documents and depose Adobe's witnesses on them. Because these documents were not properly disclosed during discovery and the failure to disclose was neither justified nor harmless, TecSec's Motion in Limine #2 is **GRANTED** as to these physical exhibits pursuant to Federal Rule of Civil Procedure 37(c)(1).

#### b. Documents Cited in Expert Reports: DX-169, DX-223, DX-224, DX-225, DX-282, DX-283, DX-363, DX-364, DX-367, DX-373, DX-374

***3** The Court's Scheduling Order required experts to produce "all materials on which he or she relied ... within five (5) days of service of the expert report." Dkt. 845 at 10. Adobe's expert, Dr. Sullivan, did not produce the documents subject to this Motion in Limine, but did cite the publicly available documents in his expert report. While Adobe's failure to produce the materials during discovery violated the Court's Scheduling Order, Dr. Sullivan's reference to the documents in his report put TecSec on notice of the documents, the documents were publicly available for TecSec's review, and TecSec's expert did in fact analyze and cite these documents in his expert report. The Court therefore finds that TecSec was not prejudiced by Adobe's failure to timely comply with the Court's Scheduling Order.

As such, TecSec's Motion in Limine #2 is **DENIED** as to the documents cited in expert reports.

### c. Dictionary Definitions of "Recursively": DX-10, DX-15, & DX-16

Claim construction in this case is complete and the dictionary definitions of "recursively" Adobe seeks to introduce were neither used during claim construction nor otherwise produced or cited by Adobe's experts. Therefore, TecSec's Motion in Limine #2 is **GRANTED** as to the dictionary definitions of "recursively."

### d. Publicly Available Articles Dated After the Close of Discovery: DX-92 & DX-93

TecSec also seeks to exclude two publicly available articles that were published in June 2018, after the close of discovery, arguing that these articles were not timely produced. Adobe's failure to produce these articles during discovery is justified because the articles were not published until after the close of discovery. Moreover, the Court finds that Adobe's disclosure of the publications in its exhibit list on September 28, 2018, *see* Dkt. 1193-3, was sufficiently close in time to the publication of the June 2018 articles and early enough before trial to prevent undue prejudice to TecSec.

In a footnote in its reply brief, TecSec also suggests these articles should be excluded because they are irrelevant hearsay. The relevance and admissibility of the publications were no fully briefed, so the Court declines to rule on those issues at this time. Should Adobe seek to admit these articles at trial, TecSec may raise any relevancy or hearsay objections it deems appropriate at that time.

Accordingly, TecSec's Motion in Limine #2 is **DENIED WITHOUT PREJUDICE** as to these two publicly available articles dated after the close of discovery.

### e. Other Undisclosed Publications

#### i. *Screenshots of the Accused Product Acrobat X: DX-8 & DX-9*

The screenshots at issue are screenshots of the accused product Acrobat X, which Adobe made available during discovery. As such, the screenshots will not prejudice TecSec and TecSec's Motion in Limine #2 is **DENIED** as to the screenshots.

#### ii. *Documents on Adobe's Website: DX-227, DX-228, DX-229, DX-232, DX-234, DX-235, DX-241, DX-242, DX-243, DX-245, DX-246, & DX-247*

TecSec seeks to exclude documents from Adobe's website that were not produced during discovery even though TecSec has itself offered as exhibits other documents from Adobe's website. While Adobe should have properly disclosed the documents during discovery, TecSec has not been prejudiced by Adobe's failure to disclose the objected-to documents because TecSec has searched Adobe's website and seeks to enter into evidence other portions of the same website. Accordingly, TecSec's Motion in Limine #2 is **DENIED** as to the documents on Adobe's website.

#### iii. *Exhibits from Third-Party Websites: DX-11, DX-13, DX-94, DX-122, DX-123, DX-124, DX-230, DX-231, DX-233, DX-236, DX-237, DX-238, DX-239, DX-240, DX-408, & DX-409*

As noted above, Adobe's failure to timely produce third-party documents is not excused merely because the documents are "publicly available" and TecSec has been prejudiced by Adobe's failure to disclose these third-party websites during discovery. As a result, TecSec's Motion in Limine #2 is **GRANTED** as to the documents from third-party websites that were not disclosed prior to the end of discovery.

### f. Damages Summary Exhibits: DX-529–34

**\*4** Lastly, TecSec seeks to exclude Adobe's damages summary exhibits. This is a complex case with a voluminous record, and the Court finds that the damages summary exhibits are likely highly probative, would help the jury better understand the evidence, and were timely produced trial exhibits. "It is well-established that a district court may admit summary testimony and summary charts, under Rule 611(a) of the Federal Rules of Evidence, if they will help the jury to better understand the evidence presented and to ascertain the truth." *United States v. Nolberto Pena*, 213

F.3d 634, 2000 WL 541087, at *3 (4th Cir. April 27, 2000) (citing *United States v. Johnson*, 54 F.3d 1150, 1159 (4th Cir. 1995)). Any prejudice caused to TecSec by allowing the summary exhibits "may be dispelled by giving [TecSec] an opportunity to cross-examine the individual who prepared the chart" and/or through "a cautionary jury instruction." *Id.* (quoting *United States v. Loayza*, 107 F.3d 257, 264 (4th Cir. 1997)). That being said, Adobe's failure to identify the sources of the summarized evidence in the summary exhibits hampers TecSec's ability to effectively cross-examine the producer of the exhibits and the Court's and jury's ability to assess the reliability of the summary exhibits.

For these reasons, TecSec's Motion in Limine #2 is **DENIED WITHOUT PREJUDICE** as to Adobe's damages summary exhibits but Adobe is **ORDERED** to identify the sources of the information contained in the summary exhibits no later than seven (7) days before trial.

### 3. TecSec's Motion in Limine #3: Motion to Preclude Adobe from Soliciting or Offering at Trial Non-Infringement Related Opinion Testimony by John Landwehr, Leonard Rosenthol or Phil Ydens.

John Landwehr, Leonard Rosenthol, and Phil Ydens were properly identified by Adobe as fact witnesses but later also identified as expert witnesses after the deadline for disclosing rebuttal experts had passed. In an effort to address this issue without the assistance of the Court, TecSec proposed the following stipulation:

> **Opinions from John Landwehr, Leonard Rosenthol or Phil Ydens:** Adobe will not elicit any opinion testimony from John Landwehr, Leonard Rosenthol or Phil Ydens on the ultimate issues of noninfringement or non-infringing alternatives. This agreement does not preclude Adobe from eliciting factual testimony from Messrs. Landwehr, Rosenthol, or Ydens regarding, for example, the features, functionality, or use of Acrobat, including but not limited to any changes that have been or could be made to Acrobat's features and functionality.

Dkt. 1240-22 at 7 (redlined changes in original accepted). Adobe agreed to this proposed stipulation, Dkt. 1240-23 at 3, but rather than agree to jointly file the stipulation, TecSec instead brought this Motion in Limine. Under these facts, TecSec's Motion in Limine #3 is hereby **GRANTED IN PART, DENIED IN PART** pursuant to the above excerpted proposed stipulation, which the Court hereby **ADOPTS** as binding.

### 4. Adobe's Motion for Leave to File Amended Witness List & TecSec's Motion in Limine #4: Motion to Preclude Adobe from Soliciting or Offering at Trial Testimony by Russ Mundy.

TecSec seeks to preclude testimony by Russ Mundy because Adobe inadvertently left Russ Mundy off its trial witness list. Adobe realized that it had inadvertently failed to include Russ Mundy in its trial witness list within two weeks, notified TecSec of the error and attempted to resolve the issue without Court intervention, and then promptly filed its Motion to File Amended Witness List when its meet and confer efforts failed. Adobe has shown good cause to allow the amendment, as the inadvertent error was discovered within two weeks and the delay in disclosing Russ Mundy as a trial witness will not prejudice TecSec since both parties agree that Russ Mundy was identified as a potential witness over a year ago.

TecSec also argues that Russ Mundy should be excluded from testifying at trial because he does not have any relevant knowledge. Russ Mundy was previously identified as having personal knowledge of only "[p]rior art systems and methods that were publically available and which render the patents-in-suit invalid." Dkt. 1200-10 at 9. TecSec has argued in its Motion in Limine #1 that all the remaining prior art at issue should be excluded from trial, and therefore argues that Russ Mundy should also be excluded from testifying. As the Court has denied TecSec's Motion in Limine #1, TecSec's relevance objections to Russ Mundy also fail.

*5 For these reasons and for good cause shown, Adobe's Motion for Leave to File Amended Witness List is hereby **GRANTED** and TecSec's Motion in Limine #4 is hereby **DENIED**.

### 5. TecSec's Motion in Limine #5: Motion to Preclude Adobe from Soliciting or Offering at Trial Testimony by David Balenson or William Barker.

Similar to TecSec's relevance objections to Russ Mundy, TecSec argues that both David Balenson and William Barker should be excluded at trial because they were identified as having factual knowledge of only "[p]rior art systems and methods that were publically available and which render the patents-in-suit invalid" and TecSec's Motion in Limine #1 argues that the only prior art still at issue should be excluded. As the Court has denied TecSec's Motion in Limine #1, TecSec's relevancy objections to David Balenson and William Barker also fail. As such, TecSec's Motion in Limine #5 is **DENIED**.

### 6. TecSec's Motion in Limine #6: Motion to Preclude Adobe from Soliciting or Offering at Trial Testimony by Doug Brotz.

Doug Brotz was identified by Adobe as a fact witness having knowledge of "[l]ack of notice of the patents-in-suit." Dkt. 1200-10 at 5. TecSec chose not to depose Mr. Brotz, and now seeks to exclude testimony regarding the results of an investigation Mr. Brotz conducted into whether Adobe was on notice of the patent-in-suit. Mr. Brotz's relevant knowledge in this case was properly disclosed, as his investigation gave Mr. Brotz personal knowledge regarding Adobe's lack of notice of the patents-in-suit. Accordingly, TecSec's Motion in Limine #6 is **DENIED.** Mr. Brotz will be permitted to testify about his personal knowledge regarding Adobe's lack of notice of the patents-in-suit, including his own lack of knowledge of the patents, the investigation he personally conducted to the extent permitted by the rules against hearsay, and the conclusions he drew from his investigation.

### 7. TecSec's Motion in Limine #7: Motion to Preclude Adobe from Soliciting or Offering at Trial Any Testimony, Evidence, Statement or Argument Concerning TecSec's Claims Against Other Parties in the Present Lawsuit.

TecSec seeks to exclude all reference to TecSec's claims against other parties in the present lawsuit as irrelevant. Adobe responds that it should be permitted to reference the other parties to (1) explain the delay in this case coming to trial so the jury will not blame Adobe for the delay, and (2) rebut TecSec's argument that Adobe intended to infringe the asserted patents while the Court's earlier claim construction was on appeal at the Federal Circuit. The Court finds that reference to the other parties in the present lawsuit has no relevance to TecSec's claims against Adobe. *See infra* at 12–15 (the Court's ruling on Adobe's Motion in Limine #1). The Court will notify the jury that the delay was caused by the Court's actions. TecSec's Motion in Limine #7 is therefore **GRANTED**.

### 8. TecSec's Motion in Limine #8: Motion to Preclude Adobe from Soliciting or Offering at Trial Any Testimony, Evidence, Statement or Argument Concerning the Pretrial Withdrawal or Dismissal of Patent Infringement Claims Not Being Asserted at Trial or Products that Arc No Longer Being Accused of Infringement.

**\*6** The Court finds that the withdrawn or dismissed infringement claims and products are not relevant to a determination of whether Adobe infringed the remaining products at issue. *See Corning Inc. v. SRU Biosystems*, 2005 WL 2465900, at \*2–3 (D. Del. Oct. 5, 2005) (excluding evidence related to dismissed claims because the dismissed claims were irrelevant). Adobe unpersuasively cites two non-binding district court cases in support of its argument that the dismissed claims and products arc relevant to "all the circumstances" the court must consider in determining willfulness: *Uniloc USA, Inc. v. Microsoft Corp.*, 640 F. Supp. 2d. 150 (D.R.I. 2009), and *Carnegie Mellon University v. Marvell Technology Group, Ltd.*, 2012 WL 5463669 (W.D. Pa. Nov. 7, 2012). In both cases, the district judge allowed evidence of dropped or dismissed claims or products as relevant evidence of the objectiveness prong of willful infringement under *Seagate. Uniloc*, 640 F. Supp. 2d at 176–77; *Carnegie Mellon*, 2012 WL 5463669, at \*2. Both cases, however, predate the Supreme Court's decision in *Halo Electronics*, *Inc. v. Pulse Electronics, Inc.* rejecting the objectiveness prong of *Seagate*'s willfulness test. 136 S. Ct. 1923, 1932–33 (2016).

In *Halo*, the Supreme Court took issue with the fact that the *Seagate* objectiveness test "mak[es] dispositive the ability of the infringer to muster a reasonable ... defense at the infringement trial" because "culpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Id.* at 1933. Allowing evidence of dropped or dismissed claims and products in this case would not only confuse the jury, but also violate the Supreme Court's determination in *Halo* that defenses to claims should not serve as a basis for determining willfulness. The dropped or dismissed claims and products are irrelevant to Adobe's culpability at the time of the challenged conduct and they are also unduly prejudicial and confusing to the jury. For these reasons, and for good cause shown, TecSec's Motion in Limine #8 is hereby **GRANTED**.

**9. TecSec's Motion in Limine #9: Motion to Preclude Adobe from Soliciting or Offering at Trial Testimony by Roy Follendore.**

Adobe has indicated that it "may" call Roy Follendore at trial, either live or by deposition. Dkt. 1193-1 at 2. Adobe's designated portions of Mr. Follendore's deposition include discussions of Mr. Follendore's background, his personal familiarity with Adobe Acrobat, a now-dropped prior art called "Net Shield," and Mr. Follendore's opinion of the state of the art of "labels." Since Adobe has dropped Net Shield as an asserted prior art, the Court is unclear as to what other relevant testimony Mr. Follendore would provide at trial. It is also unclear at this stage whether the Court will ultimately need to rule on the admissibility of Mr. Follendore's designated deposition testimony, as Adobe has indicated it may choose to call Mr. Follendore live or not at all. As a result, the Court will **DEFER** ruling on TecSec's Motion in Limine #9 until Adobe seeks to admit Mr. Follendore's testimony at trial.

**10. Adobe's Motion in Limine #1: Motion to Preclude Argument, Evidence, or Testimony on Adobe's Intent to Induce or Willfully Infringe Between March 3, 2011 and October 18, 2013, Unless TecSec Concedes Admissibility of the March 3, 2011 Order (DX-28), Stipulation of Non-Infringement (DX-29), and Judgment (DX-30).**

On March 3, 2011, Judge Brinkema adopted a claim construction in a Memorandum Opinion and Order under which Adobe's allegedly infringing products would not have infringed TecSec's patents. *See* Dkts. 566–67. In light of Judge Brinkema's ruling. TecSec entered **a** stipulation on April 23, 2012 agreeing that under Judge Brinkema's claim construction, "the Defendants have not infringed and do not infringe the asserted claims of the DCOM Patents." Dkt. 621 ¶ 5. TecSec appealed Judge Brinkema's ruling to the Federal Circuit, staying the case, and the DCOM patents expired while the case was still at the Federal Circuit. Adobe seeks to preclude TecSec from arguing that Adobe induced infringement or willfully infringed between the dale of Judge Brinkema's claim construction Order in Adobe's favor and the expiration of the patents. Alternatively, should TecSec make such an argument at trial. Adobe seeks to enter into evidence Judge Brinkema's Order. TecSec's stipulation of non-infringement. and the Court's judgment that allowed the appeal to the Federal Circuit. The Court has considered the parties' original briefing, their arguments at the November 9 hearing, and their supplemental briefing submitted after the Court's ruling from the bench.

**\*7** As a matter of law. Defendant Adobe lacked the requisite intent to induce infringement or willfully infringe during the time period where the Court had reasonably, though erroneously, ruled in Adobe's favor on infringement and TecSec had entered a stipulation of non-infringement. *Move, Inc. v. Real Estate All. Ltd.*, 221 F. Supp. 3d 1149, 1173 (C.D. Cal. 2016) (granting summary judgment of no willful infringement where the plaintiff "stipulated to a finding of non-infringement based on [a] reasonable, but erroneous, construction"); *Toshiba Corp. v. Imation Corp.*, 990 F. Supp. 2d 882, 912 (W.D. Wis. 2013) ("[N]o reasonable fact finder could find that defendants formed the requisite intent to induce infringement between the time this court ruled in their favor on summary judgment and the time the Federal Circuit reversed that decision.... Defendants simply could not have 'known' that they were inducing infringement when they had a judicial declaration telling them that they weren't."): *Chaffin v. Braden*, 2018 WL 1794766. at \*5 (S.D. Tex. April 16, 201 8) (holding that where the district court had entered a reasonable, though later over-turned, claim construction in favor of the defendants, the defendants "had an objectively reasonable understanding that their Accused Devices were non-infringing" and were therefore entitled to summary judgment on the induced infringement claim).

TecSec argues that the Court cannot preclude TecSec from arguing induced or willful infringement during that time period at the motion in limine stage because the Court's ruling would be tantamount to an impermissible "de facto summary judgment." "[T]he main purpose of a motion in limine is to streamline the trial by keeping irrelevant or improper evidence out of the courtroom." and it is therefore proper for a Court at the motion in limine stage to preclude arguments at trial, such as the one at issue, without factual or legal support. *Amdocs (Israel) Ltd. V. Openet Telecom, Inc.*, 2012 WL 12833699. at \*1 (E.D. Va. April 3, 2012); *see also, Anchor Wall Sys. v. Rockwood Retaining Walls, Inc.*, 610 F. Supp. 2d 998, 1007–09 (D. Minn. 2009) (noting that the parties "clearly could have raised" – and should have raised – the same motion at issue here in a motion in limine). Indeed, the federal Circuit has upheld such rulings on motions in limine even though the rulings amounted to de facto summary judgments. *Trading Techs. Int'l. Inc. v. eSpeed, Inc.*, 595 F.3d 1340, 1361 (Fed. Cir. 2010) (affirming order on motion in limine precluding a defense at trial); *Colassi v. Cybex Int'l. Inc.*, 221 F. App'x 973, 976–77 (Fed. Cir. 2007) (affirming

order on motion in limine finding that the reverse doctrine of equivalents did not apply even though the order may have been a "de facto summary judgment").

Moreover, allowing TecSec to argue induced or willful infringement during the time period when Judge Brinkema's Order and TecSec's stipulation were in effect would taint the trial and any verdict with undue prejudice and juror confusion. *Anchor Wall Sys.*, 610 F. Supp. 2d at 1005–07. On the one hand, it would be substantially and unduly prejudicial to Adobe to allow TecSec to argue induced and willful infringement during that time period but not allow Adobe to show the jury the Court's Order and TecSec's stipulation that gave Adobe a reasonable belief that its products were not infringing. On the other hand, it would also be substantially and unduly prejudicial and confusing for the jury to see a prior ruling in this case and TecSec's stipulation that Adobe's products did not infringe. *Id.*

Accordingly, for these reasons and for good cause shown, Adobe's Motion in Limine #1 is **GRANTED**. TecSec will be precluded from arguing at trial that Adobe induced infringement or willfully infringed the patents-in-suit after the March 3, 2011 Order was entered.

**11. Adobe's Motion in Limine #2: Motion to Preclude TecSec from Presenting Argument, Evidence, or Testimony Regarding Non-Comparable Licenses Except for Limited Purpose of Establishing or Refuting "Marking" & Adobe's Motion in Limine #5: Motion to Preclude Argument, Evidence, or Testimony Regarding Secondary Considerations of Non-Obviousness that Lack a Nexus to the Merits of the Claimed Invention.**

*8 Adobe's Motions in Limine #2 and #5 both concern the admissibility of licenses of TecSec's products. The Court has reviewed the licenses at issue and has determined that all the licenses are relevant to secondary considerations of obviousness and, at least according to TecSec's experts, have a close nexus to the patents-in-suit.[2] It will be up to the jury to decide whether a sufficient nexus exists between the claimed technology and the licenses and other documents TecSec argues demonstrate commercial success. *See Pro-Mold & Tool Co., Inc. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568, 1574 (Fed. Cir. 1996) ("It is within the province of the fact-finder to resolve these factual disputes regarding whether a nexus exists between the commercial success of the product and its patented features, and to determine the probative value of [Plaintiff's] evidence of secondary considerations ...."); *Morpho Detection, Inc. v. Smiths Detection, Inc.*, 957 F. Supp. 2d 655, 679 (E.D. Va. 2013) (holding the existence of a sufficient nexus is "a factual question for the jury").

The amounts paid are also relevant to secondary considerations of obviousness and will be admissible for that limited purpose. The amounts paid will not be admissible to suggest a reasonable royalty rate because both parties' experts have agreed that the licenses are not comparable.

In accordance with these rulings, Adobe's Motions in Limine #2 and #5 are **GRANTED IN PART, DENIED IN PART.**

**12. Adobe's Motion in Limine #3: Motion to Preclude Expert Testimony Regarding Damages Based on Alleged Direct Infringement by Adobe.**

Adobe seeks to prevent TecSec's damages expert, Mr. Wagner, from testifying about direct infringement damages because Mr. Wagner opines on a reasonable royalty based on Adobe's sales of Acrobat to customers, not based on Adobe's own use of Acrobat. TecSec has stated to the Court that Mr. Wagner's testimony at trial will be limited to the statements he made in his expert report. Accordingly, Mr. Wagner's testimony was timely and properly disclosed. Furthermore, Adobe's arguments regarding Mr. Wagner's methodology and conclusions go to weight, not admissibility, and are therefore proper topics for cross-examination but are not alone a sufficient basis to exclude Mr. Wagnor's testimony regarding direct infringement. Adobe's Motion in Limine #3 is therefore **DENIED**.

**13. Adobe's Motion in Limine #4: Motion to Preclude Argument, Evidence, or Testimony Regarding the Lack of an Opinion of Counsel.**

The Federal Circuit has held that "there is no affirmative obligation to obtain opinion of counsel" and "an accused infringer's failure to obtain legal advice does not give rise to an adverse inference with respect to willfulness." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1370–71 (Fed. Cir. 2007), *abrogated on other grounds by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016). At the same time, however, the Federal Circuit has also held that the failure to obtain the advice of counsel is a relevant factor to consider in analyzing inducement and willfulness. *Suprema, Inc. v. Int'l Trade Comm'n*, 626 F. App'x 273, 282 (Fed. Cir. 2015); *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 699–700 (Fed. Cir. 2008).

For these reasons, and for good cause shown, Adobe's Motion in Limine #4 is hereby **GRANTED IN PART, DENIED IN PART**. TecSec will be permitted to introduce evidence or arguments regarding the absence of an opinion of counsel at trial to prove inducement or willfulness, but TecSec cannot indicate Adobe had an affirmative duty to seek an opinion of counsel nor indicate that any adverse inference should be drawn as to what the content of an opinion of counsel would have been. *Georgetown Rail Equip. Co. v. Holland L. P.*, 2014 WL 6467782 (E.D. Tex. Nov. 17, 2014) (considering a similar motion in limine and adopting a similar order).

### 14. Adobe's Motion in Limine #6: Motion to Preclude References to Pre-Suit Damages Unless and Until TecSec Makes a *Prima Facie* Showing that It Can Meet Its Burden Under 35 U.S.C. § 287(A).

*9 Adobe seeks to prevent TecSec from referencing $41 million in alleged damages during its opening statement because Adobe believes TecSec will not meet its burden under 35 U.S.C. § 287(A) to establish marking. TecSec would not be prejudiced by the inability to refer to "$41 million" during its opening as TecSec could explain its damages in reasonable royalty terms during opening and, if TecSec meets its burden of proving marking, have its expert testify during trial that TecSec suffered $41 million in damages. By contrast, if TecSec tells the jury during opening that it suffered $41 million in harm but is not able to meet its burden to prove sixty percent of these damages, then the "damages horizon" in the case would be impermissibly skewed in the minds of the jurors and Adobe unfairly prejudiced as a result. *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320–21 (Fed. Cir. 2011) (finding that the improper disclosure that defendant made $19 billion in revenue "cannot help but skew the damages horizon for the jury" and could not be cured by cross-examination or jury instructions). Therefore, Adobe's Motion in Limine #6 is hereby **GRANTED**: TecSec will be precluded from telling the jury that it has suffered $41 million in damages unless and until TecSec's experts sufficiently establish marking.

### 15. Adobe's Motion in Limine #7: Motion to Preclude TecSec from Arguing that Accused Third-Party Products Did Not Practice the Asserted Patents.

The doctrine of judicial estoppel appears to preclude TecSec from arguing that the referenced Microsoft products did not practice the asserted patents because TecSec asserted the opposite position when it previously sued Microsoft alleging infringement of the same patents at issue in this case. *Lowery v. Stovall*, 92 F.3d 219, 223 (4th Cir. 1996) ("Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation." (quoting *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 28–29 (4th Cir. 1995))). Nevertheless, the Court hereby **DEFERS** ruling on Adobe's Motion in Limine #7 until this issue arises at trial, at which time the Court will further consider whether TecSec should be precluded from arguing that Microsoft's products did not practice the asserted patents.

### 16. Adobe's Motion in Limine #8: Motion to Preclude TecSec from Calling or Making Reference to (1) Witnesses Not Disclosed in Initial Disclosures and (2) Duplicative 30(B)(6) Testimony.

#### a. Mark Bartel & Dr. Charles Geschke

Mark Bartel and Dr. Charles Geschke are former Adobe employees whom TecSec identified in its supplemental responses to Adobe's interrogatories as "individuals knowledgeable concerning the factual and legal bases of TecSec's allegations." Dkt. 1233-7 at 4–5. Both witnesses are beyond the subpoena power of the court and have not been deposed by TecSec. While those facts may impede TecSec's ability to call the witnesses at trial, they do not serve as a basis for preventing TecSec from attempting to do so or from making relevant references to either individual. These facts do, however, require that, in the event the witnesses do not testify. TecSec be precluded from making any argument that Adobe failed to present the witnesses or that the witnesses' testimony would favor TecSec. Thus, Adobe's Motion in Limine #8 is hereby **GRANTED IN PART, DENIED IN PART** as to Mr. Bartel and Dr. Geschke: TecSec will not be precluded from calling these witnesses at trial, but if the witnesses do not testify, TecSec will be precluded from implying Adobe failed to present the witnesses or that the witnesses' unknown testimony would favor TecSec.

#### b. John Petty

John Petty has been TecSec's CFO since 1996. Dkt. 1208 at 30. Mr. Petty was repeatedly identified as a person with relevant knowledge in Adobe's disclosures. Dkt. 1233-8 at 10; Dkt. 1233-9 at 10; Dkt. 1233-10 at 10. Mr. Petty has also been deposed in two lengthy depositions in this case that have produced over 600 pages of deposition testimony.

Adobe's failure to supplement its initial disclosures with Mr. Petty's name is not fatal to calling him because his identity and knowledge were "made known to the other parties during the discovery process." Fed. R. Civ. Pro. 26(e)(1)(A). TecSec had the opportunity to extensively depose Mr. Petty and therefore would not be prejudiced by allowing Mr. Petty to testify at trial. As such, Adobe's Motion in Limine #8 is **DENIED** as to John Petty.

c. Eunha Ranft

*10 Eunha Ranft, Adobe's Director of Finance, was identified as one of Adobe's Rule 30(b)(6) corporate representatives. Adobe seeks to exclude portions of Ms. Ranft's deposition testimony as cumulative because Adobe executive Julie Morgan was later deposed on the same topics and much of Ms. Ranft's testimony on those topics were non-responsive answers such as "I don't know." TecSec argues Ms. Ranft's testimony is not cumulative because most of the testimony was provided in Ms. Ranft's individual capacity, rather than in her capacity as a corporate representative. The Court has reviewed the identified portions of Ms. Ranft's deposition testimony and finds that a substantial portion of the selected testimony was made in Ms. Ranft's capacity as corporate representative and contains substantially more information than mere "I don't know" answers. While Ms. Morgan may have been deposed on the same topics, TecSec is entitled to rely on Ms. Ranft's substantive testimony on those topics.

However, the Court is unable to make a determination about whether Ms. Ranft's testimony would be cumulative at this time without knowing what other evidence will be presented to the jury prior to Ms. Ranft's deposition testimony. Thus, the Court **DEFERS** ruling on Adobe's Motion in Limine #8 as to Ms. Ranft until the Court has had the opportunity to hear the testimony at trial and belter determine if Ms. Ranft's testimony should be excluded as cumulative.

**17. Adobe's Motion in Limine #9: Motion to Preclude Argument, Evidence, or Testimony Conflating the Value of "Security" Generally with the Value of TecSec's Claimed Technology.**

The patents-in-suit in this case concern patented encryption technology that enhances security. The value of the patents-in-suit is not equal to value of security generally, but rather only the value of the added security benefits the patents-in-suit provide over other technology lacking the same safeguards. Thus, Adobe's Motion in Limine #9 is hereby **GRANTED IN PART, DENIED IN PART**. TecSec will be precluded from arguing or introducing testimony that *conflates* the value of security generally with the value of TecSec's claimed technology, but TecSec will not be precluded from presenting evidence or argument concerning the value of security generally to explain how TecSec's claimed technology's improvement to security is valuable.

**18. Adobe's Motion in Limine #10: Motion to Preclude Argument, Evidence, or Testimony on Adobe's Size and Total Employees.**

Adobe's Motion in Limine #9 is hereby **GRANTED IN PART, DENIED IN PART.** TecSec will be precluded from suggesting that a large jury award would be reasonable given Adobe's size and employees because such an argument would be substantially more prejudicial than probative under Federal Rule of Evidence 403 and the Federal Circuit "does not permit the use of a company's overall size or revenue as a check to confirm the reasonableness of a jury award." *HTC Corp. v. Tech. Props. Ltd.*, 2013 WL 4782598, at *6 (N.D. Cal. Sept. 6, 2013) (citing *Uniloc*, 632 F.3d at 1312). Adobe's size and total employees in the United States are, however, relevant to determining the magnitude of Adobe's alleged direct infringement, and TecSec will not be precluded from offering evidence of Adobe's size and total employees for that limited purpose.

**19. Adobe's Motion in Limine #11: Motion to Preclude Argument, Evidence, or Testimony on Adobe's Alleged Specific Intent to Induce or Willfully Infringe Based on Conduct After Patent Expiration.**

At issue in this final Motion in Limine is a blog post by Adobe through which Adobe allegedly "instruct[ed] its customers and the public at large on how to encrypt documents in a manner that infringes the asserted claims." Dkt. 1234 at 32. The parties do not seem to dispute the admissibility or relevancy of the blog post generally in this Motion in Limine, but instead dispute only TecSec's ability to reference or introduce evidence showing that the blog post is still available today or was available after the patents-in-suit expired. TecSec argues that the blog post's continued availability after the expiration of the patents is evidence of the value of TecSec's claimed technology. The Court agrees and further finds that if the blog post is admissible generally, the mere additional admission of the fact that the blog post is still available despite the expiration of the patents-in-suit would

not be unfairly prejudicial under Federal Rule of Evidence 403. Accordingly, Adobe's Motion in Limine #9 is hereby **DENIED**.

### 20. Duration of Trial & Timekeeping

**\*11** The Court hereby **NOTIFIES** the parties that it believes this case can be tried within six (6) trial days evenly divided between the parties. The parties will be expected to keep and manage their own time accordingly.

**All Citations**

Slip Copy, 2018 WL 11388472

### Footnotes

| | |
|---|---|
| 1 | Adobe argues that DPX-007, the PKZIP 2.04g software, was made available to TecSec when Adobe gave TecSec the opportunity to examine two computers including DPX-001. As noted above, however, Adobe failed to properly disclose that the PKZIP software was on the computers. See Dkt. 1240-10 (email to TecSec stating that the computers were available for inspection but making no reference to PKZIP being on the computers). PKZIP 2.04g is also a different version of PKZIP than the version relied upon by Adobe's experts, and was neither disclosed in any expert reports nor shown to be an equivalent PKZIP version during discovery. As such, the PKZIP 2.04g software will be excluded. |
| 2 | While two of the licenses (DX-110 and PX-156) are hybrids between a settlement agreement and a license, and settlement agreements are generally barred by Federal Rule of Evidence 403, the Court finds that because the agreements are also licenses, they should be admitted at trial as relevant to secondary considerations of obviousness. |

---

End of Document                                         © 2023 Thomson Reuters. No claim to original U.S. Government Works.