IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MIDWEST ENERGY EMISSIONS CORP. )
and MES INC., )
)
Plaintiffs, )
)
v. )   C.A. No. 19-1334 (CJB)
)
ARTHUR J. GALLAGHER & CO., et al., )
)
Defendants. )

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOVEMBER 1, 2023 "NOTICE CORRECTING THE RECORD"

After yesterday's final pre-trial conference, Plaintiffs filed a Notice (D.I. 607) recognizing that in *TecSec, Inc. v. Adobe, Inc.*, 978 F.3d 1278 (Fed. Cir. 2020) ("*TecSec III*"), the Federal Circuit reversed a district court's *in limine* ruling in *TecSec v. Adobe Inc.*, 2018 WL 11388472 (E.D. Va. Nov. 21, 2018) (the "TecSec MIL Ruling"). Defendants here had cited the TecSec MIL Ruling during arguments on Plaintiffs' MIL No. 2 for two reasons: (1) to identify *TecSec* as one of several cases in which a district court had held that a favorable court order related to non-infringement is admissible to show an indirect infringement defendant's state of mind following the order; and (2) to propose a potential solution to Plaintiffs' objection that admission of such relevant evidence at trial would be unduly prejudicial to Plaintiffs. As Defendants noted on the record, the TecSec MIL Ruling appeared to obviate TecSec's similar concern about undue prejudice by precluding *both* parties in that case from offering *any* evidence of inducement for the time period in which that court's favorable ruling had been in effect—effectively granting Adobe summary judgment on the issue of inducement for that time period. *See* TecSec MIL Ruling (2018 WL 11388472) at *7. Defendants here asked for similar treatment.

Plaintiffs are correct that in *TecSec III*, which was decided after the trial of the underlying case against Adobe, the Federal Circuit set aside the verdict and "reversed the district court's decision to exclude evidence of inducement," and thus the court's *de facto* grant of summary judgment on that issue. *See* 978 F.3d at 1286. Defendants regret this oversight and thank Plaintiffs for bringing the subsequent history of the case to the Court's attention.[1]

*TecSec III* does not, however, undermine Defendants' main point, which is that Defendants' knowledge of this Court's June 2020 R&R recommending dismissal of all the infringement claims against them is important evidence relevant to Defendants' state of mind in the time period following that R&R. As the Federal Circuit noted in *TecSec III*, such evidence is relevant because inducement requires the defendant to have "'knowledge that the induced acts constitute patent infringement.'" *Id.* at 1286 (citing *Global-Tech Appliances, Inc. v. SEB, S.A.*, 563 U.S. 754, 765–66 (2011)). There is no suggestion in *TecSec III* that Adobe should have been *barred* from offering evidence vitiating its alleged "knowledge of inducement," as Plaintiffs urge in their own MIL No. 2. In fact, the Federal Circuit remanded for further proceedings (*i.e.*, a re-trial) on the inducement issue, noting that TecSec should have been permitted the choice of either (a) abandoning its inducement claim (thereby keeping the favorable court order out of evidence) or (b) pressing its inducement claim (thereby running the risk of undue prejudice that could result from having the court's prior order in evidence). *See TecSec III*, 978 F.3d at 1289 ("[A]fter the district court opined at the oral argument that admitting that evidence [of the court's prior order]

---

[1]  Defendants had used Westlaw to review the TecSec MIL Ruling and validate their use of the case before filing their brief citing that decision. When Plaintiffs suggested for the first time at the pre-trial conference that the TecSec MIL Ruling had been overturned, Defendants again consulted Westlaw to check the subsequent history of that case. Defendants confirmed that as of November 1, 2023, the Westlaw entry for the TecSec MIL Ruling identified no "Negative Treatment" of the ruling; the 10 "Citing References" for the ruling did not include *TecSec III*; and the subsequent "Direct History" indicated only that the district court denied reconsideration of the ruling.

would be 'far too prejudicial,' TecSec reiterated its intent to present the inducement case even if that evidence were admitted.  The court furnished no justification for making that determination itself instead of leaving to TecSec the determination that the prejudice to TecSec was too severe for the issue to be tried at all.").

Thus, *TecSec III* suggests a path forward in this case:  Plaintiffs should either elect to drop their post-dismissal infringement claims, in which case Defendants would agree not to offer any evidence of that dismissal for any purpose at trial, or press the claim and run the risk of having the Court's order and testimony about it offered at trial.  Defendants would not oppose a reasonable corrective instruction designed to minimize the potential for undue prejudice, but reiterate the need to offer this important evidence about their mental state from June 2020 onwards.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Anthony D. Raucci

_____

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
araucci@morrisnichols.com

OF COUNSEL:

Richard W. Mark
Joseph Evall
Paul J. Kremer
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
(212) 351-4000

David Glandorf
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Suite 4200
Denver, CO  80202-2642
(303) 298-5700

George Lombardi
John Drosick
Sarah Krajewski
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL  60601-9703
(312) 558-5600

*Attorneys for Defendants*
*AJG Iowa Refined Coal LLC*
*Arbor Fuels Company, LLC*
*Belle River Fuels Company, LLC*
*Canadys Refined Coal, LLC*
*Chouteau Fuels Company, LLC*
*Coronado Refined Coal, LLC*
*DTE Energy Resources, LLC*
*Erie Fuels Company, LLC*
*George Neal North Refined Coal, LLC*
*George Neal Refined Coal, LLC*
*Hastings Refined Coal, LLC*
*Huron Fuels Company, LLC*
*Jasper Fuels Company, LLC*
*Jefferies Refined Coal, LLC*
*Joppa Refined Coal LLC*
*Louisa Refined Coal, LLC*
*Newton Refined Coal, LLC*
*Portage Fuels Company, LLC*
*Superior Fuels Company 1, LLC*
*Walter Scott Refined Coal LLC*
*Williams Refined Coal, LLC*

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*

_____

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

OF COUNSEL:

Jeff Dyess
Paul Sykes
Benn Wilson
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL  35203
(205) 521-8000

Jessica Zurlo
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street NW, Suite 1350
Washington, D.C.  20036
(202) 393-7150

*Attorneys for Defendants*
*Bascobert (A) Holdings LLC*
*Buffington Partners LLC*
*CERT Operations II LLC*
*CERT Operations IV LLC*
*CERT Operations RCB LLC*
*CERT Operations V LLC*
*Cottbus Associates LLC*
*Larkwood Energy LLC*
*Marquis Industrial Company, LLC*
*Rutledge Products LLC*
*Senescense Energy Products LLC*
*Springhill Resources LLC*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Nicole A. DiSalvo*

_____

OF COUNSEL:

Douglas R. Nemec, Esquire
Leslie A. Demers, Esquire
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
LLP
One Manhattan West
New York, NY  10001-8602
(212) 735-3000

Paul J. Lockwood (#3369)
Nicole A. DiSalvo (#4662)
Jessica R. Kunz (#5698)
One Rodney Square
P.O. Box 636
Wilmington, DE  19899-0636
(302) 651-3000
paul.lockwood@skadden.com
nicole.disalvo@skadden.com
jessica.kunz@skadden.com

*Attorneys for Defendant*
*Alistar Enterprises, LLC*

November 2, 2023

6

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 2, 2023, upon the following in the manner indicated:

James M. Lennon, Esquire                                *VIA ELECTRONIC MAIL*
Peter Akawie Mazur, Esquire
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE  19806
*Attorneys for Plaintiffs*

Bradley W. Caldwell, Esquire                            *VIA ELECTRONIC MAIL*
Jason D. Cassady, Esquire
John Austin Curry, Esquire
Justin T. Nemunaitis, Esquire
Adrienne R. Dellinger, Esquire
Daniel R. Pearson, Esquire
Warren J. McCarty, III, Esquire
Aisha M. Haley, Esquire
Richard A. Cochrane, Esquire
CALDWELL CASSADY CURRY PC
2121 North Pearl Street, Suite 1200
Dallas, TX  75201
*Attorneys for Plaintiffs*

*/s/ Anthony D. Raucci*

_____
Anthony D. Raucci (#5948)