## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES Inc., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 19-1334 (CJB) |
| v. | ) ) | JURY TRIAL DEMANDED |
| ARTHUR J. GALLAGHER & CO., *et al.*, | ) ) ) | |
| Defendants. | ) | |

### JOINT PRETRIAL ORDER

Dated: November 3, 2023

James M. Lennon (No. 4570)
**DEVLIN LAW FIRM LLC**
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com

OF COUNSEL:

Bradley W. Caldwell
Texas Bar No. 24040630
Jason D. Cassady
Texas Bar No. 24045625
John Austin Curry
Texas Bar No. 24059636
Justin T. Nemunaitis
Texas Bar No. 24065815
Adrienne R. Dellinger
Texas Bar No. 24116275
**CALDWELL CASSADY CURRY PC**
2121 N. Pearl Street, Suite 1200
Dallas, Texas 75201
Phone: (214) 888-4848
Fax: (214) 888-4849
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
**MORRIS JAMES LLP**
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

OF COUNSEL:

Jeff Dyess
Paul Sykes
Benn Wilson
Ashley M. Robinson
**BRADLEY ARANT BOULT CUMMINGS LLP**
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: jdyess@bradley.com
psykes@bradley.com
bcwilson@bradley.com
amrobinson@bradley.com

acurry@caldwellcc.com
jnemunaitis@caldwellcc.com
adellinger@caldwellcc.com

*Attorneys for Plaintiffs Midwest Energy Emissions Corp. and MES Inc.*

Jessica Zurlo
**BRADLEY ARANT BOULT CUMMINGS LLP**
1615 L Street NW
Ste 1350
Washington, D.C. 20036
Telephone: (202) 393-7150
Facsimile: (202) 347-1684
Email: jzurlo@bradley.com

*Attorneys for Defendants CERT Operations IV LLC, CERT Operations V LLC, CERT Operations RCB LLC, CERT Operations II LLC, Senescene Energy Products, LLC, Springhill Resources LLC, Buffington Partners LLC, Bascobert (A) Holdings LLC, Larkwood Energy LLC, Cottbus Associates LLC, Marquis Industrial Company, LLC, Rutledge Products, LLC*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Anthony D. Raucci (#5948)
**MORRIS NICHOLS ARSHT & TUNNELL LLP**
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
araucci@morrisnichols.com

OF COUNSEL:

Richard W. Mark
Joseph Evall
Paul J. Kremer
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

David Glandorf
**GIBSON, DUNN & CRUTCHER LLP**
1801 California Street, Suite 4200
Denver, CO 80202-2642
(303) 298-5700

*Attorneys for Defendants AJG Iowa Refined Coal LLC; Arbor Fuels Company, LLC; Belle River Fuels Company, LLC; Canadys Refined Coal, LLC; Chouteau Fuels Company, LLC; Coronado Refined Coal, LLC; DTE Energy Resources, LLC; Erie Fuels Company, LLC; George Neal North Refined Coal, LLC; George Neal Refined Coal, LLC; Hastings Refined Coal, LLC; Huron Fuels Company, LLC; Jasper Fuels Company, LLC; Jefferies Refined Coal, LLC; Joppa Refined Coal LLC; Louisa Refined Coal, LLC; Newton RC, LLC; Portage Fuels Company, LLC; Superior Fuels Company 1, LLC; Walter Scott Refined Coal LLC; Williams Refined Coal, LLC*

Paul J. Lockwood (ID No. 3369)
Nicole A. DiSalvo (ID No. 4662)
Jessica R. Kunz (ID No. 5698)
**SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP**
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Tel.: (302) 651-3000
Fax: (302) 651-3001
rob.saunders@skadden.com
nicole.disalvo@skadden.com
jessica.kunz@skadden.com

OF COUNSEL:

Douglas R. Nemec
Leslie A. Demers
**SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP**
One Manhattan West
New York, New York 10001-8602
Tel.: (212) 735-3000
Fax: (212) 735-2000
douglas.nemec@skadden.com
leslie.demers@skadden.com

*Attorneys for Defendant Alistar Enterprises, LLC*

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.

## I.  NATURE OF THE CASE

1.      Plaintiffs Midwest Energy Emissions Corp. and MES Inc. (collectively, "ME2C") filed the present action on July 17, 2019.

2.      The current named Defendants and Counterclaim-Plaintiffs are:

- (1) DTE Energy Resources, LLC ("DTE");
- (2) CERT Operations II LLC, (3) CERT Operations IV LLC, (4) CERT Operations V LLC, (5) CERT Operations RCB LLC (individually and collectively, "CERT Operations Defendants");

"AJG RC Defendants":

- (6) Coronado Refined Coal LLC
- (7) Jefferies Refined Coal LLC
- (8) Louisa Refined Coal LLC
- (9) Walter Scott Refined Coal LLC
- (10) Joppa Refined Coal LLC
- (11) Hastings Refined Coal LLC
- (12) George Neal Refined Coal LLC
- (13) George Neal North Refined Coal LLC

"DTE RC Defendants"

- (14) Arbor Fuels Company, LLC
- (15) Belle River Fuels Company, LLC
- (16) Choteau Fuels Company, LLC
- (17) Jasper Fuels Company, LLC
- (18) Portage Fuels Company, LLC
- (19) Superior Fuels Company 1, LLC
- (20) Erie Fuels Company, LLC
- (21) Huron Fuels Company, LLC
- (22) Newton RC, LLC

1

"CERT RC Defendants":

- (23) Alistar Enterprises LLC
- (24) Senescence Energy Products LLC
- (25) Bascobert (A) Holdings LLC
- (26) Buffington Partners LLC
- (27) Larkwood Energy LLC
- (28) Rutledge Products LLC
- (29) Cottbus Associates LLC
- (30) Springhill Resources LLC
- (31) Marquis Industrial Company LLC

"Counterclaim-Plaintiffs":

- (1) AJG Iowa Refined Coal LLC
- (2) Williams Refined Coal LLC
- (3) Canadys Refined Coal LLC

3.     The parties' pleadings are filed at:

- Fourth Amended Complaint for Patent Infringement (D.I. 406)
- The CERT Defendants and Certain Refined Coal LLC Defendants' Answer to the Fourth Amended Complaint and Counterclaims (D.I. 515)
- Refined Coal Defendants' Answer to Fourth Amended Complaint (D.I. 516)
- Alistar Enterprises, LLC's Answer to the Fourth Amended Complaint and Counterclaims (D.I. 517)
- Plaintiffs Midwest Energy Emissions Corp. and MES Inc.'s Answer to CERT Defendants and Certain Refined Coal LLC Defendants' Counterclaims (D.I. 520)
- Plaintiffs Midwest Energy Emissions Corp. and MES Inc.'s Answer to Defendant Alistar Enterprises, LLC's Counterclaims (D.I. 521)
- Plaintiffs Midwest Energy Emissions Corp. and MES Inc.'s Answer to Refined Coal LLC Defendants' Counterclaims (D.I. 522)

The Plaintiffs Midwest Energy Emissions Corp. and MES Inc. (collectively, "ME2C") own several United States patents that claim methods for capturing and removing mercury from the emissions of coal-fired power plants.  ME2C has sued the named Defendants under the patent laws of the United States. ME2C has accused the Defendants of indirectly infringing certain claims of

those patents by making and selling refined coal, and by inducing power plants that purchase that refined coal to practice ME2C's patented methods without permission.  If the jury in this case finds infringement, then ME2C is seeking money damages of up to $1.00 per ton of refined coal sold to an infringing power plant.  ME2C contends that, for the total of the damages period, their damages exceed $100 million.

Defendants deny that they indirectly infringe by making and selling refined coal or that they induce power plants that purchase that refined coal to practice ME2C's patented methods without permission, for reasons that include but are not limited to the power plants not directly infringing the patents. Defendants contend that ME2C is not entitled to any damages, and that ME2C's damages calculations overstate the value of ME2C's patented process.  Defendants and Counterclaim-Plaintiffs also contend that ME2C's patents are invalid. Defendants and Counterclaim-Plaintiffs have also filed counterclaims that seek declarations that there is no infringement, and that the patents are invalid.

## II.  JURISDICTION

4.      This action includes claims arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 2201.

5.      This Court has personal jurisdiction over Defendants, because each is incorporated in and/or a limited liability company formed in Delaware.  This Court has personal jurisdiction over Plaintiffs (counterclaim Defendants) because they commenced this action in this District.  Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) with respect to each Defendant that resides in this District and, with respect to the counterclaims, because Plaintiffs brought the action in this District.

6.      Jurisdiction and venue are not disputed.

## III. FACTS

### A.      Uncontested Facts

7.      The parties' joint statement of admitted facts requiring no proof is set forth in **Exhibit 1**. The facts in **Exhibit 1** are not disputed, or have been agreed to or stipulated by the parties.   Any party, with prior notice to all other parties, may read any or all of the uncontested facts to the Court or jury, subject to objections under Fed. R. Evid. 403.

### B.      Contested Facts

8.       ME2C's statement of issues of fact to be litigated at trial is set forth in **Exhibit 2**.

9.      Defendants' statement of issues of fact to be litigated at trial is set forth in **Exhibit 3**.

10.      If this Court determines that any issue identified in either statement of issues of fact is more properly considered as an issue of law, it should be so considered.

11.      The parties reserve the right to modify or supplement their statements of issues of fact to be litigated at trial to the extent necessary to reflect fairly the Court's rulings on any motions or subsequent orders of the Court, or by agreement of the parties. The parties also reserve the right to move items from their respective lists of contested facts to the joint statement of uncontested facts in the event the parties come to the agreement that the issue is no longer contested.

## IV. ISSUES OF LAW

12.      ME2C's statement of issues of law to be litigated at trial is set forth in **Exhibit 4**.

13.      Defendants' statement of issues of law to be litigated at trial is set forth in **Exhibit**

4

**5**.

14.     If this Court determines that any issue identified in either statement of issues of law is more properly considered as an issue of fact, it should be so considered.

15.     The parties reserve the right to modify or supplement their statements of issues of law to be litigated at trial to the extent necessary to reflect fairly the Court's rulings on any motions or subsequent orders of the Court, or by agreement of the parties.

## V.  WITNESSES

### A.     List of Witnesses the Plaintiffs Expects to Call

16.     The list of witnesses that ME2C will call or may call to testify in person or by designation is attached as **Exhibit 6.**

### B.     List of Witnesses the Defendants Expect to Call

17.     The list of witnesses that Defendants will call or may call to testify in person or by designation is attached as **Exhibit 7.**

### C.     Other Provisions Regarding Witnesses

18.     To the extent that a witness becomes unavailable after the date of this pretrial order, each party reserves the right to call that witness by deposition, as set forth below in this pretrial order.  If a party no longer expects to call a witness identified on the "will call" list that party shall provide the other side notice of the change as soon as possible.

19.      If  a party expects to call live a witness on the "may call" witness list, that party shall provide the other side notice of the change as soon as possible.  Any witness not listed in the parties' witness lists will be precluded from testifying absent a showing of good cause.

20.     With respect to those witnesses whom the parties have identified in **Exhibits 6**

and **7** who will be called to testify in person at trial, no deposition designations or counter-designations are required. Should the party that intends to call such a witness determine that it will not call the witness, that party shall immediately notify the other side and allow the other side sufficient time to prepare deposition designations.

21.     Pursuant to Federal Rules of Evidence 615, fact witnesses for the jury trial, other than witnesses who have already testified and have been excused, shall be sequestered and prevented from hearing the testimony of other witnesses. Pursuant to provision (2) of Rule 615, this exclusion rule will not apply to the officer or employee designated by each party as its representative.

22.     Expert witnesses disclosed under rule 26(a)(2)(B) of the Federal Rules of Civil Procedure shall not be excluded from either fact or expert testimony.

23.     The order of the presentation of evidence will generally follow the burden of proof, provided, however, that Plaintiffs' evidence on issues that may be considered rebuttal in nature such as evidence of secondary considerations of obviousness, evidence of conception and reduction to practice that is asserted to predate the filing date of a provisional application, or evidence that the specifications of the Patents-in-Suit provide adequate written description supporting the Asserted Claims, may be presented as part of Plaintiffs' case-in-chief.

24.     A party shall identify the witnesses, in order, that it intends to call to testify at trial either in person or by deposition by 7:00 p.m. ET two calendar days before the trial day during which those witnesses are expected to testify (e.g., if a party intends to call a witness to testify on Wednesday, the party must identify the witness by 7:00 p.m. ET on Monday). A party shall also disclose exhibits to be used in connection with each direct examination (either live or by deposition) by 7:00 p.m. ET the night before the trial day during which those witnesses are

expected to testify (either live or by deposition). A party is not required to provide advance notice of exhibits to be used during an adverse direct examination or cross-examination.

### D. Testimony by Deposition

25.     The parties may offer some or all of the deposition testimony set forth in the Exhibits hereto at trial. The deposition testimony that the parties may offer into evidence is identified in **Exhibit 8** and **Exhibit 9**.  The fact that any such testimony was included in Exhibit 8 or 9 and that a party decided not to introduce some or all of a particular witness's testimony designated therein shall not be commented upon at trial.

26.     This pretrial order is intended to limit the permitted deposition designations, counter-designations, and objections to admission of deposition testimony to the material identified in Exhibits 8 and 9; none of the foregoing shall be supplemented without approval of all parties or leave of the Court, on good cause shown.

27.     Any party may use testimony that is designated by another party, to the same effect as if it had initially designated the testimony as its own, subject to all objections.

28.     All irrelevant and redundant material such as objections and colloquy between counsel (except insofar as the parties agree that the colloquy clarifies a deposition question, and to the extent the parties dispute whether the colloquy clarifies a deposition question, the party seeking to include the colloquy will raise that issue with the Court beforehand) will be eliminated when the deposition is read or viewed at trial.

29.     Subject to the requirements of the Federal Rules of Evidence, with respect to those witnesses who are expected to testify by deposition rather than in person, each party has designated the specific pages and lines of deposition testimony of the fact witnesses that it may read or play during trial should that fact witness be unavailable to testify live.

30.     The designations and counter-designations for a witness will be read or played by video in chronological order. When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter-designations that will be read or played. The parties will be charged for all time that elapses from the time the witness is called until the next witness is called, according to the proportions to be provided by the parties, regardless of whether deposition testimony is read or played by video.

31.     If an exhibit is referenced in a deposition designation played at trial and the Court has not sustained an objection to the exhibit's admission into evidence, the designating or counter-designating party may display the exhibit to the jury alongside the video and highlight or enlarge portions of the exhibit on the screen that were discussed or referenced in the designation or counter-designation, respectively, as if the exhibit was being shown to a live testifying witness.

32.     If a party identifies a witness that it intends to call to testify at trial by deposition, then the party shall also identify the specific pages and lines of the witness's deposition testimony that the party expects to read or play by 7:00 p.m. ET two calendar days before the trial day during which those witnesses are expected to testify (for example, if a witness is to be called by deposition on Wednesday, the parties must make appropriate disclosures and objections on Monday night), and objections will be provided no later than 8:30 p.m. the day the disclosures were made. The receiving party shall also identify its counter-designations to the identified deposition testimony by 8:30 p.m. ET on the day the disclosures were made. The parties shall meet and confer at 9:30 pm ET the day the disclosures were made to resolve any objections.

33.     If there are objections to designated witness testimony that remain to be resolved, the party calling the witness by deposition shall, no later than one (1) calendar day before the witness is to be called at trial, submit, on behalf of all parties: (i) a copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, and pending objections; and (ii) a cover letter clearly identifying the pending objections as well as a brief indication (i.e., no more than one sentence per objection) of the basis for the objection and the offering party's response to it. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the deposition testimony or waiver of objection to the use of the deposition testimony.

### E.     Impeachment with Prior Inconsistent Testimony

34.     Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose, provided that the parties may object to the use of deposition testimony for impeachment.

### F.     Objections to Expert Testimony

35.     Any objections to expert testimony as beyond the scope of prior expert disclosures will be ruled on at trial. If the objection is sustained, the time taken to argue such objection shall be charged to the non-objecting party.  If the objection is overruled, the time taken to argue such objection shall be charged to the objecting party.  If the objection is partially sustained, the time taken to argue such objection shall be divided equally between the sides, or excluded from the timekeeping, at the Court's discretion.

## VI. EXHIBIT LISTS

### A.      Exhibits

36.      ME2C's list of exhibits that it may offer at trial, except demonstrative exhibits and exhibits to be used solely for impeachment, and Defendants' objections to ME2C's exhibits, are attached as **Exhibit 10**.

37.      Defendants' list of exhibits that it may offer at trial, except demonstrative exhibits and exhibits to be used solely for impeachment, and ME2C's objections to Defendants' exhibits, are attached as **Exhibit 11**. A key to the objection codes is appended at the end of each exhibit list.

38.      ME2C's trial exhibits will be identified with the PTX prefix, starting with PTX-0001. Defendants' trial exhibits will be identified with the DTX prefix, starting with DTX-0001.

39.      This pretrial order contains the maximum universe of exhibits to be used in any party's case-in-chief, as well as all objections to the admission of such objections, neither of which shall be supplemented without approval of all parties or leave of the Court, on good cause shown. Exhibits not listed will not be admitted unless good cause is shown.

40.      Nothing herein (including the exhibits hereto) shall be construed as a stipulation or admission that a document listed on a party's exhibit list is entitled to any weight in deciding the merits of this case. The parties agree that any description of a document on an exhibit list, including the date listed for documents, is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

41.      Any party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to all evidentiary objections.

Any exhibit, once admitted, may be used equally by each party, subject to any limitations as to its admission. The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side for the purpose that the opposing side wishes to admit the document.

42.     A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial—specifically, no one may comment that there was such a document on an exhibit list but then it was not offered into evidence or accepted into evidence. A party may, however, comment on the absence of admitted evidence on a topic even though there may be unintroduced exhibits on that topic.

43.     No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit. At some point before the completion of the witness' testimony, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number. Exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence. Once admitted, counsel may publish exhibits to the jury without requesting to do so. Nothing in the foregoing shall prevent a party from referring to or showing Exhibits during opening statements, subject to the disclosure and objection rules governing the use of trial exhibits and demonstrative exhibits during opening, as set forth in paragraphs 47 and 50.

44.     A party will provide exhibits to be used in connection with direct examination by 7:00 p.m. the day before their intended use, and objections will be provided no later than 8:30 p.m. the night before their intended use. The parties shall meet and confer at 9:30 pm ET the night before the use of any exhibits in order to resolve any objections. If good faith efforts to

resolve the objections fail, the party objecting to the exhibits shall bring its objections to the Court's attention prior to the witness being called to the witness stand. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of an exhibit or waiver of objection to the exhibit.

45.     Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony, provided they are shown to a witness.

46.     On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

### B.    Demonstrative Exhibits

47.     The parties will identify and provide trial exhibits and demonstrative exhibits to be used in connection with opening statements at 7:00 p.m. ET the day before their intended use (e.g., exhibits for an opening statement on Monday must be disclosed by 7:00 p.m. ET on Sunday). The receiving party will provide its objections by 8:30 p.m. ET the same night. The parties shall meet and confer at 9:30 pm ET the night before the use of any exhibits in order to resolve any objections.

48.     The parties agree that slides and other demonstratives for closing arguments need not be exchanged prior to closing. However, the parties agree to exchange binders containing a printed copy of any slides to be used during a party's closing argument immediately prior to giving its closing argument.  To the extent a particular slide is not used in a party's closing, the other party may not use that slide.

49.     A party will provide demonstrative exhibits to be used in connection with direct examination by 7:00 p.m. the night before their intended use, and objections will be provided no

later than 8:30 p.m. the night before their intended use**.** If any of the demonstratives change after the deadline, the party intending to use the demonstrative will promptly notify the opposing party of the change(s). The receiving party reserves the right to object to the use of any demonstrative that is changed after the 7:00 p.m. disclosure deadline.   The parties shall meet and confer at 9:30 pm ET the night before the use of any demonstrative exhibits in order to resolve any objections.

50.     The foregoing provision does not apply to demonstratives created during testimony or demonstratives to be used for cross-examination, neither of which need to be provided to the other side in advance of their use. In addition, highlighted or enlarged exhibits, exhibit pages or portions of pages, or excerpts of trial or admitted deposition testimony are demonstratives that do not need to be provided to the other side in advance of their use unless a party intends to use them in opening statements, in which case they must be exchanged in advance as set forth above.

51.     If good faith efforts to resolve objections to demonstrative exhibits fail, the objecting party shall bring its objections to the Court's attention prior to the applicable witness being called to the witness stand. Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of a demonstrative exhibit or waiver of objection to the demonstrative exhibit.

52.     ME2C's demonstratives will be identified with PDX numbers, starting with PDX-0001. Defendants' demonstratives will be identified with DDX numbers, starting with DDX-0001.

53.     The parties agree that the demonstrative exhibits that the parties intend to use at trial do not need to be included on their respective exhibit lists that are part of this Final Pretrial Order.

54.     For demonstratives subject to advance disclosure, the party seeking to use a demonstrative will provide a color representation of the demonstrative to the other side in PDF form. However, for video or animations, the party seeking to use the demonstrative will provide a native version. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation of the exhibits in PDF form and make the demonstrative available for inspection.

55.     Demonstratives to be used for cross-examination or previously used at trial in this matter are not subject to the disclosure provisions below.

56.     Demonstratives disclosed by one party may not be used by the opposing party prior to being used by the disclosing party. However, once the demonstrative is used by the disclosing party, the opposing party may also use the demonstrative for cross-examination, impeachment, in its case, or in its closing argument.

57.     Demonstratives shall not be admitted into evidence, unless otherwise ordered by the Court.

58.     Any disclosure of exhibits, demonstratives, deposition designations, or objections made under this order must be made electronically, where possible.

## VII.   DAMAGES

59.     The Plaintiffs' statement of damages is attached as **Exhibit 12.**

60.     Defendants' position, stated in **Exhibit 13**, is that Plaintiffs are not entitled to any damages.

## VIII.  BIFURCATED TRIAL

61.     The issues of unenforceability and implied license will not be presented to the

14

jury (and the jury will not be advised of the existence of these issues); these issues will instead be tried to the Court at a bench trial at a later date to be determined (if necessary). Any time allocated for that later trial will not be taken out of the time allocated to the parties for the trial on November 13 (the Court can discuss with the parties later how they might make use of testimony from the November 13 trial at any trial on equitable issues).

62.   Any facts or evidence that solely relates to those equitable issues will not be presented at the November 13 trial; facts and evidence that relates to those equitable issues and to issues relevant to the November 13 trial may be presented at the November 13 trial.

## IX. MOTIONS *IN LIMINE*

63.   The parties' agreed motions *in limine* are listed below:

    a.  Neither party will offer evidence or make arguments bolstering or disparaging the USPTO, provided, however, that either party may offer evidence or make arguments that reflect statements made in the Federal Judicial Center video.

    b.  Neither party will offer evidence or make arguments regarding the existence of IPRs involving the patents-in-suit.  For example, by virtue of the foregoing, the parties shall be precluded from introducing (i) any institution decision or (ii) any evidence that power plant owners provided value to ME2C by agreeing to discontinue their IPRs.  This agreement does not preclude either side from using testimony from any proceeding to the extent that such testimony does not discuss or imply the existence of an IPR, provided that the introduction or use of such testimony otherwise comports with the Federal Rules of Evidence.

64.   The Plaintiffs' Motions *in Limine* are as follows:

    a.  Plaintiffs Motion *in Limine* No. 1: To exclude any argument, testimony, or evidence that a defendant infringes or does not infringe based on a comparison of the accused conduct to something other than the patent claims, i.e., the preferred embodiments, specification, prior art, other patents, or any non-accused product or method.

    b.  Plaintiffs Motion *in Limine* No. 2: To exclude any evidence, testimony, or argument regarding pretrial proceedings including but not limited to

discovery disputes, dispositive motion practice, or dropped claims or defenses.

    c.   Plaintiffs Motion *in Limine* No. 3: To exclude any evidence or argument that the asserted patents' applications were improper or untimely.

65.    The Defendants Motions *in Limine* are as follows:

    a.   Defendants' Motion *in Limine* No. 1:  To exclude unduly prejudicial evidence or argument at trial related todefendants' corporate structure, parent entities, members, affiliates, or investors.

    b.   Defendants' Motion *in Limine* No. 2:  To exclude irrelevant and unduly prejudicial evidence or argument at trial related to Section 45 Tax Credits or Defendants' business model.

    c.   Defendants' Motion *in Limine* No. 3:  To exclude at trial ME2C's improper speculation regarding the existence or contents of communications.

66.    The briefing in connection with ME2C's Motions *In Limine* Nos. 1-3 is attached as **Exhibits 14-16**.

67.    The briefing in connection with Defendants' Motions *In Limine* Nos. 1-3 is attached as **Exhibits 17-19**.

## X.  DISCOVERY

68.    Each party has completed discovery.

## XI. NUMBER OF JURORS

69.    There shall be eight jurors. The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading voir dire to the jury panel in the courtroom, continuing by meeting with jurors individually in chambers or at sidebar and there addressing any challenges for cause, and concluding with peremptory strikes.

## XII.   LENGTH OF TRIAL

70.     The trial will be timed.  The parties agree that unless otherwise ordered, time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross-examination of witnesses called by any other party, and its closing argument.  In accordance with the Court's instructions at the Pretrial hearing, time will not be charged to the parties for objections raised each morning, but each party will be charged for any time used for Motions for Judgment as a Matter of Law.

71.     The Courtroom Deputy will keep a running total of trial time used by counsel. If any party uses all of its allotted trial time, the Court will terminate that party's trial presentation.

72.     Considering the Court's procedures for counting time and considering the nature and extent of the parties' disputes, the Court has directed that each side be given 15 hours of trial time.[1]

## XIII.   MOTIONS FOR JUDGMENT AS A MATTER OF LAW

73.     Motions for Judgment as Matter of Law may be made orally only, unless otherwise specified by the Court, at any time permitted under the Federal Rules of Civil Procedure, outside of the presence of the jury.

## XIV.   AMENDMENT OF THE PLEADINGS

74.     The parties request no further amendments of their pleadings at this time.

---

[1] Defendants requested a ten-day trial, and the Court denied that request, ordering that each side be allotted 15 hours of trial time.

## XV.    ADDITIONAL MATTERS

### A.    Voir Dire

75.    The parties' proposed *voir dire* materials along with briefing and citation to relevant authorities is attached as **Exhibit 20**.

76.    The Court will conduct an initial *voir dire* of potential jurors. For any jurors who respond affirmatively to any question in the Court's *voir dire* or for any other juror on the request of either party and approval by the Court, the Court will conduct additional *voir dire* at sidebar and the parties will be permitted to request that the Court ask additional, limited follow-up questions.

### B.    Jury Instructions

77.    The parties' proposed preliminary jury instructions along with briefing and citation to relevant authorities is attached as **Exhibit 21**.

78.    The parties' proposed final jury instructions along with briefing and citation to relevant authorities is attached as **Exhibit 22**.

79.    The parties' proposed verdict forms are attached as **Exhibit 23a (Plaintiffs' Proposal) and 23b (Defendants' Proposal)**.

### C.    Trial Disclosure Schedule

80.    Consistent with the provisions of this Pretrial Order, disclosures shall be made by 7:00 p.m. ET either the day before or two days before the intended use according to the procedures as set forth above. The receiving party shall notify the identifying party of any objection to the disclosed witnesses, deposition testimony, exhibits, or demonstratives to be used on direct examination or in opening by 8:30 p.m. ET on the day the disclosures were made. The

parties shall meet and confer on all objections to the disclosed witnesses, exhibits, demonstratives, and designated testimony, as well as counter-designations by 9:30 p.m. ET in good faith before the objections are raised to the Court or the objected to content is presented. If any disputes remain following this conference, the parties shall apprise the Court, with a short description of any disputes and attaching the disputed documents, by a joint email or a joint filing by 10:30 p.m. ET.

81.     If good faith efforts to resolve the objections fail, the party objecting shall raise its objections with the Court before the start of any testimony being presented that day.

82.     The party offering deposition testimony is responsible for preparing video deposition clips of all designated testimony for that witness, including counter-designations. A copy of the video deposition clips, including any counter-designations, shall be provided to the opposing party no later than 9:30 p.m. ET the day before the deposition testimony is expected to be read or played. The opposing party shall promptly review the video deposition clips upon receipt, and the parties agree to meet and confer in good faith at the earliest possible time to resolve any objections from the opposing party.

83.     When the witness is called to testify (either live or by deposition) at trial, the party calling the witness shall provide the Court with two copies of the exhibits to be used in connection with the direct examination. The party calling the witness shall also provide opposing counsel with two copies.

84.     During cross-examination, the party performing cross-examination shall provide the Court with two copies, and opposing counsel with two copies, of each exhibit when used during the cross-examination.

### D.    Jury Notes and Notebook

85.    The parties agree that the jurors be given notebooks with blank paper for note taking.  The jury notebooks shall include copies of each of the Asserted Patents and a list of construed claim terms for each of the Asserted Patents. On each day of trial, the parties may also provide a witness sheet for each witness that will testify.  This witness sheet may include only the witnesses name and a small photograph of the witness, and will otherwise contain space for note taking.

86.    The parties agree that the jurors should be permitted to take handwritten notes during the presentation of the parties. The parties further agree that the jurors be permitted to bring their notes into the deliberation room.

87.    The parties further propose that the jurors be instructed not to exchange or share their notes with each other (though they may discuss the contents of their notes) and that the jurors notes be collected by the clerk after each daily recess, and collected and destroyed without review after the jury's discharge.

### E.  Federal Judicial Center Introduction to Patent System Video

88.    The parties agree that the Federal Judicial Center Patent System Video will be played and the sample patent will be handed out to the jurors before the video is played..

## XVI.  SETTLEMENT

89.    Each party certifies that it has engaged in a good faith effort to explore the resolution of this controversy by settlement and that no agreement has been reached. As such, the parties intend to proceed to trial.

This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

DATED: __November 7, 2023_____



_____
UNITED STATES MAGISTRATE JUDGE

APPROVED AS TO FORM AND
SUBSTANCE:

_/s/ James M. Lennon_____
James M. Lennon (No. 4570)
**DEVLIN LAW FIRM LLC**
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com

OF COUNSEL:

Bradley W. Caldwell
Texas Bar No. 24040630
Jason D. Cassady
Texas Bar No. 24045625
John Austin Curry
Texas Bar No. 24059636
Justin T. Nemunaitis
Texas Bar No. 24065815
Adrienne R. Dellinger
Texas Bar No. 24116275
**CALDWELL CASSADY CURRY PC**
2121 N. Pearl Street, Suite 1200
Dallas, Texas 75201
Phone: (214) 888-4848
Fax: (214) 888-4849
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com

_/s/ Cortlan S. Hitch_____
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
**MORRIS JAMES LLP**
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

OF COUNSEL:

Jeff Dyess
Paul Sykes
Benn Wilson
Ashley M. Robinson
**BRADLEY ARANT BOULT CUMMINGS
LLP**
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: jdyess@bradley.com
psykes@bradley.com
bcwilson@bradley.com
amrobinson@bradley.com

21

acurry@caldwellcc.com
jnemunaitis@caldwellcc.com
adellinger@caldwellcc.com

*Attorneys for Plaintiffs*
*Midwest Energy Emissions Corp. and MES*
*Inc.*

Jessica Zurlo
**BRADLEY ARANT BOULT CUMMINGS**
**LLP**
1615 L Street NW
Ste 1350
Washington, D.C. 20036
Telephone: (202) 393-7150
Facsimile: (202) 347-1684
Email: jzurlo@bradley.com

*Attorneys for Defendants CERT Operations IV*
*LLC, CERT Operations V LLC, CERT*
*Operations RCB LLC, CERT Operations II LLC,*
*Senescene Energy Products, LLC, Springhill*
*Resources LLC, Buffington Partners LLC,*
*Bascobert (A) Holdings*
*LLC, Larkwood Energy LLC, Cottbus Associates*
*LLC, Marquis Industrial Company, LLC,*
*Rutledge Products, LLC*

*/s/ Brian P. Egan*
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Anthony D. Raucci (#5948)
**MORRIS NICHOLS ARSHT & TUNNELL**
**LLP**
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
araucci@morrisnichols.com

OF COUNSEL:

Richard W. Mark
Joseph Evall
Paul J. Kremer
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000

David Glandorf
**GIBSON, DUNN & CRUTCHER LLP**
1801 California Street, Suite 4200
Denver, CO 80202-2642
(303) 298-5700

22

*Attorneys for Defendants AJG Iowa Refined Coal LLC; Arbor Fuels Company, LLC; Belle River Fuels Company, LLC; Canadys Refined Coal, LLC; Chouteau Fuels Company, LLC; Coronado Refined Coal, LLC; DTE Energy Resources, LLC; Erie Fuels Company, LLC; George Neal North Refined Coal, LLC; George Neal Refined Coal, LLC; Hastings Refined Coal, LLC; Huron Fuels Company, LLC; Jasper Fuels Company, LLC; Jefferies Refined Coal, LLC; Joppa Refined Coal LLC; Louisa Refined Coal, LLC; Newton RC, LLC; Portage Fuels Company, LLC*

*/s/Jessica Kunz*

Paul J. Lockwood (ID No. 3369)
Nicole A. DiSalvo (ID No. 4662)
Jessica R. Kunz (ID No. 5698)
**SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP**
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Tel.: (302) 651-3000
Fax: (302) 651-3001
rob.saunders@skadden.com
nicole.disalvo@skadden.com
jessica.kunz@skadden.com

OF COUNSEL:

Douglas R. Nemec
Leslie A. Demers
**SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP**
One Manhattan West
New York, New York 10001-8602
Tel.: (212) 735-3000
Fax: (212) 735-2000
douglas.nemec@skadden.com
leslie.demers@skadden.com

*Attorneys for Defendant
Alistar Enterprises, LLC*

23