IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C.A. No. 19-1334 (CJB) |
| ARTHUR J. GALLAGHER & CO., et al., | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR REARGUMENT REGARDING THE COURT'S MEMORANDUM OPINION AND ORDER DENYING THEIR MOTION FOR SUMMARY JUDGMENT NO. 7: NO INDUCEMENT OF INFRINGEMENT (D.I. 631 & 632)**

Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for Defendants
CERT Operations IV LLC,
CERT Operations V LLC,
CERT Operations RCB LLC,
CERT Operations II LLC,
Senescence Energy Products, LLC,
Springhill Resources LLC,
Buffington Partners LLC,
Bascobert (A) Holdings LLC,
Larkwood Energy LLC,
Cottbus Associates LLC,
Marquis Industrial Company, LLC,
Rutledge Products, LLC*

Dated: November 9, 2023

## INTRODUCTION

Pursuant to D. Del. LR 7.1.5(a), Defendants respectfully request reconsideration of the Court's Memorandum Opinion ("Opinion") and Order denying summary judgment of no inducement of infringement. (D.I. 631 & 632). A motion for reconsideration is appropriate to correct "an error of law or fact" or "an error of apprehension." *Max's Seafood Cafe by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The Opinion is grounded on one or more such errors: 1) the Opinion does not acknowledge or address the admission of ME2C's expert that Defendants do not cause any power plant to use activated carbon and 2) the Opinion does not appreciate that the only record evidence from power plant operators confirms that point. Because a lack of causation completely defeats any claim of inducement, reconsideration is appropriate, and Defendants' Motion for Summary Judgment No. 7 should be granted.

## ARGUMENT

In its Opinion, the Court acknowledges Defendants' argument that Defendants "could not have acted to cause any power plant (the alleged direct infringers) to perform the activated carbon step of the claimed methods." D.I. 631 at 4. Defendants' Opening Brief explained that ME2C bears the burden to establish that element of inducement: "If the defendant's acts fail to cause one or more of the claimed steps, there can be no inducement liability." D.I. 528 at 25 (citing *Power Integrations, Inc. v. Fairchild Semiconductor Intl., Inc.*, 843 F.3d 1315, 1330–31 (Fed. Cir. 2016)). The Opinion similarly explains that the patentee must prove affirmative acts "which led" to infringement. D.I. 631 at 3-4. The Court, however, committed an error of fact or apprehension when evaluating the record evidence Defendants cited on this issue.

The Court characterized Defendants as making a "one-sentence argument (in support of which they cite to or refer to no evidence of record): that there is 'not a shred of evidence that the use of Refined Coal spurred a power plant to install or use' activated carbon." D.I. 631 at 5. This

1

is incorrect. The preceding sentence of Defendants' Opening Brief cites key evidence on this point: the testimony of ME2C's infringement expert Mr. O'Keefe that it was **only** the accused power plants' desire to use ACI to comply with MATS, and not anything attributable to Defendants, that induced power plants to install and use ACI systems. D.I. 528 at 26 (citing Ex. 25 at 375:11–376:3). Mr. O'Keefe's testimony, cited by Defendants in the Opening Brief, is unequivocal:

> Q. MATS compliance came along in either 2015 or 2016, correct?
>
> A. Correct.
>
> Q. Are you aware of any power plants that are accused in this case that installed activated carbon injection systems **for any reason other than compliance** with a mercury emission control regulation?
>
> A. No.
>
> Q. And their motivation for installing that activated carbon injection system, which is expensive to use, was to **comply with mercury control regulations like MATS**?
>
> A. Right.
>
> Q. And compliance with mercury control regulations like MATS is **the only reason** you're aware of that these plants installed this activated carbon injection system **and used the expensive activated carbon**, right?
>
> A. Yes.

D.I. 533, Ex. 25 at 375:11-376:3 (emphases added).

In its opposition papers, ME2C never responded to this clear admission from its expert that compliance with MATS "is the **only** reason" that power plants installed ACI systems and subsequently used activated carbon. Nor could ME2C have done so: as Defendants explained in their Opening Brief, there is no evidence that any Defendant led any power plant to use activated carbon. D.I. 528 at 25-26. The Court committed an error of fact or misapprehension by failing to acknowledge the record evidence that Defendants submitted, Defendants' explanation that there existed no contrary evidence, and ME2C's failure to rebut the exonerating evidence submitted by Defendants.

The Court's discounting of Defendants' presentation of testimony from two power plant operators on the issue of causation is also an error of fact or apprehension. The Court's Opinion stated that "what representatives of two of the many power plants at issue in this case had to say on this matter falls far short of a demonstration of why *all* implicated power plants chose to utilize activated carbon." D.I. 631 at 5 (emphasis in original). But as Defendants explained in their Opening Brief, the testimony of those two operators is the complete universe of such testimony in the record: "**Each ACI-using power plant operator <u>that has testified in the case</u>** has testified that they alone chose to use ACI as part of their strategy for complying with air quality regulations." D.I. 528 at 25-26 (emphasis added).

ME2C, not any Defendant, bore the burden to present evidence to support a finding of causation at the summary judgment phase, and would have borne the burden ultimately to prove causation at trial. Accordingly, early in this action, ME2C issued subpoenas to power plants seeking testimony and documents. *See* D.I. 310. The depositions Defendants submitted in support of the summary judgment motion were taken pursuant to those ME2C subpoenas. The reason the record lacks other power plant testimony on causation is obvious: these power plant witnesses undercut ME2C's causation case, so rather than risk even more damage, ME2C abandoned its effort to get testimony from the accused power plants. That ME2C has failed to obtain or produce evidence from other power plants regarding causation cannot create a disputed issue of fact against the record evidence that Defendants submitted—especially in view of Mr. O'Keefe's unrebutted testimony, covering **_all_** accused power plants, that MATS compliance was the "only reason" that **_all_** of the power plants at issue used activated carbon. Because Defendants affirmatively showed the absence of evidence in the record that would support a case for causation, ME2C had the burden

3

to produce evidence (if it had any) to show how it could make a case on causation.[1] ME2C simply failed to do so.

Properly considered, the testimony of Mr. O'Keefe and the power plant operators shows that there is no causation. ME2C left that testimony unrebutted, and it could hardly have done anything else given the discovery record. Now the parties must prepare for trial on an issue on which ME2C has **never** disclosed facts to support its position and on which **ME2C** bears the burden of proof. In the interests of justice, Defendants urge the Court to reconsider its decision and apply the only conclusion that this record supports: that Plaintiffs cannot carry their burden to show that Defendants induced any power plant to use activated carbon.

## CONCLUSION

For the foregoing reasons, the Court should reconsider its Opinion and Order regarding inducement of infringement and grant Defendants' Motion for Summary Judgment No. 7.

---

[1] *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting) ("If the burden of persuasion at trial would be on the non-moving party, the party moving for summary judgment may satisfy Rule 56's burden of production [by demonstrating] to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim. If the nonmoving party cannot muster sufficient evidence to make out its claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law.").

4

Dated: NOVEMBER 9, 2023

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

   /s/ Brian P. Egan
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
araucci@morrisnichols.com

OF COUNSEL:

Richard W. Mark
Joseph Evall
Paul J. Kremer
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
(212) 351-4000

David Glandorf
GIBSON, DUNN & CRUTCHER LLP
1801 California Street
Suite 4200
Denver, CO 80202-2642
(303) 298-5700

*Attorneys for Defendants*
*AJG Iowa Refined Coal LLC*
*Arbor Fuels Company, LLC*
*Belle River Fuels Company, LLC*
*Canadys Refined Coal, LLC*
*Chouteau Fuels Company, LLC*
*Coronado Refined Coal, LLC*
*DTE Energy Resources, LLC*
*Erie Fuels Company, LLC*
*George Neal North Refined Coal, LLC*
*George Neal Refined Coal, LLC*
*Hastings Refined Coal, LLC*
*Huron Fuels Company, LLC*
*Jasper Fuels Company, LLC*
*Jefferies Refined Coal, LLC*
*Joppa Refined Coal LLC*
*Louisa Refined Coal, LLC*
*Newton Refined Coal, LLC*
*Portage Fuels Company, LLC*
*Superior Fuels Company 1, LLC*
*Walter Scott Refined Coal LLC*
*Williams Refined Coal, LLC*

    */s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Telephone: (302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

Jeff Dyess
Paul Sykes
Benn Wilson
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Email: jdyess@bradley.com
      psykes@bradley.com
      bcwilson@bradley.com

Jessica Zurlo
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street NW Ste 1350
Washington, D.C. 20036
Telephone: (202) 393-7150
Facsimile: (202) 347-1684
Email: jzurlo@bradley.com

*Attorneys for Defendants*
*CERT Operations IV LLC,*
*CERT Operations V LLC,*
*CERT Operations RCB LLC,*
*CERT Operations II LLC,*
*Senescence Energy Products, LLC,*
*Springhill Resources LLC,*
*Buffington Partners LLC,*
*Bascobert (A) Holdings LLC,*
*Larkwood Energy LLC,*
*Cottbus Associates LLC,*
*Marquis Industrial Company, LLC,*
*Rutledge Products, LLC*

6

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

|  |  |
|---|---|
| OF COUNSEL:<br><br>Douglas R. Nemec, Esquire<br>Leslie A. Demers, Esquire<br>SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, NY  10001-8602<br>Telephone: (212) 735-3000 | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br><br> /s/ Nicole A. DiSalvo<br>Paul J. Lockwood (#3369)<br>Nicole A. DiSalvo (#4662)<br>Jessica R. Kunz (#5698)<br>One Rodney Square<br>P.O. Box 636<br>Wilmington, DE  19899-0636<br>Telephone: (302) 651-3000<br>paul.lockwood@skadden.com<br>nicole.disalvo@skadden.com<br>jessica.kunz@skadden.com<br><br>*Attorneys for Defendant*<br>*Alistar Enterprises, LLC* |

7