IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES Inc., | ) ) ) |
| Plaintiffs, | ) ) C.A. No. 19-1334 (CJB) |
| v. | ) ) **JURY TRIAL DEMANDED** |
| ARTHUR J. GALLAGHER & CO., *et al.*, | ) ) ) |
| Defendants. | ) |

## JOINT STATUS REPORT

On November 10, 2023, the Court continued the jury trial scheduled to begin Monday, November 13, 2023, and ordered the parties to provide a joint status report regarding certain remaining issues. (D.I. 640). Accordingly, Plaintiffs Midwest Energy Emissions Corp. and MES Inc. ("ME2C" or "Plaintiffs") and CERT Operations IV LLC, CERT Operations V LLC, CERT Operations RCB LLC, CERT Operations II LLC, Senescence Energy Products LLC, Bascobert (A) Holdings LLC, Buffington Partners LLC, Larkwood Energy LLC, Rutledge Products LLC, Cottbus Associates LLC, Springhill Resources LLC, and Marquis Industrial Company LLC ("CERT Defendants" or "Defendants"), hereby file this Joint Status Report as follows:

**Trial Date**:

On November 13, 2023, the Court informed the parties that the following two weeks were available for a five-day trial in which each side would have 12 hours to present its case: January 22, 2024–January 26, 2024; and February 26, 2024–March 1, 2024.

*Plaintiffs' Position***:**

Plaintiffs are available both of the Court's proposed weeks for trial and oppose any further delay of the trial setting in this case.

Plaintiffs request that the Court set trial during one of the periods identified by the Court. If Defendants contend that they have good cause to delay the trial in this case yet again, then they may move for another continuance. However, to date, Defendants have not provided Plaintiffs with evidence justifying further delay of the trial date other than the vague statements set forth below (identifying neither expert nor fact witness).[1] In contrast, Defendants proposed March and April-May dates coincide with an anticipated overseas business trip for two of ME2C's will call witnesses (CEO Richard MacPherson and CTO/Inventor John Pavlish).[2] While ME2C will work to accommodate trial at the Court's convenience, doing so on Defendants' preferred dates may have an adverse impact on ME2C's business. In addition, ME2C's damages expert (Philip Green) is set for trial during the weeks of March 18 – 22 and April 8 – 16. Accordingly, Defendants' request results in exactly what Defendants promised the Court they were not seeking: "a six-month continuance or something like that." Nov. 10, 2023 H'rg Tr. at 29:17-30:5.

***Defendants' Position*:**

Defendants are unavailable for each of the weeks proposed by the Court because of conflicts with witness schedules. One of Defendants' expert witnesses is unavailable the week

---

[1] Indeed, it was not until the morning of November 17th that Defendants provided any explanation for their witness schedule conflicts (even the current vague explanation). Still, Defendants have not provided any specifics that Plaintiffs could rely upon to evaluate good cause. Depending on the nature of the conflict, the parties may be able to find a workable solution during one of the Court's proposed trial weeks.

[2] The commercial purpose of this trip must be approved by an overseas governing body, and that approval process is not expected to be completed until December 4, 2023. ME2C nonetheless does not anticipate any issues with the approval process.

of January 22, and one of Defendants' fact witnesses is unavailable the week of February 26. In each case, the conflict is of a personal nature involving a medical/healthcare related issue.[3]

Defendants are available for trial the weeks of March 18, 2024–March 22, 2024; April 8–April 12, 2024; April 15–April 19, 2024; and April 29–May 3, 2024. Although Defendants notified Plaintiffs of their scheduling conflicts and proposed the alternative weeks on Tuesday, November 14—that is, within one day the Court's notice of its calendar—Plaintiffs declined to confirm its availability for those dates and did not share with Defendants the information above until nearly 6pm November 16, the evening before this Status Report is due. The parties have therefore have not been able to identify potential alternatives in which both sides are available.

**Proposed Schedule for Expert Discovery and Pretrial Disclosures**:

Subject to the parties' dispute regarding the appropriate trial date in this matter, the parties propose and request that the Court enter one of the following schedules for additional expert discovery and updated pretrial disclosures in light of the AJG/DTE and Alistar settlements:[4]

*ME2C's Proposal*:

ME2C believes that the timing of these disclosures should depend on the trial date to provide the parties time to mediate per Defendants' request. Further, to the extent trial does not happen until Defendants' proposed dates, keying the deadlines below off the trial date gives the

---

[3] Defendants' counsel can provide the Court additional information (preferably and respectfully off the record) on the nature of these issues if the Court so requests.

[4] To the extent any deadlines based on the trial date may fall during the holidays, the parties agree to cooperate in good faith to accommodate reasonable adjustments to the schedule.

3

parties' time to mediate prior to the deadlines below and potentially save the expense of fulfilling the additional deadlines.

Defendants agree with moveable deadlines keyed off of the trial date with respect to pretrial disclosures, but seek firm dates for damages supplements beginning on December 5, 2023. This appears to be nothing more than an attempt to jam ME2C up with respect to the Thanksgiving holiday. There is no reason that Defendants need a damages supplement by December 5 for a trial they are proposing might carry on into May. Defendants claim that the damages supplement is necessary for mediation—this is untrue. ME2C has already produced the AJG/DTE term sheet as well as the Alistar license. There is no secret about what ME2C's damages supplement will contain with respect to the royalty rate. As Defendants are well aware, Mr. Green's damages methodology—that has already survived *Daubert*—will not change, and they know that the Alistar agreement is at the precise top of Mr. Green's royalty range. As Defendants' counsel already recognized, the Alistar license "would also be highly relevant, because Alistar at one time was, you know associated with CERT, the CERT entities. So it may be more relevant than the other." Nov. 10, 2023 H'rg Tr. at 26:16-19. Defendants have more than enough information for mediation. Further, because Mr. Green is not changing his damages methodology but merely assessing two additional data points, Plaintiffs do not believe the additional expense of further expert depositions is justified. However, Plaintiffs agree to work with Defendants in good faith after the service of supplemental damages expert reports to determine whether further expert depositions are necessary.

Accordingly, ME2C proposes the following schedule:

| Deadline | Item |
|---|---|
| 5 weeks before trial | Plaintiffs to serve updated Pretrial Disclosures (Pretrial Order and any exhibits thereto) to remove AJG, DTE, and Alistar specific information. |

| | |
|---|---|
| | Plaintiffs to provide revised jury instructions and verdict form. |
| | Parties to exchange revised witness lists, exhibit lists and deposition designations (this exchange is limited to removing unnecessary exhibits and designations). |
| 5 weeks before trial | Plaintiffs to provide a Supplemental Damages Report from Mr. Green to address the AJG/DTE and Alistar settlements. |
| 3 weeks before trial | Defendants to serve responses to the updated Pretrial Order, jury instructions, and verdict form. Defendants to serve updated Pretrial Disclosures to remove AJG, DTE, and Alistar specific information. |
| 3 weeks before trial | Defendants to provide a Supplemental Damages Report from Ms. Lawton (limited in scope to responding to Mr. Green's supplement) |
| 2 weeks before trial | Plaintiffs to provide a Supplemental Damages Report from Mr. Green (limited in scope to responding to Ms. Lawton's Supplement). |
| 1 week before trial | Deadline for Parties to file revised Pretrial Order and jury materials. |
| | Trial Date |

***Defendants' Proposal:***

The AJG, DTE, and Alistar settlement agreements are the most comparable licenses under the Plaintiffs' expert Mr. Green's damages theory (which is based on a comparable license approach under *Georgia Pacific*), and Defendants are entitled to discovery as whether and what extent these most recent and comparable licenses affect Mr. Green's royalty rates. This includes the AJG/DTE license agreement, which, as Plaintiffs are well aware, stands in stark contrast to Mr. Green's previously-stated royalty range. Further, Plaintiffs argument above regarding the Alistar agreement is flatly contradicted by Plaintiff's damages demand for Alistar as stated in the Pretrial Order previously filed with this Court (D.I. 598, Ex. 12 at 3).[5] Defendants understood the

---

[5] The fact that Plaintiffs appear to argue that the Alistar license affirms the top of Mr. Green's royalty range while Defendants take the position that both the Alistar and the AJG/DTE

5

Court to agree with their position that these new settlement agreements on the Asserted Patents for the same accused products ***in this action*** are relevant and that focused discovery on this issue is appropriate.  If Mr. Green's position is that these agreements do not affect his proposed royalty ranges, then so be it; Defendants are nevertheless entitled to know his opinions (from Mr. Green himself), and discover why he is of the opinion that these highly relevant – and very different -- agreements do not affect his proposed royalty ranges.

As a result, Defendants propose that Plaintiffs provide a short supplemental disclosure to Mr. Green's report directed to these settlements in the near term, such as on the following schedule:

- December 5, 2023:  Deadline for Plaintiffs serve supplement to Mr. Green's damages report to address the AJG/DTE and Alistar settlements.

- December 15, 2023:  Defendants serve Ms. Lawton's response to Mr. Green's supplement to address AJG/DTE and Alistar settlements.

- December 22, 2023:  Plaintiffs serve reply to Ms. Lawton's response to Mr. Green's supplemental report.

- January 12, 2024:    Deadline to complete Expert Depositions (limited to the contents of each Expert's Supplemental Reports).

If, as Plaintiffs appear to posit, "Mr. Green's damages methodology … will not change" and "Mr. Green is not changing his damages methodology but merely assessing two additional data points," it is unclear how completing such limited work by December 5, which is some 10 business days from today and more than a week after Thanksgiving, is, as Plaintiffs' claim, "nothing more than an attempt to jam ME2C up with respect to the Thanksgiving holiday." To

---

license appear to undermine that same royalty range is precisely the reason why Defendants believe they are entitled to limited discovery into Mr. Green's methodology and treatment of these significantly different agreements under his damages model.

6

the contrary, Defendants are proposing a revolving exchange-of-disclosure schedule consistent with what was ordered and observed already in this action, and one that would allow the parties a reasonable schedule to complete the exchange of disclosures before Christmas. If the Court sets a trial date that allows more time for such disclosures, Defendants are of course amenable to reasonable extensions of the schedule proposed above and that still provides the information in a timely manner.

Defendants do also submit that a timely update (if any) to Mr. Green's royalty ranges would be relevant to any mediation to be conducted by the parties, and, regardless of its ultimate value to any settlement discussions, Defendants ought not have to wait until a few weeks before trial to have this information (as would be the case under Plaintiffs' proposed schedule) with no allowed opportunity to conduct even limited discovery into the updated opinions (which, again, the Court seemed to indicate would be appropriate under the circumstances).

Defendants agree with Plaintiffs that updates to the Pretrial Disclosures (the Pretrial Order and its exhibits) should be based on a newly set trial date. Defendants respectfully submit, however, that those dates can be set most efficiently after the trial date is known and expect that the parties can readily agree on a schedule for these updates at that time.

**Mediation**:

The parties are conferring in good faith regarding a proposed mediator but request that the Court order the parties to participate in mediation at least two weeks prior to any jury selection date.

**Motions for Reconsideration Response Deadline**:

The parties jointly request a short extension of the deadline for Plaintiffs to respond to (1) Defendants Motion for Reargument Regarding The Court's Memorandum Opinion And Order Denying Their Motion For Summary Judgment No. 7: No Inducement Of Infringement (D.I. 631 & 632) and (2) CERT Defendants Notice In Response To Memorandum Order (D.I. 627), Objections To Expert Testimony Inconsistent Therewith, And Motion To Reconsider Denial Of Motion To Exclude Testimony Of Plaintiff's Damages Expert For Including Tax Credits In Patent Damages (collectively, the "Motions for Reconsideration") such that the deadline for Plaintiffs responses to both Motions for Reconsideration is December 1, 2023.

Dated: November 17, 2023

| **DEVLIN LAW FIRM LLC** | **MORRIS JAMES LLP** |
|---|---|
| */s/ James M. Lennon* | */s/ Kenneth L. Dorsney* |
| James M. Lennon (No. 4570) | Kenneth L. Dorsney (#3726) |
| Peter Akawie Mazur (No. 6732) | Cortlan S. Hitch (#6720) |
| 1526 Gilpin Avenue | 500 Delaware Avenue, Suite 1500 |
| Wilmington, DE 19806 | Wilmington, DE 19801 |
| (302) 449-9010 | (302) 888-6800 |
| jlennon@devlinlawfirm.com | kdorsney@morrisjames.com |
| pmazur@devlinlawfirm.com | chitch@morrisjames.com |
| | |
| *Attorneys for Plaintiffs Midwest Energy Emissions Corp. and MES Inc.* | OF COUNSEL: |
| | Jeff Dyess |
| OF COUNSEL: | Paul Sykes |
| | Benn Wilson |
| Bradley W. Caldwell | Ashley M. Robinson |
| Texas Bar No. 24040630 | **BRADLEY ARANT BOULT CUMMINGS LLP** |
| Jason D. Cassady | 1819 Fifth Avenue North |
| Texas Bar No. 24045625 | Birmingham, AL 35203 |
| John Austin Curry | Telephone: (205) 521-8000 |
| Texas Bar No. 24059636 | Facsimile: (205) 521-8800 |
| Justin T. Nemunaitis | Email: jdyess@bradley.com |
| Texas Bar No. 24065815 | psykes@bradley.com |

8

| | |
|---|---|
| Adrienne R. Dellinger<br>Texas Bar No. 24116275<br>**CALDWELL CASSADY CURRY PC**<br>2121 N. Pearl Street, Suite 1200<br>Dallas, Texas 75201<br>Phone: (214) 888-4848<br>Fax: (214) 888-4849<br>bcaldwell@caldwellcc.com<br>jcassady@caldwellcc.com<br>acurry@caldwellcc.com<br>jnemunaitis@caldwellcc.com<br>adellinger@caldwellcc.com | bcwilson@bradley.com<br>amrobinson@bradley.com<br><br>Jessica Zurlo<br>**BRADLEY ARANT BOULT CUMMINGS LLP**<br>1615 L Street NW<br>Ste 1350<br>Washington, D.C. 20036<br>Telephone: (202) 393-7150<br>Facsimile: (202) 347-1684<br>Email: jzurlo@bradley.com<br><br>*Attorneys for Defendants CERT Operations IV LLC, CERT Operations V LLC, CERT Operations RCB LLC, CERT Operations II LLC, Senescene Energy Products, LLC, Springhill Resources LLC, Buffington Partners LLC, Bascobert (A) Holdings LLC, Larkwood Energy LLC, Cottbus Associates LLC, Marquis Industrial Company, LLC, Rutledge Products, LLC* |

9