# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES Inc., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 19-1334 (CJB) ) ) JURY TRIAL DEMANDED |
| ARTHUR J. GALLAGHER & CO., *et al.*, | ) ) |
| Defendants. | ) |

**PLAINTIFFS MIDWEST ENERGY EMISSIONS CORP.'S AND MES INC.'S RESPONSE TO DEFENDANTS' MOTION FOR REARGUMENT REGARDING THE COURT'S MEMORANDUM OPINION DENYING THEIR MOTION FOR SUMMARY JUDGMENT NO. 7: NO INDUCEMENT OF INFRINGEMENT (D.I. 631 & 632)**

Dated: December 1, 2023

OF COUNSEL:

Bradley W. Caldwell
Jason D. Cassady
John Austin Curry
Justin T. Nemunaitis
Warren J. McCarty, III
Daniel R. Pearson
Adrienne R. Dellinger
Aisha Mahmood Haley
Richard A. Cochrane
**CALDWELL CASSADY CURRY PC**
2121 N. Pearl Street, Suite 1200
Dallas, Texas 75201
Phone: (214) 888-4848
Fax: (214) 888-4849
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
jnemunaitis@caldwellcc.com
wmccarty@caldwellcc.com
dpearson@caldwellcc.com
adellinger@caldwellcc.com
ahaley@caldwellcc.com
rcochrane@caldwellcc.com

**DEVLIN LAW FIRM LLC**
James M. Lennon (No. 4570)
Peter Akawie Mazur (No. 6732)
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
jlennon@devlinlawfirm.com
pmazur@devlinlawfirm.com

*Attorneys for Plaintiffs Midwest Energy Emissions Corp. and MES Inc.*

# **TABLE OF CONTENTS**

LEGAL STANDARD ................................................................................................................. 1

ARGUMENT ................................................................................................................................ 1

    I.   Defendants Cannot Show Any Clear Error of Fact .......................................................... 1

    II.  Defendants Cannot Show Manifest Injustice ................................................................. 4

CONCLUSION ............................................................................................................................. 4

# **TABLE OF AUTHORITIES**

**Cases**

*BlackBerry Ltd. v. Nokia Corp.*
   No. 1:17-CV-00155-RGA, 2018 WL 11182775 (D. Del. Oct. 30, 2018) ................................. 4

*Celotex Corp v. Catrett*
   477 U.S. 317 (1986) ............................................................................................................... 3

*Fairchild Semiconductor Corp. v. Power Integrations, Inc.*
   No. CV 12-540-LPS, 2015 WL 1883960 (D. Del. Apr. 24, 2015) ............................................ 1

*Max's Seafood Cafe v. Quinteros*
   176 F.3d 669 (3d Cir. 1999) .................................................................................................... 1

*Mirtech, Inc. v. Agrofresh, Inc.*
   No. CV 20-1170-RGA, 2023 WL 3996618 (D. Del. June 14, 2023) ....................................... 1

*MobileMedia Ideas, LLC v. Apple Inc.*
   966 F. Supp. 2d 433 (D. Del. 2013) ......................................................................................... 4

**Rules**

Fed. R. Civ. P. 56 ........................................................................................................................... 2

L.R. 7.1.5 ....................................................................................................................................... 1

For the second time in as many months, Defendants ask the Court to reconsider a decision that was properly made. As before, Defendants have not cleared the "very high bar" required for the Court to reconsider Defendants' "no-evidence-type" summary judgment motion. *See* D.I. 622; D.I. 631 at 8. Because Defendants have not shown any clear error of fact or the requisite manifest injustice, their motion must be denied.

## LEGAL STANDARD

"Pursuant to Local Rule 7.1.5, a motion for reconsideration or reargument should be granted only 'sparingly.'" *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, No. CV 12-540-LPS, 2015 WL 1883960, at *1 (D. Del. Apr. 24, 2015). "A motion for reargument/reconsideration is not an appropriate vehicle to reargue issues that the court has already considered and decided." *Mirtech, Inc. v. Agrofresh, Inc.*, No. CV 20-1170-RGA, 2023 WL 3996618, at *3 (D. Del. June 14, 2023). Rather, the purpose of such a motion is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *Fairchild*, 2015 WL 1883960, at *1. And "[a] party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice." *Id.* (citing *Max's Seafood Cafe*, 176 F.3d at 677).

## ARGUMENT

### I.   Defendants Cannot Show Any Clear Error of Fact

Defendants argue that the Court "committed an error of fact or apprehension when evaluating the record evidence Defendants cited" in its motion for summary judgment of no

1

induced infringement. D.I. 636 ("Mot.") at 1. Specifically, Defendants argue that the Court did not properly value certain statements from ME2C's technical expert, Mr. O'Keefe,[1] and two of the several power plant operators in this case[2] regarding reasons the power plants used activated carbon. However, at most, Defendants assert that this testimony supports an inference that the power plants at issue initially installed equipment and used activated carbon to comply with mercury regulations. But the Court explained that even if it assumed that inference to be proven—a generous assumption in favor of the movant at the Rule 56 stage—it would not justify summary judgment:

> But assume that at the time they [the power plants] first started receiving refined coal from a Defendant, each power plant at issue had made an independent decision that it was in their interest to use activated carbon when combusting the coal (in order to satisfy certain mercury emissions regulations, or for other reasons). Defendants cite to no authority for the proposition that an entity that has decided that it may wish to take an action relevant to patent infringement cannot nevertheless be further encouraged (or influenced, or moved) to do so by another party. Even if one is predisposed to do something, one might still be further spurred on to do so by the act of another.

D.I. 631. Defendants fail to address this reasoning, let alone identify a manifest error with the conclusion. Indeed, they wholesale ignore this portion of the Court's opinion. Simply put, a power plant may have initially installed activated carbon equipment to comply with mercury regulations, ***and also*** been induced to infringe by Defendants' conduct. The testimony cited by Defendants is entirely consistent with that conclusion, even absent the additional evidence cited by ME2C in its response to Defendants' motion.

---

[1] Defendants argue that Mr. O'Keefe testified "that it was ***only*** the accused power plants' desire to use ACI to comply with MATS, and not anything attributable to Defendants, that induced power plants to install and use ACI systems." Mot. at 2 (emphasis in original).

[2] *See* D.I. 528 at 25–26 (citing two deposition transcripts) ("Each ACI-using power plant operator that has testified in the case has testified that they alone chose to use ACI as part of their strategy for complying with air quality regulations; Refined Coal suppliers played no role in that decision.").

Defendants' motion for reargument also does not address this additional evidence. *See* D.I. 545 at 19–21. For example, ME2C cited deposition testimony and documentary evidence that Defendants "knew that various of their customers would rely on activated carbon injection to meet those limits" and "provided free or discounted chemicals, testing, and consulting services to ensure smooth integration of refined coal ***with ACI***." *Id.* at 19–20 (emphasis added); *see also id.* at 20 (quoting documentary evidence) ("[A] number of power plants sought assurances of uninterrupted supply from Defendants, and specifically informed Defendants that they were 'relying on Calcium Bromide together with activated carbon to meet their MATS compliance standards.'"); *id.* (citing deposition testimony and documentary evidence) ("A number of power plants specifically informed Defendants that they were concerned about using refined coal because of the risk of patent infringement. In response, Defendants agreed to indemnify their customers, and to extend 'patent infringement insurance' to them.").[3]

As the Court recognized in its order denying Defendants' motion, apart from the ineffective testimony above, what remains of Defendants' motion for summary judgment are "no evidence" arguments, which the Court has squarely held—three times now—are insufficient under *Celotex Corp v. Catrett*, 477 U.S. 317 (1986). *See* D.I. 631 at 5–7. Therefore, "Defendants are really disputing the Court's application of that standard as to" their Motion for Summary Judgment No. 7, *see* D.I. 622 at (3), which is not the proper subject of a motion for reargument, *MobileMedia*

---

[3] Defendant' out-of-context citation of Mr. O'Keefe is not a basis for reargument. Mr. O'Keefe's lack of "awareness" of why *power plants* "installed activated carbon injection system and used the expensive activated carbon" is not dispositive and cannot deliver Defendants' summary judgment on *Defendants' inducement* in light of the full record. Inducement is about Defendants' actions— their affirmative action intending to cause the direct infringement. Defendants could have encouraged a power plant to infringe, even if the power plant was also encouraged to infringe by other factors. *See* D.I. 631.

3

*Ideas, LLC v. Apple Inc.*, 966 F. Supp. 2d 433, 438 (D. Del. 2013) (denying reargument where the grounds asserted "merely constitute [plaintiff's] disagreement with the court's conclusions and rehash [plaintiff's] . . . summary judgment arguments").

In summary, the Court adequately addressed the three limited pieces of deposition testimony raised by Defendants, who did not themselves address any of the other key evidence cited by ME2C that at least created a fact issue with respect to induced infringement. Accordingly, Defendants cannot show "clear error (or any error)" in the Court's analysis and their motion must be denied. *See* D.I. 622 at (3).

## II.  Defendants Cannot Show Manifest Injustice

Separately dooming their motion is Defendants' failure to show manifest injustice in the absence of reconsideration. In fact, Defendants' sole reference to the concept was in closing, asking the Court to grant its motion "[i]n the interest[] of justice." Mot. at 4. Defendants did not elaborate on any purported injustice, perhaps because there cannot be manifest injustice presented by a denial of reargument where Defendants can re-raise the issue later in the case. *See BlackBerry Ltd. v. Nokia Corp.*, No. 1:17-CV-00155-RGA, 2018 WL 11182775, at *2 (D. Del. Oct. 30, 2018) (denying reargument on a motion to dismiss where party was free to seek leave to amend, and thus, there was "no threat of manifest injustice."). Here, Defendants will have another opportunity to raise sufficiency of evidence concerns regarding Plaintiffs' case through Rule 50 motions. *See* D.I. 622 at (5) ("Defendants will have other opportunities to address a purported lack of evidence presented on this issue by Plaintiffs, such as via the JMOL process.").

## CONCLUSION

Accordingly, ME2C respectfully requests that the Court deny Defendants' motion for reargument on their Motion for Summary Judgment No. 7.

| | |
|---|---|
| Dated: December 1, 2023 | **DEVLIN LAW FIRM LLC** |
| | */s/ James M. Lennon* |
| OF COUNSEL: | James M. Lennon (No. 4570) |
| | Peter Akawie Mazur (No. 6732) |
| Bradley W. Caldwell | 1526 Gilpin Avenue |
| Jason D. Cassady | Wilmington, DE 19806 |
| John Austin Curry | (302) 449-9010 |
| Justin T. Nemunaitis | jlennon@devlinlawfirm.com |
| Warren J. McCarty, III | pmazur@devlinlawfirm.com |
| Daniel R. Pearson | |
| Adrienne R. Dellinger | *Attorneys for Plaintiffs Midwest Energy Emissions Corp. and MES Inc.* |
| Aisha Mahmood Haley | |
| Richard A. Cochrane | |
| **CALDWELL CASSADY CURRY PC** | |
| 2121 N. Pearl Street, Suite 1200 | |
| Dallas, Texas 75201 | |
| Phone: (214) 888-4848 | |
| Fax: (214) 888-4849 | |
| bcaldwell@caldwellcc.com | |
| jcassady@caldwellcc.com | |
| acurry@caldwellcc.com | |
| jnemunaitis@caldwellcc.com | |
| wmccarty@caldwellcc.com | |
| dpearson@caldwellcc.com | |
| adellinger@caldwellcc.com | |
| ahaley@caldwellcc.com | |
| rcochrane@caldwellcc.com | |