**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MIDWEST ENERGY EMISSIONS CORP. and MES Inc., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 19-1334-CJB |
| v. | ) ) | |
| ARTHUR J. GALLAGHER & CO., *et al.*, | ) ) | |
| Defendants. | ) | |

**<u>PRELIMINARY JURY INSTRUCTIONS</u>**

1

## I.    INTRODUCTION

Members of the jury:  Now that you have been sworn in, I have the following preliminary instructions for guidance on your role as jurors in this case.

These instructions will give you some general rules and guidance that might apply to any civil case.  Also, because this is a patent trial, I will also give you some additional preliminary instructions regarding patents to assist you in discharging your duties as jurors.

## II.    THE PARTIES AND THEIR CONTENTIONS

This is a patent case.  The Plaintiffs in this case are Midwest Energy Emissions Corp. and MES Inc., which I may refer to as "ME2C" or "Plaintiff."  The Defendants and/or Counterclaim-Plaintiffs, who I'll refer to as "Defendants" for now, in this case are:

- CERT Operations II LLC
- CERT Operations IV LLC
- CERT Operations V LLC
- CERT Operations RCB LLC

I may refer to these four Defendants as the "CERT Operations Defendants." And:

- Senescence Energy Products LLC
- Bascobert (A) Holdings LLC
- Buffington Partners LLC
- Larkwood Energy LLC
- Rutledge Products LLC
- Cottbus Associates LLC
- Springhill Resources LLC
- Marquis Industrial Company LLC

I may refer to these eight Defendants as the "CERT RC Defendants."

ME2C is the owner of the two patents being litigated in this case.  These are United States Patent Nos. 10,343,114 and 10,596,517.  Collectively, these patents may be referred to as "the patents-in-suit" or "the asserted patents."  Individually, patents are often referred to by their last three digits.  For example, U.S. Patent No. 10,343,114 may be referred to as the '114 patent, and U.S. Patent No. 10,596,517 may be referred to as the '517 patent.  A copy of each of the patents has been given to you along with these preliminary instructions.

ME2C contends that each Defendant infringes certain claims of each of the patents-in-suit, and that Defendants' infringement of the patents-in-suit has been willful.  The specific claims that ME2C contends are infringed may be referred to collectively as "the asserted claims."  ME2C also

3

seeks damages for the infringement.  Defendants deny that they infringe the patents-in-suit, and contend that the patents-in-suit are invalid.

### III.    DUTIES OF THE JURY

Let me now turn to the general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find what the facts are from the evidence as presented at the trial. You and you alone will be the judges of the facts. You will have to apply those facts to the law as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

In addition to instructing you about the law, at the close of the evidence, I will provide you with instructions as to what the claims of the patents mean. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything I say or do during the course of the trial influence you. Nothing I say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

## IV.    EVIDENCE

The evidence from which you will find the facts will consist of the testimony of witnesses and the documents and other things admitted into evidence.  The evidence may also include certain facts agreed to by the parties or that I may instruct you to find.  Certain things are not evidence and must not be considered by you.  I will list them for you now:

1.    Statements, arguments, and questions by lawyers are not evidence.

2.    Objections to questions are not evidence.  Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered are not admissible under the rules of evidence.  You should not be influenced by a lawyer's objection or by my ruling on the objection.  If I sustain or uphold the objection and find the matter is not admissible, you should ignore the question or document.  If I overrule an objection and allow the matter in evidence, you should treat the testimony or document like any evidence.  If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only.  If this occurs during the trial, I will try to clarify this for you at that time.

3.    Testimony that the Court has excluded or told you to disregard is not evidence and must not be considered.

4.    During trial you will be shown charts and animations to help illustrate the testimony of the witnesses.  These illustrative exhibits, called "demonstrative exhibits," are not admitted into evidence and should not be considered as evidence.

5.    Anything you see or hear outside the Courtroom is not evidence and must be disregarded.  You are to decide this case solely on the evidence presented here in the Courtroom.

## V.    DIRECT AND CIRCUMSTANTIAL EVIDENCE

You may have heard the terms "direct evidence" and "circumstantial evidence."  Direct evidence is simply evidence like the testimony of an eyewitness, which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the Courtroom wearing a raincoat covered with drops of water, and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining outside.

It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## VI.    CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility.  You may believe everything a witness says, or part of it, or none of it.  You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

## VII.    EXPERT TESTIMONY

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business.  This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.  When knowledge of technical subject matter may be helpful to the jury, an expert is permitted to state an opinion on those technical matters.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.  You are free to accept or reject the testimony of experts, just as with any other witness.

## VIII.   BURDEN OF PROOF

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof."  In a patent case such as this, there are two different burdens of proof that are used.  The first is called "preponderance of the evidence."  The second is called "clear and convincing evidence."

As I noted earlier, ME2C contends that the Defendants infringe certain claims of their two patents.  A party asserting patent infringement has the burden of proving infringement by a preponderance of the evidence. A preponderance of the evidence is evidence that, when considered in light of all the facts, leads you to believe that what that party claims is more likely true than not.  To put it differently, if you were to put the parties' evidence on opposite sides of a scale, the evidence supporting ME2C's claims must make the scale tip somewhat toward its side.  If the scale should remain equal or tip in favor of the Defendants, you must find for the Defendants.

ME2C also has the burden of proving that any infringement was willful by a preponderance of the evidence.

As I noted earlier, in addition to denying that they have infringed, the Defendants contend that the asserted patents are invalid.

A party challenging the validity of a patent has the burden of proving by clear and convincing evidence that the patent is invalid.  Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable.  Proof by clear and convincing evidence is, thus, a higher burden than proof by a preponderance of the evidence.

Some of you may have heard the phrase "proof beyond a reasonable doubt." That burden of proof applies only in criminal cases and has nothing to do with a civil case like this one. You should therefore not consider it in this case.

## IX.    PATENT VIDEO

At this time, we are going to show a short video as an introduction to the patent system.  It contains background information to help you understand what patents are, why they are needed, the role of the Patent Office, and why disputes over patents arise.

*\* \* VIDEO WILL BE PLAYED \* \**

## X.    THE ROLE OF CLAIMS

The claims of a patent define the patent owners' rights under the law; that is, the claims define what the patent owners may exclude others from doing during the term of that patent. The claims may be divided into a number of parts or steps, referred to as "claim limitations."

The claims of a patent serve two purposes. First, they set the boundaries of the patented invention – what the patent covers. Second, they provide notice to the public of what those boundaries are. It is the claims of the patent that are infringed when patent infringement occurs. The claims are at issue as well when the validity of a patent is challenged.

In this case, we will be concerned with claims 25 and 26 of the '114 patent and claims 1 and 2 of the '517 patent.

## XI.    CLAIM CONSTRUCTION

While the claims define the invention, sometimes the words or phrases of the claims need to be further defined or interpreted.  This has been done already in this case, and a copy of those definitions is included in your juror notebooks.  You must accept the definition of these words or phrases in the claims as correct.  For any words or phrases in the claim for which you have not been provided with a definition, you should apply their ordinary and customary meaning.

You should not take the definition of the language of the claims as an indication that I have a view regarding how you should decide the issues that you are being asked to decide, such as infringement and invalidity.  These issues are yours to decide.

## XII.    SUMMARY OF THE PATENT ISSUES

In this case, you must decide things according to the instructions I will give you at the end of the trial.  Those instructions will repeat this summary and will provide more detail.  You must decide:

- Whether ME2C has proven by a preponderance of the evidence that each Defendant induced infringement by a power plant of one or more of the asserted claims of the '114 and '517 patents.

- Whether ME2C has proven by a preponderance of the evidence that each of the CERT RC Defendants contributed to the infringement by a power plant of one or more of the asserted claims of the '114 and '517 patents.

- If you decide that ME2C has proven that a Defendant infringed one or more of the asserted claims of the patents, whether ME2C has proven by a preponderance of the evidence that Defendant willfully infringed that claim.

- Whether Defendants have proven by clear and convincing evidence that one or more of the asserted claims of the '114 and '517 patents is invalid.

- If you decide that ME2C has proven that a Defendant infringed a claim not shown to be invalid, what monetary damages ME2C has proven by a preponderance of the evidence that it is entitled to.

### XIII.   CONDUCT OF THE JURY

Now a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you.  Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case.  If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you, nor you with them.  In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided.  If anyone should try to talk to you about the case, bring it to the Court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.  By that I mean, if there may be a newspaper or Internet article relating to this case, do not read the article or watch or listen to the report.

Third, do not try to do any research or make any investigation about the case on your own.  Let me elaborate.  During the course of the trial, you must not conduct any independent research about the case, the matters in the case, and the individuals or entities involved in the case.  In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, or any other electronic means.  Again, should there happen to be a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report.  It is important that you decide this case based solely on the evidence presented in the Courtroom.  Please do not try to find out information from any other sources.

I know that many of you use smartphones, tablets, the Internet, and other tools of technology.  You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not

communicate with anyone about the case on your cell phone or smartphone, through e-mail, your tablet, text messaging, on Twitter, Snapchat, or WhatsApp, through any blog or website, through any Internet chat room, or by way of any other social networking websites, including Facebook, Instagram, LinkedIn, or YouTube.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

You will also be given a notepad and a pen. If you wish, you may, but are not required to, take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. Notes may be helpful to you because at the end of the trial, you must make your decision based on what you recall of the evidence. But do not let note-taking distract you to the point that you miss hearing other testimony from the witness. Your notes are only to be used as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not your notes. Also, keep in mind that you will not have a transcript of the testimony to review. So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.

If you do take notes, you must leave them in the jury deliberation room, which is secured at the end of each day. And remember that your notes are for your own personal use. At the conclusion of this trial, your notes will be collected and destroyed without review.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

## XIV.    JUROR NOTEBOOK

As I mentioned, to assist in your deliberations, you have been provided with a notebook that contains the following:

- Glossary of patent terms

- Sample patent mentioned in the video

- The Court's claim constructions

- Copies of the patents-in-suit

These materials have been jointly submitted by the parties.  Please refer to these materials to assist you during the trial.

## XV.    SIDEBARS

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference, which is also called a sidebar.  If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law.

If you would like to stand or stretch or walk around the jury box while we are at sidebar, you should feel free to do so.

## XVI.   COURSE OF THE TRIAL

The case will now begin.

First, ME2C may make an opening statement outlining its case.  Then Defendants may make an opening statement outlining their case.  Opening statements are not evidence; their only purpose is to help you understand what the evidence will be.

Next, the parties will present their evidence.  ME2C will first introduce its evidence that it believes supports its contention that Defendants infringe the asserted claims.  When ME2C is finished, Defendants will introduce evidence to defend against ME2C's allegations of infringement, and will introduce evidence that they believe supports their contention that the asserted claims are invalid.  When Defendants are finished, ME2C will have the opportunity to introduce evidence to defend against Defendants' allegations of invalidity.

After all of the evidence is in, I will give you instructions on the law and describe for you the matters you must resolve.  The lawyers will then offer closing arguments.  The closing arguments are not evidence.  Their purpose is to summarize and interpret the evidence for you, and to tie the evidence to their story.  You will then retire to the jury room to deliberate on your verdict.

## XVII.  TRIAL SCHEDULE

Though you have heard me say this during the jury selection process, I want to again outline the schedule I expect to maintain during the course of this trial.  As I mentioned previously, the presentation of evidence in this case is expected to be completed either on Friday of this week or Monday of next week, with jury deliberations to follow.

We will normally begin the day at 9:00 a.m and continue until 5:00 p.m.  There will be at least one break every morning and at least one break every afternoon.  There will also be a lunch break each day.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations.  At that point, you will be permitted to deliberate as late as you wish.

Please keep in mind that this is a timed trial.  That means I have allocated each party a maximum number of hours in which to present all portions of its case.  This allows me to tell you that we expect to be completed with this case by Monday, March 4, or Tuesday, March 5.

Of course, you can help me keep on schedule by being here promptly each morning and being ready to proceed at the end of each break.

One final word.  I told you when I intend to take breaks and how often I aim to take breaks, but if any of you need an additional break at any time, that is fine.  You just need to get my attention or my assistant's attention.  That can be done usually by waving or raising a hand or, if need be, standing. And so, if you need a break for any reason at any other times, please just get our attention.