### 4.4. CONTRIBUTORY INFRINGEMENT

ME2C also asserts that each CERT RC Defendant has contributed to infringement by power plants.  As with induced infringement, you must determine whether there has been contributory infringement by each of the CERT RC Defendants on a Defendant-by-Defendant and claim-by-claim basis.  The CERT RC Defendants are Senescence Energy Products LLC, Bascobert (A) Holdings LLC, Buffington Partners LLC, Larkwood Energy LLC, Rutledge Products LLC, Cottbus Associates LLC, Springhill Resources LLC, and Marquis Industrial Company LLC.  There is not a contributory infringement claim against the CERT Operations Defendants.  A given CERT RC Defendant is liable for contributory infringement of a given claim only if ME2C proves by a preponderance of the evidence each of the following:

    1. that a power plant has directly infringed one or more claims of an asserted ME2C patent;

    2. that the Defendant sold that power plant refined coal made with calcium bromide;

    3. that the refined coal supplied to that power plant, as sold and delivered during the damages period, is not a staple article or commodity of commerce capable of substantial non-infringing use;

    4. that the refined coal constituted a material part of the claimed invention; and

    5. that the Defendant knew that the refined coal was especially made or adapted for use in an infringing method.

A "staple article or commodity of commerce capable of substantial non-infringing use" is something that had uses other than as a part or component of the asserted claim, and those other uses were not occasional, farfetched, impractical, experimental, or hypothetical.

The Defendant's knowledge that the component was especially made or adapted for use in an infringing method may be shown with evidence of willful blindness, as I previously explained when discussing induced infringement.  To find willful blindness, the Defendant must have

believed that there was a high probability that a patent existed covering the accused method and must have taken deliberate actions to avoid learning of the patent.

Contributory infringement requires only proof of a Defendant's knowledge, not intent, that the activity causes infringement.

Proof that the Defendant knew its activity might infringe is not sufficient to show contributory infringement. Similarly, if a Defendant reasonably believed it did not infringe, even if that belief was incorrect, the Defendant does not have knowledge of infringement. Instead, contributory infringement requires proof the Defendant actually knew the acts were infringing. However, a belief that a patent is invalid is not a defense to contributory infringement.